

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AV:JSS:jss
F. #1998R01996
SATER1.REL

*One Pierrepont Plaza*
*Brooklyn, New York 11201*

*Mailing Address:* 147 Pierrepont Street
Brooklyn, New York 11201

December 8, 1998

TO BE FILED EX PARTE AND UNDER SEAL

The Honorable I. Leo Glasser
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re:  United States v. Felix Sater
        Criminal Docket No. 98-1101 (ILG)

Dear Judge Glasser:

    This letter is submitted to advise the Court that, in the government's view, the above-captioned case is related to United States v. Klotsman, 98 CR 1069 (ILG), previously assigned to Your Honor.

    Pursuant to discussions with defense counsel, the above-captioned defendant, Felix Sater, has agreed to waive indictment and plead guilty to a felony information, charging him with a RICO violation, the underlying predicate acts being securities fraud and money laundering.  On December 3, 1998, the government filed a motion pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure to have the matter assigned to a District Judge.  On the Criminal Information sheet, the government designated the case as related to the Klotsman case pursuant to Rule 50.3(c) of the Local Rules Governing Division of Business Among District Judges.  Pursuant to conversations with Ms. Schillat, an appearance at which the defendant will waive indictment and enter a guilty plea to the aforementioned information has been scheduled for Thursday, December 10, at 11:00 a.m.

    The government has designated this case as related to United States v. Klotsman because we believe that a "substantial saving of judicial resources is likely to result from assigning both cases to [this Court]."

Most importantly, the charge against Sater -- involving the operation of two brokerage firms, White Rock Partners & Co., Inc. ("White Rock") and State Street Capital Markets Corp. ("State Street"), to carry out securities fraud and money laundering -- is essentially the same charge to which Klotsman recently pled guilty in November 1998. Insofar as the Court will make loss and other sentencing determinations relating to the illegal activities of White Rock and State Street, we believe that there will be a substantial saving of judicial resources by having the Klotsman and Sater cases assigned to one judge. Such savings are especially relevant here because the illegal activities at issue -- involving inter alia hidden ownership of shares, secret cash payments, price manipulation and off-shore financial transactions -- are complex.

Alternatively, if the Sater and Klotsman cases were assigned to different judges, then two judges would be required, in essence, to become familiar with the same set of complex facts. Relating the cases would thereby result in the substantial savings of judicial resources contemplated by Rule 50.3(c).

In addition, Sater as well as Klotsman is cooperating with the government. We expect that some time in the future a district judge will be sentencing these and possibly other accomplice witnesses after presiding over one or more prosecutions in which their information and possible testimony are highly relevant. Given the complexity of facts and interrelated nature of the cases, we think it just and efficient that the same judge sentence Klotsman and Sater.

For these reasons, the government respectfully submits that this case is related to the Klotsman case for the purposes of Rule 50.3(c). The government further requests that this letter be filed under seal and ex parte, insofar it sets forth information about cooperation by this and another defendant. I have advised counsel for Sater that the government has made an

ex parte submission with respect to relatedness, and he has no objection.

Respectfully submitted,

ZACHARY W. CARTER
UNITED STATES ATTORNEY

By: *[signature]*
Jonathan S. Sack
Assistant U.S. Attorney
(718) 254-6238

*Request granted*
*So ordered*
*I.L. Glasser*
*USDJ*
*12/9/98*