# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, NY 10017-5639
Tel: 212.490.3000   Fax: 212.490.3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

June 11, 2010

### VIA FACIMILE UNDER SEAL – (718) 613-2446

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

    Re:    **United States of America v. Felix Sater**
            Case No.    :    98CR1101 (ILG)
            Our File No.    :    07765.00155

Dear Judge Glasser:

    We represent non-party respondent Frederick M. Oberlander.

    At today's appearance, the Court indicated that it felt that our firm's interpretation of the pending temporary restraining order was overly restrictive, and that the TRO did not bar us from contacting Mr. Oberlander's client to discuss the pending order to show cause. Given the Court's ruling that we have construed the TRO language too narrowly, we believe that the Court has now – at least implicitly – given Mr. Oberlander permission to show us the documents that are the subject of the order to show cause. If we are mistaken, we respectfully request that we be so advised immediately.

    Additionally, the Court indicated that it felt that Mr. Oberlander is subject to the order that sealed the court file in this matter. After today's hearing, I went down to the office of the District Court Clerk and requested a copy of that order, as I believe Mr. Oberlander has a due-process right to at least see an order that Your Honor feels applies to him. However, I was informed by personnel in the Clerk's office that I could not even see the sealing order.

    Without the ability to review the sealing order, we are unable to ascertain which terms of the order Mr. Oberlander is alleged to have violated. We respectfully request that the Court provide us with a copy of the order. At this time, we are unaware of any order that barred Mr. Sater from disclosing the records or documents to a third-person, that barred a third-person from re-disclosing them to Mr. Oberlander, or which barred Mr. Oberlander from using them to corroborate allegations in a RICO complaint. We are also currently unaware whether the sealing

4027719.1

order was some kind of global gag order, who exactly is permitted to see the order itself, and whether the order is binding upon even those who have never seen it.

At today's appearance, Your Honor stated that this case was akin to *United States v. Charmer Industries*, 711 F.2d 1164 (1983). As we have not seen the sealing order in this case, we can only point out that in *Charmer* it was the court personnel and probation service – who were subject to the sealing order, *in personam* – who unauthorizedly disclosed records to the Arizona Attorney General. Here, there is nothing to suggest that the Court's sealing order – which we have not seen – was binding upon anyone other than court personnel.

Thank you for your attention to this matter.

Respectfully yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Richard E. Lerner

cc: **VIA FACIMILE**
Kelly Moore, Esq.
Stamatios Stamoulis, Esq.
Frederick M. Oberlander, Esq.