# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, NY 10017-5639
Tel: 212.490.3000   Fax: 212.490.3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

June 21, 2010

**VIA FACIMILE UNDER SEAL** – (718) 613-2446

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

Re:   United States of America v. Felix Sater
      Case No.        :   98CR1101 (ILG)
      Our File No.    :   07765.00155

Dear Judge Glasser:

We represent non-party respondent Frederick M. Oberlander.

I am hereby forwarding for in camera review the email from Joshua Bernstein to Mr. Oberlander dated March 3, 2010, which Mr. Oberlander forwarded to me on June 13th.

Mr. Bernstein's email attached six PDF files. (Please note, however, that the proffer agreement was included twice in the attachments. So there were really only five attachments.) I am enclosing a printout of only the first page of each of the PDF attachments, as I believe that this will suffice for the court to be able to identify them. Should the court wish to be forwarded a complete copy of each of the attachments, I will of course do so.

Respectfully yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Richard E. Lerner

4036260.1

Case 1:98-cr-01101-ILG   Document 62-1   Filed 06/21/10   Page 2 of 9 PageID #: 2533
Case 1:98-cr-01101-ILG   Document 62 *SEALED*   Filed 06/21/10   Page 2 of 9 PageID #: 440

Page 2

cc:     **Via E-Mail (Without Enclosures)**

Kelly Moore, Esq.
Brian Herman, Esq.
David Snider, Esq.
Thomas W. Hyland, Esq.
Lauren J. Rocklin, Esq.
Stamatios Stamoulis, Esq.
Todd Kaminsky, Esq. – US Attorney's Office
Marshall Miller, Esq. – US Attorney's Office
Frederick M. Oberlander, Esq.

## Lerner, Richard E.

**From:** fred55@aol.com
**Sent:** Sunday, June 13, 2010 6:33 PM
**To:** Lerner, Richard E.
**Subject:** Fwd: Felix Docs
**Attachments:** psir[1].pdf; Proffer[1].pdf; Proffer.pdf; Draft%20Information[1].pdf; Cooperation%20Agreement[1].pdf; Complaint[1].pdf

-----Original Message-----
From: Josh B <joshsemail@gmail.com>
To: Gerry Feinberg <tenslaw@aol.com>; Arnold Bernstein <arnoldbernstein@gmail.com>; Frederick Oberlander <fred55@aol.com>
Sent: Wed, Mar 3, 2010 10:37 am
Subject: Felix Docs

[redacted]

6/21/2010



SATERPRF.AGR

## PROFFER AGREEMENT

With respect to the meeting of Felix Sater ("Client") and his attorney, Myles Malman, Esq., with Special Agent Leo Taddeo and Derek Acker and Jonathan Sack of the United States Attorney's Office, to be held at the offices of the United States Attorney for the Eastern District of New York ("the Office") on October 28, 29 and 30, 1998 ("the meeting"), the following understandings exist:

(1) In any prosecution brought against Client by the Office, the Office will not offer in evidence in its case-in-chief or at sentencing any statements made by Client at the meeting, except in a prosecution for false statements, obstruction of justice, or perjury.

(2) Notwithstanding item (1) above: (a) the Office may use information derived directly or indirectly from the meeting for the purpose of obtaining leads to other evidence, which evidence may be used in any prosecution and sentencing of Client by the Office; and (b) should any prosecution of Client be undertaken (i) the Office may use statements made by Client at the meeting and all evidence obtained directly or indirectly therefrom for the purpose of cross-examination should Client testify, or to rebut any evidence offered, or factual assertions made, by or on behalf of Client at any stage of the criminal prosecution (including but not limited to detention hearing, trial or sentencing), and (ii) the Office may disclose any statements made by Client at the meeting to the Probation Department and the Court, except that pursuant to Sentencing Guideline § 1B1.8, such statements will not be used to determine or to upwardly depart from the defendant's Sentencing Guideline range.

(3) It is further understood that this agreement is limited to the statements made by Client at the meeting and does not apply to any oral, written or recorded statements made by Client at any other time. No understandings, promises, or agreements have been entered into with respect to the meeting other

SATERPRF.AGR

## PROFFER AGREEMENT

With respect to the meeting of Felix Sater ("Client") and his attorney, Myles Malman, Esq., with Special Agent Leo Taddeo and Derek Acker and Jonathan Sack of the United States Attorney's Office, to be held at the offices of the United States Attorney for the Eastern District of New York ("the Office") on October 28, 29 and 30, 1998 ("the meeting"), the following understandings exist:

(1) In any prosecution brought against Client by the Office, the Office will not offer in evidence in its case-in-chief or at sentencing any statements made by Client at the meeting, except in a prosecution for false statements, obstruction of justice, or perjury.

(2) Notwithstanding item (1) above: (a) the Office may use information derived directly or indirectly from the meeting for the purpose of obtaining leads to other evidence, which evidence may be used in any prosecution and sentencing of Client by the Office; and (b) should any prosecution of Client be undertaken (i) the Office may use statements made by Client at the meeting and all evidence obtained directly or indirectly therefrom for the purpose of cross-examination should Client testify, or to rebut any evidence offered, or factual assertions made, by or on behalf of Client at any stage of the criminal prosecution (including but not limited to detention hearing, trial or sentencing), and (ii) the Office may disclose any statements made by Client at the meeting to the Probation Department and the Court, except that pursuant to Sentencing Guideline § 1B1.8, such statements will not be used to determine or to upwardly depart from the defendant's Sentencing Guideline range.

(3) It is further understood that this agreement is limited to the statements made by Client at the meeting and does not apply to any oral, written or recorded statements made by Client at any other time. No understandings, promises, or agreements have been entered into with respect to the meeting other

**DRAFT**

AV:JSS:jss
F. #1998R01996
SATER.INF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

FELIX SATER,

        Defendant.

- - - - - - - - - - - - - - - -X

<u>I N F O R M A T I O N</u>

Cr. No. _____
(T. 18, U.S.C., §§
1962(c), 1963(a)
and 3551 <u>et seq.</u>)

THE UNITED STATES ATTORNEY CHARGES:

    At all times relevant to this information, unless otherwise indicated:

<u>INTRODUCTION</u>

<u>Relevant Securities Law Matters</u>

    1.    The United States Securities and Exchange Commission (the "SEC") is an independent agency of the United States government charged with the duty of protecting investors by regulating and monitoring the trading of securities, including the conduct of broker-dealers and brokers of securities, in the United States.

    2.    The National Association of Securities Dealers ("NASD") is an organization created pursuant to federal securities law, which, among other things, issues rules governing the conduct of broker-dealers and brokers of securities.

    3.    A broker-dealer is an entity authorized to execute purchases and sales of securities for others and to take positions of its own in securities.  If the broker-dealer

Case 1:98-cr-01101-ILG  Document 62-1  Filed 06/21/10  Page 8 of 9 PageID #: 2539
JUN. 27. 2010 4:25PM                                              NO. 3932  P. 9
Case 1:98-cr-01101-ILG  Document 62 *SEALED*  Filed 06/21/10  Page 8 of 9 PageID #: 446

AV:JSS:jss
F. #1998R01996
SATERCOO.AGR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA　　　　　　　COOPERATION AGREEMENT

　　- against -　　　　　　　　　　　　98 CR 1101 (ILG)

FELIX SATER,

　　　　　　Defendant.

- - - - - - - - - - - - - - -X

　　　　Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and FELIX SATER (the "defendant") agree to the following:

　　　　1.　　The defendant will waive indictment and plead guilty to an information to be filed in this district charging violation of 18 U.S.C. § 1962(c). The count carries the following statutory penalties:

　　　　　　a.　Maximum term of imprisonment: 20 years
　　　　　　　　(18 U.S.C. § 1963(a)).

　　　　　　b.　Minimum term of imprisonment: 0 years
　　　　　　　　(18 U.S.C. § 1963(a)).

　　　　　　c.　Maximum supervised release term: 3 years, to
　　　　　　　　follow any term of imprisonment; if a
　　　　　　　　condition of release is violated, the
　　　　　　　　defendant may be sentenced to up to 2 years
　　　　　　　　without credit for pre-release imprisonment
　　　　　　　　or time previously served on post-release
　　　　　　　　supervision
　　　　　　　　(18 U.S.C. §§ 3583 (b), (e)).

Case 1:98-cr-01101-ILG   Document 62-1   Filed 06/21/10   Page 9 of 9 PageID #: 2540
Case 1:98-cr-01101-ILG   Document 62 *SEALED*   Filed 06/21/10   Page 9 of 9 PageID #: 447

JUN. 21. 2010  4:25PM   From: GERSTEN SAVAGE   2129805192        NO.3932   P. 10
                                                                 T-018  P.02  Job-079

```
ABV:JSS:jss
F. #
KLOTSMAN.COM
```
# 98- 754M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

GENNADY KLOTSMAN, also known as
   "Gene Klotsman," "Elliot Smith"
   and "E. Smith," and
FELIX SATER, also known as
   "Paul Stewart" and
   "P. Stewart,"

             Defendant.

COMPLAINT AND
AFFIDAVIT IN SUPPORT
OF ARREST WARRANTS

(T. 15, U.S.C.,
§§ 78j(b) and 78ff;
T. 18, U.S.C., §§
1956(a)(1)(B)(I) and
2)

- - - - - - - - - - - - - - - - -X

      LEO TADDEO, being duly sworn, deposes and says that he is a Special Agent of the Federal Bureau of Investigation, duly appointed according to law and acting as such.

      In or about and between March 1994 and December 1995, within the Eastern District of New York and elsewhere, the defendants GENNADY KLOTSMAN, also known as "Gene Klotsman," "Elliot Smith" and "E. Smith," FELIX SATER, also known as "Paul Stewart" and "P. Stewart," and others, did knowingly and willfully use and employ manipulative and deceptive devices and contrivances and, directly and indirectly, did (a) employ devices, schemes and artifices to defraud; (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and