

# MorrisonCohen LLP

Y. David Scharf
Partner
(212) 735-8604
dscharf@morrisoncohen.com

May 24, 2010

**VIA FACSIMILE (212) 805-7927**

Honorable Naomi Reice Buchwald
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re:   Kriss, et al. v. Bayrock Group LLC, et al., SDNY 10 Civ. 3959

Dear Judge Buchwald:

We represent defendants Bayrock Group LLC, Julius Schwarz and Brian Halberg (collectively "Bayrock") in the above-referenced matter. We write to request a pre-motion conference in accordance with Rule 2(A) of Your Honor's Individual Practices. We intend to move for dismissal of the complaint (or, alternatively, for disqualification of Plaintiffs' counsel or other relief) on the following grounds:

1.  **Disputes Between Kriss and Bayrock Must Be Arbitrated** – This action is little more than Mr. Kriss's attempt to avoid the terms of an employment agreement between he and Bayrock which expressly provides, in a broadly-worded arbitration clause, for binding arbitration of all disputes between Bayrock and Mr. Kriss. Indeed, this is Mr. Kriss's second attempt to avoid arbitration and assert his claims in court. On February 19, 2010, the Court of Chancery of the State of Delaware dismissed a similar derivative complaint filed by Mr. Kriss, finding that all of Mr. Kriss's claims were arbitrable, and none were properly asserted in Delaware. Even though the Chancery Court indicated that it could dismiss the complaint there with prejudice, Chancery Judge Strine went out of his way to give Mr. Kriss a second chance to plead his claim in arbitration. Rather than adhere to the Chancery Court's order and file an arbitration claim, Mr. Kriss filed the instant Complaint. Given that Mr. Kriss has now made two futile attempts to avoid arbitration, we submit that his Complaint should be dismissed with prejudice.

2.  **The Complaint Relies on Stolen, Confidential Information** – Even if Plaintiffs were not required to arbitrate their claims, the Complaint should nonetheless be dismissed because it relies almost entirely on stolen attorney-client privileged communications. Virtually the entire complaint relies upon (and indeed, in many instances directly quotes from) confidential communications between Bayrock and Bayrock's outside counsel, or between Bayrock's in-house counsel and Bayrock's employees (collectively, the "Confidential Communications"). Bayrock will show that the privilege was preserved as to these Confidential Communications,

MorrisonCohen LLP

Hon. Naomi Riece Buchwald
May 24, 2010
Page 2

and that the Plaintiffs had neither the right nor the authority to waive the attorney-client privilege with respect to these Confidential Communications. Indeed, it appears that these Confidential Communications may have been surreptitiously diverted from Bayrock's computer system, or physically stolen from Bayrock's offices. Plaintiffs' use and dissemination of the Confidential Communications – which on their face are clearly privileged – is a gross abuse of the judicial process. We respectfully submit that the Court has the inherent power to address this wrongdoing by dismissing the Complaint with prejudice. Alternatively, the Court may strike all references to Confidential Information in the Complaint, disqualify the Plaintiffs' counsel from further representing the Plaintiffs, and order the return of the Confidential Information.

3.  **The Complaint Fails to State a RICO Claim** – Even were the Complaint not dismissed for the foregoing reasons, it should nonetheless be dismissed because the Plaintiffs have failed to plead a claim under the RICO statute. The 164-page Complaint is filled with inflammatory rhetoric designed only to embarrass the defendants and force a settlement; it utterly fails to particularize the elements of a claim under the RICO statute. Moreover, the Complaint plainly violates the Rule 8(d) requirement that each allegation be "simple, concise and direct." The last ten paragraphs of the 785-paragraph Complaint attempt to allege a RICO claim, but these paragraphs do not articulate how the preceding 778 paragraphs of the Complaint are tied to the elements of a RICO cause of action. As the Court is aware, the RICO statute "is a specialized statute requiring a particular configuration of elements. These elements cannot be incorporated loosely from a previous narration, but must be tightly particularized and connected in a complaint." *Lesavoy v. Lane*, 304 F. Supp. 2d 520, 532 (S.D.N.Y. 2004) (quoting *Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F. Supp. 276, 284 (S.D.N.Y. 1991) (internal quotation marks and citation omitted). Here, no element of a RICO claim is properly pleaded in this Complaint, and any attempt to amend the Complaint would be futile. Accordingly, we respectfully submit that the Complaint should be dismissed with prejudice.

We respectfully request a pre-motion conference at Your Honor's convenience so that we may file a motion with respect to the foregoing issues.

Respecfully submitted,

Y. David Scharf
YDS:mfv

cc: Frederick Oberlander, Esq. (fred55@aol.com)
    David Lewis, Esq. (dlewis@lewisandfiore.com)
    Brian Herman, Esq. (bherman@morganlewis.com)

#2300457 v2 \888888 \8888



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NY

JODY KRISS and MICHAEL EJEKAM, directly and derivatively on behalf of BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC; and BAYROCK WHITESTONE LLC;

Plaintiffs,

v.

BAYROCK GROUP LLC; TEVFIK ARIF; JULIUS SCHWARZ; FELIX SATTER; BRIAN HALBERG; SALVATORE LAURIA; ALEX SALOMON; JERRY WEINRICH; SALOMON & COMPANY PC; AKERMAN SENTERFITT LLP; MARTIN DOMB; CRAIG BROWN; DUVAL & STACHENFELD LLP; BRUCE STACHENFELD; DAVID GRANIN; NIXON PEABODY LLP; ADAM GILBERT; ROBERTS & HOLLAND LLP; ELLIOT PISEM; MICHAEL SAMUEL; MEL DOGAN; BAYROCK SPRING STREET LLC; JOHN DOES 1-100; BAYROCK WHITESTONE LLC; BAYROCK CAMELBACK LLC: BAYROCK MERRIMAC LLC; BAYROCK GROUP INC.; and NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.;

Defendants

and

BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC, and BAYROCK WHITESTONE LLC

Nominal Defendants (Derivative Plaintiffs)

VERIFIED COMPLAINT

JURY TRIAL DEMANDED

Plaintiffs Jody Kriss ("Kriss") and Michael Ejekam ("Ejekam"), through their counsel, allege:

## EX PARTE MOTION TO FILE COMPLAINT UNDER SEAL

Petitioners JODY KRISS and MICHAEL EJEKAM ("Petitioners"), by their undersigned attorney, hereby respectfully submit this *Ex Parte* Motion to File Complaint Under Seal.

## NECESSITY OF PRIVACY

The Verified Complaint asserts claims in RICO, 18 USC §1962(c), predicated on a great many acts of financial fraud committed through certain Defendants' operation of Bayrock

Group LLC over many years. The requirements of *Bell Atlantic* fact pleading and this Circuit's standards for Rule 9(b) required extremely detailed allegations of the underlying facts, such allegations not suited for placement in Exhibits. The Complaint contains private and confidential information including the personal tax and financial information of innocent partners in the RICO enterprise and the enterprise itself, also a victim. This is in part a derivative action and the victim enterprise may be caused grave injury by the public disclosure of this information.

Finally, there are emails and other communications for which Defendants may claim privilege. While Plaintiff Kriss has the standing as a member of the relevant limited liability companies to waive any privilege, both by his plenary agency authority and his *Garner* privileges, and Plaintiffs are confident any privilege that might have ever attached was long since waived or vitiated by, *inter alia*, crime fraud exception, nevertheless Defendants should have some opportunity to make arrangements for the redaction of this material. Consequently, Plaintiffs request this Court order this Complaint, and any amendments thereto, be kept sealed and not disclosed to any person by any means, electronic or otherwise, until such time as both Plaintiffs and Defendants may be able to make arrangements with the presiding judge for the redaction of such private or confidential or possibly privileged material.

## APPLICABLE LAW

While there is a presumption of public access to "judicial documents" -- *i.,e.,* documents filed with the court that are "relevant to the performance of the judicial function and useful in the judicial process"-- that presumption is rebuttable. *United States v. Amodeo,*

44 F.3d 141, 145 (2d Cir. 1995). The Second Circuit has enumerated the steps a district court must take when deciding whether documents may be removed from public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under the Second Circuit's framework, after determining that the papers at issue are, indeed, "judicial documents," the Court must assess the weight to be given to the presumption in favor of public access to such documents. *Id.* at 119. The Court then must balance the competing considerations supporting confidentiality against the presumption of access, which may include, *inter alia*, "the privacy interests of those resisting disclosure." *Id.* at 120 (*quoting Amodeo*, 71 F.3d at 1050) (internal quotation marks omitted).

## ARGUMENT

The privacy interests of the Petitioner and Respondent should be accorded greater weight than the rebuttable presumption of open access. The Complaint contain information of a highly confidential and sensitive nature, relating, *e.g.*, to proprietary business matters such as salaries, personal tax information of many individuals and confidential business strategies, the public dissemination of which would be detrimental to both Petitioner and Respondent.

Further, many of the exhibits to the Complaint (as well as the discussion of those exhibits in the Complaint) are subject to confidentiality agreements. When considering whether to seal documents submitted in connection with a confirmation proceeding, the Second Circuit has shown deference to parties' confidentiality agreements. *See, e.g., DiRussa v. Dean Witter Reynolds*, 121 F.3d 818, 825 (2d Cir. 1997) ("sealing the file" where "a confidentiality agreement entered into by the parties during the discovery phase of the arbitration required that the papers ... submitted to the district court be placed under seal.")

3

*c.f. Lugosch,* 435 F.3d at 126.

The public release of the confidential information contained in the Complaint and the attendant exhibits potentially could cause serious harm to the future business dealings of both Parties and would be contrary to their reasonable expectations of confidentiality.

WHEREFORE, the Petitioner hereby moves this honorable Court to grant this *Ex Parte* Motion to File the Complaint Under Seal.

Dated: March 10, 2010

Respectfully submitted,

Frederick M. Oberlander
Counsel for Plaintiffs
P.O. Box 1870
Montauk, NY 11954
212.826.0357 Tel.
212.202.7624 Fax
fred55@aol.com

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NY

| | |
|---|---|
| JODY KRISS and MICHAEL EJEKAM, directly and derivatively on behalf of BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC; and BAYROCK WHITESTONE LLC;<br><br>      Plaintiffs,<br>   v.<br><br>BAYROCK GROUP LLC; TEVFIK ARIF; JULIUS SCHWARZ; FELIX SATTER; BRIAN HALBERG; SALVATORE LAURIA; ALEX SALOMON; JERRY WEINRICH; SALOMON & COMPANY PC; AKERMAN SENTERFITT LLP; MARTIN DOMB; CRAIG BROWN; DUVAL & STACHENFELD LLP; BRUCE STACHENFELD; DAVID GRANIN; NIXON PEABODY LLP; ADAM GILBERT; ROBERTS & HOLLAND LLP; ELLIOT PISEM; MICHAEL SAMUEL; MEL DOGAN; BAYROCK SPRING STREET LLC; JOHN DOES 1-100; BAYROCK WHITESTONE LLC; BAYROCK CAMELBACK LLC: BAYROCK MERRIMAC LLC; BAYROCK GROUP INC.; and NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.;<br><br>      Defendants<br>   and<br><br>BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC, and BAYROCK WHITESTONE LLC<br><br>      Nominal Defendants (Derivative Plaintiffs) | **VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## ORDER TO SEAL COMPLAINT

The Complaint, and any amendments filed thereto, are ORDERED sealed, not to be disclosed to the public physically or by any other means, electronically or otherwise, until Plaintiffs and Defendants have had opportunity to arrange for permanent orders of redaction and such other protective orders as the presiding judge shall deem just and proper.

_____
March 10, 2010

5

**TO: Clerk's Office**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**APPLICATION FOR LEAVE**
**TO FILE DOCUMENT UNDER SEAL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____ Docket Number _____

-v.-

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUBMITTED BY: Plaintiff ____ Defendant ____ DOJ ____
Name: _____
Firm Name: _____
Address: _____
Phone Number: _____
E-Mail Address: _____

INDICATE UPON THE PUBLIC DOCKET SHEET: YES ____ NO ____
If yes, state description of document to be entered on docket sheet:
_____
_____

A) If pursuant to a prior Court Order:
Docket Number of Case in Which Entered: _____
Judge/Magistrate Judge: _____
Date Entered: _____

B) If a <u>new</u> application, the statute, regulation, or other legal basis that authorizes filing under seal
_____

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE, AND MAY NOT BE UNSEALED UNLESS ORDERED BY THE COURT.**

DATED: _____, NEW YORK

_____
**U.S. DISTRICT JUDGE/U.S. MAGISTRATE JUDGE**

RECEIVED IN CLERK'S OFFICE _____ DATE

**MANDATORY CERTIFICATION OF SERVICE:**
A.) ____ A copy of this application either has been or will be promptly served upon all parties to this action, B.) ____ Service is excused by 31 U.S.C. 3730(b), or by the following other statute or regulation: _____; or C.) ____ This is a criminal document submitted, and flight public safety, or security are significant concerns. (Check one)

_____          _____
DATE                     SIGNATURE