UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                      Plaintiff,

             -against-

JOHN DOE,

                     Defendant.
-----------------------------------------------------------------------X

98 CR 1101 (ILG)

**FILED UNDER SEAL**

## DECLARATION OF DAVID A. SNIDER
## IN FURTHER SUPPORT OF PERMANENT INJUNCTION

**DAVID A. SNIDER** declares as follows:

1.     I am an associate of the law firm of Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York, 10178, counsel for John Doe.

2.     I make this declaration in support of Mr. Doe's application for an Order (i) directing the return or destruction the Sealed and Confidential Documents, as set forth in Mr. Doe's Supplemental Memorandum of Law in Further Support of Permanent Injunction, dated November 24, 2010, submitted herewith; and (ii) permanently enjoining the dissemination of the information contained in the Sealed and Confidential Documents.

3.     Attached hereto as Exhibit 1 is a true and correct copy of an Order dated May 13, 2010 signed by the Honorable Naomi Reice Buchwald, United States District Judge.

4.     Attached hereto as Exhibit 2 is a true and correct copy of an Order dated May 14, 2010 signed by the Honorable Naomi Reice Buchwald, United States District Judge.

5.    Attached hereto as Exhibit 3 is a true and correct copy of the Declaration of Julius R. Schwarz, dated November 17, 2010.

6.    Attached hereto as Exhibit 4 is a true and correct copy of an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order, dated May 18, 2010 signed by the Honorable I. Leo Glasser, United States District Judge.

7.    Attached hereto as Exhibit 5 is a true and correct copy of a letter dated May 19, 2010 from David L. Lewis, Esq. to the Honorable Naomi Reice Buchwald, United States District Judge.

8.    Attached hereto as Exhibit 6 is a true and correct copy of a letter dated May 19, 2010 from the Honorable Naomi Reice Buchwald, United States District Judge, to David L. Lewis, Esq.

9.    Attached hereto as Exhibit 7 is a true and correct copy of a letter dated October 29, 2010 from Frederick M. Oberlander, Esq. to the Honorable Naomi Reice Buchwald, United States District Judge, and enclosures therewith.

10.    Attached hereto as Exhibit 8 is a true and correct copy of a letter dated November 8, 2010 from the Honorable Naomi Reice Buchwald to Frederick M. Oberlander, Esq.

11.    Attached hereto as Exhibit 9 is a true and correct copy of a letter dated November 9, 2010 from Frederick M. Oberlander, Esq. to Brian Herman, Esq.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York
November 24, 2010

Respectfully submitted,

David A. Snider

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
JODY KRISS and MICHAEL EJEKAM, et al.,

                    Plaintiffs,          **O R D E R**

            - against -                  10 CV 3959 (NRB)


BAYROCK GROUP LLC et al.,

                    Defendants.
------------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

   **WHEREAS**, the complaint in this case attaches and otherwise
makes reference to documents which were sealed in a federal
criminal case brought in the Eastern District of New York; and

   **WHEREAS**, plaintiffs' counsel has disseminated the complaint
and the exhibits thereto to certain named defendants and others,
it is hereby

   **ORDERED** that no further dissemination of the complaint and
exhibits thereto or the sealed information contained therein be
made pending further order of the Court; and it is further

   **ORDERED** that plaintiffs' counsel immediately contact all
persons who have received a copy of the complaint and inform them
of this Court's order that there be no further dissemination of
the complaint and exhibits thereto or the sealed information
contained therein pending further order of the Court.

Dated:     New York, New York
           May 13, 2010

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

-2-

Copies of the foregoing Order have been sent on this date to the following:

Frederick M. Oberlander, Esq.
Law Office of Frederick M. Oberlander
28 Sycamore Lane, Box 1870
Montauk, NY 11954
Fax: 212.202.7624

Kelly A. Moore, Esq.
Brian A. Herman, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
Fax: 212.309.6001

David L. Lewis, Esq.
Lewis & Fiore
225 Broadway, Suite 3300
New York, NY 10007
Fax: 212.964.4506

$$4t^2$$

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑X

JODY KRISS and MICHAEL EJEKAM, directly
and derivatively on behalf of BAYROCK
GROUP LLC, BAYROCK SPRING STREET LLC, and            **O R D E R**
BAYROCK WHITESTONE LLC,

                                                     10 CV 3959 (NRB)
                    Plaintiffs,

          ‑ against ‑

BAYROCK GROUP LLC, TEVFIK ARIF, JULIUS
SCHWARZ, FELIX SATTER, BRIAN HALBERG,
SALVATORE LAURIA, ALEX SALOMON, JERRY
WEINRICH, SALOMON & COMPANY PC, AKERMAN
SENTERFITT LLP, BRUCE STACHENFELD, DAVID
GRANIN, NIXON PEABODY LLP, ADAM GILBERT,
ROBERTS & HOLLAND LLP, ELLIOT PISEM,
MICHAEL SAMUEL, MEL DOGAN, BAYROCK SPRING
STREET LLC, JOHN DOES 1‑100, BAYROCK
WHITESTONE LLC, BAYROCK CAMELBACK LLC,
BAYROCK MERRIMAC LLC, BAYROCK GROUP INC,
and NATIONAL UNION FIRE INSURANCE CO. OF
PITTSBURGH, PA,

                    Defendants,

          ‑ and ‑

BAROCK GROUP LLC, BAYROCK SPRING STREET
LLC, and BAYROCK WHITESTONE LLC,

                    Nominal Defendants
                    (Derivative Plaintiffs).

‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


     **WHEREAS**, the complaint in this case attaches and otherwise

makes reference to documents which were sealed in a federal

criminal case brought in the Eastern District of New York; it is

hereby

ORDERED that the original complaint be sealed pending
further order of the Court; and it is further

ORDERED that a redacted version of the original complaint,
redacting any sealed documents or references to sealed documents,
be filed with the Clerk of the Court by May 19, 2010, to be
followed by an electronic (.pdf) version of the redacted
complaint.

Dated:     New York, New York
           May 14, 2010

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been sent on this date to the following:

Frederick M. Oberlander, Esq.
Law Office of Frederick M. Oberlander
28 Sycamore Lane, Box 1870
Montauk, NY 11954
Fax: 212.202.7624

David L. Lewis, Esq.
Lewis & Fiore
225 Broadway, Suite 3300
New York, NY 10007
Fax: 212.964.4506

Kelly A. Moore, Esq.
Brian A. Herman, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
Fax: 212.309.6001

-3-

Ex 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
United States, plaintiff,

    -against-

Felix Sater, defendant.
--------------------------------------------------------X

Felix Sater, petitioner,

    -against-  .

Frederick M. Oberlander, Jody Kriss and
Chudi Ejekam, non-party respondents.
--------------------------------------------------------X

98-CR-1101

**Declaration of Julius R. Schwarz**

# Filed Under Seal

I, Julius R. Schwarz, being duly sworn, depose and say under penalty of perjury pursuant to 28 U.S.C. 1746, as follows:

1.      I am an attorney admitted to practice law before the courts of the States of New York and Florida.

2.      I am currently employed as Executive Vice President and General Counsel of Bayrock Group LLC.

3.      On May 12, 2010 I received an email from the Miami, Florida law firm of Akerman Senterfitt LLP, with the following attachments: The Southern District of New York complaint in the matter of *Kriss et al. v. Bayrock Group LLC et al., together with Exhibits A through E thereof.*

4.      After receipt of the email, I forwarded it, with all attachments, on May 12, 2010 to the following individuals: (i) one email was sent to Felix Sater, a former Bayrock Group, LLC employee and a named defendant , Brian Halberg, a then in-house attorney at Bayrock Group, LLC and a named defendant, and Mel Dogan, counsel for Tevfik Arif and a named defendant (in each case it was sent in the "to" or "cc" list); and (ii) another email was sent to Teddy Klinghoffer and Andrew Smulian, a senior partner and the Chairman, respectively, of Akerman Senterfitt LLP. Akerman has and continues to represent Bayrock Group, LLC and certain affiliated entities on various matters. I also forwarded the complaint without the attachments on May 12, 2010 to Adam Gilbert, partner at Nixon Peabody LLP, former counsel for Bayrock Group, LLC and a named defendant in the complaint, and on May 13, 2010 I forwarded the complaint without the attachments to the following individuals: (1) Alex Salomon of the accounting firm Salomon & Company, a named defendant and the accounting firm representative for Bayrock Group, LLC and certain of its affiliated entities in one email; and (2) another email was sent to Craig Brown and Bruce Stachenfeld, partners and attorneys at Duval & Stachenfeld LLP, and Elliot Pisem, partner at Roberts & Holland LLP, each of whom are named defendants and prior counsel to Bayrock Group, LLC and certain of its affiliated entities (in each case it was sent in the "to" or "cc" list). On May 17, 2010, I forwarded an email to all of the above referenced persons with a copy of the Order from Judge Buchwald barring further dissemination of the complaint.

I state the foregoing under penalty of perjury this 17th day of November 2010.

_____
Julius R. Schwarz

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

UNITED STATES OF AMERICA,                                    :
                                                             :
                              Plaintiff,                     :     98 CR 1101 (ILG)
                                                             :
                                                             :     **FILED UNDER SEAL**
                   -against-                                 :
                                                             :
                                                             :
FELIX SATER,                                                 :
                                                             :
                              Defendant.                     :
-------------------------------------------------------------- X

### ORDER TO SHOW CAUSE FOR
### PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

Defendant Felix Sater, by his attorneys Morgan, Lewis & Bockius LLP, having moved

this Court for relief hereinafter described,

**NOW** upon the accompanying Declaration of Kelly Moore, Esq., executed on May 18,

2010, and Defendant's Memorandum of Law, and on all the pleadings and proceedings had

herein, it is hereby

**ORDERED**, that Jody Kriss, Michael Ejekam and Fred Oberlander show cause before a

motion term of this Court, Room 8B, United States Courthouse, 225 Cadman Plaza East,

Brooklyn, New York 11201 on May 28, 2010 at 12: o'clock in the noon

thereof, or as soon thereafter as counsel may be heard, why an order should not be issued

requiring Jody Kriss, Michael Ejekam and Fred Oberlander and any other persons who have

acquired the Sealed and Confidential Materials to immediately return the Sealed and

Confidential Materials to Mr. Sater;

**ORDERED**, that pending said hearing, Messrs. Kriss, Ejekam and Oberlander and their representatives, employees and agents, and all other persons acting in concert with them and all other persons who have obtained the Sealed and Confidential Materials, are restrained and enjoined from disseminating the Sealed and Confidential Materials or information therein further;

**ORDERED**, that Messrs. Kriss, Ejekam and Oberlander appear at said hearing and give evidence as to how they obtained the Sealed and Confidential Materials and to whom said materials have been disseminated;

**ORDERED**, that personal service of a copy of this order and annexed affidavits upon Messrs. Kriss, Ejekam and Oberlander or their counsel on or before May _19_th_, 2010 shall be deemed good and sufficient service thereof;

**ORDERED**, that Messrs. Kriss, Ejekam and Oberlander's papers in opposition to Mr. Sater's motion, if any, shall be served by hand on Morgan, Lewis & Bockius LLP, counsel for Mr. Sater, on or before May _25_th_, 2010 at 5:00 p.m. (with a courtesy copy hand delivered to the Court in Chambers), and that Mr. Sater's reply papers, if any, shall be served by hand on counsel for Messrs. Kriss, Ejekam and Oberlander by no later than 5:00 p.m. (with a copy for Chambers) the day before the return date provided by this order;

**ORDERED**, that all papers related to the instant motion are hereby sealed;

**ORDERED**, that a copy of all papers shall be served on Marshall Miller and Todd Kaminsky of the United States Attorney's Office for the Eastern District of New York.

Dated: New York, New York
     May 18, 2010 _at_
     _2:00 p·m_

_____
United States District Judge

2

4+
5

FACSIMILE COVER SHEET
DAVID L. LEWIS, ESQ.
LEWIS & FIORE, ESQS.
225 BROADWAY, SUITE 3300
NEW YORK, NEW YORK  10007

(212) 285-2290                                         (212) 964-4506 (FAX)
                                                     dlewis@lewisandfiore.com


TO:       Honorable Naomi Reice Buchwald
          United States District Judge
FAX NO.:  (212) 805-7927

TO:       Brian Herman, Esquire
FAX NO.   (212) 309-6001 and
          Via Email

FROM:     David L. Lewis, Esquire

DATE:     May 19, 2010

TOTAL NUMBER OF PAGES:   3    (WITH COVER)

RE:               Kriss, et al. v. Bayrock Group, LLC, et al
                  10 CV 3959 (NRB)


NOTICE:   If this FAX has been transmitted to the wrong number or
person, kindly telephone the sender collect.   This FAX may contain
confidential information protected by the attorney/client privilege
and attorney work-product doctrine.   Its contents may not be disclosed
or copied without the authorization of the sender.

# LEWIS & FIORE
### ATTORNEYS AT LAW
225 BROADWAY
SUITE 3300
NEW YORK, N.Y. 10007
(212) 285-2290
FAX (212) 964-4506

DAVID L. LEWIS
CHARLES G. FIORE

May 19, 2010

**VIA FACSIMILE**
**(212) 805-7927**

Honorable Naomi Reice Buchwald
United States District Judge
United States District Judge
500 Pearl Street
New York, New York  10007

> RE:  **Kriss, et al. v. Bayrock Group, LLC, et al.**
> **10 CV 3959 (NRB)**

Dear Judge Buchwald:

I write to ask for emergency relief in the above-captioned matter extending the deadline for the plaintiff's counsel, Frederick Oberlander, to such time as the Honorable I. Leo Glasser of the Eastern District of New York hears and determines the issue of whether or not the plaintiffs may use material that Morgan Lewis contends to be "Sealed and Confidential".

At 6:46 PM I received electronically, Judge Glasser's sealed order granting one party to the action a preliminary injunction and temporary restraining order.  This order which, of course, must be obeyed by Mr. Oberlander is contended by Morgan Lewis to go further than what this Court ordered regarding a redacted complaint to be filed.

Brian Herman of Morgan Lewis in an e-mail last night at 6:21 PM stated that Judge Buchwald and Judge Glasser's Orders are "much broader" than I understood them to be.  Further, Mr. Herman stated that "we will consider any reference to the exhibits or information contained therein in any way to be a

# LEWIS & FIORE

Honorable Naomi Reice Buchwald
May 19, 2010
Page 2 of 2


violation of the orders and will seek immediate relief including contempt."

As a consequence, Judge Glasser's order is a change in circumstances such that complying with this Court's order to file a redacted complaint appears to violate a sealed order of Judge Glasser.

Therefore, we respectfully request that the Court order the filing of the redacted complaint to be held in abeyance until Judge Glasser hears and determines the issue that is the subject of his order governing the same material.

Respectfully yours,

DAVID L. LEWIS

DLL/bf
cc:  Brian A. Herman, Esquire (via email and facsimile)
     Frederick Oberlander, Esquire (via email)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007-1312

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

212-805-0194

May 19, 2010

David L. Lewis, Esq.
Lewis & Fiore
225 Broadway, Suite 3300
New York, NY 10007
Fax: 212.964.4506

Re: Kriss, et al. v. Bayrock Group, LLC, et al.
10 Civ. 3959 (NRB)

Dear Mr. Lewis:

While I do not understand how you could have interpreted my earlier orders to permit "any reference to the exhibits or information contained therein," I have no objection to delaying the filing of a redacted complaint until Judge Glasser rules on the sealed document issue pending before him.

Very truly yours,

Naomi Reice Buchwald
United States District Judge

Cc:    Frederick M. Oberlander, Esq.
       Law Office of Frederick M. Oberlander
       28 Sycamore Lane, Box 1870
       Montauk, NY 11954
       Fax: 212.202.7624

       Kelly A. Moore, Esq.
       Brian A. Herman, Esq.
       Morgan, Lewis & Bockius LLP
       101 Park Avenue
       New York, NY 10178
       Fax: 212.309.6001

# LAW OFFICE OF FREDERICK M. OBERLANDER

FREDERICK M. OBERLANDER
ATTORNEY-AT-LAW

fred55@aol.com

28 SYCAMORE LANE (PO BOX 1870)
MONTAUK, NEW YORK 11954
TELEPHONE 212.826.0357
FAX 212.202.7624

October 29, 2010

Honorable Naomi Reice Buchwald
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

**REQUESTING SEAL**

**VIA FAX TO (212) 805-7927**
*Kriss et al v. Bayrock Group LLC et al*
10 CIV 3959

Dear Judge Buchwald:

There being good cause[1], Plaintiffs request an additional enlargement of time to serve the Complaint in this matter, the extension to expire, at the close of business on January 31, 2011. Plaintiffs further request that this Court allow to be served any Defendant who has already received the complaint informally, or who may legally receive it, as well as any Defendant who agrees to waive service.

Through diligent effort, Plaintiffs have managed to accomplish service on eight Defendants[2]. Despite their effort, Plaintiffs remain prevented from serving the Complaint on other Defendants by a prior restraint order of this Court and by Defendant Sater's threat, facilitated by Judge Glasser, that if service is made, contempt sanctions may be pursued.

Plaintiffs filed their Complaint on May 10, 2010. On May 13 this Court ordered the Complaint not "further disseminated" without a hearing based on the legal error that assuming *arguendo* any documents therein revealed the contents of legally sealed court files their dissemination was *per se* enjoinable

Judge Glasser then issued a series of prior restraint "invisible ink" orders placing Plaintiffs and counsel in jeopardy of contempt for serving their Complaint – protected speech –though (as Plaintiffs have now learned) almost every Defendant has already had a copy of the Complaint since May 12. They got their copies from Defendant Schwarz, who got his from Defendant Akerman who got his from counsel, *all before any orders were issued by any Court.*

By that fact alone we see that the prior restraint orders are an unconstitutional affront to justice. Evidence compels the conclusion that Judge Glasser's "orders", non-compliant with FRCP 52, 58 or 65, were issued to cover up a conspiracy to illegally "super seal" criminal dockets for favored defendants to help them evade mandatory MVRA restitution, in Mr. Sater's case depriving his racketeering victims – so far – of $10,000,000[i] and illegally concealing from them his now $600,000,000 civil RICO liability substantively triggered by his conviction[ii].

As the Complaint alleges, this is related to the Complaint's allegations of current racketeering, the concealment of Mr. Sater's ownership of Bayrock, and the $10,000,000 he siphoned from it, alleged as part of the pattern of racketeering through which Mr. Sater and other Defendants operated the victim enterprise.

All this to protect Defendants whose Bayrock racketeering acts are now well alleged to include human trafficking and the sexual exploitation of children, at the center of which is Defendant Arif, Sater's RICO partner and co-conspirator, now being held in a maximum security Turkish prison on related charges of racketeering and said human trafficking[iii].

---

[1] Pursuant to FRCP 6(b)(1)(A), this request made prior to expiration of the FRCP 4(m) time period as extended, the standard is good cause, not excusable neglect, liberally construed, e.g. *Burks v. Griffith*, 100 FRD 491 (NDNY 1984).

[2] The "Bayrock Defendants", Julius Schwarz, Bayrock Group, Bayrock Spring Street, Bayrock Whitestone, Bayrock Camelback, and Bayrock Merrimac, and "Sater Defendants",Felix Sater and Bayrock Group Inc.

11/18/2010 10:23 FAX 212 805 7927
To: Hon. Naomi Buchwald    Page 3 of 16

Judge Buchwald
2010-10-29 20:50:34 (GMT)

✪003
212-202-7624  From: Frederick Oberlander

There is also new, related litigation. Steptoe & Johnson, representing the receiver of Glitnir, one of the Iceland banks that collapsed and took Iceland down with them, is tracing $2,000,000,000 siphoned by its directors. $80,000,000 of it flowed through FL Group into Bayrock, and $30,000,000 of it right back out to Arif and Satter as part of Bayrock racketeering. This is in the Complaint. Steptoe asked for help, but counsel is gagged. The money includes the life savings of 320,000 British and Dutch depositors[9].

Finally, to avert a crisis, Plaintiffs and Satter made a standstill in August to come up with a new complaint not "violating Satter's rights". Plaintiffs sent such a complaint two weeks ago, scrubbed of descriptions of purportedly sealed documents and information quoted therefrom, but with the same allegations, using public information including transcripts of the hearings before Judge Glasser, each containing Judge Glasser stating that the hearings and transcripts will not be sealed. It included new allegations of the human trafficking and sexual exploitation, and further bribery of foreign officials, and related the cover-up and evasion of restitution and fraudulent concealment of the civil RICO chose in action to the other Bayrock racketeering.

Instead of approving the new complaint or saying specifically what would have to be done to make it "acceptable", counsel for Satter simply said it "still violated his client's rights" and that any use of those public transcripts would also be contempt as would any service of any kind at all. Even service upon those who already have the Complaint would be considered to warrant a contempt citation, according to Satter's counsel.

In spite of all this obstruction, long and heavily negotiated breakthroughs finally bore fruit last week enabling Plaintiffs to bring those 8 Defendants into the case, and Plaintiffs can now propose a case management plan to accomplish service, or waiver thereof, on the remaining defendants, largely partners in a few legal and accounting firms so all easily reachable together[3].

A few days ago Plaintiffs obtained waivers of service from the Satter Defendants, effective as of today, October 29, 2010. Nothing changed hands, Satter already having the Complaint, so no court order could have been violated . With those waivers, Plaintiffs convinced the Bayrock Defendants it was legal to waive service, but their counsel was still so wary (given what went on here with unwritten, undocketed orders, as there is appellate authority that contempt can be asserted for violating "invisible ink" orders[4]) his waiver might be contempt of something he requested it be "so ordered", so that it could not be deemed to have acted in defiance of a court order. The stipulation is enclosed for the Court's signature.

---

[3] Akerman Senterfitt, Duval & Stachenfl, Roberts & Holland, Salomon & Co., and Nixon Peabody.

[4] There is no question that unsigned, unwritten, undocketed orders are legal nullities. As the 7th Circuit stated, "[W]e are puzzled by the district judge's unwillingness to put on paper what he said several times in court. *Oral statements are not injunctions. A judge who proclaims "I enjoin you" and does not follow up with an injunction has done nothing....When a judge does not record an injunction on a separate document, the defendant is under no judicial compulsion." Bates v. Johnson*, 901 F.2d 1424 (7th Cir. 1990) [emphasis added].

This is exactly what happened here; in fact the last of Judge Glasser's pronouncements said simply, "I'm issuing another TRO", whatever that means. And nothing has been recorded. The 2nd Circuit follows this rule, "Oral statements are not injunctions", *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97 (2nd Cir.. 2009), quoting *Bates*.

Presumably, this Court could take note and extend the time to serve by, perhaps, 30 days, on the theory that the absence of any written, signed, orders from Judge Glasser immunizes counsel and Plaintiffs from contempt, and with this Court's Order (proposed herein) allowing service of the Complaint on those who already received it, things work.

But, the 5th Circuit, though claiming to follow *Bates*, in *Ingalls v. Thompson*, 588 F.3d 254 (5th Cir. 2009) held that where a judge issued only an oral order, then the subject violated it, and after that the judge first issued a separate written document, the subject could be held in civil and criminal contempt. The court said it was true that an oral order was not a compulsion, but because the contemnor thought he was bound by it, which the district court inferred from his demeanor as a witness, it is within the inherent power of a court to hold a person in contempt for violating a null order.

So long as there is appellate authority, however bizarre, that one can violate a null, noncompulsory, mere dictum "order", it is intolerable to expect counsel or Plaintiffs to act in disregard of Judge Glasser's null, noncompulsory dictum "orders", particularly given that Judge Glasser continues to illegally secrete the entire docket sheet and for all counsel or Plaintiffs know some order somewhere did get docketed, or will be said to have been, or will show up "later" as in *Ingalls*. Counsel and Plaintiffs understandably refuse to subject themselves to Star Chamber contempt risk.

Therefore this Court must provide Plaintiffs sufficient time to seek mandamus or appellate relief from Judge Glasser.

Plaintiffs presume the Court will so order the Bayrock Defendants' waiver; there is no basis not to, these Defendants lawfully receiving their copy from Defendant Akerman Senerfitt on May 12, 2010, before there were gag orders. Else, if their waiver is invalid so must be Sater's, and the Court will have unconstitutionally nonsuited Plaintiffs.

The crisis has come. There are eight Defendants in this case. At least six will want to implead third parties. Will the Court enjoin it? If so, on what basis? If not, how will these Defendants serve impleader complaints with the Complaint attached without violating your Court order? But if Defendants can serve impleader complaints with the Complaint attached, why can't Plaintiffs serve the Complaint?

What next? These Defendants make 12(b) motions but Plaintiffs can't fully and adequately respond because that would violate Judge Glasser's *in terrorem* "orders"? If Plaintiffs respond are the Defendants, knowing they will, co-contemnors under FRCP 65(d)(2)(C)? Will the Court seal everything? Issue permanent injunction gag orders on every witness and every jury?

Who gets a copy of this letter? The request to extend by FRCP 6(b)(1)(A) is properly *ex parte*, but as to this or other letters, is sending a courtesy copy to counsel for Sater not contempt, but sending one to counsel for the Bayrock Defendants is? Can anyone be sure as to Judge Glasser's "orders"? How do FRCP requirements of written docketed orders work with illegally super-sealed "invisible ink" orders?

Fortunately, the settlement discussions producing this waiver breakthrough suggest the entire case may be settled during the enlarged service time before much of the rest of this has to happens, and Your Honor may after this extension never hear about this again until approval of settlement, but to get there:

**First**, the Court must enlarge the time to serve through January 31, 2010. It is good cause that Plaintiffs must go through these extremes to defeat the obstruction. And, the time will be otherwise necessary, see below, and while prejudice is irrelevant in FRCP 6(b)(1)(A), there is no prejudice as the Defendants long ago had the Complaint. And as six of the eight served Defendants agreed to a standstill of all action for the same time as this extension, and the other two are expected to agree, they can't be prejudiced either.

Plaintiffs are using extraordinary, let alone diligent, efforts here. For one thing, no responsible counsel for Plaintiffs would recommend that – even though Judge Glasser's "orders" are utter nullities and otherwise void for other reasons – the Plaintiffs should ignore them and risk contempt.

**Second**, Plaintiffs request this Court sign the attached proposed Order allowing every Defendant who already received the Complaint to waive service, so they don't have to go through the contortions counsel for the Bayrock Defendants did. As Your Honor can see from the Bayrock Defendants' stipulation, Schedule A, we know almost every Defendant, as listed, lawfully received a copy from Schwarz.

**Third**, Plaintiffs request this Court sign the attached proposed Order allowing them to serve the Complaint (the exact same Complaint, with Exhibits) on those Defendants who already received it but will not waive service, and who may legally receive it, that such service, made in accord with the service provisions of FRCP 4, does not violate any order of this Court.

In emphasis, counsel just received a letter from counsel for Defendant Salomon stating that he will accept service for Alex Salomon, Jerry Weinrich, and Salomon & Co. CPA's. He wrote a week ago that he had just been retained and had been given the Complaint by CNA. CNA did not get it from counsel Plaintiffs. What kind of jurisprudence is it that CNA can take a complaint counsel wrote, disseminate it at will including to Defendants whom Plaintiffs are suing and their retained counsel, their retained counsel then agrees to accept service but Plaintiffs are threatened with Contempt for serving them with what they already admit they have?

Given threats of counsel for Sater that serving a Complaint on someone who already had it could be deemed violative of court orders, and because violating null "invisible ink" orders can be the basis for contempt, and because of the continuing obstruction and failure to bargain in good faith, Plaintiffs intend to file an expedited appeal to the Second Circuit from Judge Glasser's prior restraint orders. Ideally it will be decided within the extension period, but regardless whether an appeal is taken or allowed to be expedited this Court should grant an extension to serve immediately.

In any event I remind the Court there was never any finding counsel or Plaintiffs did anything wrong. Allowing an extension to serve the Complaint and allowing Plaintiffs to serve it on anyone who

already has it or who could lawfully receive it (i.e. via direct or third-party action or otherwise), will stop the in terrorem operation of the "invisible ink" orders.

      For this reason above all else good cause is shown, for otherwise this Court would require that Plaintiffs ignore those "null" orders and risk contempt[4].

      The Court should note that Plaintiffs' Notices of Appeal filed in July and August were deliberately "sat on" by EDNY. After daily calls to EDNY clerks, none ever returned, counsel was told yesterday EDNY docketed them but never sent them up "because the case is sealed". This must all end now.

By:                            *Frederick M. Oberlander*
                             Frederick M. Oberlander, Esq.
                             Attorney for Plaintiffs

---

[i] **Evasion of Sater's MVRA Mandated Restitution.**

The MVRA (Mandatory Victims Restitution Act) applied to Sater's conviction for racketeering, which may be alleged *inter alia* from the transcripts discussing his PSR, which he wouldn't have absent a conviction.

The 2nd Circuit ruled in *Cataggio* that pump and dump securities fraud racketeering convictions are covered offenses, ruled in *Butler* and *Samet* that racketeering is a continuous crime and that racketeering activity straddling April 24, 1996 is covered by the MVRA; and ruled in *Reiffler* that *Booker* does not apply to the MVRA.

Mr.Sater should have been ordered to pay restitution in the full amount of the loss, which can well be alleged from public records to have been at least $40,000,000. See §3663A. The PSR said it may be as much as $80,000,000.

As the other co-defendants who were convicted were ordered to pay restitution (Gennady Klotsman, Mr. Sater's self-admitted partner in the racket, was ordered to pay $80,000,000, for just one example, and has been quoted in the New York Times admitting he pays restitution and doubting Sater ever did), Plaintiffs can allege that the mandatory nature of the restitution was apparent to the Court at the time, else why would everyone but him be ordered to make restitution (this is well supported by inductive and deductive reasoning without recourse to the PSR); and that the Court discarded causality and the administrative burden considerations.

As Mr. Sater took about $10,000,000 or so from Bayrock, Plaintiffs can allege that, had restitution been ordered, the victims would have actually received a very substantial amount within 5 years.

All of this can be alleged on public information, including those transcripts and the empty docket itself. Probably the strongest First Amendment right of access to criminal judicial documents to sentencing dispositions, and an empty docket is sufficient inference there was no restitution, and foundation for asking Sater if he was ordered to pay restitution.

---

[ii] **The Wrongful Continuing Concealment of a $600,000,000 RICO Chose in Action**

Mr. Sater was convicted of racketeering predicated on securities fraud. This can be alleged simply from the co-defendants charged and convicted of racketeering predicated on securities fraud. The illegal super sealing suggests only the conviction, but the entire criminal proceeding against Sater, was covered up. No victim was told. No victim was informed. No victim could have found out had they gone looking.

Of particular note is §1964(c), the civil damage section of RICO, as the PSLRA limited the use of predicate acts of securities fraud in civil RICO actions (emphasis added).

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that *no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962.* **The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.**

Mr. Sater's victims were deprived of their right to sue him in RICO for treble damages because his conviction, a substantive element of his liability, was wrongfully concealed. They were deprived of, and continue to be deprived of, since concealment is a continuing offense, their knowledge of, and thus their right to, *a chose in action.* The 2nd Circuit ruled 20 years ago, in *Porcelli*, that depriving someone of a chose in action by wrongfully concealing it from him can be mail or wire RICO predicate acts.

Therefore, Mr. Sater remains liable for continuing, related racketeering offenses, to his victims, and not only by the doctrine of continuous concealment as a continuing RICO predicate, but by any concept of equitable tolling. Recalling the information in the PSR, his responsibility can be as much as $80,000,000, but even without the PSR, from New York Times reporting[ii] one can allege it is at least $40,000,000.

And the leading cases on the issue, in SDNY, *Bingham*, and in EDNY, *Chubb*, state that prejudgment interest is available in RICO in exceptional cases, such as where the defendant is responsible for delaying justice. It's clear this would be such a case. That makes him liable for as much as $600,000,000. Exclusive of counsel fees.

It also makes liable anyone else who conspired with him or participated with him in this racketeering, substantively or vicariously, based on combinations of relatedness and causation[ii], and outside of RICO makes liable everyone involved in the fraudulent conveyance, conversion, or transfer of his assets, as a matter of state law, insofar as these victim claimants are and remain creditors under New York law.

[iii] On September 30, Plaintiffs and the rest of the world learned through saturation press coverage[iii] that at least Defendant Arif's racketeering per Bayrock apparently included, in addition to the predicates charged in the Complaint, *the international human trafficking and forced sexual servitude of children* funded in part with the proceeds of other predicate crimes laundered to Arif's interests in Turkey, and per *Pinkerton* all RICO substantive and conspiracy defendants were liable therefor as well.

There are hundreds of press articles, international and domestic, that latter including Business Week and Bloomberg, all covering this.

On October 7, Plaintiffs (and the world) learned that Defendant Arif had been arrested in Antalya and was, and as far as Plaintiffs have been able to determine still is, being held in a Level L maximum security Turkish prison on charges including racketeering and human trafficking, the allegations as reported in the international press including that Arif was participating with in the bribery of Kazakh government officials during a yacht voyage employing the sexual services of underage girls Arif imported into Turkey for that purpose.

[iv] On October 19, Steptoe & Johnson LLP asked counsel for help. Steptoe represents the creditors of Icelandic bank Glitnir, one of the banks which crashed the economy of Iceland, and has filed suit in NY Supreme Court, 業, against individuals alleged to have covertly controlled Glitnir and used it to funnel $2,000,000,000 to their own interests, much of which was laundered through the Icelandic company FL Group ehf, then disbursed around the world. Steptoe said they had traced some of that money into US projects, particularly Bayrock projects, but hit a dead end and could counsel please help; they said they had been following Plaintiff's litigations against Defendants (Plaintiffs brought other litigations prior to this one) and in particular found their way through public records to the EDNY criminal matter, 98 CR 1101, but found that sealed. Counsel explained that he and Plaintiffs were the subject of too many gag orders to help[iv].

On October 19, counsel sent counsel for Sater a proposed new complaint which removed quotations from or descriptions of the contents of the allegedly sealed documents, and included new allegations extending the racketeering through and including the new information about foreign bribery, violations of the Foreign Corrupt Practices Act, Travel Act predicate violations, and, sickeningly, the human trafficking of children for purposes of their statutory rape in the entertainment of corrupt officials[v].

Counsel also advised counsel for Sater of the Steptoe inquiry and that counsel would lawfully and ethically do all in his power to see to it that they learned everything[vi].

Finally, Counsel made demand on Sater for damages of $105,000,000 and noted that information publicly available, including those transcripts of the hearings, allowed the new complaint to maintain allegations of Satter's prior conviction for racketeering and evasion of restitution and liability, as a result of which *Sater and the other RICO Defendants now faced $600,000,000 of liability on account of the continuing obstruction of justice in connection with the EDNY super sealing, concealment, conspiracy, and aid and abettance thereof*, forgetting the Glitnir $2,000,000,000.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

KRISS et al,                                                10 CIV 3959 (NRB)

                                    Plaintiffs,

                                                            **ORDER ENLARGING TIME
                                                            TO SERVE, FRCP 4, 6**

                    -against-

BAYROCK GROUP et al,

                                    Defendants

---------------------------------------------------------------X

## ORDER

Good cause being shown, Plaintiffs' time to serve the complaint shall be further
enlarged to extend through and inclusive of ~~January 31, 2011~~.
                                            December 31, 2010 *NRB*

    It is so ordered.

                                                By: _____
                                                    Naomi Reice Buchwald
                                                    United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

KRISS et al.,

                    Plaintiffs,

       -against-

BAYROCK GROUP et al.,

                    Defendants

-------------------------------------------------------------X

10 CIV 3959 (NRB)

**ORDER ALLOWING
WAIVER OF SERVICE**

## ORDER

      Any Defendant willing to do so may properly waive service of the summons and complaint (as such was filed May 10, 2010) in this matter. Such waiver may be memorialized or instrumented in any manner otherwise appropriate for waiver of service and may be done without leave of Court.

      It is so ordered.

                          By: _____

                               Naomi Reice Buchwald
                               United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

KRISS et al,                                                    10 CIV 3959 (NRB)

                   Plaintiffs,

                                     ORDER ALLOWING
                                     SERVICE OF THE
          -against-                                        COMPLAINT

BAYROCK GROUP et al,

                   Defendants

---------------------------------------------------------X

## ORDER

       Plaintiffs may hereafter serve the summons and complaint (as such was filed May
10, 2010) in this matter upon (i) any Defendant who admits to having received a copy of
that complaint prior to such service; or (ii) any Defendant who may legally receive it.
Service may be made by any method permitted pursuant to FRCP 4.

       It is so ordered.

                                  By:  _____
                                         Naomi Reice Buchwald
                                         United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
KRISS et al.                                              :    10 CIV 3959 (NRB)
                            Plaintiffs,                   :
                                                         :
                                                         :
            -against-                                    :
                                                         :
BAYROCK GROUP et al.                                     :
------------------------------------------------------------x

### STIPULATION AND PROPOSED ORDER

This Stipulation is made effective as of October 29, 2010 (the "Effective Date") by and between
(1) Jody Kriss, Michael Chudi Ejekam, and the companies whom they derivatively represent
(collectively "Plaintiffs") and (2) Julius Schwarz, Bayrock Group LLC, Bayrock Spring Street
LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC, and Bayrock Merrimac LLC
(collectively, the "Bayrock Defendants"). The parties to this Stipulation are referred to
collectively as the "Parties."

WHEREAS, the Plaintiffs have commenced suit in Federal Court, SDNY (the "Court"), 10-Civ-
3959, against *inter alia*, the Bayrock Defendants, filing a complaint (the "Complaint") on May
10, 2010 (the "Filing Date");

WHEREAS the Court ordered on May 13, 2010 that "no further dissemination of the
[C]omplaint and exhibits thereto . . . be made pending further order of the Court;"

WHEREAS several of the parties listed in Exhibit A wish to discuss the possibility of a
negotiated settlement of this action;

THEREFORE, the Parties by their counsel stipulate and agree to, and request the Court enter an
Order as follows:

### WAIVER OF SERVICE

Without waiver of any defenses, counter-claims or other arguments as to the subject matter or
content of the Complaint or the permissible jurisdiction of the Court over the Complaint and/or
the defendants named therein, and to the extent permitted by the Court, each of the Bayrock
Defendants expressly waives service of the Complaint in this matter.

### TOLLING

The Parties stipulate, covenant, and agree that Timing Defenses ("Timing Defenses" means any
defenses that the Bayrock Defendants may have to the extent based upon (i) any statute of
limitation; (ii) laches, (iii) any statute of repose; and (iv) and any other rule or doctrine, at law or
in equity, relating to the timeliness of any Claims shall be tolled during the Tolling Period.

818121_hj910SA.DOC

The Tolling Period means the period from and including the Filing Date through and including the Expiration Date of this Stipulation.

The Expiration Date shall mean the earlier of (i) January 10, 2011; or (ii) the first day which is not a Saturday, Sunday, federal or New York state holiday and is also at least 30 days after the date that written notice of termination of this Stipulation has been served by (1) the Plaintiffs on counsel for the Bayrock Defendants; or (2) the Bayrock Defendants on counsel for the Plaintiffs.

Service of written notice of termination shall not be effective unless notice is sent by all three of email, facsimile; and either (i) US certified mail, return receipt requested; or (ii) overnight courier. Service shall be deemed to have occurred on the day following the sending Party's deposit of the notice with the mail or common carrier, provided that for service to be effective, both the email and facsimile must be sent with the time window which starts two business days, not counting federal and New York state holidays, before said deposit and ends two business days, no counting federal and New York state holidays, after said deposit.

The Plaintiff and the Bayrock Defendants stipulate, covenant, and agree that this Stipulation shall have no effect on any Timing Defenses that may have been available to the Bayrock Defendants prior to the beginning of the Tolling Period, and nothing herein shall revive any Claims barred prior to the beginning of the Tolling Period.

The Plaintiffs and the Bayrock Defendant stipulate and agree that the Bayrock Defendants, by entering into this Stipulation, are not waiving or impairing by estoppels or any other means the Bayrock Defendants' right and ability to raise any Timing Defenses available to them for the periods prior to and after the Tolling Period.

### STANDSTILL

The Parties stipulate, covenant, and agree that the due dates and time limitations of all applicable rules, whether FRCP, arbitration rules, state court rules, local rules of SDNY or of the presiding judge or any other rule, are hereby frozen, stayed, held in abeyance, suspended, and tolled throughout the Standstill Period. The Standstill Period means the period from and including the Effective Date through and including the Expiration Date.

Throughout the Standstill Period, the Bayrock Defendants shall neither (i) make any motion, pleading, or petition for relief, in this action; nor (ii) initiate other action or legal proceeding; against any of the Plaintiffs; and the Plaintiffs shall neither (i) make any motion, pleading, or petition for relief, in this action; nor (ii) initiate other action or legal proceeding; against any of the Bayrock Defendants. The Parties may make FRCP 68 offers any time.

Should the Plaintiffs file or serve an amended (or supplemental or consolidated or coordinated) complaint against any other Defendant, existing or new, during the Standstill Period, the Bayrock Defendants shall make no objection to, and pursuant to FRCP 15(a)(2) hereby consent to, the subsequent first filing or service by Plaintiffs, should there be any, of an amended complaint

$18121_hj9l05A.DOC

against the Bayrock Defendants, without waiver of any defenses, arguments or claims the
Bayrock Defendants may have in response to any such subsequent amended complaint.

Nothing herein limits any right of the Bayrock Defendants to assert that such amended (or
supplemental or consolidated or coordinated) complaint as may be filed during the Standstill
period contains attorney client privileged or proprietary information. If they so assert, they retain
the same rights in respect thereof as any other similarly situated defendants would have but for
this Stipulation, including without limitation the right to request immediate relief in any form,
and Plaintiffs retain the same rights as any other similarly situated plaintiffs would have but for
this Stipulation to respond thereto, including without limitation the right to deny that any
privilege exists or that the information is proprietary and the right to assert fiduciary waiver.

Unless otherwise ordered by the Court, during the Standstill Period, neither the Plaintiffs nor the     FMO
Bayrock Defendants shall initiate discovery proceedings against the other.                              WAS

## MISCELLANEOUS

This Stipulation expresses the entirety of the covenants between the Parties as to its subject
matter; all prior covenants, to the extent there were any, are superseded hereby, except to the
extent the parties entered into any prior confidentiality agreements in connection with settlement
discussions. No part hereof may be modified or cancelled except by a written agreement signed
by counsel for and on behalf of all of the Parties.

This Stipulation may be executed in one or more original or facsimile counterparts, each of
which shall be deemed an original, and which together constitute one and the same instrument.
This Stipulation shall be deemed negotiated. Which Party drafted any part shall be irrelevant to
the adjudication of a dispute over its meaning.

This Stipulation shall terminate on the Expiration Date as herein provided, unless extended prior
thereto by the herein-described written agreement of the Parties; provided however that the
termination shall affect only the Tolling and Standstill provisions, and no other.

Attached as "Exhibit A" is a list of other Defendants herein to whom any Bayrock Defendant
sent a copy of the Complaint prior to the Bayrock Defendant's knowledge of this Court's May
13, 2010 Order concerning dissemination of the Complaint.

JULIUS SCHWARZ:

By: _____
        Walter A. Saurack
Satterlee Stephens Burke & Burke LLP
230 Park Avenue – Suite 1130

818121_hj9105A.DOC

New York, New York 10169
(212) 818-9200
Counsel for Julius Schwarz


**BAYROCK GROUP LLC:**

By: _____
           Walter A. Saurack
Satterlee Stephens Burke & Burke LLP
230 Park Avenue – Suite 1130
New York, New York 10169
(212) 818-9200
Counsel for Bayrock Group LLC

**BAYROCK SPRING STREET LLC:**

By: _____
           Walter A. Saurack
Satterlee Stephens Burke & Burke LLP
230 Park Avenue – Suite 1130
New York, New York 10169
(212) 818-9200
Counsel for Bayrock Spring Street LLC

**BAYROCK WHITESTONE LLC:**

By: _____
           Walter A. Saurack
Satterlee Stephens Burke & Burke LLP
230 Park Avenue – Suite 1130
New York, New York 10169
(212) 818-9200
Counsel for Bayrock Whitestone LLC

**BAYROCK CAMELBACK LLC:**

By: _____
           Walter A. Saurack
Satterlee Stephens Burke & Burke LLP
230 Park Avenue – Suite 1130
New York, New York 10169
(212) 818-9200


812121_kjV105A.DOC

Counsel for Bayrock Camelback LLC

**BAYROCK MERRIMAC LLC:**

By: _____
Walter A. Saurack
Satterlee Stephens Burke & Burke LLP
230 Park Avenue – Suite 1130
New York, New York 10169
(212) 818-9200
Counsel for Bayrock Merrimac LLC

**JODY KRISS:**

By: _____
Frederick M. Oberlander
The Law Office of Frederick M. Oberlander
28 Sycamore Lane
Box 1870
Montauk, New York 11954
Counsel for Jody Kriss

**MICHAEL CHUDI EJEKAM:**
By: _____
The Law Office of Frederick M. Oberlander
28 Sycamore Lane
Box 1870
Montauk, New York 11954
Counsel for Michael Chudi Ejekam

**SO ORDERED**

So ordered this date _____:

_____
Hon. Naomi Reice Buchwald

818121_hj9I0SA.DOC

11/18/2010 10:28 FAX 212 805 7927
To: Hon. Naomi Buchwald    Page 16 of 16

Judge Buchwald
2010-10-29 20:50:34 (GMT)

☑016
212-202-7624   From: Frederick Oberlander

## EXHIBIT "A"

Adam Gilbert
Nixon Peabody LLP
Brian Halberg
Felix Sater
Alex Salomon
Mel Dogan
Akerman Senterfitt LLP
Craig Brown
Bruce Stachenfield
David Granin
Martin Domb
Roberts & Holland LLP
Elliot Pisem
Duval & Stachenfeld LLP