Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

Kelly A. Moore
Partner
212.309.6612
kelly.moore@morganlewis.com

January 25, 2011

**TO BE FILED UNDER SEAL**

The Honorable I. Leo Glasser
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. Doe, 98 CR 1101 (ILG)

Dear Judge Glasser:

We represent John Doe, the movant on applications pending before the Court for injunctive relief with respect to certain sealed and confidential documents. At a conference with the parties on January 19, 2011, the Court requested a brief summary or list of Mr. Doe's outstanding requests for relief.

In written submissions and through oral argument, Mr. Doe has asked the Court to order the return and/or destruction of the Sealed and Confidential Documents,[1] which were unlawfully taken from Mr. Doe. Doe also has asked for a permanent injunction enjoining the further dissemination of those documents, or copies or extracts made of them, or the information contained therein that is not already public and that the order apply to all downstream recipients of the documents. *See United States v. Charmer Industries, Inc.*, 711 F.2d 1164, 1178 (2d Cir.

---

[1] The "Sealed and Confidential Documents" include (1) a cooperation agreement dated December 10, 1998 between John Doe and the government and attachments thereto, including, but not limited to, a United States Department of Justice Financial Statement dated December 10, 1998 (the "Cooperation Agreement"); (2) two proffer agreements, dated October 29, 1998 and October 2, 1998, respectively, concerning Mr. Doe's cooperation (the "Proffer Agreements"); (3) a Complaint and Affidavit In Support of Arrest Warrants against, among others, John Doe (filed under Docket number 98-754M) (the "Criminal Complaint"); (4) a "draft" of an information (the "Information"); and (5) John Doe's Presentence Report dated June 18, 2004 (the "PSR"). The Cooperation Agreement, the Complaint and a final version of the Information were filed under seal with the Court. The Proffer Agreements were not filed with the Court, but Mr. Doe included them in the request for relief because the Proffer Agreements concern the cooperation provided by Mr. Doe in the underlying sealed matter and together with the other documents described above were kept in a locked drawer in a private attorney-client privileged file marked "private and confidential."

Morgan Lewis
COUNSELORS AT LAW

The Honorable I. Leo Glasser
January 25, 2011
Page 2

1983) ("an injunctive order requiring the Arizona AG to return to the court the Peerless Report and all copies and extracts made of it, prohibiting his publication or other use of any portion of the Report that is not already publicly available, and for such other relief as, consistent with this opinion, may be appropriate."); *United States v. Visa U.S.A., Inc.*, No. 98 Civ. 7076, 2000 WL 1682753 at *1 (S.D.N.Y. Nov. 9, 2000) ("All third parties informed of this Order shall forthwith return or destroy all copies of documents that the Government has stated were inadvertently posted on its web site, as well as any other documents reflecting the confidential information contained therein. To the extent that any third party is aware that by its actions any other person possesses copies of such inadvertently disclosed documents or documents reflecting or recording the confidential information contained therein, it shall ensure that such documents are returned or destroyed by such parties.").

On May 18, 2010, the Court issued a TRO enjoining the further dissemination of the Cooperation Agreement, a Proffer Agreement, and the PSR. At a hearing on June 21, 2010, the Court issued orally a permanent injunction (the "June 21 Order") against the dissemination of the PSR and the information contained therein and directed the return of the PSR to the United States Attorney's Office. On June 25, 2010, the Court issued a written order (the "June 25 Order") directing non-party Joshua Bernstein to return all copies of the PSR to the United States Attorney's Office and to advise counsel for John Doe of every individual to whom he had disseminated a copy of the PSR and the other Sealed and Confidential Documents.[2]

Following the June 21 Order, Respondent Oberlander contended that the June 21 Order did not include "copies" of the PSR. So on July 20, 2010, the Court issued a TRO to expressly include "copies" of the PSR in the injunctive relief it was ordering. Also, at the June 21 hearing, through sworn testimony, Respondent Oberlander identified two additional documents that were not specified in Doe's initial TRO application but are in his possession – namely, a sealed criminal complaint (the Complaint) and a "draft" stamped copy of a sealed criminal information (the Information).

Consequently, the following is a list of outstanding relief respectfully requested by John Doe:

1. An order directing Frederick M. Oberlander, Jody Kriss, and Michael Ejekam (collectively, "Respondents"), non-party Joshua Bernstein, and any other downstream recipients, to return to the Court the PSR (as that capitalized term is defined in footnote 1 of this letter) and **all copies and extracts made of it** and prohibiting the publication or other use of any portion of the PSR that is not already publicly available. To the extent that Respondents, Joshua Bernstein, and any other downstream recipients, have versions of the PSR or extracts made of it that cannot be returned to the Court (such as electronic versions), an order directing them to destroy all such copies and extracts of the PSR.

---

[2] Mr. Bernstein has not complied with the June 25 Order.



The Honorable I. Leo Glasser
January 25, 2011
Page 3

2. An order directing Respondents, non-party Joshua Bernstein, and any other downstream recipients, to return to the Court the Proffer Agreements, the Cooperation Agreement, the Criminal Complaint, and the Information (as those capitalized terms are defined in footnote 1 of this letter), and all copies and extracts made of those documents and prohibiting the publication or other use of any portion of those documents that is not already publicly available. To the extent that Respondents, Joshua Bernstein, and any other downstream recipients, have versions of the Proffer Agreements, the Cooperation Agreement, the Criminal Complaint, and the Information that cannot be returned to the Court (such as electronic versions), an order directing them to destroy all such copies and extracts thereof.

3. An order directing Respondents, non-party Joshua Bernstein, and any other downstream recipients, to provide a copy of the Court's orders to every individual to whom any of the Sealed and Confidential Documents were disseminated. Further ordering all third parties informed of the order to forthwith return or destroy all copies of the Sealed and Confidential Documents. To the extent that a third party is aware that by its actions any other person possesses copies of the Sealed and Confidential Documents, or documents reflecting or recording the non-publicly available information contained therein, an order directing it to ensure that such documents are returned or destroyed by such parties.

4. Any other relief the Court deems appropriate.

Additionally, the United States has made an application for the re-sealing of an April 29, 2002 letter that was part of defendant Salvatore Lauria's case. *See* December 2, 2010 letter from AUSA Todd Kaminsky requesting the resealing of the April 29, 2002 letter and attaching proposed order. Mr. Doe supports the government's application.

Finally, as discussed at the January 19, 2011 conference, we are enclosing a table of the docket entries in connection with this matter since May 18, 2010.

Respectfully,

*Kelly A. Moore / DAS*

Kelly A. Moore

cc: Richard Lerner, Esq. (by email)
Stamatios Stamoulis, Esq. (by email)
AUSA Peter Norling (by email)
AUSA Todd Kaminsky (by email)

DB1/66428272.1

**DOCKET SHEET**
**U.S. v. Doe, 98-CR-1101 (ILG)**

| TYPE | DESCRIPTION |
|---|---|
| | Memorandum of Law in Support of Order Directing Return of Sealed and Confidential Materials, filed under seal |
| n | Declaration of Kelly Moore with Exhibits Filed Under Seal |
| Order | [Proposed] Order to Show Cause for Preliminary Injunction and Temporary Restraining Order, filed under seal |
| | Order to Show Cause |
| | Letter from L. Rocklin to Judge Glasser submitted under seal |
| Cross | Notice of Motion of Fred M. Oberlander, filed under seal |
| on | Declaration of Thomas W. Hyland in Support of Cross-Motion with exhibits, filed under seal. |
| on | Declaration of Stamatios Stamoulis in Support of Oberlander's Opposition and Cross Motion, filed under seal |
| | Letter from Judge Glasser to T. Hyland |
| | Letter from K. Moore to Judge Glasser, submitted under seal |
| | Reply Memorandum of Law in Further Support of Order Directing Return of Sealed and Confidential Materials, filed under seal |
| pt | Hearing on Order to Show Cause |
| | Letter from R. Lerner to Judge Glasser, submitted under seal |
| | Letter from R. Lerner to Judge Glasser, submitted under seal |
| | Letter from K. Moore to Judge Glasser, submitted under seal |
| pt | Hearing on Order to Show Cause before Judge Glasser. |
| pt | Hearing on Order to Show Cause before Judge Glasser |
| | Letter from R. Lerner to Judge Glasser, submitted under seal |
| | Letter from R. Lerner to Judge Glasser, submitted under seal |
| | Letter from K. Moore to Judge Glasser, submitted under seal |
| | Order Directing Non-Party Joshua Bernstein to Return Presentence |

1

**DOCKET SHEET**
**U.S. v. Doe, 98-CR-1101 (ILG)**

| No. | DATE | PARTY | ENTRY TYPE | DESCRIPTION |
|---|---|---|---|---|
| 1. | 5/18/10 | Doe | Brief | Memorandum of Law in Support of Order Directing Return of Sealed and Confidential Materials, filed under seal |
| 2. | 5/18/10 | Doe | Declaration | Declaration of Kelly Moore with Exhibits Filed Under Seal |
| 3. | 5/18/10 | Doe | Proposed Order | [Proposed] Order to Show Cause for Preliminary Injunction and Temporary Restraining Order, filed under seal |
| 4. | 5/18/10 | Court | Order | Order to Show Cause |
| 5. | 5/25/10 | Oberlander et al. | Letter | Letter from L. Rocklin to Judge Glasser submitted under seal |
| 6. | 6/7/10 | Oberlander | Notice of Cross Motion | Notice of Motion of Fred M. Oberlander, filed under seal |
| 7. | 6/7/10 | Oberlander | Declaration | Declaration of Thomas W. Hyland in Support of Cross-Motion with exhibits, filed under seal. |
| 8. | 6/7/10 | Kriss and Ejekam | Declaration | Declaration of Stamatios Stamoulis in Support of Oberlander's Opposition and Cross Motion, filed under seal |
| 9. | 6/8/10 | Court | Letter | Letter from Judge Glasser to T. Hyland |
| 10. | 6/8/10 | Doe | Letter | Letter from K. Moore to Judge Glaser, submitted under seal |
| 11. | 6/10/10 | Doe | Brief | Reply Memorandum of Law in Further Support of Order Directing Return of Sealed and Confidential Materials, filed under seal |
| 12. | 6/11/10 | All | Transcript | Hearing on Order to Show Cause |
| 13. | 6/11/10 | Oberlander | Letter | Letter from R. Lerner to Judge Glasser, submitted under seal |
| 14. | 6/14/10 | Oberlander | Letter | Letter from R. Lerner to Judge Glasser, submitted under seal |
| 15. | 6/14/10 | Doe | Letter | Letter from K. Moore to Judge Glasser, submitted under seal |
| 16. | 6/14/10 | All | Transcript | Hearing on Order to Show Cause before Judge Glasser. |
| 17. | 6/21/10 | All | Transcript | Hearing on Order to Show Cause before Judge Glasser |
| 18. | 6/21/10 | Oberlander | Letter | Letter from R. Lerner to Judge Glasser, submitted under seal |
| 19. | 6/24/10 | Oberlander | Letter | Letter from R. Lerner to Judge Glasser, submitted under seal |
| 20. | 6/25/10 | Doe | Letter | Letter from K. Moore to Judge Glasser, submitted under seal |
| 21. | 6/25/10 | Court | Order | Order Directing Non-Party Joshua Bernstein to Return Presentence |

1

DB1/66398902.2

DOCKET SHEET
U.S. v. Doe, 98-CR-1101 (ILG)

| No. | DATE | PARTY | ENTRY TYPE | DESCRIPTION |
|---|---|---|---|---|
| | | | | Investigation Report and Comply with Extension of Temporary Restraining Order |
| 22. | 7/1/10 | Doe | Brief | Movant John Doe's Memorandum of Law in Support of Permanent Injunction, filed under seal |
| 23. | 7/1/10 | Doe | Declaration | Declaration of Brian A. Herman in Support of Permanent Injunction, with Exhibits, filed under seal |
| 24. | 7/2/10 | Oberlander | Letter | Letter from R. Lerner to Judge Glasser, submitted under seal |
| 25. | 7/9/10 | Oberlander | Notice of Appeal | Oberlander's Notice of Appeal from Temporary Restraining Order (5/18/10) and Permanent Injunction (6/21/10) |
| 26. | 7/9/10 | Kriss and Ejekam | Notice of Appeal | Kriss' and Ejekam's Notice of Appeal form TRO (5/18/10) and Permanent Injunction (6/21/10) |
| 27. | 7/16/10 | Oberlander | Declaration | Declaration of Richard E. Lerner in Opposition to All Relief Sought in OTSC, with Exhibits, filed under seal |
| 28. | 7/19/10 | Oberlander | Letter | Letter from R. Lerner to Judge Glasser, submitted under seal |
| 29. | 7/20/10 | All | Transcript | Transcript of hearing before Judge Glasser |
| 30. | 7/26/10 | Doe | Letter | Letter from K. Moore to Judge Glasser, submitted under seal |
| 31. | 7/26/10 | Court | Order | Ordered that the TRO is extended to 8/3/10 on which date, if standstill agreement is not reached prior to that date, parties to provide status report in writing |
| 32. | 8/3/10 | Doe | Letter | Letter from K. Moore to Judge Glasser, submitted under seal |
| 33. | 8/3/10 | Court | Order | Ordered that the TRO is extended while the parties await Judge Buchwald's ruling on an application for an extension of time for Respondents to file and serve the SDNY civil complaint. Status report to be provided on or before 8/13/10 via ECF, facsimile or in person |
| 34. | 8/6/10 | Doe | Letter | Letter from K. Moore to Judge Glasser, submitted under seal |

2

DB1/66398902.2

DOCKET SHEET
U.S. v. Doe, 98-CR-1101 (ILG)

| No. | DATE | PARTY | ENTRY TYPE | DESCRIPTION |
|---|---|---|---|---|
| 35. | 8/9/10 | Oberlander | Notice of Appeal | Respondent Oberlander's Notice of Appeal from 7/20/10 TRO |
| 36. | 8/12/10 | Letter | Letter | Letter from R. Lerner to Judge Glasser, submitted under seal |
| 37. | 8/12/10 | Letter | Letter | Letter from K. Moore to Judge Glasser, submitted under seal |
| 38. | 8/12/10 | Court | Order | Order granting Stipulated Standstill Agreement |
| 39. | 9/27/10 | Doe | Letter | Letter from K. Moore to Judge Glasser, submitted under seal |
| 40. | 9/27/10 | Court | Order | Order granting extension of Stipulated Standstill Agreement |
| 41. | 11/16/10 | Doe | Letter | Letter from K. Moore to Judge Glasser, submitted under seal |
| 42. | 11/23/10 | Oberlander | Letter | Letter from R. Lerner to Judge Glasser, submitted under seal |
| 43. | 11/23/10 | Government | Letter | Letter from Assistant U.S. Attorney T. Kaminsky to Judge Glasser, submitted under seal |
| 44. | 11/24/10 | Doe | Brief | John Doe's Supplemental Memorandum of Law in Further Support of Permanent Injunction, filed under seal |
| 45. | 11/24/10 | Doe | Declaration | Declaration of David A. Snider in Further Support of Permanent Injunction, with exhibits, filed under seal |
| 46. | 12/02/10 | Oberlander | Letter | Letter from R. Lerner to Judge Glasser, submitted under seal |
| 47. | 12/03/10 | Oberlander | Letter | Letter from R. Lerner to Judge Glasser, submitted under seal |
| 48. | 12/13/10 | Oberlander | Letter | Letter from R. Lerner to Judge Glasser, submitted under seal |
| 49. | 12/16/10 | Oberlander | Letter | Letter from R. Lerner to Judge Glasser, submitted under seal |
| 50. | 1/14/11 | Oberlander | Letter | Letter from R. Lerner to Judge Glasser, submitted under seal |
| 51. | 1/25/11 | Doe | Letter | Letter from K. Moore to Judge Glasser, submitted under seal |

3

DB1/66398902.2