# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

FACSIMILE

150 East 42nd Street  
New York, NY 10017-5639

Telephone #: 212.490.3000  
Facsimile #: 212.490.3038

The following facsimile has   page(s) including this cover page. If you have any difficulty, or if the transmission was incomplete, please advise:

| | | | |
|---|---|---|---|
| From: | Richard E. Lerner | Date: | February 10, 2012 |
| Attorney #: | 1366 | File #: | 07765.00155 |
| Re: | Roe v. US v. Doe (10-2905, 11-479-CR /US v. Doe (98-CR-1101) | | |

Please deliver as soon as possible to:

| Recipient | Company | Fax No. | Phone No. |
|---|---|---|---|
| Hon. I. Leo Glasser | USDC/EDNY | (718) 613-2446 | (718) 613-2440 |

cc:   via email to  
Todd Kaminsky  
Nader Mobargha

Via fax to Hon. Brian Cogan, USDJ-EDNY (718) 613-2236

Dear Judge Glasser:

I am in receipt of the government's memorandum which seeks a permanent injunction against my client's dissemination of documents that he obtained outside of court process.

Regardless of what you say you are doing, you are contemplating continuing a prior restraint against my client with the specific intent of precluding him from informing the public of this court's willful failure, in active concert with the Department of Justice, to notify crime victims of their right to restitution and the concomitant imposition of a sentence illegal by its failure to comply with the MVRA. My client maintains that such acts constitute the willful deprivation of (and indeed the defrauding of) Mr. Doe's crime victims of their property rights,

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via postal service. Thank you.

Albany • Baltimore • Boston • Chicago • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles  
Louisville • McLean • Miami • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford  
Washington DC • West Palm Beach • White Plains  
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris

4926684v.1

Fax to Judge Glasser
February 10, 2012

giving rise to claims under both the due process and takings provisions of the Fifth Amendment and giving every single person who lost a dime on account of the concealment frauds at Bayrock claims under the Federal Tort Claims Act.[1] In fact, as recently as January 20, 2012 the First Circuit Court of Appeals has confirmed the unlimited liability of the Department of Justice where it emboldens crime by assuring a cooperator that he will never be brought to justice for anything he does so long as he keeps informing. And the PSR contains admissions of exactly that, that Probation acted complicitly with the DOJ in hiding Doe's record from Bayrock, allowing him to cause Bayrock to acquire billions of dollars of financing, much of it lost, which would never have happened had the truth of his RICO prosecution been disclosed.

No court has the equity jurisdiction to enjoin the reporting of its own maladministration, or the misconduct of any other branch of government, nor does any court have the equity jurisdiction to enjoin the dissemination of documents received outside of court process simply because they are copies of documents possibly filed in this court. This will be dealt with in opposition papers.

Until then, and predicate motions you will receive in due course seeking *in limine* rulings, as a courtesy you are advised that one of the grounds for appeal in the certiorari petition about to be filed at the U.S. Supreme Court is that, at the direction of the Second Circuit, you are applying an incorrect standard. A full, plenary adversarial due process hearing is required to prior restrain speech. The proponent of any prior restraint has the burden to establish by extraordinary evidentiary certainty the immediate imminence of constitutionally significant deadly harm were the speech to occur and that there is no other way to avoid such harm *and* that such harm outweighs the public interest in the speech, a standard not possibly met where as here the speech reveals judicial and government misconduct. For this reason, and the other reasons (including, to the extent decipherable, your belief that our client violated an order that you have admitted in open court on the record never existed) upon filing of the petition for certiorari you will lose all jurisdiction to continue this proceeding.[2]

In any event, the continuing flip flops of the government in arguing that *it did ... no, it didn't ... yes, it did* always keep Doe's prosecution secret, besides an admission of misconduct for keeping it secret for so long in the first place in violation of mandatory sentencing laws, would be sanctionable if in private litigation. To move before this court a year ago that there is no risk in unveiling his name or his sentence, and then withdraw that without explanation, and to now argue there is a huge risk to his safety can be nothing other than bad faith.

---

[1] With respect to the potential FTCA claim, please take notice that my client requests that all ex parte communications between your honor and the Department of Justice with respect to the "John Doe" matter be preserved. The same notice is given to the Department of Justice.

[2] Your honor would obviously have the jurisdiction (and obligation) to take up any unsealing motions made by others, and I have been contacted by people who have told me that they do intend to seek the unsealing of the "John Doe" file. I understand that some may have already sent such requests to you. I also understand that attorneys and members of the media may be filing petitions shortly to unseal the docket. We also remind the court there are multiple such motions from us before it, which the court refuses to acknowledge, much less docket.

2

4926684v.1

Fax to Judge Glasser
February 10, 2012

More to the point, you may not consider any evidence that is dehors the record that is already before the court. Nor may any facts be considered to support a prior restraint that have not been subject to challenge and cross-examination. For example, you are reminded that there is no evidence whatsoever that any of the documents that you would enjoin were ever submitted into the record of this case; there are no docket entries of same (at least we've never seen docket entries because, well, there's no public docket and you refused every request to show what was in your secret docket). You are reminded that Mr. Doe's counsel admitted that the proffer agreement itself was never put into court. Yet you issue findings that the proffer agreement is "sealed." We believe that itself should be brought to the public light, because the public has ultimate supervisory authority over you, and they should be able to conduct a performance review, to understand how you could make a finding that a document was sealed, when there never was a sealing order, and when the document was never even filed in court, and when the government admitted that.

If you do not strike all new factual allegations that the government and Mr. Doe may offer without the benefit of cross-examination by us, we will provide the court with our our own factual allegations. We will invite (if not subpoena) the testimony of others who we reasonably believe possess some or all of the documents at issue, for – as you may recall – the futility doctrine defeats any effort at a prior restraint. We have a good-faith belief that perhaps dozens of third persons have some or all of the documents at issue, because one of the defendants named in the SDNY action circulated them to many people, and also because (we believe) the government itself circulated at least one of the documents, and the SDNY itself allowed the documents to be copied by others. We will prove it; we have a right to do so.

We will in any event invite such individuals to intervene on the basis of third-party standing, as the government's withdrawal of its motion to unseal makes our client the only source known anywhere who is willing and able to publish information of what he believes (he does, after all, have a right to his opinion) to be a conspiracy to evade the laws of Congress by hiding Mr. Doe's conviction from his victims, in violation of the MVRA and CVRA and the facts on which he has formed that opinion.

(To the extent that puts the court in the position of adjudicating whether the right to publish the contents of documents revealing this court's own alleged maladministration, we will address those issues in our papers.)

We will copy your honor and the parties on the letter to those third persons. I just wanted to let you know of our intentions in advance, in case the court wishes to impose gag orders on the recipients of our letters or subpoenas and wishes to direct us to interpose any such order along with our notices to them. If your honor wishes a gag order to accompany such a letter sent to third-persons, kindly forward it to me.

For the record, we are unaware of any proper Article III function of a federal court to protect Mr. Doe's safety, let alone by defrauding his victims. The proper purpose of government (the executive, not the judiciary) is to offer to place him in witness protection, which as a matter of public record has never once lost a compliant protectee, and which the documents show Doe declined.

3

4926684v.1

Fax to Judge Glasser
February 10, 2012

    Doe could go into witness protection, and begin paying restitution. But he should not be allowed by this court and the DOJ to use his desire to live freely in multimillion dollar homes in Sands Point and Fisher's Island (perhaps in open view of other mobsters, like the 19 against whom he cooperated ,every one of whom knows that he cooperated) whilst this court and the Department of Justice constructively tell his victims, "Tough luck."

    In my client's opinion "tough luck" translates into "FTCA, takings (including judicial takings), and due process deprivations." The federal courts in Boston, with regard to the Whitey Bulger affair, have reached the same opinion as my client. They've even cited EDNY authority in support.

    You might be interested in that last point, that the DOJ in Boston just filed papers -- and won -- with a federal judge in Boston that anyone helping a criminal hide from his victims is answerable to crime victims under the CVRA, just as much and to the same degree as the originating criminal.

    Please note that we continue to object to this being treated as "under seal," and demand that it be docketed.

Very truly yours,

Richard E. Lerner