UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action No. 98CR01101 |
| -against- | : | February 27, 2012 10:13 a.m. |
| JOHN DOE, | : | Brooklyn, New York |
| Defendant. | : | |

..............................:

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Government: LORETTA LYNCH, United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
BY: TODD KAMINSKY, Esq.
EVAN NORRIS, Esq.
LISA KRAMER, Esq.
Assistant United States Attorneys

For the Defendant: (John Doe) MICHAEL P. BEYS, Esq.
JASON BERLAND, Esq.
NADER MOBARGHA, Esq.

For Richard Roe: RICHARD E. LERNER, Esq.

Court Reporter: Lisa Schwam, CSR, CRR, RMR
225 Cadman Plaza East, Room N373
Brooklyn, New York 11201
(718) 613-2268

Proceedings reported by machine stenography, transcript produced by Computer-Aided Transcription.

THE COURTROOM DEPUTY: Roe v. Doe, Docket No. 98CR1101.

Counsel, please state your appearances, starting with the government.

MR. KAMINSKY: For the United States, Todd Kaminsky, Lisa Kramer, and Evan Norris. Good morning, Your Honor.

THE COURT: Good morning.

MR. BEYS: Good morning, Your Honor. For John Doe, Michael Beys, Jason Berland, and Nader Mobargha from the firm of Beys, Stein & Mobargha. Good morning.

THE COURT: Good morning.

MR. LERNER: Good morning. I'm Richard Lerner. I'm appearing for Richard Roe.

THE COURT: Good morning.

MR. ROE: I am appearing for Richard Lerner. Your Honor asked me to identify myself.

THE COURT: I'm sorry; say that again.

MR. ROE: I'm appearing for Mr. Lerner. Do you wish me to use my name as I'm admitted in this Court or do you wish me to use the --

THE COURT: What do you mean you're appearing for Mr. Lerner? He is not a party here.

MR. ROE: He is indeed. This is a response to an application to hold both of us in contempt.

THE COURT: I see. And so you're appearing --

MR. ROE: I'm representing him in this application.

THE COURT: And you have no conflict of interest in doing that?

MR. ROE: If we do, you may assume on our representation mutually that it has been waived to our mutual satisfaction.

THE COURT: Well, sir, it's not entirely up to you. As I understand it, there are two parties whom contempt is sought against. You're telling me each of you is representing the other, even though I could find that either one of you is in contempt. Each of you have an incentive to exonerate yourself and, to that extent, you're united in interest. And each of you have an incentive, to the extent you are not exonerated, to pin responsibility on your client.

Why is that not a conflict of interest?

MR. ROE: Well, first of all, as a practical matter --

THE COURT: No. Let's talk about what the rules require.

MR. ROE: I expect that both of us will take testimonial privilege and, therefore, I don't think it's going to be a problem. I doubt that either one of us will be testifying.

THE COURT: You're -- I'm sorry; I don't understand what you just said.

What do you mean, "testimonial privilege"?

MR. ROE: I mean, that I believe, although the issue

hasn't come up yet, that Mr. Lerner will assert Fifth Amendment, whether this be civil or criminal, and so will I, in which case there isn't going to be testimony from either one of us.

THE COURT: Is there going to be argument from either one of you?

MR. ROE: Yes.

THE COURT: Then the conflict is present, sir.

MR. LERNER: Our arguments are going --

THE COURT: Who are you speaking for now, Mr. Lerner; yourself or your client?

MR. LERNER: I'm speaking for Richard Roe.

THE COURT: All right. Go ahead.

MR. LERNER: There will not be a conflict because we will be presenting -- our arguments will be parallel, similar arguments, same position. We are not going to be pointing fingers at each other. And we're both going to -- neither of us will be testifying.

MR. ROE: If I may, if Your Honor would give me 30 seconds, we have a motion before the Court to declare that it lacks subject-matter jurisdiction.

THE COURT: Yes. That motion is denied. I have subject-matter jurisdiction.

MR. ROE: May I request, then, a 1292(b) certification on the issue?

THE COURT: You may request it. It is denied.

MR. ROE: All right. May I request a stay pending a writ of prohibition?

THE COURT: You may request it. It is denied.

MR. ROE: All right. Thank you.

THE COURT: Let me hear from the other parties as to whether there is an objection to proceeding with two alleged contemnors, each representing the other.

MR. KAMINSKY: Your Honor, may I very quickly point out that prior to coming here today, based on the notice of motion filed before Your Honor, it says, "Notice of motion, Richard Lerner, pro se."

THE COURT: Right. That was my understanding.

MR. ROE: I was only admitted today. He couldn't have put anything else on there until I got admitted. Nobody was trying to fool the Court. I became admitted today for this purpose.

THE COURT: Who admitted you today?

MR. ROE: I waived in. I got a Certificate of Good Standing from Southern District at 9 o'clock. Brought it here, paid the money, swore in, and I'm admitted in Eastern District as of 9:45.

THE COURT: Did you disclose when you got your certificate that you were the subject of a contempt motion?

MR. ROE: When I got the certificate from Southern District?

THE COURT: No. In the Eastern District.

MR. ROE: When I came in here and swore in?

THE COURT: Yes.

MR. ROE: I just did it half an hour ago, and there was nothing that says are you the subject of any disciplinary -- if I did it wrong, I apologize, but I haven't been found or adjudged in contempt; and particularly since this is, no matter how they label it, likely a criminal contempt proceeding, I presume incorrectly -- and I'll apologize if I'm wrong -- that presumption of innocence applies.

THE COURT: Let me return to my original question.

MR. KAMINSKY: Yes, Your Honor. With the caveat, Your Honor, that I'm not exactly certain what Your Honor was planning on going forward with this morning, there is obviously a big problem that counsel is not adequately represented in that there are conflict issues that are obviously present. Should there be anything later that would need to have a standing record that everyone could support, and that would be obviously legitimate, there is clearly a problem right now that the government is loath to continue in this current situation.

MR. BEYS: Judge, if I may, I'd also like to add something to Your Honor's point that Mr. Lerner and Mr. Roe have an incentive to put liability on each other. I would note for the Court a February 10th fax to Judge Glasser which Mr. Lerner writes on behalf of Mr. Roe, basically accusing Judge Glasser of

willfully participating in a scheme to defraud Doe's victims in whatever it is they've been claiming all along.

I just want to quote the language because it shows exactly what Your Honor is concerned about, which is the finger pointing and the distancing from each other. Mr. Lerner is very careful to say, "My client maintains that such acts constitute the willful depravation of and indeed the defrauding of Mr. Doe's crime victims of their property rights." And later on again he is careful to say, "My client."

It's exactly what Your Honor is concerned with, and it's a very real concern.

THE COURT: Okay. Then I take it that both of the proponents of the contempt order see a difficulty in the exchange of representations which I've been advised of for the first time this morning.

All right. We're going to adjourn till Friday at 11:00. I want an exchange of letters from the parties by Thursday morning as to why this proposed representation is or is not proper.

Yes, Mr. Beys?

MR. BEYS: Judge, unfortunately, Mr. Berland and I will be in Miami for the White Collar Conference. I don't know if anyone from the government will be there.

Could I ask for Monday?

MR. ROE: I have no problem, Your Honor.

MR. LERNER: No problem here.

THE COURT: Monday at 10 o'clock a.m. Now, let me say a couple of things just to clarify. I've already made some rulings.

Mr. Lerner -- and I'm speaking to you as Mr. Roe's counsel -- you are pressing the motion to recuse that's stated in your papers?

MR. LERNER: Yes, we are.

THE COURT: All right. That motion is denied. No reasonably objective person could see any conflict here.

Now, let me also note that what we have here is very clearly a civil contempt. I am not at all sure it works as a civil contempt. The only provision that's been pointed out to me as to which there may be a contempt is the second paragraph in the Court of Appeals summary order filed February 14th, 2011, which simply notes that the Court is referring to Richard Roe as Richard Roe because the disclosure of his true identity might lead to the improper disclosure of materials here at issue.

That is not a decretal paragraph; it is simply a statement of the reason why the Court of Appeals is using a pseudonym. That is not to say that the disclosure of Roe's true identity may not be contemptuous. One inference that could possibly -- although I am not presently drawing any such inference -- but one inference that could be drawn is that there is a scheme between Mr. Lerner and Mr. Roe, or either one of

them, to undermine the injunctive orders that have been previously issued, and one means of undermining those injunctive orders would be the disclosure of the true identity of Richard Roe.

That fact, combined with others, both public and nonpublic, might well lead to the harm which the injunctive provisions entered by the Second Circuit and Judge Glasser expressly sought to prevent. But that theory has not been made before me on this motion. I've only been pointed to that first recital paragraph in the Second Circuit's order. And as I say, it is not a decretal paragraph.

I also think there are limitations in the context of civil contempt with regard to the remedy sought. It is true that if there is a civil contempt, the movant is entitled to recover their attorneys' fees, but so what. If what is being sought here is to stop violations, I think we can all be assured, based upon the conduct of Mr. Roe and Mr. Lerner, that the attorneys' fees incurred on this motion aren't going to do anything.

Because it is entirely possible, although I have formed no conclusion, that there has indeed been a criminal contempt here, I am referring the matter for criminal prosecution to the United States Attorney. That, to me, is the proper mechanism for adjudicating whether a contempt of the injunctive provisions themselves, not mere background recitals, has occurred.

I will also note that I think it's very unusual that the government is allowing a party that the government might seek to protect to protect himself. I know the U.S. Attorney's Office is quite busy. I have not yet met an Assistant that doesn't work really hard, but I will say I can't think of anything going on there that is more important than letting actual and potential witnesses know that the government will protect them.

That's why I'm referring this for prosecution. It is, of course, the U.S. Attorney's decision whether to prosecute or not. If the U.S. Attorney declines, then it will be up to me to determine whether to appoint someone to prosecute privately. I would recommend that if there is going to be such a prosecution based upon appropriate charges, that the relief sought be limited to $5,000 and six months imprisonment, but, again, that's the U.S. Attorney's decision.

Now, I want the movants, particularly Mr. Beys, but obviously he is consulting with the government, to determine before this hearing on Monday if we are in the proper forum here based upon what I've said or whether there are other or no actions that should be taken; because if all I've got here is Richard Roe told somebody who he was, I am not sure at all that I can find that, by itself, is a per se violation of any of the injunctive provisions.

So I will see you all Monday at 10:00 a.m. Let me

check one more thing. I want to make sure there's no more open issues from the emergency motion that Mr. Lerner filed.

MR. ROE: With respect, there are, Your Honor.

THE COURT: Let me hear from Mr. Lerner. He is the attorney who filed it.

What's left, Mr. Lerner?

MR. LERNER: Well, first I'd like to note that this matter is not on the Court's public schedule today. We'd ask that any further proceedings in this court be publicly documented and the proceedings take place in an open courtroom.

THE COURT: I have not sealed this courtroom. Is it anyone's understanding that this transcript is sealed?

Your request is denied as moot. Is there anything you want that you're not getting?

MR. LERNER: Well, Your Honor, the public has a right to advanced public notice of court hearings. This was not posted.

MR. ROE: I believe my client would press that Your Honor docket --

THE COURT: Excuse me. I'm not recognizing you as his attorney until the conflict issue is resolved. I'm recognizing him as the attorney who filed the motion for relief before me, and I will hear only from him.

MR. LERNER: Fine, Your Honor. We've requested that this be docketed under a separate index number.

THE COURT: Well, I'm not going to do that. I might open this matter; I'll think about that. You can both address that further in the letter I'm going to get on Wednesday.

Anything else in your motion I didn't cover, Mr. Lerner?

MR. LERNER: We'll be moving to disqualify the government. There's ample precedent that the government cannot --

THE COURT: I'm asking what's in your motion. I'm not hearing new motions.

Is there anything else in your motion?

MR. LERNER: No, Your Honor.

THE COURT: All right. Then I'll see you on Monday. Thank you.

(Time noted: 10:31 a.m.)

(End of proceedings.)