

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG:GKS/TAW                                 *271 Cadman Plaza East*
F. #1998R01996                              *Brooklyn, New York 11201*

April 13, 2018

By Hand and ECF

The Honorable I. Leo Glasser
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Felix Sater
       Criminal Docket No. 98-1101 (ILG)

Dear Judge Glasser:

    The United States Attorney's Office for the Eastern District of New York
("USAO-EDNY")[1] respectfully submits this response to recent motions to unseal two
transcripts that were filed by Frederick M. Oberlander and Richard Lerner on March 19,
2018 and March 28, 2018, respectively.  Dkt. Nos. 225, 230.

    The pending motions pertain to the transcripts of two status conferences in this
matter that occurred on April 27, 2011 and January 10, 2012.  Id.  The motions seek
authorization for Lerner to obtain the transcripts from the court reporter and the unsealing of
the transcripts in full.  See Dkt. No. 225.  For the reasons set forth below, USAO-EDNY
respectfully submits that both transcripts should be unsealed with redactions that protect the
integrity of law enforcement investigations and the safety of persons consistent with the
analyses applied by various courts, including this Court, that have addressed motions to

---

    [1] In connection with parallel proceedings involving Felix Sater, Frederick M.
Oberlander and Richard E. Lerner, Esq., USAO-EDNY has been recused by the Executive
Office for United States Attorneys ("EOUSA") from certain criminal contempt referrals.
See, e.g., In re Motions for Civil Contempt by John Doe, No. 12-MC-557 (BMC), Dkt. No.
167.  EOUSA directed the United States Attorney's Office for the Northern District of New
York ("USAO-NDNY") to address such referrals.  Id.  In light of the aforementioned recusal,
this response is made on behalf of USAO-EDNY only.  USAO-NDNY has separately
obtained limited unsealing orders from the Court with respect to the two transcripts at issue
here.  Dkt. Nos. 236, 237.

unseal documents related to Felix Sater over the past five years.[2]  USAO-EDNY will submit proposed redactions—which are not attached to this public filing—to the Court under separate cover.

## I.    Background

As the Court is aware, these motions arise in a long-running series of unsealing litigations with respect to Sater.  This Court, the Honorable Brian M. Cogan, United States District Judge, the Honorable Pamela K. Chen, United States District Judge acting in her capacity as a Second Circuit Special Master, and the Second Circuit have all reviewed the procedural and substantive history of the various matters.  In lieu of a lengthy recitation of that background, USAO-EDNY respectfully refers the Court to the following documents, particularly as to matters post-dating this Court's 2013 unsealing orders (Dkt. Nos. 220, 221): (1) United States v. Doe, No. 10-2905, Unsealing Order of Special Master, Dkt. No. 496 (2d Cir. Mar. 5, 2018); (2) United States v. Doe, No. 10-2905, Order Adopting Special Master Report, Dkt. No. 494 (2d Cir. Feb. 9, 2018); (3) United States v. Doe, No. 10-2905, Special Master Report, Dkt. Nos. 472, 473, 474, 475 (2017) ("Special Master Report"); (4) Memorandum Decision and Order, In re Motion for Civil Contempt, No. 12-MC-557 (BMC), Dkt. No. 199 (E.D.N.Y. June 21, 2016); and (5) Doe v. Lerner, No. 16-2935, Dkt. No. 137 (2d. Cir. Apr. 20, 2017) (summary order affirming Judge Cogan's June 21, 2016 order) (the "April 20, 2017 Summary Order").

## II.    Analysis

All of the courts that have reviewed unsealing motions pertaining to Sater have upheld the ongoing sealing or redaction of particular documents in the interests of the safety of persons, the integrity of law enforcement investigations, and the protection of a cooperator's anonymity.  See, e.g., In re Applications to Unseal 98 CR 1101 (ILG), United States v. John Doe 98-cr-1101, No. 13-2373-cv, Dkt. 161-1 at 3 (2d Cir. June 5, 2014).  As the Second Circuit noted in its April 20, 2017 Summary Order, the ongoing sealing or unsealing subject to redaction of particular documents is appropriate for, among other things, Sater's Presentence Investigation Report ("PSR"), documents containing information sourced from the PSR, documents sealed in related proceedings, and documents submitted by the United States Attorney's Office addressing Sater's cooperation.  Apr. 20, 2017 Summary Order at 3.  As Judge Chen found, the ongoing sealing or unsealing subject to redaction of particular documents is appropriate where the proponent of sealing has demonstrated a substantial probability that disclosure of the documents or portions thereof will harm a compelling governmental interest, including the safety of persons, the integrity of law enforcement investigations, "preventing the unwarranted disclosure of [Sater's] PSR," and

---

[2] On April 12, 2018, the Second Circuit issued an order clarifying that this Court has authority to decide these pending unsealing motions.  United States v. Doe, No. 10-2905, Dkt. No. 497 (2d Cir. Apr. 12, 2018).

"not hindering the government's ability to attract cooperating witnesses in the future." Special Master Report at 13.

USAO-EDNY has attempted to hew closely to the reasoning of this Court and the decisions cited above in formulating its response to the latest motions to unseal. It submits that the April 27, 2011 and January 10, 2012 transcripts should be unsealed subject to the redactions noted in the chart below. In brief, USAO-EDNY's position is based on its interests in protecting the integrity of ongoing criminal investigations, including details of Sater's cooperation that are not public, and the safety of its cooperating witnesses and their families. USAO-EDNY has conferred with counsel for Sater and has also taken into account the fact that a significant amount of information about this case is already in the public domain.

In sum, USAO-EDNY respectfully submits that this Court should apply the same analysis it applied in 2013, which has been followed by other courts in subsequent matters. See Decisions cited supra. For the limited proposed redactions set forth below, disclosure would represent "a substantial probability of prejudice to a compelling interest of the defendant, government or third party," such as the integrity of law enforcement investigations, danger to persons, national security concerns and privacy interests. See, e.g., United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995); see also United States v. Aref, 533 F.3d 72, 83-83 (2d Cir. 2008); United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995).

### III.  Proposed Redactions

| Transcript | Proposed Redactions (Pages:Lines) | Reason for Redaction |
|---|---|---|
| April 27, 2011 | 6:14-17 | Discusses Cooperation; Integrity of Investigations |
| | 7:7-15 | Safety of Persons; Discusses Cooperation; Integrity of Investigations |
| | 10:3-4 | Discusses Cooperation; Integrity of Investigations |
| | 11:2-10 | Safety of Persons |
| | 19:9-12 | Discusses Cooperation; Integrity of Investigations |
| | 21:1-7 | Safety of Persons |

| | 22:16-24 | Discusses Cooperation; Integrity of Investigations |
|---|---|---|
| January 10, 2012 | 3:13-20 | Discusses Cooperation; Integrity of Investigations |
| | 4:4-7 | Discusses Cooperation; Integrity of Investigations |
| | 7:8-10 | Discusses Cooperation; Integrity of Investigations |

## IV.  Conclusion

For the reasons set forth above, USAO-EDNY respectfully submits that the pending motions to unseal (Dkt. Nos. 225, 230) should be granted in part, and that the April 27, 2011 and January 10, 2012 transcripts should be unsealed subject to redaction.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:        /s/

G. Karthik Srinivasan
Temidayo Aganga-Williams
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of Court (ILG) (by ECF)
       All counsel of record (by ECF)

4