

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

June 23, 2011

**TO BE FILED UNDER SEAL**

The Honorable Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals
   for the Second Circuit
500 Pearl Street
New York, NY 10007

    Re:  USA v. John Doe
          <u>Nos. 10-2905-cr, 11-2425-cr</u>

Dear Ms. Wolfe:

        Pursuant to this Court's February 14, 2011 Order empowering a district judge in the Eastern District of New York to oversee compliance with the sealing orders issued by this Court and the district court with respect to Mr. Doe's criminal case, the Honorable Brian M. Cogan denied several requests by Mr. Roe to publish information protected by those sealing orders. Specifically, in his April 14, 2011 letter to Judge Cogan, Roe sought permission to publish the following facts: (1) "98-CR-1101 is Felix Sater's criminal case and John Doe is Felix Sater," (2) "In December 1998 Felix Sater pleaded guilty to and was convicted of racketeering in violation of 18 U.S.C. § 1962. The RICO predicate acts consisted of securities fraud in connection with offerings and after-market manipulation of securities, and the laundering of the proceeds of the schemes," and (3) "On October 23, 2009, Felix Sater was sentenced to probation and a $25,000 fine." For the reasons stated below, Judge Cogan correctly enforced those sealing orders in so ruling.

        With respect to Roe's first request, Judge Cogan correctly found that it would have revealed information that is covered by Judge Glasser's sealing order. Contrary to Roe's claim, the case has been titled "John Doe" from its inception, and, due to the fact that the case has remained under seal since that time, members of the public have been unable to access the docket or learn about any events or filings associated with it.

2

As a result, the fact that 98-CR-1101 is "Felix Sater's case" is not public knowledge.

==Roe argues that because Judge Glasser conducted an evidentiary hearing on June 21, 2010, which was open to the public, and "declined to order anyone in the court not to say who Mr. Doe is," he is free to disclose the information contained in his first request. However, Judge Glasser conducted the hearing, at least in part, to determine how Roe had obtained sealed and confidential documents in contravention of the existing sealing order. At the time of the hearing, as is true today, the case was sealed as a whole. It would prove a remarkable development if the very hearing investigating a possible breach of a court's sealing order led to the publication of facts subject to that order. It was also clear that Judge Glasser did not intend to allow Doe's identity to become a public fact as a result of the hearing. This is evidenced by his order to the court reporter at the conclusion of the hearing that any reference to Sater's name be changed to John Doe in the transcript of the proceedings.==

With respect to Roe's second request, Judge Cogan correctly found that it contained a fact subject to the district court's sealing order. The government press release referred to by Roe in support of this request did not mention the date on which Doe pleaded guilty. This fact is contained in John Doe's sealed docket. As such, Roe would be in violation of an existing sealing order if he published this information.

In support of the second request, Roe also cited a 2002 letter, that was filed in another's defendant's case, was inadvertently unsealed for a little over a year in 2009-2010, and that is now explicitly the subject of a sealing order signed by Judge Glasser in 2010. This letter does not reference the date on which Doe pleaded guilty and therefore cannot support the claim that such information is public.

With respect to Roe's third request, Judge Cogan correctly found that it entirely consisted of facts that are non-public and subject to Judge Glasser's sealing order. Because this information cannot be found in any of the sealed or confidential documents that Roe wrongfully obtained, or in any public document, it appears that Roe is only aware of this information because of its inclusion in the instant litigation. In its factual summary of the history of the case provided to this Court in its February 2, 2011 motion, the government stated, "On October 23, 2009, Judge Glasser sentenced Doe to probation and a $25,000 fine." Because Roe does not cite any document that contains this information, it seems that Roe learned of this

3

information due to his involvement in this litigation, and the information is thus subject to this Court's February 14, 2011 sealing Order.[1]

In sum, the district court correctly denied Roe's requests. Because the publication of this information would have contravened existing sealing orders, the district court fulfilled the limited mandate created by this Court by ruling that Roe could not do so. Moreover, in doing so, it preserved the integrity of the sealing orders of both this Court and the lower court, which Roe has steadily sought to erode. While Roe is free to disseminate any publicly-available information, it is improper for him to combine that with information he has come to learn from his possession of sealed and confidential documents and the litigation that resulted therefrom.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____
Todd Kaminsky
Assistant U.S. Attorney

cc: Counsel for Richard Roe
Richard Lerner, Esq.

Counsel for John Doe
Michael Beys, Esq.

---

[1] Roe clearly relied heavily on the government's February 2, 2011 filing. In his second request, Roe stated that he wished to publish the fact that "[t]he RICO predicate acts consisted of securities fraud in connection with the fraudulent offerings and after-market manipulation of the securities of multiple entities and the unlawful laundering of the proceeds of these schemes." That sentence was lifted verbatim from page two of the government's February 2, 2011 filing.