## AFFIDAVIT OF JOSEPH GIANNINI

**STATE OF NEW YORK**
**COUNTY OF SUFFOLK**  } **ss:**

My name is Joseph Giannini. I reside at 90 Isle of Wight, East Hampton, New York. I swear to the following:

1.      I was born in 1943 in Kings County, New York. In January 1966 I graduated from Hofstra University. On March 15, 1966 I enlisted in the U.S.M.C. While at Parris Island I applied to Officer Candidate School, was accepted, and in December 1966 was commissioned as a 2nd Lieutenant. I volunteered for Vietnam and did my tour as a Marine Infantry Officer with the First Battalion, Third Marines ("The Home of The Brave") from 1967-1968. I rotated home in July 1968, coincidentally the same month Robert Mueller arrived in country as a Marine Infantry Officer and joined the Second Battalion Fourth Marines ("The Magnificent Bastards"). I am a "Mustang," a Marine who rose through the ranks, from Private to Captain, and after returning to the United States as a Captain, I was assigned to train Navy SEALs.

2.      In 1971, after leaving the U.S.M.C, I attended Brooklyn Law School on the G.I. Bill. In 1974, I was admitted to the New York Bar. For the next 42 years I practiced criminal defense law, federal and state, mostly in the New York City area.

3.      During my last 12 years of practice, I also became a writer and producer. In 2004, I associated with LTV, Long Island Public Access Television, producing and hosting *East End Veterans*, and later *Gung Ho*, covering our endless wars and injustice everywhere, with special focus on government misconduct.

4.      In June 2015 I had to retire due to service-connected disabilities – the most serious, Chronic Ischemic Coronary Heart Disease, diagnosed in 2013 as caused by my constant

exposure to Agent Orange in Vietnam (of course, the phrase Agent Orange was not part of our jargon when we served). I still write non-fiction short stories and produce *Gung Ho* on public television.

5.      On May 21, 2018, I called Richard E. Lerner, Esq. to get a meeting with him and his client, Frederick M. Oberlander Esq. Until then I had never communicated with either. I wanted to talk to them about Felix Sater and a former client of mine, Daniel Persico Jr. My interest had been piqued by a petition for writ of certiorari they'd filed, which I had found online. Exh A. It covered *United States v. Coppa*, 00-CR-196 (EDNY) (Glasser, J.), a case where I had represented defendant Daniel Persico Jr. In *Coppa*, Sater, Salvatore Lauria, Gennady Klotsman, and others had "flipped," had become cooperators, more formally cooperating witnesses, thereafter working for the FBI and DOJ against the other defendants in return for the government's promise of leniency.

6.      On May 22, 2018, I met with Mr. Oberlander and Mr. Lerner in East Hampton, New York. They told me that Sater had been claiming that (1) Daniel Persico Jr. first learned that Sater and Lauria had flipped in or about 2012; and that (2) he had only learned it because Mr. Oberlander and Mr. Lerner had illegally leaked sealed material to the media and had improperly disclosed same to Gerald Shargel Esq. because he had represented Persico in the *Coppa* case so would give them to Persico who would in revenge have Sater and Lauria killed.

7.      Those claims are incredible. For more than two years, from arranging his voluntary surrender and appearing at his March 2, 2000 arraignment, through his February 26, 2002 guilty plea and May 8, 2002 surrender to the Bureau of Prisons at Fort Dix, I was the sole attorney of record for Daniel Persico Jr. It is inconceivable that he had somehow also engaged Mr. Shargel on the side and yet I never knew of it.

2

8.     In the meeting, I repeated what I'd said on the phone. That both Daniel Persico Jr. and I knew, on March 2, 2000, the day of arraignment, our first court appearance, that Sater, Lauria, and Klotsman were cooperating. Within hours of that appearance, where I represented Persico, he was released on a million-dollar bond and we then read the Indictment together, circled the names of "unindicted co-conspirators," including Sater, Lauria, and Klotsman, and marked them "C/W," cooperating witness. It was obvious to me and Persico that they had "flipped." So, on March 2, 2000, they for all intents and purposes had been overtly outed by the DOJ, because they had been identified as unindicted co-conspirators in the indictment in circumstances which made it obvious.

9.     This was confirmed on February 2, 2001, when in an open-court hearing before Judge Glasser, Sater was identified as a government cooperator. Exh. B at 26. The transcript shows I was present and participated. Exh. B at 4. To my best recollection, my client was present as well.

10.     Because my client Daniel Persico Jr. and I knew Lauria was cooperating, I had a private investigator find him to learn whether he would testify if we went to trial. Lauria told my investigator he "wouldn't hurt Danny." My contemporaneous handwritten notes confirm my recollection. And while one would presume that if he didn't know already, by then, after my investigator found him, Lauria had to have known that Persico knew of his cooperation, here one doesn't have to presume, because Lauria's February 5, 2004 sentencing transcript confirms that he, his attorneys, and the FBI had been aware of my investigator's visit for years and confirms that they knew full well that Persico had obviously known of Lauria's cooperation, because it shows them telling Judge Glasser that Persico had had an investigator find Lauria and that it was

3

a concern because, they said, Persico had viewed Lauria's cooperation as the ultimate betrayal.
Exh. C at 9,

11.     My notes further confirm that I had naturally then also reached out to the other
cooperators to see if I could get the same assurance from them, first contacting Myles Mahlman
Esq., Felix Sater's attorney, who did in fact give me the same assurance, then to the attorney for
Klotsman, who did not respond.

12.     Believing confidentiality didn't bar it, I showed Mr. Oberlander and Mr. Lerner
files relating to my defense of Daniel Persico Jr. They held case documents which had been
either prepared and filed, or given me, by the government during the *Coppa* case. All were free
of any protective or sealing order, or other restriction on their use. I gave Mr. Oberlander and
Mr. Lerner the originals of four documents, which I signed and dated, and photocopies of my
remaining files.

13.     One of the four original documents I gave them is Lauria's Cooperation
Agreement of December 10, 1998, signed by Lauria, his attorney, AUSA Jonathan S. Sack, and
Supervising Assistant United States Attorney Andrew Weissman. Another is a related Consent
Order of December 10, 1998, "So Ordered" by the Hon. I. Leo Glasser and signed by the same
individuals as signed the Cooperation Agreement. The other two are FBI 302 debriefing reports
on Lauria and Klotsman. All of these were given to me by the government as 3500 disclosures in
2001, while my client Daniel J. Persico Jr. was still pleading not guilty. Exh. D is a true and
correct set of the four originals I gave them, at, respectively, pages 1, 8, 11, and 23. Though they
each bear government evidence stamps, I'm not surprised that they're not in the *Coppa* docket,
as my client later entered a guilty plea, so the government never put them in evidence. But I am

surprised that the Consent Order is not on what I'm told is Lauria's docket, Exh. E, as it is an order of an Article III court.

14.     I have reviewed Exh. F, which has filings by Sater and Lauria. The first is a publicly docketed letter, dated October 23, 2014, by Sater's attorneys Mobargha and Beys to Judge Cogan. Exh. F at 1. It asks for contempt charges against Mr. Oberlander and Mr. Lerner for attempting to cause the murder of Sater by exposing his cooperator status so other defendants would pay their clients (Kriss and Ejekam) an extortionate settlement lest they too be killed or caught in scandal. Exh. F. at 7. And, Mr. Oberlander and Mr. Lerner told me that, at a hearing a day later, on October 24, 2014, another Sater lawyer, Robert Wolf, successfully pleaded with Judge Cogan to let him read aloud that accusatory portion into the record because it involved attempted murder. It also includes a complaint filed by the same lawyers in New York Supreme Court against Jody Kriss, Mr. Lerner and Mr. Oberlander's client, in behalf of Salvatore Lauria, making similar allegations, *viz.* that Daniel Persico Jr. first learned in or about 2012 that Sater and Lauria were cooperators, because they were outed by Mr. Oberlander and Mr. Lerner (acting in behalf of Kriss) and that Persico, having supposedly only then just learned of their cooperation, tracked down Lauria and publicly threatened to kill him and Sater. Exh. F at 16, 30.

15.     I have reviewed various documents that I have been told were publicly filed in the *Coppa* case and remain part of the public record, maintained by the National Archives for near 20 years, including papers filed by counsel for other *Coppa* defendants, for example Jeffrey Lichtman, who, representing defendant Daniel Lev, requested all exculpatory material on cooperating witness [sic] Felix Sater. Exh. G. at 15. Most significant is a letter dated November 21, 2001, from EDNY AUSA Eric Corngold confirming that Sater and Lauria were cooperating witnesses. Exh. G. at 2.

5

16.     Based on my knowledge of the *Coppa* case, and my forty-two years' experience as a criminal lawyer, and my overall life experiences, I state with certainty that anyone who has been associated in any way with Sater's related case and represents to any investigators, prosecutors or courts that Daniel Persico Jr. first learned in or about 2012 that Sater and Lauria were cooperators is knowingly lying. Further, anyone who claims that Sater and Lauria were first "outed" by Mr. Oberlander and/or Mr. Lerner sometime in or after 2010 is knowingly lying. The truth is that (1) Daniel Persico Jr. (and I) knew this on March 2, 2000, because it was obvious from the content and nature of the Indictment; and (2) we were thereafter informed of this, by the government, in the February 2001 severance hearing, by the its acquiescence to describing Sater as a government cooperator and again later in 2001 by the explicit 3500 disclosures of Lauria's cooperation *supra*, which together merely served to confirm what Perisco (and I) had long known; and (3) the public was "told" at the same time, by the open court nature of that hearing and by the public filing of the Lichtman Brady motion and the Corngold 3500 letter to Ray.

17.     But the following I can't explain. Exh. H has what I'm told is the *Coppa* docket as shown on PACER on December 14, 2010 and August 28, 2012. The headers show Daniel Persico Jr. as Defendant 3 and me as his counsel. Exh. H at 1. Exh. I is I'm told the *Coppa* docket as shown on PACER today. For some reason, my client and I have been "made to disappear" from the header. Exh I at 1. This could be an attempt to stop anyone from knowing that I, and not Gerald Shargel, Esq., represented Daniel Persico Jr. in *U.S. v. Coppa, et al.* Or it could be an attempt to stop anyone from proving that Sater's lawyers, or the government, could have easily checked the truth on PACER thus were, at best, recklessly indifferent in their accusations. Or it could be both.

18.    Since 2002, the end of Daniel Persico Jr.'s case, only one person has contacted me about the case, a reporter from the Wall Street Journal, who called about six months ago asking if he could be put in touch with him. I declined to help him, though it would not likely have mattered because, as I had not then known at the time, Persico had already passed away.

19.    For emphasis, at no time over did the FBI, DOJ, or Felix Sater or his counsel ever ask me about Daniel Persico Jr.

20.    I gave the above-listed materials to Mr. Oberlander and Mr. Lerner to aid them in their legal fight against Sater and his attorneys. I stand ready to testify for them upon their request.

*****

May 29, 2018                                    Sworn to before me this 29th day of May, 2018:
East Hampton, New York

Joseph Giannini                                 Notary Public

SANFORD I. POSNICK
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01PO6372479
Qualified in Suffolk County
My Commission Expires March 19, 2022

No. ___14-676___

# In the Supreme Court of the United States

---

LORIENTON N.A. PALMER,
FREDERICK MARTIN OBERLANDER,

*Petitioners*,

v.

JOHN DOE 98-CR-01101, UNITED STATES OF AMERICA,

*Respondents*.

---

*On Petition for a Writ of Certiorari to the
United States Court of Appeals for the Second Circuit*

---

## PETITION FOR A WRIT OF CERTIORARI
## AND VOLUME 1 OF APPENDIX

---

Richard E. Lerner
*Counsel of Record*
The Law Office of Richard E. Lerner, P.C.
1375 Broadway, 3rd Floor
New York, New York 10018
Phone: 917.584.4864
Fax: 347.824.2006
richardlerner@msn.com

*Counsel for Petitioners*

---

i

## QUESTIONS PRESENTED

1.  Despite this Court's holdings that the public has a first amendment right to access criminal trials, the Second Circuit uses a *cooperator exception* to allow closure without proof of necessity, the mere fact of cooperation sufficient. Does this violate the constitution?

2.  In a circuit conflict, the Second Circuit uses this *cooperator exception* to allow blanket sealing of cases without individual particularized reviewable findings, while the Fourth Circuit has held blanket sealing unconstitutional. May a court seal entire cases and everything filed in them without particularized findings?

3.  The Second Circuit uses this *cooperator exception* to defy victim rights and mandatory sentencing laws, letting convicted cooperator–defendants evade restitution by holding the fact of their cooperation justifies not telling victims of the case, yet claiming their secret sentencings are really public, which if true requires victim notification. Does this violate the constitution?

4.  The Second Circuit uses this *cooperator exception* to defy the first amendment by letting courts enjoin third parties who learn of the secret case from telling anyone, even victims of ongoing crimes involved, even Congress, without evidentiary hearings or findings, or other due process. Does this violate the constitution?

5. The Second Circuit upheld the district court's rulings maintaining the sealing of documents by a non-precedential "summary order" it admitted violated its own precedents but applied nonetheless to this "special

ii

case." Does a federal appellate court violate the constitution when it purports to issue non-precedential orders; that is, does Article III require appellate courts to give precedential value to all their decisions?

iii

**TABLE OF CONTENTS**

QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . .  i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . .  xi

DECISIONS BELOW . . . . . . . . . . . . . . . . . . . . . . . 1

JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONSTITUTIONAL, STATUTORY, AND
REGULATORY PROVISIONS INVOLVED . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . 3

I.    Everything   Secret   Degenerates   –   –
      Especially the Administration of Justice . . . 3

II.   The Boston U.S. Attorney's and FBI Offices
      Facilitated  and  Covered-Up  the  Crimes  of
      Racketeer Whitey Bulger Because He Was an
      Informant . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  The  Eastern  District  of  New  York  U.S.
      Attorney's  and  FBI  Offices  Facilitated  and
      Covered-Up  the  Crimes  of  Racketeer  Felix
      Sater, a Respondent Here, Because He Was
      a Cooperator – but Unlike the Bulger Case,
      Here, the Federal Courts Knowingly Went
      Along, Ultimately Causing $1B of Injury . . . 5

      A. Sater's  1990s  racketeering  and  related
         proceedings, 1998 to 2001, by which time
         his conviction and cooperation had been
         made public by the government, court, et
         al . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

iv

B.  Sater's all-new racketeering and related
     proceedings    while    cooperating    or
     informing, from 2002 through 2009 . . . .  10

C.  Sater's sentencing in 2009  . . . . . . . . . .  11

IV.   Petitioner   Oberlander   Discovers   the
      Crimes and the Cover-Up and Sues to Stop
      Them . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

V.    Procedural History I . . . . . . . . . . . . . . . . . .  20

VI.   Procedural History II . . . . . . . . . . . . . . . . .  25

REASONS FOR GRANTING THE WRIT  . . . . . . .  33

I.    The Integrity of the Federal Court System
      Depends on This Court's Confirming That
      Lower Courts May no More Defy Binding
      Precedent  or  Wrongfully  Infringe  Upon
      Fundamental  Rights  Than  They  May
      Defy  Mandatory  Sentencing  or  Similar
      Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . .  33

II.   A lower federal court's core "inherent power"
      does  not  include  the  power  to  refuse  to
      impose  the  lawful  sentences  Congress
      mandates, including restitution . . . . . . . . .  34

III.  Lower  courts'  "inherent  power"  cannot
      include the power to defy binding precedent;
      moreover, the issuance of a purported non-
      precedential  "summary order"  by a federal
      appeals court, as the Second Circuit issuance
      here, is unconstitutional  . . . . . . . . . . . . . . .  36

v

IV.   Lower courts' "inherent power" cannot include the power to wrongfully infringe upon enumerated or unenumerated rights . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . 37

APPENDIX

Appendix A    Summary Order in the United States Court of Appeals  for the Second Circuit
(June 5, 2014) . . . . . . . . . . . . App. 1

Appendix B    Order in the United States District Court, Eastern District of New York
(May 17, 2013) . . . . . . . . . . . App. 7

Appendix C    Order in the United States District Court, Eastern District of New York
(May 15, 2013) . . . . . . . . . . . App. 11

Appendix D    Order in the United States District Court, Eastern District of New York
(March 13, 2013) . . . . . . . . . . App. 15

Appendix E    Transcript of Sentencing Before the Honorable I. Leo Glasser United States District Senior Judge in the United States District Court, Eastern District of New York
(October 23, 2009) . . . . . . . . App. 18

vi

Appendix F      Excerpts of Docket Entries
U.S. District Court Southern District
of New York (Foley Square)
Criminal Docket for Case #:
1:94-cr-00248-CSH-1 . . . . . . App. 40

Appendix G      Constitutional, Statutory and
Regulatory Provisions . . . . . App. 43

Appendix H      Letter from Jeffrey Lichtman to
Eric O. Corngold in No. 00 CR 196
(ILG)
(October 10, 2000) . . . . . . . . App. 66

Appendix I      Letter [Excerpt] from the U.S.
Department of Justice to Lawrence
Ray in No. 00-196 (ILG)
(November 20, 2001) . . . . . . . App. 68

Appendix J      Transcript of Sentencing [Excerpt]
in the United States District Court
for the Eastern District of New
York in CR-98-1102
(February 5, 2004) . . . . . . . . App. 71

Appendix K      Transcript of Proceedings [Excerpt]
in the United States District Court
for the Eastern District of New
York in 00-CR-1005 (NGG)
(June 20, 2006) . . . . . . . . . . App. 78

Appendix L      Transcript of Criminal Cause for
Sentencing [Excerpt] in the United
States District Court for the
Eastern District of New York in 04-
CR-234 (CBA)
(January 11, 2008) . . . . . . . . App. 81

vii

Appendix M    Transcript of Motion Hearing [Excerpt] in the United States District Court for the Eastern District of New York in 98-CR-1101 (June 14, 2010) . . . . . . . . . . App. 85

Appendix N    Transcript of Oral Argument [Excerpt] in the United States District Court for the Eastern District of New York in CV 98-1101 (July 20, 2010) . . . . . . . . . . App. 88

Appendix O    Letter from Morgan, Lewis & Bockius LLP to Judge Glasser in 98 CR 1101 (ILG) (August 12, 2010) . . . . . . . . App. 100

Appendix P    Letter (with attachment) from Morgan, Lewis & Bockius LLP to Judge Glasser in 98 CR 1101 (ILG) (August 12, 2010) . . . . . . . . App. 102

Appendix Q    Amendment to Stipulated Standstill Order in the United States District Court for the Eastern District of New York in 98 CR 1101 (ILG) (September 27, 2010) . . . . . App. 111

Appendix R    Letter from Morgan, Lewis & Bockius LLP to Judge Glasser in 98 CR 1101 (ILG) (November 16, 2010) . . . . . . App. 114

viii

Appendix S        Transcript of Proceedings [Excerpt]
                  in the United States District Court
                  for the Eastern District of New
                  York in 03cr833
                  (November 17, 2010) . . . . . . App. 116

Appendix T        Brief   for   the   United States
                  [Excerpt] in the United States
                  Court of Appeals for the Second
                  Circuit, No. 11-1957, *United States
                  of America v. Gushlak*
                  (May 8, 2012)  . . . . . . . . . . App. 124

Appendix U        Letter from the U.S. Department of
                  Justice to Judge Glasser in No. 98
                  CR 1101 (ILG)
                  (November 23, 2010) . . . . . . App. 127

Appendix V        Letter [Excerpt]  from  the U.S.
                  Department of Justice to Judge
                  Glasser in No. 98 CR 1101 (ILG)
                  (March 17, 2011) . . . . . . . . App. 129

Appendix W        Transcript of Proceedings [Excerpt]
                  in the United States District Court
                  for the Eastern District of New
                  York in 98-CR-1101
                  (April 1, 2011) . . . . . . . . . . App. 133

Appendix X        Letter   [Excerpt]   from Wilson,
                  Elser,  Moskowitz,  Edelman  &
                  Dicker LLP to Judge Cogan in No.
                  98 CR 1101 (ILG)
                  (April 4, 2011) . . . . . . . . . . App. 138

ix

Appendix Y     Order in the United States District Court for the Eastern District of New York in 98-CR-1101 (April 4, 2011) . . . . . . . . . . App. 147

Appendix Z     Order in the United States District Court for the Eastern District of New York in 98-CR-1101 (January 26, 2012) . . . . . . . App. 149

Appendix AA     Letter [Excerpt] from the U.S. Department of Justice to Judge Glasser in No. 98 CR 1101 (ILG) (January 26, 2012) . . . . . . . App. 151

Appendix AB     Order in the United States District Court for the Eastern District of New York in 98-CR-1101 (February 2, 2012) . . . . . . . App. 153

Appendix AC     Letter from the Solicitor General to the Supreme Court of the United States (March 19, 2013) . . . . . . . . . App. 155

Appendix AD     Email from Todd Kaminsky (March 28, 2013) . . . . . . . . . App. 157

Appendix AE     Complaint [Excerpt] in the Supreme Court of the State of New York County of New York . App. 159

x

Appendix AF    Movant John Doe's Supplemental Memorandum of Law in Further Support of Permanent Injunction [Excerpt] in the United States District Court Eastern District of New York . . . . . . . . . . . . . App. 164

Appendix AG    Public Records [Excerpt] in *U.S. v. Coppa* 00-CR-196 (EDNY) . App. 168

Appendix AH    The Scorpion and the Frog [Excerpt] . . . . . . . . . . . . . . App. 178

**SEALED APPENDIX**

Appendix AI Memorandum and Order in the United States District Court, Eastern District of New York (filed under seal) (March 14, 2013) . . . . . . . . . . App. 184

Appendix AJ Letter [Excerpt] from Beys, Stein & Mobargha LLP to Judge Cogan (August 2, 2012) . . . . . . . . . . . App. 203

Appendix AK    Transcript [Excerpt] in the United States Court of Appeals for the Second Circuit (February 14, 2011) . . . . . . App. 207

xi

# TABLE OF AUTHORITIES

## CASES

*ACLU v. Holder*,
 673 F.3d 245 (4th Cir. 2011) . . . . . . . . . . . . . . . 34

*Anastasoff v. United States*,
 223 F.3d 898, *vacated en banc*,
 215 F.3d 1024 (8th Cir. 2000) . . . . . . . . . . . . . . 36

*Caperton v. AT Massey Coal Co., Inc.*,
 556 U.S. 868 (2009) . . . . . . . . . . . . . . . . . . . . . . . 6

*Dolan v. United States*,
 103 S.Ct. 2553 (2010) . . . . . . . . . . . . . . . . . . . . . 35

*Ex Parte United States*,
 242 U.S. 27 (1916) . . . . . . . . . . . . . . . . . . . . . . . 34

*U.S. v. Alcantara*,
 396 F.3d 189 (2d Cir. 2005) . . . . . . . . . . . . . . . . 18

*U.S. v. Salemme*,
 91 F.Supp.2d 141 (D.Mass. 1999) . . . . . . . . . . . . 5

*Withrow v. Larkin*,
 421 U.S. 35 (1975) . . . . . . . . . . . . . . . . . . . . . . . . 6

## CONSTITUTION, STATUTES, AND REGULATIONS

U.S. Const. Art. III . . . . . . . . . . . . . . . . . . . . . . . 2, 35

U.S. Const. amend. I . . . . . . . . . . . . 2, 18, 22, 29, 36

U.S. Const. amend. VI . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 1506 . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 1964(d) . . . . . . . . . . . . . . . . . . . . . . . . 14

xii

18 U.S.C. § 3553(c) . . . . . . . . . . . . . . . . . . . . . . . 2, 18

18 U.S.C. § 3663 . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3663A . . . . . . . . . . . . . . . . . . . . . . . 2, 35

18 U.S.C. § 3664 . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3771 . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3771(a) . . . . . . . . . . . . . . . . . . . . . . . 15

18 U.S.C. § 3771(a)(2) . . . . . . . . . . . . . . . . . . . . . 18

18 U.S.C. § 3771(b)(1) . . . . . . . . . . . . . . . . . . . . . 18

18 U.S.C. § 3771(d) . . . . . . . . . . . . . . . . . . . . . . . 14

28 U.S.C. § 1254(1) . . . . . . . . . . . . . . . . . . . . . . . . 1

28 CFR § 45.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 CFR § 50.09 . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**RULES**

Fed. R. Crim P. 32 . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 65(d) . . . . . . . . . . . . . . . . . . . . . . . 2

**OTHER AUTHORITIES**

1

## DECISIONS BELOW

The Second Circuit published a Summary Order *sub nom In re Applications to Unseal 98-cr-1101 (ILG),* 568 Fed.Appx. 68, 2014 U.S. App. LEXIS 10436 (June 5, 2014) (App.1) The order of the district court from which the appeal was taken to the Second Circuit was issued on March 14, 2013 and possibly remains under seal, if it ever was lawfully sealed, though in any event certain information contained therein is public. The sealed order is submitted to this court in a separate sealed appendix. (App.AI at 184.)

## JURISDICTION

This appeal is from a final decision and order of the Second Circuit Court of Appeals upholding an order of a district court in the Eastern District of New York which declined to "unseal" certain documents.

This Second Circuit order was entered on June 5, 2014, and by order of this court on petitioners' motion, the time to file this petition was enlarged to run through and including November 3, 2014.

Statutory jurisdiction lies in 28 U.S.C. § 1254(1).

2

## CONSTITUTIONAL, STATUTORY, AND REGULATORY PROVISIONS INVOLVED

U.S. Constitution, Article III

U.S. Constitution, Amendment I

U.S. Constitution, Amendment VI

18 U.S.C. § 1506, "Theft or Alteration of Record or Process; False Bail"

18 U.S.C. § 3553(c), "Imposition of a Sentence"

18 U.S.C. § 3663, "Order of Restitution"

18 U.S.C. § 3663A, "Mandatory Restitution to Victims of Certain Crimes"

18 U.S.C. § 3664, "Procedure for Issuance and Enforcement of Order of Restitution"

18 U.S.C. § 3771, "The Crime Victims' Rights Act"

Federal Rule of Criminal Procedure 32, "Sentencing and Judgment"

Federal Rule of Civil Procedure 65(d), "Injunctions and Restraining Order"

28 CFR § 45.10, "Procedures to Promote Compliance with Crime Victims' Rights Obligations"

28 CFR § 50.9, "Policy with Regard to Open Judicial Proceedings"

3

**STATEMENT OF THE CASE**

I. **Everything Secret Degenerates – – <u>Especially</u> the Administration of Justice**

The United States Court of Appeals for the Second Circuit and district courts within, in active concert with United States Attorneys, have created an unconstitutional regime of secret criminal cases, falsified dockets, illegal sentences, and prior restraints in the name of "protecting" the safety of cooperators.

If this writ is granted, petitioners will ask this Court use its supervisory powers to stop this defiance of the Constitution and statutes, not only with respect to the inferior courts involved, but also with respect to the practice of law conducted before those courts by the United States. Prosecutorial discretion and inherent judicial power are extraordinary, but not infinite, and not immune to the guarantees of enumerated and unenumerated rights. Such discretion and power may not be exercised corruptly, and as they have for too long, they must be reined in by this Court.

Petitioners begin their explanation of the case by analogizing it to the only thing like it in modern history, the Whitey Bulger scandal in Boston.

II. **The Boston U.S. Attorney's and FBI Offices Facilitated and Covered-Up the Crimes of Racketeer Whitey Bulger Because He Was an Informant**

In the 1970s, the Boston FBI office recruited local mobster Whitey Bulger and others as informants, beginning an infamous quarter-century partnership in corruption wherein they gave the FBI information

4

about organized crime and in return the FBI ignored their crimes, even their murders; allowed innocents to be convicted in their place, and told them of witnesses who might testify against them so the informants could have them killed and maintain their cover.

The corruption lasted to 1994, when a corrupt FBI agent warned Bulger and others that they'd been indicted on racketeering charges and Bulger became a fugitive from justice for twenty years until captured.

In 2003, the House Committee on Government Reform released the report of its investigation into the scandal, *Everything Secret Degenerates: The FBI Use of Murderers as Informants*. Among its conclusions:

- The FBI perjured, and obstructed state and local prosecutions, to help their informants.

- Persons as senior as the FBI Director knew.

- The FBI Office of Professional Responsibility lied when it said no favors had been given the informants and prevented the committee from obtaining information that proved the lie.

- The U.S. Attorney committed perjury, and admitted he'd been intimidated, threatened by the FBI if he interfered with these informants.

- The DOJ impeded the committee by withholding, editing, or claiming to have lost papers.

- In response to suits filed by the victims of these crimes, the DOJ used litigation tactics "contrary to respect for the rule of law."

5

*****

The August 19, 2014, headline in *Time's* movie
section, reviewing a documentary on the scandal, was,
*Who's the Bigger Criminal, Whitey Bulger or the FBI?*

*****

Notably, the report says of federal judge Mark Wolf,
whose landmark decision in *U.S. v. Salemme*, 91
F.Supp.2d 141 (D.Mass. 1999), started the oversight
process that led to the committee's investigation, "He
is owed a significant debt of gratitude by everyone
devoted to law enforcement in a democratic society."

**III.    The Eastern District of New York U.S.
Attorney's and FBI Offices Facilitated and
Covered-Up the Crimes of Racketeer Felix
Sater, a Respondent Here, Because He Was
a Cooperator – but Unlike the Bulger Case,
Here, the Federal Courts Knowingly Went
Along, Ultimately Causing $1B of Injury**

In this case, like Whitey Bulger, respondent Felix
Sater, a career criminal and convicted racketeer,
became a cooperating witness and an informant in the
Eastern District of New York and in return was
covertly, and illicitly, not only allowed to, but
emboldened to, in fact facilitated in his efforts to,
commit a billion dollars of continuing predicate crime
during the ten years following his conviction.

And, like Bulger's case, when one of the petitioners,
an attorney representing victims of those crimes,
discovered the corruption and sought to expose it to
bring Sater and those complicit with him to justice, the
Department of Justice did all it could, no matter how

6

corrupt, to cover it up and silence him and his clients, actively working to prevent state, local, or private prosecution of Sater.

But there all further resemblance to Bulger ends, as there's no Judge Wolf here. To the contrary, to use the politic language of *Caperton*[1], the evidence would support the conclusion by an objective, well-informed observer to a constitutionally intolerable degree of confidence, that persons in the Department of Justice were aided and abetted in keeping its corruption secret by the collusion of Second Circuit district and appellate judges, themselves implicated *ab initio* because of the illegal concealment of Sater's criminal case and the illegal sentence he received, judges who, in creating or upholding a cooperator exception to the constitution, repudiated their oaths and abused the contempt power to silence those who would tell the truth, falsified judicial records, fabricated evidence, refused to afford due process, and ultimately perpetrated direct fraud not only on the institution of the court but on this Court itself.

**A. Sater's 1990s racketeering and related proceedings, 1998 to 2001, by which time his conviction and cooperation had been made public by the government, court, et al.**

Felix Sater has a long history of defrauding investors and partners in his business ventures. For

---

[1] *Caperton v. AT Massey Coal Co., Inc*., 556 U.S. 868 (2009), quoting *Withrow v. Larkin*, 421 U.S. 35 (1975) ("probability of actual bias…[by]…judge…too high to be constitutionally tolerable").

7

example, in 1998 he pled guilty to racketeering for operating a "pump-and-dump" penny stock fraud in partnership with other Russian and La Cosa Nostra career criminals, bilking investors of at least $40,000,000.

That should have signaled the end of his business career and the possibility of restitution for the victims of his crimes. Not so. Because he agreed to cooperate, his entire criminal docket was not only "sealed," but "super-sealed," indeed illegally so, *infra*, leaving his victims and third parties unaware of his conviction.[2]

Apparently, from the time of his plea in 1998 through the end of 2001, Sater cooperated in the investigation, arrest, and prosecution of his co-conspirators in the stock fraud.[3]

While petitioners don't know the details of his cooperation (but take it on faith that there was at least some), one thing they do know, because it is a matter of public record, is that on and after March 2, 2000, by the deliberate action of the government, the fact of Sater's conviction, and that of several of his co-conspirators who also agreed to cooperate, like Sal Lauria, became

---

[2] This court's *Richmond* line of cases, with which familiarity is assumed, all require procedural and substantive formality before a proceeding or document in a criminal case may lawfully be closed to public access. The judge in Sater's criminal case stated on the record many times that he never signed a sealing order, (App.M at 86-87), as is confirmed by the record, see *U.S. v. Sater*, 98-CR-1101 (E.D.N.Y.) (Glasser, J.), as is the fact that no record findings capable of review to justify any such closure were made.

[3] All relevant process in relation to his co-conspirators took place *sub nom. U.S. v. Coppa*, 00-CR-196 (E.D.N.Y.) (Glasser, J.).

8

public property forever because Loretta Lynch, then E.D.N.Y. U.S. Attorneys, Lewis D. Schiliro, NYC FBI Assistant Director, Howard Safir, N.Y.P.D. Commissioner, issued a worldwide press release announcing the arrest of the *Coppa* defendants and disclosing that Sater, Lauria, et al. had already pled guilty to racketeering charges.[4]

Six months later, on September 13, 2000, the release was placed in the Congressional Record during House hearings, *Organized Crime on Wall Street*.

Arguably, there might be some debate whether the press release itself effectively revealed that Sater et al. were cooperating, for example given the fact that they'd already pled, but any ambiguity on that score went away within a year, because by 2001 the government, *Coppa* defense attorneys, and the presiding judge (Glasser, J.) had placed in the public files of the case, thus making it public property, any number of documents explicitly confirming Sater's cooperation.[5]

---

[4] The press release did travel around the world: "19 Charged in Stock Scheme Tied to Mob," *The New York Times*, March 3, 2000; "40M Stock Scam 19 Said to Have Ties to U.S., Russian Mobs Are Charged," *The New York Daily News*, March 2, 2000; "Borscht Boys & Goodfellas In $40M Stock Swindle: Feds," *The New York Post*, March 6, 2000 ; "Mob Influence Hit on Wall Street," *CNN Moneyline News Hour*, aired March 2, 2000; "19 Accused After $40M Stock Fraud," *The Manchester Guardian UK*.

[5] The public court files of the *Coppa* case, which have always been public (but which were hidden in the E.D.N.Y. for two years, *infra*) contain: (1) The government's witness list for the *Coppa* proceeding against Daniel Persico, a captain in the Colombo crime family, showing Sater set to testify as a government witness; (2) a memorandum in support of *Coppa* defendant Lev's request for

9

In short, by late 2001, anyone who cared to know, certainly including the *Coppa* defendants and their lawyers, knew Sater had pled and was cooperating, as the information was public property and publicly available – if you knew where to look.

Then why was there any legal basis to maintain the "sealing" (illegal concealment) of his entire criminal case (of course Sater had not yet been sentenced himself)? Petitioners do not know, for this point has never been answered despite their many times raising it throughout the years of litigation, but a good guess is that the FBI promised to do a favor for Sater after the 9/11 attacks, and making his criminal record disappear was the favor.[6]

_____

additional information on "cooperating witnesses" Sater and other(s); (3) An objection by Lev's attorney, Jeffrey Lichtman, to information in Lev's PSR about his "threat" against Sater (see next); (4) said PSR, discussing Lev's threat; and excerpts from the website of Jeffrey Lichtman describing how he had Lev's charges reduced from racketeering to harassing a government witness (Sater) by showing that said witness was committing crimes of fraud during his cooperation. (App.AG at 168-178).

[6] In Lauria's 2003 autobiography *The Scorpion and the Frog*, he says he and Sater were resigned to imprisonment because their attempt at freedom, buying Stinger missiles from Afghanistan, had failed, but that right after 9/11 Sater called him excitedly to tell him that they were now going to be the FBI's new best friend because of Sater's Middle East contacts and that in return the FBI would "suppress" Sater (and Lauria's) connection to the *Coppa* case "as much as possible." (App.AH at 182-183).

10

### B. Sater's all-new racketeering and related proceedings while cooperating or informing, from 2002 through 2009

During the ensuing years of his cooperating and informing, while not yet sentenced for the stock racketeering so supposedly subject to incarceration and revocation of his cooperation agreement if he committed crime, Sater took advantage of the secrecy by resuming his old tricks and defrauding new victims.

By 2002, he had infiltrated and largely controlled Bayrock, a New York developer with ties to organized crime, in the next several years using it to launder hundreds of millions, skim and extort millions more, and again swindle his investors and partners, for example fraudulently inducing banks to lend hundreds of millions to Bayrock by concealment fraud (hiding the material fact of his conviction from them), threatening to kill anyone at the firm he thought knew of the crimes committed there and might report it.[7,8]

---

[7] At least three Bayrock persons, one former employee and two partners, have given sworn statements that Sater had threatened to kill them if they ever complained about or revealed anything Sater had been doing wrongfully at Bayrock.

[8] It should be noted for the record that, while the Sater press release was written up and publicized widely, oddly enough his name was not used in any of that coverage, and so even to this day searching on his name will not find it, except in the Congressional record, where of course one would have to know to look in the first place. Similarly, while the public *Coppa* records were always available, one would have to think to look there. Thus, it's understandable that many persons, including at Bayrock, would not know of his conviction, even though it was public property.

11

(By no means was Sater the only person committing crimes at Bayrock; Julius Schwarz, it's CEO and General Counsel, was responsible as well because he was aware of Sater's secret conviction yet hid it.)

Supposedly, after taking a fortune out of the firm, and arranging for much of it to be placed into trusts for his family to remove it from the reach of his victims (recall he had yet to be sentenced), Sater severed his ownership in and other ties to Bayrock in 2008.

## C. Sater's sentencing in 2009

Finally, on October 23, 2009, more than a decade after his guilty plea and long after his purported cooperation and informing had ended, Sater stood before federal district judge I. Leo Glasser in courtroom 8B of the Eastern District of New York to be sentenced.

It was over in less than an hour. Though Sater had faced nearly 20 years of confinement, Judge Glasser[9] imposed neither confinement nor probation. That, at least, was within his discretion.

But, though Sater had also faced mandatory forfeiture of $80,000,000, Judge Glasser imposed no forfeiture, only a fine of $25,000, and though Sater had further faced mandatory restitution of $40,000,000, Judge Glasser imposed no restitution at all, in sum

---

[9] Judge Glasser had years before gained notoriety for sentencing "Sammy the Bull" Gravano to 4½ years' time served as a reward for cooperating against John Gotti, suggesting the 19 mob hits Gravano had admitted couild be thought of as a public service.

12

letting Sater keep virtually all of the millions he'd admitted receiving from the criminal scheme[10].

The government might have been expected to complain about its loss of $79,975,000. But that was the last thing the government was going to do because the government had intentionally fouled the criminal information to which Sater had pled, making imposition of a forfeiture sentencing order, though mandatory, impossible, doing so to "protect" Sater from receiving a sentence mandated by Congress[11].

Those defrauded lenders might have been expected to complain, since during his allocution Sater admitted that he'd concealed his conviction from them because he knew they wouldn't have lent otherwise.[12] After all, most of the loans had been written off, many of the lenders had become insolvent, and not one would have lent a dime had they known the truth, as Sater had just admitted. But those complaints were never going to happen because even then the lenders still had no idea of his conviction, thus had no idea of his

---

[10] In his 2004 PSR, of which this Court allowed limited disclosure by its order of June 25, 2012 on docket 12-112, the Officer states that he did not ask Sater what he had done with the millions of dollars of proceeds of the stock fraud he had admitted receiving.

[11] The sentencing transcript says there was a bargained forefeiture order in the cooperation as to a house in Hampton Bays. The cooperation agreement does describe such a house but the public property records do not show a transfer occurred. In any event, whatever the truth, the house would have been worth perhaps $420,000, or 1/200th the mandatory forfeiture order.

[12] The sentencing transcript is in the Appendix. (App.E at 32).

13

sentencing, a situation everyone present in that courtroom had every reason to perpetuate forever.[13]

Probation wasn't going to say anything because five years before, in the 2004 PSR they'd prepared when Sater was first scheduled to be sentenced, fn.10, the officer who wrote it admitted he'd participated with the government in helping Sater conceal his conviction from Bayrock and his partners at the firm, thus facilitating and emboldening Sater's crimes, including the financial institution concealment fraud.

Thus, while the four FBI agents present, including Leo Taddeo -- who as former head of the E.D.N.Y. Russian organized crime squad and Sater's handler was well familiar with the crimes of Sater and his father, a Mogilevich crime syndicate boss[14] -- might have been expected to arrest Sater once they heard him confess bank fraud, that was the last thing they were going to do because it had been part of the government's deal with him to facilitate, and ignore, the crimes, and they would certainly have some explaining to do how this all happened under their noses.

_____

[13] One should note Sater's allocution, where he complains that he had been trying to turn his life around but because the NY Times had "outed" him he had to leave "his" company (Bayrock) because the banks would now no longer lend. Does this sound like someone who expected that this would ever become public, or like someone who had been promised it would all stay secret forever?

[14] His father, Michael Sheferofsky, had his own criminal record and corresponding secret docket in the E.D.N.Y. see *infra*.

14

Accordingly, the E.D.N.Y. AUSA's present, Todd Kaminsky and Marshall Miller, who might have been expected to ask to adjourn to void Sater's plea agreement and ask his bail be revoked so he could be held in custody while they sought to indict him for the continuing racketeering he'd just admitted (participating in the operation of Bayrock through a pattern of bank fraud), weren't going to do anything because they, too, had compromised themselves by that arrangement to help him hide his conviction – a conviction that was already public property, remember.

The AUSA's had another reason to keep this all concealed, or rather 1,200 reasons, namely Sater's victims. Naturally all those victims of Sater's stock fraud, most of them elderly, some Holocaust survivors, would have been expected to raise hell about his minimal sentence and the nearly 15 years it took to get there, and would have been expected to sue for an order of restitution[15]. After all, at interest that $40,000,000 of mandatory restitution Sater should have been sentenced to would have grown to $120,000,000 by 2009.

Moreover, his liability to his victims in civil RICO wasn't actionable until his conviction became final on entry of a judgment and commitment order[16], and by 2009 with accretion, treble damages, and attorneys' fees, that liability likely exceeded $500,000,000.

---

[15] Victims may petition for restitution if denied same, or denied sufficient amounts thereof, at sentencing. 18 U.S.C. § 3771(d).

[16] 18 U.S.C. § 1964(d).

15

So indeed those victims might have been expected to make themselves heard vociferously, but that, too, was never going to happen because, like the banks, the victims had never been told of Sater's sentencing (or, for that matter, even the existence of his case).

However, unlike the banks, the victims were the express beneficiaries of a statutory right not only to be told of it, but to be invited to participate in it[17], and it was the duty of the very same AUSA's, Kaminksy and Miller, to make that happen. And rather inevitably, since there would have been little point in their saving Sater from tens of millions in mandatory forfeiture only to have him ordered to pay tens of millions in mandatory restitution, those AUSA's repudiated their duty and completely ignored the victims, not even bothering to find them beyond those on lists they already had from the NASD; that this was a repudiation of their duty there can be no doubt because AUSA Miller was at the time the E.D.N.Y. victims' rights compliance officer and so had to know perfectly well what his duties were to the victims – and to the law.[18]

Mr. Miller is now the fourth ranking official in the Department of Justice, Principal Deputy Assistant Attorney General for the Criminal Division to Leslie Caldwell, Assistant Attorney General for the Criminal Division, the third ranking official. Ordinarily one

---

[17] 18 U.S.C. § 3771(a).

[18] Remember, their duty is to seek out the victims, inform them of their rights, and see to it that they were treated with fairness and dignity. *Id.* Intentionally failing to notify them of an open court (public) sentencing proceeding is a serious transgression.

16

might wonder whether Ms. Caldwell knows that her assistant participated in this dishonor of the victims, and what that augurs for his fealty to victims' rights, rights of court access, and his respect for Congressional mandate in his current position, but this case long ago departed from the ordinary, and there is no need to wonder whether she knows, because she does.

Of that there is no doubt, because Ms. Caldwell, who at the time of Sater's plea bargain and conviction was herself an E.D.N.Y. AUSA and at the time of his 2009 sentencing was head of Morgan Lewis's criminal defense practice, was also right there in court at that sentencing, appearing as Sater's lead defense counsel.

One presumes Ms. Caldwell wouldn't have wanted this to see the light of day if, as seems quite likely, the fees Sater was paying her firm had to be traceable to money he'd taken from Bayrock[19], thus further traceable to the financing he'd procured by fraud, or to money he'd kept from his earlier racketeering and had been spared forfeiting; either way the money was proceeds of specified unlawful activity.

(That she knew their provenance is without doubt as well, because in March 2010, barely six months after his sentencing, Sater gave deposition testimony in which he said that Ms. Caldwell had advised him that he should refuse to testify whether he'd concealed any convictions while at Bayrock because if he admitted he

---

[19] His 2004 PSR says Sater told his probation officer that he had a negative net worth, and the only source of income anyone is aware of over the ensuing years was from Bayrock.

17

had he'd be exposing himself to criminal liability[20]; unless she was corruptly advising him to take the fifth and so was guilty of obstruction, Ms. Caldwell was obviously well aware that her client had committed hundreds of millions of dollars of concealment fraud at Bayrock, just as he'd allocated to at his sentencing.)

And finally, as to Ms. Caldwell, we must presume that she normally did not allow her cooperator clients to admit at their sentencing allocutions that they had used the secrecy of their dockets to perpetrate bank fraud while cooperating unless she knew in advance that no one would be surprised and no one would care.

And that suggests the question, Why let him admit it at all? If he's in open court, admitting his participation in a billion dollars of bank fraud, doesn't he risk having the banks go after him, or Bayrock?

But then of course he wasn't in open court. Even though the Second Circuit has held that there is a first

---

[20] "On the advice of counsel, I am not going to answer that question as I don't have to incriminate myself…On the advice of counsel, I won't answer past what I have already answered…My counsel is Leslie Caldwell from Morgan Lewis."

"Did she know you would be asked this question?"

"Yes."

"Did she advise you not to answer this question?"

"Yes."

"The grounds being again?"

"Not to incriminate myself…"

18

amendment public right of access to sentencings[21], and other laws and rules provide the same[22], nothing anywhere in the (now public) Sater docket shows there was any unsealing of the case before sentencing; quite the contrary. So surely, albeit illegally, his sentencing was not being held in public.

(Of course if it were in open court, the fact that the transcript shows his real name used throughout would eliminate any chance of his cooperation or his conviction remaining secret, as both were disclosed.)

Finally, there is the judge presiding (Glasser, J.). He, too, had a duty to the victims, or rather in his case to ensure that the government discharged its duty to them[23], and the transcript shows he did nothing about victims' rights whatsoever. At a minimum, this is consistent with a sealed, rather than public, sentencing proceeding, because even if illegally sealed it might at least explain why the victims hadn't been told of it[24].

## IV.  Petitioner Oberlander Discovers the Crimes and the Cover-Up and Sues to Stop Them

Petitioner Oberlander is a New York attorney who represents minority partners in Bayrock, one of them Bayrock's former Director of Finance, and also

---

[21] *U.S. v. Alcantara*, 396 F.3d 189 (2d. Cir. 2005).

[22] See, 18 U.S.C. § 3553(c) (court at time of sentencing shall state "in open court" its reasons for imposing the particular sentence).

[23] 18 U.S.C. § 3771(b)(1).

[24] 18 U.S.C. § 3771(a)(2).

19

represents victims of Sater's 1990s stock fraud. These partners engaged petitioner on suspicion they had been defrauded by other partners, including Sater and Schwarz. Subsequently, they directed him to sue.

When petitioner began drafting a RICO complaint in 2009, publicly available information showed Sater was "connected to" organized crime. For example, a 1998 *Business Week* article, and a 2007 *New York Times* article, discussed Sater's involvement in the aforementioned stock fraud. And it was widely believed that Sater had been only an "unindicted co-conspirator" who avoided prosecution by cooperating; he was indeed listed as an unindicted co-conspirator in the public *Coppa* docket.

There was, however, information from which one could infer Sater *had* been prosecuted. For example, a co-conspirator, Klotsman had told the *Times* Sater had pled guilty. And the *Times* quoted Sater's lawyer, who didn't deny it, but just challenged anyone to find it.

On March 1, 2010, these suspicions were confirmed when unexpectedly, and without solicitation, petitioner received documents from a whistleblower, a former employee of Bayrock, who found them on the Bayrock email servers during his prior work there.

The documents were Sater's criminal complaint, information, proffer, and cooperation agreement, all from 1998, and a PSR from 2004, all from his secret case, 98-CR-1101 E.D.N.Y., identifying Sater by his true name, confirming he had pled guilty to racketeering, and had been scheduled for sentencing in 2004.

20

Petitioner, concluding at least $750,000,000 of the firm's capital, had been procured with the fraudulent concealment of Sater's conviction, and that the firm's customers were being defrauded daily by sales of condominiums pursuant to false and misleading offerings, acted quickly.

On May 10, 2010, petitioner filed a civil RICO complaint, 10-CV-3959, S.D.N.Y., charging Sater and others with operating the firm through a pattern of crime, including excerpts from the documents. Within a day *Courthouse News* had the story and a copy of the complaint with the excerpts online, available for download. Additionally, upon receipt, the firm's general counsel disseminated the complaint to several named defendants and attorneys on May 12, 2010.

## V. Procedural History I

On May 18, Sater obtained an ex parte TRO from the same judge who had secretly tried him, (Glasser, J., E.D.N.Y.), enjoining dissemination of the documents and ordering a hearing to ascertain how petitioner got them, making petitioner a respondent in his secret criminal case, *U.S. v. Sater*, (recall he had been sentenced only a few months before).

On June 14, the second of four days of hearings, petitioner asked the court reveal any order purporting to seal anything, or bind him. ***Judge Glasser admitted "there is no formal order" and he couldn't "find any order signed by me, which directed that this file be sealed," and there was no indication in the first filing "or in any subsequent document that an application was made or request was made in that document to seal that***

21

*file." He further emphasized that there were no orders ever issued that bound petitioner and there were no sealing orders ever issued.* (App.M at 85 *et seq*.).

On July 20, Judge Glasser issued a permanent injunction prohibiting dissemination of the PSR and stated that while one could infer that the former Bayrock employee who gave petitioner the documents "may" have stolen them he still wondered "[w]hat order of the Court was violated by that. *Sater testified briefly, but neither he nor other witnesses spoke of any threat of harm they had encountered or had reason to believe they would encounter if anyone knew of Sater's role in the stock fraud, nor did anyone introduce non-parol evidence of it*.

Judge Glasser issued TRO's on the other documents, claiming to have found a risk of harm to Sater, but refused to state what that risk was or where he had obtained the evidence of it, and never put any of it on the record (we now know, because he had none).

Petitioner appealed, but it was delayed for months because Judge Glasser refused to send the notices to the Second Circuit, keeping them in chambers.

Finally, on their transmittal, the government moved to seal the appeal and, prior to any hearings or submissions, *the Second Circuit issued sua sponte ex parte gag orders barring petitioner and his clients from revealing any documents filed in related cases in the Eastern or Southern Districts or the Second Circuit and expressly barred them from telling Congress what they had learned.*

22

At argument on the government's motion to seal, ***AUSA Kaminsky said Sater's criminal case had been secret since inception***, (App.AL at 207 *et seq.*).

On questioning by the panel, Kaminsky said he believed there was a serious risk of harm to Sater if any of this got public.

Petitioner argued that none of these facts were in the record, so were only argument, and that the First Amendment required the appellate docket be public. The court conceded that media organizations could not have been enjoined had they come into possession of the documents at issue, and such appellate proceedings would be open, but petitioners could be gagged because they're not the media:

Judge Cabranes asked for assurance from the government that: "[W]e are not talking about preventing a news organization from publishing a matter of public concern or impinging on editorial discretion."

Judge Pooler responded to petitioner's First Amendment arguments with: "We are not dealing here with prior restraint of the press or media. That's what the Pentagon Papers case was about. [Newspapers have a special charge in publishing information for citizens. [Petitioner] doesn't have any charge in making this information available to citizens."

The court then issued a summary order, maintaining the appellate case under blanket seal, noting ***"In light of the serious, indeed grave, concerns expressed by the United States regarding the possible consequences of unsealing these documents, and the absence of any sufficiently***

23

*persuasive   countervailing   considerations
expressed by [petitioner]..."*

*****

The importance of the last pages to the maintenance of a court system built upon fundamental fairness and due process cannot be over-emphasized. Respectfully we ask the Court to consider the following:

- Judge Glasser issued a permanent injunction on dissemination without regard to the norms of procedural and substantive due process.

- AUSA Kaminsky sat through four days of district court hearings without introducing evidence or asking a witness about risk of harm…

- The Second Circuit blanket sealed an entire appeal, to this day maintaining hundreds of filings under seal, based on a record with no evidence of any risk or reason to believe there might be a risk based solely on Kaminsky's beliefs, which petitioner wasn't allowed to contest because it wasn't done at a hearing.

- ***The government had made the conviction public ten years before, by the press release, but Kaminsky was there perpetrating fraud on the institution of the court by lying, saying the government had not*** (petitioner hadn't yet found the press release).

- When petitioner found the press release after the hearing, and confronted Kaminsky with it, the government asked to unseal Sater's docket

24

by letter which admitted that the government had not had any evidence for over ten years that there had ever been any risk of harm or any impediment to recruiting cooperators, which meant *Kaminsky knew he had no factual basis to be opining and arguing before the Second Circuit that there was grave, imminent risk and cooperator recruiting might be impaired*. (App.V at 130).

- *Kaminsky had been at Sater's sentencing a year earlier and had heard him admit the bank fraud he perpetrated at Bayrock, and was in possession of a copy of petitioner's May 10, 2010 RICO complaint and knew it exposed the massive related crimes at Bayrock, yet if petitioner had not found the press release Kaminsky would have prevailed in arguing that Sater's hundreds of millions of concealment frauds could never be revealed because there might be a threat to him. Forgive us for thinking the threat would be a lot more to Kaminsky et al. for allowing Sater to commit the frauds at Bayrock.*

- *Finally, the government, Sater, the court, all of them, knew there was a public Coppa file in Lee Summit Archives for ten years holding documents showing the public revelation of Sater's cooperation, not just conviction. Why weren't they admitting it? Presumably, they knew he wouldn't find it, because when petitioner began requesting it from Lee in November 2010, before the*

25

*Second Circuit hearing, he was told, and would be told for years, that it had been requested by, and then disappeared in, the E.D.N.Y., while the E.D.N.Y. professed to have no idea how they had misplaced it, maintaining this lie for two years until it turned up one day after Sater's docket had gone public.*

## VI.   Procedural History II

The Second Circuit eventually upheld the injunction on the PSR, and this Court denied cert, but not before granting petitioner's motion, see docket 12-112, to be allowed to disclose the contents of the PSR which he felt showed government and judicial misconduct.

While the initial disclosure was, as ordered, without use of Sater's name, the press interest even before this court's order granting the motion had motivated several persons, most prominently *The Miami Herald* and petitioner Palmer, a private citizen, to join in the attempt to unseal Sater's case, and after an accident in the E.D.N.Y. clerk's office that exposed the entire docket online for a week, Judge Glasser ruled he had no choice but to unseal it permanently.

Judge Glasser then proceeded to hold hearings on what documents on the docket would be unsealed and what would remain sealed, or "sealed," and those hearings concluded in late 2012.

At the beginning of those hearings, Judge Glasser ordered everyone but Sater and his counsel and the government removed from the courtroom, including movants (petitioners here), and announced that we petitioners were prohibited from introducing any

26

evidence into the unsealing proceedings, that he would rule based on his own knowledge of the case and what the government gave him and what Sater gave him, but would take evidence from no one else, even though petitioners here had authored almost 75% of all the documents in question during the prior years of litigation and so already had access to them anyway.

Then, when petitioners sought to introduce evidence by document, through motion for judicial notice, Judge Glasser threatened quasi-criminal sanctions for "vexatious litigation" and held the submissions out of order.

Petitioners then appealed from the unsealing order, as noted in the front of this petition, on the ground that the entire proceeding had been structurally defective because the failure to allow us to present evidence that there never had been any risk and that it had all been public for years anyway was Fifth Amendment structural error.

The Second Circuit in a summary order upheld Judge Glasser, held that even though we had not been permitted to introduce evidence we had "made our views known" [sic], whatever that means, and further held that even though Judge Glasser had made no record findings of risk (or anything else) capable of appellate review, merely listing "risk" conclusorily as his reason for each closure maintained, that because of the "gravity" of Sater's cooperation the binding precedent that there must be such express, reviewable evidentiary findings need not apply in this special case.

Petitioners seek cert therefrom.

27

## VII.   Procedural History II

In the interest of expedience, petitioners will accelerate the remainder of this petition to present the points in bullet point list format rather than text.

- On March 19, 2013, a few days before petitioner's prior petition was due to be conferenced, the Solicitor General forwarded a "sealed," secret, ex parte order of Judge Glasser's (App.AI at 184) to this Court which we had never seen and which was never docketed and which contained the statement (this is now a matter of public knowledge) that Sater had been sentenced in public, in other words in open court.

  In the prior pages, petitioners explained that it was inconceivable that it was taking place in open court because Sater was admitting a billion dollars of fraud while cooperating. Petitioners also explained that if in fact it was open court, then that meant that Judge Glasser, Kaminsky, and Miller had willfully and intentionally defied their statutory obligations to the victims. Yet there that order is.

  Regrettably, it appears that that much of it was a fraud directed at this Court, if so the first time in known history that a sitting federal judge perpetrated a fraud targeted at this very Court.

  Equally if not more regrettable is that the order also contains a ruling that one Danny Persico had threatened the life of Sater in an attack on Lauria soon after the unsealings began claiming that he only then knew who had informed on

28

him. Persico is a member of organized crime and was a co-conspirator of Sater and Lauria's in the stock fraud. But Persico is more than that. He is a childhood friend of Lauria's, and Lauria admits in his own book that he himself told Persico he informed on him and that while he seemed to take it well, the FBI told him later (this is 2002, remember) that Persico had been making threats against him, a story he repeated in his (Lauria's) own sentencing allocution before Judge Glasser in 2004.

Ordinarily, the ramifications of a sitting judge participating in the fabrication of evidence like this to justify the concealment he was responsible for would be unthinkable, but on May 15, 2011, Sater's lawyers wrote petitioner through counsel warning that they had an agreement with Judge Glasser that he would not take up any unsealing motion we made and would ignore our arguments if he did[25]. Both happened as they predicted, as noted already in the refusal to allow us to admit evidence and, as we mention in closing, with the ex parte, secret withdrawal of the government's March 17, 2011 letter motion to unseal, kept from us for six months.

---

[25] "Even if Judge Glasser decides to hold a hearing or oral argument to determine whether to unseal specific docket entries of Doe's criminal proceeding, he will do so without considering your arguments or appeals. If you believe you are driving the unsealing issue, you are mistaken."

29

And in view of the several ex parte merits conferences Judge Glasser ordered with the government and counsel for Sater, to petitioner's exclusions, and without petitioner's knowledge, all shown on the now unsealed docket of 98-CR-1101, who *wouldn't* believe this is all collusive, at best.[26]

- Under no circumstances is this petition a claim of error, and importantly we ask this Court to understand that this problem of illegally secret cooperator cases and cover-ups that make the Bulger case, at least in terms of dollars, look like an amateur operation is not limited to this one case.

- At approximately the same time that Sater was pleading guilty, three co-conspirators, Richard Appel, Sal Romano, and Myron Gushlak, were engaged in pump-and-dump fraud of their own, involving a penny stock controlled by Gushlak. As with Sater, they bribed brokers to push the

---

[26] A Status Conference as to Felix Sater was held on 1/10/2012 before Senior Judge I. Leo Glasser: AUSA Todd Kaminsky and Evan Norris appeared on behalf of the Government. Michael Beys and Jason Berland appeared on behalf of John Doe. The Court directed the government and John Doe to provide a detailed chronological account with transcripts, of what the core issues involving this case and how it evolved into a First Amendment issue. The Court will issue an Order on Notice to Mr. Lerner directing the parties to brief the issues before the Court. The parties agreed to submit a Scheduling Order to the Court to be "So Ordered." (Court Reporter Charleane Heading.) (Francis, Ogoro) (Entered: 01110/2012)

30

stock, in this case including brokers at a firm called Montrose.

Eventually all three were caught and pled out and became cooperators. That's not the interesting part. What's interesting is that they, each of them, openly admitted and stipulated that they were co-conspirators in the scheme. Accordingly, both for *Pinkerton* and restitution purposes they had to have exactly the same set of victims to whom they were liable.

When Romano came to be sentenced, the government told the E.D.N.Y. judge, Carol Amon, now chief judge of that district, that Romano had been a great cooperator and that sadly she could not order Romano to pay restitution because the government simply had no idea who they were. The government then asked her to issue a finding to that effect, which she did, thus for all practical purposes ending any ability to get Romano to pay restitution.

When Appel came to be sentenced, surprisingly enough all of a sudden the government knew who the victims were, and sought and obtained a $3,000,000 restitution order.

But when Gushlak came up for sentencing, his restitution order was for $17,000,000, on top of a $25,000,000 find. Why?

Because, as to restitution, the sentencing judge held that as Gushlak, Roman, and Appel had co-equal liability, and the government's expert for Gushlak's trial had calculated $17,000,000 as the aggregate loss for all of them, including all

31

the persons Appel had defrauded at Montrose to further the scheme even though Gushlak had never heard of them, Gushlak had to pay for all of it.

Of course this is correct, but that's not the point. The point is, the victim loss sheets, as the dockets reveal, were in the possession of FINRA (blue sheets), and it is not possible that they didn't exist and so the victims couldn't be found for "wonderful" cooperator Romano but could be found for the other two.

What's even more impressive is that the reason Gushlak was fined $25,000,000 and sentenced to may years' incarceration was that the judge denied him acceptance credit. Why? Because the government showed the judge that, just like Sater, Gushlak had used his secrecy to defraud investors, lenders and partners, just as Sater admitted doing at Bayrock.

It's very fascinating that what sends one man to prison becomes something that is not to be spoken about as to Sater, but petitioners will speak, for what it is, more evidence that Sater, like untold others, is benefiting from a covert, and corrupt, promise to keep him "safe."

- Finally we bring up two cases. One, Sheferofsky, is a criminal case in the E.D.N.Y. where the defendant admitted to running a scheme of attempted extortion and extortion for ten years. His entire docket was hidden for six years, with no evidence of formality observed, but importantly, when he got sentenced, the

32

government said there need be no restitution because the victims were dead, criminals, or unknown. The government had to know perfectly well that the statute provides that restitution is awardable to the representative of a victim, too. It's probably not irrelevant then to note that Sheferofsky is, or was, Sater's father, and the dates on the closures of his docket match the concealment of Sater's.

- The other is *United States v. Shereshevsky* (no relation), SDNY Docket No. 94-cr-248. On May 5, 1994, Shereshevsky was arraigned for bank fraud, pled not guilty and was released on bail. That was what the public docket reflected until, June 26, 2002. The docket reflects that on that date it was "entered" that eight years earlier, on May 5, 1994 (*viz.* the same date as the docketed not-guilty plea) Shereshevsky had actually pled guilty to bank fraud. The Southern District deliberately allowed false information to remain on the public docket for eight years, a fraud on the public.

Presumably, Shereshevsky was given the benefit of secrecy because he was a cooperator, and apparently got leniency – time served, two years supervised release, and a restitution order off $39,000. What did Shereshevsky do with himself while "cooperating" with the government? He perpetrated a multi-hundred million dollar WexTrust Ponzi scheme.

One of the judges who, apparently, actively falsified his docket, Michael Mukasey, went on to become the Attorney General. On September

33

24, 2001, he issued a "speedy trial" ruling on the docket, to keep up the false appearance that the defendant had actually pled not guilty. (App. F at 42).

## REASONS FOR GRANTING THE WRIT

I.     **The Integrity of the Federal Court System Depends on This Court's Confirming That Lower Courts May no More Defy Binding Precedent or Wrongfully Infringe Upon Fundamental Rights Than They May Defy Mandatory Sentencing or Similar Statutes**

The factual history of this case is complex, but the legal principles are not. Simply put, the Second Circuit courts have seceded from the (juridical) union to form their own state where the cooperator exception they have invented of whole cloth trumps everything else, including the enumerated and unenumerated fundamental rights of liberty. And that is something they cannot be permitted to do.

This case is not about judicial error. Indeed, taking the word "error" literally, there may well be none. What there is here, instead, is judicial *defiance*.

When a lower court decision conflicts with this court's binding precedent, ordinarily that's "mere" error and this court is not likely to grant a writ. But when the conflict is so outside the norm of judicial decision-making that it requires intervention and review by this court, that's cert-worthy. And where, as in this case as the record plainly shows, that great conflict, that great deviation from the norm, is an intentional, blatant disregard for that precedent then, petitioners submit, this Court is compelled to act.

34

## II.   A lower federal court's core "inherent power" does not include the power to refuse to impose the lawful sentences Congress mandates, including restitution

Of course, the lower federal courts have inherent powers. But, save for a "core" subset, have long been understood to be subject to Congressional override.[27] Even that "core" exception proves petitioner's point here, because while Congress cannot interfere with the ability of a lower court to decide a particular case, that limitation does not apply at all to the authority of Congress to set minimum sentences.

This Court held precisely, and unanimously, so a century ago in the *Killits* case, *Ex Parte United States*, 242 U.S. 27 (1916): When a federal court refuses to

---

[27] The Fourth Circuit explained in *ACLU v. Holder*, 673 F.3d 245 (4th Cir. 2011) [citations and explanations omitted, emph. add.]:

> The inherent power of…lower federal courts falls into three…categories…[F]irst…core Article III power…the ability of a lower federal court to decide a case over which it has jurisdiction…once Congress has established lower federal courts and provided jurisdiction over a given case, Congress may not interfere with such courts by dictating the result *in a particular case*…[S]econd…powers "necessary to the exercise of all others"…these…are deemed necessary to protect the efficient and orderly administration of justice and…command respect for the court's orders, judgments, procedures, and authority"…These…are subject to congressional regulation…[T]hird…"those reasonably useful to achieve justice"…Examples…"the power of a district court to appoint an auditor to aid in litigation involving a complex commercial matter"…Such are subject to congressional regulation…

35

impose a mandatory sentence, it violates the law and operates illegally. If there were any doubt that this applies to a mandatory order of restitution, this Court put that to rest in *Dolan v. United States*, 103 S.Ct. 2553 (2010), noting that when Congress said in the restitution statute that such an order must be imposed at sentencing notwithstanding any other provision of law, 18 U.S.C. § 3663A, Congress meant it.

What about cooperator safety? Every filing by respondent Sater and the government solemnly intones that warning, arguing that the courts must hide all this to keep Sater safe, even if, regrettably, he gets to keep all the money he stole.

The reply must be, Where in Article III are federal courts vested with police powers? Nowhere. And, petitioners aver it to be common knowledge that, were there even such a risk, the Federal Witness Protection program has never lost a participant.

And frankly, the mere idea is simply nonsensical that a felon like Felix Sater can assert a subjective fear, decline witness protection, and as a result then be allowed to evade restitution, keep the secret of his conviction, and commit concealment frauds, again by using that secrecy, and have the courts assert some inherent power to protect him by enjoining even his victims, those like petitioner's clients, who found out and would stop it.

36

**III.  Lower courts' "inherent power" cannot include the power to defy binding precedent; moreover, the issuance of a purported non-precedential "summary order" by a federal appeals court, as the Second Circuit issuance here, is unconstitutional**

An elegant argument proving these points is in *Anastasoff v. United States*, 223 F.3d 898, *vacated en banc*, 215 F.3d 1024 (8th Cir. 2000) wherein a panel of the Eighth Circuit, later reversed *en banc* held that a federal appellate court's issuance of non-precedential decisions (summary orders) is unconstitutional. Petitioners adopt it in its entirety.

**IV.  Lower courts' "inherent power" cannot include the power to wrongfully infringe upon enumerated or unenumerated rights**

This, of all, is completely self-evident. And therefore, petitioners submit respectfully, it was wrong to deny them due process for all these years, both procedural and, to the extent extant and not covered by first amendment or other provisions, unenumerated and thus substantive.

But as wrong as that was, and remains, it was even more wrong to do that to the confederates of these criminals, clueless as to the *Brady* violations that must be rampant with undisclosed deals, and above all else to the victims of these criminals, who have no voice save that which the courts and the government are tasked to give them. A mighty poor voice it is, indeed.

37

## CONCLUSION

For all the foregoing reasons, it is most respectfully requested that this petition for a writ of certiorari to the United States Court of Appeals for the Second Circuit be GRANTED.

Dated: November 3, 2014

Respectfully submitted,

Richard E. Lerner
   *Counsel of Record*
THE LAW OFFICE OF
   RICHARD E. LERNER, P.C.
1375 Broadway, 3rd Floor
New York, NY 10018
917.584.4864
347.824.2006  Fax
richardlerner@msn.com

*Counsel for Petitioners*

1

2                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK
3
 - - - - - - - - - - - - - - X
4
UNITED STATES OF AMERICA,    :
5                                      CR-00-196

6          -against-                   United States Courthouse
                                 :     Brooklyn, New York
7   FRANK COPPA, ET AL,

8
           Defendants.
9                              :       February 2, 2001 2000
                                       Ten o'clock a.m.
10  - - - - - - - - - - - - - - X
                     TRANSCRIPT OF PROCEEDINGS
11             BEFORE THE HONORABLE I. LEO GLASSER
                 UNITED STATES DISTRICT JUDGE
12  APPEARANCES:

13  For the Plaintiff:       LORETTA E. LYNCH
                             United States Attorney
14                           BY:  ERIC CORNGOLD
                             Assistant United States Attorney
15                           One Pierrepont Plaza
                             Brooklyn, New York 11201
16

17  For the Defendants:      MICHAEL ROSEN, ESQ
                             For Defendant Garafola
18
                             J. BRIAN HANSBURY, ESQ.
19                           For Defendant Montevecchi

20                           JOSEPH GIANNINI, ESQ.
                             For Defendant Persico
21
                             ANDREW WEINSTEIN, ESQ.
22                           For Defendant Cioffoletti

23                           JEFFREY LICHTMAN, ESQ.
                             MIRANDA FRITZ, ESQ.
24                           For Defendant Lev

25                           THOMAS ROTH, ESQ.
                             For Defendant Ray

1

2   A P P E A R A N C E S:   (Continued.)

3                               RICHARD W. BREWSTER, ESQ.
                                For Defendant Lombardo
4
                                DAVID SMITH, ESQ.
5                               For Defendant Basile

6                               JOSEPH BENFANTE, ESQ.
                                For Defendant Temperino
7

8

9   Court Reporter:            Holly Driscoll
                                225 Cadman Plaza East
10                              Brooklyn, New York
                                718-260-2469
11

12
    Proceedings recorded by mechanical stenography, transcript
13  produced by computer.

14

15

16                  *     *     *

17

18          THE CLERK:  Criminal motions, USA versus Ernest

19  Montevecchi, Daniel Persico, John Cioffoletti, Edward

20  Garafola, Daniel Lev, Eugene Lombardo, Lawrence Ray and

21  Abraham Salaman.

22          Counsel, please state your appearances.

23          MR. ROSEN:  Good morning, Your Honor, Michael Rosen

24  for Mr. Garafola.

25          MR. BENFANTE:  Joseph Benfante for Mr. Temperino.

1          MR. LICHTMAN:  Jeffrey Lichtman and Miranda Fritz for
2    Mr. Lev.

3          MR. WEINSTEIN:  Andrew Weinstein for Mr. Cioffoletti
4    appearing on behalf of Mr. LaRossa.

5          MR. BREWSTER:  Richard Brewster on behalf of Eugene
6    Lombardo.

7          MR. ROTH:  Thomas Roth on behalf of Mr. Ray.

8          MR. HANSBURY:  Brian Hansbury on behalf of
9    Mr. Montevecchi.

10         MR. SMITH:  David Smith on behalf of Rocco Basile.  I
11   would just like the record to be clear we are not officially
12   retained for this case.  I am appearing to inform Your Honor
13   as to what will happen in Mr. Basile's other case, he has
14   another indictment and in that case we've reached an
15   agreement, he will be entering a plea of guilty next Wednesday
16   in front of Judge Pollak.  So, I am appearing here to inform
17   Your Honor that is going to happen in the other case, it will
18   be covering this case and I just want Your Honor to be aware
19   of that.

20         THE COURT:  Well, is Mr. Basile contemplate retaining
21   you for this case?

22         MR. SMITH:  Your Honor, he has, although until the
23   plea is actually entered into we have not been formally
24   retained for this case.  I believe once the plea has been
25   entered, we'll be retained for this case and the other as

1  well.  We are counsel of record for the other case.

2         THE COURT:  Does Mr. Basile contemplate appearing pro

3  se in the interim?

4         MR. SMITH:  I suppose he could, Your Honor, he is

5  here today.

6         THE COURT:  Would you appear temporarily for

7  Mr. Basile?

8         MR. SMITH:  Yes, Your Honor, I will appear for the

9  purposes of this proceeding today in this matter.

10         THE COURT:  Do we have any other appearances that

11  have to be noted?

12         MR. CORNGOLD:  Eric Corngold for the government,

13  Your Honor.

14         THE COURT:  All right.  I take it everybody is

15  ready --

16         MR. GIANNINI:  Joseph Giannini for Daniel Persico,

17  Jr.

18         THE COURT:  Do we have everybody now?

19         THE CLERK:  Larry Berman had called, he will not be

20  present today but he had joined in the motions.

21         THE COURT:  What I think would be a sensible way of

22  proceeding would be to deal with the motions which raise

23  discrete issues, for example, with respect to the money

24  laundering counts.  I think I'm correct in saying that the

25  motions relating to the money laundering counts were filed by

1  Mr. Cioffoletti, Mr. Lev and Mr. Montevecchi. Why don't we
2  deal with those counts and then we can proceed to the others
3  so we don't have everybody standing around with respect to
4  motions that they have no interest in or haven't made.

5  So, why don't we proceed in that fashion, why don't
6  I hear the money laundering counts, the motions filed by
7  Mr. Cioffoletti, Mr. Lev and Mr. Montevecchi. I'll hear
8  the movants, I'll hear the government in response with respect
9  to those and then we'll move on to the next one.

10  MR. ROSEN: Could I make a personal request, Your
11  Honor, I don't mean to interfere with my colleagues. I have a
12  medical situation uptown at around 11:30, 12:00, so if I could
13  be taken next in order on Mr. Garafola's motions, I would
14  personally appreciate it.

15  THE COURT: Well, as I understand it, Mr. Garafola's
16  motions are simply a motion to sever.

17  MR. ROSEN: Correct.

18  THE COURT: And you want a suppression?

19  MR. ROSEN: Yes, sir, so I'll be prepared to argue
20  those.

21  THE COURT: Well, there are a couple of severance
22  motions, Mr. Lev, Mr. Nagel and Mr. Ray made severance
23  motions. We can do those first and then we can move to the
24  money laundering.

25  MR. ROSEN: Well, I appreciate that.

1      THE COURT: Okay.

2      MR. CORNGOLD: Judge, could I ask if I could sort of

3   move closer towards the center and use the podium.

4      THE COURT: Why don't we hear the severance motions

5   of Mr. Lev, Mr. Garafola, Mr. Nagel and Mr. Ray.

6      MR. BENFANTE: Your Honor, the other counsel will

7   stand back?

8      THE COURT: Yes.

9      Mr. Rosen, do you want to start?

10      MR. ROSEN: Yes, I'd like to, Your Honor, please and

11   most respectfully, I've put in papers suggesting that the law

12   is very clear in this case of Mr. Garafola that he should be

13   considered in Your Honor's sound discretion for getting a

14   severance but it starts with the fact that he's not even

15   properly joined, most respectfully, under Rule 8 in that as I

16   understand Rule 8, that you have to be indicted, the counts

17   that you're in have to have some connection or relationship,

18   as the rule says, if they are alleged to have participated in

19   the same series of acts or transactions constituting offenses

20   and here if Your Honor looks and you see the chart that we

21   prepared of the indictment, the government prepared of the

22   indictment, Mr. Garafola is in the last two counts, an

23   extortion count and a conspiracy to extort, that has no

24   relationship, in my humble opinion, to the core, the essence

25   of this indictment which is a stock fraud case which basically

1   alleges that there were entrepreneurs, that there were
2   brokers, that there were nominees all with the central core
3   purpose in an enterprise which Mr. Garafola is not named in
4   to rig the price of four companies, the stock of those
5   companies, to put this money offshore and then to reap the
6   benefits and there's even some allegation that certain
7   nefarious people are enlisted to offer protection to this
8   enterprise and Mr. Garafola is not even named in that. He's
9   on the back end in Counts Nineteen and Twenty I believe in
10  some discrete and different allegation.

11          And just under Rule 8 there is no connection in fact
12  or in law, certainly not in the indictment, Judge Glasser,
13  that links this conduct of Mr. Garafola to the securities
14  fraud. He's not named as having any interest in the
15  companies, he's not named as a nominee or that he's going to
16  get a piece of the pie. Everyone else -- I'm not saying the
17  allegations are true but they did not make any such
18  allegations against Mr. Garafola. He's off there, you know,
19  in the back discretely and I referred, of course, in my papers
20  to Your Honor's decision in Upton and to Judge Block's
21  decision in Montgomery that sets forth the eight criteria.

22          I'm not just moving, Judge Glasser, because there
23  will be a disparity of proof, there clearly will be where
24  maybe Mr. Garafola's trial could last three days or five days
25  or one week and doesn't need, notwithstanding Mr. Corngold's

HOLLY DRISCOLL, CSR        OFFICIAL COURT REPORTER

1   stretch, all this talk about securities fraud and offshore
2   accounts and brokers and, my goodness, this is -- and I hate
3   to say this but this is a garden variety stock fraud with a
4   little bit of alleged organized crime but Mr. Garafola is not
5   named in that part of the indictment that says people from
6   organized crime, these buzz words, were used to protect this
7   enterprise. He's not even named in that and he's not even
8   named in the enterprise, so I think even under Rule 8 and I
9   think that gets me somewhere, under Zafiro because Zafiro
10  assumes that you're properly joined under Rule 8 and I say
11  Counts -- what is it, Nineteen and Twenty.

12          THE COURT: Yes.

13          MR. ROSEN: Sir, are not properly joined certainly as
14  to Mr. Garafola and the cases, the two cases that the
15  government cites in its brief, I think it is the Scarpa case
16  and I think this Court is pretty familiar with most of these
17  citations, you're talking about somebody that's an integral
18  part of the central core of the crime. Here Mr. Garafola has
19  no connection in this indictment with what this case is about
20  and that's stock fraud.

21          Judge, what that brings me to and I guess there's
22  always a first even after 36 years, I did not receive the
23  motions made by Mr. Roth, my co-counsel, who represents
24  Mr. Ray, I didn't know until last week or the week before that
25  Mr. Ray has made a motion for also a severance claiming that

HOLLY DRISCOLL, CSR        OFFICIAL COURT REPORTER

1  he is a government informant or was a government informant and
2  that my client allegedly threatened his life.  I learned that
3  when I read Mr. Corngold's answer to the motions and I
4  wondered, well, what's going on here.  I called Mr. Roth, he
5  was very gracious and he faxed me and sent me his motion
6  papers.  They were filed I think in November, I got them last
7  week.  Clearly, Your Honor, if you want to talk about trial
8  rights or prejudice under trial rights, clearly if Mr. Ray and
9  Mr. Garafola are left in this case, they just can't go to
10 trial together.

11          It looks like from Mr. Roth's moving memorandum that
12 Mr. Ray contemplates taking the stand, defending himself and
13 testifying that Mr. Garafola put a contract out on him which
14 is his position, certainly nothing we acknowledge or agree
15 with but I didn't brief that extensively because I just didn't
16 know about it and I'm not blaming anybody but that's just the
17 way it happened.  I don't know if there is a policy of not
18 advising co-counsel whose client you've accused of having put
19 out a contract, maybe you don't send him the papers but I
20 didn't get the papers.  Again, I'm not blaming Mr. Roth, he's
21 been very cooperative with me since I learned it.  At least
22 now I can stand before this Court and say clearly there should
23 be a consideration, the Court should exercise its discretion
24 and sever Mr. Garafola if there's going to be any proof at a
25 trial that Mr. Garafola allegedly put out a contract, as

1   Mr. Ray so succinctly puts it in his moving affidavit.

2        So, I think, Judge, you have the papers and we've
3   taken a lot of time in graphically showing where Mr. Garafola
4   is and isn't and you probably hear this all the time, I'm sure
5   you do, everybody wants a severance.  Well, I understand that
6   but it's not a severance in terms of, well, it's easier to get
7   acquitted, it is a severance because he doesn't belong in a
8   securities fraud indictment sitting maybe for a couple of
9   months when there's vast testimony about money laundering
10  which he's not charged with, securities fraud which he's not
11  charged with, RICO which he's not charged with, etc.  You've
12  heard it before but this is maybe one of the first times that
13  I really feel candid about saying this to this Court, he just
14  doesn't belong in here under either Rule 8 or Rule 14.

15       And just on the back part of the motions that I made,
16  the motion for suppression, you've read the papers on that.  I
17  thought Your Honor signed an order, I may be mistaken, I don't
18  think so.  I thought Your Honor did sign an order, that's what
19  I just want to call to the Court's attention, and I have it,
20  perhaps it got lost in the shuffle, Your Honor, but my belief
21  is that Your Honor signed an order on November 28, 2000, a
22  scheduling order setting down a suppression hearing and I
23  thought, not that I'm asking for it today for several reasons
24  but I thought I had gotten to the initial stage where we were
25  going to have a hearing.

1    I think that if Your Honor has some trepidation about
2    that, I can articulate again why I think under this unusual
3    circumstance we should have a hearing even though it is a
4    consensual tape and I've never done that before, move to
5    suppress a consensual tape but I've just learned, again, maybe
6    I'm just not in the loop as I used to be, Judge Glasser, but I
7    just learned that there are extensive electronic surveillance
8    of Mr. Garafola that I haven't been afforded and I'm going to
9    talk to Mr. Corngold about that, I'm not going to waste
10   everybody's time but, again, it may be that may have been the
11   source of how come this agent and this undercover happened to
12   show up where Mr. Garafola was one morning.

13   But I think the question of severance, Judge, is
14   paramount in my mind at this moment and I would ask Your Honor
15   if you have any questions about our application for the
16   severance, I think in my brief career this is the best factual
17   and legal basis I've seen for a severance in a case such as
18   this.   Thank you, Your Honor.

19   THE COURT:  Mr. Corngold, do you want to respond when
20   all the severance motions are made or do you want to respond
21   to each as they're made?

22   MR. CORNGOLD:  Let me respond, I think it actually
23   makes sense to respond particularly to Mr. Garafola's
24   severance motion, though I do think that the issues that the
25   other defendants raise touch on that.

1    If the Court will indulge me, let me just take a
2 minute or two to describe how the U.S. Bridge of New York
3 fraud evidence and money laundering evidence fits together and
4 fits in with Mr. Garafola, the charges against Mr. Garafola.
5 The U.S. Bridge of New York was one of the four say central
6 securities manipulation, securities fraud that are charged in
7 this indictment that this enterprise is alleged to have
8 manipulated and then laundered the proceeds of.  The U.S.
9 Bridge of New York is owned by Mr. Polito who the indictment
10 alleges is a Gambino associate and the government would prove
11 that he's closely connected to Mr. Garafola who is a Gambino
12 soldier.  Mr. Polito owns the company, as the indictment
13 alleges; Mr. Lombardo, another defendant in the case who's
14 alleged to be a Bonanno associate, brought Mr. Ray in to the
15 deal, to the conspiracy.  The idea was that to facilitate the
16 U.S. Bridge of New York manipulation, to make it a stock that
17 could be sold and could be manipulated, there was the idea
18 that it would be useful to have bonding.  U.S. Bridge of New
19 York was a construction company and the bonding would permit
20 -- would arguably permit U.S. Bridge of New York to bid on
21 larger contracts.  Mr. Lombardo, the alleged Bonanno
22 associate, brought Mr. Ray in to be bribed, basically to get
23 $100,000 to pay a bribe to achieve the bonding.  Mr. Polito
24 pays the bribe, the U.S. Bridge of New York IPO happens, the
25 manipulation happens but the bonding doesn't occur.  So, what

1  happens is, and this is where Mr. Garafola comes into the
2  picture, Mr. Garafola on behalf of Mr. Polito begins to seek
3  to extort Mr. Ray, I mean the White Rock Partners, seeks to
4  get the money back that Mr. Polito spent and there will be
5  evidence about the extortion, that's the last two counts
6  in the indictment, and the events sort of culminate in
7  this meeting at a diner where Mr. Garafola is there and
8  Mr. Garafola's claim to this money, his attempt to extort this
9  money is essentially arbitrated, if you will, by other
10  organized crime figures.  Mr. Lombardo is there, the Bonanno
11  associate; Mr. Montevecchi who is alleged to be a Genovese
12  soldier is there representing the White Rock Partners.  And
13  the extortion is essentially arbitrated there.

14          Now, why then is this extortion relevant and why is
15  it -- why should it be part of the entire case?  Well, it goes
16  to the heart of the U.S. Bridge of New York securities fraud.
17  In order to prove the extortion, we're going to have to show
18  the bribe, the purpose of the bribe, what Mr. Garafola's claim
19  to the money is and how that works, so that's all going to be
20  there.  Plus, and this is really maybe the more important
21  point, the indictment as a whole alleges that there's this
22  illegal enterprise and in order for this illegal enterprise to
23  operate, they need the organized crime people who are alleged
24  in the indictment to protect, to arbitrate disputes, to
25  resolve problems because they can't go to the SEC when they've

1  got problems, they can't go to the FBI when they've got
2  problems. So, the indictment alleges a series of times when
3  the White Rock Partners use their organized crime connections,
4  Mr. Coppa, Mr. Montevecchi, Mr. Persico, Mr. Lombardo, to
5  protect them, to arbitrate disputes, to show their power as
6  opposed to the power from the other side.

7         Here Mr. Garafola, who is, as I said, alleged to be a
8  Gambino soldier and that's why this event, this extortion and
9  the resolution of the extortion is at the center of the kind
10 of conduct that goes on in this indictment, it is one of the
11 key moments that these -- that the enterprise needed to use
12 their organized crime associates to resolve the dispute. So,
13 that's what it is doing there, that's why it meets the
14 requirements of Rule 8. It's completely tied in to this U.S.
15 Bridge of New York manipulation and that's why, respectfully,
16 we don't believe it makes sense to sever the extortion out.

17         MR. ROSEN: Can I just say a few words in response?
18 If this alleged extortion is so vital to the U.S. Bridge
19 counts, why isn't Mr. Garafola in the U.S. Bridge securities
20 frauds, conspiracy to commit securities frauds, money
21 laundering of U.S. Bridge funds if it is so vital. It is not
22 vital. The IPO was out already. I mean, in other words, if
23 Mr. Garafola went out and stole a car to get to this meeting,
24 is that part of the conspiracy. If he's vital, he would be in
25 the enterprise, he would be in the RICO.

1    This is a discrete and separate situation, Judge
2    Glasser, that will cause Mr. Garafola to sit there for weeks,
3    months of securities money laundering transactions having
4    nothing, nothing to do with him and, most respectfully, and
5    I'm not one to point fingers and I'm not, the indictment does
6    describe, it does allege A, B and C and D are alleged
7    organized crime figures enlisted to protect and promote this
8    fraud.  Mr. Garafola is not named.  Mr. Corngold left out a
9    name.  He mentioned a bunch of names, you notice he did not
10   name Mr. Garafola as being someone allegedly brought in to the
11   enterprise for the muscle, no.  So, the indictment doesn't
12   even put him into this and I think that the prejudice is so
13   severe and so overwhelming in a case such as this that we meet
14   all the criteria for the Court to exercise its discretion and
15   sever Mr. Garafola.

16        MR. CORNGOLD:  Judge, I didn't talk about the Ray
17   aspect of the motions, I don't know if the Court wants me to
18   now or not.

19        THE COURT:  I'll hear Mr. Roth first.  I would note,
20   however, that in paragraph ten of the indictment which is
21   captioned The Enterprise Mr. Garafola is not mentioned as one
22   of the --

23        MR. CORNGOLD:  That's correct and Mr. Rosen is
24   correct that the government doesn't allege that Mr. Garafola
25   is one of the alleged organized crime people who are

HOLLY DRISCOLL, CSR        OFFICIAL COURT REPORTER

1  protecting the enterprise.  The indictment alleges essentially
2  that Mr. Garafola was acting on behalf of Mr. Polito, the
3  owner of U.S. Bridge of New York, one of the manipulated
4  stocks and that that's the role that he played.  So there's no
5  dispute that Mr. Garafola -- Mr. Garafola clearly is not
6  alleged to be a member of the RICO enterprise, he's not in the
7  substantive or the RICO conspiracy charge but the Court is
8  familiar with the numerous cases, some of which we cited, that
9  hold that you don't have to be a charged RICO defendant to be
10 properly joined or to be properly tried under Rule 14 and I
11 think that the Scarpa case is a good example of that.

12         MR. ROSEN:  Okay -- I don't want to say anymore.

13         THE COURT:  Before we leave this I was curious about
14 your footnote ten which refers to the Casamento case on page
15 36 of your memorandum.

16         MR. CORNGOLD:  Yes.

17         THE COURT:  Is there anything that has occurred since
18 you prepared this memorandum which would make that footnote of
19 more than passing relevance at this stage so far as the
20 severance motion is concerned?

21         MR. CORNGOLD:  I think I described another point in
22 the memorandum, the ongoing plea negotiations.  I can
23 represent to the Court that the government has -- three
24 defendants have pleaded guilty, one is scheduled to plead
25 guilty next week.  The government has agreements in principle

1  with six other defendants and we're working out the details of
2  the plea agreement. We anticipate though, of course,
3  defendants -- I mean the negotiations may not go exactly the
4  way that the government anticipates but it's my firm
5  anticipation that by the end of February there will be between
6  six and nine defendants who are left in the indictment and
7  because of that that obviously meets the Casamento numbers but
8  I can't say today that if we're ten or under.

9          THE COURT: What effect would all that have upon an
10  informed determination of these motions to sever?

11          MR. CORNGOLD: Well --

12          THE COURT: The question, Mr. Corngold, is if these
13  prospective developments would have more than passing
14  relevance to this severance motion, then it might be prudent
15  for the Court to defer making a determination with respect to
16  those severance motions.

17          MR. CORNGOLD: That's what I was going to propose,
18  Your Honor. The Court has been very indulgent with all the
19  parties in this case. What I believe is -- I will represent
20  that by the end of February, beginning of March the government
21  will have finished its plea negotiations and what I would
22  propose is a time in mid-March, early to mid-March by which
23  the Court could rule on the severance motions as a whole and
24  also set a trial date. I would suggest though I do believe
25  that and we have to get to the Shvarts issue that may have

1 something to do with the scheduling.

2 THE COURT: Well, my concern is also I think it is
3 Section 3161, maybe subdivision (j), somewhere around that, it
4 is part of the Speedy Trial Act which I think imposes some
5 limitation upon the determination of motions and I think it
6 might be that withholding a determination until some time in
7 mid-March may collide with, I think it is (j).

8 MR. CORNGOLD: Yes.

9 THE COURT: The thought just occurs to me as I'm
10 discussing this with you, I may be wrong about the letter.

11 MR. CORNGOLD: I believe, Your Honor, that the
12 provision provides 30 days after the motion is completely
13 briefed and argued though not -- it's really been a long time
14 since I've looked at it, but not as a requirement but as a
15 presumption.

16 THE COURT: Okay.

17 MR. CORNGOLD: And I think that given the reasons
18 that I've described it makes sense under the (h)(8) provision
19 for the Court to -- I'm bad with the letters.

20 THE COURT: It is (h)(8)(A) I think but I'm just
21 raising that because I was curious about that footnote, it may
22 be that all of this would be academic, I may be able to decide
23 it without even considering Casamento.

24 Insofar as the severance motion -- the suppression
25 motion, it may be that I issued that order, Mr. Rosen, I

1 generally do as a matter of course with respect to suppression
2 motions but I will tell you now that I will deny it primarily
3 on the basis of United States versus Gilette and also because
4 I think the bases upon which you make that motion are so
5 purely speculative that I don't think a suppression hearing is
6 warranted. I'll deny that motion.

7          MR. ROSEN: Thank you.

8          THE COURT: Mr. Ray, insofar as your severance motion
9 is concerned, that's been submitted, I'll deal with that.

10          MR. SMITH: Your Honor, David Smith on behalf of
11 Rocco Basile. Your Honor, given the posture that Mr. Basile
12 is in, as I explained to Your Honor before, I would ask that
13 we be excused. These matters are no longer relevant to him
14 assuming he is pleading guilty on Wednesday.

15          THE COURT: I think that's correct.

16          MR. CORNGOLD: Yes, I agree.

17          THE COURT: By all means.

18          Mr. Roth.

19          MR. ROTH: Thank you. Your Honor, in terms of the
20 severance motion, I adopt many of the arguments that Mr. Rosen
21 has made. I think if there are two defendants in this case
22 that most warrant a severance, they are undoubtedly the two
23 defendants that are not charged in the RICO count. There are
24 19 defendants here, 17 charged with RICO, the only two that
25 are not are Mr. Rosen's client and my client, Mr. Ray. And I

1 think Mr. Rosen is also correct that my client and Mr. Rosen's
2 client warrant a severance from one another because of the
3 unique circumstances that these defendants find themselves.

4      Your Honor, you can tell from my papers that my
5 client is uniquely situated here. He not only cooperated with
6 the FBI for a very extensive period of time on all sorts of
7 matters but also cooperated with the FBI in this particular
8 case against at least one defendant who will be sitting in the
9 courtroom with him, Mr. Garafola. As a matter of fact, at one
10 point and I think it was in 1996 the government engineered a
11 meeting between my client and Mr. Garafola that was at the
12 behest of the FBI, it was covered by the FBI, it wasn't
13 recorded apparently but that meeting exists.

14      Now, the only reason that my client cooperated at all
15 was because at some point in 1996 the FBI came to my client
16 and made certain allegations about threats that were being
17 made on his life, so at that point he was in a very, very
18 difficult position and more out of self-preservation than
19 anything else he decided to cooperate with the FBI and did so
20 including in this case.

21      And we've also interposed a public authority defense
22 here and I've served a notice on the government of that. Your
23 Honor, my concern with respect to Mr. Ray outside of the
24 obvious, his unique circumstances, is the fact that even if
25 all of the pleas that Mr. Corngold conjures here, even if they

1  all occur, this is going to be a very, very lengthy trial,
2  literally months I would imagine because we're talking about
3  not only a RICO conspiracy and an enterprise but we're talking
4  about four or five or six different conspiracies, we're
5  talking about four different securities conspiracies, an
6  extortion conspiracy, a money laundering conspiracy and, quite
7  frankly, Mr. Ray in essence is involved in none of them.  I
8  know he's alleged to be part of the U.S. Bridge conspiracy but
9  the U.S. Bridge conspiracy at its core is a stock manipulation
10 scheme.  My client had nothing to do with stock manipulation,
11 he had nothing to do with U.S. Bridge.  He was sought out by
12 U.S. Bridge as an intermediary to go to a bonding company to
13 get a bond and the allegation is,that he was given money and
14 that my client got money and in turn was supposed to bribe
15 somebody in the bonding company.  That is very, very
16 attenuated from that securities fraud scheme that he's charged
17 with.  Just like the extortion conspiracy that Mr. Garafola is
18 involved in, in my view, is very, very, very attenuated.

19      My concern is that we're going to be sitting here
20 and, by the way, about a month and a half ago I called
21 Mr. Corngold and asked him the same question that Your Honor
22 did, how many defendants do we have left in this thing, I'm
23 making a severance motion, how is this sorting out and he told
24 me, well, I think a month and a half ago, we've got three
25 pleas.  Well, a month and a half later we have three pleas.  I

1  know he's very optimistic about all of this happening but
2  there's a good possibility I believe, he's been trying to get
3  these pleas for ten months, this has been going on since March
4  of the year 2000 and up to this point in ten months he's come
5  up with three pleas.  This may well be a case where we end up
6  with 14 or 15 defendants in this case and we might have a four
7  month trial and the evidence against Mr. Ray, if Your Honor
8  severed Mr. Ray, could be introduced in a three or four day
9  period.  He is involved in one transaction, a series of about
10 two, maybe three at the most meetings that all occurred in
11 1995.  There are a number of witnesses that the government
12 would put on, it could all be done in two or three, maybe four
13 or five days at the most.  I would like not to be in a
14 situation where we're sitting here month after month after
15 month where his name is not mentioned and that's going to
16 happen because he's not involved in any of these sophisticated
17 manipulation schemes, he's not involved in any money
18 laundering schemes, any offshore accounts or anything.  He's
19 involved in a very finite, very discrete transaction which
20 could be handled with a minimum number of witnesses and the
21 entire picture could be developed within a week.

22        So, for that reason, Your Honor, even if there are
23 pleas in the case, I believe he should be severed plus we have
24 the public authority defense which, quite frankly, involves my
25 client and no one else.  We're going to be off on a frolic of

1    our own in this case, Your Honor, if Your Honor permits the
2    evidence which is going to require me to call a number of the
3    FBI agents as hostile witnesses who supervised my client and
4    who made certain promises and guarantees to him.  That's
5    something that has nothing to do with anybody else in this
6    courtroom.  And, by the way, Your Honor, in order for us to
7    develop his defense of public authority, we're going to have
8    to develop why he became an informant in the first place and
9    that, unfortunately, is going to reflect very negatively on
10   Mr. Rosen's client, I think it is unavoidable and I think
11   it's, you know, I'm not here preaching on Mr. Rosen's client's
12   behalf, Mr. Rosen can do that better than I, but it does
13   impact on his client in a very, very negative way and I don't
14   see how the two of them could possibly be tried together
15   provided Your Honor permits the public authority defense which
16   I think, quite frankly, Your Honor, is inevitable here.

17             MR. CORNGOLD:  See, I've had many conversations with
18   Mr. Roth about this public authority defense and I still have
19   to say, respectfully, that I just don't see, I don't see how
20   it can stand.  The conduct that Mr. Ray is alleged to have
21   engaged in in this indictment is in 1995.  At best what
22   Mr. Roth has is that some time after all that conduct was done
23   in 1996 Mr. Ray got hearsay information that there may be a
24   contract out about him by Mr. Garafola and as a result, he
25   decided to cooperate.  There's no -- I guess I just don't see

1  how his decision to cooperate in '96 or his attempts to
2  cooperate or his alleged attempts to cooperate in 1996 can
3  somehow retroactively affect whether he did the conduct in '95
4  or not.  So, with all respect, as I said, the government will
5  move to preclude this public authority defense and I truly
6  don't see how it can possibly be relevant.

7           So, what the unique circumstances are here, even if
8  somehow Mr. -- this hearsay information that there's a threat
9  one year after the fact on Mr. Ray's life somehow came in, as
10  far as I cau see, it would be admissible evidence against
11  both -- against Mr. Garafola, to go back to Mr. Garafola's
12  severance motion, if Mr. Garafola is making threats a year
13  later because of a deal gone bad because of relating to the
14  extortiou, it is relevant evidence.  So, if it's admissible,
15  it is relevant both for the case against Mr. Garafola and the
16  case agaiust Mr. Ray.  Zafiro makes clear that the idea of a
17  severance because evidence is going to be introduced is only
18  applicable if the evidence is going to be introduced against
19  one defendant that's inadmissible against another defendant.
20  Neither Mr. Garafola nor Mr. Ray have made any argument that
21  this evidence would be admissible for one case but not
22  admissible for the other case but, frankly, I don't see how
23  that evidence could ever come in to begin with.  So, I just
24  don't see how this after the fact cooperation is relevant to
25  the case.  I don't see how this threat evidence is relevant

1    only for one defendant and not for another defendant.  If it
2    is somehow relevant or his attempts to cooperate, it is really
3    a garden variety situation which happens all the time where
4    defendants seek to cooperate after the fact, maybe make
5    proffer statements and then for whatever reason decide not to
6    cooperate and go to trial.  There's nothing unusual about that
7    here.

8          THE COURT:  Mr. Roth, if what I'm hearing from
9    Mr. Corngold is correct that the public authority basis or
10   defense basis is predicated upon conduct which comes after the
11   conduct which is alleged in this indictment, then how would
12   that be at all relevant if it were offered and if a motion in
13   limine were to be made, I'm not deciding it now, it hasn't
14   been made, but for purposes of your argument, what would the
15   relevance of that evidence be?

16         MR. ROTH:  Well, Judge, let me just add a few facts
17   which I think are relevant and which I alluded to in my papers
18   but I neglected to add orally.  My client did not start
19   cooperating until 1996.  After he did cooperate he was fully
20   debriefed about everything that happened in 1995 by the FBI on
21   numerous occasions.

22         THE COURT:  This was in 1996?

23         MR. ROTH:  In 1996.  He was told by the FBI that if
24   he continued to cooperate and his cooperation was extensive
25   after 1996 and did include matters within this indictment, he

1  was told that he would not only not be prosecuted, he wouldn't
2  have to testify.  That promise I would suggest by the FBI is
3  highly relevant on a public authority defense and he
4  cooperated with the express promise by the FBI that if he did
5  so and, in fact, was under the impression that he was risking
6  his life while he was doing it, he wouldn't be prosecuted on
7  this case.  The FBI and the United States Attorney's Office
8  then reneged on that promise and, therefore, he was indicted I
9  guess in 2000 and he finds himself here today.

10         His cooperation was very extensive in this case.
11  Mr. Corngold tries to create the impression that by the time
12  he cooperated this case was over.  That's not true.  He met
13  with Mr. Garafola in this case surveilled by the FBI in this
14  case.  He went to Russia on behalf of the FBI in this case to
15  bring Mr. Felix Sater, an unindicted co-conspirator and
16  cooperator with the government, an individual who is going to
17  testify, he went to Russia at the behest of the FBI to bring
18  him back to the United States.  Now, the FBI has conveniently
19  lost all records.  I've requested in discovery pursuant to
20  Rule 16 all records of his cooperation, 302s.  They don't have
21  anything but his cooperation did exist, we can prove it
22  independently and he was promised a walk on this case which he
23  did not get.

24         THE COURT:  Mr. Roth, I'm just thinking aloud, if
25  what you say is correct, is there some basis for a motion by

1 you to dismiss the indictment against Mr. Ray by way of
2 enforcing a promise which you believe you can establish or by
3 way of enforcing a promise that he would not be called as a
4 witness?

5       MR. ROTH:  I mean I already know what the
6 government's answer is, Your Honor; their response is he
7 didn't tell them the truth, therefore, he violated the
8 agreement, therefore, he was prosecuted.

9       THE COURT:  Well, I don't know what the government's
10 answer is, all I know is what I'm hearing hear from you,
11 Mr. Roth, but I have a recollection going back nearly twenty
12 years, it was the first major criminal case that I had, it was
13 the Cunningham case, president of the union and two
14 co-defendants and as I recall it, there was a gentleman whose
15 name I can't remember who was promised by the government that
16 in the event he provided information, he would not be called
17 as a witness and then was subpoenaed and a motion was made to
18 quash the subpoena which was argued rather vigorously and I
19 granted that motion having found that there was such a promise
20 which causes me to think that if everything you say is true
21 and there was some agreement, maybe you have some remedy with
22 respect to that.

23       MR. ROTH:  Judge, I will concede --
24       THE COURT:  It might be worth testing.
25       MR. ROTH:  I will concede two things, Your Honor;

1  number one, that agreement was obviously not in writing or I'd
2  be in a position --

3          THE COURT:  It is not a statute of frauds problem.
4          MR. ROTH:  And number two, the United States
5  Attorney's Office clearly at the time it was made was not a
6  party to that promise.  So, I hear what Your Honor is saying
7  and perhaps I'll supplement my pretrial motions if Your Honor
8  would permit.

9          THE COURT:  What you're saying, Mr. Roth, reflects
10 rather seriously and badly upon a government agency, I mean I
11 hear this very frequently from defense counsel that the
12 government is acting in a rather unlawful, venal, dishonest
13 corrupt way, that argument is almost standard in many cases
14 which I hear by defense counsel and if there is some merit to
15 that, then perhaps the Court ought to be given an opportunity
16 to determine whether there is or isn't some merit to that.
17 But, in any event, if there's nothing else that you want to
18 add, I'll permit Mr. Corngold.

19         MR. CORNGOLD:  If I could just say three things about
20 what Mr. Roth said.  First, the converse of what the Court is
21 saying which I think is clear is that even if there is a
22 motion to be made to compel the enforcement of a contract or
23 having to do with the government's misbehavior here, that's
24 just not jury evidence, that's not a jury question, it is a
25 court question and it goes -- it doesn't go at all to the

1  issue of guilt or innocence in this case.

2      THE COURT:  Well, it's not a question of guilt or
3  innocence, we're dealing with a severance motion.

4      MR. CORNGOLD:  That's correct though it is also tied
5  in to the discovery motion and it is relevant to the severance
6  motion because the premise of the motion or part of the
7  premise of the motion is there's going to be all of this ugly
8  evidence introduced that only relates to Mr. Ray that arguably
9  is damaging to Mr. Garafola and it's our position simply that
10 this evidence is just not admissible evidence in a trial,
11 either a joint trial or a severed trial.  I just want to say
12 two other things, I think we've said in the papers but just to
13 make it clear, it is simply not true that the government sent
14 Mr. Ray to Russia to bring Mr. Sater back and it is simply not
15 true that the government conveniently lost all the records.
16 The government has disclosed to Mr. Roth all the relevant 302s
17 that have to do with debriefings that occurred in this '96
18 period about these matters and it's just important I think for
19 the government to say that those two statements are just not
20 true.

21      THE COURT:  Okay.  Anything else?

22      MR. ROTH:  Thank you, Judge, no, nothing.

23      THE COURT:  That motion is submitted.  I think that's
24 the only motion you made.

25      MR. ROTH:  No, that's not true, Your Honor, I have a

1

1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
2
- - - - - - - - - - - - - - X
3
UNITED STATES OF AMERICA,   :
4                                 :
                 Plaintiff,   :    CR-98-1102
5                                 :
           -against-          :    United States Courthouse
6                                 :
                              :    Brooklyn, New York
7
SALVATORE LAURIA,             :
8
                 Defendant.   :
9                             :    February 5, 2004
                              :    10:00 a.m.
10  - - - - - - - - - - - - - - X

11                       TRANSCRIPT OF SENTENCING
                     BEFORE THE HONORABLE I. LEO GLASSER
12                     UNITED STATES DISTRICT JUDGE

13  APPEARANCES:

14  For the Plaintiff:      ROSLYNN R. MAUSKOPF, ESQ.
                           United States Attorney
15                         BY:  ERIC CORNGOLD, ESQ.
                           Assistant United States Attorney
16
    For the Defendant:      ROBERT G. STAHL, ESQ.
17

18

19

20  Court Reporter:         FREDERICK R. GUERINO, C.S.R.
                           225 Cadman Plaza East
21                         Brooklyn, New York
                           (781) 613-2503
22

23

24
    Proceedings recorded by mechanical stenography, transcript
25  produced by CAT.

        FREDERICK R. GUERINO, C.S.R.      OFFICIAL COURT REPORTER

1          THE COURT CLERK:  Criminal cause for sentencing:

2   United States of America v. Salvatore Lauria.

3          MR. CORNGOLD:  Eric Corngold for the United States.

4          MR. STAHL:  Robert Stahl on behalf of Mr. Lauria.

5          THE COURT:  Ready to proceed?

6          MR. STAHL:  Yes, Your Honor.

7          THE COURT:  Have you reviewed the Presentence Report

8   with your client?

9          MR. STAHL:  I have, your Honor.

10         THE COURT:  I think you have taken one exception to

11  the Presentence Report, based on the Lauersen case.

12         MR. STAHL:  Yes, Your Honor.  Obviously we also

13  certainly agree with the government's position on the money

14  laundering, that there should not be the enhancement for

15  managerial role in that.  So that if we are looking at the

16  government's footnote two of their sentencing memorandum, if

17  I'm correct, your Honor, then it is one difference.  I think

18  the argument is made in the briefs.

19         What I would just like to emphasize briefly is that

20  when you look at the cases affecting a financial institution,

21  it talks about in some fashion now the cases have been

22  construed broadly whether the bank -- there's been some cases

23  whether bank loses interest is that affecting a financial

24  institution, but we have White Rock and State Street that

25  were created by Mr. Lauria and others for this.  I don't

FREDERICK R. GUERINO, C.S.R.        OFFICIAL COURT REPORTER

1   believe that is what Congress is looking for.  I join that

2   argument with the Lauersen analogy as well, and I think it is

3   something for your Honor to at least take into consideration.

4            THE COURT:  Mr. Corngold?

5            MR. CORNGOLD:  Well, Judge, as I tried to express in

6   our letter, I think the idea behind the guideline is the

7   crimes that affect financial institutions, that involve

8   financial institutions, are cases that the Sentencing

9   Commission believes deserve this kind of enhancement, and

10  given the effect of the numerous investors at White Rock and

11  State Street, the other brokerage firms, we believe the

12  guideline is appropriate.

13           THE COURT:  I think so, too.  Lauersen, I think, is

14  a case which, as I read it, ought to be pretty much confined

15  to its own facts.  We will eliminate paragraph 99, and that

16  would make paragraph 101 read 33.  And that makes paragraph

17  36 read 33, and paragraph 108 becomes 35, and paragraph 110

18  becomes 32.  Is that right?

19           MR. CORNGOLD:  Yes, your Honor.

20           THE COURT:  Mr. Stahl, do you want to be heard

21  beyond that?

22           MR. STAHL:  Not on the legal argument.  On the

23  sentencing, yes, Your Honor.

24           THE COURT:  Go ahead.

25           MR. STAHL:  Your Honor, obviously between the PSR,

1    probation did an excellent job, and the submission of

2    Mr. Corngold, your Honor begins to get a fuller sense of Mr.

3    Lauria, both his conduct involved in the fraud and his

4    post-rehabilitative conduct.

5         Mr. Lauria is someone whose family is here in court

6    today to show their support and it has not been easy.  As

7    your Honor is aware, Mr. Lauria cooperated fully with the

8    government immediately and extensively in bringing upon not

9    only himself, which is not a concern to Mr. Lauria in

10   particular, but to his family, and to make amends for the

11   acts that he did.  Mr. Lauria cooperated not only against

12   other brokers and money launderers, but also against

13   organized crime, which I think is laid out in both our

14   submissions.  And that led to a number of threats against Mr.

15   Lauria and his family, including against his young daughter.

16        But, in addition to that, Mr. Lauria was the person

17   at White Rock, State Street Capital that had been

18   legitimately involved in the stock market business, had

19   signed all of the leases, and put his name personally

20   responsible for all of the money, and has settled with every

21   investor who has filed a suit.  He has settled with the

22   creditors of those companies, from the phone systems to the

23   furniture leases, has not walked away from it, did not

24   declare bankruptcy, and did not say I just can't do this.  He

25   saw that he had to live up to his responsibilities, that he

FREDERICK R. GUERINO, C.S.R.        OFFICIAL COURT REPORTER

1    had completely gone off course from his upbringing from a

2    very humble background, hard-working, family oriented, to

3    live up to those financial responsibilities, as well as his

4    family responsibilities.  And he, unlike some other

5    individuals involved in this, went out and did the best he

6    could and settled with those people.  So anyone that filed an

7    action against the companies, or Mr. Lauria or others, Mr.

8    Lauria has settled with, and has left him, as you can see

9    from the financials, in difficult financial shape, and

10   obviously leaving his family in difficult financial shape.

11          So since he started in 1998 cooperating with the

12   government, he has lived a legitimate life.  He's attempted

13   several business ventures, earned legitimate money, has paid

14   off the people he's owed to satisfy settlements.  He has

15   certainly regretted what has happened and has tried to make

16   up for it as best he can.

17          In addition, I would just like to note, your Honor,

18   that because of the length of the investigation, the length

19   of the case, which certainly benefits Mr. Lauria as well, he

20   has been living something akin to a sentence for the last

21   five and a half years, never knowing what is going to happen,

22   not being able to get your life completely squared away and

23   move forward, and every day not knowing with the family what

24   is going to happen, has added, of course, the stress to his

25   already substantial health problems that are outlined in our

1    submission.

2         I would ask your Honor to take all of those factors

3    into consideration when fashioning an appropriate sentence

4    for someone that led a hard-working life before, completely

5    veered from that, and came back and has done everything in

6    his power to make amends for that, your Honor.

7         THE COURT:  Who are all of these people that you say

8    he settled with, who are they?

9         MR. STAHL:  They were investors that filed lawsuits.

10        THE COURT:  How many were those?

11        MR. STAHL:  I would say about between 15 and 20.

12        THE COURT:  That's just a minuscule percentage of

13   the number of investors who were defrauded, who suffered

14   substantial losses as a result of Mr. Lauria's activity.

15   Fifteen to 20 is not even a drop in the bucket.

16        MR. STAHL:  Your Honor, I understand.  I'm not

17   putting Mr. Lauria up for a commendation at all.  Mr. Lauria

18   committed a complicated stock fraud, as we have seen too many

19   times in this courtroom, and when I have been before you on

20   other matters, people who start out legitimately, become

21   greedy.  They go on a slippery slope and the next thing they

22   know they are involved in this.  That's not excusable.  But

23   my point to your Honor is, Mr. Lauria has done what he can

24   within his own financial means, and the people that sought

25   claims, people that lost money in the investments, and

1    companies that had leased equipment to Mr. Lauria's company

2    is not just his companies, but the people who were involved

3    with Mr. Lauria, and none of the other partners have taken

4    any of this action.  This is something Mr. Lauria has done in

5    an effort to live up to his responsibilities.

6          Obviously, when you see numbers in the $30 million

7    range, we know Mr. Lauria did not receive that amount of

8    money individually.  We know that the amount of money goes

9    into the entire conspiracy and the payoffs, and the organized

10   crime extractions, and the brokers, and things like that.  So

11   Mr. Lauria sold both his homes, divested the money, and

12   returned it to the government as part of restitution.

13         In addition to that, he has settled with the people

14   that came forward.  Obviously Mr. Lauria could not go out and

15   track down each and every individual investor and offer them

16   a penny on each dollar that was lost.  He was one part of a

17   very large group of individuals.  Most of them have been

18   before your Honor, 24, I believe, individuals that the

19   government directly, through Mr. Lauria's cooperation, was

20   able to indict, in addition to all of the other cases,

21   including ongoing cases that he has cooperated and still

22   cooperates to this day with the United States.

23         THE COURT:  Mr. Corngold?

24         MR. CORNGOLD:  Well, your Honor, I think that the

25   court is very familiar with this case.  I don't think I have

1    to spend much time talking about the large extent of the

2    fraud that was involved here, the number of people who were

3    injured by the fraud, or Mr. Lauria's central role in the

4    fraud.  He was one of the three original partners.

5          I guess I would quibble a little with what Mr. Stahl

6    said, only to the extent that this was not the kind of case

7    we sometimes see where people start out legitimately, hoping

8    to set up a legitimate business, and slip into criminality.

9    I think it is clear, and I think Mr. Lauria will agree, that

10   this enterprise was set up from the beginning to defraud

11   people.  Mr. Lauria knew that and was an active central

12   participant in that, and the courts see numerous defendants

13   involved, and Mr. Lauria was really at the top of the pyramid

14   with his partners, Mr. Klotsman and Mr. Sater.

15         That being said, it is also important, and as I

16   think I tried to lay out in the letter, it's important to

17   recognize Mr. Lauria's cooperation was substantial.  Because

18   Mr. Lauria was at the top of the pyramid, he was able to

19   give, maybe not sadly, but he was able to give a lot of

20   cooperation for a number of people.  He was always prepared

21   to meet with us.  He met with us willingly.  We always found

22   him to be an honest person in his conversations with us about

23   his crime.  He always admitted his crimes and he was prepared

24   to testify.

25         There was no trial in this case, but Mr. Lauria

1    would have been one of the central witnesses in the trial,

2    had he testified, and we believe that his testimony would

3    have been credible and useful.  So the court has to balance

4    both the egregious harm involved here, but also the

5    substantial assistance, in determining what the proper

6    sentence should be.

7              THE COURT:  Mr. Stahl made reference to threats

8    which I see no reference to in your letter.

9              What do you know about that?

10             MR. CORNGOLD:  The threats, your Honor, Mr. Lauria

11   reported them.  They are described in Mr. Stahl's letter.

12   Agent Taddeo is here.  I think the answer is, well, we were

13   never able to identify who made the threats, and that doesn't

14   mean that we don't believe that what he described didn't

15   exist.  We were just never able to track them down.

16             Is that fair?

17             AGENT TADDEO:  That's correct.

18             MR. STAHL:  Your Honor, first we know in particular

19   there was the initial approach by a private investigator

20   hired by Mr. Persico, and that was someone that Mr. Lauria

21   had grown up in the neighborhood with.  So that's one of the

22   individuals that he was very concerned about, because

23   Mr. Persico viewed as the ultimate act of betrayal.

24             Second, Mr. Lauria, the telephone call, I'm talking

25   about to his wife talking about how cute their daughter is,

FREDERICK R. GUERINO, C.S.R.        OFFICIAL COURT REPORTER

1    was traced to a phone booth a mile and a half away, and was

2    reported to the local police, and of course was reported to

3    Agent Taddeo and his squad at the time, and I believe that

4    was all verified.  Obviously, as Mr. Corngold said, they were

5    never able to trace who made the call, but it was certainly a

6    clear message to Mr. Lauria and his family.

7              THE COURT:  Anything else?

8              MR. CORNGOLD:  No, Your Honor.

9              THE COURT:  Did you want to say something?

10             AGENT TADDEO:  No, your Honor.

11             THE COURT:  Mr. Lauria, what would you like to say

12   to me this morning?

13             THE DEFENDANT:  I have something I prepared.

14             First, I would like to apologize to you, your Honor,

15   for being here today.  On my behalf, I want to apologize to

16   the people I hurt on Wall Street, my clients and former

17   clients.  I must apologize to my mother and father who came

18   here to give us the American dream, and to watch her only son

19   flush it down the toilet.  It's been a devastating event for

20   my family and myself.  Your Honor, it was an opportunity that

21   someone like me gets once in a lifetime and that's to get a

22   chance on Wall Street.  I came from a construction business,

23   and it was the proudest moment of my life, knowing I was

24   behind a desk at a job of this caliber.  I failed everyone

25   when I chose to take a shortcut to cheat, lie and steal.

1            I was aware of my actions and did them anyway, even

2     though I knew the repercussions would be harsh.  I take full

3     responsibility for my actions and I knew I was wrong.  I took

4     advantage of the best opportunity someone like me could have,

5     poor judgment, stupidity led me down the wrong path, which I

6     was fully aware of in my heart.

7            Your Honor, it's been six years since I turned

8     myself in and a decade since I committed the crime.  In these

9     years, I tried to be the best person I could be.  I

10    cooperated with the government and have done everything they

11    asked of me and did more, including surrender material.

12           I have been scared for my life and my family that I

13    love very much.  I want nothing more than to change back

14    time, especially when my youngest daughter was threatened.  I

15    learned the gravity of my crime went beyond money and put my

16    family's lives in danger.

17           I cherish my every waking moment with my wife and

18    daughters, and realize I want nothing more than to be around

19    them and to be a great role model and to teach them to be

20    hard-working citizens.  I know I did bad things.  I am really

21    sorry.  I brought shame and danger to my family.  In addition

22    to that, I now face time away from them, and the hardest is

23    deportation, since I'm not an American citizen.

24           My family has endured tremendous humiliation and

25    separation.  Now they must either uproot their lives, leaving

FREDERICK R. GUERINO, C.S.R.        OFFICIAL COURT REPORTER

1    behind friends and family, or leave me.  I ask your Honor to

2    take all of these things into consideration in sentencing me.

3         I tried to cooperate all of these years and tried to

4    make amends for my wrong.  I lived every day for the past six

5    years in danger for my family and me, and fear of the unknown

6    for today the sentence sought itself.  I accept full

7    responsibility for my actions, your Honor.  That's all I have

8    to say.

9         THE COURT:  Well, I don't know how many defendants

10   were involved overall in this case, but there were quite a

11   few.

12        MR. CORNGOLD:  There were 19 defendants in the

13   indictment and four other defendants charged in separate

14   counts.

15        THE COURT:  I heard pretty much the same story over

16   and over again.  I don't suppose I will ever understand what

17   it is that permits people like you and the other 18 or 19

18   people who have been involved in this case to embark upon

19   that course of conduct and then continue with it for so long.

20   I just don't know what happens to a moral compass, if such a

21   compass exists in your universe, interest never ceases to

22   absolutely confound me that day in and day out you and your

23   colleagues knew that you were defrauding a lot of people,

24   that you were inducing people to take money which they may

25   have set aside for their children's education and for their

FREDERICK R. GUERINO, C.S.R.        OFFICIAL COURT REPORTER

13

1    retirement, and it was all lost.

2           I'm also never capable of understanding the

3    incredible goal ability of people who have invested or

4    willingly give money to firms such as State Street Capital,

5    and the others.  I guess in a sense they are motivated by the

6    same desire that motivates you or motivated your desire to

7    get rich quick and to buy penny stocks, relying upon

8    representations that they will become very rich in a short

9    while.

10          I guess in most of us, thankfully, hopefully there's

11   a little small voice which resides within us, which speaks to

12   us when we are about to do something that is wrong, that

13   little voice tells us not to do it, and we listen.  And you

14   and the others either didn't have that little voice, or if

15   you did, you weren't paying any attention to it.

16          What troubles me about this sentence, you put it

17   correctly, it troubles me all the time, these motions

18   pursuant to 5K1 are terribly troublesome.  They are

19   troublesome.  The trouble was compounded by the fact that

20   it's been five and a half years since Mr. Lauria reported to

21   the government and said, I'm ready to tell you everything I

22   know.  Why does it take or why did it take five and a half

23   years?  I guess in a sense the fault may be mine.  I know

24   what your answer was, Mr. Corngold, or will be, well,

25   cooperating during this entire five and a half year period.

1    I really am a little skeptical about that.  Most of the other

2    defendants have pleaded and have been sentenced some time

3    ago, most of them have.

4            MR. CORNGOLD:  That's right.

5            THE COURT:  And I suppose to some extent the fault

6    also lies with us.  I keep getting letters from you, from

7    Jonathan Sack, telling me to please postpone the sentence

8    because Mr. Lauria still is assisting us.  So the sentence

9    gets put off year in and year out, and during that period of

10   time in a sense I guess the sentence is really being served

11   to some extent by the defendant, really in a state of limbo

12   or uncertainty.

13           What's going to happen since 1998?  Will I be

14   separated from my family?  If so, for how long?

15           Could I start a new career?  Could I embark upon a

16   new venture.

17           Does the government think about that?  Don't answer.

18   I don't want to hear it.  I guess to some extent it is our

19   fault.  Maybe we should say when we get these letters, no, it

20   is enough, too much time has gone by, it shouldn't have taken

21   all of that long.  How much more information could you have

22   gotten?  He probably gave you everything you needed to pursue

23   a very successful prosecution within six months after he

24   began to cooperate with you.  What did you have to know?  He

25   told you what Sater was doing, what Klotsman was doing, what

1       all of the others were doing.  How the fraud was perpetrated.

2                    What else did you have to know?

3                    Why did it take five and a half years?

4                    I'm not a prosecutor.  I don't prepare these cases.

5       But just common sense would tell me that you know pretty much

6       everything you had to know a long time ago in order to pursue

7       a successful prosecution, particularly if Mr. Lauria is

8       willing to cooperate and testify against all of these people.

9       That compounds the difficulty which I have, because in a

10      sense it is not inappropriate for me to take into account

11      five and a half years during which Mr. Lauria was living in a

12      state of limbo.  He wasn't separated from his family, that's

13      true.  He wasn't spending all of that time in a federal

14      correctional facility, that's true.  But there are all kinds

15      of confinements, some are physical, some are psychological.

16      I don't know which is worse.  Maybe I would like to hear from

17      you, Mr. Corngold.

18                   Why did it take five and a half years?

19                   MR. CORNGOLD:  Well, your Honor --

20                   THE COURT:  I don't think you were involved from the

21      beginning.  I think this is Mr. Sacks.

22                   MR. CORNGOLD:  I think that the general point that

23      the court is making is actually correct, and I do find it

24      troubling, I think in this instance with Mr. Lauria and a

25      couple of his other codefendants whose haven't been sentenced

FREDERICK R. GUERINO, C.S.R.       OFFICIAL COURT REPORTER

1    yet, there are still two, there are still three more, the

2    reason is the specific one which is that there were other

3    matters that the government felt that Mr. Lauria had

4    potentially contributed to that were serious and significant

5    that in this instance didn't pan out to the degree that it

6    deserved discussion in the letter, but that we felt we had a

7    good reason to think that it was useful to let Mr. Lauria

8    continue to try to work on those matters.  I think in general

9    the court is right, though.  I think in general the

10   government and I let these things drag out too long, but I do

11   think in this instance if the court wants me to describe in

12   more detail what I'm talking about --

13           THE COURT:  No.

14           MR. CORNGOLD:  In this instance with Mr. Lauria and

15   codefendants, it was actually appropriate, but I do take the

16   court's point, which I do think is right.

17           THE COURT:  I am going to grant the government's

18   motion pursuant to 5K1.1, and for the reasons which have been

19   indicated in the letter on behalf of the defendant, which I

20   won't bother spreading on the record.  I think they have been

21   alluded to.

22           I'm going to put Mr. Lauria on probation for a

23   period of five years.  As a condition of probation, I'm going

24   to direct 12 months of home confinement, 300 hours of

25   community service, $100 special assessment, and a $20,000

FREDERICK R. GUERINO, C.S.R.        OFFICIAL COURT REPORTER

1   fine.

2        For the reasons indicated in the government's

3   letter, with which I fully agree, regarding restitution,

4   restitution in not appropriate in this case for the reasons

5   which will be found in 3664(a) and 3663(a)(C)(3) of Title 18

6   of the United States Code.

7        I don't think there was an underlying indictment

8   here, was there?

9        MR. CORNGOLD:  No, Your Honor.

10       THE COURT:  This was a plea to an Information?

11       MR. CORNGOLD:  That's correct.

12       THE COURT:  Mr. Lauria, the relative leniency of the

13  sentence which I'm imposing today should not for a minute

14  give you the slightest suggestion that the sentence reflects

15  a forgiving view of what you were involved in back in the

16  early '90s.  I don't think there's anything more for me to

17  say which would add to what I have already said in connection

18  with this case.  There's nothing else?

19       MR. CORNGOLD:  No, Your Honor.

20       MR. STAHL:  No, Your Honor.

21       THE COURT:  These proceedings are concluded.

22       MR. STAHL:  Your Honor, I just have one point --

23       THE COURT:  Before we go any further, there was a

24  Cooperation Agreement, right?

25       MR. CORNGOLD:  Yes, Your Honor.

1          THE COURT:  And there was no waiver in that

2    agreement that generally isn't those pleas.

3          MR. CORNGOLD:  That's correct.

4          THE COURT:  So I'm obliged Mr. Lauria that he has a

5    right to appeal this sentence, only God knows why he would,

6    but you have that right, and if you can't afford to fund an

7    appeal, you can make an application to have the fees waived.

8          If there's nothing else, these proceedings are

9    concluded.

10          Is there something else?

11          MR. STAHL:  Your Honor, I just have one brief point

12    of clarification.  I don't know how it works in the Eastern

13    District, I apologize.

14          THE COURT:  The question is, can you he continue to

15    work?  The answer is yes.

16          MR. STAHL:  Yes.

17          THE COURT:  Anything else?

18          MR. STAHL:  No, Your Honor.

19          MR. CORNGOLD:  Thank you very much.

20          (The sentencing is concluded.)

21

22

23

24

25

Lauma Sal

AV:JSS:jss
F. #1998R02283
LAURCOOP.AGR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

SALVATORE LAURIA,

             Defendant.

- - - - - - - - - - - - - - - -X

COOPERATION AGREEMENT

98 CR 1102 (ILG)

        Pursuant to Rule 11 of the Federal Rules of Criminal
Procedure, the United States Attorney's Office for the Eastern
District of New York (the "Office") and SAL LAURIA (the
"defendant") agree to the following:

        1.    The defendant will waive indictment and plead
guilty to an information to be filed in this district charging
violation of 18 U.S.C. § 1962(c).  The count carries the
following statutory penalties:

Racketeering Conspiracy!

      a.   Maximum term of imprisonment: 20 years
           (18 U.S.C. § 1963(a)).

      b.   Minimum term of imprisonment: 0 years
           (18 U.S.C. § 1963(a)).

      c.   Maximum supervised release term: 3 years, to
           follow any term of imprisonment; if a
           condition of release is violated, the
           defendant may be sentenced to up to 2 years
           without credit for pre-release imprisonment
           or time previously served on post-release
           supervision
           (18 U.S.C. §§ 3583 (b), (e)).

*[Handwritten margin notes: "Waive Indictment", "Plead to Information", "5/8 May 22, 2018"]*

GOVERNMENT
EXHIBIT
LAURIA 2
00 CR1461LG)

2

       d.   Maximum fine: 2 times the gross gain or
           gross loss, or $250,000, whichever is
           greater
           (18 U.S.C. § 3571(b) and (d)).

       e.   Restitution: $60 million approx.
           (18 U.S.C. § 3663).

       f.   $100 special assessment
           (18 U.S.C. § 3013).

       g.   Other penalties: possible deportation.

2.   The defendant's sentence is governed by the United States Sentencing Guidelines.  The Office will advise the Court and the Probation Department of information relevant to sentencing, including all criminal activity engaged in by the defendant, and such information will be used to calculate the Sentencing Guidelines range.  Based on information known to it now, the Office will not oppose a downward adjustment of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1.

3.   The defendant will provide truthful, complete and accurate information and will cooperate fully with the Office. This cooperation will include, but is not limited to, the following:

       a.   The defendant agrees to be fully debriefed
           and to attend all meetings at which his
           presence is requested, concerning his
           participation in and knowledge of all
           criminal activities.

       b.   The defendant agrees to furnish to the Office
           all documents and other material that may be
           relevant to the investigation and that are in
           the defendant's possession or control and to
           participate in undercover activities pursuant
           to the specific instructions of law

3

enforcement agents or this Office.

c.   The defendant agrees not to reveal his
     cooperation, or any information derived
     therefrom, to any third party without prior
     consent of the Office.

d.   The defendant agrees to testify at any
     proceeding in the Eastern District of New
     York or elsewhere as requested by the Office.

e.   The defendant consents to adjournments of his
     sentence as requested by the Office.

f.   The defendant agrees to provide the Office
     with a financial statement making truthful
     and complete disclosure under oath concerning
     his financial worth, including all of his
     assets and income in his own name and in the
     name of other persons and entities.

g.   The defendant agrees to enter into the
     Consent Order annexed hereto.  As set forth
     in the Consent Order, the terms of which are
     incorporated by reference herein, the
     defendant agrees to deposit $20,000, and the
     proceeds from the sale of certain real
     property, into an interest bearing account
     maintained by the Clerk, U.S. District Court,
     Eastern District of New York. All of the
     defendant's assets, including the funds
     deposited into the aforementioned account,
     may be applied to pay any fine and
     restitution to victims of the defendant's
     criminal activities, as ordered by the Court.

4.  The Office agrees that:

a.   Except as provided in paragraphs 1, 8, and 9,
     no criminal charges will be brought against
     the defendant for his heretofore disclosed
     participation in criminal activity involving
     fraudulent securities transactions, and the
     unlawful laundering and structuring of
     proceeds therefrom, from approximately March
     1992 through October 13, 1998; false tax
     reporting and filings for the years 1990
     through 1997 as a result of the

4

aforementioned criminal activity; and threats of violence in connection with securities transactions from approximately October 1993 through September 1996.

b.   No statements made by the defendant during the course of this cooperation will be used against him except as provided in paragraphs 2, 8, and 9.



5.   The defendant agrees that the Office may meet with and debrief him without the presence of counsel, unless the defendant specifically requests counsel's presence at such debriefings and meetings. Upon request of the defendant, the Office will endeavor to provide advance notice to counsel of the place and time of meetings and debriefings, it being understood that the Office's ability to provide such notice will vary according to time constraints and other circumstances. The Office may accommodate requests to alter the time and place of such debriefings. It is understood, however, that any cancellations or reschedulings of debriefings or meetings requested by the defendant that hinder the Office's ability to prepare adequately for trials, hearings or other proceedings may adversely affect the defendant's ability to provide substantial assistance. Matters occurring at any meeting or debriefing may be considered by the Office in determining whether the defendant has provided substantial assistance or otherwise complied with this agreement and may be considered by the Court in imposing sentence regardless of whether counsel was present at the meeting

or debriefing.

6.    If the Office determines that the defendant has
cooperated fully, provided substantial assistance to law
enforcement authorities and otherwise complied with the terms of
this agreement, the Office will file a motion pursuant to
U.S.S.G. § 5K1.1 with the sentencing Court setting forth the
nature and extent of his cooperation.  Such a motion will permit
the Court, in its discretion, to impose a sentence below the
applicable Sentencing Guidelines range.  In this connection, it
is understood that a good faith determination by the Office as to
whether the defendant has cooperated fully and provided
substantial assistance and has otherwise complied with the terms
of this agreement, and the Office's good faith assessment of the
value, truthfulness, completeness and accuracy of the
cooperation, shall be binding upon him.  The defendant agrees
that, in making this determination, the Office may consider facts
known to it at this time.  The Office will not recommend to the
Court a specific sentence to be imposed.  Further, the Office
cannot and does not make a promise or representation as to what
sentence will be imposed by the Court.

7.    The defendant agrees that with respect to all
charges referred to in paragraphs 1 and 4(a) he is not a
"prevailing party" within the meaning of the "Hyde Amendment,"
Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any

6

claim under that law.  The defendant waives any right to
additional disclosure from the government in connection with the
guilty plea.

8.   The defendant must at all times give complete,
truthful, and accurate information and testimony, and must not
commit, or attempt to commit, any further crimes.  Should it be
judged by the Office that the defendant has failed to cooperate
fully, has intentionally given false, misleading or incomplete
information or testimony, has committed or attempted to commit
any further crimes, or has otherwise violated any provision of
this agreement, the defendant will not be released from his plea
of guilty or from the Consent Order but this Office will be
released from its obligations under this agreement, including (a)
not to oppose a downward adjustment of three levels for
acceptance of responsibility described in paragraph 2 above, and
(b) to file the motion described in paragraph 6 above.  The
defendant will also be subject to prosecution for any federal
criminal violation of which the Office has knowledge, including,
but not limited to, the criminal activity described in paragraph
4 above, perjury and obstruction of justice.

9.   Any prosecution resulting from the defendant's
failure to comply with the terms of this agreement may be
premised upon:  (a) any statements made by the defendant to the
Office or to other law enforcement agents on or after October 13,

1998; (b) any testimony given by him before any grand jury or other tribunal, whether before or after the date this agreement is signed by the defendant; and (c) any leads derived from such statements or testimony. Prosecutions that are not time-barred by the applicable statutes of limitation on the date this agreement is signed may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statutes of limitation between the signing of this agreement and the commencement of any such prosecutions. Furthermore, the defendant waives all claims under the United States Constitution, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal statute or rule, that statements made by him on or after October 13, 1998, or any leads derived therefrom, should be suppressed.

10. If the defendant requests, and in the Office's judgment the request is reasonable, the Office will make application and recommend that the defendant and, if appropriate, other individuals be placed in the Witness Security Program, it being understood that the Office has authority only to recommend and that the final decision to place an applicant in the Witness Security Program rests with the Department of Justice, which will make its decision in accordance with applicable Departmental regulations.

11. If the defendant requests, and in the Office's

8

judgment the request is reasonable, the Office will recommend to the Department of Justice that the defendant not be deported, it being understood that the Office has authority only to recommend and that the final decision whether to grant such relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

12.   This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

13.   No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by all parties.  This agreement supersedes any prior promises, agreements or conditions between the parties.   To become effective, this agreement must be signed by all signatories listed below.

Dated:   Brooklyn, New York
         December 10, 1998

                                    ZACHARY W. CARTER
                                    United States Attorney
                                    Eastern District of New York

Agreed and consented to:

                          By:   _____
                                Jonathan S. Sack
                                Assistant United States Attorney

_____
Defendant

Approved by:                    Approved by:

_____   _____
Counsel to Defendant              Andrew Weissmann
                                  Supervising Assistant U.S. Attorney

Lauria, Sal

42118198

AV:JSS:jss
F. #1998R02283
LAURREST.ORD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

SALVATORE LAURIA,

        Defendant.

- - - - - - - - - - - - - - - -X

CONSENT ORDER

98 CR 1102 (ILG)

Assd Recovery

      WHEREAS, on December   , 1998 the defendant SALVATORE
LAURIA (the "defendant") entered into an agreement pursuant to
which he has entered a guilty plea to a Felony Information which
charged him with violating 18 U.S.C. § 1962(c); and

      WHEREAS the defendant consents to enter into this
Consent Order as set forth herein pursuant to which certain
assets, and proceeds derived therefrom, will be used to pay any
fine and restitution to victims of the criminal activities set
forth in the aforementioned Felony Information;

      IT IS HEREBY STIPULATED AND AGREED by and between
Zachary W. Carter, United States Attorney for the Eastern
District of New York, by Assistant U.S. Attorney Jonathan S. Sack
(the "Office"), and the defendant, as follows:

      1.   The defendant agrees to provide the Office with a
financial statement making truthful and complete disclosure under
oath concerning his financial worth, including all of his assets

GP to Felony Information

May 22, 2018

GOVERNMENT EXHIBIT
LAURIA 3

and income in his own name and in the name of other persons and entities.

2.   The defendant agrees to deposit funds in the amount of $20,000 into an interest bearing account maintained by the Clerk, U.S. District Court, Eastern District of New York (the "Restitution Account") no later than 120 days after the date of this agreement.

3.   The defendant agrees to sell the following parcel of real property, subject to the Office's approval, and deposit the proceeds from this sale to the Restitution Account no later than 180 days after the date of this agreement:  2 Blueberry Court, Quogue, New York, held in the name of Hope Lauria.

4.   The defendant agrees that, upon request of the Office, he will provide truthful and complete information and assistance with respect to the identification and recovery of assets, including but not limited to (a) a vacant lot adjoining 2 Blueberry Court, Quogue, New York, held in the name of an off-shore company, Mountainlake Corporation, maintained by Intertrust, Geneva, Switzerland, and (b) a bank account in the name of an off-shore entity, Nelkie Family Trust, maintained by Intertrust, Geneva, Switzerland.

5.   The defendant need not relocate from his current residence on Forest Drive, Sands Point, New York.  However, if the defendant sells this residence, he may use the proceeds to

buy or lease another residence, with any and all remaining proceeds to be transferred to the aforementioned Restitution Account.

6.    The defendant waives any right to use this Consent Order in this or any related criminal action to assert any statutory or constitutional defenses, including but not limited to the defenses of double jeopardy of the Fifth Amendment and the excessive fines clause of the Eighth Amendment.

7.    The defendant acknowledges that pursuant to 18 U.S.C. §§ 3571, 3663 and 3663A, the Court may order the payment of a fine or restitution in amounts exceeding any funds deposited in the Restitution Account, and by taking into account all of the defendant's assets and income without limitation to the specific items set forth above.

8.    The Clerk of the Court, U.S. District Court, Eastern District of New York, shall establish the aforementioned Restitution Account.

4

9.   This Consent Order will be final and binding only
upon this Consent Order being "So Ordered" by the Court.

Dated:    Brooklyn, New York
          December 10, 1998

                                    ZACHARY W. CARTER
                                    United States Attorney
                                    Eastern District of New York

Agreed and consented to:

                              By:   _____
                                    Jonathan S. Sack
                                    Assistant U.S. Attorney

_____
Defendant

Approved by:                        Approved by:

_____    _____
Counsel to Defendant                Supervising Asst. U.S. Attorney

SO ORDERED this        day
of December, 1998

_____
THE HONORABLE I. LEO GLASSER
UNITED STATES DISTRICT JUDGE

FD-302 (Rev. 10-6-95)

*Sater is circled* ○

- 1 -

### FEDERAL BUREAU OF INVESTIGATION

Date of transcription    10/25/98

## REDACTED

*college abuse* *drug abuse*

SOURCE started using pot at age 10.  He smoked pot every day until his senior year in high school.  During his college years, SOURCE used alcohol, pot and cocaine on a regular basis.  SOURCE used cocaine almost every weekend during his college years.  SOURCE bought and sold cocaine to support his drug habit.  At age 23, SOURCE realized he was addicted to crack cocaine after he was pulled over and arrested for "operating a motor vehicle under the influence of a controlled substance."  SOURCE obtained treatment and has been clean and sober since age 23.

Presently, SOURCE drinks socially.  SOURCE has not used cocaine except for one time since he obtained treatment at age 23.  SOURCE occasionally uses Valium because of the stress he experiences.  This Valium use occurred in 1996.

SOURCE advised that BOBBY TARANTOLA was "with" TEDDY PERSICO.  TARANTOLA tried to raise money with a "private placement" for his wife's beauty salon, PASQUALE'S DAY SALON.

RICK GALLO negotiated with the brokerage MONTROSE to obtain an equity share in exchange for GALLO's raising one and a half million dollars for the firm.  RICK GALLO is married to TARANTOLA's sister.

*Sept/98?*  *Branch of W. America* *May 27, 2015*

Approximately two months ago, SALVATORE LAURIA attended a meeting with DANIEL PERSICO, RICK GALLO, and BOBBY TARANTOLA.  During this meeting, GALLO told LAURIA that PERSICO, GALLO and TARANTOLA had a "90-10" branch office of WEST AMERICA and that in *not true* that branch office they employed licensed and unlicensed brokers to sell "house" stock.  BOBBY TARANTOLA provided the financial backing for RICK GALLO.  GALLO, PERSICO, and TARANTOLA offered LAURIA employment at the firm as a consultant.  LAURIA told GALLO that he wanted $4,000.00 a month to help them find a suitable broker/dealer to merge with.

GOVERNMENT EXHIBIT
LAURIA 5
00 CR 1966(ILG)

Investigation on  (10/19/98)  at  New York, New York

File # 270A-NY-269376      Date dictated  (10/20/98)

by  Leo Taddeo

270A-NY-269336



270A-NY-269336

REDACTED

270A-NY-269336



270A-NY-269336



Shortly after DOUKAS purchased the firm, LAURIA was injured in an automobile accident. For approximately one month, LAURIA did not work. After recovering from the accident, LAURIA began to work at the firm of FIRST METROPOLITAN.

FIRST METROPOLITAN was owned by SAL MORREALE, LOU SORRENTINO and JOSEPH ALIOATA. SAL MORREALE is LAURIA's cousin. While these individuals owned the firm on paper, KLOTSMAN actually raised $2.4 million to finance the firm. In return, LAURIA, SATER, and KLOTZMAN received 40 percent of the profits made from selling inside shares of stocks "produced" by KLOTSMAN, LAURIA, and SATER. LAURIA was on the FIRST METROPOLITAN premises daily and was able to bring his own brokers into the firm. These brokers knew that they would receive cash payments at FIRST METROPOLITAN. ALEKS PAUL laundered some of the cash used to pay brokers at FIRST METROPOLITAN.

The following stocks were issued at FIRST METROPOLITAN and sold by paying cash to the brokers:

TRANFORD INTERNATIONAL GROUP. CHARLIE XUE brought this deal to FIRST METROPOLITAN. The company was involved in manufacturing bath tubs. LAURIA, SATER, and KLOTSMAN held inside warrants but never got the opportunity to sell them. As a

270A-NY-269336

result, they never made any money on this deal.

The next deal done at FIRST METROPOLITAN was called
T.T.R. INC. This company was based in Israel and was in the
business of producing CD piracy protection software. LAURIA,
KLOTSMAN, (SATER) and the owners of FIRST METROPOLITAN had an
inside position of 600,000 shares. Again, LAURIA, KLOTSMAN and
SATER did not make any money on the deal. The inside position
was obtained by paying a $30,000.00 bribe to a lawyer for an
improper opinion letter. This payment was made by GENE KLOTSMAN.

LAURIA, SATER, and KLOTSMAN also had an undisclosed
interest in the brokerage firm of LEXINGTON CAPITAL GROUP. The
individuals who appeared to own the firm on paper were VINCENT
MARATATO (ph), DILAN GIOVANE (ph) and a third individual. These
three individuals approached LAURIA through DANNY PERSICO and
advised LAURIA that they wanted to start their own firm. These
three individuals asked LAURIA to help them start the firm so
LAURIA helped set up the firm's infrastructure while KLOTSMAN
raised approximately $1.5 million. In return, KLOTSMAN, LAURIA,
and (SATER) would received 40 percent of the profits from sales of
stock at LEXINGTON CAPITAL. This 40 percent was limited to the
profits of stock wherein the partners had an inside position. No
deals were ever completed through LEXINGTON CAPITAL because this
firm merged with FIRST HANOVER and FIRST METROPOLITAN.

SATER, LAURIA, and KLOTSMAN had an interest in FIRST
HANOVER but KLOTSMAN stole a lead from the individuals who own
the firm so they pulled out of the deal and sold back shares of
HOLLY PRODUCTS to the detriment of LAURIA, SATER, and KLOTSMAN.

GARY FERONE was a broker at FIRST HANOVER who received
cash for selling shares of COUNTRY WORLD CASINOS. FERONE worked
at a mutual fund with HARVEY BLOCK so he could not take the
COUNTRY WORLD stock directly. Instead, FERONE used SAL MARTARONO
at FIRST HANOVER to do the trades for him. MARTARONO, in turn,
took cash from LAURIA for selling shares of HOLLY PRODUCTS.
SOURCE advised that LAURIA remained at FIRST METROPOLITAN until
approximately January, 1997. During this time, LAURIA recruited
brokers and helped with solving some of the "shorting" problems."
LAURIA also looked for deals to push through FIRST METROPOLITAN.

In or around January 1997, LAURIA began to work for
RAFAEL ROJAS. At the same time, SATER and KLOTSMAN were at 40
Wall Street setting up U.K. HYDE PARK. LAURIA was a full partner
in U.K. HYDE PARK with 33 percent interest. LAURIA purchased
this interest for $300,000.00. LAURIA and his partners intended
to use U.K. HYDE PARK to conduct Reg D Deals but this firm never
turned a profit.

270A-NY-269336

LAURIA met RAFAEL ROJAS through one of his clients. SATER and LAURIA asked ROJAS if he was interested in buying oil properties with reserves in Russia. Each of the three partners would put in $100,000.00 each to start the venture. SATER and LAURIA each put in $100,000.00 in an escrow account and traveled to Russia. ROJAS never put in his $100,000.00.

LAURIA's business relationship with ROJAS involved examining potential business deals and proposing them to ROJAS. LAURIA believed that ROJAS was a large scale businessman. LAURIA did not receive a salary from ROJAS but ROJAS agreed to allow LAURIA to share in the profits of future deals that he invested in. In the end, LAURIA could not close any deals with ROJAS.

LAURIA, however, entered into an arrangement with ROJAS whereby LAURIA would, in effect, launder $14 million for Italian Lire in Switzerland.

ROJAS supplied oil and other petroleum products to Cuba through nominee accounts in the Caribbean. IMAN IBOISE (ph), an individual who works in ROJAS' office, may be involved in arms dealing. ROJAS may be a front in the United States for fugitive MARK RITCH.

In January and February of 1997, LAURIA was in Russia. Upon his return, LAURIA went back to work for ROJAS at his New York Office. Shortly afterwards, in or around March of 1997, RICK GALLO approached LAURIA to open a broker/dealer under the WEST AMERICA brokerage firm outlined above.

While working with GALLO, LAURIA was approached by DAVID JACKARUSSO (ph), one of LAURIA's neighbors on Sands Point, Long Island. JACKARUSSO asked LAURIA to act as a consultant for his brokerage firm, MONTROSE. JACKARUSSO was having difficulty managing the firm and asked LAURIA to help him in some type of consulting arrangement. In addition to solving some of the management problems at MONTROSE, LAURIA tried to introduce RICK GALLO to a merger with MONTROSE. LAURIA approached attorney SCOTT ZEIGLER to prepare the merger papers. In the end, GALLO could not raise enough money to complete the merger and as a result, the merger never took place. JACKARUSSO eventually told GALLO to stay away from the firm because MONTROSE found another partner.

LAURIA was in Europe when the MONTROSE/GALLO merger deal fell through. LAURIA never received any compensation from JACKARUSSO for his consulting work at MONTROSE. LAURIA also planned to run a deal through MONTROSE but this deal never took place.

270A-NY-269336

*short selling* ▷

 During the six months that LAURIA was at FIRST METROPOLITAN, LAURIA dealt with ALAN CHELLUM (ph) on a regular basis.  LAURIA knew CHELLUM from WESTFIELD SECURITIES.  At the time one of LAURIA's deals, "TTR", was being shorted by FIERO BROTHERS.  In response, LAURIA approached DANIEL PERSICO to assist in stopping the short sellers.  SATER, who had an interest in the TTR deal, approached ERNEST MONTEVECCHI for assistance. DANIEL PERSICO asked his half brother, SHAWN PERSICO, for help. LAURIA and SATER both reached out for ALAN CHELLUM in stopping the shorts by FIERO.

*meeting* ▷

 As a result of all the requests for assistance a meeting was held at the Plaza Hotel in New York in the spring of 1997.  DANIEL PERSICO, SALVATORE LAURIA, FELIX SATER, and ALAN CHELLUM attended this meeting and discussed the short selling being conducted by the FIERO BROTHERS.  CHELLUM stated that he would look into it.  The next day, CHELLUM told LAURIA and SATER that the shorts were being conducted by JORDAN BELFORTE and that FIERO was just executing the trades.  CHELLUM further told SATER and LAURIA that FIERO had no interest in TTR.

*2d meeting* ▷

 A second meeting was held at the Plaza Hotel shortly thereafter.  During this meeting, CHELLUM told LAURIA that FIRST METROPOLITAN had to cover the short positions held by BELFORTE and FIERO.  BELFORTE and FIERO wanted coverage for 50,000 short shares of TTR at two (2) points below their purchase price. This, in effect, was a $100,000.00 payment to BELFORTE.  LAURIA counter-offered a plan where FIERRO would continue to short TTR with shares that would ultimately be covered by a pending registration.  In this deal LAURIA had a buyer for TTR shares in the pending registration.  At the meeting, CHELLUM agreed to LAURIA's proposal but ultimately played both sides to LAURIA's detriment.

 After the meeting, FIERO accumulated a short position of approximately 2,000,000 shares of TTR.  The proposed registration of additional shares was not completed and FIERO was positioned to lose a large sum of money.  JOHN FIERRO approached PHILIP ABRAMO, who in turn, sends "BIG LOU" to speak to SATER and LAURIA.  BIG LOU told SATER and LAURIA that JOHN FIERO demanded to be covered for his TTR shares and in addition, FIERO demanded 20 percent more as a payoff.

▷

 After several meetings, LAURIA and SATER came to the conclusion that PERSICO could not help in this situation.  As a result, LAURIA and SATER agreed to cover FIERO's shares and pay him $250,000.00.  ALAN CHELLUM was paid approximately $100,000.00.  After these payments, LAURIA and SATER paid another $75,000.00 to PHILIP ABRAMO and BIG LOU.  These payments were made in two (2) or three(3) installments dropped off at KATZ'S

270A-NY-269336

DELI in New York.  After these payments were made, FIERRO
continued to short  TTR and eventually killed the deal.

Klotsman - admissions C/W for Feds
Case 1:98-cr-01101-ILG Document 244-2 Filed 01/01/19 Page 127 of 261 PageID #: 3921
Said mentioned many times

In a series of interviews with the government, Klotsman made th4e
following admissions, which are recorded in FBI Form 302s:

GENNADY KLOTSMAN, a/k/a Gene left high school while in the
tenth grade. Instead of attending the eleventh grade, KLOTSMAN
studied for and received his General Equivalency Diploma, and
began attending Pace University in New York. KLOTSMAN attended
Pace for two years, and then went to work for BEAR STEARNS at 55
Water Street, New York. KLOTSMAN began his career at BEAR
STEARNS as a cold caller. KLOTSMAN was a cold caller at BEAR
STEARNS for nine months until he left to work for a firm called
ROONEY PACE.

While at ROONEY PACE, in or around 1985, KLOTSMAN opened
accounts without being registered and without having a license.
For months KLOTSMAN used the name HARVEY COHEN. Eventually
KLOTSMAN received his Series 7, and Series 63 Brokers License.
KLOTSMAN left ROONEY PACE after the first firm shut down.

After leaving LEHMAN BROTHERS, KLOTSMAN went to work for the
firm PHILLIPS, APPEL, and ALDEN, at 111 Broadway. While there
KLOTSMAN received his Series 24, and Series 8 license.
KLOTSMAN's job was to manage a book owned by GEORGE CARHART.
While at PHILLIPS, APPEL, and ALDEN, ABE SALAMAN introduced
KLOTSMAN to cash payoffs in a stock called NATIONAL MEDIA. This
stock was not an IPO but simply a registration of a reverse
merger. ABE SALAMAN and JIMMY COHEN promoted the stock of
NATIONAL MEDIA with a fifty percent payout to brokers. NATIONAL
MEDIA stock traded at two dollars, and in effect one dollar went
to SALAMAN and one dollar went to the broker. SALAMAN held an
account at OLSON PAINE (ph) in Colorado.

KLOTSMAN was introduced to cash payoffs as follows: JIMMY
COHEN took KLOTSMAN into a room, showed him a brown paper bag
full of cash, and asked him if he wanted to sell NATIONAL MEDIA
stock for a fifty cent payout for each share he sold. COHEN
offered cash to KLOTSMAN because KLOTSMAN was the biggest
producer in the firm and had the ability to move large blocks of
stock. KLOTSMAN took part in the deal, but not to any great
extent. Other brokers sold shares on behalf of JIMMY COHEN, but
that COHEN kept the override he promised.

KLOTSMAN was involved with a cash deal involving the stock
of TREASURE ISLAND. This was an IPO that never went public. The
deal involved a casino in the Bahamas, but because a high-rolling
gambler broke the bank at the casino, the deal fell through.

KLOTSMAN was involved in a cash deal for stock of ACCLAIM
ENTERTAINMENT. This deal was initiated at PHILLIPS, APPEL and

GOVERNMENT
EXHIBIT
KLOTSMAN 4
00 CR 196(ILG)

taken to another firm.  This deal was a reverse merger into a shell provided by ABE SALAMAN.  Stock in this company was made freely tradeable by executing three million warrants.  JIMMY COHEN and JIM SHEBELI (Phonetic) had about three million shares of this stock.  COHEN told KLOTSMAN that he had approximately two and a half million.  KLOTSMAN and CARHART received nine hundred thousand shares of ACCLAIM ENTERTAINMENT as compensation for selling approximately 2.5 million shares on behalf of JIMMY COHEN and JIM SHEBELI.  KLOTSMAN sold these shares to an individual named MICHAEL BURADO for approximately nine hundred and eighty seven thousand dollars.  BURADO paid KLOTSMAN in cash for these shares.  These shares were ultimately deposited at GRUNTAL with FELIX SATER.

KLOTSMAN spent the money he received from BURADO on "the high life" meaning prostitutes, gambling, vacations, and cocaine for the prostitutes.

After leaving PHILLIPS, APPEL, and ALDEN, KLOTSMAN went to SHEARSON LEHMAN.  After SHEARSON LEHMAN, KLOTSMAN went to ROSENKRANTZ, LYON, and ROSS, at their offices at 6 East 43rd Street.  KLOTSMAN stayed at this firm for three and a half years and was offered a partnership.  GEORGE CARHART was also at this firm as a compliance officer.  SOURCE advised that KLOTSMAN participated in at least one cash deal involving an eye surgery company.  The stock of this company was traded at three dollars per share.  Brokers who sold this stock received seventy five cents a share in cash from DAN PURGESS.  PURGESS is or was the chairman of JOSEPHTHAL.

KLOTSMAN knowingly under-reported his income by not declaring cash payments, or other illegitimate income on his tax returns.  In or about September of 1991 to April of 1992, KLOTSMAN was employed by the brokerage firm J. GREGORY.  This firm was established with money raised KLOTSMAN through his limited partnership called CORNERSTONE.  WARREN SCHREBR distributed cash to brokers at J. GREGORY.

In or about April of 1992 to March of 1993, KLOTSMAN was employed by the brokerage firm ELLIOT, ALLAN, and COMPANY. KLOTSMAN raised approximately 1.3 million dollars to fund this firm through the CORNERSTONE LIMITED PARTNERSHIP.  Ownership interests in this firm were distributed among KLOTSMAN, the limited partners of CORNERSTONE, and LARRY ROSENBERG.  One of the deals done by KLOTSMAN at ELLIOT, ALLAN, was for a stock called ECHO SQUARE, stock trading symbol TIRE.

HILLSIDE BEDDING was also done by KLOTSMAN while at ELLIOT, ALLAN, and COMPANY.  KLOTSMAN sold ELLIOT, ALLAN when the

HILLSIDE BEDDING deal went wrong.  KLOTSMAN's partner,
LARRY ROSENBERG, wanted to bring STRATTON OAKMONT and VICTOR WANG
into the deal.  KLOTSMAN wanted to be bought out by his partners,
and they agreed.

In or about March of 1993 to September of 1993, KLOTSMAN was
employed at the brokerage firm of WESTFIELD SECURITIES.  While at
WESTFIELD, KLOTSMAN arranged for SATER and DURCHALTER to place
"Reg. S" stock with brokers for cash payments.  This Reg. S stock
was held by JIMMY COHEN, SAL MAZZEO and GEORGE CARHART.  In this
arrangement COHEN was the boss.  Some of the deals done in this
manner were LAS VEGAS ENTERTAINMENT, CANDIES SHOES, and two other
deals.

After ELLIOT ALLEN, KLOTSMAN was employed as vice-chairman
of WESTFIELD SECURITIES in New Jersey..  While at WESTFIELD,
KLOTSMAN began using FELIX SATER to distribute stocks.  SATER was
a long time friend of KLOTSMAN from the neighborhood and KLOTSMAN
took SATER under his wing at WESTFIELD because SATER was
statutorily barred from selling stocks under his own name.
KLOTSMAN paid SATER cash commissions for the stocks he sold.
SATER's primary role in this arrangement was to coordinate
brokers who received cash payments of up to thirty-five to fifty
percent of the sales of stock that they transacted.  SATER had a
network of brokers at a number of firms who sold stock for cash
payouts.

While at WESTFIELD, the cash used to make payments to
brokers was obtained through the Panamanian Consul General, an
individual named LOUIS PHILIPE CLEMENTE.  This money was wired to
Panama from accounts controlled by KLOTSMAN and picked up in
Panama by CLEMENTE.  The arrangement with CLEMENTE was initiated
and introduced to KLOTSMAN by DANIEL LEV.

The WESTFIELD deals were arranged as follows: COHEN would
approach a company whose stock was already trading, and arrange
for a Reg. S transfer in exchange for a promissory note.  COHEN
would then direct the brokers at WESTFIELD to start pitching the
stock.  COHEN would then sell his Reg. S shares.

SATER's job at WESTFIELD was to recruit stock brokers at
other firms to sell WESTFIELD stock in exchange for cash.
WESTFIELD stock was sold through BARRINGTON CAPITAL, A.S.
GOLDMAN, WHALE SECURITIES, J.W. BARCLAY, and other firms.
DIBO ATTAR and RUSSEL MOLINA set up some of the off-shore
companies used SATER and KLOTSMAN to launder the proceeds of the
sale of stock by WRP and brokers at other firm.  ATTAR owns a
company in Texas called WOODCO FUND MANAGEMENT.  ATTAR originally
agreed to allow KLOTSMAN to move money through his accounts for a
ten percent fee.

Eventually, (SATER) and KLOTSMAN decided that this payment was too costly and began to form their own off shore companies through HOLLAND INTERTRUST. ROBERT STROEVE, WALTER STRAUSSMAN, and JANE BORGOGNON were employed by HOLLAND INTERTRUST and handled the accounts for (SATER) and KLOTSMAN. These individuals received directions from (SATER) and KLOTSMAN regarding the receipt and transfer of the proceeds of sales conducted by and through WRP.

In order to direct HOLLAND INTERTRUST to make certain wire transfers, SATER and KLOTSMAN sometimes used the alias of ELLIOTT SMITH or PAUL STEWART. All of the owners of WRP including LAURIA, (SATER) DURCHALTER and KLOTSMAN were involved in making up the names of the off shore accounts and deciding on the distribution of the proceeds.

KLOTSMAN raised the capital to start the brokerage firm FIRST METROPOLITAN. KLOTSMAN raised approximately 40 percent of the capital to start FIRST METROPOLITAN. KLOTSMAN also raised 35 percent of first name unknown (FNU) DILLON's firm with DANNY PERSICO. KLOTSMAN raised approximately 50 percent of the capital used to start the brokerage firm of FIRST HANOVER.

These firms conducted fraudulant stock offerings with Klotsman. *not true as [ ] cousin's firm Dillon*

In 1996, during the operation of STATE STREET CAPITAL, (SATER) and KLOTSMAN asked WILLIAM KRETCHMAR to travel to Amsterdam to set up two bank accounts. The purpose of setting up these accounts was to provide (SATER) and KLOTSMAN with another mechanism to launder the proceeds of stock sold through STATE STREET CAPITAL. In return for setting up and managing the off shore accounts in Amsterdam, KRETCHMAR was allowed to keep ten percent of the money moved through the accounts. KRETCHMAR was required to transfer ninety percent of the money back to the (SATER) and KLOTSMAN.

During this arrangement, KLOTSMAN and (SATER) realized that KRETCHMAR's drug problem made him unreliable. As a result, they sought to end the business relationship with KRETCHMAR. Unfortunately for (SATER) and KLOTSMAN, KRETCHMAR held approximately $540,000 of their money in the off shore accounts. When KLOTSMAN and (SATER) told KRETCHMAR that they planned in effect to fire him, he "freaked out" and bought guns and a "Bazooka" so that he could kill KLOTSMAN. Documents and guns recovered by the FBI at 260 Spring Street belong to KRETCHMAR.

In order to recover the money in the off shore accounts, (SATER) arranged for KRETCHMAR to attend the meeting in Brighton Beach, Brooklyn. When KRETCHMAR showed up for the meeting, (SATER)

kidnaped KRETCHMAR and brought him to an apartment.  For the next
three days, SATER denied KRETCHMAR heroin, which made KRETCHMAR
violently ill.  KRETCHMAR ultimately agreed to send back the
$540,000 that belonged to KLOTSMAN and SATER.  SATER then took
KRETCHMAR to the hospital and gave him enough money to return to
Israel to clean up his life.  KRETCHMAR, however, began using
heroin while in Israel.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

      In a meeting with the government on or about December 28,
1999, KLOTSMAN  stated that since his arrest he had not received
and had not been promised stock in any company as any form of
compensation for work he did.  He further stated that he was not
performing any investment banking activities.  In a meeting in or
about August 2000, KLOTSMAN admitted receiving stock in several
companies through his brother and through a corporation he
controlled.  He further admitted that he had discussions with
respect to the financing for the issuing corporations.

CLOSED,MJSELECT

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: 1:98-cr-01102-ILG-1

Case title: USA v. Lauria

Date Filed: 12/03/1998
Date Terminated: 02/05/2004

Assigned to: Judge I. Leo Glasser

**Defendant (1)**

**Salvatore Lauria**
*TERMINATED: 02/05/2004*

represented by **Robert G. Stahl**
Robert G. Stahl LLC
220 St Paul Street
Westfield, NJ 07090
908-301-9001
Fax: 908-301-9008
Email: rstahl@stahlesq.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Thomas Edward Moseley**
Law Offices of Thomas E. Moseley
One Gateway Center
Suite 2600
Newark, NJ 07102
973-622-8176
Fax: 973-645-9493
Email: moselaw@ix.netcom.com
*ATTORNEY TO BE NOTICED*

**Pending Counts**

RACKETEERING
(1)

**Disposition**

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**                                         **Disposition**

None

---

**Plaintiff**

USA                                 represented by   **Alicyn L. Cooley**
                                                     United States Attorney's Office
                                                     271 Cadman Plaza East
                                                     Brooklyn, NY 11201
                                                     718-254-6389
                                                     Fax: 718-254-6076
                                                     Email: alicyn.cooley@usdoj.gov
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: Government Attorney*

                                                     **Jonathan S. Sack**
                                                     Morvillo, Abramowitz, Grand Iason &
                                                     Anello P.C.
                                                     565 Fifth Avenue
                                                     New York, NY 10017
                                                     212-856-9600
                                                     Fax: 212-856-9494
                                                     Email: jsack@maglaw.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Girish Karthik Srinivasan**
                                                     U.S. Attorney's Office
                                                     Eastern District Of New York
                                                     271 Cadman Plaza East
                                                     Brooklyn, NY 11201
                                                     718-254-6013
                                                     Fax: 718-254-6076
                                                     Email: karthik.srinivasan@usdoj.gov
                                                     *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/03/1998 | 1 | Notice of intent to proceed under FRCrP 7(b) as to 1-98-cr-1102-01. (Guzzi, Roseann) (Ramos, Shirley). (Entered: 12/07/1998) |
| 12/03/1998 | | Magistrate Chrein has been selected by random selection to handle any matters that may be referred in this case. (Guzzi, Roseann) (Entered: 12/07/1998) |

| 12/10/1998 | 2 ☒ | LETTER dated 12/10/98 from AUSA Jonathan Sack. (AUSA file #98r02283) (Guzzi, Roseann) (Sica, Michele). (Entered: 12/10/1998) |
|---|---|---|
| 12/10/1998 | 3 ☒ | SEALED DOCUMENT as to 1-98-cr-1102-01 containing felony information. AUSA file #98R02283. (Guzzi, Roseann) (Sica, Michele). (Entered: 12/15/1998) |
| 12/10/1998 | 24 ☒ | INFORMATION as to 1-98-cr-1102-01 Salvatore Lauria (1) count(s) 1. (Sica, Michele) (Entered: 03/27/2009) |
| 03/12/1999 | 4 ☒ | (SEALED)LETTER dated 3/10/99 from AUSA Jonathan Sack to Judge Gleeson. (AUSA file #1998R02283). (Guzzi, Roseann) (Sica, Michele). (Entered: 03/12/1999) |
| 07/09/1999 | 23 ☒ | NOTICE OF ATTORNEY APPEARANCE: Robert G. Stahl appearing for 1-98-cr-1102-01 Salvatore lauria (Sica, Michele) (Entered: 03/27/2009) |
| 09/27/1999 | 5 ☒ | SEALED LETTER from AUSA Jonathan Sack submitted 9/20/99. (Guzzi, Roseann) (Sica, Michele). (Entered: 09/27/1999) |
| 11/03/1999 | 6 ☒ | Sealed envelope containing LETTER dated 10/28/99. (PLACED IN VAULT). (Greves, Liz) (Sica, Michele). (Entered: 11/03/1999) |
| 01/27/2000 | 7 ☒ | SEALED LETTER dated 1/26/00 from AUSA Jonathan Sack to Judge Glasser. (AUSA file #1998RO2283) (Guzzi, Roseann) (Sica, Michele). (Entered: 01/27/2000) |
| 03/22/2000 | 8 ☒ | SEALED LETTER dated 3/13/00 from AUSA Jonathan Sack to Judge Glasser. AUSA Jonathan Sack 1998R02283. (Guzzi, Roseann) (Sica, Michele). (Entered: 03/22/2000) |
| 05/18/2000 | 9 ☒ | Sealed envelope containing LETTER dated 5/15/2000. (PLACED IN VAULT). (Greves, Liz) (Sica, Michele). (Entered: 05/18/2000) |
| 11/16/2001 | 10 | ORDER as to 1-98-cr-1102-01 unsealing the guilty plea transcript. (Signed by Senior Judge I. L. Glasser , on 11/15/01) (Sica, Michele) (Entered: 11/19/2001) |
| 01/02/2002 | 11 ☒ | SEALED DOCUMENT as to 1-98-cr-1102-01 (letter). (Rodriguez,Angela) (Sica, Michele). (Entered: 01/11/2002) |
| 05/01/2002 | 12 ☒ | SEALED DOCUMENT as to 1-98-cr-1102-01. (Rodriguez,Angela) (Sica, Michele). (Entered: 05/10/2002) |
| 02/06/2003 | 13 ☒ | SEALED DOCUMENT as to 1-98-cr-1102-01; date of sealing 2/5/03; documents enclosed: correspondence. (Sica, Michele) (Sica, Michele). (Entered: 02/06/2003) |
| 12/23/2003 | | Case sealed as to 1-98-cr-1102-01 (Piper, Francine) (Entered: 12/23/2003) |
| 12/23/2003 | 14 ☒ | ORDER as to 1-98-cr-1102-01 (endorsed on letter dated 11/26/03 from Robert Stahl to Judge Glasser), sentencing is adjourned to 2/5/03 at 10:00. (Signed by Judge I. Leo Glasser on 12/2/03) (Piper, Francine) (Sica, Michele). (Entered: 12/23/2003) |
| 02/25/2004 | | |

| | | |
|---|---|---|
| | 15 ☒ | SEALED DOCUMENT (Calendar and J&C ) as to 1-98-cr-1102-01 placed in vault (Piper, Francine) (Sica, Michele). (Entered: 03/02/2004) |
| 04/13/2004 | 16 ☒ | ORDER as to Salvatore Lauria placed in Vault.(Signed by Judge I. Leo Glasser on 4/12/04) (Piper, Francine) (Sica, Michele). (Entered: 04/27/2004) |
| 04/29/2004 | 17 | ORDER as to 1-98-cr-1102-01, that the Clerk of Court is directed to unseal the case for the purpose of transfer of jurisdiction only. ( Signed by Judge I. Leo Glasser on 4/19/04) (Piper, Francine) (Entered: 04/29/2004) |
| 04/29/2004 | 18 | Transfer of Jurisdiction ORDER as to Salvatore Lauria that the jurisdiction of the probationer be transferred to the U.S.D.C. of Connecticut upon that court's order of acceptance of jurisdiction. (Signed by Judge I. Leo Glasser on 3/9/04). It is ordered that the jurisdiction of the probationer is accepted by this court. (Signed by District Judge in Connecticut on 3/24/04) (Piper, Francine) (Additional attachment(s) added on 3/27/2009: # 1 transfer of jurisdiction) (Sica, Michele). (Entered: 04/29/2004) |
| 04/29/2004 | | Probation Jurisdiction Transferred to District of Connecticut as to 1-98-cr-1102-01 Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (certifies copies sent in sealed envelopes) (Piper, Francine) (Entered: 04/29/2004) |
| 05/06/2004 | 19 | Certificate of Service as to 1-98-cr-1102-01 of Transfer of Probation documents via fedex on 5/5/04 upon Clerk of Court, USDC of Connecticut. (package tracking #838948354459) (Piper, Francine) (Entered: 05/06/2004) |
| 04/19/2005 | 20 | Letter dated 1/27/05 from Keith Barry to Judge Glasser, recommending that the court order the dft to pay off the entire cost for electronic monitoring and that dft be confined to his home on weekends for the remainder of home confinement which terminates on 4/29/05. (Piper, Francine) (Entered: 04/19/2005) |
| 04/19/2005 | 21 | Letter dated 2/14/05 from Keith Barry to Judge Glasser, enclosing a list of dates and times dft was in violation of the special condition ordering home confinement. (Piper, Francine) (Additional attachment(s) added on 3/27/2009: # 1 letter dtd 02/14/05) (Sica, Michele). (Entered: 04/19/2005) |
| 03/24/2009 | 22 ☒ | Order to Unseal Case as to 1-98-cr-1102-01. (Ordered by Magistrate Judge Roanne L. Mann on 3/18/2009) (Piper, Francine) (Entered: 03/24/2009) |
| 01/26/2011 | 25 ☒ | Order to Seal Document as to Salvatore Lauria. For the reasons stated in the government's letter dtd. December 2, 2010, the government respectfully moves to seal the April 29, 2002 letter (Document 12) in the above-captioned case. Ordered by Senior Judge I. Leo Glasser on 1/25/2011. (Layne, Monique) (Entered: 01/26/2011) |
| 09/20/2012 | 26 | MOTION to Unseal Document *Limited Unsealing Application* by USA as to Salvatore Lauria. (Attachments: # 1 Proposed Order Limited Unsealing Order) (Cooley, Alicyn) (Entered: 09/20/2012) |
| 09/21/2012 | 27 | |

| | | |
|---|---|---|
| | | LIMITED UNSEALING ORDER, granting 26 Motion to Unseal Document as to Salvatore Lauria (1). Ordered by Judge I. Leo Glasser on 9/21/2012. (Layne, Monique) (Entered: 09/21/2012) |
| 03/11/2016 | 28 | NOTICE OF ATTORNEY APPEARANCE: Thomas Edward Moseley appearing for Salvatore Lauria (Moseley, Thomas) (Entered: 03/11/2016) |
| 03/11/2016 | 29 ☒ | Emergency MOTION to Unseal Document *information, transcripts 5K letter* by Salvatore Lauria. (Moseley, Thomas) (Entered: 03/11/2016) |
| 03/14/2016 | 30 | SCHEDULING ORDER as to Salvatore Lauria re 29 ☒ Emergency MOTION to Unseal Documents. A motion has been made to unseal the record in this case as described in DE 29. The government may submit its response in writing, failing which, the motion will be heard at 11:30 a.m. on March 21, 2016. Ordered by Judge I. Leo Glasser on 3/14/2016. (Kessler, Stanley) (Entered: 03/14/2016) |
| 03/17/2016 | 31 | Letter *requesting an adjournment of the deadline to respond to the defendant's motion dated March 11, 2016* as to Salvatore Lauria (Cooley, Alicyn) (Entered: 03/17/2016) |
| 03/18/2016 | 32 | ORDER endorsed on letter 31 dtd 3/17/2016 from Alicyn Cooley, AUSA, to the Court, granting the application, on consent, to extend the government's time to respond to the unsealing motion, and any oral argument, until 4/4/2016. Ordered by Judge I. Leo Glasser on 3/18/2016. (Kessler, Stanley) (Entered: 03/18/2016) |
| 04/04/2016 | 33 | RESPONSE to Motion re 29 ☒ Emergency MOTION to Unseal Document *information, transcripts 5K letter* (Attachments: # 1 Exhibit A) (Cooley, Alicyn) (Entered: 04/04/2016) |
| 04/05/2016 | 34 | ORDER unsealing certain documents for limited purposes. Ordered by Judge I. Leo Glasser on 4/5/2016. (Kessler, Stanley) (Entered: 04/05/2016) |
| 04/07/2016 | 35 | Letter *in further response to the defendant's March 11, 2016 motion* 29 ☒ as to Salvatore Lauria (Cooley, Alicyn) (Entered: 04/07/2016) |
| 04/11/2016 | | ORDER, granting 29 ☒ Motion to Unseal Document as to Salvatore Lauria (1). See 34 . Ordered by Judge I. Leo Glasser on 4/5/2016. (Layne, Monique) (Entered: 04/11/2016) |
| 04/11/2016 | 36 | ENDORSED ORDER, as to Salvatore Lauria on govt's 35 letter in further response to deft's 29 ☒ motion to unseal document information. So Ordered. Ordered by Judge I. Leo Glasser on 4/8/2016. (Layne, Monique). (Entered: 04/11/2016) |
| 06/04/2017 | 37 | NOTICE OF ATTORNEY APPEARANCE Girish Karthik Srinivasan appearing for USA. (Srinivasan, Girish) (Entered: 06/04/2017) |
| 06/04/2017 | | |

| | | |
|---|---|---|
| | [38] ☒ | MOTION to Unseal Document *No. 12* by USA as to Salvatore Lauria. (Srinivasan, Girish) (Entered: 06/04/2017) |
| 06/05/2017 | [39] ☒ | ORDER Granting [38] ☒ Motion to Unseal Document [12] ☒ as to Salvatore Lauria (1). SO Ordered by Judge I. Leo Glasser on 6/5/2017. (Manson, Eddie) (Entered: 06/05/2017) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/28/2018 23:58:06 | | | |
| **PACER Login:** | richardlerner:3994622:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:98-cr-01102-ILG |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

BEYS STEIN MOBARGHA & BERLAND LLP

Michael P. Beys

646.755.3605 (Direct)
mbeys@beysstein.com

October 23, 2014

**VIA ECF**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *In Re Motion for Civil Contempt*, 12 MC 557 (BMC)

Dear Judge Cogan:

We represent Felix Sater in the above-captioned proceeding to hold Frederick M. Oberlander and Richard E. Lerner in civil contempt, and respectfully submit this letter in connection with the status conference scheduled for October 24, 2014 at 2:45 pm. Since the last proceedings in this case occurred several years ago, for the assistance and convenience of the Court, we provide below a brief overview and highlight some of the more egregious acts of contempt by Oberlander and Lerner.

<u>Overview</u>

By way of background, Mr. Sater pleaded guilty in 1998 before Judge Glasser, to crimes he committed over 20 years ago. *See U.S. v. Sater*, 98 CR 1101 (ILG). For the next 10 years, while working at the Bayrock Group ("Bayrock"), Mr. Sater provided high-level information to the government, among other things, on matters of national security. Judge Glasser sealed the case, as the details of Mr. Sater's cooperation would have exposed him to grave danger if made public. Since 2009, however, Oberlander, Lerner, and their client Jody Kriss, a disgruntled ex-Bayrock executive, have engaged in a relentless campaign to extort a settlement from Mr. Sater and others by publicly releasing the sealed documents and exposing the very information the courts sought to keep sealed. To further their extortion campaign, Oberlander and Lerner intentionally defied the orders of the Eastern and Southern Districts as well as the Second Circuit, filed a slew of frivolous motions and lawsuits, and repeatedly accused the courts of illegal and fraudulent conduct. Their conduct resulted in Your Honor's appointment in February 2011, by order of the Second Circuit, to ensure their compliance with court orders. Above all, their improper efforts to expose Mr. Sater succeeded. Since 2012, Mr. Sater's name, identity and cooperation have been thoroughly reported in the press and are now matters of public record.

## Acts of Contempt Prior To February 14, 2011

Prior to Your Honor's appointment by the Second Circuit on February 14, 2011, Oberlander and Lerner acted in ways Judge Glasser has described as "despicable" and committed numerous acts of contempt. (Transcript ("Tr.") of 7/20/10 Hearing in 98-CR-1101 ("7/20/10 Hearing"), at 20:21).

First, in late February 2010 Oberlander induced his then-client, Joshua Bernstein, a former Bayrock employee and friend of Jody Kriss, to provide him access to Bayrock's back-up hard drive, which Bernstein had taken and kept without permission, and which contained numerous confidential, privileged and sealed documents. Oberlander personally searched the hard drive and discovered these documents. In hearings later in the year, Judge Glasser found that the documents had been "wrongfully taken" by Bernstein, who had "no legal right to those documents." (Tr. of 7/20/10 Hearing, at 19:9-18). Days after obtaining the documents, Oberlander sent an email to Bernstein, virtually admitting that the hard drive had been stolen and indicating his plan to extort Mr. Sater and others using the stolen information:

> I am so not kidding this is not a game this is not a $150,000 case anymore and DO NOT READ THIS WRONG this is a team and my job is to shake the living daylights out of them and it starts NOW... as I said stolen emails are admissible, period. end of story.

(Exhibit 3 to Affidavit of Joshua Bernstein, dated September 19, 2011).

Second, on May 10, 2010, on behalf of Jody Kriss, Oberlander filed the action captioned *Kriss, et al. v. Bayrock Group, LLC, et al.*, Case No. 10-CV-3959 ("Kriss I"), in the Southern District of New York, and annexed Mr. Sater's PSR, his Cooperation Agreement, and two proffer agreements (the "Sealed Documents") to the complaint. As Judge Glasser would later find, Oberlander knew that these documents were sealed, and that revealing them would put Mr. Sater's life in danger. (Tr. of 6/14/10 Hearing in 98-CR-1101 ("6/14/10 Hearing"), at 4:4-9, 8:1-4). Although Judge Buchwald sealed the case almost immediately, *Courthouse News* had already obtained the complaint and ran a news story on May 17, 2010.

Third, during hearings in June and July 2010 on Mr. Sater's motion for an injunction against dissemination of the Sealed Documents, by which time Lerner began appearing with Oberlander, Judge Glasser made several findings and observations about the lawyers' conduct. He referred to their typical requests for adjournments as "nothing more than stalling," and their other nonsensical arguments as "specious." (Tr. of 6/11/10 Hearing in 98-CR-1101 ("6/11/10 Hearing"), at 8:19-25). Regarding the Sealed Documents, he observed that:

> Those two documents, among others, which were sealed, were documents if divulged ... may seriously jeopardize not only the life of the person who was the subject of those documents. In this case it might also significantly affect matters of national interest.

Page 3 of 9

(Tr. of 6/14/10 Hearing, at 4:4-9). He further found that:

> [G]iven a document which is plainly indicated on its face, filed under seal, that comes into the hands of a lawyer, at the very least that lawyer should have very serious doubt about doing anything with that document without first making appropriate inquiry about whether disclosing this document that was sealed is appropriate and should an order of unsealing or permission to use it be obtained.

*Id.*, at 7:17-24. Judge Glasser held that:

> There's no doubt that Mr. Oberlander was aware of the fact that these documents were sealed. There's no order that needs to be addressed to Mr. Oberlander and say, Mr. Oberlander, this is a sealed document, don't publicize it. It's obvious.

*Id.*, at 8:1-4. Finally, after oral argument on July 20, 2010, Judge Glasser made a finding that both Bernstein and Oberlander are converters, and that there may be disciplinary rules or ethical principles that should have precluded Oberlander from using those documents. As the Court stated:

> [S]omething bad was done, something very bad and perhaps despicable was done by the use of those documents annexed to a complaint in the Southern District, in a civil case....

(Tr. of 7/20/10 Hearing, at 19:12-20:23).

Regarding the initial, public filing of Kriss I, Judge Glasser found that Oberlander intentionally violated a court order:

> In unilaterally deciding that such an order did not exist, or, if it did exist, it was binding on court personnel only; or in any event, he had a First Amendment right to publish that which was sealed, he knowingly and intentionally flouted a court order.

( March 23, 2011 Order in 98-CR-1101).

<u>Fourth</u>, after Judge Glasser enjoined their dissemination of Mr. Sater's PSR, Oberlander and Lerner expressly stated their intention to continue to violate court orders. In a declaration signed by Oberlander, they wrote, "I will not be silenced ... there is nothing that the court can do to me ... Well, your honor, I will not be gagged." (Declaration of Frederick M. Oberlander, dated July 16, 2010, ¶¶ 4, 6, 11). They then initiated what would turn out to be an extended pattern of insulting judges who ruled against them, referring to the Court as a "star chamber" that issued "a patently unconstitutional prior restraint TRO,"and "covertly maintained" a "super sealed" case. *Id.*, ¶¶ 1-3. They also accused the Court of "unconstitutionally concealing the docket

and surreptitiously dispensing whatever justice, or lack thereof, as the court sees fit." *Id.*, ¶¶ 1-3. Finally, they concluded by asking Judge Glasser, in language borrowed almost verbatim from the Army-McCarthy hearings, *"You have done enough. Have you no sense of decency sir, at long last? Have you no sense of decency?" Id.*, ¶ 20 (emphasis in original).

Fifth, for the remainder of 2010, in continuing violation of court orders, Oberlander and Lerner continued to demand money from Mr. Sater and the other Kriss I defendants and threatened "dissemination" of sealed information if they did not get it. In a letter to Mr. Sater's then-counsel dated October 18, 2010, Oberlander wrote,

> [M]y clients are indifferent as to which Defendants write the checks … [M]y clients … simply demand [sic] what they are entitled to: *1 billion dimes* … At this time, plaintiffs will very favorably consider settling the entirety of all claims known and unknown for their actual damages of $35,000,000 … It is the least amount which plaintiffs would be willing to accept for a quick *settlement that avoids the dissemination.*

(October 18, 2010 Letter from F. Oberlander to B. Herman, at 6, Note 3) (emphasis added).

On November 9, 2010, Oberlander sent another letter to Mr. Sater's counsel, which included numerous extortive threats:

> If you wish Mr. Sater's activities lawfully kept quiet to any extent, stand still, stop filing motions and get out of the way so Plaintiffs can try to resolve the case before everything uploads to PACER and goes public. The only way to try to prevent worldwide notoriety will be a globally stipulated sealed confidentiality order accompanying a global settlement… [W]hen Judge Buchwald orders this public and your client finds this on the front pages everywhere, including New York, Iceland, Turkey, and Kazakhstan, and all the other plaintiffs worldwide … join the party… I can with confidence predict from the settlement discussions I've had that all the defendants will be delighted to keep this quiet… If this case is not settled quickly, it will surely go viral. If you obstruct a settlement instead of helping get there, everything will go public with clockwork inevitability. This is not a threat, it is mathematics. And it is certain… No power on this earth will much longer prevent as much lawful and legal worldwide dissemination of this Complaint and every document attached thereto or referenced therein as the public and press doing the dissemination think its value justifies. You already saw what *Courthouse News* thought of it, and everything else I file … entirely without

Page 5 of 9

> my or my client's involvement. Only a stipulated sealed
> confidential settlement agreement Plaintiffs find acceptable,
> executed very soon, can stop that.

(November 9, 2010 Letter from F. Oberlander to B. Herman, at 1-2).

Finally, Oberlander threatened in the letter that if he saw any motions "to interfere with service or *dissemination*," Bayrock and Mr. Sater "will get the inevitable, concomitant global public news and media coverage of everything everywhere …. Judge Buchwald will be presiding over World War III with coverage likely on the front page of the New York Law Journal." *Id.*, at 2 (emphasis added).

<u>Acts of Contempt Since February 14, 2011</u>

On February 14, 2011, the Second Circuit heard oral argument on Oberlander's appeal of Judge Glasser's injunction, during which it referred to Oberlander as "Richard Roe," and Mr. Sater as "John Doe," in order to protect Mr. Sater's identity. At the conclusion, the Court of Appeals issued a Summary Order temporarily enjoining Oberlander, Lerner and anyone acting in concert with them from publicly distributing or revealing in any way any documents or contents thereof subject to sealing orders in any of the related proceedings before the District Courts for the Eastern and Southern Districts of New York. (Summary Order of Court of Appeals, dated February 14, 2011 ("2/14/11 Summary Order")). It further ordered the Chief Judge of the Eastern District to assign a District Judge to oversee Oberlander and Lerner's compliance with court orders, implicitly recognizing Oberlander and Lerner's willful noncompliance with prior orders. *Id.*, at 4-5. The Court specifically noted the difficulties Oberlander had caused for Judge Glasser: "Of course, Judge Glasser, an experienced and able jurist who has shown admirable patience and forbearance in the face of extraordinary provocations, shall retain jurisdiction over the underlying (and long-lived) criminal proceeding." *Id.*, at 5. Accordingly, then-Chief Judge Dearie appointed Your Honor for the purpose of enforcing the courts' orders.

Remarkably, despite this Court's appointment as a monitor, Oberlander and Lerner's contempt of court has continued.

<u>First</u>, at a hearing on April 1, 2011, Your Honor learned that Oberlander and Lerner still possessed the PSR which Judge Glasser had ordered them to return, and threatened to hold them both in contempt if they did not return or destroy any and all copies. The Court rejected their frivolous argument that they were entitled to keep copies of the PSR, as opposed to the originals: "No, it's absolutely clear on its face Judge Glasser intended you to destroy electronic copies and to return any photocopies." (Tr. of 4/1/11 Hearing in 12-MC-557, at 14:3-5).

<u>Second</u>, the following month, in denying their request to make certain sealed information public, Your Honor observed that Oberlander and Lerner were "seeking to fatally undermine the purpose of the injunctions by publishing information that would render them ineffective." (May 13, 2011 Order in 12-MC-557, at 4).

Third, on June 29, 2011, the Second Circuit issued a Summary Order on Oberlander and Lerner's appeals, in which the Court strongly rebuked Oberlander and Lerner's vexatious litigation tactics and frivolous filings. The Court warned that its "patience has been exhausted by his filing of six separate notices of appeal regarding the same principal legal dispute … and that any further attempts to re-litigate the issues decided by this order, or other future filings of a frivolous nature, may result in sanctions…" (Summary Order of Court of Appeals, dated June 29, 2011, at 3). Notably, the Court also held that "the PSR is of dubious utility in the civil case except as a tool to intimidate and harass [Sater] by subjecting him to danger." *Id.*, at 7.

Fourth, in early 2012, in flagrant violation of several court orders, Oberlander and Lerner made good on their threats and began disclosing sealed information to the press. They disclosed "Richard Roe's" true name and identity to a *New York Times* reporter and even posed together for a half page photo, which *The New York Times* published on February 6, 2012. (*See The New York Times,* "By Revealing Man's Past, Lawyer Tests Court Secrecy," dated February 6, 2012). By revealing his true name and identity, Oberlander directly violated the Second Circuit's February 14, 2011 order, which expressly enjoined Oberlander and Lerner from disclosing Oberlander's true identity "because the disclosure of his true identity in this litigation context may, for the time being, lead to the improper disclosure of the materials at issue." (2/14/11 Summary Order, at 2).

Fifth, in response to Mr. Sater's order to show cause, Oberlander and Lerner filed a motion to quash, most noteworthy for the flurry of baseless and scurrilous insults directed at Your Honor, the entire Eastern District, and the Second Circuit. They wrote that the Court's signing of the order to show cause was "illegal and unlawful"; that Your Honor "maint[ains] an inaccurate docket" in a totally unrelated matter and should recuse himself "from further involvement;" that the Eastern District has taken "unlawful and unethical measures to cover up … illegal sentencing schemes;" that the Second Circuit's orders evidence "lawlessness" and "sedition"; and that the Circuit has "falsifi[ed] judicial records." (Memorandum of Law in Support of Motion to Quash, dated February 17, 2012, at 3-4, 8).

Sixth, additional news articles evidencing further disclosures of sealed information by Oberlander and Lerner began to surface. *The Miami Herald* published an article disclosing Mr. Sater's true identity and displaying a photograph of him, connecting him to all the sealed proceedings, and – most egregiously – discussing the contents of the sealed documents that the Second Circuit ordered to remain under seal. (*See The Miami Herald,* "Trump Tower Promoter's Criminal Record Was Concealed By Feds," dated July 1, 2012). It is undisputed that Oberlander, Lerner or their agents gave *The Miami Herald* the information for this article, as the article quotes Paul Cassell, a member of their legal team who was copied on correspondence in the sealing litigation.

On February 27, 2012, Judge Cogan referred Oberlander and Lerner to the U.S. Attorney's Office to investigate whether they should be held in criminal contempt for their actions. (Tr. of 2/27/12 Hearing in 12-MC-557, at 9). Shortly thereafter, the law

firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP ("Wilson Elser"), where Lerner had been a senior partner for many years, became aware of the egregious behavior at hand and sought to distance itself from both Oberlander and Lerner. On March 14, 2012 it moved to be relieved from its representation of Oberlander, which the Court granted on August 16, 2012. (August 16, 2012 Order in 98-CR-1101). By September 2012, Lerner was forced to leave Wilson Elser.

Seventh, on July 27, 2012, Colombo-associate Daniel Persico assaulted Mr. Sater's co-defendant Salvatore Lauria, a government cooperator, and threatened to kill Mr. Sater. (August 2, 2012 Letter from M. Beys to District Court in 12-MC-557). We allege that this incident was the result of Oberlander and Lerner's illegal dissemination of sealed information to the press and their improper disclosures to attorney Gerald Shargel, who had represented Persico in the very case that Mr. Lauria and Mr. Sater cooperated with the government on. Specifically, in early February 2011, in the days leading up to the Second Circuit's oral argument, when Oberlander and Lerner had been enjoined from disseminating sealed information to anyone outside their legal team, they attempted to retain Mr. Shargel in order to circumvent the injunction. There can be no doubt Oberlander and Lerner knew that Mr. Shargel was well-known to frequently represent reputed members of organized crime, but incredibly, purported to retain him under the pretext of First Amendment counsel. Indeed, Lerner admitted in writing to the Second Circuit that he had given Mr. Sater's sealed information to Mr. Shargel: "Mr. Roe has discussed retaining Gerald Shargel [sic] … Mr. Roe gave Mr. Shargel copies of the filings in these proceedings." (February 2, 2011 Letter from R. Lerner to Court of Appeals, at 3).

There can also be no doubt Oberlander and Lerner knew of the Colombo's history of violence, and it was precisely their plan to leak Mr. Sater's sealed information to the organized crime community. All along, their client Jody Kriss's extortion plan in Kriss I has been to pit defendant white-shoe law firms, like Nixon Peabody, Duval & Stachenfeld, Roberts & Holland and Akerman Senterfitt, against their co-defendants with criminal pasts, who had cooperated with the government (particularly against members of organized crime), and for the law firms to demand their insurance carriers to settle with Jody Kriss at all costs. Accordingly, a mafia-related act of violence against Mr. Sater or Mr. Lauria would motivate the law firms to settle even more so. We allege that this is precisely the reason Oberlander and Lerner improperly gave sealed information to Mr. Shargell.[1]

Eighth, Oberlander and Lerner continued to engage in "vexatious" and "oppressive" litigation tactics. Specifically, later in 2012, Oberlander and Lerner began using unsealing proceedings in 12 MC 150 (ILG) before Judge Glasser as a vehicle to publish whatever information remained under seal. On November 13, 2012, Judge Glasser ordered them to show cause why they should not be sanctioned for flooding the court with a "vexatious" and "oppressive" 742-page "documentary stew" that had "no

---

[1] Neither Mr. Sater's counsel, nor the government, contends that Mr. Shargell was in any way involved in Oberlaner and Lerner's scheme.

relevance to the very discrete issue pending before the Court." (November 11, 2012 Order in 12-MC-150, at 3-4). In response, Oberlander moved to recuse Judge Glasser, asserting that Judge Glasser was part of a conspiracy, along with the U.S. government and Mr. Sater's counsel, to conceal Mr. Sater's conviction:

> [Y]our honor presides over this and related matters in violation of 28 U.S.C. § 455(a) and (b)(1), having failed to disqualify yourself despite Congressional mandate you do so because of, respectively, your appearance of bias and lack of impartiality, palpably obvious to, let alone reasonably questioned by, an objective, informed observer ... **that observer cannot rationally conclude but that your honor appears to be in criminal conspiracy with *at least* [ ] Sater's lawyers, to deprive us and our clients of our rights**.

(Omnibus Motion, dated November 19, 2012, at 2) (emphasis in original).

Ninth, Oberlander and Lerner went on to file two new frivolous actions in March and May 2013. The March action, *Estate of Ernest Gottdiener, et al. v. Mr. Sater, et al.*, Case No. 13-CV-1824 (LGS) ("Gottdiener"), was dismissed in its entirety on Mr. Sater's motion. The May action, *Kriss, et al. v. Bayrock Group LLC, et al.*, Case No. 13-CV-3905 (LGS) ("Kriss II"), names the following defendants and accuses them of a massive conspiracy: Mr. Sater's attorneys; one of the Assistant U.S. Attorneys in the Criminal Case; several prominent law firms, including Akerman Senterfitt, Duval & Stachenfeld, Nixon Peabody, Satterlee Stephens Burke & Burke, and Morgan Lewis & Bockius; and Donald Trump, Ivanka Trump, and "Trump Does" 1-100, among others. The frivolousness of the action is apparent on its face, as are the damages of $1 Billion the Kriss II plaintiffs seek. Apparently, Kriss himself now refuses to participate in Kriss II, and is attempting to withdraw, although the Kriss II complaint is under seal and *sub judice* -- on the issue of whether Oberlander and Lerner improperly obtained sealed information from Bernstein in the first place.

Tenth, Oberlander and Lerner continue their assault on the judiciary and their pattern of intentionally disobeying court orders. Recently, in Kriss II, Oberlander filed a letter accusing Chief Magistrate Judge Frank Maas of having entered an "illegal and invalid" sealing order. (June 3, 2014 Letter of R. Lerner and F. Oberlander to District Court in 13-CV-3905). Also, in May of this year, Oberlander and Lerner refused to meet and confer as ordered by Judge Lorna Schofield, who now presides over Kriss I and Kriss II. (June 3, 2014 Letter of R. Wolf to District Court in 13-CV-3905).

Page 9 of 9

It is apparent that absent further court intervention there is no end in sight to any of Oberlander's and Lerner's improper and cavalier litigation tactics, despite the numerous warnings they have received from the courts.

Respectfully submitted,

Michael P. Beys
*Counsel for Felix Sater*

cc.     Robert S. Wolf, Esq. (via ECF)
        Frederic M. Oberlander, Esq. (via ECF)
        Richard E. Lerner, Esq. (via ECF)

FILED: NEW YORK COUNTY CLERK 03/16/2014

INDEX NO. 152324/2014

NYSCEF DOC. NO. 1 Case 1:98-cr-01101-ILG Document 244-2 Filed 01/01/19 Page 147 of 261 PageID #: 3941 RECEIVED NYSCEF: 03/16/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------- x

SALVATORE LAURIA,

              Plaintiff,

  -against-

JODY KRISS,

              Defendant.

---------------------------------------------- x

Index No. _____
Purchased: March 16, 2014

**SUMMONS**

Plaintiff designates New York County as the place of trial

The basis of venue is Defendant's residence in New York, New York

TO THE ABOVE-NAMED DEFENDANT:

      PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff at the address set forth below within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not delivered personally to you within the State of New York.

      YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated:  New York, New York

       March 16, 2014

                             BEYS STEIN MOBARGHA & BERLAND LLP

                             By: _____
                                   Nader Mobargha
                                   Michael P. Beys

                             The Chrysler Building
                             405 Lexington Avenue, 7th Floor
                             New York, New York 10174
                             Telephone: (646) 755-3603
                                         (646) 755-3600
                             Facsimile: (646) 755-3599
                             Email:  nmobargha@beysstein.com
                                     mbeys@beysstein.com

                           *Attorney for Plaintiff Salvatore Lauria*

**Defendant's Addresses:**

Jody Kriss
205 West 76th Street. Unit 1101
New York, New York 10023

East River Partners, LLC
915 Broadway, Suite 1001
New York, New York 10010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------- x

SALVATORE LAURIA,

        Plaintiff,

  -against-

JODY KRISS,

        Defendant.

---------------------------------------------------- x

Index No. _____

**COMPLAINT**

Plaintiff Salvatore Lauria ("Lauria") by and through his attorneys, Beys Stein Mobargha

& Berland LLP, for his Complaint against Defendant Jody Kriss, alleges as follows:

**PRELIMINARY STATEMENT**

1.      This case is about a billion-dollar shakedown by real estate developer Jody Kriss

("Kriss"), who made millions of dollars as consigliere for the Russian mob.  Like Tom Hagen in

"The Godfather," Kriss and his father, attorney Ronald Kriss, were the "front men" for the

Bayrock Group ("Bayrock"), a real estate development company, owned and run by people Kriss

himself claims were mobsters.  Kriss was the Chief Financial Officer ("CFO") of Bayrock and

his father was the outside general counsel for what Kriss claims was a mob outfit.  In fact, his co-

workers nicknamed Kriss "VOR-TON," a word play on "Wharton," the school he attended, and

the Russian "vor-in-law" ("thief-in-law," as Russian mobsters are known), because – as he used

to brag – Kriss could steal more using his Wharton degree than 100 gangsters combined.  Yet

ultimately, because Kriss was unsatisfied with the millions he made as Bayrock's front man, he

turned on his alleged gangster friends, suing them, Bayrock, prominent law firms, Plaintiff

Lauria, and numerous others in a relentless, extortionate billion-dollar shakedown.

2.      Currently a founder and principal of East River Partners, Kriss now moonlights as

a professional plaintiff who uses his veneer of power and prestige, and the court system, to

repeatedly sue and extort innocent defendants. He has sued the Trumps. He has sued the Sapirs.

He has sued prestigious law firms, including Nixon Peabody LLP, Satterlee Stephens Burke &

Burke LLP, Duval & Stachenfeld LLP, and Roberts & Holland. He has sued small law firms.

He has sued individual lawyers. He has sued the insurance carriers for these law firms. He has

sued accounting firms. He has sued individuals with little or no assets, like Plaintiff Lauria. He

even sued his father's former firm, Akerman Senterfitt LLP ("Akerman"), which acted as

Bayrock's outside general counsel and where his father Ronald Kriss was the chief liaison to

Bayrock. After the lawsuit was filed naming Akerman as a defendant, Ronald Kriss left the firm,

and ultimately landed, remarkably, as a managing partner at Stroock & Stroock & Lavan

("Stroock"). Most absurdly, however, Kriss sued a current federal prosecutor in Brooklyn, New

York for his role in legally protecting the identity of confidential government witnesses. He has

attempted to extort all of these various parties by filing no less than four frivolous, sensational

lawsuits over the last five years.

3.      Kriss accuses all of these defendants – without any basis – of operating a massive

civil RICO conspiracy together. That the claims asserted in the litigations are meritless – or

more accurately, absurd – is of no concern to him. Equally of no concern to him is the

indisputable fact that the actions he accuses the defendants of are actions that Kriss, and his

father, the outside general counsel of Bayrock, themselves committed and are responsible for.

For Kriss, litigation is a useful nuisance tool that can reap handsome financial rewards and cover his own tracks at the same time.

4.      Indeed, Kriss himself was the "front" for Plaintiff Lauria and other Bayrock employees, to cover up their past criminal convictions.  Formerly a low-level analyst, Kriss was elevated to the position of CFO at Bayrock precisely for this reason.  The scheme has its roots back in the early 2000s when Kriss and his father, Ronald Kriss, an ivy-league educated partner at Akerman, masterminded a plan to take over Bayrock.  First, Kriss hired Ronald Kriss's law firm as Bayrock's outside general counsel, tasking him to "solve" the problem of Bayrock employees' criminal histories, as Bayrock tried to raise money from outside investors and to finance their projects with major U.S. banks.  In turn, Ronald Kriss advised Bayrock that it needed a squeaky-clean, pedigreed executive as the face of the company and suggested his own son.  Kriss was the perfect "front man," a graduate of the University of Pennsylvania's prestigious Wharton School, with no criminal past.  In his new position, Kriss proceeded to raise money from investors and banks, negotiated deals on behalf of Bayrock, and signed all key regulatory filings, all as the name and face of Bayrock.  As Bayrock's attorney, Ronald Kriss devised and legally blessed this scheme.  Together at the helm, Jody and Ronald Kriss paid themselves millions of dollars in commissions and legal fees for several years posing as the figureheads of Bayrock.

5.      Yet, despite the millions that Kriss and his father's firm made, their real plan was to eventually turn on the very criminals they were covering up for, and to extort them for hundreds of times the money they made in fees as the CFO and general counsel of Bayrock.  Kriss used mobster tactics to build his case against Bayrock and other defendants, including Lauria.  These tactics included (i) "wiring up," using a hidden recording device to record

-3-

privileged and confidential conversations he had with Bayrock's principal, Tevfik Arif, and in-house general counsel, Julius Schwarz; (ii) lying and destroying evidence, that is, reentering Bayrock's offices under false pretenses to "wipe down" his computer and delete potentially incriminating electronic files; and (iii) bribing the ex-tech analyst at Bayrock to give him access to the company's hard drive, which the analyst himself had duplicated, taken, and kept without permission.   On the stolen hard drive, Kriss and his attorneys found a treasure trove of judicially-sealed, attorney-client privileged and confidential documents, including documents concerning the government cooperation of Lauria and another Bayrock employee against dangerous mob associates and criminals.   Kriss also found privileged communications between Bayrock executives and the company's attorneys about highly sensitive legal and tax matters and pending litigations.

6.   After illegally recording his colleagues and stealing Bayrock's privileged communications and other documents, Kriss began his legal extortion campaign, which involved filing multiple civil RICO actions against numerous defendants.   Each of the lawsuits filed by Kriss were designed to fail as meritorious actions, but succeed as tools of extortion.   As a pressure tactic to score a quick settlement from defendants in those actions, including Plaintiff Lauria, Kriss and his attorneys disclosed and attached judicially-sealed documents and attorney-client privileged communications in a publicly filed complaint.   These documents contained sensitive details about Lauria and another Bayrock employee's past cooperation with the federal government.   The public disclosure and circulation of this information could sound the death knell for Plaintiff Lauria and his family – a possibility confirmed by the government and multiple federal judges.

7.      Kriss and his attorneys did not care.  In fact, they actively sought to disclose this life-threatening information to the press, and orchestrated the publication of numerous articles about it.  For Kriss, the more press time his frivolous lawsuits and sensational, judicially-sealed information garnered, the more money the defendants – especially the prominent laws firms and their insurance carriers – would pay to settle the "dispute" and make it go away.  Kriss and his attorneys made no secret of their extortionate plan, even admitting it to their opposing counsel.

8.      Pushing their disclosure campaign even beyond the press, Kriss and his attorneys also disclosed sealed information to a very well known lawyer who represented the very organized crime figures whom Plaintiff Lauria cooperated against.  The result was a violent one for Lauria.  In July 2012, one of these mob associates viciously assaulted Lauria in broad daylight, accusing him of being "a rat" and telling him, "you're dead."  Despite this violent consequence, Kriss forged ahead filing additional lawsuits and continuously exposing sensitive and sealed information about Lauria and others to expose them to danger and further his extortion campaign.

9.      That is because Kriss is a predator with a veneer of legitimacy, a wolf masquerading as a shepherd, a Tom Hagen.  His use and abuse of the judicial system to steal, pressure, and extort Lauria and other defendants show that mobsters and extortionists do not always pack a gun, carry a bat, or threaten physical violence.  Sometimes they wear suits and have fancy degrees from Ivy-league schools like Wharton.

## PARTIES

10.     Plaintiff Salvatore Lauria is an individual who resides in Connecticut.

11.     Defendant Jody Kriss is an individual who resides in New York, New York.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this action pursuant to

Section 7 of Article VI of the Constitution of the State of New York and pursuant to Judiciary

Law § 140-b because this is a civil action for, *inter alia*, monetary damages (exclusive of interest

and costs) in excess of the jurisdictional maximum of the Civil Court.

13.     Venue is proper in this County pursuant to C.P.L.R. §§ 503(a) and 509.

## FACTUAL BACKGROUND

### *Kriss and Lauria work at Bayrock together*

14.     The story begins at Bayrock, where Lauria and Kriss were both employed.

Bayrock is a real estate investment and development firm specializing in luxury, residential,

commercial and mixed-use condominiums, and has developed real estate throughout the United

States.  Jody Kriss was Bayrock's CFO, Chief Operating Officer ("COO"), and Director of

Finance from 2003 to 2008.  On his current company's website, East River Partners, he even

claims to have been the founder of Bayrock.  Between 2006 and 2007, Lauria was a consultant

with the company whose primary responsibility was to find investors for real estate deals both in

the United States and internationally.

15.     While a valuable and lucrative asset to the company, Lauria had a criminal past.

In 1998, Lauria pleaded guilty to securities fraud in the Eastern District of New York.  If

disclosed, his past would bring bad publicity to Bayrock's real estate projects throughout the

country, scare off its investors and banks, and hamper its fund-raising abilities.  This was one of

the reasons Kriss was made the name and face of Bayrock, to "front" for people like Lauria.

16.     Kriss was intrigued by Lauria's criminal history.  While sharing an office with

Lauria at Bayrock, Kriss would routinely ask to see Lauria's court-mandated ankle monitor and

-6-

referred to it as "federal jewelry." Kriss would boast to Lauria that Lauria could have stolen a lot more money had he received a business school degree from Wharton. Kriss bragged that with the stroke of a pen, he could steal more money than 100 mobsters with guns combined. Among his co-workers at Bayrock, especially those he now claims are Russian mobsters, Kriss became known as "VOR-TON" which literally means thief of tons in Russian. Specifically, it is a play on words on both Kriss's alma mater, the Wharton School of the University of Pennsylvania, and the Russian "vor-in-law," as Russian mobsters are known. In other words, "the gangster from Wharton." Ultimately, he would live up to this name and reputation.

### *Kriss is the front man for convicted criminals at Bayrock*

17.     Despite the natural connection Kriss, a.k.a. "VOR-TON," drew between legitimate business and organized crime, Kriss knew he had to hide his brand of business from Bayrock's investors. First, he brought in and teamed up with his father, Ronald Kriss, Bayrock's outside general counsel and a well-respected law partner at the Akerman, who has both an undergraduate and law degree from the University of Pennsylvania, the same school his son Jody Kriss attended. Once together, this father-son duo orchestrated a scheme to keep Lauria and others with criminal ties involved in Bayrock's day-to-day operations, while hiding their criminal pasts from Bayrock's investors and banks.

18.     Under Ronald Kriss's expert legal direction, the Bayrock enterprise would operate as follows. Kriss would act as the front man -- i.e., the figurehead and face -- for these convicted criminals, who would continue to work at Bayrock and make Kriss substantial amounts of money. Kriss's sterling educational background, Wharton degree, and crime-free history were the perfect cover for these alleged mobsters. To investors, it was Kriss who was in charge, not the former convicted criminals, who actually operated and managed the company. Kriss's role

as the front for alleged Russian and Italian mobsters culminated with his signature on Bayrock's condominium documents – his certifications and legal representations to the New State Attorney General's Office and the public at large.

19.     With themselves at the helm of Bayrock, Ronald Kriss, as the outside general counsel of Bayrock, and Kriss, as CFO and Director of Finance at Bayrock, paid themselves millions of dollars in commissions and legal fees for several years, while hiding the truth about the criminal history that plagued Bayrock.

### *Kriss's ties to Russian organized crime go beyond Bayrock*

20.     Kriss's ties to convicted criminals went beyond Bayrock.  During his tenure at Bayrock, Kriss traveled to Russia to meet with high-ranking members of Russian organized crime and discuss the investment of their "profits" in the New York real estate market. Witnesses attended these meetings, where it was clear that Kriss was fully aware of the origins of the money he was soliciting.

21.     Kriss and his father, Ronald Kriss, also traveled to Turkey aboard a privately leased 707 jet with the alleged criminals they were fronting for.  Once in Turkey, the Krisses hobnobbed with Russian "dignitaries," a euphemism for members of organized crime.  This event was photographed.

22.     Like the convicted criminals Kriss was fronting for, the sources of the funds of these Russian and Turkish investors did not bother or deter Kriss from doing business with them. To the contrary, these types of investors, with their colorful backgrounds, were a routine part of Kriss's business plan and dealings.  Without him, there would have been no use for Kriss and his Wharton degree.

### *Kriss's relationship with Lauria goes sour and he seeks recovery of a commission fee*

22.     Despite Kriss's success in combining the foreign criminal underworld with the U.S. real estate business, he ultimately turned sour on the convicted felons at Bayrock for which he was fronting.  The seeds of his resentment against Lauria  – and ultimate revenge –were planted in 2007 when Lauria brought the FL Group, an Icelandic company, to invest $85 million into Bayrock.  Kriss advised on the deal.  As a result of bringing in the business, Lauria earned a $2.5 million commission, a percentage of the total investment, which had been pre-negotiated by Kriss.  Kriss was incensed that a convicted criminal like Lauria was to receive such a large commission, while he, the self-proclaimed founder, front, and high-level executive of Bayrock with an Ivy League degree, was only to receive his relatively modest salary.

23.     So Kriss embarked on a crusade to extort an additional bonus from Bayrock for the transaction.  This extortion included threats to publicly disclose the criminal history and federal cooperation of Lauria and other employees.  Never mind that Kriss and his father Ronald Kriss devised the cover-up of these criminal histories.  Kriss knew that disclosing this information could place these former criminals – and their families - in grave danger of potential retaliation from the very criminal informants whom Lauria had cooperated against.  Kriss did not care – his only concern was to subject Bayrock to an old-fashioned shakedown so that he could receive a huge payout.  Bayrock's owner had no choice but to authorize a $500,000 extortion payout to Kriss.

24.     Yet, Kriss was not satisfied with his $500,000 bonus.  The disparity between Kriss's $500,000 payment and Lauria's $2.5 million commission was something Kriss still could not tolerate.  Kriss believed that he was entitled to $1.5 of Lauria's $2.5 million commission, so he demanded more money.  However, Bayrock ownership did not agree and refused to cave to

Kriss's histrionics. So Kriss took matters into his own hands. Using his position as CFO to control the purse, Kriss cheated Lauria out of $1 million by only paying Lauria $1.5 million of the $2.5 million owed to him. Lauria drafted a complaint and was prepared to file a lawsuit to collect the rightful amount of his commission. Ultimately, however, Lauria had no choice and settled the case, only receiving $200,000, a fraction of the remaining $1 million he was entitled to.

## *Kriss files his First Frivolous Action*

25.     Despite successfully cheating Lauria out of his rightful commission, Kriss was still seeking a larger payout for himself, whether from Bayrock or Lauria. Before Kriss could obtain his payout from Bayrock or Lauria, however, Bayrock fired Kriss. Kriss then took to the courts for his extortion. In November 2008, Kriss filed his first lawsuit against Bayrock and numerous other defendants in Delaware Chancery court ("First Frivolous Action"). In early 2010, Kriss's case was summarily dismissed.

26.     However, a short time later, a low-level former Bayrock analyst – and close friend of Kriss – handed Kriss and his attorney Bayrock's stolen hard drive, which contained highly sensitive judicially-sealed documents belonging to another Bayrock employee, and privileged communications between Bayrock and its attorneys. This gave Kriss the leverage he needed to wage his billion-dollar extortion campaign against Bayrock and other defendants.

## *Kriss uses illegal means to gather evidence and extort Bayrock*

27.     The history of how this analyst obtained this hard drive and what he chose to do with it is laced with illegal, surreptitious, and unethical conduct. In 2006, Bayrock hired this analyst, who was tasked to assist the company with information technology support. During his tenure at Bayrock, the analyst became extremely close with Kriss, with the two spending

-10-

inordinate amounts of time together. The relationship had afforded Kriss the opportunity to delete files from Bayrock's hard drive so that any trace of his culpability would be gone. Ultimately, on or about September 2008, Bayrock fired the analyst.

28.     However, prior to his termination, the analyst obtained a copy of Bayrock's entire corporate hard drive and email system and copied its contents to a back-up hard drive. Bayrock's corporate hard drive contained government-sealed and confidential documents belonging to the other Bayrock employee with a criminal past, and Bayrock's attorney-client communications. Once Bayrock realized that the analyst possessed this sensitive material they asked him to return it. The analyst refused.

29.     With the hard drive unlawfully in his possession, this disgruntled former Bayrock hired Kriss's own attorney to sue Bayrock. They agreed to work together to sue Bayrock in separate lawsuits.

30.     In fact, Kriss and his attorney duped the analyst to give him unfettered access Bayrock's stolen hard drive, first by offering him a "piece of the action" from Kriss's lawsuits against Bayrock, and second, by offering the attorney's legal services for free. This was an offer the analyst could not refuse.

31.     With Kriss's blessing, the attorney pillaged Bayrock's hard drive, discovering a treasure trove of judicially-sealed documents and Bayrock's attorney-client, privileged communications. These confidential documents would ultimately prove to be instrumental in Kriss's extortion campaign against Bayrock, Lauria and the various other defendants that he would ultimately name in his next barrage of frivolous lawsuits.

-11-

### *Kriss Files his Second Frivolous Action*

32.     On May 10, 2010, following the dismissal of their First Frivolous Action in

Delaware Chancery Court, Kriss and his attorney filed their second frivolous action. He brought

the lawsuit in the Southern District of New York, captioned *Jody Kriss et al. v. Bayrock Group et*

*al.,* 10 Civ. 3959 ("the Second Frivolous Action"). The Second Frivolous Action essentially

accuses a group of Bayrock employees and principals (including Lauria), accountants, four

prominent law firms, and other individuals and corporate entities of a massive civil RICO

conspiracy and demands $100 million. The allegations in the complaint are nonsensical, and the

list of defendants equally bizarre, particularly the law firms and an insurance carrier. The list of

defendants includes: (i) Bayrock and its related entities; (ii) Tevfik Arif; (iii) Julius Schwarz (an

attorney); (iv) Lauria; (v) Felix Sater; (vi) Alex Salomon (an accounting firm); (vii) Jerry

Weinrich; (viii) Salomon & Company PC; (ix) Akerman Senterfitt LLP (a law firm); (x) Martin

Domb (a lawyer); (xi) Craig Brown; (xii) Duval & Stachenfeld LLP (a law firm); (xiii) Bruce

Stachenfeld (a lawyer); (xiv) David Granin; (xv) Nixon Peabody LLP (a law firm); (xvi) Adam

Gilbert (a lawyer); (xvii) Roberts & Holland (a law firm); (xvi) Elliot Pisem; (xvii) Michael

Samuel; (xviii) Mel Dogan (a lawyer); (xix) National Union Fire Insurance Co. of Pittsburgh, PA

(an insurance carrier).    Most, if not all, of these defendants are professionals with sterling

reputations. Kriss knew therefore that he could exponentially multiply the price of his lawsuit by

naming prestigious, white shoe law firms, their lawyers individually – and more importantly,

their insurance carriers – as defendants. He figured that, to protect their reputation, these

defendants would stroke a quick check just to disassociate themselves from Bayrock's convicted

criminals and their sensational pasts. Kriss and his attorneys made no secret that this was their

plan, even admitting it to opposing counsel and in writing to others.

-12-

33.    However, most egregiously, <u>Kriss included both attorney-client communications</u> <u>and judicially-sealed information in his publicly filed complaint – information he illegally</u> <u>obtained from Bayrock's stolen hard drive</u>.  The disclosure of the government-sealed information was illegal in itself.  Worse yet, the public exposure of this information placed Lauria and another Bayrock employee – and their families – in grave danger.  Three different federal courts confirmed the possibility of this danger.  Again, that did not matter to Kriss, and in fact, that danger was integral to his plan.  Kriss's attorney made no secret that the threat of public disclosure of this sensitive and sealed information was nothing more than an extortion, stating:

> I recommend you forward this to Julius [Bayrock's general counsel] with the comment from me that there are three alternatives:
>
> (a) I file publicly today
>
> (b) I file under seal today
>
> (c) He arrange a tolling agreement with EVERY defendant but Nixon Peabody
>
> I don't care how many people he has to get on the phone and how fast he has to work. He had years to give back the money and now it's over. He can get Brian Halberg [Bayrock's associate general counsel] to help him. I believe it's possible to get this in under seal if Bayrock joins in a joint motion in part 1 to seal the complaint pending a redaction agreement with the assigned judge but there are never any guarantees.

In short, there was no doubt that both Kriss and his attorney knew what they were doing was illegal, and that the public disclosure of sealed information could put Lauria and others in grave danger.  However, Kriss publicly disclosed the information anyway.

34.    Interestingly, even with the plethora of privileged communications and judicially-sealed information contained on the hard-drive – which Kriss illegally obtained and illegally disclosed to the public – the complaint in the Second Frivolous Action lacked merit, as it did the First Frivolous Action.  For instance, Lauria's name was mentioned only twice in the 765-

-13-

paragraph, 165-page complaint, and in both instances only fleetingly. The first mention of Lauria's name was merely to state that he and others were involved with, and pleaded guilty to, a Russian and Italian stock brokerage "pump and dump" scheme prior to joining Bayrock, a now 20-year old crime to which Lauria already had pleaded guilty. The second mention of Lauria's name was the spurious allegation that he may or may not have received kickbacks in connection with Mafia investments at Bayrock. That is it. Nevertheless, Kriss named him as a defendant in the $100 million RICO action. The real purpose of naming Lauria was to identify Lauria as an informant for the federal government, to dredge up his past and expose him to danger, so that the prestigious law firms and deep-pocketed defendants would pay to get out of the case. It was also payback for the $1.5 million commission Lauria received in 2007.

35.     Thus, by illegally gathering and illegally disseminating sealed confidential information, Kriss had set in motion what would prove to be a persistent pattern of conduct, aimed at emotionally, mentally, physically, and financially harming Lauria.

### *The Second Frivolous Action concerns crimes which Kriss and Ronald Kriss are guilty of*

36.     Yet, the real irony in the Second Frivolous complaint is that Kriss accuses Lauria and others of crimes that Jody Kriss and his father Ronald Kriss, the outside general counsel of Bayrock, are themselves guilty of committing. The Second Frivolous Action epitomizes the age-old adage of the pot calling the kettle black.

37.     First, the complaint alleges, among other things, that "Bayrock is substantially and covertly mob owned and operated …." Kriss accuses Bayrock of covering up the past of its convicted employees, and asserts that no investor would partner with Bayrock for any venture if this information were revealed. However, simply by virtue of his positions as CFO, COO, Director of Finance, and self-proclaimed co-founder of Bayrock, Kriss was the very name and

-14-

face of Bayrock. He was the front for Lauria and other Bayrock employees, hiding their criminal histories and ties to organized crime from Bayrock's unsuspecting investors and banks. And his father, Ronald Kriss, Bayrock's counsel, hatched, legally blessed, and employed this hide-and-seek scheme. Indeed, both Kriss and his father were well aware of what was transpiring in the halls of Bayrock's offices and the aisles of the private jets they used to travel to Turkey and Russia to expand their network of wealthy criminals. They knew exactly who worked at Bayrock. That was why they were there in the first place.

38.     Second, in the complaint, Kriss accuses Bayrock of filing "false condominium offering documents." However, it was Kriss who signed these documents as CFO on behalf of Bayrock. Kriss conveniently omits this crucial fact from his complaint.

39.     Third, Kriss claims in the complaint that one employee took from Bayrock $8,000,000; another took $4,000,000, and yet another took $15,000,000. Without any explanation, he claims that the money simultaneously came from "crime" and from Bayrock. Again, conspicuously absent from the complaint is that he was the Director of Finance and the CFO of Bayrock. As such, he was in charge of the money that entered and left Bayrock's coffers. Consequently, it was Kriss who was most familiar with Bayrock's alleged "criminal" financial sources, if any. And it was Kriss who would have approved, or at least played a part in, any improper distribution of revenues to Bayrock's employees.

40.     Fourth, Kriss claims that Bayrock – a company he claims he founded and financially managed – paid one of its employees a "million dollars a year in unreported income" and "intentionally understated [its] partnership taxable income, by at least $50,000,000 to as much as $100,000,000." Once again, if that was the case, it was Kriss – the Director of Finance and the CFO – who created and approved the transaction and examined Bayrock's tax returns

-15-

before they were filed. If any tax crimes occurred at Bayrock, Kriss himself was in on it. Perhaps that is why he knows so much about the intimate details concerning these transactions, including the exact dollar amounts of the distributions.[1]

41.    Never is Kriss's hypocrisy and greed more apparent than when he names as a defendant the Akerman law firm where his father Ronald Kriss was a partner and which acted as outside general counsel to Bayrock. Indeed, the very reason Akerman was Bayrock's counsel in the first place was because Ronald Kriss, his father, worked as a partner there. However, this did not stop Kriss from suing the firm, calling them "RICO attorneys…who agreed to knowingly facilitate the racketeering." He even copied and pasted an email addressed to his own father Ronald Kriss at rk@akerman.com, placing the full text of his email in the complaint. Curiously, however, although Kriss names the Akerman firm as a defendant in the Second Frivolous Action, and again in a later action, he failed to name his father, the chief contact at Akerman for all Bayrock-related work, as a defendant. This further demonstrates Ronald Kriss's integral role in the father-son takeover and shakedown scheme.

42.    Kriss had planted the seeds of his shakedown plan long before he filed his frivolous actions, or stole documents from Bayrock's stolen hard drive. First, Kriss leaked government-sealed information about Bayrock and the history of its employees to the press. He was giving them – and his future defendants – a taste of what was to come. Second, Jody Kriss, a.k.a. "VOR-TON," admits to wearing a wire and secretly recording the attorney-client communications of Bayrock's principal and general counsel – a fact that he admitted in his Second Frivolous Complaint. Specifically, Kriss admits that, like a mafia turncoat, "in May

---

[1] Regarding tax improprieties, upon information and belief, Kriss claimed to have resided in Florida while he was working at Bayrock in New York. In fact, upon information and belief, Bayrock's accountants refused to prepare and file KRiss's personal tax returns for him for this reason. The accountants are now defendants in Kriss's various frivolous actions.

2008" he "recorded Julius Schwarz" discussing a loan that Bayrock was giving to another employee. Wearing a wire to record conversations of colleagues and then using those recordings to blackmail colleagues in future lawsuits is not something learned in the classrooms or hallways of Wharton; rather it is a tactic learned from the mafia school of hard knocks and the wiseguys Kriss apparently fraternized with.

43.     Moreover, even if something illegal was transpiring at Bayrock – which it was not – Kriss did not speak out when these events actually happened; he did not speak out when ran Bayrock; he discussed them only after Bayrock fired him and he started his frivolous shakedown campaign. These are not the actions of a whistleblower, as Kriss tries to portray himself. Rather, these are the actions of a shakedown artist.

### *The Second Frivolous Action is delayed due to Jody Kriss and his rogue lawyers' illegal public disclosures of judicially-sealed information*

44.     Because of Kriss's illegal public disclosure of attorney-client communications and confidential, judicially-sealed information, the Second Frivolous Action has been delayed for years. To date, an operative complaint still has not been publicly filed. Four different federal courts, including two in Brooklyn, one in Manhattan, and the United States Court of Appeals for the Second Circuit enjoined Kriss and his attorneys from further disclosing the judicially-sealed information that they had initially included in their complaint. As these courts have found, Kriss and his attorneys' disclosure of this judicially-sealed information could place Bayrock's former employees, who had a history of cooperation with the federal government, in grave danger. Yet, in the face of these Court orders and findings, Kriss and his rogue lawyers defiantly continued to publicly disclose this judicially-sealed information and even orchestrated the publication of news articles about it, to circulate the life-endangering information even further. Again, the motive was obvious: to force the white-shoe defendants to the settlement table to avoid association with

-17-

Bayrock's convicted criminals and the sensational details of their federal cooperation contained in the government-sealed documents.

45.     Due to Kriss and his attorneys' willful disobedience of unambiguous court orders, the Court of Appeals was forced to appoint a separate judge in the Brooklyn federal court to police Kriss and his attorneys to ensure that they comply with court orders, an almost unprecedented move by a court, especially an appellate court.  The Court of Appeals also found Kriss and his attorneys' vexatious, scorched-earth litigation tactics troublesome.  In one particularly harsh ruling, the Court of Appeals "warned  [Kriss's lawyers] that the Court's patience has been exhausted by his filing six separate notices of appeal regarding the same principal legal dispute…and that any further attempts to re-litigate the issued decided by this order, or other future filings of a frivolous nature, may result in sanctions, including the imposition of leave-to-file restrictions, requirements of notice to other federal courts, and monetary penalties."

46.     Amazingly, Kriss and his attorneys were undaunted and remain undeterred.  They have continued to improperly disclose sealed and confidential information to the public and press (Apparently, Kriss its not just a shakedown artist and thief; he is a cheater too).  Ultimately, the federal judge in Brooklyn referred Jody Kriss's attorneys for criminal prosecution.  Again, the criminal investigation of Kriss's lawyers did not deter Kriss or his attorneys.  Together, they have continued to file frivolous lawsuits, cheating their way through the court system.

***Kriss and his attorneys intentionally put Lauria's life in danger***

47.     At one point in the midst of their frivolous litigation campaign, Kriss and his rogue lawyers decided to bypass the courts and the press and went straight to the court of organized crime. They did the unthinkable:  they disclosed the judicially-sealed information to a

famous criminal lawyer <u>who had represented the very members of the mafia that Lauria had cooperated against</u>.

48.     The result of this disclosure was a violent one for Lauria.  In or about July 2012, one of the members of the mafia tracked down Lauria in a restaurant in Bay Ridge, Brooklyn, where Lauria was having lunch with his current business colleagues.  Undaunted by the public scene, the mafia member beat Lauria in broad daylight, menacingly telling Lauria, "you're dead – I am going to kill you and the fucking Russians.  You're a rat.  I did two years because of you." Lauria knew how serious the threat was.  He had heard that the very same family of this mafia member has a long history of murder and violence.  Consequently, immediately after the encounter, Lauria sought the protection of the FBI.

49.     Events such as this – spawned by Kriss's merciless quest for a payday – show that the actual merits of Kriss's claims are beside the point.  Kriss's only goal is to extort money from Lauria, whether through litigation or fear of death.  Or better yet, his goal is to allow Lauria and the other Bayrock employee to be murdered, thereby raising the settlement price the white-shoe defendants in the Second Frivolous Action would be willing to pay to put this sensational, legal-turned-violent fiasco behind them.

### *Kriss files his Third Frivolous Action, this time using deceased Holocaust survivors as figureheads*

50.     Months after the assault, on March 18, 2013, with the First Frivolous Action dismissed and the Second Frivolous Action still in limbo, Kriss and his attorneys filed a third frivolous action in the Southern District of New York, the *Estate of Ernest Gottdiener, et al. v. Felix Sater and Salvatore Lauria*, 13 Civ. 1824 (the "Third Frivolous Action").  In this action, they again allege a civil RICO claim against Lauria and another former Bayrock employee. Kriss and his lawyers knew that Kriss could not be the plaintiff in every action filed against

-19-

Lauria, Bayrock, or the other former Bayrock employee with a criminal past. So they shamelessly trolled and found nominee plaintiffs, the Gottdieners, dead Holocaust survivors, and brought a frivolous civil RICO claim on behalf of their estates.

51.     Again, like the First and Second Frivolous Actions, the Third Frivolous Action was designed to fail as a meritorious lawsuit, but succeed as another tool of extortion and a vehicle for re-airing alleged crimes committed over 20 years ago, far beyond the 4-year statute of limitations for their civil RICO claim. Furthermore, neither Lauria nor the other Bayrock employee with a criminal past ever knew the Gottdieners, nor did they sell them securities or anything else. The action was just another excuse to publicly attach Lauria's dated criminal record, publicize his cooperation against dangerous organized crime figures, and humiliate him into paying Jody Kriss the $1.5 million commission from their Bayrock days. Aside from Lauria's previous criminal record, there are no relevant allegations asserted against Lauria connecting him to any of the plaintiffs. The lack of meritorious claims did not stop Kriss and his attorneys from seeking a whopping $100 million in damages.

### *Kriss files his Fourth Frivolous Action*

52.     Two months after filing the Third Frivolous Action, Kriss took another step in his ongoing campaign to harass and injure Lauria through public exposure. This time they raised the stakes and filed the fourth frivolous action in New York State Supreme Court, captioned *Kriss, et. al. v. Bayrock Group LLC, et al.*, 651715/2013 (the "Fourth Frivolous Action"). This time they are seeking one billion dollars in damages.

53.     A review of the four-page, single-spaced summary of the case contained in the Summons and Notice shows that the Fourth Frivolous Action is nothing more than a replica of the Second Frivolous Action, except this time Jody Kriss filed the action in state court. To quote

the Summons and Complaint, the "over-arching theme" is that Bayrock fraudulently concealed

the "substantial degree" to which it was run by convicted felons with ties to organized crime, and

that the concealment of these individuals' convictions defrauded investors, "many of them senior

citizens, including Holocaust survivors," of millions of dollars.

54.     The Fourth Frivolous Action names the same defendants as in the Second

Frivolous Action, except this time he adds a little sensationalism to his caption by naming the

Trumps, the Sapirs, and an Assistant United States Attorney.  The Defendants include (i) the

Bayrock entities; (ii) Tevfik Arif; (iii) Julius Schwarz; (iv) Felix Sater; (v) Brian Halberg (a

lawyer); (vi) Lauria; (vii) Alex Salomon (an accounting firm); (viii) Jerry Weinrich; (ix)

Salomon & Co. PC (an accounting firm); (x) Akerman Senterfitt LLP (a law firm); (xi) Martin

Domb (a lawyer); (xii) Craig Brown; (xiii) Duval Stachenfeld LLP (a law firm); (xiv) Bruce

Stachenfeld (a lawyer); (xv) David Granin; (xvi) Nixon Peabody LLP (a law firm); (xvii) Adam

Gilbert (a lawyer); (xviii) Robert & Holland LLP (a law firm); (xix) Elliot Pisem; (xx) Michael

Samuel; (xxi) Mel Dogan (a lawyer); (xxii) Tamir Sapir; (xxiii) Alex Sapir; (xxiv) Walter

Saurack (a lawyer); Satterlee Stephens Burke & Burke LLP (a law firm; (xxv) Kelly Moore (a

lawyer); (xxvi) Morgan Lewis & Bockius LLP (a law firm); (xxvii) Nader Mobargha (the

undersigned counsel in this case); (xxviii) Michael Beys (also the undersigned counsel in this

case); (xxvix) Beys Stein & Mobargha LLP (the predecessor to the undersigned law firm); (xxx)

Todd Kaminsky (a federal prosecutor in the Eastern District of New York); (xxxi) CIM Group;

(xxxii) Istar Financial; (xxxii) Donald Trump; (xxxiii) Ivanka Trump; (xxxiv) National Union

Insurance Company of Pittsburgh.

55.     Not surprisingly, the four-page Summons and Notice in the Third Frivolous

Action does not mention Lauria's name and does not even hint at how a former low-level

Bayrock employee like Lauria could have any possible role in hiding the criminal backgrounds of Bayrock employees from Bayrock's investors, especially when Lauria is the former convicted criminal himself. The Fourth Frivolous Action is nothing more than yet another dishonest attempt by Kriss to extort from Lauria the $1.5 Million that he believes he is owed from the FL transaction. If these three frivolous actions destroy Lauria's reputation after the years of cooperation in which he rehabilitated himself and repaid his debt to society, so be it. Kriss does not care, as long there is a multi-million payout to him.

56.    Kriss's reckless approach to litigation is never more evident than how he frivolously named a federal prosecutor and the Trumps as defendants, then suddenly discontinued the actions against them – without so much as a formal settlement or an explanation – because it suited him procedurally, and his father economically. First, to keep the Fourth Frivolous Action in state court, Kriss dismissed the Assistant United States Attorney when the government sought to remove the case to federal court. Kriss also dropped Donald and Ivanka Trump as defendants in the lawsuit when he discovered that they were his father Ronald Kriss's, clients at his new law firm, Stroock, where he is the managing partner of their Florida office. Ironically, Ronald Kriss had to leave his previous firm, Akerman, when Kriss named that firm as a defendant in the Second Frivolous Action. Kriss feared the same consequences for his father if he kept the Trumps as defendants in the Fourth Frivolous Action. Consequently, he casually discontinued the Fourth Frivolous Action against the Trumps - without a formal settlement and before serving a complaint on them – showing the lack of seriousness in his claims. The claims against the Trumps were simply designed as another good old-fashioned shakedown of some famous wealthy people who might have something to lose if they were associated with former criminals. Kriss was not concerned, however, since he and his father Ronald Kriss would be

-22-

profiting from the Trumps in another way: As clients. Whether a person is a defendant, client, former colleague or victim does not matter; all that matters to Kriss is that Kriss is profiting from them.

### *The Four Frivolous Actions showcase the Kriss's use and abuse of the judicial system*

57.   For Kriss, filing lawsuits is just an endless game, like putting quarter after quarter in a slot machine in Las Vegas, hoping to hit the jackpot and strike it rich. Kriss has become a professional plaintiff abusing the judicial system, while simultaneously endangering the lives of former federal cooperators. Kriss's action in funneling sensitive, judicially-sealed documents and information to the press and others, combined with filing several public complaints to further disseminate sensitive information about Lauria, has resulted in an ongoing campaign targeting Lauria and exposing him to grave danger. Kriss's hope and intent is to cause Lauria mental anguish and physical harm, and to coerce Lauria into paying Kriss money to which he is not entitled.

### *Kriss's actions take an emotional and mental toll on Lauria and his family*

58.   Kriss's hard-nosed litigation tactics, which include publicly disclosing life-endangering information to the press and mob associates, have caused Lauria and his family to live in extreme fear and emotional distress. Before his July 2012 violent encounter with the mobster he cooperated against, Lauria was already fearful for his life. After the incident, however, his fear for his life – and the lives of his wife and two children – grew exponentially. He has been unable to sleep  and regularly falls into deep depression. His wife and children are now afflicted with greater fear and anxiety than anything they had experienced before. In addition to fearing for their lives, Lauria's family now has to relive the humiliation of the past.

-23-

59.     The July 2012 encounter has also taken a toll on Lauria's relationship with his business colleagues, several of whom witnessed the violent encounter.  Not surprisingly, the encounter has had a detrimental effect on his work and his future prospects at his company.

60.     Lauria regrets his past actions and his involvement in securities fraud, which took place almost 20 years ago.  But he has paid his debt to society and served the federal government as part of the repayment of that debt.  He was hoping that his criminal past – and his cooperation against dangerous criminals – could eventually fade, with his starting a new life, as he has a right to do.  Kriss has now made that impossible.  Worse yet, he has intentionally exposed Lauria to grave danger and retaliation by dangerous criminals.

61.     It is time to hold Jody Kriss, a.k.a., "VOR-TON," accountable.

### FIRST CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

62.     Plaintiff Lauria repeats and realleges the allegations contained in the paragraphs above as if fully set forth therein.

63.     Defendant Kriss and his attorneys purposely disclosed judicially-sealed information to the press, and orchestrated the publication of numerous articles about the information and Lauria's cooperation against dangerous mob associated.

64.     Defendants and his attorneys also purposely disclosed judicially-sealed information to an attorney who represented the very mob-related criminals that Plaintiff and another Bayrock employee cooperated against.

65.     The judicially-sealed information contained details of Plaintiff's cooperation, or connected the dots of Plaintiff's cooperation, against members and associates of organized crime.

-24-

66.     Defendant's public disclosure of this judicially-sealed information, especially to the attorney for the mob-related criminals that Plaintiff cooperated against, put Plaintiff's life in imminent, grave danger, a fact confirmed by the government.

67.     As a result of Defendant's disclosures, a mob associate whom Lauria cooperated against beat Lauria in broad daylight, menacingly threatening, "You're dead. I am going to kill you and the fucking Russians. You're a rat. I did two years because of you."

68.     The very purpose of Defendant's disclosure of this sensitive information was to not only put Plaintiff's life in actual danger, but also to cause Plaintiff's severe emotional distress for fear that his life, and his family, were in danger.

69.     Defendant also compounded the emotional distress it had already caused Plaintiff, by consistently suing him and illegally disclosing judicially-sealed information in the lawsuits and various legal proceedings.

70.     Defendant's conduct was solely motivated by his malevolent desire to cause Plaintiff harm and to extort money from Plaintiff.

71.     Defendant's conduct and its intended effect were extreme and outrageous, as it was illegal and put Plaintiff and his family in grave danger.

72.     As a direct and proximate result of Defendant's outrageous conduct, Plaintiff suffered emotional distress, mental anguish and fear of bodily harm from the immediate and potentially harmful effects of Defendant's public disclosures.

73.     As a direct and proximate result of Defendant's outrageous conduct, Plaintiff's family also suffered emotional distress, mental anguish and fear of bodily harm from immediate and potentially harmful effects of Defendant's public disclosures.

74.    As a direct and proximate result of Defendant's outrageous conduct, Plaintiff's relationship with his wife and children suffered and was irreparably damaged. This caused Plaintiff even further emotional distress.

75.    As a direct and proximate result of Defendant's willful, wanton and gross conduct, Plaintiff seeks damages in the amount of $ 5 million, plus punitive damages and attorney's fees and costs.

## SECOND CAUSE OF ACTION
### (Prima Facie Tort)

76.    Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth therein.

77.    Defendant and his attorneys intentionally inflicted harm on Plaintiff when they devised and pursued a scheme to obtain and publicize judicially-sealed information to the press and to the attorney of the mob-related criminals whom Plaintiff cooperated against.

78.    The disclosure of this judicially-sealed information was solely motivated by malice or disinterested malevolence to place Plaintiff, and his family by extension, in imminent grave danger.

79.    There was no excuse or justification for this disclosure to the mob attorney since Defendant was already legally represented by two attorneys and did not need a criminal attorney.

80.    This disclosure resulted in special damages, which were incurred as a direct and proximate result of Defendant's disclosures to the attorneys representing the professional criminals responsible for attacking, injuring and threatening Plaintiff.

81.    Additionally, Defendant and his attorneys knowingly filed multiple meritless actions against Plaintiff with the sole, malicious motive of causing Plaintiff harm by funneling

the judicially-sealed information to third parties through s publicly-filed complaints in an attempt to extort money from Plaintiff.

82.     The filing of these actions was solely motivated by malice or disinterested malevolence and was done without excuse or justification.

83.     Defendant had no excuse or justification for filing any of these Frivolous Lawsuits, especially given that Plaintiff and his father are legally and practically responsible for.

84.     Plaintiff suffered special damages in the amount of his attorney's fees expended in defending these actions and being forced to prosecute his action to stop Defendant's harassment via his frivolous litigation campaign.   Plaintiff suffered damages in the amount of his and his family's medical expenditures associated with the treatment of traumatic for the fear of retaliation by various mob associates.  Plaintiff has suffered other special damages as well, which can be further quantified during discovery.

85.     As a direct and proximate result of Defendant's willful, wanton and gross conduct, Plaintiff seeks compensatory damages in the amount of $ 5 million, plus punitive damages and attorney's fees and costs.

### THIRD CAUSE OF ACTION
### (Abuse of Process)

86.     Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth therein.

87.     Defendant intentionally or recklessly used the courts on multiple occasions for an illegitimate purpose.  He knowingly and maliciously filed baseless actions, which minimally implicate Plaintiff, and failed to draw any connection between Plaintiff's actions and alleged claims.

88.     The sole purpose for filing the Frivolous Actions was to harass Plaintiff and extort an unmerited settlement from him.

89.     Defendant has abused the court system by filing multiple lawsuits, one of which was predicated on the same facts as the two previous ones, one of which involved an attempt at filing a lawsuit solely to publicly disseminate records to harm and scare Plaintiff and coerce Plaintiff into a settlement.

90.     Defendant has engaged in this conduct for the specific collateral purpose of harassing, threatening and attempting to extort money from Plaintiff, as well as other individuals. Defendant has no legitimate purpose or legal end in mind for any of the lawsuits he has filed, and which implicated Plaintiff. Defendant's illegitimate purpose in pursuing any of the Frivolous Actions is clearly demonstrated by the facts alleged above, as Defendant and his father are both guilty of the very acts complained of in Defendant's lawsuit.

91.     Defendant's abuse of the legal process is further evidenced by his complete and utter disregard for the judicial authority as he has repeatedly ignored and violated court orders issued in the legal proceedings he initiated, specifically put in place to maintain the sanctity of the judicially-sealed documents and information, the disclosure of which could put Lauria and his family in grave danger.

92.     Defendant's abuse of the legal process was so egregious that it prompted the Second Circuit Court of Appeals to issue a stern warning to Defendant to stop their frivolous litigation and to threaten Defendant with sanctions. Furthermore, the Second Circuit Court of Appeals appointed a separate district judge to police Kriss and his lawyers' conduct to ensure that they comply with court orders.

-28-

93.     Yet, Defendant continued his illegal conduct, and continued to file frivolous lawsuits, often repeating the same allegations with no purpose other than to harass and extort Plaintiff and other defendants.

94.     Defendant committed all of these acts without excuse or justification.

95.     Defendant has been using and abusing the judicial system in a perverted manner to obtain the collateral objective of putting Lauria in grave danger and extorting money from him.

96.     As a direct and proximate result of Defendant's abuse, Plaintiff has been harmed and suffered damages through the disclosure of sensitive, confidential information.  Plaintiff has also suffered economic harm as he has been forced to engage counsel to defend the Frivolous Actions.

97.     As a direct and proximate result of Defendant's willful, wanton, and gross conduct, Plaintiff seeks damages in the amount of attorney's fees and costs in defending the Frivolous Actions and for bringing the current action, plus punitive damages.

## FOURTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

98.     Plaintiff repeats and realleges the allegations in the above paragraph as if fully set forth herein.

99.     Defendant and his attorneys also negligently disclosed judicially-sealed information to an attorney who represented the very mob-related criminals that Plaintiff and another Bayrock employee cooperated against.

100.    Defendant illegally obtained and caused public dissemination of the judicially-sealed information despite his duty not to do so, both as a former officer of Bayrock pursuant to court orders specifically put in place to prohibit these actions.

-29-

101.    The judicially-sealed information contained details, or connected the dots, of Plaintiff's cooperation against mob-related criminals.  Public disclosure of this judicially-sealed information, especially to the attorney for the mob-related criminals that Plaintiff cooperated against, put Plaintiff's life in grave danger, a fact confirmed by the government.

102.    Nevertheless, Defendant and his attorneys negligently disclosed this information, putting Lauria's and his family's lives in grave danger.  They disclosed the information so that Lauria's fear for his life would cause him to settle in response to Defendant's multiple lawsuits and pay Defendant an unjustified sum of money.

103.    Furthermore, Defendant and his attorneys negligently disregarded the substantial probability that their disclosure would cause Plaintiff severe emotional distress.  Indeed, it was this very emotional distress that provided Defendant the leverage against Plaintiff that he was seeking.

104.    This disclosure, in fact, resulted in damage including severe emotional distress and physical injury as one of the mob-related criminals attacked Plaintiff in broad daylight and threatened to kill him.

105.    As a direct and proximate result of Defendant's disclosure of judicially-sealed information, Plaintiff, as well as his family by extension, has been damaged and suffered severe emotional distress, mental anguish, physical injury and financial loss.

106.    As a direct and proximate result of Defendant's willful, wanton, and gross conduct, Plaintiff seeks compensatory damages in the amount of no less than $ 5 million, plus punitive damages and attorney's fees and costs.

-30-

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant as follows:

A.   Punitive damages from Defendant;

B.   Damages for the severe emotional distress that Lauria and his family have suffered after their lives were put in grave danger;

C.   Attorneys' fees and costs that Lauria has incurred for defending the Three Frivolous Actions;

D.   Attorneys' fees and costs that Lauria has incurred for being forced to bring this action;

E.   An injunction against Kriss preventing him from filing any further actions against Lauria without court approval; and

F.   Any such additional and further relief, including equitable relief, the Court deems just and proper.

Dated: March 16, 2014
New York, New York

Beys Stein Mobargha & Berland LLP

By: _____
Nader Mobargha
Michael Beys
The Chrysler Building
405 Lexington Avenue, 7th Floor
New York, New York 10174
Telephone: (646) 755-3603
        (646) 755-3600
Facsimile: (646) 755-5229
Email: nmobargha@beysstein.com
        mbeys@beysstein.com

*Attorneys for Plaintiff Salvatore Lauria*

-31-

Index No. _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

SALVATORE LAURIA,

Plaintiff,

-against-

JODY KRISS

Defendant.

**SUMMONS AND COMPLAINT**

Beys Stein Mobargha & Berland LLP
The Chrysler Building
405 Lexington Avenue, 7th Floor
New York, New York 10174

T: (646) 755-3600
F: (646) 755-3699

Service a copy within _____ is hereby admitted.

Dated,                              _____

Attorney(s) for

 

**U.S. Department of Justice**



*United States Attorney*
*Eastern District of New York*


RECEIVED
h\m\o\
CHAMBERS OF
I. LEO GLASSER
U. S. D. J.

EOC:DBP
F.#1998r01996
3500-1.wpd

*156 Pierrepont Street*
*Brooklyn, New York 11201*

November 20, 2001

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D. N Y

★ NOV 2 7 2001 ★

P.M
TIME A.M. _____

**BY FEDERAL EXPRESS**

Lawrence Ray
2 Cedar Ridge Lane
Warren, New Jersey 07059

Re: United States v. Lawrence Ray,
Criminal Docket No. 00-196(ILG)

Dear Mr. Ray:

Enclosed are copies of documents and audiocassette tapes which the government is providing to you pursuant to its obligations under the Jencks Act, which is codified at Section 3500 of Title 18 of the United States Code, and Rules 16 and 26.2 of the Federal Rules of Criminal Procedure. As a courtesy, since you are not an attorney, we also have enclosed copies of Section 3500 and Rules 16 and 26.2.

As you will see, taken together, Section 3500 and Rule 26.2 provide that after a witness called by the government has testified on direct examination, a defendant may ask the judge to order the government to give the defendant copies of any written or recorded statements of the witness in the government's possession relating to the subject matter about which the witness testified. As a courtesy, this Office generally does not wait for a defendant to make a motion to receive such materials, nor do we wait until the witness has testified on direct examination to provide copies of such materials. We also generally take a broad view regarding which statements "relate" to the subject matter of a witness's testimony.

With these principles in mind, we are providing you with copies of (i) transcripts of prior testimony of Professor Steven Thel, who will be called by the government as an expert witness,[1] (ii) copies of reports of interviews of you by FBI

_____

[1] The nature of Professor Thel's expert testimony is described in a separate letter to you dated today.

2

Special Agents Gary Uher and Leo Taddeo,[2] both of whom the
government expects to call as witnesses, and (iii) audiotapes of
recorded conversations involving Joseph Polito and Felix Sater,
both of whom will be called by the government as a cooperating
witnesses.[3] With regard to the audiotapes, we do not intend to
offer any of them into evidence at trial and do not believe they
will have any relevancy at trial. However, for the reasons set
forth above, we provide them to you, in an abundance of caution,
to ensure that there is no question that we have satisfied all of
our obligations to you under Section 3500.

Finally, we wish to advise you of your reciprocal
obligations to provide materials to us.

First, Rule 16 of the Federal Rules of Criminal
Procedure provides that, upon request of the government (which we
previously made, in a letter to your prior attorney), you must
allow us to inspect and copy any books, papers, documents,
photographs, tapes, tangible objects, or copies or portions
thereof, which are in your possession, custody or control, and
which you intend to introduce as evidence or otherwise rely on
at trial. You must also provide us with copies of any reports
of physical or mental examinations and/or of scientific tests or
experiments made in connection with this case, or copies thereof,
which are in your possession and which you intend to introduce as
evidence or otherwise rely on at trial. Finally, you must
provide us with the identity of any expert witnesses you intend
to call, along with a summary of their testimony. If you fail to
comply with any of these obligations, the Court may order that
you be preclude from offering into evidence any materials you
failed to turn over to us in violation of your Rule 16
obligations.[4]

---

[2] Copies of the Uher and Taddeo reports were provided to you
previously. We nonetheless provide you with additional copies as
a courtesy.

[3] You were provided, under cover of a letter dated
yesterday, with copies of materials relating to the testimony
of Polito and Sater, along with copies of materials relating to
another cooperating witness, Salvatore Lauria.

[4] Please be advised that this letter does not purport to
list and describe all of your obligations under Rules 16 and
26.2 and all the other rules in the Federal Rules of Criminal
Procedure. You should looked to the Rules themselves, not the
summary provided by us in this letter.

3

Second, you bear the same obligations we bear under Rule 26.2; therefore, you must provide us with copies of any written or otherwise recorded relevant statements of witnesses you intend to call at trial. The rule allows you (as it allows us) to withhold such materials until after the witness has testified; however, we ask you to provide us with the same courtesy we have provided you, and to give us copies of such materials now.

Very truly yours,

ALAN VINEGRAD
UNITED STATES ATTORNEY

By:

David B. Pitofsky
Assistant U.S. Attorney

cc:  Clerk of the Court
     (by interoffice mail)
     (w/o enclosures)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-                      00 CR 196 (ILG)

DANIEL LEV, et. al,

            Defendants.

--------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D. N.Y.

★  NOV 1 6 2000  ★

TIME A.M. _____
P.M. _____


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT DANIEL LEV'S PRETRIAL MOTIONS


JEFFREY LICHTMAN
41 Madison Avenue
34th Floor
New York, New York 10010
(212) 689-8555

Maranda E. Fritz
FRITZ & MILLER
565 Fifth Avenue
New York, New York 10017
(212) 983-0909

Attorneys for Daniel Lev


#129

## POINT IV

### DEFENDANT DANIEL LEV IS ENTITLED TO PRETRIAL DISCLOSURE OF ANY AND ALL INFORMATION FALLING WITH THE PURVIEW OF BRADY V. MARYLAND[6] AND ITS PROGENY

As noted previously, Daniel Lev's involvement in the wide-ranging crimes charged in this Indictment are limited to his single investment in U.S. Bridge. According to the government, cooperating witnesses Gennady Klotsman and Felix Sater served as the solicitors of Lev for his investment. Therefore, the lion's share of proof against Lev will come from the mouths of these cooperators. As such, the credibility of these witnesses are of paramount importance to Daniel Lev's defense.

With this in mind, on March 27, 2000 the defendant served a general discovery letter on the government which requested disclosure of all Brady material known to the government. In the government's Rule 16 letter of April 21, 2000, no mention was made of the government's possession of any Brady material. The government's May 24, 2000 "general index of the documents available for inspection and copying", however, contains materials which clearly are impeachment materials, i.e., "People v. Sater" materials.

As these materials were not forwarded to the defense, Lev served a more specific Brady demand pursuant to its letter of October 10, 2000. In this letter, Lev requested:

> bank, phone and financial records of Eugene Klotsman and Felix
> Sater; NASD/SEC disciplinary and employment history for
> Klotsman and Sater; customer complaints regarding Klotsman and
> Sater; materials from People v. Sater; and any recorded witness
> statements from these or any government witness which serve to

---

[6] Brady v. Maryland, 373 U.S. 83 (1963).

33

impeach them or exculpate the defendant. United States v.
Shvarts, 90 F. Supp.2d 219 (E.D.N.Y. 2000)(Glasser, J.). [This]
request is not limited to materials found in your general index.
Any other such materials within the government's possession or
control is also requested.

(Exhibit A) As of the date of this motion, the government has not responded to this request.

Clearly, the government's responses (and lack of responses) indicates that it does not

consider impeachment material to fall under Brady and its progeny. As will be shown below, the

government's position is belied by the authority of this Court, the Second Circuit and the

Supreme Court. With this motion, the defendant requests that such impeachment material be

produced immediately in order that the defendant can fully exploit it through his own

investigation.

1. **This Court Should Direct the Government to Disclose,
at This Time, all Brady Material which Requires
Preparation by the Defendant to Obtain its Full Efficacy**

The Second Circuit has held that exculpatory evidence, which includes material that the

defense might use to impeach a critical government witness, must be turned over sufficiently in

advance of trial to allow "for full exploration and exploitation by the defense." Grant v.

Alldredge, 498 F.2d 376, 382 (2d Cir.1974). Such early disclosure follows from the principle

that "[o]rdinarily it is disclosure rather than suppression, that promotes the proper administration

of criminal justice." United States v. Baum, 482 F.2d 1325, 1331 (2d Cir. 1973). See also

United States v. Leung, 40 F.3d 577, 582 (2d Cir. 1994)("upon a request by a defendant, the

Government has a duty to turn over all material exculpatory evidence in its possession, ...

including material impeachment evidence relating to government witnesses.").

In United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992), the court had occasion to

consider the issue of pretrial disclosure of Brady material where the government offered to

34

disclose Brady material one week prior to trial. The court concluded that this proposal not only failed to satisfy the government's obligations, but more importantly, failed to insure that the defendant would be able to effectively utilize any material disclosed.

After surveying the relevant case law, the court concluded that the resolution of requests for pretrial disclosure of Brady material requires a balancing of several factors. The court acknowledged that, at least in the abstract, unnecessary pretrial disclosure could lead to such potential problems such as witness tampering, bribery or the manufacturing of defense evidence. On the other hand, the court recognized that if the principles underlying Brady were to have any real meaning, in instances in which the information was of such a nature that pretrial preparation would be required to insure meaningful use by the defense, pretrial disclosure of Brady should be ordered. The court turned to the decision in United States v. Pollack, 534 F.2d 964 (D.C. Cir. 1976), for the rationale that it ultimately applied in resolving the Brady issue. The decision in United States v. Pollack, although a Fifth Circuit case, was written by Judge Lumbard of the Second Circuit. As Judge Lumbard explained in Pollack:

> Disclosure by the government must be made at such a time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case, even if satisfaction of this criteria requires pre-trial disclosure (citations omitted). The trial judge must be given a wide measure of discretion to insure satisfaction of this standard. While some courts have held that Brady affords no pretrial discovery rights to the defendants (citations omitted) we believe that the application of a strict rule in this area would inevitably produce some situations in which late disclosure would emasculate the effects of Brady or other situations in which premature disclosure would necessarily encourage those dangers that militate against extensive discovery in criminal cases . . . courts can do little more in determining the proper timing for disclosure than balance in each case the potential dangers of early discovery against the need that Brady purports to serve of avoiding wrongful convictions.

Id. at 973-74.

Courts of this Circuit, on many occasions, has reached the same conclusions as the courts in Pollack and Green. In United States v. Mitchell, 372 F.Supp. 1239, 1257 (S.D.N.Y. 1973), appeal dismissed and mandamus denied sub. nom. Stans v. Gagliardi, 485 F.2d 1290 (2d Cir. 1973), the court rejected the blanket assertion "that Brady imposes no pretrial obligation on ... the government," holding instead that:

> the due process implications of Brady [obligate] the government to disclose exculpatory information as soon as the character of such information is recognized. This obligation has no chronological boundaries, but applies equally to the pretrial trial and post-trial stages of a proceeding.

Id. at 1251 (emphasis in original).

Similarly, in United States v. Deutsch, 374 F.Supp. 289, 291 (S.D.N.Y. 1974), Judge Frankel ordered the prosecutor to permit discovery and inspection of all exculpatory material as "promptly as reasonably possible." The court stressed:

> it should be obvious to any one involved with criminal trials that exculpatory information may come too late, if it is given only at trial, and that the effective implementation of Brady v. Maryland must, therefore, require early production in at least some situation.

Id. at 211 (emphasis added).

The court in United States v. Crozzoli, 698 F. Supp. 430, 436-37 (E.D.N.Y. 1988), which dealt with impeachment material constituting agreements between the government and civilian witnesses, held that Brady requires timely pretrial disclosure of all exculpatory information, stating:

> Surely, such a dilution of Brady [i.e., a reading of Brady as not imposing pretrial disclosure obligations] is not warranted by a literal reading of that decision, viz:

> We now hold that the suppression by the prosecution of evidence
> favorable to an accused upon request violated due process where
> the evidence is material either to guilt or to punishment,
> irrespective of the good faith or bad faith of the prosecution.

> 373 U.S. at 87, 83 S.Ct. at 1196 (emphasis added). To permit the
> prosecution to withhold exculpatory evidence despite a request
> until such time as the prosecutor chooses to disclose it, is to permit
> the prosecutor to control, to some extent, the preparation of a
> defense.

Id. at 436-37 (emphasis added).

The court in Crozzoli, following the decisions in United States v. Mitchell, supra, and

United States v. Goldman, infra, ordered the government to "disclose to the defendant such

evidence as it is obligated to disclose by Brady." Id. at 437. See United States v. Goldman, 439

F.Supp. 337, 349 (S.D.N.Y. 1977)("if exculpatory evidence is produced for the first time at trial,

the defendant may not have an adequate opportunity to effectively utilize the material,

particularly if it points to the existence of other evidence helpful to the defendant"); United

States v. Shoher, 555 F. Supp. 346, 352 (S.D.N.Y. 1983), quoting United States v. Deutsch, 374

F.Supp. 289 (S.D.N.Y. 1974)(evidence in the government's possession favorable to the

defendant, including evidence pertaining to the credibility of government witnesses, should be

disclosed far enough in advance of trial to allow for effective "evaluation, preparation and

presentation at trial"); United States v. Jones, 85 Cr. 1075 (CSH), slip op. (S.D.N.Y. May 28,

1986)(government ordered to produce Brady materials, including impeachment, immediately, so

that defendants "may have adequate time to evaluate and utilize the information in preparing

their defenses"); United States v. DePeri, 778 F.2d 963, 983 (3d Cir. 1985).

37

## 2. The Government Should Be Compelled to Provide all Brady Material, Including Impeachment Material of Government Witnesses

Federal prosecutors routinely ignore the Brady/Bagley mandate by their contention that any material falling under the category of "impeachment," whatever its exculpatory value, need not be disclosed until after the witnesses testify. In so arguing, they mistakenly contend that the Jencks Act, 18 U.S.C. § 3500, somehow supersedes the defendant's Sixth Amendment rights guaranteed by Brady.

There can be no serious dispute over the proposition that Brady encompasses material that "might well alter the jury's judgment of the credibility of a significant prosecution witness." Perkins v. LeFevre, 691 F.2d 616, 619 (2d Cir. 1982), citing Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Chitty, 760 F.2d 425, 428 (2d Cir.), cert. denied, 474 U.S. 945 (1985) ("The Brady rule applies equally to impeachment and exculpatory evidence"). Thus, in United States v. Bagley, 473 U.S. 667 (1985), the Court stated:

> Impeachment evidence . . . as well as exculpatory evidence, falls within the Brady rule. See Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972). Such evidence is 'evidence favorable to an accused,' Brady, 373 U.S. at 87, 83 S.Ct. at 1196, so that, if disclosed and used effectively, it may make the difference between conviction and acquittal. Cf. Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959) ("The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend").
>
> The Court of Appeals treated impeachment evidence as constitutionally different from exculpatory evidence.... This Court has rejected any such distinction between impeachment evidence and exculpatory evidence.

Id. at 676. See also Kyles v. Whitley, 514 U.S. 419, 433 (1995)("In United States v. Bagley, the Court disavowed any difference between exculpatory and impeachment evidence for Brady

purposes ....."). See also United States v. Shvarts, 90 F. Supp.2d 219, 225 (E.D.N.Y.

2000)(Glasser, J.)(Bagley "held unequivocally" that impeachment evidence as well as

exculpatory evidence falls within the Brady rule). Nevertheless, the government would set up its

own artificial distinction, claiming that only substantively exculpatory evidence is covered by

Brady, and impeachment materials are governed solely by the Jencks Act. That the government

may not hide behind the Jencks Act to prevent pretrial disclosure of material covered by both

Jencks and Brady, however, is made clear in the opinion of the court in United States v. Gallo,

654 F.Supp. 463 (E.D.N.Y.), mandamus granted on other grounds, sub. nom.; In re United

States, 834 F.2d 283 (2d Cir. 1987). The court relied upon the concurring opinion of Justice

Brennan in United States v. Palermo, 360 U.S. 343, 365-66 (1959), discussing 18 U.S.C. § 3500:

> There inheres in an overrigid interpretation and application of the
> statute [18 U.S.C. § 3500] the hazard of encouraging a practice of
> government agents taking statements in a fashion calculated to
> insulate them from production.

Gallo, supra, 654 F.Supp. at 474. The court also stated:

> Such an overrigid reading of § 3500(a) would lead to the
> conclusion that pretrial discovery is never permissible for any
> material contained in the statements of prospective witnesses, even
> if there are alternative bases for such discovery. But that
> interpretation has never been accepted. For instance, compliance
> with the Jencks Act discovery schedule does not necessarily satisfy
> the due process requirements for Brady material. . . If witness'
> statements contain material exculpatory to the defendant, due
> process requires pretrial production under Brady despite the fact
> that it may be Jencks material as well.

Id. (emphasis added, citations omitted)

Similarly, in United States v. Starusko, 729 F.2d 256 (3rd Cir. 1984), the prosecutor had

in his possession three FBI 302 reports based on interviews with a critical government witness

containing inconsistent statements. The government made two reports available the week before

39

trial. The other report only came into defendant's possession through a third party a few days

prior to trial. The government contended that, because the reports were impeachment material,

they were governed by the Jencks Act, and not subject to pretrial disclosure.

First, the court made clear that impeachment material is covered by Brady:

> We, have no doubt that the second F.B.I. report qualifies as Brady
> material. Patrick Logan, the alleged source of the statements
> contained in the reports, is critical to the government's case. As a
> key prosecution witness, his credibility may well be determinative
> of guilt or innocence. . . Thus, evidence that could be used to
> impeach Logan's credibility, would clearly be exculpatory.

Id. at 260 (citations omitted). The court further noted that, because the report contained the

"F.B.I. interpretation" of the witness' statement, it was not covered by the Jencks Act. Id. at 263.

Most importantly, the court, in discussing the interplay between the Jencks Act and

Brady, pointed out that, even if the report could qualify as Jencks material, Brady would

nonetheless require its turnover in advance of trial. Thus, the court stated:

> Even if the report contained statements by Logan that could be
> classified properly as Jencks Act material, that does not mean that
> it would be exempted from a pretrial disclosure order based on
> Brady. All Jencks Act statements are not necessarily Brady
> material. The Jencks Act requires that any statement in the
> possession of the government -- exculpatory or not -- that is made
> by a government witness must be produced by the government
> during trial at a time specified by the statute. Brady material is not
> limited to statements of witnesses but is defined as exculpatory
> material; the precise time within which the government must
> produce such material is not limited by specific statutory language
> but is governed by existing case law. Definitions of the two types
> of investigatory reports differ, the timing of production differs, and
> compliance with the statutory requirements of the Jencks Act does
> not necessarily satisfy the due process concerns of Brady (citations
> omitted).

Id. (emphasis in original). See also United States v. Poindexter, 727 F.Supp. 1470, 1485 (D.D.C.

1989) ("The Brady obligations are not modified merely because they happen to arise in the

context of witness statements. The government therefore has the obligation to produce to defendant _immediately_ any exculpatory evidence contained in its Jencks materials, including exculpatory impeachment material ....)(emphasis added).

Of course, this entire analysis of the interplay between Brady and the Jencks Act was laid out in this Court's opinion a few months back in Shvarts wherein this Court ruled that

> [a]s to exculpatory or impeachment evidence, it being the view of the court that the constitutional obligations imposed upon the prosecutor by Brady, Giglio, Agurs and Bagley must prevail over the Jencks Act where the two collide, the government is hereby directed to make such evidence known to the defendants.

Shvarts, 90 F. Supp.2d at 228.

Accordingly, the defendant respectfully requests that any Brady material, including impeachment material, in the possession, custody or control of this prosecutorial agency or any sister law enforcement agency that jointly participated in the relevant underlying investigation, be directed to disclose such information, at this time, to defense counsel.[7]

---

[7] Since the cooperators' identities are known to the defense there is no basis for an *ex parte* application to modify the government's obligations due to any perceived "serious threat to the life or safety of a prospective witness ..." Shvarts, 90 F. Supp.2d at 229.

## POINT V

### THE DEFENDANT JOINS IN ALL MOTIONS
### BY HIS CODEFENDANTS INASMUCH
### AS THESE MOTIONS ARE APPLICABLE TO HIM

The defendant joins in all motions made by his codefendants inasmuch as the motions are

applicable to him.

## CONCLUSION

For the foregoing reasons, defendant Daniel Lev's pretrial motions should be granted in

their entirety.

Dated:     New York, New York
November 15, 2000

Respectfully submitted,

JEFFREY LICHTMAN
41 Madison Avenue
34th Floor
New York, New York 10010
(212) 689-8555

Maranda E. Fritz
FRITZ & MILLER
565 Fifth Avenue
New York, New York 10017
(212) 983-0909

Attorneys for Daniel Lev

43

**U.S. District Court**
**Eastern District of New York (Brooklyn)**
**CRIMINAL DOCKET FOR CASE #: 1:00-cr-00196-ILG All Defendants**

Case title: USA v. Coppa, et al
Other court case numbers: 1:98-cr-01069 RELATED CASE
                                 1:98-cr-01101 RELATED CASE
                                 1:98-cr-01102 RELATED CASE
                                 1:99-cr-00545 RELATED CASE

Date Filed: 03/01/2000
Date Terminated: 06/14/2004

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (1)**

Frank Coppa, Sr.
*TERMINATED: 04/25/2002*

represented by **John B. Hansbury**
Law Office of John B. Hansbury
925 Westchester Avenue

White Plains, NY 10604

914-946-7432
Fax: 914-946-3708
Email: bhansburylaw@msn.com
*TERMINATED: 04/25/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Larry Bronson**
Jay Goldberg, P.C.
250 Park Avenue
New York, NY 10022
(212) 983-6000
*TERMINATED: 04/25/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Larry Bronson**
Mr. Larry Bronson
80 Pine Street
New York, NY 10070
*TERMINATED: 04/25/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Nicholas Gregory Kaizer**

| Complaints | Disposition |
|---|---|
| None | |

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (2)**

Ernest Montevecchi
*TERMINATED: 03/27/2002*
*also known as*
Butch

represented by **John B. Hansbury**
(See above for address)
*TERMINATED: 03/27/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Joseph Aaron Bondy**
401 Greenwich Street
Fifth Floor
New York, NY 10013
212-219-3572
Fax: 212-219-8456
Email: joseph@bondylaw.com
*TERMINATED: 03/27/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Joy Lucielle Vastola**
17 Battery Place
Suite 610
New York, NY 10004
(212) 248-2694
*TERMINATED: 03/27/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Defendant sentenced to 36 months imprisonment to run concurrently with sentence defendant is currently serving, plus three years of supervised release. Defendant to make restitution in the amount of million during the period of supervised rel ease. Defendant is given 90 days to provide a list of victims and the amounts to be paid. The Court recommends incarceration at Fort Dix. |

**Highest Offense Level (Opening)**
Felony

---

20th Floor
New York, NY 10177
(212) 983-6000
*TERMINATED: 04/25/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| 18:371 and 3551 et seq. - CABLE SECURITIES FRAUD CONSPIRACY. (15) | Defendant sentenced to 36 months imprisonment to be followed by 3 years of supervised release. Defendant to pay restitution in the amount of million. The Court recommends Fort Dix. Defendant assessed . |

**Highest Offense Level (Opening)**
Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING. (1) | Open counts dismissed on government's motion. |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Open counts dismissed on government's motion. |
| 18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY. (3) | Open counts dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD. (4) | Open counts dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - MONEY LAUNDERING CONSPIRACY. (13) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 2 and 3551 et seq.- MONEY LAUNDERING. (14) | Open counts dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - CABLE SECURITIES FRAUD. (16) | Open counts dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - CABLE MONEY LAUNDERING CONSPIRACY. (17) | Open counts dismissed on government's motion. |

**Highest Offense Level (Terminated)**
Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1956(h) and 3551 et seq. - MONEY LAUNDERING CONSPIRACY. (13) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 2 and 3551 et seq.- MONEY LAUNDERING. (14) | Open counts dismissed on government's motion. |

**Highest Offense Level (Terminated)**
Felony

| Complaints | Disposition |
|---|---|
| | |

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (3)**

Daniel Persico
*TERMINATED: 02/26/2002*

represented by **Joseph Giannini**
Joseph Giannini, Esq.
P.O. Box 1958
Amagansett, NY 01130
631-267-6666
Fax: 631-329-6368
Email: giannini43@yahoo.com
*TERMINATED: 02/26/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Defendant sentenced to 21 months imprisonment to be followed by 3 years of supervised release. Defendant assessed . The court recommends incarceration at Fort Dix or Otisville. Defendant to surrender on 5/1/02. |

**Highest Offense Level (Opening)**
Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1957-3300, 2 and 3551 et seq-INTERSTATE COMMERCE (1s) | Open counts dismissed on government's motion. |

18:1956(h) and 3551 et seq. - MONEY
LAUNDERING CONSPIRACY.
(13)

18:1956(a)(1)(A)(i), 2 and 3551 et seq.-
MONEY LAUNDERING.
(14)

**Highest Offense Level (Terminated)**
Felony

| Complaints | Disposition |
|---|---|
| None | |

---

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (4)**
**Jack Basile**                        represented by  **Elizabeth E Macedonio**
*TERMINATED: 10/26/2001*                              Elizabeth E. Macedonio, P.C.
                                                       42-40 Bell Blvd
                                                       Suite 302
                                                       Bayside, NY 11361
                                                       718-279-3770
                                                       Fax: 718-281-0850
                                                       Email: emacedonio@yahoo.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       Designation: Retained

                                                       **John H. Jacobs**
                                                       260 Madison Avenue
                                                       22nd. Floor
                                                       New York, NY 10016
                                                       (212) 545-8087
                                                       *TERMINATED: 10/26/2001*
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       Designation: Retained

| Pending Counts | Disposition |
|---|---|
| 18:371 and 3551 et seq. HOLLY SECURITIES FRAUD CONSPIRACY.<br>(5) | AMENDED JUDGMENT: Defendant is sentenced to Count 5 and receives 37 months concurrent on each indictment with 99crS89; 3 years supervised release concurrent on each count with 99cr589; special assessment fee .00; restitution ,000.00 |

**Highest Offense Level (Opening)**
Felony

---

Open counts dismissed on government's
motion.

Open counts dismissed on government's
motion.

| Pending Counts | Disposition |
|---|---|
| 18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY.<br>(5) | Imprisonment of 44 months on each count to run concurrently. Supervised release of 3 years on each count to run concurrently. Special assessement of . Restitution of ,000,000.00. AMENDED To include on page 2 that deft receive treatmen t for substance abuse. |

**Highest Offense Level (Opening)**
Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY.<br>(2) | Dismissed on govt's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES<br>(6) | Dismissed on govt's motion. |
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY.<br>(7) | Dismissed on govt's motion. |
| 18:1956(a)(1)(A)(i), 2 and 35512 et seq. - HOLLEY MONEY LAUNDERING.<br>(8) | Dismissed on govt's motion. |

**Highest Offense Level (Terminated)**
Felony

| Complaints | Disposition |
|---|---|
| None | |

---

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (6)**
**Larry Berman**                       represented by  **Amy E. Millard**
*TERMINATED: 05/22/2003*                              Clayman & Rosenberg
                                                       305 Madison Avenue
                                                       New York, NY 10165
                                                       Fax (212) 949-8255
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

---

| Terminated Counts | Disposition |
|---|---|
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY.<br>(2) | Counts 2, 6, 7 and 8 are dismissed by Goverment's motion in open court. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES<br>(6) | Counts 2, 6, 7 and 8 are dismissed by Goverment's motion in open court. |
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY.<br>(7) | Counts 2, 6, 7 and 8 are dismissed by Goverment's motion in open court. |
| 18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and 35512 et seq. - HOLLEY MONEY LAUNDERING.<br>(8) | Counts 2, 6, 7 and 8 are dismissed by Goverment's motion in open court. |

**Highest Offense Level (Terminated)**
Felony

| Complaints | Disposition |
|---|---|
| None | |

---

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (5)**
**Rocco Basile**                       represented by  **Michael F. Bachner**
*TERMINATED: 11/27/2001*                              Bachner & Herskovits, P.C.
                                                       26 Broadway
                                                       Suite 2310
                                                       New York, NY 10004
                                                       (212) 344-7778
                                                       Fax: 212-344-7774
                                                       Email: mb@bhlawfirm.com
                                                       *TERMINATED: 11/27/2001*
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       Designation: Retained

                                                       **Stephen P. Scaring**
                                                       Stephen P. Scaring, P.C.
                                                       666 Old Country Road, Suite 501
                                                       Garden City, NY 11530
                                                       516/683/8500
                                                       Fax: 516-683-8410
                                                       Email: sscaring@scaringlaw.com
                                                       *TERMINATED: 11/27/2001*
                                                       *LEAD ATTORNEY*

                                                       Designation: Retained

                                                       **Robert T. Wolf**
                                                       Gerstein, Savage & Kaplowitz
                                                       101 east 52nd Street 9th Floor
                                                       New York, NY 10022
                                                       (212) 752-9700
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       Designation: Retained

                                                       **Stephen Robert LaCheen**
                                                       15th & Locust Streets
                                                       31st Floor, Lewis Tower Building
                                                       Philadelphia, PA 19102
                                                       (215) 735-5900
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       Designation: Retained

| Pending Counts | Disposition |
|---|---|
| 18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY.<br>(5) | Defendant sentenced to 3 years probation. Defendant fined and assessed . Defendant to perform 100 of community service. |

**Highest Offense Level (Opening)**
Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING.<br>(1) | Dismissed on government's motion. |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY.<br>(2) | Dismissed on government's motion. |
| 18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY.<br>(3) | Dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD.<br>(4) | Dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES<br>(6) | Dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY.<br>(7) | Dismissed on government's motion. |

18:1956(a)(1)(A)(ii) and (a)(1)(B)(ii) and
35512 et seq. - HOLLEY MONEY LAUNDERING.
(8)

Dismissed on government's motion.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

---

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (7)**

John Cioffoletti
*TERMINATED: 03/18/2002*

represented by Andrew J. Weinstein
Weinstein & Mazurek PLLC
521 Fifth Avenue
Suite 3300
New York, NY 10175-3399
212-582-8900
Fax: 212-582-8989
Email: ajw@weinsteinmazurek.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

Michael F. Bachner
(See above for address)
*TERMINATED: 03/18/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:371 and 3551 et seq. - COUNTRY WORLD
SECURITIES FRAUD CONSPIRACY.
(3)

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
COUNTRY WORLD SECURITIES FRAUD.
(4)

18:371 and 3551 et seq. - CABLE SECURITIES
FRAUD CONSPIRACY.
(15)

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
CABLE SECURITIES FRAUD.
(16)

**Disposition**

Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with sentence in 01cr1049. The Court recommends Shock Incarceration Program, where defendant can receive substance abuse treatment. Defendant assessed (this includes assessment for 01cr1049). Defendant to surrender to institution before 2:00 pm on 5/6/02. Restitution to be paid: the amount of victims' losses are not yet ascertainable (final determination will be submitted on 6/14/02).

Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with

eatment. Defendant assessed (this includes assessment for 01cr1049). Defendant to surrender to institution before 2:00 pm on 5/6/02. Restitution to be paid: the amount of victims' losses are not yet ascertainable (final determination will be submitted on 6/14/02).

Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with sentence in 01cr1049. The Court recommends Shock Incarceration Program, where defendant can receive substance abuse treatment. Defendant assessed (this includes assessment for 01cr1049). Defendant to surrender to institution before 2:00 pm on 5/6/02. Restitution to be paid: the amount of victims' losses are not yet ascertainable (final determination will be submitted on 6/14/02).

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1962(c), 1963 and 3551 et seq. -
RACKETEERING.
(1)

18:1962(d),1963 and 3551 et seq. -
RACKETEERING CONSPIRACY.
(2)

18:1956(h) and 3551 et seq. - HOLLY MONEY
LAUNDERING CONSPIRACY.
(7)

18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and
35512 et seq. - HOLLEY MONEY LAUNDERING.
(8)

**Disposition**

Open counts dismissed on government's motion.

Open counts dismissed on government's motion.

Open counts dismissed on government's motion.

Open counts dismissed on government's motion.

---

18:371 and 3551 et seq. - HOLLY SECURITIES
FRAUD CONSPIRACY.
(5)

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
HOLLEY SECURITIES FRAUD. AND DECEPTIVE
DEVICES
(6)

18:371 and 3551 et seq. - USBNY SECURITIES
FRAUD CONSPIRACY.
(9)

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
USBNY SECURITIES FRAUD.
(10)

18:1956(h) and 3551 et seq. - USBNY MONEY
LAUNDERING CONSPIRACY.
(11)

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and
3551 et seq. - USBNY MONEY LAUNDERING.
(12)

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and
3551 et seq. - CABLE MONEY LAUNDERING.
(18)

Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with sentence in 01cr1049. The Court recommends Shock Incarceration Program, where defendant can receive substance abuse treatment. Defendant assessed (this includes assessment for 01cr1049). Defendant to surrender to institution before 2:00 pm on 5/6/02. Restitution to be paid: the amount of victims' losses are not yet ascertainable (final determination will be submitted on 6/14/02).

Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with sentence in 01cr1049. The Court recommends Shock Incarceration Program, where defendant can receive substance abuse treatment. Defendant assessed (this includes assessment for 01cr1049). Defendant to surrender to institution before 2:00 pm on 5/6/02. Restitution to be paid: the amount of victims' losses are not yet ascertainable (final determination will be submitted on 6/14/02).

Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with sentence in 01cr1049. The Court recommends Shock Incarceration Program, where defendant can receive substance abuse treatment. Defendant assessed (this includes assessment for 01cr1049). Defendant to surrender to institution before 2:00 pm on 5/6/02. Restitution to be paid: the amount of victims' losses are not yet ascertainable (final determination will be submitted on 6/14/02).

Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with sentence in 01cr1049. The Court recommends Shock Incarceration Program, where defendant can receive substance abuse tr

Open counts dismissed on government's motion.

Open counts dismissed on government's motion.

Open counts dismissed on government's motion.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

---

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (8)**

John Doukas
*TERMINATED: 08/09/2002*

represented by Edward A. McDonald
Dechert, LLP
30 Rockefeller Plaza
New York, NY 10112
212-698-3500
Email: edward.mcdonald@dechert.com
*TERMINATED: 08/09/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

Martin Russo
60 East 42nd. Street
8th Floor
New York, NY 10165
Fax (212) 557-5587
*TERMINATED: 10/05/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:371 and 3551 et seq. - USBNY SECURITIES
FRAUD CONSPIRACY.
(9)

**Disposition**

Defendant sentenced to 9 months imprisonment to be followed by 3 years of supervised release. Defendant to perform 200 hours of community service. Restitution: million, payable to the Clerk of Court. Court recommends camp type facility- Allen wood or

15:78(b) and 78ff; 18:2 and 3551 et seq. -
CABLE SECURITIES FRAUD.
(16)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING. (1) | Dismissed on government's motion. |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Dismissed on government's motion. |
| 18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY. (5) | Dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES (6) | Dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY. (7) | Dismissed on government's motion. |
| 18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and 3S512 et seq. - HOLLEY MONEY LAUNDERING. (8) | Dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD. (10) | Dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY. (11) | Dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING. (12) | Dismissed on government's motion. |
| 18:371 and 3551 et seq. - CABLE SECURITIES FRAUD CONSPIRACY. (15) | Dismissed on government's motion. |

| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES (6) | Imprisonment for a total term of 24 months, The court recommends that the defendant be designated to a facility in the New York area. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2p.m. on 08/23/04. Supervised release for a Three year term. Special Assessment of $200.00 and Fine of $50,000.00. The other nine counts are dismissed on the motion of the United States. |
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY. (7) | Imprisonment for a total term of 24 months, The court recommends that the defendant be designated to a facility in the New York area. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2p.m. on 08/23/04. Supervised release for a Three year term. Special Assessment of $200.00 and Fine of $50,000.00. The other nine counts are dismissed on the motion of the United States. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING. (1) | Dismissed on governments motion |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Dismissed on governments motion |
| 18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY. (3) | Dismissed on governments motion |
| 18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY. (5) | Dismissed on governments motion |
| 18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and 3551Z et seq. - HOLLEY MONEY LAUNDERING. (8) | Dismissed on governments motion |
| 18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY. (9) | Dismissed on governments motion |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD. (10) | Dismissed on governments motion |

---

on 9/30/02. Defendant assessed .

Defendant sentenced to 9 months
imprisonment to be followed by 3 years of
supervised release. Defendant to perform 200
hours of community service. Restitution:
million, payable to the Clerk of Court. Court
recommends camp type facility- Allen wood or
Otisville. Defendant to surrender to institution
on 9/30/02. Defendant assessed .

---

| 18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY. (11) | Dismissed on governments motion |
| 18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING. (12) | Dismissed on governments motion |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (9)**

| Walter Durchalter | represented by | **Michael F. Bachner** |
| TERMINATED: 06/14/2004 | | (See above for address) |
| *also known as* | | *LEAD ATTORNEY* |
| Dutch | | *ATTORNEY TO BE NOTICED* |
| *TERMINATED: 06/14/2004* | | *Designation: Retained* |
| | | **Robert S. Wolf** |
| | | Gersten, Savage, Kaplowitz, Wolf & Marcus, LLP |
| | | 600 Lexington Avenue |
| | | 9th Floor |
| | | New York, NY 10022 |
| | | 212-752-9700 |
| | | Fax: 212-752-3868 |
| | | Email: rwolf@gskny.com |
| | | *TERMINATED: 04/11/2003* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

| **Pending Counts** | **Disposition** |
| --- | --- |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD. (4) | Imprisonment for a total term of 24 months, The court recommends that the defendant be designated to a facility in the New York area. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2p.m. on 08/23/04. Supervised release for a Three year term. Special Assessment of $200.00 and Fine of $50,000.00. The other nine counts are dismissed on the motion of the United States. |

---

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (10)**

| Edward Garafola | represented by | **Michael Rosen** |
| TERMINATED: 02/28/2002 | | Law Office of Michael Rosen |
| | | 61 Broadway |
| | | Suite 1105 |
| | | New York, NY 10006 |
| | | 212-742-1717 |
| | | Fax: 212-248-4068 |
| | | Email: mrosenlaw@aol.com |
| | | *TERMINATED: 02/28/2002* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1951 and 3551 et seq. - EXTORTION CONSPIRACY. (19) | Defendant sentenced to 5 months imprisonment to be followed by 3 years of supervised release. As a condition of release, defendant is to serve 5 months home detention. The Court recommends defendant be designated to Fort Devin, Mass. Defendant to sur render to institution by 2:00pm on 4/29/02. Defendant fined and assessed . |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1951,2 and 3551 et seq. - EXTORTION. (20) | Open count dismissed on government's motion. |

---

Otisville. Defendant to surrender to institution
on 9/30/02. Defendant assessed .

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and
3551 et seq. - CABLE MONEY LAUNDERING.
(18)

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (11)**

| Daniel Lev<br>*TERMINATED: 02/19/2002* | represented by | **Jeffrey H. Lichtman**<br>Law Offices of Jeffrey H. Lichtman<br>41 Madison Avenue<br>34th Floor<br>New York, NY 10010<br>(212) 689-8555<br>Email: jil@jeffreylichtman.com<br>*TERMINATED: 02/19/2002*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |
|---|---|---|
| | | **Jeffrey H. Lichtman**<br>Law Offices of Jeffrey Lichtman, Esq.<br>41 Madison Avenue<br>34th Floor<br>New York, NY 10010<br>(212) 689-8555<br>*TERMINATED: 02/19/2002*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1512 and 18:3551 et seq-HARASSMENT OF A WITNESS<br>(1s) | Defendant sentenced to 2 years probation with 4 months home confinement and 150 hours of community service. Defendant fined and assessed . |

**Highest Offense Level (Opening)**

Misdemeanor

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING.<br>(1) | Open counts dismissed on government's motion. |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY.<br>(2) | Defendant sentenced to 60 months imprisonment to run concurrently with sentence in Southern District case. Supervised release: 3 years. Defendant to make restitution in the amount of million. During period of release, the government is given 90 days to provide a list of victims and the amounts to be paid. The Court recommends incarceration at MDC. Special assessment: . |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING.<br>(1) | Open counts dismissed on government's motion. |
| 18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD.<br>(3) | Open counts dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD.<br>(4) | Open counts dismissed on government's motion. |
| 18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY.<br>(9) | Open counts dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD.<br>(10) | Open counts dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY.<br>(11) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING.<br>(12) | Open counts dismissed on government's motion. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (13)**

---

18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY.
(2)

Open counts dismissed on government's motion.

18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY.
(9)

Open counts dismissed on government's motion.

15:78j(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD.
(10)

Open counts dismissed on government's motion.

18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY.
(11)

Open counts dismissed on government's motion.

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING.
(12)

Open counts dismissed on government's motion.

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (12)**

| Eugene Lombardo<br>*TERMINATED: 03/27/2002* | represented by | **Lawrence K. Feitell**<br>225 Broadway<br>Suite 2020<br>New York, NY 10007<br>(212) 571-5710<br>Fax: 212-571-5711<br>Email: LKFJuris@earthlink.net<br>*TERMINATED: 03/27/2002*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
|---|---|---|
| | | **Richard W. Brewster**<br>645 5th Avenue<br>New York, NY 10022<br>(212)751-0627<br>*TERMINATED: 03/27/2002*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| | |

| Edmond Nagel<br>*TERMINATED: 11/30/2001* | represented by | **Jewel N. Klein**<br>Law Offices of Michael J. Rovell, Esq.<br>20 North Clark Street<br>Suite 2450<br>Chicago, Il 60602<br>Fax (312) 578-9391<br>*TERMINATED: 11/30/2001*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |
|---|---|---|
| | | **Michael J. Rovell**<br>Law Offices of Michael J. Rovell, Esq.<br>20 North Clark Street<br>Suite 2450<br>Chicago, Il 60602<br>(312) 578-9191<br>*TERMINATED: 11/30/2001*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY.<br>(11) | JUDGMENT as to Edmond Nagel (1) count(s) 1. IMPRISONMENT: 37 months; SUPERVISED RELEASE: 3 years; SPECIAL ASSESSMENT: .00; (.00 in 01-CR-705 and .00 in 01-CR-196). |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING.<br>(1) | Dismissed on Motion of the Govt. |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY.<br>(2) | Dismissed on Motion of the Govt. |
| 18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY.<br>(9) | Dismissed on Motion of the Govt. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD.<br>(10) | Dismissed on Motion of the Govt. |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING.<br>(12) | Dismissed on Motion of the Govt. |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| None | |

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (14)**

Alfred Palagonia
*TERMINATED: 12/04/2002*

represented by **Joseph Vincent DiBlasi**
590 Madison Avenue
10th Foor
New York, NY 10022
212-605-0470
Fax: 212-605-0222
Email: diblasilaw@verizon.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Mark S. Cohen**
Arkin, Kaplan & Cohen LLP
590 Madison Avenue
New York, NY 10022
(212) 333-0200
*TERMINATED: 05/16/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Pending Counts | Disposition |
|---|---|
| 18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY. (9) | Defendant sentenced to one year and one day, plus 3 years of supervised release. Restitution to be paid in the amount of million. Defendant fined ,000 and assessed . The Court recommends FCI Allenwood, PA. |
| 18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY. (11) | Defendant sentenced to one year and one day, plus 3 years of supervised release. Restitution to be paid in the amount of million. Defendant fined ,000 and assessed . The Court recommends FCI Allenwood, PA. |

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|

| Complaints | Disposition |
|---|---|
| None | |

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (15)**

Aleks Paul
*TERMINATED: 09/24/2001*

represented by **Benjamin Brafman**
Brafman & Ross, P.C.
767 Third Avenue
26th Floor
New York, NY 10017
(212) 750-7800
Fax: (212) 750-3906
Email: bbrafman@braflaw.com
*TERMINATED: 09/24/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| 18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY. (11) | Dft pled guilty to count #5 in CR 99-372, count #11 in CR 00-196, and count #2 in CR 00-445. Special assessment . Dft is to be imprisoned for 63 mos. to run concurrent on all counts. Dft shall surrender to Bureau of Prisons be fore 2:00 pm on 10/30/01. Upon release from prison, dft shall be on supervised release for 3 years. |

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING. (1) | Counts dismissed on government's motion. |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Counts dismissed on government's motion. |
| 18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY. (3) | Counts dismissed on government's motion. |
| 15:78(j)b and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD. (4) | Counts dismissed on government's motion. |

| | Disposition |
|---|---|
| ... 1963 and 3551 et seq. - RACKETEERING. (1) | Open counts dismissed on government's motion. |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Open counts dismissed on government's motion. |
| 18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY. (3) | Open counts dismissed on government's motion. |
| 15:78(j)b and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD. (4) | Open counts dismissed on government's motion. |
| 18:371 and 3551 et seq. - HOLLEY SECURITIES FRAUD CONSPIRACY. (5) | Open counts dismissed on government's motion. |
| 15:78(j)b and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES (6) | Open counts dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY. (7) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i); 1956(1)(B)(i), 2 and 35512 et seq. - HOLLEY MONEY LAUNDERING. (8) | Open counts dismissed on government's motion. |
| 15:78(j)b and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD. (10) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING. (12) | Open counts dismissed on government's motion. |
| 18:371 and 3551 et seq. - CABLE SECURITIES FRAUD CONSPIRACY. (15) | Open counts dismissed on government's motion. |
| 15:78(j)b and 78ff; 18:2 and 3551 et seq. - CABLE SECURITIES FRAUD. (16) | Open counts dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - CABLE MONEY LAUNDERING CONSPIRACY. (17) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(1)(B)(i), 2 and 3551 et seq. - CABLE MONEY LAUNDERING. (18) | Open counts dismissed on government's motion. |

**Highest Offense Level (Terminated)**

Felony

| | Disposition |
|---|---|
| 18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY. (5) | Counts dismissed on government's motion. |
| 15:78(j)b and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES (6) | Counts dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY. (7) | Counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(1)(B)(i), 2 and 35512 et seq. - HOLLEY MONEY LAUNDERING. (8) | Counts dismissed on government's motion. |
| 18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY. (9) | Counts dismissed on government's motion. |
| 15:78(j)b and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD. (10) | Counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING. | Counts dismissed on government's motion. |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| None | |

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (16)**

Joseph Polito, Sr.
*TERMINATED: 07/26/2002*

represented by **Charles Weintraub**
6132 Riverdale Avenue
Bronx, NY 10471
Fax (718) 601-3786
*TERMINATED: 07/26/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

**Terminated Counts**

18:1962(c), 1963 and 3551 et seq. - RACKETEERING. (1)

18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2)

18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY. (9)

15:78j(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD. (10)

18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY. (11)

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING. (12)

18:1951 and 3551 et seq. - EXTORTION CONSPIRACY. (19)

18:1951,2 and 3551 et seq. - EXTORTION. (20)

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

Dismissed on motion of AUSA

Dismissed on motion of AUSA

**Disposition**

---

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (17)**

**Lawrence Ray**
*TERMINATED: 04/10/2003*

represented by **David S. Zapp**
7 East 94th Street, 1A
New York, NY 10128
(718) 855-3895
Email: DavidZapp@aol.com
*TERMINATED: 11/25/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Edward A. McDonald**

212-404-7040
Fax: 212-233-1385
Email: jbmaffeo@msek.com
*ATTORNEY TO BE NOTICED*

**Sidney Baumgarten**
Sidney Baumgarten
355 South End Avenue
#31j
New York, NY 10280
212-775-0190
Fax: 212-775-0191
Email: sidbaumgarten@aol.com
*ATTORNEY TO BE NOTICED*

**Pending Counts**

15:78j(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD. (10)

**Disposition**

Defendant sentenced to 5 years probation, to serve 9 months of home confinement. Special condition: 300 hours of community service. Fine: . Special assessment: . REVOCATION OF PROBATION: Imprisonment of 6 months; Additional Supervised Release Terms: After completion of the term of imprisonment, Deft shall be continued on Supervised release for the same period of time as the unexpired term of probation. REVOCATION OF PROBATION: IMPRISONMENT TIME SERVED; SUPERVISED RELEASE: THE CURRENT SUPERVISED RELEASE TERMS ARE TO BE CONTINUED

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY. (9)

**Disposition**

Open count dismissed on government's motion.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

---

Assigned to: Senior-Judge I. Leo Glasser

**Defendant (18)**

---

*TERMINATED: 04/10/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Jack Arseneault**
Arseneault, Donohue & Sorrentino
560 Main Street
Chatham, NJ 07928-2119
(201) 635-3366
*TERMINATED: 11/25/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Louis M. Freeman**
Freeman, Nooter & Ginsberg
30 Vesey Street, Suite 100
New York, NY 10007
(212) 608-0808
Fax: 212-962-9696
Email: freemefree@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Michael V. Gilberti**
Bonney, Epstein & Gilberti, LLC
321 Broad Street
Red Bank, NJ 07701
(732) 747-4700
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Thomas G. Roth**
Law Offices of Thomas G. Roth
395 Pleasant Valley Way
West Orange, NJ 07052
(973) 736-9090
Fax: 973-736-8005
Email: tgroth395@aol.com
*TERMINATED: 11/25/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**J. Bruce Maffeo**
Meyer Suozzi English & Klein P.C.
1350 Broadway
POB 822
New York, NY 10018

---

**Abraham Salaman**
*TERMINATED: 05/15/2002*

represented by **A. John Pappalardo**
Eckerd Seamans
One International Place
18th Floor
Boston, MA 02110
Fax (617) 342-6899
*TERMINATED: 05/15/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Peter F. Carr , II**
Eckert, Seamans, Cherin & Mellott, LLC
One International Place
18t Floor
Boston, MA 02110
(617) 342-6800
*TERMINATED: 05/15/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY. (3)

**Disposition**

Defendant sentenced to 5 years probation, to serve 12 months of home confinement. Defendant is to have no further involvement in the securities industry in any way. Defendant fined ,000 and assessed per count. Defendant shall make r estitution in the amount of .5 million over period of probation.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2)

15:78j(b) and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD. (4)

**Disposition**

Dismissed on government's motion.

Dismissed on government's motion.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

Assigned to: Senior Judge I. Leo Glasser

**Defendant (19)**

**Giuseppe Temperino**
*TERMINATED: 03/14/2002*
*also known as*
Joseph Temperino

represented by **Frank V. Carone , Jr.**
Mure & Carone, P.C.
32 Court Street
Suite 1800
Brooklyn, NY 11201
(718) 852-9100
*TERMINATED: 03/14/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Joseph R. Benfante**
Joseph R. Benfante, Esq.
225 Broadway
New York, NY 10007
(212) 227-4700
Fax: 212-406-6890
Email: josephbenfante@aol.com
*TERMINATED: 03/14/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Pending Counts**

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
HOLLY SECURITIES FRAUD. AND DECEPTIVE
DEVICES
(6)

**Disposition**

Defendant sentenced to 3 years probation, to
serve 8 months home confinement.
Defendant to perform 200 hours of
community service. Special assessment: .

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1962(d),1963 and 3551 et seq. -
RACKETEERING CONSPIRACY.
(2)

18:371 and 3551 et seq. - HOLLY SECURITIES
FRAUD CONSPIRACY.
(5)

18:1956(h) and 3551 et seq. - HOLLY MONEY
LAUNDERING CONSPIRACY.
(7)

18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and
3S512 et seq. - HOLLEY MONEY LAUNDERING.
(8)

**Disposition**

Open counts dismissed on government's
motion.

Open counts dismissed on government's
motion.

Open counts dismissed on government's
motion.

Open counts dismissed on government's
motion.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

**Plaintiff**

**USA**

represented by **Eric O. Corngold**
United States Attorneys Office
Criminal Division
225 Cadman Plaza East
Brooklyn, NY 11201
(718) 254-7000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan S. Sack**
U.S. Attorney's Office
Criminal Division
1 Pierrepont Plaza
14th Floor
Brooklyn, NY 11201
212-856-9600
Fax: 212-856-9494
Email: jsack@magislaw.com
*TERMINATED: 01/15/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/01/2000 | 1 | CALENDAR ENTRY as to Frank Coppa Sr., Ernest Montevecchi, Daniel Persico, Jack Basile, Rocco Basile, Larry Berman, John Cioffoletti, John Doukas, Walter Durchalter, Edward Garafola, Daniel Lev, Eugene Lombardo, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray, Abraham Salaman and Giuseppe Temperino. Case called before Magistrate Joan M. Azrack on 3/1/00 for Grand Jury Presentment ordered named up and filed. (Johnson, Tanya) (Entered: 03/06/2000) |
| 03/01/2000 | 2 | INDICTMENT as to Frank Coppa (1) count(s) 1, 2, 3, 4, 13, 14, 15, 16, 17, Ernest Montevecchi (2) count(s) 2, 13, 14, Daniel Persico (3) count(s) 2, 13, 14, Jack Basile (4) count(s) 2, 5, 7, 8, Rocco Basile (5) count(s) 2, 5, 6, 7, 8, Larry Berman (6) count(s) 1, 2, 3, 4, 5, 6, 7, 8, John Cioffoletti (7) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, Walter Durchalter (9) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, Edward Garafola (10) count(s) 19, 20, Daniel Lev (11) count(s) 1, 2, 9, 10, 11, 12, Eugene Lombardo (12) count(s) 1, 2, 9, 10, 11, 12, John Doukas (8) count(s) 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, John Doukas (8) count(s) 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, Alfred Palagonia (14) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, Aleks Paul (15) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, Joseph Polito (16) count(s) 1, 2, 9, 10, 11, |

| | | 12, 19, 20, Lawrence Ray (17) count(s) 9, 10, Abraham Salaman (18) count(s) 2, 3, 4 and Giuseppe Temperino (19) count(s) 2, 5, 6, 7, 8. (Johnson, Tanya) (Entered: 03/06/2000) |
|---|---|---|
| 03/01/2000 | | Magistrate Chrein has been selected by random selection to handle any matters that may be referred in this case. (Johnson, Tanya) (Entered: 03/06/2000) |
| 03/02/2000 | 63 | CALENDAR ENTRY as to Frank Coppa Sr., Daniel Persico, Jack Basile, John Cioffoletti, John Doukas, Edward Garafola, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray held before Magistrate Judge AZrack, case called, All counsel present, all defendants released on bond. (Defendant informed of rights.) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 64 | PRB BOND entered by Daniel Persico in Amount $ 1,000,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 65 | PRB BOND entered by Jack Basile in Amount $ 750,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 66 | PRB BOND entered by John Cioffoletti in Amount $ 1,500,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 67 | PRB BOND entered by John Doukas in Amount $ 1,500,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 68 | PRB BOND entered by Edward Garafola in Amount $ 750,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 69 | PRB BOND entered by Edmond Nagel in Amount $ 750,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 70 | PRB BOND entered by Alfred Palagonia in Amount $ 2,000,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 71 | PRB BOND entered by Aleks Paul in Amount $ 1,500,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 72 | PRB BOND entered by Rocco Basile in Amount $ 750,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 73 | PRB BOND entered by Lawrence Ray, Giuseppe Temperino in Amount $ 750,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 74 | CALENDAR ENTRY as to Giuseppe Temperino ; Case called before Magistrate Joan M. Azrack on date of 3/2/00 for ARRAIGNMENT Tape # 00/17 (0-118), Not Guilty: Giuseppe Temperino (19) count(s) 2, 5, 6, 7, 8 (Henry, Teresa) (Entered: 05/25/2000) |
| 03/03/2000 | 21 | ORDER FOR ACCEPTANCE OF CASH BAIL as to defendant Aleks Paul in the amount of $150,000.00. (Signed by Magistrate Joan M. Azrack on 3/3/00) c/m (Johnson, Tanya) (Entered: 03/20/2000) |
| 03/03/2000 | 75 | CALENDAR ENTRY as to Joseph Polito Sr.; Case called before Magistrate Joan M. Azrack on date of 3/3/00 for ARRAIGNMENT Tape # 00/17 (4376-4653), Not Guilty: ; Joseph Polito (16) count(s) 1, 2, 9, 10, 11, 12, 19, 20 (Henry, Teresa) (Entered: 05/25/2000) |
| 03/03/2000 | 76 | PRB BOND entered by Joseph Polito Sr. in Amount $ 1,500,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/3/00) (Henry, Teresa) (Entered: 05/25/2000) |

| 03/03/2000 | 77 | CALENDAR ENTRY as to Abraham Salaman ; Case called before Magistrate Joan M. Azrack on date of 3/3/00 for ARRIGNMENT Tape # 00/18 (3617-3819), Not Guilty: Abraham Salaman (18) count(s) 2, 3, 4 (Henry, Teresa) (Entered: 05/25/2000) |
|---|---|---|
| 03/10/2000 | 3 | ORDER SETTING CONDITIONS OF RELEASE AND BOND as to Frank Coppa Sr., Daniel Persico, Jack Basile, Rocco Basile, John Cioffoletti, John Doukas, Walter Durchalter. Edward Garafola, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray, Abraham Salaman, Giuseppe Temperino (Signed by Magistrate Joan M. Azrack on 3/2/00) c/m (Johnson, Tanya) (Entered: 03/15/2000) |
| 03/10/2000 | 5 | LETTER dated 3/6/00 from Steven G. Sanders, Esq., to AUSA Jonathan Sack enclosing copies of two executed mortgages on behalf of defendant Lawrence Ray's Personal Recognizance Bond. (Johnson, Tanya) (Entered: 03/15/2000) |
| 03/14/2000 | 4 | NOTICE of Appearance for Rocco Basile in 1:00-cr-00196 by Attorney Albert J. Brackley (Johnson, Tanya) (Entered: 03/15/2000) |
| 03/14/2000 | 6 | CALENDAR ENTRY as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 3/14/00 for Pleading. Court Reporter: Fred Guerino. Ernest Montevecchi and Eugene Lombardo are not present (in custody). Daniel Lev is a fugitive. Lawrence Ray not present (has not obtained counsel). All other defendant have been arraigned. Defendant pleads Not Guilty: Larry Berman (6) count(s) 1, 2, 3, 4, 5, 6, 7, 8 . AUSA: Johnathan Sack requests six weeks to provide discovery. Case adjourned until 4/25/00 at 10:00 for another conference. Order of excludable signed under Code "T", excluding time until 4/25/00. The defendants need not be present for the conference. A John Pappalardo will move to be admitted pro hac vice on behalf of defendant Salaman. (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/14/2000 | 29 | CALENDAR ENTRY as to John Cioffoletti and Larry Berman. Case called before Magistrate Robert M. Levy on 3/14/00 for Status Conference. Counsel for both sides present. Tape # 00/34 (5603-6232). Suretor(s) sworn and advised of obligations on bond; signature approved. Bond issued. Defendant released. (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/16/2000 | 7 | ORDER of Excludable Delay by Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 ( Signed by Senior Judge I. L. Glasser , Dated 3/14/00) (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 8 | LETTER dated 3/13/00 from Charles L. Weintraub, Esq., to Judge Glasser requesting to modify the conditions of release for defendant Joseph Polito. (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 9 | NOTICE of Appearance for Frank Coppa Sr. in 1:00-cr-00196 by Attorney Larry Bronson (Johnson, Tanya) (Entered: 03/16/2000) |

| Date | # | Docket Text |
|---|---|---|
| | | (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 11 | NOTICE of Appearance for Jack Basile in 1:00-cr-00196 by Attorney John H. Jacobs (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 12 | NOTICE of Appearance for Larry Berman in 1:00-cr-00196 by Attorney Stephen Robert LaCheen (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 13 | NOTICE of Appearance for Rocco Basile in 1:00-cr-00196 by Attorney Albert Brackley. (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 14 | NOTICE of Appearance for John Cioffoletti in 1:00-cr-00196 by Attorney James M. LaRossa (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 15 | NOTICE of Appearance for Walter Durchalter in 1:00-cr-00196 by Attorney Michael F. Bachner (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 16 | NOTICE of Appearance for Edward Garafola in 1:00-cr-00196 by Attorney Michael Rosen (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 17 | NOTICE of Appearance for Giuseppe Temperino in 1:00-cr-00196 by Attorney Frank V. Carone Jr. (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 18 | LETTER dated 3/9/00 from Stephen Lacheen, Esq., to Judge Glasser re: defendant Larry Berman's motion to enlarge his travel privileges to include the District of New Jersey. (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 19 | NOTICE of Appearance for Edmond Nagel in 1:00-cr-00196 by Attorney Michael J. Rovell (Glenn, Marilyn) (Entered: 03/16/2000) |
| 03/16/2000 | 27 | CALENDAR ENTRY as to Daniel Lev Case called before Magistrate Robert M. Levy on 3/16/00 for Arraignment. Tape: 00/37 (2748-3206). Defense Counsel: Jeff Lichtman. AUSA: Jonathan Sach. Defendant pleads Not Guilty: Daniel Lev (11) count(s) 1, 2, 9, 10, 11, 12. Set the next status conference for 4/25/00 at 10:00 before Senior Judge I. L. Glasser . Suretors approved, bond issued and defendant released after being advised of warnings/sanctions for non-compliance with conditions of release. (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/16/2000 | | District Court Arraignment held as to held Daniel Lev (11) count(s) 1, 2, 9, 10, 11, 12. (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/17/2000 | 31 | CALENDAR ENTRY as to Joseph Polito Sr. Case called before Magistrate Robert M. Levy on 3/17/00 for Modification of Bond. Counsel for both sides present. Tape #00/40 (4469-4747). Suretor(s) sworn and advised of obligations on bond; signature approved. (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/20/2000 | 20 | ORDER OF TEMPORARY DETENTION PENDING HEARING as to Walter Durchalter. (Signed by Magistrate Joan M. Azrack on 3/2/00) (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/21/2000 | 26 | CALENDAR ENTRY as to Aleks Paul in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 3/21/2000 for Status Conf. Court Reporter/ESR Tony Mancuso, For deft. Benjamine Brafman AUSA Jonathon Mothner Jonathan Sack. Deft. pres. with counsel. Court finds factual basis for plea. Deft. has been indicted on CR 99-261 -1 SDNY. The case will be transferred to EDNY and a plea scheduled. Deft. continued on bail. AUSA will move to dismiss open counts at sentencing. Guilty: Aleks Paul (15) count(s) 11 , set Sentencing for 10:00 6/26/00 for Aleks Paul before Senior Judge I. L. Glasser , terminated past due deadlines (Jackson, Ramona) (Entered: 03/27/2000) |
| 03/22/2000 | | Glasser requesting that this case be related to several John Doe cases. (Johnson, Tanya) (Entered: 03/22/2000) |
| 03/22/2000 | | ENDORSED ORDER on document #8, that the conditions of defendant Joseph Polito Sr's bail be modified as follows: bond amount will remain $1,500,000.00 and secured by 3 properties with defendant to report to the U.S. Pretrial Services once a week by phone. (Signed by Senior Judge I. L. Glasser on 3/17/00) c/m (Johnson, Tanya) (Entered: 03/22/2000) |
| 03/22/2000 | 23 | ORDER as to Larry Berman in 1:00-cr-00196 Deft's travel privilages are enlarged to include the District of New Jersey, in addition to Pennsylvania and New York, unless otherwise approved by Pretrial Services Office. Filed with motion attached . ( Signed by Senior Judge I. L. Glasser , on 3/9/2000) (Jackson, Ramona) Modified on 03/22/2000 (Entered: 03/22/2000) |
| 03/22/2000 | 24 | ORDER Request GRANTED. On ltr. dtd. 3/13/2000Gov't submits the Coppa case be related to the John Doe cases pursuant to Rule 50.3(c) ( Signed by Senior Judge I. L. Glasser , on 3/14/2000) (Jackson, Ramona) (Entered: 03/22/2000) |
| 03/24/2000 | 25 | Rule 40 Documents as to Larry Berman in 1:00-cr-00196 received from U.S. District Court/Eastern District of Pennsylvania. (Johnson, Tanya) (Entered: 03/24/2000) |
| 03/28/2000 | 28 | ORDER SETTING CONDITIONS OF RELEASE AND BOND as to defendant Daniel Lev for the amount of $1,500,000.00 . (Signed by Magistrate Robert M. Levy on 3/16/00) c/m (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/28/2000 | 30 | ORDER MODIFYING THE BOND entered on 3/2/00 as to defendant John Cioffoletti . (Signed by Magistrate Robert M. Levy on 3/14/00) (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/28/2000 | 32 | ORDER MODIFYING BOND previously set on 3/2/00 as to Joseph Polito . (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/28/2000 | 33 | ORDER SETTING CONDITIONS OF RELEASE AND BOND for defendant Larry Berman in the amount of $500,000.00 . (Signed by Magistrate Robert M. Levy on 3/14/00) c/m (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/31/2000 | 34 | LETTER dated 3/6/2000 from Steven G Sanders to AUSA Sack copies of executed mortgages given by Mr Ray in favor of bond. (Jackson, Ramona) (Entered: 04/03/2000) |
| 03/31/2000 | 35 | LETTER dated 3/9/2000 from Jonathan Sack to Counsels conf. for March 14,2000 @ 10:00. (Jackson, Ramona) (Entered: 03/31/2000) |
| 04/03/2000 | 36 | LETTER dated 3/27/00 from Jeffrey Lichtman to Jonathan Sack in lieu of a formal motion for discovery. (Jackson, Ramona) (Entered: 04/03/2000) |
| 04/03/2000 | 37 | ORDER as to Frank Coppa Sr. enlargement of Mr Coppa's conditions of pre trial release to permit his travel to Florida (as previously detailed to the Gov't between April 18-28,2000) On ltr. dtd. 3/22/2000 from Nicholas G Kaizer ( Signed by Senior Judge I. L. Glasser , on 3/28/2000) (Jackson, Ramona) (Entered: 04/03/2000) |
| 04/03/2000 | 38 | ORDER as to Daniel Lev Request a slight modification of his bail conditions which would permit him to use his passport in order to get a driver's license and open bank account. On ltr. dtd. 3/27/2000 from Jeffrey Lichtman . ( Signed by Senior Judge I. L. Glasser , on 3/28/2000) (Jackson, Ramona) (Entered: 04/03/2000) |
| 04/04/2000 | 40 | CALENDAR ENTRY as to Jack Basile Case called before Magistrate Roanne L. Mann on 4/4/00 for Pleading. Defense Counsel: John Jacobs. AUSA: Jonathan Sack and Patricia Notopoulus. (Johnson, Tanya) (Entered: 04/10/2000) |
| | | Tape # 00/52 (O-2646). Defendant pleads Guilty: Jack Basile (4) count(s) 5 . Sentencing set for 7/14/00 at 12:00 before Judge Gershon. (Johnson, Tanya) (Entered: 04/10/2000) |
| 04/05/2000 | 39 | ORDER that the pleading of defendant Jack Basile is referred to Magistrate Mann. Sentencing will be held on 7/18/00 at 10:00. (Signed by Senior Judge I. L. Glasser on 4/3/00) c/m (Johnson, Tanya) (Entered: 04/05/2000) |
| 04/07/2000 | 42 | CALENDAR ENTRY as to Eugene Lombardo; Case called before Senior Judge I. L. Glasser on 4/7/00 for Arraignment. Defense Counsel: Richard Brewster. AUSA: Jonathan Sack. Court Reporter: M. Diamond. Defendant pleads Not Guilty: Eugene Lombardo (12) count(s) 1, 2, 3, 4, 9, 10, 11, 12 . Set a status conference for 4/25/00 before Senior Judge I. L. Glasser . Time excluded until 4/25/00. (Johnson, Tanya) (Entered: 04/12/2000) |
| 04/07/2000 | | District Court Arraignment as to Eugene Lombardo in 1:00-cr-00196 held Eugene Lombardo (12) count(s) 1, 2, 3, 4, 9, 10, 11, 12 (Johnson, Tanya) (Entered: 04/12/2000) |
| 04/07/2000 | 43 | CALENDAR ENTRY as to Ernest Montevecchi. Case called before Senior Judge I. L. Glasser on 4/7/00 for Arraignment. Defense Counsel: Joy L. Vastola. AUSA: Jonathan Sack. Court Reporter: M. Diamond. Defendant pleads Not Guilty: Ernest Montevecchi (2) count(s) 2, 13, 14 . Set a status conference for 4/25/00 before Senior Judge I. L. Glasser . Defendant excused for the next court appearance. Time excluded until 4/25/00. (Johnson, Tanya) (Entered: 04/12/2000) |
| 04/07/2000 | | District Court Arraignment as to Ernest Montevecchi in 1:00-cr-00196 held Ernest Montevecchi (2) count(s) 2, 13, 14 (Johnson, Tanya) (Entered: 04/12/2000) |
| 04/11/2000 | 41 | LETTER dated 3/27/00 from Jeffery Lichtman, Esq., to Jonathan Sack, Esq. regarding the discovery in this action. (Johnson, Tanya) (Entered: 04/11/2000) |
| 04/12/2000 | 44 | NOTICE of Appearance for Ernest Montevecchi in 1:00-cr-00196 by Attorney Joy Lucielle Vastola (Johnson, Tanya) (Entered: 04/12/2000) |
| 04/14/2000 | 45 | LETTER dated 4/10/00 from Angela A. Turiano, Esq., to Judge Glasser informing the Court that defendant Walter Durcchalter will be traveling to marathon Florida on 4/19/00 and will remain there until 4/30/00. (Johnson, Tanya) (Entered: 04/14/2000) |
| 04/18/2000 | 46 | LETTER dated 4/11/00 from Steve G. Sanders, Esq., to AUSA Jonathan Sack enclosing two original, executed Mortgages by defendant Lawrance Ray. (Johnson, Tanya) (Entered: 04/18/2000) |
| 04/19/2000 | 47 | LETTER dated 4/5/00 from Richard W Brewster, Esq., to Judge Glasser regarding defendant Eugene Lombardo's request for representation. (Johnson, Tanya) (Entered: 04/19/2000) |
| 04/25/2000 | | Letter dated 4/14/00 from Melinda Sarafa to Judge Glasser to inform the Court that Mr. Aleks Paul will be traveling with his family to Bal Harbour, Florida, outside Miami on 4/18/00 and returning to New York on 4/30/00. *This is document #54 in 99cr372. (Guzzi, Roseann) (Entered: 04/25/2000) |
| 04/25/2000 | 48 | NOTICE of Appearance for Larry Berman in 1:00-cr-00196 by Attorney Robert T. Wolf. (Reddy, Tanya) (Entered: 04/26/2000) |
| 04/25/2000 | 54 | CALENDAR ENTRY as to Frank Coppa Sr., Ernest Montevecchi Rocco Basile, Larry Berman, John Cioffoletti, John Doukas Walter Durchalter, Edward Garafola, Daniel Lev, Edmond Nagel, Alfred Palagonia, Joseph Polito Sr, Lawrence Ray, Abraham Salaman, Giuseppe Temperino; Case called before Senior Judge I. L. Glasser on 4/25/00 for Pleading. Counsel for all sides present. Court Reporter: H. Shapiro. Case adjourned until 6/20/00 at 10:00 for status |
| | | conference. Case has been deemed as a complex case at time is excluded as indicated on the record. (Johnson, Tanya) (Entered: 05/15/2000) |
| 04/28/2000 | 49 | MOTION by Edmond Nagel in 1:00-cr-00196 for Michael J Kovell to appear pro hac vice , for Jewel N. Klein to appear pro hac vice [49-1] motion, [49-2] motion (Jackson, Ramona) (Entered: 04/28/2000) |
| 04/28/2000 | 50 | ORDER as to Edmond Nagel in 1:00-cr-00196 granting [49-1] motion for Michael J Kovell to appear pro hac vice as to Edmond Nagel (13)granting [49-2] motion for Jewel N. Klein to appear pro hac vice as to Edmond Nagel (13) ( Signed by Senior Judge I. L. Glasser , on 4/24/2000) (Jackson, Ramona) (Entered: 04/28/2000) |
| 05/03/2000 | 51 | ORDER, that defendant Alfred Palagonia, Chase Manhattan Bank and/or Chase Investment Services Corp and Security Capital Trading Inc shall not (i) permit any transfer, withdrawal or disposal of any of the assets out of account numbers 522835200072761 and 690110933; or (ii) create or permit to exist any lien, security interest, hypothecation, pledge or other charge or encumbrance upon or with respect to any of the assets in the Accounts(up to the pledged amounts), until further order of the U.S District Court. Counsel for defendant Alfred Palagonia shall serve a copy of this order upon Chase Manhattan Bank and thereafter file proof of such service with the Court and the U.S. Attorney. (Signed by Senior Judge I. L. Glasser on 5/1/00) (Johnson, Tanya) (Entered: 05/03/2000) |
| 05/11/2000 | 53 | NOTICE of Appearance for Giuseppe Temperino in 1:00-cr-00196 by Attorney Joseph R. Benfante (Johnson, Tanya) (Entered: 05/11/2000) |
| 05/12/2000 | 53 | ORDER as to Daniel Persico in 1:00-cr-00196 approval to a modification of conditions of release: permit deft., with prior notice and approval from pre trial to visit his father at Allenwood. ( Signed by Senior Judge I. L. Glasser , on 5/8/2000) (Jackson, Ramona) (Entered: 05/12/2000) |
| 05/12/2000 | 55 | NOTICE of Appearance for Lawrence Ray in 1:00-cr-00196 by Attorney Thomas G. Roth (Johnson, Tanya) (Entered: 05/12/2000) |
| 05/15/2000 | 51 | TRANSCRIPT filed as to defendant Jack Basile in 1:00-cr-00196 for pleading held before Magistrate Mann on 4/4/00. AUSA: Jonathan Sack and Patricia Notopoulus. Defense Counsel: John Jacobs. Transcriber: Courthouse Transcription Service, Inc. (Johnson, Tanya) (Entered: 05/16/2000) |
| 05/16/2000 | 56 | LETTER dated 5/10/00 from Richard W. Brewster, Esq., to Judge Glasser requesting that the Court approve a CJA expense voucher. (Johnson, Tanya) (Entered: 05/16/2000) |
| 05/16/2000 | 58 | LETTER dated 5/15/00 from Joseph V. Diblasi, Esq., to Judge Glasser requesting permission to be substituted as counsel for defendant Alfred Palagonia. (Johnson, Tanya) (Entered: 05/16/2000) |
| 05/16/2000 | | ENDORSED ORDER on document #58, substituting attorney Joseph V DiBlasi for defendant Alfred Palagonia and terminating attorney Mark S. Cohen . (Signed by Senior Judge I. L. Glasser on 5/15/00) (Johnson, Tanya) (Entered: 05/16/2000) |
| 05/22/2000 | 59 | ORDER as to Frank Coppa Sr. in 1:00-cr-00196 So ordered. On ltr. dtd. 5/15/2000 from Larry Bronson request Mr Coppa's bail conditions be amended to permit him to travel to Californaia from June 2, 2000 through June 7,2000. ( Signed by Senior Judge I. L. Glasser , on 5/16/2000) (Jackson, Ramona) (Entered: 05/22/2000) |

| Date | # | Docket Text |
|---|---|---|
| 05/24/2000 | | LETTER dated 5/22/00 from Joseph Temperino, Esq., to... Court extend defendant Joseph Temperino's travel to include the State of New Jersey. (Johnson, Tanya) (Entered: 05/24/2000) |
| 05/24/2000 | | ENDORSED ORDER on document #60, granting permission for defendant Giuseppe Temperino to travel to the State of New Jersey. (Signed by Senior Judge I. L. Glasser, on 5/22/00) (Johnson, Tanya) (Entered: 05/24/2000) |
| 05/25/2000 | 61 | LETTER dated 5/24/00 from Joseph v. DiBlasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel to Indianapolis on 5/25/00. (Johnson, Tanya) (Entered: 05/25/2000) |
| 05/25/2000 | | ENDORSED ORDER on document #61, granting the request for defendant Alfred Palagonia to travel to Indianapolis, Indiana on 5/25/00 . (Signed by Senior Judge I. L. Glasser on 5/24/00) c/m (Johnson, Tanya) (Entered: 05/24/2000) |
| 05/25/2000 | 62 | LETTER dated 5/22/00 from Jeffrey Lichtman, Esq., to Judge Glasser modifying the bail conditions of defendant Daniel Lev which would permit him to travel to Russia and Ukraine for business purposes in June. (Johnson, Tanya) (Entered: 05/25/2000) |
| 05/25/2000 | | CALENDAR ENTRY as to Frank Coppa Sr. in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196; Case called before Magistrate Joan M. Azrack on date of 3/2/00 for ARRAIGNMENT, Not Guilty: Frank Coppa (1) count(s) 1, 2, 3, 4, 13, 14, 15, 16, 17, Daniel Persico (3) count(s) 2, 13, 14, Jack Basile (4) count(s) 2, 5, 6, 7, 8, John Cioffoletti (7) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 18, John Doukas (8) count(s) 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, Edward Garafola (10) count(s) 19, 20, Edmond Nagel (13) count(s) 1, 2, 3, 4, 5, Alfred Palagonia (14) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, Aleks Paul (15) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, Joseph Polito (16) count(s) 1, 2, 9, 10, 11, 12, 19, 20, Lawrence Ray (17) count(s) 9, 10 (Henry, Teresa) (Entered: 05/25/2000) |
| 05/26/2000 | 78 | LETTER dated 5/24/00 from Joseph Benfante, Esq., to Judge Glasser, requesting that defendant Joseph Temperino be permitted to travel to New Jersey for family related reasons. (Asreen, Wendy) (Entered: 05/30/2000) |
| 05/26/2000 | | ENDORSED ORDER on page 2 of doc. no. 78 as to Giuseppe Temperino Modifying Conditions of Release permitting the defendant to travel to New Jersey for family related purposes . Signed by Senior Judge I. L. Glasser on 5/25/00. (Asreen, Wendy) (Entered: 05/30/2000) |
| 05/30/2000 | 80 | LETTER dated 5/24/00 from Scott E. Leemon, Esq., to Eric Corngold, AUSA, regarding discovery. (Johnson, Tanya) (Entered: 06/06/2000) |
| 06/05/2000 | 79 | ORDER as to Alfred Palagonia in 1:00-cr-00196 modifying bail modifications. ( Signed by Senior Judge I. L. Glasser , on 5/30/00)(Endorsed on letter dated 5/30/00 from Joseph DiBlasi to Judge Glasser). (Dobbin, David) (Entered: 06/05/2000) |
| 06/05/2000 | 81 | CONSENT ORDER as to Joseph Polito Sr. regarding property known as 3304 Mallard Close, Pompano Beach, Fl 33064. ( Signed by Senior Judge I. L. Glasser , on 6/6/00). c/m (Greene, Donna) (Entered: 06/12/2000) |
| 06/15/2000 | | LETTER dated 6/13/00 from Benjamin Braftman to Judge Glasser, requesting permission for dft Aleks Paul to travel to Rome for the limited purpose of visiting his brother before he passes away. (DOCUMENT FILED ONLY IN 99 CR 372, DOCUMENT #57) (Piper, Francine) (Entered: 06/15/2000) |
| 06/16/2000 | | LETTER dated 6/9/00 ... requests withdraw as counsel due to medical reasons. (Jackson, Ramona) (Entered: 06/16/2000) |
| 06/16/2000 | 83 | ORDER as to Larry Berman Granted. Permission to travel to Miami the week end of July 28,2000 to attend 50th wedding anniversary. On ltr. dtd. 6/7/2000 from Chad D Seigel. ( Signed by Senior Judge I. L. Glasser , on 6/12/2000) (Jackson, Ramona) (Entered: 06/16/2000) |
| 06/19/2000 | 84 | LETTER dated 5/22/00 from Jeffrey Lichtman, Esq. to Judge Glasser requesting to modify the bail of defendant Daniel Lev to permit him to travel to Russia and the Ukraine for business purposes. (Johnson, Tanya) (Entered: 06/19/2000) |
| 06/19/2000 | | ENDORSED ORDER on document #84, granting the request to modify the bail conditions of defendant Daniel Lev which will allow him to travel to Russia and Ukraine on the condition that defendant Lev provide detailed information as to: the date of departure and flight #, date of arrival, address where he will be staying and telephone #, name of the person he will be staying with, and time of return and flight #. (Signed by Senior Judge I. L. Glasser on 6/7/00) c/m (Johnson, Tanya) (Entered: 06/19/2000) |
| 06/19/2000 | 85 | LETTER dated 6/9/00 from Jeffrey Lichtman, Esq., to Judge Glasser requesting permission for defendant Daniel Lev to receive his passport from pretrial services. (Johnson, Tanya) (Entered: 06/19/2000) |
| 06/19/2000 | | ENDORSED ORDER on document #85, granting for defendant Daniel Lev to obtain his passport from Pretrial Services. (Signed by Senior Judge I. L. Glasser on 6/12/00) (Johnson, Tanya) (Entered: 06/19/2000) |
| 06/20/2000 | 86 | LETTER dated 6/15/00 from Joseph Benfante, Esq., to Judge Glasser requesting permission for defendant Joseph Temperino to travel to Boca Raton, Florida with his immediate family. (Johnson, Tanya) (Entered: 06/20/2000) |
| 06/20/2000 | | ENDORSED ORDER on document #86 granting Giuseppe Temperino to travel to Boca Raton, Florida . (Signed by Senior Judge I. L. Glasser, on 6/20/00) (Johnson, Tanya) (Entered: 06/20/2000) |
| 06/20/2000 | | CALENDAR ENTRY as to Frank Coppa Sr., Ernest Montevecchi, Daniel Persico, Rocco Basile, Larry Berman, John Cioffoletti, John Doukas, Walter Durchalter, Edward Garafola, Daniel Lev, Eugene Lombardo, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray, Abraham Salaman and Giuseppe Temperino. Case called before Senior Judge I. L. Glasser on 6/20/00 for a conference. Counsel for both sides present. Court Reporter: Paul Lombardi and Fred Guerino. Robert Wolf is relieved. AUSA Jonathan Sack informs the Court that the bulk of discovery has been provided. There are 100 boxes of documents. Title III material will be provided within one week. Amy Millard will be new counsel for defendant Berman. Mr. Sack suggests one more conference. The Court wants to set a motion schedule on 6/20/00. Thomas Roth will be new counsel for defendant Ray. Motions to be filed by 10/16/00. Government to respond by 11/6/00. Argument on 11/17/00 at 10:00. Order of excludable delay signed under Code"T" excluding time until 11/17/00. (Johnson, Tanya) (Entered: 06/20/2000) |
| 06/21/2000 | 88 | LETTER dated 6/16/00 from Josep R. Benfante, Esq., to Judge Glasser enclosing defendant Joseph Temperino's travel itinerary. (Johnson, Tanya) (Entered: 06/21/2000) |
| 06/23/2000 | 89 | ORDER of Excludable Delay as to all defendants in this action waiving time from 6/20/00 to 11/17/00. (Signed by Senior Judge I. L. Glasser on 6/20/00) (Johnson, Tanya) (Entered: 06/23/2000) |
| 06/23/2000 | 90 | NOTICE of Appearance for Larry Berman in 1:00-cr-00196 by Attorney Amy E. Millard (Johnson, Tanya) (Entered: 06/23/2000) |
| 06/28/2000 | 91 | NOTICE of Appearance for Frank Coppa Sr. in 1:00-cr-00196 by Attorney Brian Hansbury (Johnson, Tanya) (Entered: 07/06/2000) |
| 07/07/2000 | 92 | ORDER as to Daniel Lev in 1:00-cr-00196 bail conditions modified solely to permit travel pursuant to the following itinerary (see document). ( Signed by Senior Judge I. L. Glasser , on 6/22/2000) (Jackson, Ramona) (Entered: 07/07/2000) |
| 07/07/2000 | 93 | LETTER dated 6/21/00 from Jeffrey Lichtman, Esq., to Judge Glasser, Esq. regarding the travel itinerary of defendant Daniel Lev. (Johnson, Tanya) (Entered: 07/07/2000) |
| 07/12/2000 | | LETTER dated 7/6/00 from John Jacobs to Judge Gershon and Judge Glasser, requesting that 99 cr 589 and 00 cr 196 be consolidated for sentencing purposes. (DOCUMENT FILED ONLY IN 99 CR 589, DOCUMENT 309) (Piper, Francine) (Entered: 07/12/2000) |
| 07/14/2000 | | LETTER dated 7/6/00 from Benjamin Braftman to Judge Glasser on behalf of Aleks Paul requesting that defendant be permitted to travel to Israel for the purpose of the passing of his brother. Also applies to cases 99cr372 and 00cr445. (Guzzi, Roseann) (Entered: 07/14/2000) |
| 07/14/2000 | | LETTER dated 7/6/00 from Melinda Sarafa to Jonathan Sack, Esq. advising of defendant Aleks Pauls' travel plans. *This is document #61 in 99cr372. (Guzzi, Roseann) (Entered: 07/14/2000) |
| 07/18/2000 | 94 | LETTER dated 7/13/00 from Michael Rosen, Esq., to Judge Glasser requesting to extend the bail restrictions for defendant Edward Garafola to permit him to travel to Niagra Falls and Ontario from 7/17/00 to 7/19/00. (Johnson, Tanya) (Entered: 07/18/2000) |
| 07/18/2000 | | ENDORSED ORDER on document #94, granting the request to extend the bail restrictions for defendant Edward Garafola. (Signed by Senior Judge I. L. Glasser on 7/13/00) (Johnson, Tanya) (Entered: 07/18/2000) |
| 07/19/2000 | 95 | LETTER dated 7/17/00 from Joseph V. DiBlasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel to to New Jersey on 7/18/00 and Pennsylvania over the weekend of 7/21/00. (Johnson, Tanya) (Entered: 07/19/2000) |
| 07/19/2000 | 95 | ENDORSED ORDER on doc #95, granting permission for defendant Alfred Palagonia to travel to NJ on 7/18/00 and to Pennsylvania over the weekend of 7/21/00. (Signed by Senior Judge I. L. Glasser on 7/17/00) (Johnson, Tanya) (Entered: 07/19/2000) |
| 07/25/2000 | 96 | LETTER dated 6/29/00 from Joseph DiBlasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel to Las Vegas on vacation from 7/5/00 to 7/11/00. (Johnson, Tanya) (Entered: 07/25/2000) |
| 07/25/2000 | 97 | ORDER as to Jack Basile, the dft will be sentenced on both cases 99 cr 589 and 00 cr 196 before the undersigned. ( Signed by Judge Nina Gershon , on 7/20/00) (Piper, Francine) (Entered: 07/25/2000) |
| 07/25/2000 | 98 | LETTER dated 7/21/00 from Joseph Benfante, Sentencing Schedule, Defense papers, including any departure motions due 10/6/00; Govt response 10/13/00; Defense reply papers 10/20/00; Sentencing 10/27/00 at 11:00. ( Signed by Judge Nina Gershon , on 7/21/00) (Piper, Francine) (Entered: 07/25/2000) |
| 07/31/2000 | 99 | LETTER dated 7/21/00 from Charles L. Weintraub, Esq., to Judge Glasser requesting permission to extend the jurisdictional limits of defendant Joseph Polito's bail for travel between the dates of 8/1/00 and 8/20/00. (Johnson, Tanya) (Entered: 08/01/2000) |
| 08/01/2000 | | ENDORSED ORDER on document #99, granting permission to extend the jurisdictional limits of defendant Joseph Polito's bail for travel between 8/1/00 and 8/20/00. (Signed by Senior Judge I. L. Glasser on 7/24/00) (Johnson, Tanya) (Entered: 08/01/2000) |
| 08/18/2000 | 100 | LETTER dated 8/10/00 from Joseph Benfante, counsel for defendant Temperino, to Judge Glasser enclosing defendant's travel itinerary regarding his trip to Las Vegas, and providing the Court with the name, address, and phone number of the hotel where defendant will be staying. (Rodriguez,Angela) (Entered: 08/18/2000) |
| 08/21/2000 | 101 | ORDER as to Giuseppe Temperino in 1:00-cr-00196 permitting deft to travel to Las Vegas, Nevada Labor Day weekend - See letter dtd 7/27/00 to ILG from Joseph R. Benfante. ( Signed by Senior Judge I. L. Glasser , on 7/27/00) (Glenn, Marilyn) (Entered: 08/21/2000) |
| 08/23/2000 | | LETTER dated 8/23/00 from Melinda Sarafa to Judge Glasser on behalf of Aleks Paul to confirm that Mr. Paul's sentencing hearing set for 9/11/00 has been adjourned to 11/2/00 at 10:00. Applies also to 00cr196 and 00cr445. *This is document #66 in 99cr372. (Guzzi, Roseann) (Entered: 08/24/2000) |
| 08/29/2000 | 102 | LETTER dated 5/22/00 from Jeffrey Lichtman, Esq. to Judge Glasser requesting that defendant Daniel Lev's bail conditions be modified, allowing him to travel to Russia and the Ukraine for business purposes. (Lee, Tiffeny) (Entered: 08/29/2000) |
| 08/29/2000 | 103 | LETTER dated 8/23/00 from Jeffrey Lichtman, Esq. to Judge Glasser requesting that defendant Daniel Lev's bail conditions be modified, allowing him to travel to Russia and the Ukraine for business purposes for the period of 9/3/00 through 9/24/00. (Lee, Tiffeny) (Entered: 08/29/2000) |
| 08/29/2000 | 104 | ORDER as to Daniel Lev in 1:00-cr-00196 granting [102-1] and [103-1] letter applications that bail conditions be modified solely to permit travel pursuant to itinerary . Signed by Senior Judge I. L. Glasser, on 8/25/00. [see Order for itinerary] (Lee, Tiffeny) (Entered: 08/29/2000) |
| 08/29/2000 | | ENDORSED ORDER dated 8/25/00 on document #66 in 99cr372 granting hearing date of 11/2/00 at 10:00 as to Aleks Paul. ( Signed by Senior Judge I. L. Glasser, on 8/25/00) *This also applies to 00cr196 and 00cr445. (Guzzi, Roseann) (Entered: 08/29/2000) |
| 09/26/2000 | 105 | LETTER dated 9/14/00 from Jean Marie Graziano to Judge Glasser, requesting that the bail restrictins currently in place with respect to Edward Garafola be extended to permit travel to Saylorsburg, Pennsylvania on 9/17/00. (Greene, Donna) (Entered: 09/26/2000) |
| 09/26/2000 | | ENDORSED ORDER on doc. #105 as to Edward Garafola in 1:00-cr-00196. Application to travel to Saylorsburg, Pennsylvania on 9/17/00 Granted. ( Signed by Senior Judge I. L. Glasser , on 9/14/00). (Greene, Donna) (Entered: 09/26/2000) |
| 09/26/2000 | | STIPULATION AND ORDER as to Alfred Palagonia in 1:00-cr-00196. It is stipulated that the net proceeds of the sale of the East Gate Property in the amount of $404,836.20 shall be deposition into an interest-bearing account within the custody of the Clerk of the Court for the EDNY to abide further order of the court. ( Signed by Senior Judge I. L. Glasser , on 9/11/00). (Greene, Donna) (Entered: 09/26/2000) |
| 09/29/2000 | 107 | LETTER dated 9/8/00 from Joseph V. DiBlasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel to and from Connecticut to obtain outpatient treatment at Silver Hill Hospital. (Johnson, Tanya) (Entered: 10/04/2000) |
| 09/29/2000 | 107 | ENDORSED ORDER on document #107, granting the request for defendant Alfred Palagonia to travel to and from Connecticut to obtain outpatient treatment at Silver Hill Hospital. (Signed by Senior Judge I. L. Glasser on 9/8/00) (Johnson, Tanya) Modified on 10/04/2000 (Entered: 10/04/2000) |

| Date | Doc | Description |
|---|---|---|
| 10/05/2000 | | ... of ... or other ... ... by ... ... Russo terminated; Added Edward A. McDonald . ( Signed by Senior Judge I. L. Glasser on 10/6/00) (Rodriguez,Angela) (Entered: 10/16/2000) |
| 10/10/2000 | 114 | Letter dated 10/5/00 from James M. LaRossa, Esq., to Judge Glasser requesting a (30 day) extension of time for defendant John Cioffoletti to file motions. (Johnson, Tanya) (Entered: 11/01/2000) |
| 10/16/2000 | 108 | ORDER as to John Cioffoletti in 1:00-cr-00196 endorsed on letter dated 10/5/00 from James LaRossa to Judge Glasser. Request for 30 day extension of time to file motions is granted. ( Signed by Senior Judge I. L. Glasser on 10/6/00) (Rodriguez,Angela) (Entered: 10/16/2000) |
| 10/16/2000 | 109 | ORDER as to Alfred Palagonia in 1:00-cr-00196 endorsed on letter dated 10/6/00 from Joseph Diblasi to Judge Glasser. Application for defendant to travel to Key West, Florida from 10/12/00 to 10/17/00 is granted. ( Signed by Senior Judge I. L. Glasser on 10/6/00) (Rodriguez,Angela) (Entered: 10/16/2000) |
| 10/16/2000 | 111 | NOTICE OF SUBSTITUTION OF COUNSEL to Lawrence Ray. (Johnson, Tanya) (Entered: 10/17/2000) |
| 10/20/2000 | 112 | Letter dated 10/13/00 from Richard W. Brewster, Esq., to Judge Glasser requesting a 30 day extension of the current motion schedule. (Johnson, Tanya) (Entered: 10/20/2000) |
| 10/20/2000 | 113 | Letter dated 10/12/00 from AUSA Eric Corngold, to Judge Glasser informing the Court of the status of this action and requesting that speedy trial be excluded to 12/15/00. (Johnson, Tanya) (Entered: 10/20/2000) |
| 10/20/2000 | | ENDORSED ORDER on document #113, granting the request for excludable delay as to Frank Coppa Sr.. The findings required by 18:3161(i)(8)(A) are hereby made. (Signed by Senior Judge I. L. Glasser on 10/12/00) (Johnson, Tanya) (Entered: 10/20/2000) |
| 10/23/2000 | 115 | MOTION by Edward Garofalo for severance and separate trial and to suppress and preclude a tape recording made by the FBI on 3/25/99 . [115-1] [115-2] (Johnson, Tanya) (Entered: 11/01/2000) |
| 10/23/2000 | 116 | MEMORANDUM by Edward Garafola in support of his [115-1] motion for severance and separate trial, [115-2] to suppress and preclude a tape recording made by the FBI on 3/25/99. (Johnson, Tanya) (Entered: 11/01/2000) |
| 10/25/2000 | | ENDORSED ORDER dated 10/18/00 on document #76 in 99cr372 granting adjournment of sentencing as to Aleks Paul. Sentencing set for 12/14/00 at 10:00 . ( Signed by Senior Judge I. L. Glasser, on 10/18/00) *This also applies to 00cr196 and 00cr445. (Guzzi, Roseann) (Entered: 10/25/2000) |
| 11/03/2000 | 117 | Letter dated 10/26/00 from Albert Brackley, Esq., to Judge Glasser requesting permission to join any co-counsel motion addressed to the sufficiency or legality of the indictment. (Johnson, Tanya) (Entered: 11/03/2000) |
| 11/03/2000 | | ENDORSED ORDER on document #117, granting defense counsel's request to join any co-counsel motion. (Signed by Senior Judge I. L. Glasser on 10/27/00) (Johnson, Tanya) (Entered: 11/03/2000) |
| 11/03/2000 | 118 | Letter dated 10/30/00 from Jonathan Sack to U.S. Probation Officer, Linda Fowle, providing updated information concerning the loss attributable to Jack Basile in connection with the fraudulent sale of Holly Products Inc. securities at White Rock Partners & Co., Inc. (Piper, Francine) (Entered: 11/03/2000) |

| Date | Doc | Description |
|---|---|---|
| 10/05/2000 | | ... defendant ... ... ... ... to ... ... permitted to travel to from 11/7/00 through 12/7/00. It is further ordered that defendant's passport, presently in the possession of Pretrial Services, be provided to the defendant until he returns from his trip. (Signed by Senior Judge I. L. Glasser on 11/2/00) (Johnson, Tanya) Modified on 11/30/2000 (Entered: 11/09/2000) |
| 11/13/2000 | 120 | MOTION by Daniel Persico for an order granting a hearing to determine the admissibility of statments and for discovery . w/supporting papers attached. (Johnson, Tanya) (Entered: 11/16/2000) |
| 11/16/2000 | 128 | MOTION by Daniel Lev to dismiss count one's RICO conspiracy charge and count two's substantive RICO charge ; to dismiss the money laundering charges contained in counts 11 and 12 ; to sever him from his co-defendants ; [128-1] [128-2]. (Johnson, Tanya) (Entered: 11/30/2000) |
| 11/16/2000 | 129 | MEMORANDUM by Daniel Lev in support of his pretrial motions. (Johnson, Tanya) (Entered: 11/30/2000) |
| 11/21/2000 | 121 | MOTION by Lawrence Ray severing his case from that of his co-defendants, compelling the production of additional discovery; dismissing the indictment against Ray; requiring the government to disclose evidence and permitting defendant Ray to join in motions of co-defendants . (Guzzi, Roseann) (Entered: 11/27/2000) |
| 11/21/2000 | 122 | MEMORANDUM by Lawrence Ray in 1:00-cr-00196 in support of [121-1] motion severing his case from that of his co-defendants, compelling the production of additional discovery; dismissing the indictment against Ray; requiring the government to disclose evidence and permitting defendant Ray to join in motions of co-defendants. (Guzzi, Roseann) (Entered: 11/27/2000) |
| 11/21/2000 | 123 | AFFIDAVIT of Lawrence Ray in 1:00-cr-00196 as to Lawrence Ray in 1:00-cr-00196 Re: in support of defendant's [121-1] motion severing his case from that of his co-defendants, compelling the production additional discovery; dismissing the indictment against requiring the government to disclose evidence and permitting defendant Ray to join in motions of co-defendants. (Guzzi, Roseann) Modified on 6/17/2009 to attach a copy of the affidavit, rec'd. by fax from Mr. Roth. (Vaughn, Terry). (Entered: 11/27/2000) |
| 11/21/2000 | 124 | AFFIDAVIT of Thomas G. Roth, Esq. on behalf of Lawrence Ray in 1:00-cr-00196 Re: in support of defendant Ray's [121-1] motion severing his case from that of his co-defendants, compelling the production of additional discovery; dismissing the indictment against Ray; requiring the government to disclose evidence and permitting defendant to join in motions of co-defendants (Guzzi, Roseann) (Entered: 11/27/2000) |
| 11/29/2000 | 125 | LETTER dated 11/9/00 from Amy E. Millard, Esq., to Judge Glasser requesting to modify the bail conditions of defendant Larry Berman to permit him to travel to Puerto Rico during the first week in December. (Johnson, Tanya) (Entered: 11/29/2000) |
| 11/29/2000 | | ENDORSED ORDER on document #125, granting the request to modify the bail conditions of defendant Larry Berman to permit him to travel to Puerto Rico during the first week in December. Itinerary to be made available to the AUSA. (Signed by Senior Judge I. L. Glasser on 11/14/00) c/m (Johnson, Tanya) (Entered: 11/29/2000) |
| 11/29/2000 | 126 | LETTER dated 11/13/00 from Nicholas G. Kaizer, Esq., to Judge Glasser requesting a one-month adjournment, until 12/15/00. for defendant Frank Coppa to submit pretrial motions. (Johnson, Tanya) (Entered: 11/29/2000) |

| Date | Doc | Description |
|---|---|---|
| 11/29/2000 | | ENDORSED ORDER on document #126, granting the request for a one-month adjournment, until 12/15/00, for defendant Frank Coppa to submit pretrial motions. (Signed by Senior Judge I. L. Glasser on 11/13/00) (Johnson, Tanya) (Entered: 11/29/2000) |
| 11/29/2000 | 127 | LETTER dated 11/14/00 from J. Brian Hansbury, Esq., to AUSA Eric Corngold, regarding the plea negotiations of defendant Ernest Montevecchi. (Johnson, Tanya) (Entered: 11/29/2000) |
| 11/29/2000 | | MOTION for Peter F. Carr, II to appear pro hac vice on behalf of defendant Abraham Salaman. Fee #: $25.00. Receipt #: 239900 . [142-1] (Johnson, Tanya) Modified on 12/14/2000 (Entered: 12/14/2000) |
| 11/29/2000 | | AFFIDAVIT by Peter F. Carr, II in further support of his application to appear pro hac vice on behalf of defendant Abraham Salaman. (Annexed to doc #142) (Johnson, Tanya) (Entered: 12/14/2000) |
| 11/29/2000 | 144 | MOTION for A. John Pappalardo to appear pro hac vice on behalf of Abraham Salaman. Pro Hac Vice Filing Fee #: $25.00. Receipt #: 239898 .[144-1] (Johnson, Tanya) (Entered: 12/14/2000) |
| 11/29/2000 | | AFFIDAVIT by A. John Pappalardo, Esq. in further support of his motion to appear pro hac vice on behalf of Abraham Salaman. Pro Hac Vice Filing Fee #: $25.00. Receipt #: 239898. (Annexed to doc #144) (Johnson, Tanya) (Entered: 12/14/2000) |
| 11/30/2000 | | MOTION by John Cioffoletti to produce all exculpatory and impeachment materials ; for disclosure of pages of documents ; to dismiss Racketerring Act V of Counts 1,2,7,8,11,12,17 and 18 . [130-1] [130-2] [130-3] (Johnson, Tanya) (Entered: 11/30/2000) |
| 11/30/2000 | 131 | MEMORANDUM by defendant John Cioffoletti in support of his pretrial motions. [130-1] (Johnson, Tanya) (Entered: 11/30/2000) |
| 12/01/2000 | 147 | LETTER dated 11/30/00 from AUSA Eric Corngold, to Judge Glasser requesting an extension of time, until 1/18/01, for the government to respond to the pretrial motions of all defendants in this action. (Johnson, Tanya) (Entered: 02/01/2001) |
| 12/04/2000 | 132 | LETTER dated 11/30/00 from AUSA Eric Corngold and AUSA Jonathan Sack, to Judge Glasser requesting an extension of time until 1/18/01 for the government to respond to all of defendant's pretrial motions. (Johnson, Tanya) (Entered: 12/04/2000) |
| 12/04/2000 | 133 | SCHEDULING ORDER that the government is directed to file and serve responses to defendant John Cioffoletti's motion on or before 5pm on 12/18/00. The defendant shall file and serve reply papers, if any, on or before 5pm on 11/20/00 and oral argument will be heard at 10:00 on 12/22/00. (Signed by Senior Judge I. L. Glasser on 11/29/00) c/m (Johnson, Tanya) (Entered: 12/04/2000) |
| 12/04/2000 | 134 | LETTER dated 11/29/00 from Nicholas G. Kaizer, Esq., to Judge Glasser requesting to modify the conditions of defendant Frank Coppa's pretrial release to allow him to travel to California between 11/26/00 to 1/2/01. (Johnson, Tanya) (Entered: 12/04/2000) |
| 12/04/2000 | | ENDORSED ORDER on document #134, granting permission for defendant Frank Coppa to travel to California from 12/26/00 to 1/2/01 . (Signed by Senior Judge I. L. Glasser on 11/29/00) c/m (Johnson, Tanya) (Entered: 12/04/2000) |
| 12/05/2000 | 135 | SCHEDULING ORDER: that the government is directed to file and serve responses to defendant Lawrence Ray's motion on or before 5pm on 12/18/00. The defendant shall file and serve reply papers, if any, on or before 5pm on 12/20/00 and oral argument will be heard at 10:00 on 12/22/00. (Signed by Senior Judge I. L. Glasser on 11/28/00) c/m (Johnson, Tanya) (Entered: 12/05/2000) |

| Date | Doc | Description |
|---|---|---|
| 12/05/2000 | 136 | SCHEDULING ORDER: that the Government shall file and serve responsive papers to defendant Edward Garafola's motions on or before 5pm on 12/11/00. The defendant shall file and serve reply papers, if any, on or before 12/13/00, and oral argument and suppression hearing will be heard on 12/15/00 at 2:00. (Signed by Senior Judge I. L. Glasser on 11/28/00) (Johnson, Tanya) (Entered: 12/05/2000) |
| 12/05/2000 | 137 | SCHEDULING ORDER that the government shall file and serve responsive papers to defendant Daniel Lev's pretrial motions on or before 5:00pm on 12/11/00. The defendant shall file and serve reply papers, if any, on or before 3pm on 12/13/00. Oral argument will be heard at 10am on 12/15/00. (Signed by Senior Judge I. L. Glasser on 11/28/00) (Johnson, Tanya) (Entered: 12/05/2000) |
| 12/07/2000 | 138 | LETTER dated 11/17/00 from Jewel N. Klein, Esq., to Judge Glasser requesting permission for defendant Edmond Nagel to extend his stay in California until 11/27/00. (Johnson, Tanya) (Entered: 12/07/2000) |
| 12/07/2000 | | ENDORSED ORDER on document #138, granting permission for defendant Edmond Nagel to extend his stay in California until 11/27/00. (Signed by Senior Judge I. L. Glasser on 11/17/00) (Johnson, Tanya) (Entered: 12/07/2000) |
| 12/07/2000 | 140 | MOTION by Abraham Salaman for an extension of time, until 1/3/01, to file discovey motions . [140-1] (Johnson, Tanya) (Entered: 12/12/2000) |
| 12/11/2000 | 139 | SCHEDULING ORDER all defense motions which have not yet been made shall be filed and seved on or before 1/3/01; The government's response to those motions and to the motions that have already been filed and served shall be filed and served on or before 1/17/01. Defendant's replies, if any, shall be filed and served on or before 1/29/01. Oral argument will be heard on 2/2/01 at 10:00. (Signed by I. Leo Glasser on 11/30/00) (Johnson, Tanya) Modified on 01/08/2001 (Entered: 12/11/2000) |
| 12/13/2000 | 141 | LETTER dated 12/4/00 from Jeffrey Lichtman, Esq., to Judge Glasser requesting permission to extend defendant Daniel Lev's recent trip to London and Russia for business purposesi until 1/3/01. (Johnson, Tanya) (Entered: 12/13/2000) |
| 12/13/2000 | | ENDORSED ORDER on document #141, that defendant Daniel Lev's request to extend his trip until 1/3/01 is granted. (Signed by Senior Judge I. L. Glasser on 12/4/00) (Johnson, Tanya) (Entered: 12/13/2000) |
| 12/14/2000 | 143 | ORDER, granting [142-1] the motion of Peter F. Carr, II to appear pro hac vice on behalf of defendant Abraham Salaman. (Signed by Senior Judge I. L. Glasser on 12/6/00) c/m $25.00 filing fee paid. (Johnson, Tanya) (Entered: 12/14/2000) |
| 12/14/2000 | 145 | ORDER, granting the [144-1] motion for A. John Pappalardo to appear pro hac vice on behalf of Abraham Salaman. Pro Hac Vice Filing Fee #: $25.00. Receipt #: 239898. (Signed by Senior Judge I. L. Glasser on 12/6/00) c/m (Johnson, Tanya) (Entered: 12/14/2000) |
| 12/27/2000 | | LETTER dated 12/20/00 from Melinda Sarafa to Judge Glasser to confirm the adjournment of the sentencing to 12/20/00 as to Aleks Paul. *This is document #85 in 99cr372. (Guzzi, Roseann) (Entered: 12/27/2000) |
| 12/29/2000 | 146 | LETTER dated 11/29/00 from Joseph Dilasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel to the Poconos for the weekend of 12/2/00. (Johnson, Tanya) (Entered: 01/02/2001) |

| Date | Doc # | Description |
|---|---|---|
| 12/29/2000 | | ...travel to the Poconos for the weekend of 12/2/00. (Signed by Senior Judge I. L. Glasser on 11/3/000) (Johnson, Tanya) (Entered: 01/02/2001) |
| 12/29/2000 | 148 | STIPULATION AND ORDER, by and between plaintiff and defendant John Cioffoletti that the sale of the Seagull Lane Property may proceed and that the net proceeds of the sale in the amount of $194,909.92 shall be deposited into any interest-bearing account within the custody of the Clerk of Court for the Eastern District of NY pending further order of the Court. It is further ordered that withdrawals from this account must be sought on (10) days written notice to the Government's counsel in this action. It is further ordered that the Clerk of Court is directed to deduct from the income of the investment a fee equal to (10) percent of the income earned, but not exceeding the fee authorized by the Judicial Conference of the U.S. It is further ordered that each side shall bear its own costs and attorney's fees in connection with this stipulation and order. (Signed by Senior Judge I. L. Glasser on 12/19/00) (Johnson, Tanya) (Entered: 01/08/2001) |
| 12/29/2000 | | ENDORSED ORDER on document #140, granting the [140-1] motion for an extension of time, until 1/3/01, to file discovey motions as to Abraham Salaman (18). (Signed by Magistrate A. S. Chrein on 12/18/00) (Johnson, Tanya) (Entered: 01/08/2001) |
| 01/03/2001 | 151 | MOTION by Edmond Nagel to dismiss counts 1 and 2 and to sever this action . [151-1] [151-2] (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/03/2001 | | MEMORANDUM by Edmond Nagel in support of the [151-1] motion to dismiss counts 1 and 2 and to [151-2] sever this action. (Annexed to document #151) (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/03/2001 | 152 | MOTION by Ernest Montevecchi to dismiss counts 13 and 14 and to dismiss count 2 . [152-1] [152-2] (w/exhibits A-F attached) (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/03/2001 | | MEMORANDUM by Ernest Montevecchi in further support of his [152-1] motion to dismiss counts 13 and 14 and [152-2] count 2. (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/03/2001 | 154 | MOTION by Abraham Salaman for Bill of Particulars ; to turn over all impeachment materials to the defendants ; provide the names of all unindicted co-conspirators referred to in the indictment ; provide all statements made during the course and in furtherance of the conspiracy by defendants the government does not intend to call as witnesses at the trial ; provide all evidence the goverment intends, expects or seeks to introduce at trial . [154-1] [154-2] [154-3] [154-4] [154-5] (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/03/2001 | 155 | MEMORANDUM by Abraham Salaman in further support of [154-1] of his pretrial motions. (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/04/2001 | 149 | LETTER dated 1/3/01 from Richard Brewster to Judge Glasser informing that Eugene Lombardo joins in that part of Ernest Montevecchi's motion seeking to dismiss the allegations in the instant indictment which are duplicative to that in Southern District Case # 97cr1215. (Rodriquez,Angela) (Entered: 01/08/2001) |
| 01/10/2001 | | LETTER dated 1/4/01 from Jean Marie Graziano, Esq., to Judge Glasser requesting permission for defendant Edward Garafola to travel to Alabama from Friday 1/12/01 to 1/26/01. (Johnson, Tanya) (Entered: 01/10/2001) |
| 01/10/2001 | 150 | ENDORSED ORDER on document #150, granting permission for defendant Edward Garafola to Travelf rom 1/12/1 to 1/26/01 . (Signed by Senior Judge I. L. Glasser on 1/4/01) (Johnson, Tanya) (Entered: 01/10/2001) |
| 01/01/2001 | | ...Paul's sentencing has been adjourned to 2/28/01 at 10:00. And also the Government has consented to Mr. Paul's request to travel. *This is document #86 in 99cr372. (Guzzi, Roseann) (Entered: 01/11/2001) |
| 01/11/2001 | 156 | LETTER dated 1/3/01 from Richard W. Brewster, Esq., to Judge Glasser informing the court that defendant Eugene Lombardo wishes to join in that part of Ernest Montevecchi's motion seeing to dismiss the allegations in the instant indictment. (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/17/2001 | 157 | LETTER dated 1/10/01 from Jeffrey Lichtman, Esq., to Judge Glasser requesting to modify the bail conditions of defendant Daniel Lev to allow the defendant to travel to Russia for business purposes. (Johnson, Tanya) (Entered: 01/17/2001) |
| 01/17/2001 | | ENDORSED ORDER on pg 2 of doc #157, granting the request to modify defendant Daniel Lev's bail conditions allowing him to travel to Russia from 1/15/01 to 1/28/01 for business purposes. (Signed by Senior Judge I. L. Glasser on 1/10/01) (Johnson, Tanya) (Entered: 01/17/2001) |
| 01/17/2001 | 158 | MEMORANDUM by USA in opposition to the defendants' pretrial motions. (Johnson, Tanya) (Entered: 01/19/2001) |
| 01/29/2001 | 159 | REPLY by Abraham Salaman in further support of his pretrial motions. [154-1] [154-2] [154-3] [154-4] [154-5] (Johnson, Tanya) (Entered: 01/31/2001) |
| 01/29/2001 | 160 | REPLY AFFIDAVIT by J. Brian Hansbury, Esq., on behalf of defendant Ernest Montevecchi in response to the government's memorandum in opposition to the defendant's pretrial motions. (Johnson, Tanya) (Entered: 01/31/2001) |
| 02/02/2001 | 182 | CALENDAR ENTRY as to Frank Coppa Sr., Ernest Montevecchi in aniel Persico, Jack Basile, Rocco Basile, Larry Berman, John Cioffoletti, John Doukas, Walter Durchalter, Edward Garafola, Daniel Lev, Eugene Lombardo, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray, Abraham Salaman, Giuseppe Temperino. Case called before Senior I. L. Glasser on 2/2/01 for Status Conference. Court Reporter: Holly Driscoll. Counsel for all sides present. Mr. Rosen argues severance motion on behalf of Garabola. Decision reserved. Mr. Rosen's motion to suppress is denied. Mr. Roth argues severance mtoon on behalf of Ray. Decision reserved. Mr. Lichtman argues severance motion on behalf of defendant Lev. Decision reserved. Mr. Rovell's motion is also reserved. Andrew Weinstein argues money laundering motion on behalf of defendant Cioffoletti. Motion is denied. Ms Miranda Fritz argues money laundering motion on behalf of defendant Lev. Motion is denied. Brian Hansbury argues money laundering motion on behalf of defendant Monturecchi. Motion is denied. Mr. Giannini argues money laundering motion. Motion is denied. The court denies Mr Giannini's motion to suppress. Ms. Miranda Fritz argues motion to dismiss Ricco counts as to defendant Lev. Motion is denied. Mr. Hansbury argues motion to dismiss. Motion is denied. Brady material to be turned over upon request. Giglio material to be disclosed in sufficient time as needed by defense. Rocco Basile will be pleading guilty on 2/7/01, before Magistrate/Judge Pollak. Mr. Corngold expect six mor guiltu plea. Set the next conference here 3/15/01 at 10:00. Trial date will be set then. (Johnson, Tanya) (Entered: 03/23/2001) |
| 02/07/2001 | 163 | CALENDAR ENTRY as to Rocco Basile in 1:00-cr-00196. Case called before Magistrate Cheryl L. Pollak on 2/7/01 for Pleading. Defense Counsel: Stephen Scaring. AUSA: Eric Corngold. Tape # 01/03C (480-3027). Defendant pleads Guilty: Rocco Basile (5) count(s) 5 . Set sentencing for 5/23/01 at 10:00 before Senior Judge I. L. Glasser . (Johnson, Tanya) (Entered: 02/14/2001) |
| 02/14/2001 | | CASE reassigned to Judge Raymond J. Dearie from Judge I. Leo Glasser. Parties notified. (Chin, Felix) (Entered: 02/24/2001) |
| 02/15/2001 | 161 | ORDER, that the plea of defendant Rocco Basile is referred to Magistrate Pollak. (Signed by Senior Judge I. L. Glasser on 2/1/01) (Johnson, Tanya) (Entered: 02/15/2001) |
| 02/16/2001 | 162 | LETTER dated 2/12/01 from Paul Schoeman to Judge Glasser and Judge Dearie, the govt has agreed to request the consolidation of sentencing for dft Basile in 98 cr 1129 and 00 cr 196. (Piper, Francine) (Entered: 02/16/2001) |
| 02/22/2001 | 164 | NOTICE of Appearance for Rocco Basile in 1:00-cr-00196 by attorney Stephen P. Scaring. (Johnson, Tanya) (Entered: 02/22/2001) |
| 02/22/2001 | 165 | LETTER dated 1.26.01 from Jean Marie Graziano to Judge Glasser enclosing a courtesy copy of Deft Edward Garafola's Reply Memorandum. W/o attachment. (Barrett, Charryse) (Entered: 02/22/2001) |
| 02/27/2001 | | CASE reassigned to Senior Judge I. L. Glasser from Judge Raymond J. Dearie. This is a correction from the last reassignment. Parties notified. (Chin, Felix) (Entered: 02/27/2001) |
| 02/27/2001 | 166 | LETTER dated 2/21/01 from Joseph DiBlasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel from 2/21/01 to 2/25/01. (Johnson, Tanya) (Entered: 02/27/2001) |
| 02/27/2001 | | ENDORSED ORDER on document #166, granting the application for defendant Alfred Palagonia to travel from 2/21/01 to 2/25/01 on the condition that full travel itinerary be forwarded to pretrial services. (Signed by Senior Judge I. L. Glasser on 2/21/01) (Johnson, Tanya) (Entered: 02/27/2001) |
| 02/28/2001 | 167 | ORDER as to Aleks Paul, granting dft.'s request to adjourn sentencing from 2/28/01 to 3/28/01 at 10:00. (Signed by Senior Judge I. L. Glasser on 2/23/01). Endorsed on letter dated 2/21/01 from Melinda Sarafa to Judge Glasser. (Reddy, Lisa) (Entered: 02/28/2001) |
| 02/28/2001 | 168 | ORDER, that defendant Daniel Lev's bail conditions be modified to permit him to travel from 3/1/01 to 4/6/01. It is further ordered that defendant's passport, presently in the possession of Pretrial Services, be provided to the defendant until he return from this trip. (Signed by Senior Judge I. L. Glasser on 2/27/01) (Johnson, Tanya) (Entered: 03/01/2001) |
| 03/08/2001 | 169 | LETTER dated 2/5/01 from Nicholas G. Kaizer, Esq., to Judge Glasser requesting permission for defendant Frank Coppa to travel from 2/25/01 to 3/13/01 and 4/5/01 to 4/12/01. (Johnson, Tanya) (Entered: 03/08/2001) |
| 03/08/2001 | | ENDORSED ORDER on document #169, granting permission for defendant Frank Coppa Sr to travel from 2/25/01 to 3/13/01 and 4/5/01 to 4/12/01 . (Signed by Senior Judge I. L. Glasser on 2/6/01) (Johnson, Tanya) (Entered: 03/08/2001) |
| 03/08/2001 | 170 | LETTER dated 2/6/01 from Michael Rosen, Esq., to Judge Glasser requesting permission for defendant Edward Garafola to travel through 2/14/01. (Johnson, Tanya) (Entered: 03/08/2001) |
| 03/08/2001 | | ENDORSED ORDER on document #170 granting permission for defendant Edward Garafola to travel through 2/14/01. (Signed by Senior Judge I. L. Glasser on 2/6/01) (Johnson, Tanya) (Entered: 03/08/2001) |
| 03/08/2001 | 171 | LETTER dated 2/8/01 from AUSA Eric Corngold, to Judge Glasser informing the Court of the status of the request for permission from the Solicitor General to file a petition for writ of mandamus. (Johnson, Tanya) (Entered: 03/08/2001) |
| 03/08/2001 | 172 | LETTER dated 2/27/01 from Jeffrey Lichtman, Esq., to Judge Glasser requesting permission for defendant Daniel Lev to miss the conference scheduled for 3/15/01. (Approved by Judge Glasser on 2/27/01, see pg 2 of this doc) (Johnson, Tanya) (Entered: 03/08/2001) |
| 03/09/2001 | 173 | LETTER dated 2/27/01 from Amy E. Millard, Esq., to Judge Glasser requesting permission for defendant Larry Berman to travel to St. Thomas from 3/18/01 to 3/23/01. (Johnson, Tanya) (Entered: 03/09/2001) |
| 03/09/2001 | | ENDORSED ORDER on document #173, granting permission for defendant Larry Berman to travel on 3/18/01 to 3/23/01 . (Signed by Senior Judge I. L. Glasser on 3/2/01) (Johnson, Tanya) (Entered: 03/09/2001) |
| 03/09/2001 | 174 | TRANSCRIPT before Magistrate Pollak of the Pleading filed in case as to Rocco Basile in 1:00-cr-00196 for dates of 2/7/01. Transcript produced by Elizabeth Barron. (Gonzalez, Mary) (Entered: 03/09/2001) |
| 03/14/2001 | 175 | LETTER dated 3/13/01 from James M. LaRossa, Esq., to Judge Glasser informing the Court of defendant John Cioffoletti's changed itinerary for 3/15-3/19/01. (Johnson, Tanya) (Entered: 03/15/2001) |
| 03/15/2001 | 176 | LETTER dated 3/9/01 from James M. LaRossa, Esq., to Judge Glasser requesting that defendant Cioffoletti's bail conditions be extended to permit him to take a business trip. (Johnson, Tanya) (Entered: 03/15/2001) |
| 03/15/2001 | | ENDORSED ORDER on document #176, granting the request to extend the bail conditions of defendant John Cioffoletti to permit him to take a business trip/personal vacation to Florida from 3/15/01 to 3/19/01. (Signed by Senior Judge I. L. Glasser on 3/12/01) (Johnson, Tanya) (Entered: 03/15/2001) |
| 03/15/2001 | 177 | NOTICE of Appearance for Ernest Montevecchi in 1:00-cr-00196 by Attorney Joseph A. Bondy (Johnson, Tanya) (Entered: 03/16/2001) |
| 03/15/2001 | 178 | CALENDAR ENTRY as to Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196. Case called before Senior Judge I. L. Glasser on date of 3/15/01 for Pleading Court Reporter/ESR Paul Lombardi Deft's pres. with counsels. Joseph Bondi has been retained by Montevecchi. Jonathan Sack says six more deft's will plead. Four have already plead. Nine may go to trial. A mandamus petition to be submitted to the Appellate Court. Severance motions remain undecided, and a decision will be put off, in anticipation of more pleas. Jury selection and trial set for 10/22/01. Criminal Pre Trial Order signed. Order of excludabel delay signed under code "T" (Jackson, Ramona) (Entered: 03/21/2001) |
| 03/21/2001 | 179 | NOTICE of Appearance for Ernest Montevecchi in 1:00-cr-00196 by Attorney Joseph A. Bondy (Jackson, Ramona) (Entered: 03/21/2001) |
| 03/21/2001 | 181 | Certificate of Engagement and Criminal Pre Trial ORDER as to Ernest Montevecchi et al in 1:00-cr-00196 ( Signed by Senior Judge I. L. Glasser , on 3/15/01) (Jackson, Ramona) (Entered: ) |
| 03/26/2001 | 183 | ORDER as to Alfred Palagonia in 1:00-cr-00196 On condition that itinerary furnished to pre trial services including address & phone of place where def. will be staying this request is Granted. |

| Date | No. | Entry |
|---|---|---|
| | | (Jackson, Ramona) (Entered: 03/26/2001) |
| 03/26/2001 | 184 | TRANSCRIPT filed in case as to Jack Basile in 1:00-cr-00196 for Arraignment before Mag Go dates of 3/15/01 ; Court Reporter/ESR: Courthouse Transcription Service (Jackson, Ramona) (Entered: 03/26/2001) |
| 03/26/2001 | 185 | LETTER dated 3/21/01 from Thomas G. Roth, Esq., to Judge Glasser regarding trial presently scheduled for 10/22/01. (Johnson, Tanya) (Entered: 03/27/2001) |
| 03/28/2001 | 186 | LETTER dated 3/27/01 from Jean Marie Graziano, Esq., to Judge Glasser requesting permission for defendant Edward Garafola to travel on 4/1/01 and return on 4/4/01. (Johnson, Tanya) (Entered: 03/28/2001) |
| 03/28/2001 | | ENDORSED ORDER on document #186, granting permission for defendant Edward Garafola to travel on 4/1/01 and return on 4/4/01 . (Signed by Senior Judge I. L. Glasser, on 3/27/01) (Johnson, Tanya) (Entered: 03/28/2001) |
| 03/30/2001 | | LETTER dated 3/22/01 from Melinda Sarafa to Judge Glasser on behalf of Aleks Paul to confirm the sentencing has been adjourned until 5/22/01 at 10:00. *Also applies to 00cr196 and 00cr445. *This is document #89 in 99cr372. (Guzzi, Roseann) (Entered: 03/30/2001) |
| 04/11/2001 | 188 | CALENDAR ENTRY as to Eugene Lombardo. Case called before Senior Judge I. L. Glasser on 4/11/01 for Motion Hearing. Court Reporter: Fred Guerino. Application of Richard Brewster to be relieved as counsel for defendant Eugene Lombardo is granted and Lawrence K. Feitell, Esq is appointed . (Johnson, Tanya) (Entered: 04/24/2001) |
| 04/11/2001 | 189 | CJA 20 as to Eugene Lombardo: Appointment of Attorney Lawrence Feitell. (Signed by Senior Judge I. L. Glasser on 4/11/01) (Johnson, Tanya) (Entered: 04/24/2001) |
| 04/20/2001 | 187 | LETTER dated 4/3/01 from Richard Brewster, Esq., to Judge Glasser requesting to be relieved as counsel for defendant Eugene Lombardo. (Johnson, Tanya) (Entered: 04/24/2001) |
| 05/17/2001 | 190 | USCA Order certified on 5/8/01 it is Ordered that the stay is Granted until further order of this Court. It is further ordered the respondents shall file a brief on or before May 17,2001. Judge notified. Ackn mailed. USCA # 01-3031. (Gonzalez, Mary) (Entered: 05/17/2001) |
| 05/22/2001 | 191 | LETTER dated 5/18/01 from Jeffrey Lichtman, Esq., to Judge Glasser requesting to modify defendant Daniel Lev's bail conditions to permit him to travel for business from 5/27/01 to 6/24/01. (Johnson, Tanya) (Entered: 05/25/2001) |
| 05/22/2001 | | ENDORSED ORDER on pg #2, document #191, granting the request to modify defendant Daniel Lev's bail conditions to allow him to travel from 5/27/01 until 6/24/01. (Signed by Senior Judge I. L. Glasser , on 5/21/01) (Johnson, Tanya) (Entered: 05/25/2001) |
| 05/22/2001 | 192 | LETTER dated 5/22/01 from Michael F. Bachner, Esq., to Judge Glasser requesting permission for defendant Walter Durchalter to travel to Philadelphia, PA on 5/23/01 and return on 5/24/01. (Johnson, Tanya) (Entered: 05/25/2001) |
| 05/22/2001 | | ENDORSED ORDER on doc #192, granting the request for permission for defendant Walter Durchalter to travel to Philadelphia, PA on 5/23/01 and return on 5/24/01. (Signed by Senior Judge I. L. Glasser, undated) (Johnson, Tanya) (Entered: 05/25/2001) |
| 05/29/2001 | 193 | LETTER dated 5/24/01 from Jeffrey Lichtman to Judge Glasser, enclosing subpoenas to review. (DiLorenzo, Krista) (Entered: 05/29/2001) |

| Date | No. | Entry |
|---|---|---|
| | | to be so ordered. (No attachments). (DiLorenzo, Krista) (Entered: 06/01/2001) |
| 06/01/2001 | | LETTER dated 5/29/01 from Melinda Sarafa to Judge Glasser on behalf of Aleks Paulto inform the Court that defendant will be traveling to Las Vegas, Nevada from 5/31/01 to 6/5/01. This letter also applies to case # 00cr196 and 00cr445. *This is document #n99cr372 (Guzzi, Roseann) (Entered: 06/01/2001) |
| 06/04/2001 | 195 | ORDER Directing Forfeiture of Property as to Alfred Palagonia in 1:00-cr-00196. Certified copies sent to AUSA. (Signed by Senior Judge I. L. Glasser on 6/4/01) (Rodriguez,Angela) (Entered: 06/05/2001) |
| 06/04/2001 | 196 | STIPULATION AND ORDER as to Alfred Palagonia designating certain funds into escrow accounts as provided herein. (Signed by Senior Judge I. L. Glasser on 6/4/01) (Rodriguez,Angela) (Entered: 06/05/2001) |
| 06/04/2001 | 198 | CALENDAR ENTRY as to Alfred Palagonia. Case called before Senior Judge I. L. Glasser on 6/4/01 for Pleading. Defense Counsel: Joseph DiBlasi. AUSA: Eric Corngold and David Goldberg. Court Reporter: Holly Driscoll. Defendnat pleads Guilty: Alfred Palagonia (14) count(s) 9 and 11 . Sentencing for defendant Alfred Palagonia is set for 9/13/01 at 10:00 before Senior Judge I. L. Glasser . AUSA will move to dismiss open counts at the time of sentencing. Stipulation presented in open court, providing that $404,000.00 be held in escrow account. (Johnson, Tanya) (Entered: 06/11/2001) |
| 06/04/2001 | | LETTER dated 6/4/01 from Melinda Sarafa to Judge Glasser requesting the Court endorse Mr. Paul's request for release of the $100,000 cash bail on deposit in the Southern District. *This is document #91 in 99cr372 (Guzzi, Roseann) (Entered: 06/12/2001) |
| 06/05/2001 | 197 | LETTER dated 5/31/01 from Amy E. Millard, Esq., to Judge Glasser requesting permission for defendant Larry Berman to travel to Las Vegas from 7/2/01 - 7/6/01. (Johnson, Tanya) (Entered: 06/08/2001) |
| 06/05/2001 | | ENDORSED ORDER on document #197, granting permission for defendant Larry Berman to travel to Las Vegas from 7/2/01 to 7/6/01 . (Signed by Senior Judge I. L. Glasser on 6/4/01) (Johnson, Tanya) (Entered: 06/08/2001) |
| 06/06/2001 | 199 | ORDER, endorsed on the 6/6/01 letter from Mr. DiBlasi, so ordering Mr. DiBlasi's request for permission for his client Alfred Palagonia to travel to Puerto Rico beginning 6/11/01 through 6/16/01. ( Signed by Senior Judge I. L. Glasser , on 6/6/01.) (Vaughn, Terry) (Entered: 06/11/2001) |
| 06/07/2001 | 201 | ORDER that the restraining order on Security Capital account #69010933 in the name of defendant Alfred Palagonia shall be removed and the assets in said account released to Mr. Palagonia immediately upon the execution of this order. (Signed by Senior Judge I. L. Glasser on 6/5/01) (Johnson, Tanya) (Entered: 06/13/2001) |
| 06/07/2001 | 202 | LETTER dated 6/1/01 from Joseph Diannini, Esq., to Judge Glasser requesting to modify the conditions of supervised release as to defendant Daniel Persico to allow the defendant to travel to Ft. Lauderdale, Florida on 6/15/01 to 6/25/01. (Johnson, Tanya) (Entered: 06/14/2001) |
| 06/07/2001 | | ENDORSED ORDER on document #202, granting the request to modify the conditions of supervised release as to defendant Daniel Persico to allow the defendant to travel to Ft. Lauderdale, Florida on 6/15/01 to 6/25/01. (Signed by Senior Judge I. L. Glasser on 6/6/01) (Johnson, Tanya) (Entered: 06/14/2001) |

| Date | No. | Entry |
|---|---|---|
| 06/08/2001 | 200 | CALENDAR ENTRY as to John Doukas. Case called before Senior Judge I. L. Glasser on 6/8/01 for Pleading. Defense Counsel: Edward McDonald. AUSA: Eric Corngold. Court Reporter: Holly Driscoll. Defendant pleads Guilty: John Doukas (8) count(s) 9, 16 . Set sentencing for 11/20/01 at 10:00 before Senior Judge I. L. Glasser . Transcript of proceedings is sealed. (Johnson, Tanya) (Entered: 06/13/2001) |
| 06/20/2001 | 203 | LETTER dated 6.20.01 from Jeffrey Lichtman, Esq., to Judge Glasser requesting permission o/b/o Daniel Lev to extend his recent trip to Moscow, until 7.10.01, for business purposes.(Barrett, Charryse) Modified on 06/29/2001 (Entered: 06/26/2001) |
| 06/21/2001 | 205 | LETTER dated 06/21/01 from Eric Corngold, AUSA, to Hon. I. Leo Glaser, with information attached. (Chee, Alvin) (Entered: 06/28/2001) |
| 06/22/2001 | 207 | CALENDAR ENTRY as to Edmond Nagel in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 06/22/01 for pleading. Defendant, on bail, present with counsel Michael Rovell. AUSA Eric Corngold present as well. Court Reporter: Marsha Diamond. Defendant's first appearance. Informed of rights. Waiver of indictment executed for defendant Nagel. Defendant withdraws not guilty plea and enters guilty plea to ct. #11 of the indictment and a superseding information in CR 01-705. Bail continued for defendant. Case adjourned to 11-14-01 for sentencing at 10 am. Guilty: Edmond Nagel (13) count(s) 11 . (Chee, Alvin) (Entered: 07/03/2001) |
| 06/25/2001 | 204 | LETTER dated 6/22/01 from Melinda Sarafa to Judge Glasse confirming the adjournment of the sentencing from 6/29/0 to 7/12/01 at 10:30. (DiLorenzo, Krista) (Entered: 06/27/2001) |
| 06/25/2001 | 206 | ORDER as to Aleks Paul granting dft's request to adjourn sentencing from 6/29/01 to 7/12/01 at 10:30. (Signed by Senior Judge I. L. Glasser on 6/25/01). See letter dated 6/22/01 from Melinda Sarafa to Judge Glasser. (DiLorenzo, Krista) (Entered: 06/27/2001) |
| 06/26/2001 | | ENDORSED ORDER, on document # 203, as to Daniel Lev in 1:00-cr-00196, GRANTING the request to extend his recent trip to Moscow until 7.10.01. (So Ordered: Senior Judge I. L. Glasser, on 6.21.01). C/F (Barrett, Charryse) (Entered: 06/26/2001) |
| 06/28/2001 | 208 | ORDER as to Frank Coppa Sr. in 1:00-cr-00196: Request for enlargement of defendants' conditions of pretrial release to permit travel to Florida in August for family wedding granted. See letter dated June 26, 2001 from Nicholas Kaizer to Hon. I. Leo Glasser . ( Signed by Senior Judge I. L. Glasser , on 06/26/01). (Chee, Alvin) (Entered: 07/03/2001) |
| 07/05/2001 | 209 | CERTIFICATE OF SERVICE as to Alfred Palagonia notice service of a consent order of forfeiture. [195-1] (Johnson, Tanya) (Entered: 07/11/2001) |
| 07/10/2001 | 210 | CALENDAR ENTRY as to Abraham Salaman. Case called before Senior Judge I. L. Glasser on 7/10/01 for Status Conference. Defense Counsel: A. John Pappalardo. AUSA: Jonathan Sack for Eric Corngold. Court Reporter: Diana Periera. Defendant Salaman has been charged in two cases: 00cr930 and 01cr196. The Berkun case is set for trial on 10/1/01. The Coppa case is set for trial on 1/22/02. Counsel discuss evidence in both cases. There are six boxes of documents in the Berkun case. Mr Pappalardo states that this will be very difficult to be on trial on the Berkun case and prepare for the Coppa trial. AUSA Jonathan Sack states that the Government will turn over Giglio, Brady and Argus material before the Coppa Case. Mr. Sack suggests empaneling a jury on 00cr196 and starting one week later, to give Mr. Pappalardo time to go over 3500 material. Counsel will reform the Court. (Johnson, Tanya) (Entered: 07/16/2001) |
| 07/11/2001 | 213 | LETTER dated 7/10/01 from Joseph R. Benfante, Esq., to Judge Glasser requesting permission for defendant Joseph Temperino to travel from 7/16/01 to 7/23/01. (Johnson, Tanya) Modified on 07/19/2001 (Entered: 07/19/2001) |

| Date | No. | Entry |
|---|---|---|
| 07/11/2001 | | ENDORSED ORDER on pg #2 of document #213, granting permission for defendant Giuseppe Temperino to travel from 7/16/01 to 7/23/01. (Signed by Senior Judge I. L. Glasser , on 7/10/01) (Johnson, Tanya) Modified on 07/19/2001 (Entered: 07/19/2001) |
| 07/16/2001 | | LETTER sent to docketing dated 7/12/01 from Melinda Sarafa, Esq. to Judge Glasser confirming that sentencing of Deft. is adjourned to 7/25/01 at 11:00. (Permaul, Jenny) (Entered: 07/17/2001) |
| 07/19/2001 | 212 | LETTER dated 7/11/01 from Jeffrey Lichtman to Judge Glasser additional subpoenas. (Jackson, Ramona) (Entered: 07/19/2001) |
| 07/23/2001 | | ORDER as to Aleks Paul, adjourning dft's sentencing to 7/31/01 at 10:30. ( Signed by Senior Judge I. L. Glasser , on 7/23/01). Endorsed on letter dated 7/20/01 from Melinda Sarafa to Judge Glasser. See doc #95 in case 99-cr-372. (Sica, Michele) (Entered: 07/24/2001) |
| 07/25/2001 | 214 | ORDER as to Alfred Palagonia in 1:00-cr-00196 that all restraints previously imposed by this Court upon the Vista Account are hereby lifted solely to the extent necessary to effectuate payment of $400,000.00 into an escrow account to be maintained by Joseph DiBlasi, Esq., as set forth herein. (Signed by Senior Judge I. L. Glasser , on 7/20/01). (Sica, Michele) (Entered: 07/25/2001) |
| 07/27/2001 | 215 | TRANSCRIPT of Plea before Judge Glasser filed in case as to Edmond Nagel in 1:00-cr-00196 for dates of 6/22/01 ; Court Reporter: M. Diamond (Jean ) (Entered: 07/27/2001) |
| 07/31/2001 | 216 | LETTER dated 7/20/01 from Counsel Melinda Sarafa to Judge Glasser confirming conversation with Louise Schillat that Mr. Paul's sentencing has been adjourned to 7/31/01 at 10:30 a.m. (Drayton, Lorraine) (Entered: 07/31/2001) |
| 08/02/2001 | 219 | CALENDAR ENTRY as to Walter Durchalter in 1:00-cr-00196; Case called before Magistrate A. S. Chrein on 8/2/01 for pleading. AUSA Jonathan Sack and dft present with counsel Michael Bachner. Tape # 01/52(469-3027). Dft consented to plead before Mag. Judge. Bail Modification granted to extend dft's travel to Pennsylvania . Dft pleads Guilty: Walter Durchalter (9) count(s) 4, 6, 7 . Transcript of plea proceedings ordered sealed except 1 copy to be given to Judge Glasser and 1 copy each to be given to counsel. Sentencing set for 12/11/01 at 10:00. (Sica, Michele) (Entered: 08/03/2001) |
| 08/02/2001 | | Attorney update in case as to Walter Durchalter. Attorney Michael F. Bachner for Walter Durchalter added. (Sica, Michele) (Entered: 06/29/2004) |
| 08/03/2001 | 217 | NOTICE of Appearance for Walter Durchalter in 1:00-cr-00196 by Attorney Michael F. Bachner (Sica, Michele) (Entered: 08/03/2001) |
| 08/03/2001 | 218 | ORDER as to Walter Durchalter in 1:00-cr-00196 referring the guilty plea to Mag. Chrein. ( Signed by Senior Judge I. L. Glasser , on 8/1/01). (Sica, Michele) (Entered: 08/03/2001) |
| 08/23/2001 | 220 | LETTER dated 8/17/01 from AUSA Jonathan Sack to Judge Glasser confirming that the sentencing for dft Aleks Paul has been adjourned to 9/17/01 at 10:30. (Sica, Michele) (Entered: 08/24/2001) |
| 09/05/2001 | 221 | ORDER as to Aleks Paul in 1:00-cr-00196 that the sentencing for dft has been adjourned to 9/17/01 at 10:30. ( Signed by Senior Judge I. L. Glasser , on 8/31/01). Endorsed on letter dated 8/17/01 from AUSA Jonathan Sack to Judge Glasser. (Sica, Michele) (Entered: 09/07/2001) |
| 09/10/2001 | 222 | LETTER dated 9/10/01 as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 9/10/01 for status conf. AUSA Eric Corngold and dft present with counsel Thomas Roth. Dft Ray wants another lawyer. Mr. Roth is relieved. Dft Ray to get another lawyer ASAP.Court Reporter/ESR Holly Driscoll. (Sica, Michele) (Entered: 09/14/2001) |

| Date | No. | Description |
|---|---|---|
| 09/17/2001 | | ...ER... ...ed before Senior Judge... Michele) (Entered: 09/17/2001) |
| 09/17/2001 | 224 | CALENDAR ENTRY as to Aleks Paul ; Case called before Senior Judge I. L. Glasser on 9/17/01 for sentencing. AUSA Jonathan Sack and dft present with counsel Benjamin Brafman. Court Reporter/ESR Fred Guerino. Dft sentenced to imprisonment for 63 mos. to run concurrent on all counts, plus 3 years of supervised release. Open counts dismissed on government's motion. Special assessment $250. (Sica, Michele) (Entered: 09/24/2001) |
| 09/21/2001 | 226 | SUPERSEDING INFORMATION as to Daniel Lev (1) count(s) 1s (Sica, Michele) (Entered: 09/25/2001) |
| 09/21/2001 | 227 | CALENDAR ENTRY as to Daniel Lev in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 9/21/01 for pleading. AUSA Eric Corngold/Jonathan Sack and dft present with counsel Jeffrey Lichtman. Court Reporter/ESR Mike Picozzi. Dft withdraws not guilty plea and pleads Guilty: Daniel Lev (11) count(s) 1s . Case adjourned to 1/10/02 at 10:00 for sentencing. AUSA will move to dismiss underlying indictment at sentencing. (Sica, Michele) (Entered: 09/25/2001) |
| 09/21/2001 | 228 | CALENDAR ENTRY as to Larry Berman in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 9/21/01 for pleading. AUSA Eric Corngold/Jonathan Sack and dft present with counsel Amy Millard. Court Reporter/ESR Mike Picozzi. Dft withdraws not guilty plea and pleads Guilty: Larry Berman (6) count(s) 1 . Case adjourned to 1/17/02 at 10:00 for sentencing. AUSA will move to dismiss open counts. Consent order of forfeiture signed. (Sica, Michele) (Entered: 09/25/2001) |
| 09/21/2001 | 229 | ORDER Directing Forfeiture of Property as to Larry Berman in 1:00-cr-00196 . ( Signed by Senior Judge I. L. Glasser , dated: 9/21/01) (Sica, Michele) (Entered: 09/25/2001) |
| 09/24/2001 | | Sentencing held Aleks Paul (15) count(s) 11 (Sica, Michele) (Entered: 09/24/2001) |
| 09/24/2001 | 225 | JUDGMENT Aleks Paul (15) count(s) 11. Dft pled guilty to count #5 in CR 99-372, count #11 in CR 00-196, and count #2 in CR 00-445. Special assessment $250. Dft is to be imprisoned for 63 mos. to run concurrent on all counts. Dft shall surrender to Bureau of Prisons before 2:00 pm on 10/30/01. Upon release from prison, dft shall be on supervised release for 3 years. ( Signed by Senior Judge I. L. Glasser , on 9/17/01) (Sica, Michele) (Entered: 09/24/2001) |
| 09/24/2001 | | DISMISSAL of Count(s) on Government Motion as to Aleks Paul in 1:00-cr-00196 party Aleks Paul in 1:00-cr-00196 Counts Dismissed: Aleks Paul (15) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12 (Sica, Michele) (Entered: 09/24/2001) |
| 09/24/2001 | 230 | CALENDAR ENTRY as to Frank Coppa Sr. in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 9/24/01 for pleading. AUSA Eric Corngold/Jonathan Sack and dft present with counsel Larry Bronson. Court Reporter/ESR Paul Lombardi. Dft withdraws not guilty plea and pleads Guilty: Frank Coppa () count(s) 15 . Sentencing set for 1/16/02 at 10:00. AUSA will move to dismiss open counts. (Sica, Michele) (Entered: 09/25/2001) |
| 09/25/2001 | 231 | MOTION by USA in 1:00-cr-00196 as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Alfred Salaman in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 for an adjournment in the case and an exclusion of time under the speedy trial act . (Sica, Michele) (Entered: 09/26/2001) |
| 09/...2001 | | MEMORANDUM... ...MONTEVECCHI... in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 in support of [231-1] motion for an adjournment in the case and an exclusion of time under the speedy trial act. (Sica, Michele) (Entered: 09/26/2001) |
| 09/25/2001 | 233 | AFFIDAVIT of David Pitofsky as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 in support Re: [231-1] motion for an adjournment in the case and an exclusion of time under the speedy trial act. (Sica, Michele) (Entered: 09/26/2001) |
| 09/25/2001 | 234 | ORDER of Excludable Delay from 10/29/01 to 12/3/01 as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 ( Signed by Senior Judge I. L. Glasser , Dated 9/25/01) (Sica, Michele) (Entered: 09/26/2001) |
| 09/28/2001 | 238 | CALENDAR ENTRY as to Eugene Lombardo in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 9/28/01 for pleading. AUSA Eric Corngold/David Pitofsky and dft present with counsel Lawrence Feitell. Court Reporter/ESR Pual Lombardi. Dft withdraws not guilty plea and pleads Guilty: Eugene Lombardo (12) count(s) 2 . Sentencing set for 1/23/02 at 10:00. AUSA will move to dismiss all open counts. (Sica, Michele) (Entered: 10/02/2001) |
| 10/01/2001 | | LETTER dated 10/1/01 from David Smith, Esq. to Hon. Raymond Dearie requesting a modification of defendant's bail conditions to allow Mr. Basile to travel to Boston on 10/6/01 to 10/8/01. (This is document #1224 in case 98-cr-1129). (Chee, Alvin) Modified on 10/01/2001 (Entered: 10/01/2001) |
| 10/01/2001 | | ENDORSED ORDER as to Rocco Basile in 1:00-cr-00196: So ordered. Defendant's bail modified to allow defendant to travel to Boston on 10/6/01 to 10/8/01. Endorsed on doc. #1224 in 98-cr-1129. C/M by chambers. ( Signed by Judge Raymond J. Dearie , on 10/1/01) (Chee, Alvin) (Entered: 10/01/2001) |
| 10/01/2001 | 240 | CALENDAR ENTRY as to Giuseppe Temperino in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 10/01/01 for pleading. AUSA Eric Corngold and dft present with counsel Joseph Benfante. Court Reporter/ESR Mike Picozzi. Dft withdraws not guilty plea and pleads Guilty: Giuseppe Temperino (19) count(s) 6 . Sentencing set for 12/12/01 at 10:00. Government makes application to dismiss pending counts at time of sentencing; granted. (Sica, Michele) (Entered: 10/03/2001) |
| 10/02/2001 | 235 | LETTER dated 8/14/01 from AUSA David Goldberg to Amy Millard, Esq. confirming the agreement that the Government will file a Release of Notice of Pendency. (Sica, Michele) (Entered: 10/02/2001) |
| 10/02/2001 | 236 | MOTION by John Cioffoletti in 1:00-cr-00196 for orders as specified . (Sica, Michele) (Entered: 10/02/2001) |
| 10/02/2001 | 237 | MEMORANDUM by John Cioffoletti in 1:00-cr-00196 in support of [236-1] motion for orders as specified (Sica, Michele) (Entered: 10/02/2001) |
| 10/02/2001 | 239 | LETTER dated 9/25/01 from Joseph Bondy, Esq. to David Pitofsky that pursuant to their conversation the dft will not be entering a guilty plea on 9/28/01, and requesting that all outstanding and still withheld Brady and Giglio materials be produced. (Sica, Michele) (Entered: 10/02/2001) |
| 10/02/2001 | 245 | CALENDAR ENTRY as to Rocco Basile in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 10/02/01 for bail hearing. AUSA Jonathan Sack and dft present with counsel. Court Reporter/ESR Gene Rudolph. Bail hearing continued to 10/09/01 at 11:00. Government makes application to revoke bail, surety Rima Shargel wants to be released from bond. Government is directed to provide an order to exonerate surety Rima Shargel and release her property that was previously posted to secure Mr. Paul's release on bail. Dft remanded. Defense counsel has substitute surety. Court directs defense counsel to give the government a list of the sureties so the government can check them out. (Sica, Michele) (Entered: 10/05/2001) |
| 10/02/2001 | 246 | CALENDAR ENTRY as to John Cioffoletti in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 10/02/01 for pleading. AUSA David Pitofsky/Jonathan Sack and dft present with counsel. Court Reporter/ESR Gene Rudolph. Dft withdraws not guilty plea and pleads Guilty: John Cioffoletti (7) count(s) 3, 4, 5, 6, 9, 10, 15, 16 . Sentencing set for 12/14/01 at 11:00. (Sica, Michele) (Entered: 10/09/2001) |
| 10/04/2001 | 241 | ORDER Directing Forfeiture of Property as to John Cioffoletti; dft shall forfeit a total of $110,000.00 to the US as property involved in the alleged securities fraud conspiracy. (Signed by Senior Judge I. L. Glasser, 10/02/01). 4 certified copies sent to AUSA David Goldberg. (Sica, Michele) (Entered: 10/04/2001) |
| 10/04/2001 | 242 | ORDER as to Aleks Paul in 1:00-cr-00196 granting request to release the $150,000.00 bond to Rima Shargel. (Signed by Senior Judge I. L. Glasser , on 10/01/01). Endorsed on letter dated 9/28/01 from Melinda Sarafa to Judge Glasser. (Sica, Michele) Modified on 10/04/2001 (Entered: 10/04/2001) |
| 10/04/2001 | 243 | ORDER as to Aleks Paul that pursuant to Rule 46(f), Rima Shargel, a surety on bail bonds previously securing the release of dft Paul, be exonerated with respect to such bonds and that all property posted as security by Rima Shargel in connection with such bonds be released. ( Signed by Senior Judge I. L. Glasser , on 10/3/01) (Sica, Michele) (Entered: 10/04/2001) |
| 10/04/2001 | 244 | ORDER as to dft John Cioffoletti in 1:00-cr-00196 and Mary Cioffoletti, that the Clerk of the Court for the EDNY shall, within 10 business days, issue a check in the amount of $110,000.00 from the funds on deposit in the EDNY Escrow Account, payable to the "United States Marshals Service", in full and complete payment of the Consent Order of Forfeiture, pursuant to the details of this order, and that such side shall bear its own costs and attorney's fees. (Signed by Senior Judge I. L. Glasser , on 10/02/01) (Sica, Michele) (Entered: 10/04/2001) |
| 10/04/2001 | 249 | CALENDAR ENTRY as to Abraham Salaman in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 10/4/01 for pleading. Court Reporter/ESR Mickey Brymer. AUSA Eric Corngold/David Pitofsky and dft present with counsel. Dft withdraws not guilty plea and pleads |
| | | Guilty: Abraham Salaman (18) count(s) 3 . Sentencing set for 12/17/01 at 10:30. (Sica, Michele) (Entered: 10/11/2001) |
| 10/10/2001 | 247 | ORDER Directing Forfeiture of Property as to Abraham Salaman in 1:00-cr-00196 that dft shall forfeit $50,000.00 to the US as property involved in the alleged securities fraud in count 3 of the indictment. (Signed by Senior Judge I. L. Glasser , dated: 10/04/01). 4 certified copies sent to AUSA David Goldberg. (Sica, Michele) (Entered: 10/10/2001) |
| 10/10/2001 | 248 | ORDER as to Daniel Lev in 1:00-cr-00196, Modifying Conditions of Release to allow dft to travel to Russia from 10/14/01 to 10/28/01 . ( Signed by Senior Judge I. L. Glasser , on 10/9/01). Endorsed on letter 10/9/01 from Jeffrey Lichtman, Esq. to Judge Glasser. (Sica, Michele) (Entered: 10/10/2001) |
| 10/12/2001 | 250 | TRANSCRIPT of status conf. filed in case as to Aleks Paul in 1:00-cr-00196 for dates of 10/2/01; AUSA Jonathan Sack and dft present with counsel Melinda Serafa. Court Reporter/ESR: Gene Rudolph. (Sica, Michele) (Entered: 10/12/2001) |
| 10/15/2001 | 251 | LETTER dated 10/9/01 from Linda Fowle, USPO to Judge Glasser advising that the presentence investigation will be delayed. (Sica, Michele) (Entered: 10/15/2001) |
| 10/15/2001 | 253 | MANDATE OF USCA (certified copy) as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Alfred Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 Re: granting writ & remanded . The Government's petition for a writ of mandamus is granted, and the cause is Remanded for further proceedings in accordance with the opinion of this Court.(See opinion for further details) . Issued as mandate on 10/10/01. Judge notified. Ackn mailed. USCA # 01-3031. (Gonzalez, Mary) (Entered: 10/18/2001) |
| 10/15/2001 | 254 | CALENDAR ENTRY as to Ernest Montevecchi in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 10/15/01 for pleading. AUSA Jonathan Sack and dft present with counsel Joseph Bondy. Court Reporter/ESR Diana Pereira. Dft withdraws not guilty plea and pleads Guilty: Ernest Montevecchi (2) count(s) 2 . Sentencing set for 1/30/02 at 10:00. AUSA will move to dismiss open counts. (Sica, Michele) (Entered: 10/22/2001) |
| 10/18/2001 | 255 | LETTER dated 10/15/01 from USPO Carol Pizarro to Judge Glasser advising that the presentence investigation as to dft Lombardo has been delayed. (Sica, Michele) (Entered: 10/18/2001) |
| 10/18/2001 | 256 | CALENDAR ENTRY as to Jack Basile in 1:00-cr-00196 and in 1:99-cr-589; Case called before Judge Nina Gershon on date of 10/18/01 for sentencing. AUSA Jonathan Sack. John Jacobs for the defendant. Court Reporter/Ronald Tolkin. USPO Mark Gjelaj. Defendant is sentenced to 37 months on each indictment to run concurrent Count 2s in 99cr589 and Count 5 in 00cr196; 3 years supervised release on each Count to run concurrent. $150.00 special assessment fee. Restitution in the amount of 1.2 Million in 99cr589 and Restitution in the amount of $990,000 Restitution in 00cr196. Elizabeth Macedonia files notice of appearance and substitutes out John Jacobs as counsel. Voluntary surrender dated 1/2/02. Remaining Counts dismissed. (Guzzi, Roseann) (Entered: 10/26/2001) |
| 10/18/2001 | | Sentencing held as to Jack Basile (4) count(s) 5. (Guzzi, Roseann) (Entered: 10/26/2001) |

| 10/18/2001 | | DISMISSAL as to John Cilfolletti in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 10/18/01 Giuseppe Temperino. Dismissed: Jack Basile 4 count(s) 2, 6, 7, 8. (Guzzi, Roseann) (Entered: 10/26/2001) |
| --- | --- | --- |
| 10/25/2001 | 255 | LETTER dated 10/17/01 from USPO Linda Fowle to Judge Glasser advising that the there has been a delay in the presentence investigation. (Sica, Michele) (Entered: 10/25/2001) |
| 10/26/2001 | 257 | JUDGMENT dated 10/18/01 as to Jack Basile (4) count(s) 5. Defendant is sentenced to Count 5 and receives 37 months imprisonment followed by 3 years supervised release and $150.00 special assessment Restitution in the amount $990,000.00. this sentence to run concurrent with sentence imposed in 99cr589. Remaining Counts dismissed. Defendant to receive alcohol treatment. Defendant must surrender at 12:00 on 1/2/02 if there has been no institution designated by the bureau of prisons at such times. Special Conditions: compliance with the restitution order and the defendant is ordered to make payments of retitution at $500 per month on each indictment beginning 90 days after release from custody. The defendant is to provide full financial disclosure to the Probation Department. Defendant is directed not to obtain employment in the securities industries. Defendant is to receive alcohol abuse treatment and mental health treatment. ( Signed by Judge Nina Gershon, on 10/18/01) party Jack Basile in 1:00-cr-00196 terminated. c/m (Guzzi, Roseann) (Entered: 10/26/2001) |
| 10/26/2001 | 258 | LETTER dated 10/23/01 from USPO Carol Pizarro to Judge Glasser advising that there has been a delay in the presentence investigation as to dft Frank Coppa Sr. (Sica, Michele) (Entered: 10/26/2001) |
| 11/02/2001 | 263 | CALENDAR ENTRY as to Edward Garafola in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 11/2/01 for pleading. AUSA David Pitofsky and dft present with counsel Michael Rosen. Court Reporter/ESR Tony Mancuso. Dft withdraws not guilty plea and pleads Guilty: Edward Garafola (10) count(s) 19 . Sentencing set for 2/4/02 at 10:00. (Sica, Michele) (Entered: 11/06/2001) |
| 11/06/2001 | 259 | MOTION by Edward Garafola in 1:00-cr-00196 for severance and a separate trial on counts 19 and 20, and granting a hearing and thereafter suppressing and precluding a tape recording of dft made by the FBI on 3/25/99 (Sica, Michele) (Entered: 11/06/2001) |
| 11/06/2001 | 260 | MEMORANDUM by Edward Garafola in 1:00-cr-00196 in support of [259-1] motion for severance and a separate trial on counts 19 and 20, and granting a hearing and thereafter suppressing and precluding a tape recording of dft made by the FBI on 3/25/99 (Sica, Michele) (Entered: 11/06/2001) |
| 11/06/2001 | 261 | MEMORANDUM by USA in 1:00-cr-00196 as to Edward Garafola in 1:00-cr-00196 in opposition to [259-1] motion for severance and a separate trial on counts 19 and 20, and granting a hearing and thereafter suppressing and precluding a tape recording of dft made by the FBI on 3/25/99 (Sica, Michele) (Entered: 11/06/2001) |
| 11/06/2001 | 262 | Reply MEMORANDUM by Edward Garafola in 1:00-cr-00196 in further support of [259-1] motion for severance and a separate trial on counts 19 and 20, and granting a hearing and thereafter and precluding a tape recording of dft made by the FBI on 3/25/99 (Sica, Michele) (Entered: 11/06/2001) |
| 11/06/2001 | | ENDORSED ORDER as to Edward Garafola in 1:00-cr-00196 [259-1] motion for severance and a separate trial on counts 19 and 20, and granting a hearing and thereafter and precluding a tape recording of dft made by the FBI on 3/25/99 as to Edward Garafola (10). Dft pleaded. Motion is withdrawn. ( Signed by Senior Judge I. L. Glasser , on 11/2/01). Endorsed on motion, document #259. (Sica, Michele) (Entered: 11/06/2001) |
| 11/07/2001 | 265 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 11/7/01 for status conf. AUSA Eric Corngold/David Pitofsky and dft present |

| | | with counsel George Goltzer/Marvin Kornberg/Susan Kellman. Dft has no lawyer to date but has not yet been retained. If he takes the case, he will need another trial date. Next conf 11/16/01 at 10:00. Trial currently set for 12/3/01. (Sica, Michele) (Entered: 11/09/2001) |
| --- | --- | --- |
| 11/08/2001 | 264 | AMENDED JUDGMENT: Jack Basile (4) count(s) 5. Defendant is sentenced to Count 5 and receives 37 months concurrent on each indictment with 99cr589; 3 years supervised release concurrent on each count with 99cr589; special assessment fee $150.00; restitution $990,000.00. Defendant to receive alcohol treatment. Defendant shall surrender to the U.S. Marshal at 12:00pm on or before 1/2/02. Special condition: compliance with the restitution order and the defendant is ordered to make payments of restitution at $500 per month on each indictment beginning 90 days after release from custody. The defendant is to provide full financial disclosure to the probation department. The defendant is directed not to obtain employment in the securities industries. Defendant is to recive alcohol abuse treatment and mental health treatment. ( Signed by Judge Nina Gershon, on 10/18/01) (Guzzi, Roseann) (Entered: 11/08/2001) |
| 11/09/2001 | 266 | LETTER dated 11/1/01 from AUSA Eric Corngold to Lawrence Ray advising that Judge Glasser has set a status conf for 11/7/01 at 10:00. (Sica, Michele) (Entered: 11/09/2001) |
| 11/14/2001 | | LETTER dated 11/12/01 from Stephen Scaring, Esq. to Hon. Raymond Dearie informing the court that he may need an adjournment because of prior matter with the NYS Supreme Court. (This is document #1234 in case 98-cr-1129 RJD). (Chee, Alvin) Modified on 11/15/2001 (Entered: 11/15/2001) |
| 11/15/2001 | 267 | LETTER dated 11/13/01 from AUSA Jonathan Sack to Judge Glasser regarding the sentencing submission of dft Edmond Nagel styled "Nagel's Objections to Presentence Report" dated 11/2/01. (Sica, Michele) (Entered: 11/15/2001) |
| 11/16/2001 | 268 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 11/16/01 for status conf. AUSA Eric Corngold/David Pitofsky and dft present without counsel. Court Reporter/ESR Ronald Tolkin. Court advises dft of right to proceed pro se and advises against it. Trial scheduled for 12/3/01. A lawyer from the CJA panel will be appointed to assist during trial. (Sica, Michele) (Entered: 11/19/2001) |
| 11/20/2001 | 270 | WAIVER OF INDICTMENT by Daniel Persico in 1:00-cr-00196 (Sica, Michele) (Entered: 11/26/2001) |
| 11/20/2001 | 271 | SUPERSEDING INFORMATION as to Daniel Persico (3) count(s) 1s (Sica, Michele) (Entered: 11/26/2001) |
| 11/20/2001 | 272 | CALENDAR ENTRY as to Daniel Persico in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 11/20/01 for pleading. AUSA David Pitofsky/Eric Corngold and dft present with counsel Joseph Giannini. Court Reporter/ESR Ronald Tolkin. Waiver of indictment signed. Dft withdraws not guilty plea and pleads Guilty: Daniel Persico (3) count(s) 1s . AUSA will move to dismiss open counts. Sentencing set for 2/21/02 at 10:00. (Sica, Michele) (Entered: 11/26/2001) |
| 11/20/2001 | 273 | Waiver of statute of limitations by Daniel Persico in 1:00-cr-00196 re: violations of 18:1957 (Sica, Michele) (Entered: 11/27/2001) |
| 11/20/2001 | | Sentencing held Rocco Basile (5) count(s) 5. (Chee, Alvin) (Entered: 12/03/2001) |
| 11/20/2001 | | CALENDAR ENTRY as to Rocco Basile in 1:00-cr-00196; Case called before Judge Raymond J. Dearie on date of 11/20/01 for sentence. AUSA Paul Schoeman, Stephen Scaring for defendant. Court finds that the plea of guilty taken before the MJ was done knowingly and voluntarily and hereby accepts plea of guilty to count 3 of cr-98-1129, and count 5 of cr-00- |

| | | 196. Imprisonment of 44 months on each count to run concurrently. Court recommends an institution in the Northeast region and invites consideration that defendant be placed in the same institution as his brother, Jack Basile. The court has been advised that Camp Allenwood has been recommended in Jack Basile's case. Surrender date: 2/4/02 by 12 PM to the designated institution. Supervised release for 3 years on each count to run concurrently. Special condition of SR: 1) Community service during the first 2 years of SR as follows: 20 hours per week under the direction of the court through the supervision of the probation department. As part of community service, the defendant will be permitted to work on the YMCA Building project in his community. 2) Defendant to make full financial disclosure as and when required by and to this court. 3) Restitution payments at a rate to be determined by the court and not less than 10% of gross earnings. The rate to be adjusted from time to time by the court in consultation with the probation department. Defendant to comply with the restitution order. Defendant to receive treatment for substance abuse. Restitution in the amount of $5,000,000.00 as to case CR-98-1129. The $100 SA is imposed on each count for a total assessment of $200.00. Upon the motion of the AUSA, all open counts are dismissed. Defendant is advised of his right to appeal. Court Reporter: Paul Schoeman. This is document #1238 in case 98-CR-1129. (Chee, Alvin) (Entered: 12/03/2001) |
| --- | --- | --- |
| 11/26/2001 | 269 | CJA 20 as to Lawrence Ray in 1:00-cr-00196: Appointment of Attorney David S. Zapp ( Signed by Senior Judge I. L. Glasser , Dated 11/19/01) (Sica, Michele) (Entered: 11/26/2001) |
| 11/26/2001 | 274 | ORDER as to Daniel Lev in 1:00-cr-00196, Modifying Conditions of Release to allow dft to travel to Russia from 11/25/01 to 12/20/01 . ( Signed by Senior Judge I. L. Glasser , on 11/21/01). Endorsed on letter dated 11/21/01 from Jeffrey Lichtman to Judge Glasser. (Sica, Michele) (Entered: 11/27/2001) |
| 11/27/2001 | 275 | LETTER dated 11/20/01 from AUSA David Pitofsky to Lawrence Ray enclosing copies of documents and audiocassette tapes pursuant to the Jencks Act, and advising him of his reciprocal obligations to provide materials. (Sica, Michele) (Entered: 11/27/2001) |
| 11/27/2001 | 276 | LETTER dated 11/20/01 from AUSA David Pitofsky to Lawrence Ray providing discovery. (Sica, Michele) (Entered: 11/27/2001) |
| 11/27/2001 | 277 | MOTION by USA in 1:00-cr-00196 as to Lawrence Ray in 1:00-cr-00196 for admission, at trial, of a "glossary of securities-related terms" as an aid to the jury, and to preclude the dft from offering certain evidence at trial . Memo in support and exhibits A-C attached. (Sica, Michele) (Entered: 11/27/2001) |
| 11/27/2001 | 284 | JUDGMENT Rocco Basile (5) count(s) 5. Imprisonment of 44 months on each count to run concurrently. Supervised release of 3 years on each count to run concurrently. Special assessment of $200. Restitution of $5,000,000.00 . Court recommends that defendant be designated to an institution in the Northeast Region and further invites consideration that defendant be designated to the same institution as his brother Jack Basile. Defendant shall surrender before 2 PM on 2/4/02. Special condition of SR: 1) Community service during the first 2 years of SR as follows: 20 hours per week under the direction of the court through the supervision of the probation department. As part of community service, the defendant will be permitted to work on the YMCA Building project in his community. 2) Defendant to make full financial disclosure as and when required by and to this court. 3) Restitution payments at a rate to be determined by the court and not less than 10% of gross earnings. The rate to be adjusted from time to time by the court in consultation with the probation department. Defendant to comply with the restitution order. Defendant to receive treatment for substance abuse. See attached restitution order. Open counts dismissed on govt's motion. Copies distributed. Signed by Judge Raymond J. Dearie , on 11/27/01) party Rocco Basile in 1:00-cr-00196. (Chee, Alvin) (Entered: 12/03/2001) |

| 11/27/2001 | 284 | DISMISSAL of Count(s) on Government Motion as to Rocco Basile in 1:00-cr-00196 party Rocco Basile in 1:00-cr-00196 terminating [231-1] motion for an adjournment in the case and an exclusion of time under the speedy trial act as to Rocco Basile (5) Counts Dismissed: Rocco Basile (5) count(s) 2, 6, 7, 8. (Chee, Alvin) (Entered: 12/03/2001) |
| --- | --- | --- |
| 11/28/2001 | 279 | ORDER as to Abraham Salaman in 1:00-cr-00196 adjourning sentencing from 12/17/01 to 1/16/02 at 10:00. (Signed by Senior Judge I. L. Glasser , on 11/26/01). Endorsed on letter from Joel Cohen to Judge Glasser. (Sica, Michele) (Entered: 11/29/2001) |
| 11/28/2001 | 280 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 11/28/01 for status conf. AUSA Eric Corngold/David Pitofsky and dft present with counsel David Zapp. Court Reporter/ESR Burt Sulzer. Larry Ray wrote to the Court, requesting a two month adjournment of the trial, which is scheduled for this monday. The government opposes any adjournment. Motion to adjourn the trial is denied. Trial will go forward on 12/3/01. (Sica, Michele) (Entered: 11/30/2001) |
| 11/29/2001 | 278 | Government's request to charge filed as to Lawrence Ray in 1:00-cr-00196 (Sica, Michele) (Entered: 11/29/2001) |
| 11/29/2001 | 285 | CALENDAR ENTRY as to Edmond Nagel ; Case called before Senior Judge I. L. Glasser on 11/29/01 for Sentencing. AUSA: David Goldberg and Jonathan Sack; Michael Rovell, Esq. for the Dft.; Court Reporter: B.Sulzer. Sentencing held on Count # 11 on CR-00-196 and Count #1 on CR-01-705.IMPRISONMENT: 37 months; SUPERVISED RELEASE: 3 years; SPECIAL ASSESSMENT: $100.00 on each case for a total of $200.00. Court recommends that the deft. be designated to Morgantown, West Virginia. Deft. to voluntarily surrender to the institution on 1/30/01. (Permaul, Jenny) (Entered: 12/04/2001) |
| 11/29/2001 | | Sentencing as to Edmond Nagel (13) held on count(s) 11. (Permaul, Jenny) (Entered: 12/04/2001) |
| 11/30/2001 | 281 | LETTER dated 11/26/01 from AUSA's Eric Corngold and David Pitofsky to Judge Glasser in opposition to dft Lawrence Ray's request for a 60 dayadjournment of his trial. (Sica, Michele) (Entered: 11/30/2001) |
| 11/30/2001 | 282 | LETTER dated 11/26/01 from Lawrence Ray to Judge Glasser requesting a 60 day adjournment of trial to allow dft to get a new attorney. (Sica, Michele) (Entered: 11/30/2001) |
| 11/30/2001 | 283 | ORDER as to John Ciolfoletti in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196, granting USPO Carol Pizarro's request and adjourning sentencing to 1/25/02 at 10:00. ( Signed by Senior Judge I. L. Glasser , on 11/26/01). (Sica, Michele) (Entered: 11/30/2001) |
| 11/30/2001 | | DISMISSAL of Count(s) on Government Motion as to Edmond Nagel in 1:00-cr-00196 party Edmond Nagel in 1:00-cr-00196 Counts Dismissed: Edmond Nagel (13) count(s) 1, 2, 9, 10, 12. (Permaul, Jenny) (Entered: 12/04/2001) |
| 11/30/2001 | 286 | JUDGMENT Edmond Nagel (13) count(s) 11. IMPRISONMENT: 37 months; SUPERVISED RELEASE: 3 years; SPECIAL ASSESSMENT: $200.00; ($100.00 in 01-CR-705 and $100.00 in 01-CR-196). The court recommends that the deft. be designated to Morgantown, West Virginia; Deft. to surrender for servicesof sentence on 1/30/02 befor 2:00. Signed by Senior Judge I. L. Glasser , on 11/30/01. Signed Senior Judge I. L. Glasser , on 11/30/01. terminated party Edmond Nagel in 1:00-cr-00196 (Permaul, Jenny) (Entered: 12/04/2001) |
| 12/03/2001 | 288 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 12/3/01 for jury selection and trial. Defense Counsel: David Zapp. AUSA Eric Corngold and David Pitofsky. Court Reporter: Henry Shapiro. Mark Macron was contacted by |

| Date | No. | Description |
|---|---|---|
| | | Ray begs the Court for more time. The Court is ready to proceed to trial. Defendant withdraws not guilty plea and enters plea of Guilty: Lawrence Ray (17) count(s) 10 . Court accepts the plea. Sentencing is set for 3/7/01 at 10:00. AUSA will move to dismiss open counts. (Rodriguez,Angela) (Entered: 12/06/2001) |
| 12/05/2001 | 287 | Proposed Voir Dire Questions by USA in 1:00-cr-00196 as to Lawrence Ray in 1:00-cr-00196 (Request to Charge) (Permaul, Jenny) (Entered: 12/05/2001) |
| 12/05/2001 | 289 | LETTER dated 11/30/01 from Samuel Noel to Lawrence Ray regarding additional 3500 material on witnesses Felix Sater 3500-FS-41 and Agent Leo Taddeo 3500-FBI 18, 19, & 20. (Sica, Michele) (Entered: 12/06/2001) |
| 12/12/2001 | 290 | ORDER as to John Cioffoletti in 1:00-cr-00196 adjourning sentencing until 1/12/02 at 10:00. ( Signed by Senior Judge I. L. Glasser , on 12/11/01). Endorsed on letter dated 12/5/01 from James LaRossa to Judge Glasser. (Sica, Michele) (Entered: 12/12/2001) |
| 12/12/2001 | 291 | Amended Consent ORDER Directing Forfeiture of Property as to Edmond Nagel in 1:00-cr-00196 that dft shall forfeit $600,000.00 and all right, interest, stock, or warrants in Condor Capital Inc. to the US as proprt involved in money laundering. This order shall be final against dft, and shall be included in the judgment. The US Marshal's Service is authorized to deposit property in US Department of Justice's Asset Forfeiture. 4 certified copies sent to AUSA David Goldberg. ( Signed by Senior Judge I. L. Glasser , date: 11/29/01) (Sica, Michele) (Entered: 12/12/2001) |
| 12/13/2001 | 292 | ORDER as to Frank Coppa Sr. in 1:00-cr-00196, Modifying Conditions of Release to allow dft to travel to Florida from 12/28/01 to 1/13/02 . (Signed by Senior Judge I. L. Glasser , on 12/12/01). Endorsed on letter dated 12/12/01 from Larry Bronson to Judge Glasser. (Sica, Michele) (Entered: 12/17/2001) |
| 12/18/2001 | 293 | LETTER dated 12/12/01 from Larry Bronson to Judge Glasser requesting that dft Coppa's bail conditions be modified to allow him to travel to Florida. (Sica, Michele) (Entered: 12/18/2001) |
| 12/21/2001 | 296 | ORDER as to Edward Garafola in 1:00-cr-00196 endorsed on letter dated 12/19/01 from Jean Marie Graziano to Judge Glasser. Defendant Edward Garafola's request for modification of bail restrictions is granted. Defendant is permitted to travel as specified herein. (Signed by Senior Judge I. L. Glasser on 12/20/01) (Rodriguez,Angela) (Entered: 01/07/2002) |
| 12/21/2001 | 297 | LETTER dated 12/18/01 from Jeffrey Lichtman to Judge Glasser confirming that sentencing of defendant Lev be adjourned from 1/10/02 to 1/24/02 at 10:00. (Endorsed by Judge Glasser on 12/19/01) (Rodriguez,Angela) (Entered: 01/07/2002) |
| 12/27/2001 | 295 | TRANSCRIPT of proceedings before Judge Glasser filed in case as to Lawrence Ray in 1:00-cr-00196 for dates of 11/28/01; Court Reporter: Brton Sulzer. (Rodriguez,Angela) (Entered: 01/07/2002) |
| 12/27/2001 | 309 | LETTER dated 8/17/01 from Jonathan Sack to Michael Bachner advising that Mr. Bachner's client is scheduled for sentencing before Judge Glasser on 12/11/01 at 2:00. (Rodriguez,Angela) (Entered: 01/14/2002) |
| 01/03/2002 | 294 | ORDER as to Daniel Lev. Order endorsed on the letter dated Dec. 19, 2001, from Jeffrey Lichtman, counsel for deft. Daniel Lev, granting Mr. Lichtman's request for permission to extend his recent trip to Russia for business purposes. He can now return from his trip on Jan. 3, 2002. Govt consented to this request. (Signed by Senior Judge I. L. Glasser) (Vaughn, Terry) (Entered: 01/03/2002) |
| | | 01/04/2002 [text] as to Daniel Lev, Frank Coppa, Edmond Nagel, Frank Montevecchi and Frank Ray, John Doukas in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196 endorsed on memorandum from Probation Dept. dated 12/19/01. Request for adjournment of sentencing is granted. Defendant Montevecchi adjourned to 1/23/02 at 10:00; defendant Ray adjourned to 3/27/02 at 10:00; defendant Lev adjourned to 1/24/02 at 10:00; defendant Coppa adjourned to 2/12/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 12/20/01) (Rodriguez,Angela) (Entered: 01/08/2002) |
| 01/07/2002 | 298 | ORDER dated 12/19/01 on letter dated 12/16/01 from Elizabeth E. Macedonio to Judge Gershon requesting a two week adjournment of Mr. Jack Basile's surrender date. APPLICATION DENIED as to Jack Basile in 1:00-cr-00196. ( ( Signed by Judge Nina Gershon, on 12/19/01 ) (Guzzi, Roseann) (Entered: 01/07/2002) |
| 01/07/2002 | 302 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming the sentencing of defendant Lombardo has been rescheduled to 1/22/02. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/07/2002 | 303 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming the sentencing of defendant Coppa has been rescheduled to 2/12/02 at 10:00. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/07/2002 | 304 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming the sentencing of defendant Polito has been rescheduled to 3/21/02 at 10:00. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) Modified on 01/11/2002 (Entered: 01/11/2002) |
| 01/07/2002 | 305 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming the sentencing of defendant Lev has been rescheduled to 1/24/02 at 10:00. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/07/2002 | 306 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming that sentencing of defendant Montevecchi has been rescheduled to 1/23/02 at 10:00. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/07/2002 | 307 | ORDER as to Abraham Salaman in 1:00-cr-00196 endorsed on letter dated 1/3/02 from Joel Cohen to Judge Glasser. Sentencing of defendant Salaman has been rescheduled to 3/8/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/07/2002 | 308 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming the sentencing of defendant Doukas has been rescheduled to 3/27/02 at 10:00. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/09/2002 | 300 | TRANSCRIPT of pleading before Judge Glasser filed in case as to John Cioffoletti in 1:00-cr-00196 for dates of 10/2/01; Court Reporter: Gene Rudolph. (Rodriguez,Angela) (Entered: 01/09/2002) |
| 01/09/2002 | 301 | TRANSCRIPT of status conference before Judge Glasser filed in case as to Lawrence Ray in 1:00-cr-00196 for dates of 11/7/01; Court Reporter: Gene Rudolph. (Rodriguez,Angela) (Entered: 01/09/2002) |
| 01/14/2002 | 310 | LETTER dated 12/18/01 from Jeffrey Lichtman to Judge Glasser confirming that sentencing of defendant Lev has been adjourned to 1/24/01 at 10:00. (Rodriguez,Angela) (Entered: 01/14/2002) |
| 01/14/2002 | 311 | MOTION by Eugene Lombardo in 1:00-cr-00196 for an order directing that defendant Lombardo be sentenced to a term of imprisonment hich shall run concurrently with the sentence imposed in SDNY (case no. 97cr1215) . (Rodriguez,Angela) (Entered: 01/15/2002) |
| 01/17/2002 | 312 | LETTER dated 1/11/02 from Lawrence Feitell to Judge Glasser enclosing a copy of motion for concurrent sentence. Counsel requests that, if a hearing is to be set, that the motion hearing be set at the same date and time as the hearing on defendant Montevecchi's motion for concurrent sentence. (Rodriguez,Angela) (Entered: 01/18/2002) |
| 01/17/2002 | 313 | LETTER dated 1/15/02 from Judge Glasser to Lawrence Feitell advising that the Court is regarding his motion for concurrent sentence as a sentencing memorandum which will be considered on 1/23/02. The Court suggests that a copy of the request be made available to the Probation Officer who prepared defendant Lombardo's report. (Rodriguez,Angela) (Entered: 01/18/2002) |
| 01/18/2002 | 317 | LETTER dated 1/16/02 from Jeffrey Lichtman to Mary Ann Betts objecting to portions of the PSR relating to defendant Daniel Lev. (Rodriguez,Angela) (Entered: 01/31/2002) |
| 01/24/2002 | 318 | CALENDAR ENTRY as to Daniel Lev in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 1/24/02 for sentencing. Sentencing adjourned to 2/4/02 at 10:00. Defense counsel makes application for downward departure. (Rodriguez,Angela) (Entered: 02/01/2002) |
| 01/25/2002 | 314 | ORDER as to Walter Durchalter in 1:00-cr-00196 endorsed on letter dated 1/23/02 from Robert Herskovits to Judge Glasser. Sentencing is adjourned to 3/25/02 at 10:00. (Signed by Senior Judge I. L. Glasser- on not dated) (Rodriguez,Angela) (Entered: 01/25/2002) |
| 01/25/2002 | 315 | ORDER as to Frank Coppa Sr. in 1:00-cr-00196 endorsed on letter dated 1/22/02 from Jay Goldberg to Judge Glasser. Sentencing is adjourned to 3/18/02 at 10:00. (Signed by Senior Judge I. L. Glasser- not dated) (Rodriguez,Angela) (Entered: 01/25/2002) |
| 01/25/2002 | 321 | ORDER as to Edmond Nagel in 1:00-cr-00196 endorsed on letter dated 1/24/02 from Michael Rosen to Judge Glasser. Defendant is granted a four to six week extension of surrender date. (Signed by Senior Judge I. L. Glasser on 1/24/02) (Rodriguez,Angela) (Entered: 02/08/2002) |
| 01/31/2002 | 316 | ORDER as to Edward Garafola in 1:00-cr-00196 endorsed on letter dated 1/29/02 from Michael Rosen to Judge Glasser. Request granted. Sentencing is adjourned from 2/4/02 to 2/26/02. (Signed by Senior Judge I. L. Glasser on 1/30/02) (Rodriguez,Angela) (Entered: 01/31/2002) |
| 01/31/2002 | 322 | LETTER dated 1/28/02 from James LaRossa to USPO Rachel Swasey advising of objections to the PSR. (Rodriguez,Angela) (Entered: 02/08/2002) |
| 02/04/2002 | 324 | CALENDAR ENTRY as to Daniel Lev in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 2/4/02 for sentencing. Defense Counsel: Jeffrey Lichtman. AUSA: Eric Corngold and Jonathan Sack. Defendant sentenced on count 1 of the information to 2 years probation with 4 months home confinement. Defendant fined $5000 and assessed $50. Defendant to perform 150 hours of community service. (Rodriguez,Angela) (Entered: 02/19/2002) |
| 02/04/2002 | | Sentencing held Daniel Lev (11) count(s) 1s. (Rodriguez,Angela) (Entered: 02/19/2002) |
| 02/05/2002 | 319 | AMENDED JUDGMENT: Rocco Basile (5) count(s) 5. AMENDED To include on page 2 that deft receive treatment for substance abuse. ( Signed by Judge Raymond J. Dearie , on 1/31/02). Copies distributed. (Chee, Alvin) (Entered: 02/05/2002) |
| 02/05/2002 | | Order dated 1/17/02 on letter dated 1/16/02 from Elizabeth E. Macedonio to Judge Gershon as to the designation of defendant Jack Basile. APPLICATION DENIED. The Court has made its recommendation but will not intervene in the designation made by the Bureau of prisons as to |
| | | Jack . ( Signed by Judge Nina Gershon , on 1/17/02) *This is documetn #717 in 99cr589 (Guzzi, Roseann) (Entered: 02/05/2002) |
| 02/05/2002 | 323 | CERTIFICATE OF SERVICE: Amended Consent Order of Forfeiture was executed on 12/14/02. The sum of $350,000 was transferred to asset forfeiture fund. (Rodriguez,Angela) (Entered: 02/11/2002) |
| 02/06/2002 | 320 | SENTENCING MEMORANDUM filed in 1:00-cr-00196 as to John Cioffoletti. (Rodriguez,Angela) Modified on 02/07/2002 (Entered: 02/07/2002) |
| 02/19/2002 | 325 | JUDGMENT Daniel Lev (11) count(s) 1s. Defendant sentenced to 2 years probation with 4 months home confinement and 150 hours of community service. Defendant fined $5000 and assessed $50. Open counts dismissed on government's motion. (Signed by Senior Judge I. L. Glasser on 2/4/02) (Rodriguez,Angela) (Entered: 02/19/2002) |
| 02/19/2002 | | DISMISSAL of Count(s) on Government Motion as to Daniel Lev in 1:00-cr-00196. Counts Dismissed: Daniel Lev (11) count(s) 1, 2, 9, 10, 11, 12. (Rodriguez,Angela) (Entered: 02/19/2002) |
| 02/20/2002 | 326 | ORDER as to Daniel Lev in 1:00-cr-00196 endorsed on letter dated 1/31/02 from Jeffrey Lichtman to Judge Glasser. The file and record from the last court appearance re: Daniel Lev is ordered sealed. (Signed by Senior Judge I. L. Glasser on 1/31/02) (Rodriguez,Angela) (Entered: 02/21/2002) |
| 02/21/2002 | 327 | CALENDAR ENTRY as to Daniel Persico in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 2/21/02 for sentencing. Defense Counsel: Joseph Giannini. AUSA: David Pitofsky and Eric Corngold. Court Reporter: Mickey Brymer. Defendant sentenced on count 2 of superseding information to 21 months imprisonment to be followed by 3 years of supervised release. The Court recommends Fort Dix or Otisville facility. Defendant to surrender 5/1/02. (Rodriguez,Angela) (Entered: 02/26/2002) |
| 02/25/2002 | 330 | ORDER as to Ernest Montevecchi in 1:00-cr-00196 endorsed on letter dated 2/20/02 from David Pitofsky to Judge Glasser. Request for two week adjournment of sentencing is granted. Sentencing adjourned to 3/19/02 at 10:00. Extension of time for briefs also granted. (signed by Senior Judge I. L. Glasser on 2/21/02) (Rodriguez,Angela) (Entered: 02/28/2002) |
| 02/26/2002 | | Sentencing held Daniel Persico (3) count(s) 2. (Rodriguez,Angela) (Entered: 02/26/2002) |
| 02/26/2002 | 328 | JUDGMENT Daniel Persico (3) count(s) 2. Defendant sentenced to 21 months imprisonment to be followed by 3 years of supervised release. Defendant assessed $100. The court recommends incarceration at Fort Dix or Otisville. Defendant to surrender on 5/1/02. Open counts dismissed on government's motion. (Signed by Senior Judge I. L. Glasser on 2/21/02) (Rodriguez,Angela) (Entered: 02/26/2002) |
| 02/26/2002 | | DISMISSAL of Count(s) on Government Motion as to Daniel Persico in 1:00-cr-00196. Counts Dismissed: Daniel Persico (3) 1s, 13, 14. (Rodriguez,Angela) (Entered: 02/26/2002) |
| 02/26/2002 | 329 | SENTENCING MEMORANDUM as to Giuseppe Temperino in 1:00-cr-00196. Cover letter dated 2/26/02 from Joseph Benfante is attached. (Rodriguez,Angela) (Entered: 02/26/2002) |
| 02/26/2002 | 332 | CALENDAR ENTRY as to Edward Garafola in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 2/26/02 for sentencing. Defendant sentenced on count 19 to 5 months imprisonment to be followed by 3 years of supervised release- home confinement for 5 months. Special assessment: $50. Fine: $2000. The court recommends incarceration at Fort Devon. Defendant to surrender to institution on 4/29/02. (Rodriguez,Angela) (Entered: 03/01/2002) |

| | | |
|---|---|---|
| 02/26/2002 | | defendant to surrender to a designated treatment facility to submit to an institution on 5/6/02. Status conference is set for 6/14/02 at 10:00. The government needs 90 days to submit final order of forfeiture. (Rodriguez,Angela) (Entered: 03/18/2002) |
| 02/27/2002 | 331 | TRANSCRIPT filed in case as to Edmond Nagel in 1:00-cr-00196 for dates of 11/29/01. Court Reporter: Burton Sulzer. (Rodriguez,Angela) (Entered: 02/28/2002) |
| 03/14/2002 | | Sentencing held John Cioffoletti (7) count(s) 3, 4, 5, 6, 9, 10, 15, 16. (Rodriguez,Angela) (Entered: 03/18/2002) |
| 02/28/2002 | 333 | JUDGMENT Edward Garafola (10) count(s) 19. Defendant sentenced to 5 months imprisonment to be followed by 3 of supervised release. As a condition of release, defendant is to serve 5 months home detention. The Court recommends defendant be designated to Fort Devin, Mass. Defendant to surrender to institution by 2:00pm on 4/29/02. Defendant fined $5000 and assessed $50. Open count dismissed on government's motion. (Signed by Senior Judge I. Glasser on 2/26/02) (Rodriguez,Angela) (Entered: 03/01/2002) |
| 03/18/2002 | 340 | JUDGMENT John Cioffoletti (7) count(s) 3 , 4 , 5 , 6 , 9 , 10, 15 , 16 . Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release - to run concurrently with sentence in 01cr1049. The Court recommends "Shock Incarceration Program," where defendant can receive substance abuse treatment. Defendant assessed $900 (this includes assessment for 01cr1049). Defendant to surrender to institution before 2:00 pm on 5/6/02. Restitution to be paid: the amount of victims' losses are not yet ascertainable (final determination will be submitted on 6/14/02). (Signed by Senior Judge I. Glasser on 3/14/02 ) (Rodriguez,Angela) (Entered: 03/18/2002) |
| 02/28/2002 | | DISMISSAL of Count(s) on Government Motion as to Edward Garafola in 1:00-cr-00196. Counts Dismissed: Edward Garafola (10) count(s) 20. (Rodriguez,Angela) (Entered: 03/01/2002) |
| 03/18/2002 | | DISMISSAL of Count(s) on Government Motion as to John Cioffoletti in 1:00-cr-00196. Counts Dismissed: John Cioffoletti (7) count(s) 1, 2, 7, 8, 11, 12, 18. (Rodriguez,Angela) (Entered: 03/18/2002) |
| 03/05/2002 | 334 | TRANSCRIPT filed in case as to Edward Garafola in 1:00-cr-00196 for date of 2/26/02 ; Court Reporter: Ronald Tolkin. (Rodriguez,Angela) (Entered: 03/06/2002) |
| 03/18/2002 | 352 | LETTER dated 3/15/02 from Larry Bronson to Judge Glasser confirming that sentencing as to defendant Frank Coppa was adjourned to 4/17/02. (Rodriguez,Angela) (Entered: 04/03/2002) |
| 03/05/2002 | 335 | ORDER as to Abraham Salaman in 1:00-cr-00196 endorsed on letter dated 3/5/02 from Jonathan Sack to Judge Glasser. Sentencing of defendant Salaman has been adjourned to 4/4/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 3/5/02) (Rodriguez,Angela) (Entered: 03/07/2002) |
| 03/19/2002 | 341 | LETTER dated 3/18/02 from Judge Glasser to Larry Bronson advising that the Court will await granting request for adjournment of sentencing of defendant Coppa until counsel furnishes reasons for the request and the government comments on the request. (Rodriguez,Angela) (Entered: 03/19/2002) |
| 03/11/2002 | 336 | ORDER as to Giuseppe Temperino in 1:00-cr-00196 endorsed on letter dated 3/11/02 from Jonathan Sack to Judge Glasser. Sentencing has been adjourned to 3/13/02 at 2:30. (Signed by Senior Judge I. L. Glasser on 3/11/02) (Rodriguez,Angela) (Entered: 03/12/2002) |
| 03/19/2002 | 346 | CALENDAR ENTRY as to Eugene Lombardo in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser for sentencing. Defense Counsel: Lawrence Feiteill. AUSA: Eric Corngold. Court Reporter: Marsha Diamond. Defendant sentenced on count 2 to 60 months imprisonment to run concurrently with sentence in Southern District case. Supervised release: 3 years. Defendant to make restitution in the amount of $5 million. During period of release, the government is given 90 days to provide a list of victims and the amounts to be paid. The Court recommends incarceration at MDC. Special assessment: $100. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/11/2002 | 342 | CERTIFICATE OF SERVICE as to Edmond Nagel in 1:00-cr-00196: Legal Notice was published on dates of 12/18/1, 12/24/01, 12/31/01. (Rodriguez,Angela) (Entered: 03/25/2002) |
| 03/11/2002 | 343 | LETTER dated 3/11/02 from Jonathan Sack to Judge Glasser in opposition to defendant's motion for downward departure. (Rodriguez,Angela) (Entered: 03/25/2002) |
| 03/12/2002 | 344 | SEALED DOCUMENT as to Joseph Polito Sr. (Rodriguez,Angela) (Entered: 03/25/2002) |
| 03/19/2002 | | Sentencing held Eugene Lombardo (12) count(s) 2. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/13/2002 | 337 | CALENDAR ENTRY as to Giuseppe Temperino in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 3/13/02 for sentencing. Defense Counsel: Joseph Benfante. AUSA: Eric Corngold and Jonathan Sack. Defendant sentenced to 3 years probation to serve 8 months on home confinement. Defendant to perform 200 hours of community service. Defendant assessed $100. (Rodriguez,Angela) (Entered: 03/15/2002) |
| 03/19/2002 | 348 | CALENDAR ENTRY as to Ernest Montevecchi in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 3/19/02 for sentencing. Defense Counsel: Joseph Bondy. AUSA: Jonathan Sack and David Pitofsky. Court Reporter: Marsha Diamond. Defendant sentenced to 36 months imprisonment to run concurrently with sentence defendant is currently serving, plus three years of supervised release. Defendant to make restitution in the amount of $5 million during the period of supervised release. The government is given 90 days to provide a list of victims and the amounts to be paid. The Court recommends incarceration at Fort Dix. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/13/2002 | | Sentencing held Giuseppe Temperino (19) count(s) 6. (Rodriguez,Angela) (Entered: 03/15/2002) |
| 03/14/2002 | 338 | JUDGMENT Giuseppe Temperino (19) count(s) 6. Defendant sentenced to 3 years probation, to serve 8 months home confinement. Defendant to perform 200 hours of community service. Special assessment: $100. Open counts dismissed. (Signed by Senior Judge I. L. Glasser on 3/13/02) (Rodriguez,Angela) (Entered: 03/15/2002) |
| 03/19/2002 | | Sentencing held Ernest Montevecchi (2) count(s) 2. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/19/2002 | 354 | LETTER dated 3/18/02 from Larry Bronson to Judge Glasser explaining how this matter came to be adjourned to 4/17/02. (Rodriguez,Angela) (Entered: 04/05/2002) |
| 03/14/2002 | | DISMISSAL of Count(s) on Government Motion as to Giuseppe Temperino in 1:00-cr-00196. Counts Dismissed: Giuseppe Temperino (19) count(s) 2, 5, 7, 8. (Rodriguez,Angela) (Entered: 03/15/2002) |
| 03/14/2002 | 339 | CALENDAR ENTRY as to John Cioffoletti; Case called before Senior Judge I. L. Glasser on date of 3/14/02 for sentencing. Defense Counsel: James LaRossa and Andrew Weinstein. Court Reporter: Henry Shapiro. Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release. Court recommends Shock Incarceration Program where | 03/19/2002 | 355 | LETTER dated 3/19/02 from Jonathan Sack to Judge Glasser submitted to supplement the government's 3/11/02 letter with respect to sentencing of defendants Ernst Montevecchi and Eugene Lombardo. (Rodriguez,Angela) (Entered: 04/05/2002) |
| 03/25/2002 | 345 | LETTER dated 3/11/02 from Jonathan Sack to Judge Glasser re: sentencing guidlines as to defendants Montevecchi and Lombardo. (Rodriguez,Angela) (Entered: 03/26/2002) |
| 04/12/2002 | 361 | Exhibit list re: sentencing memorandum filed by Abraham Salaman. (Rodriguez,Angela) (Entered: 04/15/2002) |
| 04/16/2002 | 363 | ORDER endorsed on letter dated 4/16/02 from Jay Goldberg to Judge Glasser. The next conference is adjourned to 4/23/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 4/17/02) (Rodriguez,Angela) (Entered: 04/18/2002) |
| 03/27/2002 | 347 | JUDGMENT Eugene Lombardo (12) count(s) 2. Defendant sentenced to 60 months imprisonment to run concurrently sentence in Southern District case. Supervised release: 3 years. Defendant to make restitution in the amount of $5 million. During period of release, the government is given 90 days to provide a list of victims and the amounts to be paid. The Court recommends incarceration at MDC. Special assessment: $100. Open counts dismissed on government's motion. (Signed by Senior Judge I. L. Glasser on 3/19/02) (Rodriguez,Angela) (Entered: 03/27/2002) |
| 04/17/2002 | 362 | LETTER dated 4/10/02 from Jay Goldberg to Judge Glasser requesting that sentencing as to defendant Coppa be scheduled for some later than 10:00 on 4/17/02. Counsel is scheduled to appear before Judge Garaufis at 10:00. (there is an unsigned note highlighted on this document stating that sentencing is now set for 11:30) (Rodriguez,Angela) (Entered: 04/17/2002) |
| 03/27/2002 | | DISMISSAL of Count(s) on Government Motion as to Eugene Lombardo. Counts Dismissed: Eugene Lombardo (12) count(s) 1, 3, 4, 9, 10, 11, 12. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 04/23/2002 | 364 | CALENDAR ENTRY as to Frank Coppa Sr. in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 4/23/02 for sentencing. Defense Counsel: Larry Bronson and Jay Goldberg. Court Reporter: Shelly Silverman. Defendant sentenced on count 15 to 36 months imprisonment to be followed by 3 years of supervised release. Defendant to pay restitution in the amount of $5 million. The Court recommends Fort Dix. Defendant assessed $100 per count. (Rodriguez,Angela) (Entered: 04/25/2002) |
| 03/27/2002 | 349 | JUDGMENT Ernest Montevecchi (2) count(s) 2. Defendant sentenced to 36 months imprisonment to run concurrently sentence defendant is currently serving, plus three years supervised release. Defendant to make restitution in the amount of $5 million during the period of supervised release. The government is given 90 days to provide a list of the amounts to be paid. The Court recommends incarceration at Fort Dix. Open counts dismissed. (Signed by Senior Judge I. L. Glasser on 3/19/02) (Rodriguez,Angela) (Entered: 03/27/2002) |
| 04/23/2002 | | Sentencing held Frank Coppa (1) count(s) 15. (Rodriguez,Angela) (Entered: 04/25/2002) |
| 04/25/2002 | 364 | JUDGMENT Frank Coppa (1) count(s) 15. Defendant sentenced to 36 months imprisonment to be followed by 3 years of supervised release. Defendant to pay restitution in the amount of $5 million. The Court recommends Fort Dix. Defendant assessed $100. Open counts dismissed on government's motion. (Signed by Senior Judge I. L. Glasser on 4/23/02) (Rodriguez,Angela) (Entered: 04/25/2002) |
| 03/27/2002 | | DISMISSAL of Count(s) on Government Motion as to Ernest Montevecchi in 1:00-cr-00196. Counts Dismissed: Ernest Montevecchi (2) count(s) 13, 14. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 04/25/2002 | | DISMISSAL of Count(s) on Government Motion as to Frank Coppa Sr. in 1:00-cr-00196. Counts Dismissed: Frank Coppa (1) count(s) 1, 2, 3, 4, 13, 14, 16, 17. (Rodriguez,Angela) (Entered: 04/25/2002) |
| 03/27/2002 | 350 | ORDER as to Walter Durchalter endorsed on letter dated 3/20/02 from Robert Herskovits to Judge Glasser. Sentencint is adjourned to 9/18/02 at 10:00. (Signed by Senior Judge I. L. Glasser- not dated) (Rodriguez,Angela) (Entered: 03/29/2002) |
| 05/02/2002 | 366 | ORDER as to Daniel Persico in 1:00-cr-00196 endorsed on letter dated 5/1/02 from Joseph Giannini to Judge Glasser. Defendant is permitted to surrender directly to Fort Dix on 5/8/02. (Signed by Senior Judge I. L. Glasser on 5/1/02) (Rodriguez,Angela) (Entered: 05/02/2002) |
| 03/27/2002 | 358 | LETTER dated 3/26/02 from Joseph Bondy to Judge Glasser requesting reconsideration and correction of defendant Montevecchi's sentence. (Rodriguez,Angela) (Entered: 03/29/2002) |
| 05/03/2002 | 368 | NOTICE OF APPEAL by Frank Coppa (1) count(s) 15. Fee Paid $ 105.00 Receipt # 261385. The Defendant appeals the judgment that was entered on 4/25/02. Forms distributed. Judge notified. USCA notified. PLEASE NOTE: COUNSEL ADVISED THAT HE DID NOT SIGN THIS NOA & THAT THERE ARE TWO CRIMINAL NUMBERS EACH NUMBER SHOULD HAVE A NOA AND A FEE PAID FOR EACH. COUNSEL ADVISED TO FILE 2 AMENDED NOA'S ONE FOR EACH NUMBER . (Gonzalez, Mary) (Entered: 05/06/2002) |
| 03/29/2002 | 351 | ORDER as to Alfred Palagonia endorsed on letter dated 3/20/02 from Joseph DiBlasi to Judge Glasser. Defendant is permitted to travel as specified herein. (Signed by Senior Judge I. L. Glasser on 3/20/02) (Rodriguez,Angela) (Entered: 03/29/2002) |
| 04/01/2002 | 353 | LETTER dated 4/1/02 from Janathan Sack to Judge Glasser confirming that sentencing as been adjourned to 5/9/02 at 10:00. (endorsed by Judge Glasser on 4/3/02) (Rodriguez,Angela) (Entered: 04/04/2002) |
| 05/06/2002 | 367 | TRANSCRIPT of sentencing before Judge Glasser filed in case as to Frank Coppa Sr. for dates of 4/23/02; Court Reporter: Sheldon Silverman. (Rodriguez,Angela) (Entered: 05/08/2002) |
| 04/02/2002 | 356 | LETTER dated 4/1/02 from Janathan Sack to Judge Glasser confirming that sentencing as to defendant Doukas has been adjourned to 5/9/02 at 10:00. (endorsed by Judge Glasser on 4/1/02) (Rodriguez,Angela) (Entered: 04/05/2002) |
| 05/06/2002 | 375 | LETTER dated 5/2/02 from Andrew Weinstein to Judge Glasser requesting the Court's assistance in having defendant Chioffoletti designated to a facility that offers a "Shock Incarceration Program." (Rodriguez,Angela) (Entered: 05/28/2002) |
| 04/02/2002 | 357 | ORDER as to Abraham Salaman endorsed on letter dated 4/1/02 from Joel Cohen to Judge Glasser. Request granted. Sentencing as to defendant Salaman is adjourned to 5/9/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 4/1/02) (Rodriguez,Angela) (Entered: 04/05/2002) |
| 05/06/2002 | 377 | NOTICE of change of address by counsel for John Cioffoletti in 1:00-cr-00196. |
| 04/10/2002 | 359 | ORDER as to Ernest Montevecchi in 1:00-cr-00196. For the reasons stated herein, defendant's motion to reduce his sentence is denied. (Signed by Senior Judge I. L. Glasser on 4/10/02) (Rodriguez,Angela) (Entered: 04/12/2002) |
| 05/09/2002 | 370 | CALENDAR ENTRY as to Abraham Salaman; Case called before Senior Judge I. L. Glasser on date of 5/9/02 for sentencing. Defense Counsel: A. John Pappalardo. AUSA: Nikki Kowalski. Court Reporter: Tony Mancuso. Defendant sentenced to 5 years probation, to serve 12 months of |
| 04/12/2002 | 360 | SENTENCING MEMORANDUM as to Abraham Salaman in 1:00 -cr-00196. (Rodriguez,Angela) (Entered: 04/15/2002) | | | |

| Date | Doc # | Description |
|---|---|---|
| | | make restitution in the amount of $2.5 million. Defendant to have no further involvement in the securities industry in any way. (Rodriguez,Angela) (Entered: 05/16/2002) |
| 05/09/2002 | | Sentencing held Abraham Salaman (18) count(s) 3. (Rodriguez,Angela) (Entered: 05/16/2002) |
| 05/13/2002 | 369 | AMENDED NOTICE OF APPEAL by Frank Coppa (1) count(s) 15. NO FEE PAID for this is an AMENDED NOA. THE ORIGINAL WAS ENTERED ON 5/6/02. HOWEVER IT WAS UNSIGNED. Forms distributed. Judge notified. USCA notified. (Gonzalez, Mary) (Entered: 05/13/2002) |
| 05/13/2002 | | Certified copy of docket sheet sent to USCA. [369-1] appeal (Gonzalez, Mary) (Entered: 05/13/2002) |
| 05/15/2002 | 371 | JUDGMENT Abraham Salaman (18) count(s) 3. Defendant sentenced to 5 years probation, to serve 12 months of home confinement. Defendant is to have no further involvement in the securities industry in any way. Defendant fined $25,000 and assessed $100 per count. Defendant shall make restitution in the amount of $2.5 million over period of probation. Open counts dismissed on government's motion. (Signed by Senior Judge I. L. Glasser on 5/9/02 ) (Rodriguez,Angela) (Entered: 05/16/2002) |
| 05/15/2002 | | DISMISSAL of Count(s) on Government Motion as to Abraham Salaman in 1:00-cr-00196. Counts Dismissed: Abraham Salaman (18) count(s) 2, 4. (Rodriguez,Angela) (Entered: 05/16/2002) |
| 05/20/2002 | 372 | ORDER as to Lawrence Ray in 1:00-cr-00196 endorsed on letter dated 5/8/02 from Robert Rosenberg to Judge Glasser. Sentencing is adjourned to 6/19/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 5/13/02 )(Rodriguez,Angela) (Entered: 05/22/2002) |
| 05/20/2002 | 373 | ORDER as to Joseph Polito Sr. in 1:00-cr-00196 endorsed on letter dated 5/14/02 from Charles Weintraub to Judge Glasser. Sentencing is adjourned to 10/8/02 at 10:00. Time excluded. (Signed by Senior Judge I. L. Glasser on 5/15/02 ) (Rodriguez,Angela) (Entered: 05/23/2002) |
| 05/23/2002 | 374 | TRANSCRIPT of sentencing before Judge Glasser filed in case as to Ernest Montevecchi in 1:00-cr-00196 for dates of 3/19/02; Court Reporter: Marsha Diamond. (Rodriguez,Angela) (Entered: 05/28/2002) |
| 05/24/2002 | 376 | LETTER dated 5/15/02 from Joseph DiBlasi to Judge Glasser advising that defendant Palagonia will be traveling out of state on 5/16/02 through 5/17/02. (Rodriguez,Angela) (Entered: 05/28/2002) |
| 05/24/2002 | | AMENDED NOTICE of change of address by John Cioffoletti in 1:00-cr-00196. (Rodriguez,Angela) (Entered: 05/29/2002) |
| 06/06/2002 | 379 | USCA Scheduling Order: as to Frank Coppa Sr. in 1:00-cr-00196 [369-1] appeal Appeal Record due by 6/24/02 for Frank Coppa Sr. USCA Number: 02-1274, [368-1] appeal USCA Number: Appellant's brief due 7/24/02. Appellee's brief due 8/7/02. Argument set for 10/07/02. (Gonzalez, Mary) (Entered: 06/06/2002) |
| 06/11/2002 | 384 | LETTER dated 6/11/02 from David Pitofsky, AUSA to Judge Glasser requesting an adjournment of the sentencing which is scheduled for 6/24/02 due to deft's death. (fe) (Entered: 06/18/2002) |
| 06/12/2002 | 380 | LETTER dated 6/12/02 from Court enclosing documents showing victims' losses (attached). (Rodriguez,Angela) (Entered: 06/13/2002) |
| 06/12/2002 | 381 | ORDER as to Joseph Polito Sr. in 1:00-cr-00196 endorsed on letter dated 6/11/02 from David Pitofsky to Judge Glasser. Sentencing is adjourned. Status report is to be provided on 7/11/02 |
| | | at 10:00. (Signed by Senior Judge I. L. Glasser on ...) (Rodriguez,Angela) (Entered: 06/13/2002) |
| 06/12/2002 | 385 | LETTER dated 6/12/02 from David Pitofsky to Clerk of the Court enclosing documents which set forth victim losses relating to the deft's illegal activities. (fe) (Entered: 06/18/2002) |
| 06/14/2002 | 383 | LETTER dated 6/12/02 from Jonathan Sack, AUSA to Clerk of the Court concerning restitution payments as to deft Giuseppe Temperino. (fe) (Entered: 06/17/2002) |
| 06/17/2002 | 382 | LETTER dated 6/12/02 from Jonathan Sack to R.Heinemann this letter concerns restitution payments to victims of the deft. (Jackson, Ramona) (Entered: 06/17/2002) |
| 06/20/2002 | 386 | ORDER as to Lawrence Ray in 1:00-cr-00196, adjn. to Sentencing for 10:00 6/26/02 before Senior Judge I. L. Glasser , On ltr. dtd. 6/17/02 from Eric Corngold terminated past due deadlines ( Signed by Senior Judge I. L. Glasser , on 6/17/02) (Jackson, Ramona) (Entered: 06/20/2002) |
| 06/21/2002 | 387 | ORDER as to Abraham Salaman in 1:00-cr-00196 Clerk of the Court enter to me a check in the amount $100,000. payable to Abraham Salaman. On ltr. dtd. 6/18/02 from Joel M.Cohen ( Signed by Senior Judge I. L. Glasser , on 6/19/02) (Jackson, Ramona) (Entered: 06/21/2002) |
| 06/21/2002 | 388 | LETTER dated June 20, 2002 from AUSA David B. Pitofsky to Clerk of the Court: Enclosed are documents relating to Mr. Weisenfeld's claim, which are asked to be included with prior submission. (Lee, Stephen) (Entered: 06/24/2002) |
| 07/03/2002 | 389 | LETTER dated July 3, 2002 from AUSA David B. Pitofsky to Clerk of the Court: Attached are copies of account opening documents which show the identities of some of the investors who lost money. Additional documents are still being obtained. (Lee, Stephen) (Entered: 07/08/2002) |
| 07/10/2002 | 390 | LETTER dated 7/9/02 from Jonathan Sack to Judge Glasser confirm sentence adjourned to 7/31/02 @ 11:30. (Jackson, Ramona) (Entered: 07/10/2002) |
| 07/12/2002 | 391 | ORDER as to John Doukas in 1:00-cr-00196, Granting an extension to July 31, 2002 at 11:30. See letter dated 07/09/02 to Hon. I. Leo Glasser from AUSA Jonathan S. Sack. (Signed by Senior Judge I. L. Glasser, on 07/10/02). (Lee, Stephen) (Entered: 07/17/2002) |
| 07/18/2002 | 392 | ORDER as to Alfred Palagonia in 1:00-cr-00196 endorsed on letter dated 7/17/02 from Joseph Diblasi to Judge Glasser. Defendant is granted a modification of supervision as specified herein. (Signed by Senior Judge I. L. Glasser on 7/18/02) (Rodriguez,Angela) (Entered: 07/22/2002) |
| 07/25/2002 | 393 | ORDER as to Daniel Lev in 1:00-cr-00196 endorsed on memorandum from Probation. Defendant is permitted to travel as specified herein. (Signed by Senior Judge I. L. Glasser on 7/23/02) (Rodriguez,Angela) (Entered: 07/25/2002) |
| 07/26/2002 | 394 | ORDER as to Joseph Polito Sr. in 1:00-cr-00196, dismissing counts 9 and 19 of Indictment ( Signed by Senior Judge I. L. Glasser , on 7/8/02) (Jean (Entered: 07/26/2002) |
| 07/26/2002 | | DISMISSAL of Count(s) on Government Motion as to Joseph Polito Sr. in 1:00-cr-00196 party Joseph Polito in 1:00-cr-00196 Counts Dismissed: Joseph Polito (16) count(s) 9, 19 (Jean (Entered: 07/26/2002) |
| 07/30/2002 | 395 | ORDER dated 7/30/02 from Edward McDonald to Judge Glasser requesting a sentence of home confinement with a requirement of substantial community service. (Rodriguez,Angela) (Entered: 08/06/2002) |
| 08/02/2002 | 396 | CALENDAR ENTRY as to John Doukas in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 8/2/02 for sentencing. Defense Counsel: Edward McDonald. AUSA: Jonathan Sack. Court Reporter: Diana Pereira. Defendant sentenced on counts 8 and 16 to 9 months imprisonment to be followed by 3 years of supervised release. Defendant to perform 200 hours of community service. Restitution: $4 million, payable to the Clerk of Court. Court recommends camp type facility- Allenwood or Otisville. Defendant to surrender to institution on 9/30/02. (Rodriguez,Angela) (Entered: 08/09/2002) |
| 08/02/2002 | | Sentencing held John Doukas (8) count(s) 16. (Rodriguez,Angela) (Entered: 08/09/2002) |
| 08/09/2002 | 397 | JUDGMENT John Doukas (8) count(s) 9, 16. Defendant sentenced to 9 months imprisonment to be followed by 3 of supervised release. Defendant to perform 200 hours of community service. Restitution: $4 million, payable to the Clerk of Court. Court recommends camp type facility- Allenwood or Otisville. Defendant to surrender to institution on 9/30/02. Defendant assessed $200. (Signed Senior Judge I. L. Glasser,)(Rodriguez,Angela) (Entered: 08/09/2002) |
| 08/09/2002 | | DISMISSAL of Count(s) on Government Motion as to John Doukas in 1:00-cr-00196. Counts Dismissed: John Doukas (8) count(s) 1, 2, 5, 6, 7, 8, 10, 11, 12, 15, 17, 18. (Rodriguez,Angela) (Entered: 08/09/2002) |
| 09/11/2002 | 398 | ORDER as to Larry Berman in 1:00-cr-00196 endorsed on letter dated 9/6/02 from Amy Millard to Judge Glasser. Defendant is permitted to travel as specified herein on condition that defendant advise AUSA of itinerary. (Signed by Senior Judge I. L. Glasser on 9/9/02) (Rodriguez,Angela) (Entered: 09/17/2002) |
| 10/04/2002 | 399 | CERTIFICATE OF SERVICE as to Edmond Nagel: Consent order of forfeiture was executed on 6/11/02. (Rodriguez,Angela) (Entered: 10/08/2002) |
| 10/17/2002 | 400 | SEALED DOCUMENT: correspondence. (AUSA Jonathan Sack,F#1998R00464) (Glenn, Marilyn) (Entered: 10/22/2002) |
| 11/08/2002 | 401 | ORDER as to Alfred Palagonia in 1:00-cr-00196 endorsed on letter dated 11/5/02 from Joseph Diblasi to Judge Glasser. Sentencing is set for 12/2/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 11/5/02) (Rodriguez,Angela) (Entered: 11/12/2002) |
| 11/13/2002 | 402 | SEALED DOCUMENT filed. (Rodriguez,Angela) (Entered: 11/19/2002) |
| 11/25/2002 | 407 | STIPULATION and ORDER as to Lawrence Ray in 1:00-cr-00196 consenting to substitution of counsel. Edward McDonald is substituted in place and stead of Robert Rosenberg. (Signed by Senior Judge I. L. Glasser on 11/27/02) (Rodriguez,Angela) (Entered: 12/17/2002) |
| 11/26/2002 | 406 | ORDER as to Larry Berman in 1:00-cr-00196 endorsed on letter dated 11/22/02 from Amy Millard to Judge Glasser. Defendant is granted a modification of supervised release as specified herein. (Signed by Senior Judge I. L. Glasser on 11/26/02) (Rodriguez,Angela) (Entered: 12/12/2002) |
| 12/02/2002 | 403 | ORDER as to Lawrence Ray in 1:00-cr-00196 endorsed on letter dated 12/2/02 from Edward McDonald to Judge Glasser. Sentencing is adjourned from 12/3/02 to 1/23/03 at 10:00. (Signed by Senior Judge I. L. Glasser on 12/2/02)(Rodriguez,Angela) (Entered: 12/05/2002) |
| 12/02/2002 | 404 | CALENDAR ENTRY as to Alfred Palagonia in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 12/2/02 for sentencing. Defense counsel: Joseph DiBlasi. AUSA: Eric Corngold. Court Reporter: Fred Guerino. Defendant sentenced on counts 9 and 11 to one year and one day, plus 3 years of supervised release. Restitution to be paid in the amount of $20 million. Defendant fined $50,000 and assessed $100. The court recommends FCI Allenwood, PA. Defendant to surrender on 2/3/03. (Rodriguez,Angela) (Entered: 12/05/2002) |
| 12/02/2002 | | Sentencing held Alfred Palagonia (14) count(s) 9, 11. (Rodriguez,Angela) (Entered: 12/05/2002) |
| 12/04/2002 | 405 | JUDGMENT Alfred Palagonia (14) count(s) 9, 11 . Defendant sentenced to one year and one day, plus 3 years of supervised release. Restitution to be paid in the amount $20 million. Defendant fined $50,000 and assessed $200. Court recommends FCI Allenwood, PA. (Signed by Senior I. L. Glasser on 12/2/02) (Rodriguez,Angela) (Entered: 12/05/2002) |
| 12/04/2002 | | DISMISSAL of Count(s) on Government Motion as to Alfred Palagonia in 1:00-cr-00196. Counts Dismissed: Alfred Palagonia (14) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 10, 12, 15, 16, 17, 18. (Rodriguez,Angela) (Entered: 12/05/2002) |
| 12/18/2002 | 408 | CERTIFICATE OF SERVICE: The sum of $50,000 was deposited in the seized asset forfeiture fund on 9/23/02. (Rodriguez,Angela) (Entered: 12/27/2002) |
| 01/08/2003 | 409 | ORDER as to Daniel Lev in 1:00-cr-00196 endorsed on letter dated 1/8/03 from Jeffrey Lichtman. Defendant is permitted to travel as specified herein. (Signed by Senior Judge I. L. Glasser on 1/8/03) (Rodriguez,Angela) (Entered: 01/09/2003) |
| 01/13/2003 | 410 | SEALED DOCUMENT filed. (Rodriguez,Angela) (Entered: 01/13/2003) |
| 01/29/2003 | 411 | ORDER as to Alfred Palagonia endorsed on letter dated 1/27/03 from Joseph Diblasi to Judge Glasser. Defendant's surrender date is extended to 3/4/03. (Signed by Senior Judge I. L. Glasser on 1/28/03) (Rodriguez,Angela) (Entered: 01/29/2003) |
| 02/24/2003 | 412 | ORDER as to Walter Durchalter in 1:00-cr-00196 endorsed on letter dated 2/20/03 from Michael Bachner to Judge Glasser. Defendant's bail conditions are modified to permit weekly telephonic reporting. (Signed by Senior Judge I. L. Glasser on 2/20/03) (Rodriguez,Angela) (Entered: 02/24/2003) |
| 02/24/2003 | 413 | SEALED DOCUMENT as to Walter Durchalter in 1:00-cr-00196. (Rodriguez,Angela) (Entered: 02/25/2003) |
| 02/28/2003 | 414 | ORDER as to Lawrence Ray in 1:00-cr-00196 endorsed on letter dated 2/27/03 from Edward McDonald to Judge Glasser. Sentencing is adjourned to 4/9/03 at 10:00. (Signed by Senior Judge I. L. Glasser on 2/27/03) (Rodriguez,Angela) (Entered: 03/03/2003) |
| 03/25/2003 | 415 | MOTION by Abraham Salaman in 1:00-cr-00196 to declare the restitution provision in the 5/9/02 J & C void and unenforceable. (Signed by Senior Judge I. L. Glasser on 03/26/2003) (Entered: 03/26/2003) |
| 03/25/2003 | 416 | MEMORANDUM by Abraham Salaman in 1:00-cr-00196 in support of [415-1] motion to declare the restitution provision in the 5/9/02 J & C void and unenforceable. (Rodriguez,Angela) (Entered: 03/26/2003) |
| 03/25/2003 | 417 | Exhibit list by Abraham Salaman in 1:00-cr-00196 in support of motion to declare restitution unenforceable. (Rodriguez,Angela) (Entered: 03/26/2003) |
| 03/28/2003 | 418 | SCHEDULING ORDER as to Abraham Salaman: The government shall file a response to defendant's motion to declare restitution unenforceable by 4/16/03; reply by 4/22/03. A hearing is set for 4/25/03 at 10:00. (Signed by Senior Judge I. L. Glasser on 3/26/03) (Rodriguez,Angela) (Entered: 03/28/2003) |
| 04/01/2003 | 419 | CERTIFICATE OF SERVICE: Legal notice as to Larry Berman published on 2/3/03, 2/10/03, and 2/17/03. (Rodriguez,Angela) Modified on 04/01/2003 (Entered: 04/01/2003) |
| 04/01/2003 | 420 | CERTIFICATE OF SERVICE as to John Cioffoletti: Legal notice published on 2/3/03, 2/10/03, and 2/17/03. (Rodriguez,Angela) (Entered: 04/01/2003) |

| Date | No. | Docket Text |
|---|---|---|
| 04/01/2003 | | FINAL ORDER OF FORFEITURE as to Angela Salaman. Legal notice published on 1/31/03, 2/3/03, and 2/10/03. (Rodriguez,Angela) (Entered: 04/01/2003) |
| 04/01/2003 | 422 | CERTIFICATE OF SERVICE as to Abraham Salaman: Legal notice published on 1/31/03, 2/3/03, and 2/10/03. (Rodriguez,Angela) (Entered: 04/01/2003) |
| 04/09/2003 | 423 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 4/9/03 for setencing. Defendant placed on probation for 5 years, to serve 9 months of home confinement. Defendant to perform 300 hours of community service. Defendant fined $5000 and assessed $100. (Rodriguez,Angela) (Entered: 04/11/2003) |
| 04/09/2003 | | Sentencing held Lawrence Ray (17) count(s) 10. (Rodriguez,Angela) (Entered: 04/11/2003) |
| 04/10/2003 | 424 | JUDGMENT Lawrence Ray (17) count(s) 10. Defendant sentenced to 5 years probation, to serve 9 months of home confinement. Special condition: 300 hours of community service. Fine: $5000. Special assessment: $100. (Signed by Senior Judge I. L. Glasser on 4/9/03) (Rodriguez,Angela) (Entered: 04/11/2003) |
| 04/10/2003 | | DISMISSAL of Count(s) on Government Motion as to Lawrence Ray in 1:00-cr-00196 Counts Dismissed: Lawrence Ray (17) count(s) 9. (Rodriguez,Angela) (Entered: 04/11/2003) |
| 04/14/2003 | 425 | LETTER dated 4/7/03 from Edward McDonald to Judge Glasser requesting that sentencing be adjourned for approximately 4 weeks. (Rodriguez,Angela) (Entered: 04/15/2003) |
| 04/16/2003 | 426 | ORDER as to Abraham Salaman in 1:00-cr-00196 endorsed on letter dated 4/14/03 from Eric Corngold to Judge Glasser. The scheduling order is amended as follows: government's response due 4/23/03; reply by 4/29/03. A hearing is scheduled for 5/2/03 at 10:00. (Signed by Senior Judge I. L. Glasser on 4/15/03) (Rodriguez,Angela) (Entered: 04/16/2003) |
| 04/18/2003 | 427 | LETTER dated 4/14/03 from Eric Corngold to Judge Glasser requesting that the scheduling order for defendant Salaman's motion be adjourned for one week. (Rodriguez,Angela) (Entered: 04/21/2003) |
| 04/21/2003 | 429 | LETTER dated 4/21/03 from Sarah Lum to Judge Glasser enclosing a proposed consent Final Order of Forfeiture as to defendant Ciolfoletti. (Rodriguez,Angela) (Entered: 04/25/2003) |
| 04/21/2003 | 431 | LETTER dated 4/21/03 from Sarah Lum to Judge Glasser enclosing a Final Order of Forfeiture as to defendant Palagonia. (Rodriguez,Angela) (Entered: 04/25/2003) |
| 04/21/2003 | 433 | LETTER dated 4/21/03 from Sarah Lum to Judge Glasser enclosing a Final Consent Order of Forfeiture as to defendant Salaman. (Rodriguez,Angela) (Entered: 04/25/2003) |
| 04/22/2003 | 463 | ORDER as to Daniel Lev endorsed on letter dated 4/22/03 from Jeffrey Lichtman to Judge Glasser. Defendant is granted a modification of supervision as requested. Signed by Judge I. Leo Glasser on 4/22/03. (Rodriguez, Angela) (Entered: 10/22/2003) |
| 04/23/2003 | 428 | Government's memorandum in response to defendant's motion for an order declaring this court's restitution order void. (Rodriguez,Angela) (Entered: 04/24/2003) |
| 04/24/2003 | | FINAL ORDER Directing Forfeiture of Property as to John Cioffoletti in 1:00-cr-00196. Certified copies forwarded to parties. (Signed by Senior Judge I. L. Glasser on 4/22/03) (Rodriguez,Angela) (Entered: 04/25/2003) |
| 04/25/2003 | 432 | FINAL ORDER Directing Forfeiture of Property as to Alfred Palagonia in 1:00-cr-00196. Certfied copies sent to AUSA. (Signed by Senior Judge I. L. Glasser on 4/22/03) (Rodriguez,Angela) (Entered: 04/25/2003) |
| 04/25/2003 | | FINAL ORDER Directing Forfeiture of Property as to Abraham Salaman in 1:00-cr-00196. Certified copies sent to AUSA. (Signed by Senior Judge I. L. Glasser on 4/22/03) (Rodriguez,Angela) (Entered: 04/25/2003) |
| 04/29/2003 | | Certified and transmitted the Record on Appeal to U.S. Court of Appeals as to Frank Coppa Sr., re: [369-1] appeal and [368-1] appeal. The following documents were sent: A certified Clerk's certificate with a certified docket sheet, four copies of the index, and documents # 1-2, 9, 22, 35-37, 54, 59, 80, 88-89, 91, 112-113, 126, 132, 134, 139, 149, 182, 193, 208, 230-233, 299, 315, 341, 352, 354, 362-365, 367-369, 379, 402, 410. Documents # 402 and 410 were transmitted to the USCA as sealed documents. The Record on Appeal, as to Frank Coppa, Sr., was transmitted to the USCA as per the direction of the USDC, EDNY Clerk of Court. Acknowledgement requested. (Jackson, Joshua) (Entered: 05/22/2003) |
| 04/29/2003 | 435 | REPLY MEMORANDUM by Abraham Salaman in 1:00-cr-00196 in support of [415-1] motion to declare the restitution provision in the 5/9/02 J & C void and unenforceable. (Rodriguez,Angela) (Entered: 04/30/2003) |
| 05/01/2003 | 439 | Minute Entry for proceedings held before I. Leo Glasser:Motion Hearing as to Abraham Salaman held on 5/1/2003 re 415 Motion to declare restitution unenforceable. Order of restitution to be vacated. Eric Corngold to submit an order. Decision reserved on remaining issues. (Rodriguez, Angela) (Entered: 05/13/2003) |
| 05/08/2003 | 436 | LETTER dated 05/06/03 from Eric Corngold to Judge Glasser, informing the court that The Government agrees with the indication that this Court's restitution order should be vacated and that a new restitution order should not be entered. (Sica, Michele) (Entered: 05/08/2003) |
| 05/08/2003 | 437 | LETTER dated 5/6/03 from Eric Corngold to Judge Glasser advising that the government agrees that the court's restitution order should be vacated and that a new order should not be entered. (Rodriguez,Angela) (Entered: 05/09/2003) |
| 05/08/2003 | 438 | ORDER as to Abraham Salaman in 1:00-cr-00196 granting [415-1] motion to declare the restitution provision in the 5/9/02 J & C void and unenforceable as to Abraham Salaman (18). The existing order of restitution is hereby vacated. (Signed by Senior Judge I. L. Glasser on 5/6/03) (Rodriguez,Angela) (Entered: 05/09/2003) |
| 05/15/2003 | 440 | Minute Entry for proceedings held before I. Leo Glasser: Sentencing held on 5/15/2003 for Larry Berman (6), Count(s) 1, 2, 3, 4, 6, 7, 8, Dismissed on government's motion.; Count(s) 5, Defendant sentenced to 3 years probation. Defendant fined $5000 and assessed $100. Defendant to perform 100 of community service. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/19/2003 | 443 | Certificate of Service by USA as to Alfred Palagonia. Final Decree of Forfeiture executed. $400,00.00 was transferred into the asset forfeiture fund on 5/8/03. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/19/2003 | 444 | Certificate of Service by USA as to John Cioffoletti. Order of forfeiture executed. $110,00.00 was transferred into the asset forfeiture fund on 5/8/03. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/19/2003 | | Certificate of Service by USA as to John Cioffoletti. Order of forfeiture executed. $110,00.00 was transferred into the asset forfeiture fund on 5/8/03. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/19/2003 | 446 | Certificate of Service by USA as to Abraham Salaman. Final Order of Forfeiture executed. $50,000.00 was transferred into the asset forfeiture fund on 5/8/03. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/20/2003 | 442 | FINAL ORDER DIRECTING FORFEITURE OF PROPERTY as to Edmond Nagel. Signed by Judge I. Leo Glasser on 5/20/03. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/22/2003 | 441 | JUDGMENT as to Larry Berman (6), Count(s) 1, 2, 3, 4, 6, 7, 8, Dismissed on government's motion. Count(s) 5, Defendant sentenced to 3 years probation. Defendant fined $5000 and assessed $100. Defendant to perform 100 of community service. Signed by Judge I. Leo Glasser on 5/15/03. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/22/2003 | 447 | Letter dated 5/14/03 from Eric Corngold to Judge Glasser advising that the government is unable to provide victim losses. The government submits that the defendant should not be ordered to pay restitution. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/28/2003 | 448 | SEALED PRE-SENTENCE REPORT (McGee, Mary Ann) (Entered: 05/29/2003) |
| 05/29/2003 | 449 | Transmitted Supplemental Record on Appeal as to Frank Coppa Sr. re 368 Notice of Appeal - Final Judgment, Appeal - Miscellaneous, 379 Appeal - Miscellaneous,, 369 Notice of Appeal - Final Judgment, Appeal - Miscellaneous. This supplemental record consists of document #448. It was requested by V. Singleton - Intake Section, U.S.C.A. It is being sent to her attention. Acknowledgment requested. (McGee, Mary Ann) (Entered: 05/29/2003) |
| 06/04/2003 | 452 | Letter dated 6/4/03 from Sarah Lum to Judge Glasser enclosing a proposed final order of forfeiture as to Larry Berman. (Rodriguez, Angela) (Entered: 06/10/2003) |
| 06/04/2003 | 455 | Amended Record from USCA received re: Acknowledgment signed by PSK on 5/30/03.USCA#02/1274.(Drayton, Lorraine) (Entered: 06/13/2003) |
| 06/05/2003 | 450 | TRANSCRIPT of Proceedings as to Abraham Salaman held on 5/1/03 before Judge Glasser (hearing). Court Reporter: Gene Rudolph. (Rodriguez, Angela) (Entered: 06/05/2003) |
| 06/06/2003 | 451 | FINAL ORDER DIRECTING FORFEITURE OF PROPERTY as to Larry Berman. Signed by Judge I. Leo Glasser on 6/4/03. (Rodriguez, Angela) (Entered: 06/10/2003) |
| 06/09/2003 | 453 | Letter dated 5/22/03 from Magdelyn Baez, USPO, to Judge Glasser requesting clarification of the Court's order to vacate restitution as to defendant Salaman. (Rodriguez, Angela) (Entered: 06/12/2003) |
| 06/09/2003 | 454 | Letter dated 6/3/03 from Judge Glasser to Magdelyn Baez, USPO. The government is in the process of drafting an order addressing the clarification sought re: order vacating defendant Salaman's restitution order. (Rodriguez, Angela) (Entered: 06/12/2003) |
| 06/26/2003 | 456 | MANDATE of USCA (certified copy), re: 368 Notice of Appeal and 369 Notice of Appeal. It is ORDERED that the case is REMANDED so that the District Court may revise the restitution payment schedule to clarify what schedule payment was intended. It is FURTHER ORDERED that the government's motion to dismiss the appeal is GRANTED. Issued as mandate: 6/24/03. USCA # 02-1274. Judge notified. Acknowledgment sent to USCA. (Jackson, Joshua) (Entered: 06/30/2003) |
| 07/17/2003 | 457 | ORDER CLARIFYING CONDITIONS OF PROBATION as to Abraham Salaman. (Signed by Judge I. Leo Glasser on 7/14/03). (Piper, Francine) (Entered: 07/17/2003) |
| 07/25/2003 | 458 | Certificate of Service by USA as to Larry Berman: $300,00 was transferred into the asset forfeiture fund on 6/16/03. A check in the amount of $300,000 was deposited into the fund on 6/16/03. (Rodriguez, Angela) (Entered: 07/29/2003) |
| 07/25/2003 | 459 | Certificate of Service by USA as to Edmond Nagel: $100,000 and $350,000 transferred into the asset forfeiture fund on 6/16/03. (Rodriguez, Angela) (Entered: 07/29/2003) |
| 08/04/2003 | 460 | Certificate of Service by USA as to Frank Coppa Sr., Ernest Montevecchi, Daniel Persico, Jack Basile, Rocco Basile, Larry Berman, John Cioffoletti, John Doukas, Walter Durchalter, Edward Garafola, Daniel Lev, Eugene Lombardo, Edmond Nagel, Alfred Palagonia, Frank Coppa, Joseph Polito Sr., Lawrence Ray, Abraham Salaman, Giuseppe Temperino, For a final order of forfeiture. service upon Condor Capital, Inc. stock certificate numbers 0663 and 0664 c/o United States Marshals Service. date 7/8/03.; Condor Capital Inc stock certificate #0663 and #0664 were destroyed by shredding at 225 Cadman Plaza E. room G-80, Brooklyn, NY on 07/08/03. (Sica, Michele) (Entered: 08/08/2003) |
| 08/14/2003 | 461 | Appeal record returned as to Frank Coppa Sr. containing documents numbered 1, 2, 9, 22, 35-37, 54, 5, 63, 80, 88, 89, 91, 112, 113, 126, 132, 134, 139, 139, 149, 182, 193, 208, 230-232, 299, 315, 341, 352, 354, 362-379, (402, 410 SEALED) USCA#02/1274. (Drayton, Lorraine) (Entered: 08/14/2003) |
| 08/27/2003 | 462 | ORDER as to Giuseppe Temperino endorsed on memorandum from Probation Dept. Defendant is granted a modification of supervision as requested. Signed by Judge Frederic Block on 8/25/03. (Rodriguez, Angela) (Entered: 08/27/2003) |
| 12/18/2003 | 464 | ORDER as to Daniel Lev endorsed on letter dated 12/2/03 from Jeffrey Lichtman to Judge Glasser. Defendant is granted a modification of supervision as requested. Signed by Judge I. Leo Glasser on 12/2/03. (Rodriguez, Angela) (Entered: 12/19/2003) |
| 12/22/2003 | 465 | ORDER as to Walter Durchalter endorsed on letter dated 12/18/03 from Eric Corngold to Judge Glasser. Se3ntencing is adjourned to 2/12/04 at 10:00. Signed by Judge I. Leo Glasser on 12/18/03. (Rodriguez, Angela) (Entered: 12/22/2003) |
| 01/15/2004 | 467 | MOTION for Leave to Appear pro hac vice Attorney: Michael V. Gilberti. by Lawrence Ray. (Rodriguez, Angela) (Entered: 01/26/2004) |
| 01/15/2004 | 468 | ORDER as to Lawrence Ray re 467 MOTION for Leave to Appear pro hac vice filed by Lawrence Ray. Attorney Michael V. Gilberti admitted as counsel. Signed by Judge I. Leo Glasser on 1/16/04. (Rodriguez, Angela) (Entered: 01/26/2004) |
| 01/15/2004 | | Attorney update in case as to Lawrence Ray. Attorney Michael V. Gilberti for Lawrence Ray added. Attorney Jonathan S. Sack terminated. (Rodriguez, Angela) (Entered: 01/26/2004) |
| 01/23/2004 | 466 | AFFIDAVIT of Thomas Roth submitted in response to Lawrence Ray's claim of constitutional ineffective assistance of counsel. (Rodriguez, Angela) (Entered: 01/23/2004) |
| 02/23/2004 | 469 | SEALED DOCUMENT filed. (Rodriguez, Angela) (Entered: 03/02/2004) |
| 03/12/2004 | 470 | ORDER as to Walter Durchalter endorsed on letter dated 3/11/04 from Michael Bachner to Judge Glasser. Sentencing is adjourned to 5/4/04 at 10:00. Signed by Judge I. Leo Glasser on 3/12/04. (Rodriguez, Angela) (Entered: 03/16/2004) |
| 04/06/2004 | 471 | Letter from Michael V.Gilberti to Judge Glasser dtd. 3/26/04 reply to Gov't opposition to Mr Ray's motion for reconsideration. (Jackson, Ramona) (Entered: 04/06/2004) |
| 04/30/2004 | 472 | ORDER as to Walter Durchalter endorsed on letter dated 4/29/04 from Michael Bachner Judge Glasser. Sentencing is adjourned to 5/28/04 at 10:00. Signed by Judge I. Leo Glasser on 4/29/04. (Rodriguez, Angela) (Entered: 05/07/2004) |
| 05/27/2004 | 473 | ORDER as to Walter Durchalter, Requesting the adjournment of Mr. Durchhalter's May 298th 2004 sentencing until 06/14/04 (see letter dtd 05/25/04 . Signed by Judge I. Leo Glasser on 05/25/04. (Sica, Michele) (Entered: 05/27/2004) |

| Date | Doc | Description |
|---|---|---|
| 06/08/2004 | | Case ... to Michael V. Gilberti attorney ... Lawrence Ray (Sica, Michele) (Entered: 06/08/2004) |
| 06/08/2004 | | ORDER as to Lawrence Ray, This Motion for a certificate of appealability is DENIED for the reason that the applicant has not made a substantial showing of a denial of a constitutional right. (Endorsed on motion Doc #474) . Signed by Judge I. Leo Glasser on 6/4/04. (Sica, Michele) (Entered: 06/08/2004) |
| 06/08/2004 | 475 | AFFIDAVIT of Michael V. Gilberti attorney for Lawrence Ray, in support of motion for a certificate of appealability (Sica, Michele) (Entered: 06/08/2004) |
| 06/14/2004 | 476 | Minute Entry for proceeding-held before I. Leo Glasser :Sentencing held on 6/14/04 for Walter Durchalter (9), Count(s) 1, 10, 11, 12, 2, 3, 5, 8, 9, Dismissed on governments motion; Count(s) 4, 6, 7, Imprisonment for a total term of 24 months, the court recommends that the defendant be designated to a facility in the New York area. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2p.m. on 08/23/04. Supervised release for a Three year term. Special Assessment of $200.00 and Fine of $50,000.00. The other nine counts are dismissed on the motion of the United States. Defense Counsel: Michael Bachner, AUSA: Eric Corngold. (Court Reporter Henry Shapiro.) (Sica, Michele) (Entered: 06/29/2004) |
| 06/14/2004 | 477 | JUDGMENT as to Walter Durchalter (9), Count(s) 1, 10, 11, 12, 2, 3, 5, 8, 9, Dismissed on governments motion; Count(s) 4, 6, 7, Imprisonment for a total term of 24 months, The court recommends that the defendant be designated to a facility in the New York area. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2p.m. on 08/23/04. Supervised release for a Three year term. Special Assessment of $200.00 and Fine of $50,000.00. The other nine counts are dismissed on the motion of the United States. Signed by Judge I. Leo Glasser on 6/14/04. (Sica, Michele) (Entered: 06/29/2004) |
| 08/27/2004 | 478 | ORDER as to Walter Durchalter, GRANTING that the defendants surrender date be adjourned until 09/19/04. (see ltr dtd 8/19/04) . Signed by Judge I. Leo Glasser on 8/20/04. (Sica, Michele) (Entered: 08/27/2004) |
| 09/10/2004 | 479 | Appeal 1st SUPPLEMENTAL record returned from the Court of Appeals containing document number #448. (Copy of this form returned for Fred Nunnery c/o Court of Appeals.) USCA#02/1274.(Drayton, Lorraine) (Entered: 09/10/2004) |
| 09/27/2004 | 480 | Sealed Document placed in vault (Sica, Michele) (Entered: 09/27/2004) |
| 10/20/2004 | 481 | Notice of MOTION for Early Termination of Probation for Larry Berman (6) Count 5 by Larry Berman. (Sica, Michele) (Entered: 10/20/2004) |
| 10/20/2004 | 482 | ORDER as to Larry Berman, That, the term of Probation imposed by this Court on May 15, 2003 in this matter be and is hereby terminated . Signed by Judge I. Leo Glasser on 10/15/04. (Sica, Michele) (Entered: 10/20/2004) |
| 01/25/2006 | 483 | NOTICE OF ATTORNEY APPEARANCE: J. Bruce Maffeo appearing for Lawrence Ray J. Bruce Maffeo is Substituting in for Michael V. Gilberti for the purpose of a violation of probation by Lawrence Ray, defendant. (Maffeo, J.) (Entered: 01/25/2006) |
| 01/30/2006 | | Minute Entry: Case called before Judge I. Leo Glasser on 1/30/06 for Violation of Probation Hearing as to defendant Lawrence Ray. AUSA: Eric Corngold. Defense Counsel: Bruce Maffeo. Court Reporter: Anthony Frisolone. Defendant enters a plea of Guilty to Violations 2A, 2B and 3. Defendant is sentenced to 6 months of imprisonment. After the term of imprisonment is completed, defendant's supervised release shall be reinstated for the same period of time as |

| Date | Doc | Description |
|---|---|---|
| | | the medications prescribed ... court recommends that the defendant be designated to a facility in the Hudson County, NJ area. The court further recommends that defendant be given his prescribed medications. (Johnson, Tanya) (Entered: 01/30/2006) |
| 02/06/2006 | 484 | Violation Probation/Supervised Release Order as to Lawrence Ray . Ordered by Judge I. Leo Glasser on 1/30/06. (Sica, Michele) (Entered: 02/06/2006) |
| 03/15/2006 | 485 | ORDER as to Daniel Persico; The Court orders the modification of conditions as noted above . Ordered by Judge I. Leo Glasser on 3/13/06. (Request for Modification of Release Conditions and Waiver of Hearing to Modify Conditions attached) (Fernandez, Erica) (Entered: 03/15/2006) |
| 09/25/2006 | 486 | ORDER Granted as to Aleks Paul for the request to travel on business . Ordered by Judge I. Leo Glasser on 9/5/06. (Sica, Michele) (Entered: 09/25/2006) |
| 12/27/2006 | 487 | ORDER FOR THE REQUEST FOR MODIFYING THE CONDITIONS OR TERMS OF SUPERVISION as to Walter Durchalter. The Court Orders the modification of conditions: the defendant shall make payments in the amount of $200 per month towards his fine . Ordered by Judge I. Leo Glasser on 12/22/06. (Sica, Michele) (Entered: 12/27/2006) |
| 02/06/2007 | 489 | ORDER FOR ISSUANCE of ARREST WARRANT as to Lawrence Ray. Ordered by Judge I. Leo Glasser on 2/6/2007. (Abdallah, Fida) (Entered: 06/18/2007) |
| 05/29/2007 | 488 | ENDORSED ORDER on letter dated May 29, 2007, from Rosiani L. Schuricht, U.S. Probation Officer, to Judge Glasser: Request for provisions to be installed as to Aleks Paul's travel request is GRANTED. See attached for details. Ordered by Judge I. Leo Glasser on 5/29/2007. (Abdallah, Fida) (Entered: 05/29/2007) |
| 06/14/2007 | 490 | Arrest Warrant Returned Executed on 6/13/2007 in case as to Lawrence Ray. (Abdallah, Fida) (Entered: 06/18/2007) |
| 06/15/2007 | 491 | Minute Entry for proceedings held before Hon. Viktor V. Pohorelsky: Initial Appearance re Revocation of Probation as to Lawrence Ray held on 6/15/2007. Appearances: AUSA Jonathan Green and Def counsel Louis Freeman. Bail hearing set for 6/21 @ 2:30 before Judge Glasser. Dft arraigned on the violation of probation. Status conference set for 6/21/07 @ 2:30 p.m. before Judge Glasser. Temporary Order of detention entered. (Log # 4:18 - 4:27) (Abdallah, Fida) (Entered: 06/18/2007) |
| 06/15/2007 | 492 | CJA 20: Appointment of Attorney Louis M. Freeman for Dft Lawrence Ray. Ordered by Judge Viktor V. Pohorelsky on 6/15/2007. (Abdallah, Fida) (Entered: 06/18/2007) |
| 06/15/2007 | 493 | ORDER OF TEMPORARY DETENTION Pending Hearing Pursuant to Bail Reform Act as to Lawrence Ray: It is Ordered that a detention hearing is set for 6/21/2007 at 2:30 before Judge Glasser. Ordered by Judge Viktor V. Pohorelsky on 6/15/2007. (Abdallah, Fida) (Entered: 06/18/2007) |
| 07/11/2007 | | Minute Entry for proceedings held before I. Leo Glasser:Probation Revocation Hearing as to Lawrence Ray held on 7/11/2007. AUSA Jonathan Green for the Government. Louis Freeman for Defendant. Probation Officer Robert Anton. Defendant was arraigned and pled NOT GUILTY to charges ONE (1) to SIX(6). Defense Counsel made a bail application. Application was DENIED pending more information. An Evidentiary Hearing is scheduled for July 19, 2007 at 11:30 am. Defendant remains in custody. (Court Reporter Diane Molas.) (Francis, Ogoro) (Entered: 07/11/2007) |

| Date | Doc | Description |
|---|---|---|
| 07/18/2007 | 494 | ORDER That DYFS is to produce Talia Ray for the within referenced hearing as to Lawrence Ray on July 19, 2007 at 10:30 am before the Honorable I Leo glasser. Ordered by Judge I. Leo Glasser on 7/17/07. (Sica, Michele) (Entered: 7/17/2007) |
| 07/18/2007 | 495 | Letter Concerning the Defendant's Violation Hearing as to Lawrence Ray (Green, Jonathan) (Entered: 07/18/2007) |
| 07/19/2007 | 496 | CJA 23 Financial Affidavit by Lawrence Ray. (Lee, Tiffeny) (Entered: 07/19/2007) |
| 07/23/2007 | | Minute Entry for proceedings held before I. Leo Glasser: Probation Revocation Hearing as to Lawrence Ray held on 7/19/2007. AUSA Jonathan Green on behalf of the Government. Defense Counsel Louis Freeman on behalf of defendant. Probation Officer Robert Anton. A hearing was held, Testimony was heard from witnesses. Charge # One(1) was dismissed by the Court. The Court found the Defendant GUILTY On Charges Three (3), Four(4), Five (5) and Six(6). As to Charge Two(2). The Court is giving Defense Counsel time to provide sufficient evidence in regards to pending Charge. Hearing will be continued on July 31, 2007 at 10am, where a Final determination of Charges will be made. Defendant remains in Custody. (Court Reporter Fred Guerino 718-613-2503.) (Francis, Ogoro) (Entered: 07/23/2007) |
| 07/30/2007 | 497 | Letter (Adjournment Request) as to Lawrence Ray (Freeman, Louis) (Entered: 07/30/2007) |
| 07/31/2007 | | A Preliminary Revocation Hearing as to Lawrence Ray was held on 7/31/2007 before Senior District Judge, I. Leo Glasser. AUSA Jonathan Green appeared on behalf of the Government. Louis Freeman appeared on behalf of the Defendant Ray, who was not present for the proceedings. As per Mr. Freeman's letter regarding adjourning the proceedings until September 2007, request was GRANTED by the Court. The case has been adjourned to September 11, 2007 at 11am. Defendant remains in custody. (Court Reporter Gene Rudolph.) (Francis, Ogoro) (Entered: 07/31/2007) |
| 09/10/2007 | 498 | Letter Requesting an adjournment as to Lawrence Ray (Freeman, Louis) (Entered: 09/10/2007) |
| 09/12/2007 | 499 | ORDER as to Lawrence Ray GRANTED for the adjournment of sentencing from 09-11-07 until 10-19-07 at 11:00 am. Ordered by Judge I. Leo Glasser on 9/10/07. (Sica, Michele) (Entered: 09/12/2007) |
| 10/16/2007 | | A Status Conference as to Lawrence Ray was held on 10/16/2007 before the Honorable I. Leo Glasser. AUSA Jonathan Green appeared on behalf of the Government. Defense Counsel Louis Freeman appeared on behalf of the defendant. The Court was informed by the U.S. Marshall's, that the defendant was not feeling well this morning, therefore he was not produced. Defense Counsel relayed to the Court that he and his client had some issues. The Court advised Defense Counsel that he would not hear anything on the matter. The Court advised Defense Counsel that if he had any applications, he should make it by writing to the Court. (Court Reporter Shelly Silverman.) (Francis, Ogoro) (Entered: 10/16/2007) |
| 10/18/2007 | 500 | Letter request for adjournment of court appearance as to Lawrence Ray (Freeman, Louis) (Entered: 10/18/2007) |
| 10/18/2007 | 501 | ORDER as to Lawrence Ray GRANTED for the adjournment of Court matter from 10-19-07 until 11-08-07 at 10:00 am. Ordered by Judge I. Leo Glasser on 10/18/07. (Sica, Michele) (Entered: 10/18/2007) |
| 10/30/2007 | 502 | TRANSCRIPT of Status Conference/VOP as to Lawrence Ray held on 10/16/2007 before Judge I. Leo Glasser. Court Reporter: Sheldon Silverman. (Brucella, Michele) (Entered: 10/30/2007) |

| Date | Doc | Description |
|---|---|---|
| 11/02/2007 | 503 | TRANSCRIPT of Arraignment as to Lawrence Ray held on June 15, 2007 before Judge Pohorelsky. Transcript produced by Transcription Plus II. (Rocco, Christine) (Entered: 11/02/2007) |
| 11/05/2007 | 504 | TRANSCRIPT of violation of supervised release Proceedings as to Lawrence Ray held on 7/11/07 before Judge Glasser. AUSA: Jonathan Green, Defense Attny: Louis Freeman. Court Reporter: Alan Sherman. (Sica, Michele) (Entered: 11/05/2007) |
| 11/07/2007 | 505 | Letter Requesting a Brief Adjournment as to Lawrence Ray (Freeman, Louis) (Entered: 11/07/2007) |
| 11/07/2007 | 506 | ORDER as to Lawrence Ray re 505 Letter DENIED. So Ordered by Judge I. Leo Glasser on 11/7/2007. (Toribio, Winnetka) (Entered: 11/07/2007) |
| 11/07/2007 | | NOTICE OF HEARING as to Lawrence Ray: Final Probation Revocation Hearing RESCHEDULED for 12/14/2007 at 10:00 AM in 8B South before Senior-Judge I. Leo Glasser. (Francis, Ogoro) (Entered: 11/07/2007) |
| 12/11/2007 | 507 | MOTION to Continue Violation hearing by Lawrence Ray. (Freeman, Louis) (Entered: 12/11/2007) |
| 12/11/2007 | 508 | NOTICE OF ATTORNEY APPEARANCE: Sidney Baumgarten appearing for Lawrence Ray (Baumgarten, Sidney) (Entered: 12/11/2007) |
| 12/12/2007 | 509 | ORDER as to Lawrence Ray GRANTING the request for the adjournment of the violation of supervised release hearing scheduled for 12/14/07 until 01/25/08 @ 10:30 a.m.. Ordered by Senior Judge I. Leo Glasser on 12/11/07. (Sica, Michele) (Entered: 12/12/2007) |
| 12/18/2007 | | Incorrect Case-Document Information filed as to Lawrence Ray. Docket entry #510, previously filed as an Order Modifying Conditions or Term of Supervision as to Hannah Kakish, on 12/12/07 has been deleted. (Brucella, Michele) (Entered: 12/18/2007) |
| 12/20/2007 | 510 | TRANSCRIPT of Conference as to Lawrence Ray held on 7/31/2007 before Judge Glasser. Court Reporter:Gene Rudolph. (Toribio, Winnethka) (Entered: 12/20/2007) |
| 12/27/2007 | | Motions terminated as to Lawrence Ray: 507 MOTION to Continue Violation hearing filed by Lawrence Ray.Order Endorsed on Doc #509. Ordered by Senior Judge I. Leo Glasser on 12/27/2007. (Francis, Ogoro) (Entered: 12/27/2007) |
| 01/25/2008 | 511 | Minute Entry for proceedings held before Senior Judge I. Leo Glasser: For a Final Hearing re Revocation of Supervised Release as to Lawrence Ray held on 1/25/2008. Case called. Defts appear with counsel. Final revocation hearing held. Deft reinstated to supervision. Sentencing held. Defendant was sentenced to time served. The current terms of supervision are to be continued (Court Reporter Marie Foley.) (Sica, Michele) (Entered: 01/29/2008) |
| 01/25/2008 | 512 | Violation Probation/Supervised Release Order as to Lawrence Ray IMPRISONMENT: TIME SERVED; SUPERVISED RELEASE: THE CURRENT SUPERVISED RELEASE TERMS ARE TO BE CONTINUED. Ordered by Senior Judge I. Leo Glasser on 1/25/08. (Sica, Michele) (Additional attachment(s) added on 2/11/2008: #1 page 4 of doc #512) (Sica, Michele). (Entered: 01/29/2008) |
| 03/01/2010 | 513 | ORDERfor Petition for Warrant or Summons for Offender Under Supervision as to Alfred Palagonia; The Courts Orders: The issuance of a Summons. U.S. Probation Officer Recommends that the Terms of Supervision should be Revoked. Ordered by Senior Judge I. Leo Glasser on 3/1/2010. (Sica, Michele) (Entered: 03/01/2010) |

| 03/11/2010 | ~~514~~ | ENDORSED ORDER as to Alfred Palagonia on Court Order re: The Motion on the Entitlements Noted Above. Ordered by Senior Judge I. Leo Glasser on 09/21/07. (Sica, Michele) (Entered: 03/11/2010) |
| 03/15/2010 | 515 | Summons Returned Executed on 03/01/10 as to Alfred Palagonia (Sica, Michele) (Entered: 03/17/2010) |
| 10/21/2010 | 516 | ENDORSED ORDER on (faxed) letter dtd. 10/21/10 filed by counsel J. DiBlasi as to Alfred Palagonia, granting his request that the Violation of Probation Hearing be adjrn'd. from 10/28 to 12/10/10. (Revocation Probation Hearing set for 12/10/2010 at 11:00 AM in Courtroom 8B South before Senior Judge I. Leo Glasser). So Ordered by Senior Judge I. Leo Glasser on 10/21/2010. (Layne, Monique) (Entered: 10/21/2010) |
| 12/08/2010 | 517 | ENDORSED ORDER re: letter (faxed) dated 12/7/10 from Joseph v. DiBlasi, Esq., requesting an adjournment of the conference as to Alfred Palagonia scheduled for 12/10/10. The application is granted, and the conference will take place on 1/7/11 at 10:30 a.m. in Courtroom 8B South before Senior Judge I. Leo Glasser. So Ordered by Senior Judge I. Leo Glasser on 12/8/2010. (Manuel, Germaine) (Entered: 12/09/2010) |

**PACER Service Center**

**Transaction Receipt**

12/14/2010 06:59:59

| **PACER Login:** | fo0569 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:00-cr-00196-ILG |
| **Billable Pages:** | 30 | **Cost:** | 2.40 |

CLOSED,APPEAL,MJSELECT

**U.S. District Court**
**Eastern District of New York (Brooklyn)**
**CRIMINAL DOCKET FOR CASE #: 1:00-cr-00196-ILG All Defendants**

Case title: USA v. Coppa et al      Date Filed: 03/01/2000
Other court case numbers: 1:98-cr-01069 RELATED CASE      Date Terminated: 06/14/2004
                   1:98-cr-01101 RELATED CASE
                   1:98-cr-01102 RELATED CASE
                   1:99-cr-00545 RELATED CASE

---

**Movant**

**Estate of Ernest Gottdiener**      represented by   **John F. Harwick**
                                     Hacker Murphy LLP
                                     7 Airport Park Blvd.
                                     Latham, NY 12110
                                     518-783-3843
                                     Fax: 518-783-8101
                                     Email: jharwick@hackermurphy.com
                                     *ATTORNEY TO BE NOTICED*

---

**Movant**

**Judith Gottdiener**      represented by   **John F. Harwick**
                                     (See above for address)
                                     *ATTORNEY TO BE NOTICED*

---

**Movant**

**Ervin Tausky**      represented by   **John F. Harwick**
                                     (See above for address)
                                     *ATTORNEY TO BE NOTICED*

---

**Movant**

**Suan Investments, Inc.**      represented by   **John F. Harwick**
                                     (See above for address)
                                     *ATTORNEY TO BE NOTICED*

---

Assigned to: Judge I. Leo Glasser

**Defendant (1)**

Court recommends Fort Dix. Defendant assessed .

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING. (1) | Open counts dismissed on government's motion. |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Open counts dismissed on government's motion. |
| 18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY. (3) | Open counts dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD. (4) | Open counts dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - MONEY LAUNDERING CONSPIRACY. (13) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 2 and 3551 et seq.- MONEY LAUNDERING. (14) | Open counts dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - CABLE SECURITIES FRAUD. (16) | Open counts dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - CABLE MONEY LAUNDERING CONSPIRACY. (17) | Open counts dismissed on government's motion. |

**Highest Offense Level (Terminated)**
Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

Assigned to: Judge I. Leo Glasser

**Defendant (2)**

---

**Pending Counts**

18:371 and 3551 et seq. - CABLE SECURITIES FRAUD CONSPIRACY. (15)

---

**Ernest Montevecchi**
*TERMINATED: 03/27/2002*
also known as
Butch

**Pending Counts**

18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2)

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | |
| --- | --- |
| 18:1956(h) and 3551 et seq. - MONEY LAUNDERING CONSPIRACY. (13) | |

---

William Coppa, Sr.      represented by   John B. Hansbury
*TERMINATED: 04/25/2002*                 Law Office of John B. Hansbury
                                     925 Westchester Avenue

                                     White Plains, NY 10604

                                     914-946-7432
                                     Fax: 914-946-3708
                                     Email: bhansburylaw@msn.com
                                     *TERMINATED: 04/25/2002*
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*
                                     *Designation: Retained*

                                     **Larry Bronson**
                                     Jay Goldberg, P.C.
                                     250 Park Avenue
                                     New York, NY 10022
                                     (212) 983-6000
                                     *TERMINATED: 04/25/2002*
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*
                                     *Designation: Retained*

                                     **Larry Bronson**
                                     Mr. Larry Bronson
                                     80 Pine Street
                                     New York, NY 10070
                                     *TERMINATED: 04/25/2002*
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*
                                     *Designation: Retained*

                                     **Nicholas Gregory Kaizer**
                                     Levitt & Kaizer
                                     40 Fulton Street, 23rd Floor
                                     New York, NY 10038-5077
                                     212 480-4000
                                     Fax: 212 480-4444
                                     Email: nkaizer@richardlevitt.com
                                     *TERMINATED: 04/25/2002*
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*
                                     *Designation: Retained*

**Disposition**

Defendant sentenced to 36 months imprisonment to be followed by 3 years of supervised release. Defendant to pay restitution in the amount of million. The

---

     represented by   **John B. Hansbury**
                                   (See above for address)
                                   *TERMINATED: 03/27/2002*
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*
                                   *Designation: Retained*

                                     **Joseph Aaron Bondy**
                                     20 Vesey Street
                                     Suite 1200
                                     New York, NY 10007
                                     212-219-3572
                                     Fax: 212-219-8456
                                     Email: josephbondy@mac.com
                                     *TERMINATED: 03/27/2002*
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*
                                   *Designation: Retained*

                                     **Joy Lucielle Vastola**
                                     17 Battery Place
                                     Suite 610
                                     New York, NY 10004
                                     (212) 248-2694
                                     *TERMINATED: 03/27/2002*
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*
                                   *Designation: Retained*

**Disposition**

Defendant sentenced to 36 months imprisonment to run concurrently with sentence defendant is currently serving, plus three years of supervised release. Defendant to make restitution in the amount of million during the period of supervised rel ease. The government is given 90 days to provide a list of victims and the amounts to be paid. The Court recommends incarceration at Fort Dix.

**Disposition**

Open counts dismissed on government's motion.

18:1956(a)(1)(A)(i), 2 and 3551 et seq.-
MONEY LAUNDERING.
(14)

**Highest Offense Level (Terminated)**
Felony

| Complaints | Disposition |
|---|---|
| None | |

Assigned to: Judge I. Leo Glasser

---

**Defendant (3)**
Daniel Persico                    represented by   **Joseph Giannini**
*TERMINATED: 02/26/2002*                            Joseph Giannini, Esq.
                                                    P.O. Box 1958
                                                    Amagansett, NY 01130
                                                    631-267-6666
                                                    Fax: 631-329-6368
                                                    Email: giannini43@yahoo.com
                                                    *TERMINATED: 02/26/2002*
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    Designation: Retained

| Pending Counts | Disposition |
|---|---|
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Defendant sentenced to 21 months imprisonment to be followed by 3 years of supervised release. Defendant assessed . The court recommends incarceration at Fort Dix or Otisville. Defendant to surrender on 5/1/02. |

**Highest Offense Level (Opening)**
Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1957-3300, 2 and 3551 et seq- INTERSTATE COMMERCE (1s) | Open counts dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - MONEY LAUNDERING CONSPIRACY. (13) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 2 and 3551 seq.- MONEY LAUNDERING. (14) | Open counts dismissed on government's motion. |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Counts 2, 6, 7 and 8 are dismissed by Goverment's motion in open court. |
| 15:78(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES (6) | Counts 2, 6, 7 and 8 are dismissed by Goverment's motion in open court. |
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY. (7) | Counts 2, 6, 7 and 8 are dismissed by Goverment's motion in open court. |
| 18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and 35512 et seq. - HOLLEY MONEY LAUNDERING. (8) | Counts 2, 6, 7 and 8 are dismissed by Goverment's motion in open court. |

**Highest Offense Level (Terminated)**
Felony

| Complaints | Disposition |
|---|---|
| None | |

Assigned to: Judge I. Leo Glasser

---

**Defendant (5)**
Rocco Basile                     represented by   **Michael F. Bachner**
*TERMINATED: 11/27/2001*                           Bachner & Herskovits, P.C.
                                                   26 Broadway
                                                   Suite 2310
                                                   New York, NY 10004
                                                   (212) 344-7778
                                                   Fax: 212-344-7774
                                                   Email: mb@bhlawfirm.com
                                                   *TERMINATED: 11/27/2001*
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*
                                                   Designation: Retained

                                                   **Stephen P. Scaring**
                                                   Stephen P. Scaring, P.C.
                                                   666 Old Country Road, Suite 501
                                                   Garden City, NY 11530
                                                   516/683/8500
                                                   Fax: 516-683-8410
                                                   Email: sscaring@scaringlaw.com
                                                   *TERMINATED: 11/27/2001*
                                                   *LEAD ATTORNEY*

---

**Highest Offense Level (Terminated)**
Felony

| Complaints | Disposition |
|---|---|
| None | |

Assigned to: Judge I. Leo Glasser

---

**Defendant (4)**
Jack Basile                      represented by   **Elizabeth E. Macedonio**
*TERMINATED: 10/26/2001*                           Elizabeth E. Macedonio, P.C.
                                                   42-40 Bell Blvd
                                                   Suite 302
                                                   Bayside, NY 11361
                                                   718-279-3770
                                                   Fax: 718-281-0850
                                                   Email: emacedonio@yahoo.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*
                                                   Designation: Retained

                                                   **John H. Jacobs**
                                                   260 Madison Avenue
                                                   22nd. Floor
                                                   New York, NY 10016
                                                   (212) 545-8087
                                                   *TERMINATED: 10/26/2001*
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*
                                                   Designation: Retained

| Pending Counts | Disposition |
|---|---|
| 18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY. (5) | AMENDED JUDGMENT: Defendant is sentenced to Count 5 and receives 37 months concurrent on each indictment with 99cr589; 3 years supervised release concurrent on each count with 99cr589; special assessment fee .00; restitution ,000.00 |

**Highest Offense Level (Opening)**
Felony

| Terminated Counts | Disposition |
|---|---|
| | |

*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| 18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY. (5) | Imprisonment of 44 months on each count to run concurrently. Supervised release of 3 years on each count to run concurrently. Special assessement of . Restitution of ,000,000.00. AMENDED To include on page 2 that deft receive treatmen t for substance abuse. |

**Highest Offense Level (Opening)**
Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Dismissed on govt's motion. |
| 15:78(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES (6) | Dismissed on govt's motion. |
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY. (7) | Dismissed on govt's motion. |
| 18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and 35512 et seq. - HOLLEY MONEY LAUNDERING. (8) | Dismissed on govt's motion. |

**Highest Offense Level (Terminated)**
Felony

| Complaints | Disposition |
|---|---|
| None | |

Assigned to: Judge I. Leo Glasser

---

**Defendant (6)**
Larry Berman                     represented by   **Amy E. Millard**
*TERMINATED: 05/22/2003*                           Clayman & Rosenberg
                                                   305 Madison Avenue
                                                   New York, NY 10165
                                                   Fax (212) 949-8255

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Robert T. Wolf**
Gerstein, Savage & Kaplowitz
101 east 52nd Street 9th Floor
New York, NY 10022
(212) 752-9700
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Stephen Robert LaCheen**
15th & Locust Streets
31st Floor, Lewis Tower Building
Philadelphia, PA 19102
(215) 735-5900
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| | |
|---|---|
| **Pending Counts** | **Disposition** |
| 18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY. (5) | Defendant sentenced to 3 years probation. Defendant fined and assessed . Defendant to perform 100 of community service. |
| **Highest Offense Level (Opening)** | |
| Felony | |
| **Terminated Counts** | **Disposition** |
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING. (1) | Dismissed on government's motion. |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Dismissed on government's motion. |
| 18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY. (3) | Dismissed on government's motion. |
| 15:78(b) and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD. (4) | Dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND | Dismissed on government's motion. |

| | |
|---|---|
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD. (4) | Defendant to surrender to institution before 2:00 pm on 5/6/02. Restitution to be paid: the amount of victims' losses are not yet ascertainable (final determination w ill be submitted on 6/14/02). Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with sentence in 01cr1049. The Court recommends Shock Incarceration Program, where defendant can receive substance abuse tr eatment. Defendant assessed (this includes assessment for 01cr1049). |
| 18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY. (5) | Defendant to surrender to institution before 2:00 pm on 5/6/02. Restitution to be paid: the amount of victims' losses are not yet ascertainable (final determination w ill be submitted on 6/14/02). Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with sentence in 01cr1049. The Court recommends Shock Incarceration Program, where defendant can receive substance abuse tr eatment. Defendant assessed (this includes assessment for 01cr1049). |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES (6) | Defendant to surrender to institution before 2:00 pm on 5/6/02. Restitution to be paid: the amount of victims' losses are not yet ascertainable (final determination w ill be submitted on 6/14/02). Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with sentence in 01cr1049. The Court recommends Shock Incarceration Program, where defendant can receive substance |
| 18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY. (9) | Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with sentence in 01cr1049. The Court recommends Shock Incarceration Program, where defendant can receive substance |

*DECEPTIVE DEVICES*
(6)

| | |
|---|---|
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY. (7) | Dismissed on government's motion. |
| 18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and 3551 et seq. - HOLLEY MONEY LAUNDERING. (8) | Dismissed on government's motion. |

**Highest Offense Level (Terminated)**
Felony

| | |
|---|---|
| **Complaints** | **Disposition** |
| None | |

Assigned to: Judge I. Leo Glasser

**Defendant (7)**
**John Cioffoletti**                         represented by   **Andrew J. Weinstein**
*TERMINATED: 03/18/2002*                     Weinstein & Mazurek PLLC
                                             521 Fifth Avenue
                                             Suite 3300
                                             New York, NY 10175-3399
                                             212-582-8900
                                             Fax: 212-582-8989
                                             Email: ajw@weinsteinmazurek.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*
                                             *Designation: Retained*

                                             **Michael F. Bachner**
                                             (See above for address)
                                             *TERMINATED: 03/18/2002*
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*
                                             *Designation: Retained*

| | |
|---|---|
| **Pending Counts** | **Disposition** |
| 18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY. (3) | Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with sentence in 01cr1049. The Court recommends Shock Incarceration Program, where defendant can receive substance abuse tr eatment. Defendant assessed (this includes assessment for 01cr1049). |
| | Defendant to surrender to institution before 2:00 pm on 5/6/02. Restitution to be paid: the amount of victims' losses are not yet ascertainable (final determination w ill be submitted on 6/14/02). |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD. (10) | Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with sentence in 01cr1049. The Court recommends Shock Incarceration Program, where defendant can receive substance abuse tr eatment. Defendant assessed (this includes assessment for 01cr1049). Defendant to surrender to institution before 2:00 pm on 5/6/02. Restitution to be paid: the amount of victims' losses are not yet ascertainable (final determination w ill be submitted on 6/14/02). |
| 18:371 and 3551 et seq. - CABLE SECURITIES FRAUD CONSPIRACY. (15) | Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with sentence in 01cr1049. The Court recommends Shock Incarceration Program, where defendant can receive substance abuse tr eatment. Defendant assessed (this includes assessment for 01cr1049). Defendant to surrender to institution before 2:00 pm on 5/6/02. Restitution to be paid: the amount of victims' losses are not yet ascertainable (final determination w ill be submitted on 6/14/02). |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - CABLE SECURITIES FRAUD. (16) | Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with sentence in 01cr1049. The Court recommends Shock Incarceration Program, where defendant can receive substance abuse tr eatment. Defendant assessed (this includes assessment for 01cr1049). Defendant to surrender to institution before 2:00 pm on 5/6/02. Restitution to be paid: the amount of victims' losses are not yet ascertainable (final determination w ill be |

**Highest Offense Level (Opening)**
Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING. (1) | Open counts dismissed on government's motion. |
| 18:1962(d) and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Open counts dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY. (7) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 35512 et seq. - HOLLEY MONEY LAUNDERING. (8) | Open counts dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY. (11) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING. (12) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - CABLE MONEY LAUNDERING. (18) | Open counts dismissed on government's motion. |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| None | |

---

Assigned to: Judge I. Leo Glasser

**Defendant (8)**

John Doukas
*TERMINATED: 08/09/2002*

represented by **Edward A. Mc Donald**
Dechert, LLP
30 Rockefeller Plaza
New York, NY 10112
212-698-3500
Email: edward.mcdonald@dechert.com
*TERMINATED: 08/09/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| | |
|---|---|
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY. (7) | Dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 35512 et seq. - HOLLEY MONEY LAUNDERING. (8) | Dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD. (10) | Dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY. (11) | Dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING. (12) | Dismissed on government's motion. |
| 18:371 and 3551 et seq. - CABLE SECURITIES FRAUD CONSPIRACY. (15) | Dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - CABLE MONEY LAUNDERING CONSPIRACY. (17) | Dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - CABLE MONEY LAUNDERING. (18) | Dismissed on government's motion. |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| None | |

---

Assigned to: Judge I. Leo Glasser

**Defendant (9)**

Walter Durchalter
*TERMINATED: 06/14/2004*
*also known as*
Dutch
*TERMINATED: 06/14/2004*

represented by **Michael F. Bachner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Robert S. Wolf**
Gersten, Savage, Kaplowitz, Wolf &
Marcus, LLP

---

**Martin Russo**
60 East 42nd. Street
8th FLoor
New York, NY 10165
Fax (212) 557-5587
*TERMINATED: 10/05/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| 18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY. (9) | Defendant sentenced to 9 months imprisonment to be followed by 3 years of supervised release. Defendant to perform 200 hours of community service. Restitution: million, payable to the Clerk of Court. Court recommends camp type facility- Allen wood or Otisville. Defendant to surrender to institution on 9/30/02. Defendant assessed . |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - CABLE SECURITIES FRAUD. (16) | Defendant sentenced to 9 months imprisonment to be followed by 3 years of supervised release. Defendant to perform 200 hours of community service. Restitution: million, payable to the Clerk of Court. Court recommends camp type facility- Allen wood or Otisville. Defendant to surrender to institution on 9/30/02. Defendant assessed . |

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING. (1) | Dismissed on government's motion. |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Dismissed on government's motion. |
| 18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY. (5) | Dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES (6) | Dismissed on government's motion. |

600 Lexington Avenue
9th Floor
New York, NY 10022
212-752-9700
Fax: 212-752-3868
*TERMINATED: 04/11/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD. (4) | Imprisonment for a total term of 24 months, The court recommends that the defendant be designated to a facility in the New York area. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2p.m. on 08/23/04. Supervised release for a Three year term. Special Assessment of $200.00 and Fine of $50,000.00. The other nine counts are dismissed on the motion of the United States. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES (6) | Imprisonment for a total term of 24 months, The court recommends that the defendant be designated to a facility in the New York area. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2p.m. on 08/23/04. Supervised release for a Three year term. Special Assessment of $200.00 and Fine of $50,000.00. The other nine counts are dismissed on the motion of the United States. |
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY. (7) | Imprisonment for a total term of 24 months, The court recommends that the defendant be designated to a facility in the New York area. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2p.m. on 08/23/04. Supervised release for a Three year term. Special Assessment of $200.00 and Fine of $50,000.00. The other nine counts are dismissed on the motion of the United States. |

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1962(c), 1963 and 3551 et seq. - RACKETEERING.
(1)

Disposition: Dismissed on governments motion

18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY.
(2)

Dismissed on governments motion

18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY.
(3)

Dismissed on governments motion

18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY.
(5)

Dismissed on governments motion

18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and 35512 et seq. - HOLLEY MONEY LAUNDERING.
(8)

Dismissed on governments motion

18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY.
(9)

Dismissed on governments motion

15:78(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD.
(10)

Dismissed on governments motion

18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY.
(11)

Dismissed on governments motion

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING.
(12)

Dismissed on governments motion

**Highest Offense Level (Terminated)**

Felony

**Complaints**
None

Disposition

Assigned to: Judge I. Leo Glasser

**Defendant (10)**

Edward Garafola
*TERMINATED: 02/28/2002*

represented by **Michael Rosen**
Law Office of Michael Rosen

**Pending Counts**

18:1512 and 18:3551 et seq- HARASSMENT OF A WITNESS
(1s)

**Highest Offense Level (Opening)**
Misdemeanor

**Terminated Counts**

18:1962(c), 1963 and 3551 et seq. - RACKETEERING.
(1)

Disposition: Open counts dismissed on government's motion.

18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY.
(2)

Open counts dismissed on government's motion.

18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY.
(9)

Open counts dismissed on government's motion.

15:78(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD.
(10)

Open counts dismissed on government's motion.

18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY.
(11)

Open counts dismissed on government's motion.

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING.
(12)

Open counts dismissed on government's motion.

**Highest Offense Level (Terminated)**
Felony

**Complaints**
None

Disposition

Assigned to: Judge I. Leo Glasser

**Defendant (12)**

---

Broadway #
Suite 1105
New York, NY 10006
212-742-1717
Fax: 212-248-4068
Email: mrosenlaw@aol.com
*TERMINATED: 02/28/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:1951 and 3551 et seq - EXTORTION CONSPIRACY.
(19)

Disposition: Defendant sentenced to 5 months imprisonment to be followed by 3 years of supervised release. As a condition of release, defendant is to serve 5 months home detention. The Court recommends defendant be designated to Fort Devin, Mass. Defendant to surrender to institution by 2:00pm on 4/29/02. Defendant fined and assessed .

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**

18:1951,2 and 3551 et seq. - EXTORTION.
(20)

Disposition: Open count dismissed on government's motion.

**Highest Offense Level (Terminated)**
Felony

**Complaints**
None

Disposition

Assigned to: Judge I. Leo Glasser

**Defendant (11)**

Daniel Lev
*TERMINATED: 02/19/2002*

represented by **Jeffrey H. Lichtman**
Law Offices of Jeffrey H. Lichtman
41 Madison Avenue
34th Floor
New York, NY 10010
(212) 689-8555
Email: jll@jeffreylichtman.com

---

Eugene Lombardo
*TERMINATED: 03/27/2002*

represented by **Lawrence K. Feitell**
225 Broadway
Suite 2020
New York, NY 10007
(212) 571-5710
Fax: 212-571-5711
Email: LKFjuris@earthlink.net
*TERMINATED: 03/27/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Richard W. Brewster**
645 5th Avenue
New York, NY 10022
(212)751-0627
*TERMINATED: 03/27/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY.
(2)

Disposition: Defendant sentenced to 60 months imprisonment to run concurrently with sentence in Southern District case. Supervised release: 3 years. Defendant to make restitution in the amount of million. During period of release, defendant is given 90 days to provide a list of victims and the amounts to be paid. The Court recommends incarceration at MDC. Special assessment: .

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**

18:1962(c), 1963 and 3551 et seq. - RACKETEERING.
(1)

Disposition: Open counts dismissed on government's motion.

18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY.
(3)

Open counts dismissed on government's motion.

15:78j(b) and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD.
(4)

Open counts dismissed on government's motion.

---

Eugene Lombardo
*TERMINATED: 02/19/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

Disposition: Defendant sentenced to 2 years probation with 4 months home confinement and 150 hours of community service. Defendant fined and assessed .

18:371 and 3551 et seq. - USBNY
SECURITIES FRAUD CONSPIRACY.
(9)

Open counts dismissed on government's
motion.

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
USBNY SECURITIES FRAUD.
(10)

Open counts dismissed on government's
motion.

18:1956(h) and 3551 et seq. - USBNY
MONEY LAUNDERING CONSPIRACY.
(11)

Open counts dismissed on government's
motion.

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2
and 3551 et seq. - USBNY MONEY
LAUNDERING.
(12)

Open counts dismissed on government's
motion.

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| None | |

Assigned to: Judge I. Leo Glasser

**Defendant (13)**

**Edmond Nagel**
*TERMINATED: 11/30/2001*

represented by **Jewel N. Klein**
Law Offices of Michael J. Rovell, Esq.
20 North Clark Street
Suite 2450
Chicago, Il 60602
Fax (312) 578-9391
*TERMINATED: 11/30/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Michael J. Rovell**
Law Offices of Michael J. Rovell, Esq.
20 North Clark Street
Suite 2450
Chicago, Il 60602
(312) 578-9191
*TERMINATED: 11/30/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| | |

**Mark S. Cohen**
Arkin, Kaplan & Cohen LLP
590 Madison Avenue
New York, NY 10022
(212) 333-0200
*TERMINATED: 05/16/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Pending Counts | Disposition |
|---|---|
| 18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY. (9) | Defendant sentenced to one year and one day, plus 3 years of supervised release. Restitution to be paid in the amount of million. Defendant fined ,000 and assessed . The Court recommends FCI Allenwood, PA. |
| 18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY. (11) | Defendant sentenced to one year and one day, plus 3 years of supervised release. Restitution to be paid in the amount of million. Defendant fined ,000 and assessed . The Court recommends FCI Allenwood, PA. |

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING. (1) | Open counts dismissed on government's motion. |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Open counts dismissed on government's motion. |
| 18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY. (3) | Open counts dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD. (4) | Open counts dismissed on government's motion. |
| 18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY. (5) | Open counts dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND | Open counts dismissed on government's motion. |

---

gold. Defendant was remanded.

18:1956(h) and 3551 et seq. - USBNY
MONEY LAUNDERING CONSPIRACY.
(11)

count(s) 1. IMPRISONMENT: 37 months;
SUPERVISED RELEASE: 3 years;
SPECIAL ASSESSMENT: .00; (.00 in 01-
CR-705 and .00 in 01-CR-196).

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING. (1) | Dismissed on Motion of the Govt. |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Dismissed on Motion of the Govt. |
| 18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY. (9) | Dismissed on Motion of the Govt. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD. (10) | Dismissed on Motion of the Govt. |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING. (12) | Dismissed on Motion of the Govt. |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| None | |

Assigned to: Judge I. Leo Glasser

**Defendant (14)**

**Alfred Palagonia**
*TERMINATED: 12/04/2002*

represented by **Joseph Vincent DiBlasi**
590 Madison Avenue
10th Floor
New York, NY 10022
212-605-0470
Fax: 212-605-0222
Email: diblasilaw@verizon.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

DECEPTIVE DEVICES
(6)

18:1956(h) and 3551 et seq. - HOLLY
MONEY LAUNDERING CONSPIRACY.
(7)

Open counts dismissed on government's
motion.

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2
and 35512 et seq. - HOLLEY MONEY
LAUNDERING.
(8)

Open counts dismissed on government's
motion.

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
USBNY SECURITIES FRAUD.
(10)

Open counts dismissed on government's
motion.

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2
and 3551 et seq. - USBNY MONEY
LAUNDERING.
(12)

Open counts dismissed on government's
motion.

18:371 and 3551 et seq. - CABLE
SECURITIES FRAUD CONSPIRACY.
(15)

Open counts dismissed on government's
motion.

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
CABLE SECURITIES FRAUD.
(16)

Open counts dismissed on government's
motion.

18:1956(h) and 3551 et seq. - CABLE
MONEY LAUNDERING CONSPIRACY.
(17)

Open counts dismissed on government's
motion.

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2
and 3551 et seq. - CABLE MONEY
LAUNDERING.
(18)

Open counts dismissed on government's
motion.

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| None | |

Assigned to: Judge I. Leo Glasser

**Defendant (15)**

**Aleks Paul**
*TERMINATED: 09/24/2001*

represented by **Benjamin Brafman**
Brafman & Ross, P.C.
767 Third Avenue
26th Floor
New York, NY 10017
(212) 750-7800
Fax: (212) 750-3906

Email: DDB94@aol.com
*TERMINATED: 09/24/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**                                    **Disposition**

                                                      Dft pled guilty to count #5 in CR 99-372,
                                                      count #11 in CR 00-196, and count #2 in
18:1956(h) and 3551 et seq. - USBNY                   CR 00-445. Special assessment . Dft is to
MONEY LAUNDERING CONSPIRACY.                          be imprisoned for 63 mos. to run
(11)                                                  concurrent on all counts. Dft shall
                                                      surrender to Bureau of Prisons be fore 2:00
                                                      pm on 10/30/01. Upon release from prison,
                                                      dft shall be on supervised release for 3
                                                      years.

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**                                 **Disposition**
18:1962(c), 1963 and 3551 et seq. -
RACKETEERING.                                         Counts dismissed on government's motion.
(1)

18:1962(d),1963 and 3551 et seq. -
RACKETEERING CONSPIRACY.                              Counts dismissed on government's motion.
(2)

18:371 and 3551 et seq. - COUNTRY
WORLD SECURITIES FRAUD                                Counts dismissed on government's motion.
CONSPIRACY.
(3)

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
COUNTRY WORLD SECURITIES                              Counts dismissed on government's motion.
FRAUD.
(4)

18:371 and 3551 et seq. - HOLLY
SECURITIES FRAUD CONSPIRACY.                          Counts dismissed on government's motion.
(5)

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
HOLLY SECURITIES FRAUD. AND                           Counts dismissed on government's motion.
DECEPTIVE DEVICES
(6)

18:1956(h) and 3551 et seq. - HOLLY
MONEY LAUNDERING CONSPIRACY.                          Counts dismissed on government's motion.
(7)

---

18:1962(d),1963 and 3551 et seq. -
RACKETEERING CONSPIRACY.
(2)

18:371 and 3551 et seq. - USBNY
SECURITIES FRAUD CONSPIRACY.                          Dismissed on motion of AUSA
(9)

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
USBNY SECURITIES FRAUD.
(10)

18:1956(h) and 3551 et seq. - USBNY
MONEY LAUNDERING CONSPIRACY.
(11)

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2
and 3551 et seq. - USBNY MONEY
LAUNDERING.
(12)

18:1951 and 3551 et seq. - EXTORTION
CONSPIRACY.                                           Dismissed on motion of AUSA
(19)

18:1951,2 and 3551 et seq. -
EXTORTION.
(20)

**Highest Offense Level (Terminated)**
Felony

**Complaints**                                        **Disposition**
None

---

Assigned to: Judge I. Leo Glasser

**Defendant (17)**
**Lawrence Ray**                   represented by    **David S. Zapp**
*TERMINATED: 04/10/2003*                             7 East 94th Street, 1A
                                                     New York, NY 10128
                                                     (718) 855-3895
                                                     Email: DavidZapp@aol.com
                                                     *TERMINATED: 11/25/2002*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: CJA Appointment*

                                                     **Edward A. Mc Donald**
                                                     (See above for address)
                                                     *TERMINATED: 04/10/2003*
                                                     *LEAD ATTORNEY*

---

(18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2
and 35512 et seq. - HOLLEY MONEY
LAUNDERING.
(8)

18:371 and 3551 et seq. - USBNY
SECURITIES FRAUD CONSPIRACY.                          Counts dismissed on government's motion.
(9)

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
USBNY SECURITIES FRAUD.                               Counts dismissed on government's motion.
(10)

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2
and 3551 et seq. - USBNY MONEY                        Counts dismissed on government's motion.
LAUNDERING.
(12)

**Highest Offense Level (Terminated)**
Felony

**Complaints**                                        **Disposition**
None

---

Assigned to: Judge I. Leo Glasser

**Defendant (16)**
**Joseph Polito, Sr.**             represented by    **Charles Weintraub**
*TERMINATED: 07/26/2002*                             6132 Riverdale Avenue
                                                     Bronx, NY 10471
                                                     Fax (718) 601-3786
                                                     *TERMINATED: 07/26/2002*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: Retained*

**Pending Counts**                                    **Disposition**
None

**Highest Offense Level (Opening)**
None

**Terminated Counts**                                 **Disposition**
18:1962(c), 1963 and 3551 et seq. -
RACKETEERING.
(1)

---

*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Jack Arseneault**
Arseneault, Donohue & Sorrentino
560 Main Street
Chatham, NJ 07928-2119
(201) 635-3366
*TERMINATED: 11/25/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Louis M. Freeman**
Freeman, Nooter & Ginsberg
30 Vesey Street, Suite 100
New York, NY 10007
(212) 608-0808
Fax: 212-962-9696
Email: freemefree@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Michael V. Gilberti**
Bonney, Epstein & Gilberti, LLC
321 Broad Street
Red Bank, NJ 07701
(732) 747-4700
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Thomas G. Roth**
Law Offices of Thomas G. Roth
395 Pleasant Valley Way
West Orange, NJ 07052
(973) 736-9090
Fax: 973-736-8005
Email: tgroth395@aol.com
*TERMINATED: 11/25/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**J. Bruce Maffeo**
Cozen O'Connor
277 Park Avenue
20th Floor
New York, NY 10172
212-883-4951

Fax: 212-509-9492
Email: jbmaffeo@cozen.com
*ATTORNEY TO BE NOTICED*

**Sidney Baumgarten**
Sidney Baumgarten
355 South End Avenue
#31j
New York, NY 10280
212-775-0190
Fax: 212-775-0191
Email: sidbaumgarten@aol.com
*ATTORNEY TO BE NOTICED*

| **Pending Counts** | **Disposition** |
|---|---|
| | Defendant sentenced to 5 years probation, to serve 9 months of home confinement. Special condition: 300 hours of community service. Fine: . Special assessment: . REVOCATION OF PROBATION: Imprisonment of 6 months; Additional Supervised Release Terms: After completion of the term of imprisonment, Deft shall be continued on Supervised release for the same period of time as the unexpired term of probation. REVOCATION OF PROBATION: IMPRISONMENT TIME SERVED; SUPERVISED RELEASE: THE CURRENT SUPERVISED RELEASE TERMS ARE TO BE CONTINUED |
| 15:78(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD. (10) | |

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY. (9) | Open count dismissed on government's motion. |

**Highest Offense Level (Terminated)**
Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Judge I. Leo Glasser

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Judge I. Leo Glasser

**Defendant (19)**

**Giuseppe Temperino**          represented by   **Frank V. Carone , Jr.**
*TERMINATED: 03/14/2002*                          Mure & Carone, P.C.
*also known as*                                    32 Court Street
Joseph Temperino                                   Suite 1800
                                                   Brooklyn, NY 11201
                                                   (718) 852-9100
                                                   *TERMINATED: 03/14/2002*
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*
                                                   *Designation: Retained*

**Joseph R. Benfante**
Joseph R. Benfante, Esq.
225 Broadway
New York, NY 10007
(212) 227-4700
Fax: 212-406-6890
Email: josephbenfante@aol.com
*TERMINATED: 03/14/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 15:78(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES (6) | Defendant sentenced to 3 years probation, to serve 8 months home confinement. Defendant to perform 200 hours of community service. Special assessment: . |

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Open counts dismissed on government's motion. |
| 18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY. (5) | Open counts dismissed on government's motion. |

**Defendant (18)**

**Abraham Salaman**          represented by   **A. John Pappalardo**
*TERMINATED: 05/15/2002*                          Eckert Seamans
                                                   One International Place
                                                   18th Floor
                                                   Boston, MA 02110
                                                   Fax (617) 342-6899
                                                   *TERMINATED: 05/15/2002*
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*
                                                   *Designation: Retained*

**Peter F. Carr , II**
Eckert, Seamans, Cherin & Mellott, LLC
One International Place
18t Floor
Boston, MA 02110
(617) 342-6800
*TERMINATED: 05/15/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY. (3) | Defendant sentenced to 5 years probation, to serve 12 months of home confinement. Defendant is to have no further involvement in the securities industry in any way. Defendant fined ,000 and assessed per count. Defendant shall make r estitution in the amount of .5 million over period of probation. |

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Dismissed on government's motion. |
| 15:78(b) and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD. (4) | Dismissed on government's motion. |

**Highest Offense Level (Terminated)**
Felony

| | |
|---|---|
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY. (7) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and 35512 et seq. - HOLLEY MONEY LAUNDERING. (8) | Open counts dismissed on government's motion. |

**Highest Offense Level (Terminated)**
Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA**          represented by   **Eric O. Corngold**
                                  United States Attorneys Office
                                  Criminal Division
                                  225 Cadman Plaza East
                                  Brooklyn, NY 11201
                                  (718) 254-7000
                                  *TERMINATED: 01/06/2011*
                                  *LEAD ATTORNEY*
                                  *ATTORNEY TO BE NOTICED*

**Jonathan S. Sack**
U.S. Attorney's Office
Criminal Division
1 Pierrepont Plaza
14th Floor
Brooklyn, NY 11201
212-856-9600
Fax: 212-856-9494
Email: jsack@magislaw.com
*TERMINATED: 01/15/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John F. Harwick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary M. Dickman**
United States Attorneys Office
Eastern District of New York
Eastern District of New York
271 Cadman Plaza East

Brooklyn, NY 11201
718-254-6022
Fax: 718-254-6081
Email: Mary.Dickman@usdoj.gov
ATTORNEY TO BE NOTICED

**Michael Lloyd Yaeger**
United States Attorneys Office
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-7000
Fax: 718-254-7499
Email: michael.yaeger@usdoj.gov
ATTORNEY TO BE NOTICED

**Sarah Mary Coyne**
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820
718-254-6299
Fax: 718-254-6325
Email: sarah.coyne@usdoj.gov
TERMINATED: 02/15/2012
ATTORNEY TO BE NOTICED

| Date Filed | # | Docket Text |
|---|---|---|
| 03/01/2000 | 1 | CALENDAR ENTRY as to Frank Coppa Sr., Ernest Montevecchi, Daniel Persico, Jack Basile, Rocco Basile, Larry Berman, John Cioffoletti, John Doukas, Walter Durchalter, Edward Garafola, Daniel Lev, Eugene Lombardo, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray, Abraham Salaman and Giuseppe Temperino. Case called before Magistrate Joan Azrack on 3/1/00 for Grand Jury Presentment ordered handed up and filed. (Johnson, Tanya) (Entered: 03/06/2000) |
| 03/01/2000 | 2 | INDICTMENT as to Frank Coppa (1) count(s) 1, 2, 3, 4, 13, 14, 15, 16, 17, Ernest Montevecchi (2) count(s) 2, 13, 14, Daniel Persico (3) count(s) 2, 13, 14, Jack Basile (4) count(s) 2, 5, 6, 7, 8, Rocco Basile (5) count(s) 2, 5, 6, 7, 8, Larry Berman (6) count(s) 1, 2, 3, 4, 5, 6, 7, 8, John Cioffoletti (7) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 18, John Doukas (8) count(s) 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, Walter Durchalter (9) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, Edward Garafola (10) count(s) 19, 20, Daniel Lev (11) count(s) 1, 2, 9, 10, 11, 12, Eugene Lombardo (12) count(s) 1, 2, 3, 4, 9, 10, 11, 12, Edmond Nagel (13) count(s) 1, 2, 9, 10, 11, 12, Alfred Palagonia (14) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, Aleks Paul (15) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, Joseph Polito (16) count(s) 1, 2, 9, 10, 11, 12, 19, 20, Lawrence Ray (17) count(s) 9, 10, Abraham Salaman (18) count(s) 2, 3, 4 and Giuseppe Temperino (19) count(s) 2, 5, 6, 7, 8. (Johnson, Tanya) (Entered: 03/06/2000) |
| 03/01/2000 | | Magistrate Chrein has been selected by random selection to handle any matters that may be referred in this case. (Johnson, Tanya) (Entered: 03/06/2000) |
| 03/02/2000 | 63 | CALENDAR ENTRY ... Arraignment ... Daniel Persico, Jack Basile, John Cioffoletti, John Doukas, Edward Garafola, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray held Before Magistrate Judge AZrack, case called, All counsel present, all defendants released on bond. (Defendant informed of rights.) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 64 | PRB BOND entered by Daniel Persico in Amount $ 1,000,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 65 | PRB BOND entered by Jack Basile in Amount $ 750,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 66 | PRB BOND entered by John Cioffoletti in Amount $ 1,500,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 67 | PRB BOND entered by John Doukas in Amount $ 1,500,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 68 | PRB BOND entered by Edward Garafola in Amount $ 750,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 69 | PRB BOND entered by Edmond Nagel in Amount $ 750,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 70 | PRB BOND entered by Alfred Palagonia in Amount $ 2,000,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 71 | PRB BOND entered by Aleks Paul in Amount $ 1,500,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 72 | PRB BOND entered by Rocco Basile in Amount $ 750,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 73 | PRB BOND entered by Lawrence Ray, Giuseppe Temperino in Amount $ 750,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 74 | CALENDAR ENTRY as to Giuseppe Temperino ; Case called before Magistrate Joan M. Azrack on date of 3/2/00 for ARRAIGNMENT Tape # 00/17 (0-118), Not Guilty: Giuseppe Temperino (19) count(s) 2, 5, 6, 7, 8 (Henry, Teresa) (Entered: 05/25/2000) |
| 03/03/2000 | 21 | ORDER FOR ACCEPTANCE OF CASH BAIL as to defendant Aleks Paul in the amount of $150,000.00. (Signed by Magistrate Joan M. Azrack on 3/3/00) c/m (Johnson, Tanya) (Entered: 03/20/2000) |
| 03/03/2000 | 75 | CALENDAR ENTRY as to Joseph Polito Sr.; Case called before Magistrate Joan M. Azrack on date of 3/3/00 for ARRAIGNMENT Tape # 00/17 (4376-4653), Not Guilty: , Joseph Polito (16) count(s) 1, 2, 9, 10, 11, 12, 19, 20 (Henry, Teresa) (Entered: 05/25/2000) |
| 03/03/2000 | 76 | PRB BOND entered by Joseph Polito Sr. in Amount $ 1,500,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/3/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/03/2000 | 77 | CALENDAR ENTRY as to Abraham Salaman ; Case called before Magistrate Joan M. Azrack on date of 3/3/00 for ARRAIGNMENT Tape # 00/18 (3617-3819), Not Guilty: Abraham Salaman (18) count(s) 2, 3, 4 (Henry, Teresa) (Entered: 05/25/2000) |
| 03/10/2000 | 3 | ORDER SETTING CONDITIONS OF RELEASE AND BOND as to Frank Coppa Sr., Daniel Persico, Jack Basile, Rocco Basile, John Cioffoletti, John Doukas, Walter Durchalter. Edward Garafola, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray, Abraham Salaman, Giuseppe Temperino (Signed by Magistrate Joan M. Azrack on 3/2/00) (Johnson, Tanya) (Entered: 03/10/2000) |
| 03/10/2000 | 5 | LETTER dated 3/6/00 from Steven C. Sanders, Esq., to AUSA Jonathan Sack enclosing copies of two executed mortgages on behalf of defendant Lawrence Ray's Personal Recognizance Bond. (Johnson, Tanya) (Entered: 03/15/2000) |
| 03/14/2000 | 4 | NOTICE of Appearance for Rocco Basile in 1:00-cr-00196 by Attorney Albert J. Brackley (Johnson, Tanya) (Entered: 03/14/2000) |
| 03/14/2000 | 6 | CALENDAR ENTRY as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 3/14/00 for Pleading; Court Reporter: Fred Guerino. Ernest Montevecchi and Eugene Lombardo are not present (in custody). Daniel Lev is a fugitive. Lawrence Ray not present (has not obtained counsel). All other defendant have been arraigned. Defendant pleads Not Guilty: Larry Berman (6) count(s) 1, 2, 3, 4, 5, 6, 7, 8 . AUSA: Johnathan Sack requests six weeks to provide discovery. Case adjourned until 4/25/00 at 10:00 for another conference. Order of excludable signed under Code "T", excluding time until 4/25/00. The defendants need not be present for the conference. A John Pappalardo will move to be admitted pro hac vice on behalf of defendant Salaman. (Johnson, Tanya) (Entered: 03/14/2000) |
| 03/14/2000 | 29 | CALENDAR ENTRY as to John Cioffoletti and Larry Berman. Case called before Magistrate Robert M. Levy on 3/14/00 for Status Conference. Counsel for both sides present. Tape # 00/34 (5603-6232). Sureton(s) sworn and advised of obligations on bond; signature approved. Bond issued. Defendant released. (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/16/2000 | 7 | ORDER of Excludable Delay by Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 ( Signed by Senior Judge I. L. Glasser , dated 3/14/00) (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 8 | LETTER dated 3/13/00 from Charles L. Weintraub, Esq., to Judge Glasser requesting to modify the conditions of release for defendant Joseph Polito. (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 9 | NOTICE of Appearance for Frank Coppa Sr. in 1:00-cr-00196 by Attorney Larry Bronson (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 10 | NOTICE of Appearance for Daniel Persico in 1:00-cr-00196 by Attorney Joseph Giannini (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 11 | NOTICE of Appearance for Jack Basile in 1:00-cr-00196 by Attorney John H. Jacobs (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 12 | NOTICE of Appearance for Larry Berman in 1:00-cr-00196 by Attorney Stephen Robert LaCheen (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 13 | NOTICE of Appearance for Rocco Basile in 1:00-cr-00196 by Attorney Albert Brackley. (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 14 | NOTICE of Appearance for John Cioffoletti in 1:00-cr-00196 by Attorney James M. LaRossa (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 15 | NOTICE of Appearance for Walter Durchalter in 1:00-cr-00196 by Attorney Michael F. Bachner (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 16 | NOTICE of Appearance for Edward Garafola in 1:00-cr-00196 by Attorney Michael Rosen (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 17 | NOTICE of Appearance for Giuseppe Temperino in 1:00-cr-00196 by Attorney Frank V. Carone Jr. (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 18 | LETTER dated 3/9/00 from Judge LaCheen, Esq., to Judge Glasser re: defendant Larry Berman's motion to enlarge his travel privileges to include the District of New Jersey. (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 19 | NOTICE of Appearance for Edmond Nagel in 1:00-cr-00196 by Attorney Michael J. Rovell (Glenn, Marilyn) (Entered: 03/16/2000) |
| 03/16/2000 | 27 | CALENDAR ENTRY as to Daniel Lev Case called before Magistrate Robert M. Levy on 3/16/00 for Arraignment. Tape:: 00/37 (2748-3206). Defense Counsel: Jeff Lichtman. AuSA: Jonathan Sach. Defendant pleads Not Guilty: Daniel Lev (11) count(s) 1, 2, 9, 10, 11, 12 . Set the next status conference for 4/25/00 at 10:00 before Senior Judge I. L. Glasser . Suretors approved, bond issued and defendant released after being advised of warnings/sanctions for non-compliance with conditions of release. (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/16/2000 | | District Court Arraignment held as to held Daniel Lev (11) count(s) 1, 2, 9, 10, 11, 12. (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/17/2000 | 31 | CALENDAR ENTRY as to Joseph Polito Sr. Case called before Magistrate Robert M. Levy on 3/17/00 for Modification of Bond. Counsel for both sides present. Tape #00/40 (4469-4747). Suretor(s) sworn and advised of obligations on bond; signature approved. (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/20/2000 | 20 | ORDER OF TEMPORARY DETENTION PENDING HEARING as to Walter Durchalter. (Signed by Magistrate Joan M. Azrack on 3/20/00) (Johnson, Tanya) (Entered: 03/20/2000) |
| 03/21/2000 | 26 | CALENDAR ENTRY as to Aleks Paul in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 3/21/2000 for Status Conf. Court Reporter/ESR Tony |

| | | |
|---|---|---|
| | | pres. with counsel. Court finds factual basis for plea. Deft. has been indicted on CR 99-261 -1 SDNY. The case will be transferred to EDNY and a plea scheduled. Deft. continued on bail. AUSA will move to dismiss open counts at sentencing. Guilty: Aleks Paul (15) count(s) 11 , set Sentencing for 10:00 6/26/00 for Aleks Paul before Senior Judge I. L. Glasser , terminated past due deadlines (Jackson, Ramona) (Entered: 03/27/2000) |
| 03/22/2000 | 22 | LETTER dated 3/13/00 from AUSA Jonathan S. Sack and AUSA Eric O. Corngold, to Judge Glasser requesting that this case be related to several John Doe cases. (Johnson, Tanya) (Entered: 03/22/2000) |
| 03/22/2000 | | ENDORSED ORDER on document #8, that the conditions of defendant Joseph Polito Sr's bail be modified as follows: bond amount will remain $1,500,000.00 and secured by 3 properties with defendant to report to the U.S. Pretrial Services once a week by phone. (Signed by Senior Judge I. L. Glasser on 3/17/00) c/m (Johnson, Tanya) (Entered: 03/22/2000) |
| 03/22/2000 | 23 | ORDER as to Larry Berman in 1:00-cr-00196 Deft's travel privileges are enlarged to include the District of New Jersey, in addition to Pennsylvania and New York, unless otherwise approved by Pretrial Services Office. Filed with motion attached. ( Signed by Senior Judge I. L. Glasser , on 3/9/2000) (Jackson, Ramona) Modified on 03/22/2000 (Entered: 03/22/2000) |
| 03/22/2000 | | ORDER Request GRANTED. On ltr. dtd. 3/13/2000Gov't submits the Coppa case be related to the John Doe cases pursuant to Rule 50.3(c) ( Signed by Senior Judge I. L. Glasser , on 3/14/2000) (Jackson, Ramona) (Entered: 03/22/2000) |
| 03/24/2000 | 25 | Rule 40 Documents as to Larry Berman in 1:00-cr-00196 received from U.S. District Court/Eastern District of Pennsylvania. (Johnson, Tanya) (Entered: 03/24/2000) |
| 03/28/2000 | 28 | ORDER SETTING CONDITIONS OF RELEASE AND BOND as to defendant Daniel Lev for the amount of $1,500,000.00 . (Signed by Magistrate Robert M. Levy on 3/16/00) c/m (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/28/2000 | 30 | ORDER MODIFYING THE BOND entered on 3/2/00 as to defendant John Cioffoletti . (Signed by Magistrate Robert M. Levy on 3/14/00) (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/28/2000 | 32 | ORDER MODIFYING BOND previously set on 3/2/00 as to Joseph Polito . (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/28/2000 | 33 | ORDER SETTING CONDITIONS OF RELEASE AND BOND for defendant Larry Berman in the amount of $500,000.00 . (Signed by Magistrate Robert M. Levy on 3/16/00) (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/31/2000 | 34 | LETTER dated 3/6/2000 from Steven G Sanders to AUSA Sack copies of executed mortgages given by Mr Ray in favor of bond. (Jackson, Ramona) (Entered: 03/31/2000) |
| 03/31/2000 | 35 | LETTER dated 3/9/2000 from Jonathan Sack to Counsels conf. for March 14,2000 @ 10:00. (Jackson, Ramona) (Entered: 03/31/2000) |
| 04/03/2000 | 36 | LETTER dated 3/27/00 from Jeffrey Lichtman to Jonathan Sack in lieu of a formal motion for discovery. (Jackson, Ramona) (Entered: 04/03/2000) |

| | | |
|---|---|---|
| | | release to permit his travel to Florida (as previously detailed to the Gov't between April 18-28,2000) On ltr. dtd. 3/22/2000 from Nicholas G Kaizer ( Signed by Senior Judge I. L. Glasser , on 3/28/2000) (Jackson, Ramona) (Entered: 04/03/2000) |
| 04/03/2000 | 38 | ORDER as to Daniel Lev Request a slight modification of his bail conditions which would permit him to use his passport in order to get a driver's license and open bank account .On ltr. dtd. 3/27/2000 from Jeffrey Lichtman. ( Signed by Senior Judge I. L. Glasser , on 3/28/2000) (Jackson, Ramona) (Entered: 04/03/2000) |
| 04/04/2000 | 40 | CALENDAR ENTRY as to Jack Basile Case called before Magistrate Roanne L. Mann on 4/4/00 for Pleading. Defense Counsel: John Jacobs. AUSA: Jonathan Sack and Patricia Notopoulus. Tape # 00/52 (0-2646). Defendant pleads Guilty: Jack Basile (4) count(s) 5 . Sentencing set for 7/13/00 at 12:00 before Judge Gershon. (Johnson, Tanya) (Entered: 04/10/2000) |
| 04/05/2000 | 39 | ORDER that the pleading of defendant Jack Basile is referred to Magistrate Mann. Sentencing will be held on 7/18/00 at 10:00. (Signed by Senior Judge I. L. Glasser on 4/3/00) c/m (Johnson, Tanya) (Entered: 04/05/2000) |
| 04/07/2000 | 42 | CALENDAR ENTRY as to Eugene Lombardo; Case called before Senior Judge I. L. Glasser on 4/7/00 for Arraignment. Defense Counsel: Richard Brewster. AUSA: Jonathan Sack. Court Reporter: M. Diamond. Defendant pleads Not Guilty: Eugene Lombardo (12) count(s) 1, 2, 3, 4, 9, 10, 11, 12 . Set a status conference for 4/25/00 before Senior Judge I. L. Glasser . Time excluded until 4/25/00. (Johnson, Tanya) (Entered: 04/12/2000) |
| 04/07/2000 | | District Court Arraignment as to Eugene Lombardo in 1:00-cr-00196 held Eugene Lombardo (12) count(s) 1, 2, 3, 4, 9, 10, 11, 12. (Johnson, Tanya) (Entered: 04/12/2000) |
| 04/07/2000 | 43 | CALENDAR ENTRY as to Ernest Montevecchi. Case called before Senior Judge I. L. Glasser on 4/7/00 for Arraignment. Defense Counsel: Joy L. Vastola. AUSA: Jonathan Sack. Court Reporter: M. Diamond. Defendant pleads Not Guilty: Ernest Montevecchi (2) count(s) 2, 13, 14 . Set a status conference for 4/25/00 before Senior Judge I. L. Glasser . Defendant excused for the next court appearance. Time excluded until 4/25/00. (Johnson, Tanya) (Entered: 04/12/2000) |
| 04/07/2000 | | District Court Arraignment as to Ernest Montevecchi in 1:00-cr-00196 held Ernest Montevecchi (2) count(s) 2, 13, 14 (Johnson, Tanya) (Entered: 04/12/2000) |
| 04/11/2000 | 41 | LETTER dated 3/27/00 from Jeffery Lichtman, Esq., to Jonathan Sack, Esq. regarding the discovery in this action. (Johnson, Tanya) (Entered: 04/11/2000) |
| 04/12/2000 | 44 | NOTICE of Appearance for Ernest Montevecchi in 1:00-cr-00196 by Attorney Joy Lucielle Vastola (Johnson, Tanya) (Entered: 04/12/2000) |
| 04/14/2000 | 45 | LETTER dated 4/10/00 from Angela A. Turiano, Esq., to Judge Glasser informing the Court that defendant Walter Durechalter will be traveling to marathon Florida on 4/19/00 and will remain there until 4/30/00. (Johnson, Tanya) (Entered: 04/14/2000) |
| 04/18/2000 | 46 | LETTER dated 4/11/00 from Steve G. Sanders, Esq., to AUSA Jonathan Sack enclosing two original, executed Mortgages by defendant Lawrance Ray. (Johnson, Tanya) (Entered: 04/18/2000) |

| | | |
|---|---|---|
| 04/19/2000 | 47 | LETTER dated 4/5/00 from Richard W Brewster, Esq., to Judge Glasser regarding defendant Eugene Lombardo's request for representation. (Johnson, Tanya) (Entered: 04/19/2000) |
| 04/25/2000 | | Letter dated 4/14/00 from Melinda Sarafa to Judge Glasser to inform the Court that Mr. Aleks Paul will be traveling with his family to Bal Harbour, Florida, outside Miami on 4/18/00 and returning to New York on 4/30/00. *This is document #54 in 99cr372. (Guzzi, Roseann) (Entered: 04/25/2000) |
| 04/25/2000 | 48 | NOTICE of Appearance for Larry Berman in 1:00-cr-00196 by Attorney Robert T. Wolf. (Reddy, Lisa) (Entered: 04/26/2000) |
| 04/25/2000 | 54 | CALENDAR ENTRY as to Frank Coppa Sr., Ernest Montevecchi Rocco Basile, Larry Berman, John Cioffoletti, John Doukas Walter Durchalter, Edward Garafola, Daniel Lev, Eugene Lombardo, Edmond Nagel, Alfred Palagonia, Joseph Polito Sr, Lawrence Ray, Abraham Salaman, Giuseppe Temperino; Case called before Senior Judge I. L. Glasser on 4/25/00 for Pleading. Counsel for all sides present. Court Reporter: H. Shapiro. Case adjourned until 6/20/00 at 10:00 for status conference. Case has been deemed as a complex case at time is excluded as indicated on the record. (Johnson, Tanya) (Entered: 05/15/2000) |
| 04/28/2000 | 49 | MOTION by Edmond Nagel in 1:00-cr-00196 for Michael J Kovell to appear pro hac vice , for Jewel N. Klein to appear pro hac vice [49-1] motion, [49-2] motion (Jackson, Ramona) (Entered: 04/28/2000) |
| 04/28/2000 | 50 | ORDER as to Edmond Nagel in 1:00-cr-00196 granting [49-1] motion for Michael J Kovell to appear pro hac vice as to Edmond Nagel (13)granting [49-2] motion for Jewel N. Klein to appear pro hac vice as to Edmond Nagel (13) ( Signed by Senior Judge I. L. Glasser , on 4/24/2000) (Jackson, Ramona) (Entered: 04/28/2000) |
| 05/03/2000 | 51 | ORDER, that defendant Alfred Palagonia, Chase Manhattan Bank and/or Chase Investment Services Corp and Security Capital Trading Inc shall not (i) permit any transfer, withdrawal or disposal of any of the assets out of account numbers 522835200072761 and 69010933; or (ii) create or permit to exist any lien, security interest, hypothecation, pledge or other charge or encumbrance upon or with respect to any of the assets in the Accounts(up to the pledged amounts), until further order of the U.S District Court. Counsel for defendant Alfred Palagonia shall serve a copy of this order upon Chase Manhattan Bank and thereafter file proof of such service with the Court and the U.S. Attorney. (Signed by Senior Judge I. L. Glasser on 5/1/00) (Johnson, Tanya) (Entered: 05/03/2000) |
| 05/11/2000 | 52 | NOTICE of Appearance for Giuseppe Temperino in 1:00-cr-00196 by Attorney Joseph R. Benfante (Johnson, Tanya) (Entered: 05/11/2000) |
| 05/12/2000 | 53 | ORDER as to Daniel Persico in 1:00-cr-00196 approval to a modification of conditions of release: permit deft., with prior notice and approval from pre trial to visit his father at Allenwood. ( Signed by Senior Judge I. L. Glasser , on 5/8/2000) (Jackson, Ramona) (Entered: 05/12/2000) |
| 05/12/2000 | | NOTICE of Appearance for Lawrence Ray in 1:00-cr-00196 by Attorney Thomas G. Roth (Johnson, Tanya) (Entered: 05/12/2000) |
| 05/15/2000 | 57 | TRANSCRIPT filed as to defendant Jack Basile in 1:00-cr-00196 for pleading held before Magistrate Mann on 4/4/00. AUSA: Jonathan Sack and Patricia Notopoulus. |

| | | |
|---|---|---|
| | | Defense Counsel: John Jacobs. Transcriber: Courthouse Transcription Service, Inc. (Johnson, Tanya) (Entered: 05/16/2000) |
| 05/16/2000 | 56 | LETTER dated 5/10/00 from Richard W. Brewster, Esq., to Judge Glasser requesting that the Court approve a CJA expense voucher. (Johnson, Tanya) (Entered: 05/16/2000) |
| 05/16/2000 | 58 | LETTER dated 5/15/00 from Joseph V. Diblasi, Esq., to Judge Glasser requesting permission to be substituted as counsel for defendant Alfred Palagonia. (Johnson, Tanya) (Entered: 05/16/2000) |
| 05/16/2000 | | ENDORSED ORDER on document #58, substituting attorney Joseph V DiBlasi for defendant Alfred Palagonia and terminating attorney Mark S. Cohen . (Signed by Senior Judge I. L. Glasser on 5/15/00) (Johnson, Tanya) (Entered: 05/16/2000) |
| 05/22/2000 | 59 | ORDER as to Frank Coppa Sr. in 1:00-cr-00196 for defendant .On ltr dtd. 5/15/2000 from Larry Bronson request Mr Coppa's bail conditions be amended to permit him to travel to California from June 2, 2000 through June 7,2000 ( Signed by Senior Judge I. L. Glasser , on 5/16/2000) (Jackson, Ramona) (Entered: 05/22/2000) |
| 05/24/2000 | 60 | LETTER dated 5/19/00 from Joseph R. Benfante, Esq., to Judge Glasser requesting that the Court extend defendant Joseph Temperino's travel to include the State of New Jersey. (Johnson, Tanya) (Entered: 05/24/2000) |
| 05/24/2000 | | ENDORSED ORDER on document #60, granting permission for defendant Giuseppe Temperino to travel to the State of New Jersey. (Signed by Senior Judge I. L. Glasser on 5/22/00) (Johnson, Tanya) (Entered: 05/24/2000) |
| 05/25/2000 | 61 | LETTER dated 5/24/00 from Joseph v. DiBlasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel to Indianapolis on 5/25/00. (Johnson, Tanya) (Entered: 05/25/2000) |
| 05/25/2000 | | ENDORSED ORDER on document #61, granting the request for defendant Alfred Palagonia to travel to Indianapolis, Indiana on 5/25/00 . (Signed by Senior Judge I. L. Glasser on 5/24/00) c/m (Johnson, Tanya) (Entered: 05/25/2000) |
| 05/25/2000 | 62 | LETTER dated 5/22/00 from Jeffrey Lichtman, Esq., to Judge Glasser requesting to modify the bail conditions of defendant Daniel Lev which would permit him to travel to Russia and Ukraine for business purposes in June. (Johnson, Tanya) (Entered: 05/25/2000) |
| 05/25/2000 | | CALENDAR ENTRY as to Frank Coppa Sr. in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196; Case called before Magistrate Joan M. Azrack on date of 3/2/00 for ARRAIGNMENT, Not Guilty: Frank Coppa (1) count(s) 1, 2, 3, 4, 13, 14, 15, 16, 17, Daniel Persico (3) count(s) 2, 13, 14, Jack Basile (4) count(s) 2, 5, 6, 7, 8, John Cioffoletti (7) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 18, John Doukas (8) count(s) 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, Edward Garafola (10) count(s) 19, 20, Edmond Nagel (13) count(s) 1, 2, 9, 10, 11, 12, Alfred Palagonia (14) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, Aleks Paul (15) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, Joseph Polito (16) count(s) 1, 2, 9, 10, 11, 12, 19, 20, Lawrence Ray (17) count(s) 9, 10 (Henry, Teresa) (Entered: 05/25/2000) |

| Date | # | Description |
|---|---|---|
| 05/26/2000 | | ENDORSED ORDER ... defendant Joseph Temperino be permitted to travel to New Jersey for family related purposes. (Asreen, Wendy) (Entered: 05/30/2000) |
| 05/26/2000 | | ENDORSED ORDER on page 2 of doc. no. 78 as to Giuseppe Temperino Modifying Conditions of Release permitting the defendant to travel to New Jersey for family related purposes . Signed by Senior Judge I. L. Glasser on 5/25/00. (Asreen, Wendy) (Entered: 05/30/2000) |
| 05/30/2000 | 80 | LETTER dated 5/24/00 from Scott E. Leemon, Esq., to Eric Corngold, AUSA, regarding discovery. (Johnson, Tanya) (Entered: 06/06/2000) |
| 06/05/2000 | 79 | ORDER as to Alfred Palagonia in 1:00-cr-00196 modifying bail modifications. ( Signed by Senior Judge I. L. Glasser , on 5/30/00)Endorsed on letter dated 5/30/00 from Joseph DiBlasi to Judge Glasser). (Dobkin, David) (Entered: 06/05/2000) |
| 06/05/2000 | 81 | CONSENT ORDER as to Joseph Polito Sr. regarding property known as 3304 Mallard Close, Pompano Beach, Fl 33064. ( Signed by Senior Judge I. L. Glasser , on 6/6/00). c/m (Greene, Donna) (Entered: 06/12/2000) |
| 06/15/2000 | | LETTER dated 6/13/00 from Benjamin Braftman to Judge Glasser, requesting permission to dft Aleks Paul to travel to Rome for the limited purpose of visiting his brother before he passes away. (DOCUMENT FILED ONLY IN 99 cr 372, DOCUMENT #57] (Piper, Francine) (Entered: 06/15/2000) |
| 06/16/2000 | 82 | LETTER dated 6/13/2000 from Joy L.Vastola to Judge Glasser request to withdraw as counsel due to medical reasons. (Jackson, Ramona) (Entered: 06/16/2000) |
| 06/16/2000 | 83 | ORDER as to Larry Berman Granted. Permission to travel to Miami the week end of July 28,2000 to attend 50th wedding anniversary. On ltr. dtd. 6/7/2000 from Chad D Seigel. ( Signed by Senior Judge I. L. Glasser , on 6/12/2000) (Jackson, Ramona) (Entered: 06/16/2000) |
| 06/19/2000 | 84 | LETTER dated 5/22/00 from Jeffrey Lichtman, Esq., to Judge Glasser requesting to modify the bail of defendant Daniel Lev to permit him to travel to Russia and the Ukraine for business purposes. (Johnson, Tanya) (Entered: 06/19/2000) |
| 06/19/2000 | | ENDORSED ORDER on document #84, granting the request to modify the bail conditions of defendant Daniel Lev which will allow him to travel to Russia and Ukraine on the condition that defendant Lev provide detailed information as to: the date of departure and flight #, date of arrival, address where he will be staying and telephone #, name of the person he will be staying with, and time of return and flight #. (Signed by Senior Judge I. L. Glasser on 6/7/00) c/m (Johnson, Tanya) (Entered: 06/19/2000) |
| 06/19/2000 | 85 | LETTER dated 6/9/00 from Jeffrey Lichtman, Esq., to Judge Glasser requesting permission for defendant Daniel Lev to receive his passport from pretrial services. (Johnson, Tanya) (Entered: 06/19/2000) |
| 06/19/2000 | | ENDORSED ORDER on document #85, granting permission for defendant Daniel Lev to obtain his passport from Pretrial Services. (Signed by Senior Judge I. L. Glasser on 6/12/00) (Johnson, Tanya) (Entered: 06/19/2000) |
| 06/20/2000 | 86 | LETTER dated 6/15/00 from Joseph Benfante, Esq., to Judge Glasser requesting permission for defendant Joseph Temperino to travel to Boca Raton, Florida with his immediate family. (Johnson, Tanya) (Entered: 06/20/2000) |
| 06/20/2000 | | ENDORSED ORDER on document #86 granting permission for defendant Giuseppe Temperino to travel to Boca Raton, Florida . (Signed by Senior Judge I. L. Glasser on 6/15/00) (Johnson, Tanya) (Entered: 06/20/2000) |
| 06/20/2000 | 88 | CALENDAR ENTRY as to Frank Coppa, Ernest Montevecchi, Daniel Persico, Rocco Basile, Larry Berman, John Cioffoletti, John Doukas, Walter Durchalter, Edward Garafola, Daniel Lev, Eugene Lombardo, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray, Abraham Salaman and Giuseppe Temperino. Case called before Senior Judge I. L. Glasser on 6/20/00 for a conference. Counsel for both sides present. Court Reporter: Paul Lombardi and Fred Guerino. Robert Wolf is relieved. AUSA Jonathan Sack informs the Court that the bulk of discovery has been provided. There are 100 boxes of documents. Title III material will be provided within one week. Amy Millard will be new counsel for defendant Berman. Mr. Sack suggests one more conference. The Court wants to set a motion schedule on 6/20/00. Thomas Roth will be new counsel for defendant Ray. Motions to be filed by 10/16/00. Government to respond by 11/6/00. Argument on 11/17/00 at 10:00. Order of excludable delay signed under Code"T" excluding time until 11/17/00. (Johnson, Tanya) (Entered: 06/23/2000) |
| 06/21/2000 | 87 | LETTER of 6/16/00 from Josep R. Benfante, Esq., to Judge Glasser enclosing defendant Joseph Temperino's travel itinerary. (Johnson, Tanya) (Entered: 06/21/2000) |
| 06/23/2000 | 89 | ORDER of Excludable Delay as to all defendants in this action waiving time from 6/20/00 to 11/17/00. (Signed by Senior Judge I. L. Glasser on 6/20/00) (Johnson, Tanya) (Entered: 06/23/2000) |
| 06/23/2000 | 90 | NOTICE of Appearance for Larry Berman in 1:00-cr-00196 by Attorney Amy E. Millard (Johnson, Tanya) (Entered: 06/23/2000) |
| 06/28/2000 | 91 | NOTICE of Appearance for Frank Coppa Sr. in 1:00-cr-00196 by Attorney Brian Hansbury (Johnson, Tanya) (Entered: 07/06/2000) |
| 07/07/2000 | | ORDER as to Daniel Lev in 1:00-cr-00196 bail conditions modified solely to permit travel pursuant to the following itinerary (see document). ( Signed by Senior Judge I. L. Glasser , on 6/22/2000) (Jackson, Ramona) (Entered: 07/07/2000) |
| 07/07/2000 | 93 | LETTER dated 6/21/00 from Jeffrey Lichtman, Esq. to Judge Glasser, Esq. regarding the travel itinerary of defendant Daniel Lev. (Johnson, Tanya) (Entered: 07/07/2000) |
| 07/12/2000 | | LETTER dated 7/6/00 from John Jacobs to Judge Gershon and Judge Glasser, requesting that 99 cr 589 and 00 cr 196 be consolidated for sentencing purposes. (DOCUMENT FILED ONLY IN 99 CR 589, DOCUMENT 309) (Piper, Francine) (Entered: 07/12/2000) |
| 07/14/2000 | | LETTER dated 7/6/00 from Benjamin Brafman to Judge Glasser on behalf of Aleks Paul requesting that defendant be permitted to travel to Israel for the purpose of the passing of his brother. Also applies to cases 99cr372 and 00cr445. (Guzzi, Roseann) (Entered: 07/14/2000) |
| 07/14/2000 | | LETTER date 7/6/00 from Melinda Sarafa to Jonathan Sack, Esq. advising of defendant Aleks Pauls' travel plans. *This is document #61 in 99cr372. (Guzzi, Roseann) (Entered: 07/14/2000) |
| 07/18/2000 | 94 | LETTER dated 7/13/00 from Michael Rosen, Esq. to Judge Glasser, requesting to extend the bail restrictions for defendant Edward Garafola to permit him to travel to Niagra Falls and Ontario from 7/17/00 to 7/19/00. (Johnson, Tanya) (Entered: 07/18/2000) |
| 07/18/2000 | | ENDORSED ORDER on document #94, granting the request to extend the bail restrictions for defendant Edward Garafola. (Signed by Senior Judge I. L. Glasser on 7/13/00) (Johnson, Tanya) (Entered: 07/18/2000) |
| 07/19/2000 | 95 | LETTER dated 7/17/00 from Joseph V. DiBlasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel to New Jersey on 7/18/00 and Pennsylvania over the weekend of 7/21/00. (Johnson, Tanya) (Entered: 07/19/2000) |
| 07/19/2000 | 95 | ORDER on doc #95, granting permission for defendant Alfred Palagonia to travel to NJ on 7/18/00 and to Pennsylvania over the weekend of 7/21/00. (Signed by Senior Judge I. L. Glasser on 7/17/00) (Johnson, Tanya) (Entered: 07/19/2000) |
| 07/25/2000 | 96 | LETTER dated 6/29/00 from Joseph DiBlasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel to Las Vegas on vacation from 7/5/00 to 7/11/00. (Johnson, Tanya) (Entered: 07/25/2000) |
| 07/25/2000 | 97 | ORDER as to Jack Basile, the dft will be sentenced on both cases 99 cr 589 and 00 cr 196 before the undersigned. ( Signed by Judge Nina Gershon , on 7/20/00) (Piper, Francine) (Entered: 07/25/2000) |
| 07/25/2000 | 98 | ORDER as to Jack Basile, Sentencing Schedule, Defense papers, including any departure motions due 10/6/00; Govt response 10/13/00; Defense reply papers 10/20/00; Sentencing 10/27/00 at 11:00. ( Signed by Judge Nina Gershon , on 7/21/00) (Piper, Francine) (Entered: 07/25/2000) |
| 07/31/2000 | 99 | LETTER dated 7/21/00 from Charles L. Weintraub, Esq., to Judge Glasser requesting permission to extend the jurisdictional limits of defendant Joseph Polito's bail for travel between the dates of 8/1/00 and 8/20/00. (Johnson, Tanya) (Entered: 08/01/2000) |
| 08/01/2000 | | ENDORSED ORDER on document #99, granting permission to extend the jurisdictional limits of defendant Joseph Polito's bail for travel between 8/1/00 and 8/20/00. (Signed by Senior Judge I. L. Glasser on 7/24/00) (Johnson, Tanya) (Entered: 08/01/2000) |
| 08/18/2000 | 100 | LETTER dated 8/10/00 from Joseph Benfante, counsel for defdant Temperino, to Judge Glasser enclosing defendant's travel itinerary regarding his trip to Las Vegas, and providing the Court with the name, address, and phone number of the hotel where defendant will be staying. (Rodriguez,Angela) (Entered: 08/18/2000) |
| 08/21/2000 | 101 | ORDER as to Giuseppe Temperino in 1:00-cr-00196 permitting deft to travel to Las Vegas, Nevada Labor Day weekend . See letter dtd 7/27/00 to ILG from Joseph R. Benfante. ( Signed by Senior Judge I. L. Glasser , on 7/27/00) (Glenn, Marilyn) (Entered: 08/21/2000) |
| 08/23/2000 | | LETTER dated 8/23/00 from Melinda Sarafa to Judge Glasser on behalf of Aleks Paul to confirm that Mr. Paul's sentencing hearing set for 9/11/00 has been adjourned to 11/2/00 at 10:00. Applies also to 00cr196 and 00cr445. *This is document #66 in 99cr372. (Guzzi, Roseann) (Entered: 08/24/2000) |
| 08/29/2000 | 102 | LETTER dated 5/22/00 from Jeffrey Lichtman, Esq., to Judge Glasser requesting that defendant Daniel Lev's bail conditions be modified, allowing him to travel to Russia and the Ukraine for business purposes. (Lee, Tiffeny) (Entered: 08/29/2000) |
| 08/29/2000 | 103 | LETTER dated 8/23/00 from Jeffrey Lichtman, Esq. to Judge Glasser requesting that defendant Daniel Lev's bail conditions be modified, allowing him to travel to Russia and the Ukraine for business purposes for the period of 9/3/00 through 9/24/00. (Lee, Tiffeny) (Entered: 08/29/2000) |
| 08/29/2000 | 104 | ORDER as to Daniel Lev in 1:00-cr-00196 granting [102-1] and [103-1] letter applications that bail conditions be modified soley to permit travel pursuant to itinerary . Signed by Senior Judge I. L. Glasser , on 8/25/00. [see Order for itinerary] (Lee, Tiffeny) (Entered: 08/29/2000) |
| 08/29/2000 | | ENDORSED ORDER dated 8/25/00 on docuemt #66 in99cr372 granting hearing date of 11/2/00 at 10:00 as to Aleks Paul. ( Signed by Senior Judge I. L. Glasser , on 8/25/00) *This also applies to 00cr196 and 00cr445. (Guzzi, Roseann) (Entered: 08/29/2000) |
| 09/26/2000 | 105 | LETTER dated 9/14/00 from Jean Marie Graziano to Judge Glasser, requesting that the bail restrictions currently in place with respect to Edward Garafola be extended to permit travel to Saylorsburg, Pennsylvania on 9/17/00. (Greene, Donna) (Entered: 09/26/2000) |
| 09/26/2000 | | ENDORSED ORDER on doc. #105 as to Edward Garafola in 1:00-cr-00196. Application to travel to Saylorsbur, Pennsylvania on 9/17/00 Granted. ( Signed by Senior Judge I. L. Glasser , on 9/14/00). (Greene, Donna) (Entered: 09/26/2000) |
| 09/26/2000 | 106 | STIPULATION and ORDER as to Alfred Palagonia in 1:00-cr-00196. It is stipulated that the net proceeds of the sale of the East Gate Property in the amount of $404,836.20 shall be deposition into an interest-bearing account within the custody of the Clerk of the Court for the EDNY to abide further order of the court. ( Signed by Senior Judge I. L. Glasser , on 9/11/00). (Greene, Donna) (Entered: 09/26/2000) |
| 09/29/2000 | 107 | LETTER dated 9/8/00 from Joseph V. DiBlasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel to and from Connecticut to obtain outpatient treatment at Silver Hill Hospital. (Johnson, Tanya) (Entered: 10/04/2000) |
| 09/29/2000 | | ENDORSED ORDER on document #107, granting the request for defendant Alfred Palagonia to travel to and from Connecticut to obtain outpatient treatment at Silver Hill Hospital. (Signed by Senior Judge I. L. Glasser on 9/8/00) (Johnson, Tanya) Modified on 10/04/2000 (Entered: 10/04/2000) |
| 10/05/2000 | 110 | STIPULATION and ORDER as to John Doukas in 1:00-cr-00196, substituting attorney. Martin Russo terminated; Added Edward A. McDonald . ( Signed by Senior Judge I. L. Glasser on 10/6/00) (Rodriguez,Angela) (Entered: 10/16/2000) |
| 10/10/2000 | 114 | LETTER dated 10/5/00 from James M. LaRossa, Esq., to Judge Glasser requesting a (30 day) extension of time for defendant John Cioffoletti to file motions. (Johnson, Tanya) (Entered: 11/01/2000) |
| 10/16/2000 | 108 | ORDER as to John Cioffoletti in 1:00-cr-00196 endorsed on letter dated 10/5/00 from James LaRossa to Judge Glasser. Request for 30 day extension of time to file motions is granted. ( Signed by Senior Judge I. L. Glasser on 10/6/00) (Rodriguez,Angela) (Entered: 10/16/2000) |
| 10/16/2000 | 109 | ORDER as to Alfred Palagonia in 1:00-cr-00196 endorsed on letter dated 10/6/00 from Joseph Diblasi to Judge Glasser. Application for defendant to travel to Key West, Florida from 10/12/00 to 10/17/00 is granted. ( Signed by Senior Judge I. L. Glasser on 10/6/00) (Rodriguez,Angela) (Entered: 10/16/2000) |

| Date | Doc # | Description |
|---|---|---|
| 10/16/2000 | | (Johnson, Tanya) (Entered: 10/17/2000) |
| 10/20/2000 | 112 | LETTER dated 10/13/00 from Richard W. Brewster, Esq., to Judge Glasser requesting a 30 day extension of the current motion schedule. (Johnson, Tanya) (Entered: 10/17/2000) |
| 10/20/2000 | 113 | LETTER dated 10/12/00 from AUSA Eric Corngold, to Judge Glasser informing the Court of the status of this action and requesting that speedy trial be excluded to 12/15/00. (Johnson, Tanya) (Entered: 10/20/2000) |
| 10/20/2000 | | ENDORSED ORDER on document #113, granting the request for excludable delay as to Frank Coppa Sr.. The findings required by 18:3161()(8)(A) are hereby made. (Signed by Senior Judge I. L. Glasser on 10/12/00) (Johnson, Tanya) (Entered: 10/20/2000) |
| 10/23/2000 | 115 | MOTION by Edward Garafola for severance and separate trial and to suppress and preclude a tape recording made by the FBI on 3/25/99 . [115-1] [115-2] (Johnson, Tanya) (Entered: 11/01/2000) |
| 10/23/2000 | 116 | MEMORANDUM by Edward Garafola in support of his [115-1] motion for severance and separate trial, [115-2] to suppress and preclude a tape recording made by the FBI on 3/25/99. (Johnson, Tanya) (Entered: 11/01/2000) |
| 10/25/2000 | | ENDORSED ORDER dated 10/18/00 on document #76 in 99cr372 granting adjournment of sentencing as to Aleks Paul. Sentence set for 12/14/00 at 10:00. ( Signed by Senior Judge I. L. Glasser, on 10/18/00) *This also applies to 00cr196 and 00cr445. (Guzzi, Roseann) (Entered: 10/25/2000) |
| 11/03/2000 | 117 | LETTER dated 10/26/00 from Albert Brackley, Esq., to Judge Glasser requesting permission to join any co-counsel motion addressed to the sufficiency or legality of the indictment. (Johnson, Tanya) (Entered: 11/03/2000) |
| 11/03/2000 | | ENDORSED ORDER on document #117, granting defense counsel's request to join any co-counsel motion. (Signed by Senior Judge I. L. Glasser on 10/27/00) (Johnson, Tanya) (Entered: 11/03/2000) |
| 11/03/2000 | 118 | LETTER dated 10/30/00 from Jonathan Sack to U.S. Probation Officer, Linda Fowle, providing updated information concerning the loss attributable to Jack Basile in connection with the fraudulent sale of Holly Products Inc. securities at White Rock Partners & Co., Inc.. (Piper, Francine) (Entered: 11/03/2000) |
| 11/09/2000 | 119 | ORDER, that defendant Daniel Lev 's bail conditions be modified to permit him to travel from 11/7/00 through 12/7/00. It is further ordered that defendant's passport, presently in the possession of Pretrial Services, be provided to the defendant until he returns from his trip. (Signed by Senior Judge I. L. Glasser on 11/2/00) (Johnson, Tanya) Modified on 11/30/2000 (Entered: 11/09/2000) |
| 11/13/2000 | 120 | MOTION by Daniel Persico for an order granting a hearing to determine the admissability of statments and for discovery . w/supporting papers attached. (Johnson, Tanya) (Entered: 11/16/2000) |
| 11/16/2000 | 128 | MOTION by Daniel Lev to dismiss count one's RICO conspiracy charge and count two's substantive RICO charge ; to dismiss the money laundering charges contained in |
| | | ... (Johnson, Tanya) (Entered: 11/30/2000) |
| 11/16/2000 | 129 | MEMORANDUM by Daniel Lev in support of its pretrial motions. (Johnson, Tanya) |
| 11/21/2000 | 121 | MOTION by Lawrence Ray severing his case from that of his co-defendants, compelling the production of additional discovery; dismissing the indictment against Ray; requiring the government to disclose evidence and permitting defendant Ray to join in motions of co-defendants. (Guzzi, Roseann) (Entered: 11/27/2000) |
| 11/21/2000 | 122 | MEMORANDUM by Lawrence Ray in 1:00-cr-00196 in support of [121-1] motion severing his case from that of his co-defendants, compelling the production of additional discovery; dismissing the indictment against Ray; requiring the government to disclose evidence and permitting defendant Ray to join in motions of co-defendants. (Guzzi, Roseann) (Entered: 11/27/2000) |
| 11/21/2000 | 123 | AFFIDAVIT of Lawrence Ray in 1:00-cr-00196 as to Lawrence Ray in 1:00-cr-00196 Re: in support of defendant's [121-1] motion severing his case from that of his co-defendants, compelling the production additional discovery; dismissing the indictment against requiring the government to disclose evidence and defendant Ray to join in motions of co-defendants. (Guzzi, Roseann) Modified on 6/17/2009 to attach a copy of the affidavit, recd by. fax from Mr. Roth. (Vaughn, Terry). (Entered: 11/27/2000) |
| 11/21/2000 | 124 | AFFIDAVIT of Thomas G. Roth, Esq. on behalf of Lawrence Ray in 1:00-cr-00196 Re: in support of defendant Ray's [121-1] motion severing his case from that of his co-defendants, compelling the production of additional discovery; dismissing the indictment against Ray; requiring the government to disclose evidence and permitting defendant to join in motions of co-defendants (Guzzi, Roseann) (Entered: 11/27/2000) |
| 11/29/2000 | 125 | LETTER dated 11/9/00 from Amy E. Millard, Esq., to Judge Glasser requesting to modify the bail conditions of defendant Larry Berman to permit him to travel to Puerto Rico during to first week in December. (Johnson, Tanya) (Entered: 11/29/2000) |
| 11/29/2000 | | ENDORSED ORDER on document #125, granting the request to modify the bail conditions of defendant Larry Berman to permit him to travel to Puerto Rico during the first week in December. Itinerary to be made available to the AUSA. (Signed by Senior Judge I. L. Glasser on 11/14/00) c/m (Johnson, Tanya) (Entered: 11/29/2000) |
| 11/29/2000 | 126 | LETTER dated 11/13/00 from Nicholas G. Kaizer, Esq., to Judge Glasser requesting a one-month adjournment, until 12/15/00. for defendant Frank Coppa to submit pretrial motions. (Johnson, Tanya) (Entered: 11/29/2000) |
| 11/29/2000 | | ENDORSED ORDER on document #126, granting the request for a one-month adjournment, until 12/15/00, for defendant Frank Coppa to submit pretrial motions. (Signed by Senior Judge I. L. Glasser on 11/13/00) (Johnson, Tanya) (Entered: 11/29/2000) |
| 11/29/2000 | 127 | LETTER dated 11/14/00 from J. Brian Hansbury, Esq., to AUSA Eric Corngold, regarding the plea negotiations of defendant Ernest Montevecchi. (Johnson, Tanya) (Entered: 11/29/2000) |
| 11/29/2000 | 142 | MOTION for Peter F. Carr, II to appear pro hac vice on behalf of defendant Abraham Salaman. Fee #: $25.00. Receipt #: 239900 . [142-1] (Johnson, Tanya) Modified on 12/14/2000 (Entered: 12/14/2000) |
| 11/29/2000 | | AFFIDAVIT by Peter F. Carr, II in further support of his application to appear pro hac vice on behalf of defendant Abraham Salaman. (Annexed to doc #142) (Johnson, Tanya) |
| 11/29/2000 | 144 | MOTION for A. John Pappalardo to appear pro hac vice on behalf of Abraham Salaman. Pro Hac Vice Filing Fee #: $25.00. Receipt #: 239898 . [144-1] (Johnson, Tanya) (Entered: 12/14/2000) |
| 11/29/2000 | | AFFIDAVIT by A. John Pappalardo, Esq. in further support of his motion to appear pro hac vice on behalf of Abraham Salaman. Pro Hac Vice Filing Fee #: $25.00. Receipt #: 239898. (Annexed to doc #144) (Johnson, Tanya) (Entered: 12/14/2000) |
| 11/30/2000 | 130 | MOTION by John Cioffoletti to produce all exculpatory and impeachment materials ; for disclosure of pages of documents ; to dismiss Racketerring Act 9 of Counts 1,2,7,8,11,12,17 and 18 . [130-1] [130-2] [130-3] (Johnson, Tanya) (Entered: 11/30/2000) |
| 11/30/2000 | 131 | MEMORANDUM by defendant John Cioffoletti in support of his pretrial motions. [130-1] (Johnson, Tanya) (Entered: 11/30/2000) |
| 12/01/2000 | 147 | LETTER dated 11/30/00 from AUSA Eric Corngold, to Judge Glasser requesting an extension of time, until 1/18/01, for the government to respond to the pretrial motions of all defendants in this action. (Johnson, Tanya) (Entered: 01/02/2001) |
| 12/04/2000 | 132 | LETTER dated 11/30/00 from AUSA Eric Corngold and AUSA Jonathan Sack, to Judge Glasser requesting an extension of time until 1/18/01 for the government to respond to all of defendant's pretrial motions. (Johnson, Tanya) (Entered: 12/04/2000) |
| 12/04/2000 | 133 | SCHEDULING ORDER that the government is directed to file and serve responses to defendant John Cioffoletti's motion on or before 5pm on 12/18/00. The defendant shall file and serve reply papers, if any, on or before 5pm on 11/20/00 and oral argument will be heard at 10:00 on 12/22/00. (Signed by Senior Judge I. L. Glasser on 11/29/00) c/m (Johnson, Tanya) (Entered: 12/04/2000) |
| 12/04/2000 | 134 | LETTER dated 11/29/00 from Nicholas G. Kaizer, Esq., to JUdge Glasser requesting to modify the conditions of defendant Frank Coppa's pretrial release to allow him to travel to California between 11/26/00 to 1/2/01 . (Johnson, Tanya) (Entered: 12/04/2000) |
| 12/04/2000 | 134 | ENDORSED ORDER on document #134, granting permission for defendant Frank Coppa to travel to California from 12/26/00 to 1/2/01 . (Signed by Senior Judge I. L. Glasser on 11/29/00) c/m (Johnson, Tanya) (Entered: 12/04/2000) |
| 12/05/2000 | 135 | SCHEDULING ORDER: that the government is directed to file and serve responses to defendant Lawrence Ray's motion on or before 5pm on 12/18/00. The defendant shall file and serve reply papers, if any, on or before 5pm on 11/20/00 and oral argument will be heard at 10:00 on 12/22/00. (Signed by Senior Judge I. L. Glasser on 11/28/00) (Johnson, Tanya) (Entered: 12/05/2000) |
| 12/05/2000 | 136 | SCHEDULING ORDER: that the Government shall file and serve responsive papers to defendant Edward Garafola's motions on or before 5pm on 12/11/00. The defendant shall file and serve reply papers, if any, on or before 12/13/00, and oral argument and suppression hearing will be heard on 12/15/00 at 2:00. (Signed by Senior Judge I. L. Glasser on 11/28/00) (Johnson, Tanya) (Entered: 12/05/2000) |
| 12/05/2000 | 137 | SCHEDULING ORDER that the government shall file and serve responsive papers to defendant Daniel Lev's pretrial motions on or before 5:00pm on 12/11/00. The defendant shall file and serve reply papers, if any, on or before 5pm on 12/13/00. Oral argument will be heard at 10am on 12/15/00. (Signed by Senior Judge I. L. Glasser on 11/28/00) (Johnson, Tanya) (Entered: 12/05/2000) |
| 12/07/2000 | 138 | LETTER dated 11/17/00 from Jewel N. Klein, Esq., to Judge Glasser requesting permission for defendant Edmond Nagel to extend his stay in California until 11/27/00. (Johnson, Tanya) (Entered: 12/07/2000) |
| 12/07/2000 | | ENDORSED ORDER on document #138, granting permission for defendant Edmond Nagel to extend his stay in California until 11/27/00. (Signed by Senior Judge I. L. Glasser on 11/17/00) (Johnson, Tanya) (Entered: 12/07/2000) |
| 12/07/2000 | 140 | MOTION by Abraham Salaman for an extension of time, until 1/3/01, to file discovey motions . [140-1] (Johnson, Tanya) (Entered: 12/12/2000) |
| 12/11/2000 | 139 | SCHEDULING ORDER all defense motions which have not yet been made shall be filed and seved on or before 1/3/01; The government's response to those motions and to the motions that have already been filed and served shall be filed and served on or before 1/17/01. Defendant's replies, if any, shall be filed and served on or before 1/29/01. Oral argument will be heard on 2/2/01 at 10:00. (Signed by I. Law Glasser on 1/08/2001 (Johnson, Tanya) Modified on 01/08/2001 (Entered: ) |
| 12/13/2000 | 141 | LETTER dated 12/4/00 from Jeffrey Lichtman, Esq., to Judge Glasser requesting permission to extend defendant Daniel Lev's recent trip to London and Russia for business purposesi until 1/3/01. (Johnson, Tanya) (Entered: 12/13/2000) |
| 12/13/2000 | 141 | ENDORSED ORDER on document #141, that defendant Daniel Lev's request to extend his trip until 1/3/01 is granted. (Signed by Senior Judge I. L. Glasser on 12/4/00) (Johnson, Tanya) (Entered: 12/13/2000) |
| 12/14/2000 | 142 | ORDER, granting [142-1] the motion of Peter F. Carr, II to appear pro hac vice on behalf of defendant Abraham Salaman. (Signed by Senior Judge I. L. Glasser on 12/6/00) c/m $25.00 filing fee paid. (Johnson, Tanya) (Entered: 12/14/2000) |
| 12/14/2000 | 145 | ORDER, granting the [144-1] motion for A. John Pappalardo to appear pro hac vice on behalf of Abraham Salaman. Pro Hac Vice Filing Fee #: $25.00. Receipt #: 239898. (Signed by Senior Judge I. L. Glasser on 12/6/00) c/m (Johnson, Tanya) (Entered: 12/14/2000) |
| 12/27/2000 | | LETTER dated 12/12/00 from Melinda Sarafa to Judge Glasser to confirm the adjournment of the sentencing to 12/20/00 as to Aleks Paul. *This is document #85 in 99cr372. (Guzzi, Roseann) (Entered: 12/27/2000) |
| 12/29/2000 | 146 | LETTER dated 11/29/00 from Joseph Dilasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel to the Poconos for the weekend of 12/2/00. (Johnson, Tanya) (Entered: 12/29/2000) |
| 12/29/2000 | | ENDORSED ORDER on document #146, granting permission for defendant Alfred Palagonia to travel to the Poconos for the weekend of 12/2/00. (Signed by Senior Judge I. L. Glasser on 11/13/00) (Johnson, Tanya) (Entered: 01/02/2001) |
| 12/29/2000 | 148 | STIPULATION AND ORDER, by and between plaintiff and defendant John Cioffoletti that the sale of the Seagull Lane Property may proceed and that the net |

| Date | No. | Description |
|---|---|---|
| | | bearing account within the custody of the Clerk of Court for the Eastern District of NY pending further order of the Court. It is further ordered that withdrawals from this account must be sought on (10) days written notice to the Government's counsel in this action. It is further ordered that the Clerk of Court is directed to deduct from the income of the investment a fee equal to (10) percent of the income earned, but not exceeding the fee authorized by the Judicial Conference of the U.S. It is further ordered that each side shall bear its own costs and attorney's fees in connection with this stipulation and order. (Signed by Senior Judge I. L. Glasser on 12/19/00) (Johnson, Tanya) (Entered: 01/08/2001) |
| 12/29/2000 | | ENDORSED ORDER on document #140, granting the [140-1] motion for an extension of time, until 1/3/01, to file discovey motions as to Abraham Salaman (18). (Signed by Magistrate A. S. Chrein on 12/18/00) (Johnson, Tanya) (Entered: 01/08/2001) |
| 01/03/2001 | 151 | MOTION by Edmond Nagel to dismiss counts 1 and 2 and to sever this action . [151-1] [151-2] (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/03/2001 | | MEMORANDUM by Edmond Nagel in support of the [151-1] motion to dismiss counts 1 and 2 and to [151-2] sever this action. (Annexed to document #151) (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/03/2001 | 152 | MOTION by Ernest Montevecchi to dismiss counts 13 and 14 and to dismiss count 2 . [152-1] [152-2] (w/exhibits A-F attached) (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/03/2001 | 153 | MEMORANDUM by Ernest Montevecchi in further support of his [152-1] motion to dismiss counts 13 and 14 and [152-2] count 2. (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/03/2001 | 154 | MOTION by Abraham Salaman for Bill of Particulars ; to turn over all impeachment materials to the defendants ; provide the names of all unindicted co-conspirators referred to in the indictment ; provide all statements made during the course and in furtherance of the conspiracy by defendants the government does not intend to call as witnesses at the trial ; provide all evidence the goverment intends, expects or seeks to introduce at trial . [154-1] [154-2] [154-3] [154-4] [154-5] (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/03/2001 | 155 | MEMORANDUM by Abraham Salaman in further support of [154-1] of his pretrial motions. (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/04/2001 | 149 | LETTER dated 1/3/01 from Richard Brewster to Judge Glasser informing that Eugene Lombardo joins in that part of Ernest Montevecchi's motion seeking to dismiss the allegations in the instant indictment which are duplicative to that in Southern District case # 97cr1215. (Rodriguez,Angela) (Entered: 01/08/2001) |
| 01/10/2001 | 150 | LETTER dated 1/4/01 from Jean Marie Graziano, Esq., to Judge Glasser requesting permission for defendant Edward Garafola to travel to Alabama from Friday 1/12/01 to 1/26/01. (Johnson, Tanya) (Entered: 01/10/2001) |
| 01/10/2001 | 150 | ENDORSED ORDER on document #150, granting permission for defendant Edward Garafola to Travel from 1/12/1 to 1/26/01 . (Signed by Senior Judge I. L. Glasser on 1/4/01) (Johnson, Tanya) (Entered: 01/10/2001) |
| 01/11/2001 | | LETTER dated 12/18/00 from Melinda Sarafa to Judge Glasser to confirm defendant Aleks Paul's sentencing has been adjourned to 2/28/01 at 10:00. And also the |
| | | (Guzzi, Roseann) (Entered: 01/11/2001) |
| 01/11/2001 | 156 | LETTER dated 1/3/01 from Richard W. Brewster, Esq., to Judge Glasser informing the court that defendant Eugene Lomardo wishes to join in that part of Ernest Montevecchi's motion seeing to dismiss the allegations in the instant indictment. (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/17/2001 | 157 | LETTER dated 1/10/01 from Jeffrey Lichtman, Esq., to Judge Glasser requesting to modify the bail conditions of defendant Daniel Lev to allow the defendant to travel to Russia for business purposes. (Johnson, Tanya) (Entered: 01/17/2001) |
| 01/17/2001 | 157 | ENDORSED ORDER on pg 2 of doc #157, granting the request to modify defendant Daniel Lev's bail conditions allowing him to travel to Russia from 1/15/01 to 1/28/01 for business purposes. (Signed by Senior Judge I. L. Glasser on 1/10/01) (Johnson, Tanya) (Entered: 01/17/2001) |
| 01/17/2001 | 158 | MEMORANDUM by USA in opposition to the defendants' pretrial motions. (Johnson, Tanya) (Entered: 01/17/2001) |
| 01/29/2001 | 159 | REPLY by Abraham Salaman in further support of his pretrial motions. [154-1] [154-2] [154-3] [154-4] [154-5] (Johnson, Tanya) (Entered: 01/31/2001) |
| 01/29/2001 | 160 | REPLY AFFIDAVIT by J. Brian Hansbury, Esq., on behalf of defendant Ernest Montevecchi in response to the government's memorandum in opposition to the defendant's pretrial motions. (Johnson, Tanya) (Entered: 01/31/2001) |
| 02/02/2001 | 182 | CALENDAR ENTRY as to Frank Coppa Sr., Ernest Montevecchi in aniel Persico, Jack Basile, Rocco Basile, Larry Berman, John Cioffoletti, John Doukas, Walter Durchalter, Edward Garafola, Daniel Lev, Eugene Lombardo, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray, Abraham Salaman, Giuseppe Temperino. Case called before Senior I. L. Glasser on 2/2/01 for Status Conference. Court Reporter: Holly Driscoll. Counsel for all sides present. Mr. Rosen argues severance motion on behalf of Garabola. Decision reserved. Mr. Rosen's motion to suppress is denied. Mr. Roth argues severance mnoon on behalf of Ray. Decision reserved. Mr. Lichtman argues severance motion on behalf of defendant Lev. Decision reserved. Mr. Rovell's motion is also reserved. Andrew Weinstein argues money laundering motion on behalf of defendant Cioffoletti. Motion is denied. Ms Miranda Fritz argues money laundering motion on behalf of defendant Lev. Motion is denied. Brian Hansbury argues money laundering motion on behalf of defendant Montravecchi. Motion is denied. Mr. Giannini argues money laundering motion. Motion is denied. The court denies Mr Giannini's motion to suppress. Ms. Miranda Fritz argues motion to dismiss Ricco counts as to defendant Lev. Motion is denied. Mr. Hansbury argues motion to dismiss. Motion is denied. Brady material to be turned over upon request. Giglio material to be disclosed in sufficient time as needed by defense. Rocco Basile will be pleading guilty on 2/7/01, before Magistrate/Judge Pollak. Mr. Corngold expect six mor guilt plea. Set the next conference for 3/15/01 at 10:00. Trial date will be set then. (Johnson, Tanya) (Entered: 03/23/2001) |
| 02/07/2001 | 163 | CALENDAR ENTRY as to Rocco Basile in 1:00-cr-00196. Case called before Magistrate Cheryl L. Pollak on 2/7/01 for Pleading. Defense Counsel: Stephen Scaring. AUSA: Eric Corngold. Tape # 01/03C (480-3027). Defendant pleads Guilty: Rocco Basile (5) count(s) 5 . Set sentencing for 5/23/01 at 10:00 before Senior Judge I. L. Glasser . (Johnson, Tanya) (Entered: 02/22/2001) |
| 02/14/2001 | | CASE reassigned to Judge Raymond J. Dearie from Judge I. Leo Glasser. Parties notified. (Chin, Felix) (Entered: 02/24/2001) |
| 02/15/2001 | 161 | ORDER, that the plea of defendant Rooco Basile is referred to Magistrate Pollak. (Signed by Senior Judge I. L. Glasser on 2/1/01) (Johnson, Tanya) (Entered: 02/21/2001) |
| 02/16/2001 | 162 | LETTER dated 2/12/01 from Paul Schoeman to Judge Glasser and Judge Dearie, the govt has agreed to request the consolidation of sentencing for dft Basile in 98 cr 1129 and 00 cr 196. (Piper, Francine) (Entered: 02/16/2001) |
| 02/22/2001 | 164 | NOTICE of Appearance for Rocco Basile in 1:00-cr-00196 by attorney Stephen P. Scaring. (Johnson, Tanya) (Entered: 02/22/2001) |
| 02/22/2001 | 165 | LETTER dated 1.26.01 from Jean Marie Graziano to Judge Glasser enclosing a courtesy copy of Deft Edward Garafola's Reply Memorandum. W/o attachment. (Barrett, Charryse) (Entered: 02/22/2001) |
| 02/27/2001 | | CASE reassigned to Senior Judge I. L. Glasser from Judge Raymond J. Dearie. This is a correction from the last reassignment. Parties notified. (Chin, Felix) (Entered: 02/27/2001) |
| 02/27/2001 | 166 | LETTER dated 2/21/01 from Joseph DiBlasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel from 2/21/01 to 2/25/01. (Johnson, Tanya) (Entered: 02/27/2001) |
| 02/27/2001 | 166 | ENDORSED ORDER on document #166, granting the application for defendant Alfred Palagonia to travel from 2/21/01 to 2/25/01 on the condition that full travel itinerary be forwarded to pretrial services. (Signed by Senior Judge I. L. Glasser on 2/21/01) (Johnson, Tanya) (Entered: 02/27/2001) |
| 02/28/2001 | 167 | ORDER as to Aleks Paul, granting dft.'s request to adjourn sentencing from 2/28/01 to 3/28/01 at 10:00. (Signed by Senior Judge I. L. Glasser on 2/23/01). Endorsed on letter dated 2/21/01 from Melinda Sarafa to Judge Glasser. (Reddy, Lisa) (Entered: 03/01/2001) |
| 02/28/2001 | 168 | ORDER, that defendant Daniel Lev's bail conditions be modified to permit him to travel from 3/1/01 to 4/6/01. It is further ordered that defendant's passport, presently in the possession of Pretrial Services, be provided to the defendant let he return from this trip. (Signed by Senior Judge I. L. Glasser on 2/27/01) (Johnson, Tanya) (Entered: 03/01/2001) |
| 03/08/2001 | 169 | LETTER dated 2/5/01 from Nicholas G. Kaizer, Esq., to Judge Glasser requesting permission for defendant Frank Coppa to travel from 2/25/01 to 3/13/01 and 4/5/01 to 4/12/01. (Johnson, Tanya) (Entered: 03/08/2001) |
| 03/08/2001 | 169 | ENDORSED ORDER on document #169, granting permission for defendant Frank Coppa Sr to travel from 2/25/01 to 3/13/01 and 4/5/01 to 4/12/01 . (Signed by Senior Judge I. L. Glasser on 2/6/01) (Johnson, Tanya) (Entered: 03/08/2001) |
| 03/08/2001 | 170 | LETTER dated 2/6/01 from Michael Rosen, Esq., to Judge Glasser requesting permission for defendant Edward Garafola to travel through 2/14/01. (Johnson, Tanya) (Entered: 03/08/2001) |
| 03/08/2001 | | ENDORSED ORDER on document #170 granting permission for defendant Edward Garafola to travel through 2/14/01. (Signed by Senior Judge I. L. Glasser on 2/6/01) (Johnson, Tanya) (Entered: 03/08/2001) |
| 03/08/2001 | 171 | LETTER dated 2/8/01 from AUSA Eric Corngold, to Judge Glasser informing the Court of the status of the request for permission from the Solicitor General to file a petition for writ of mandamus. (Johnson, Tanya) (Entered: 03/08/2001) |
| 03/08/2001 | 172 | LETTER dated 2/27/01 from Jeffrey Lichtman, Esq., to Judge Glasser requesting permission for defendant Daniel Lev to miss the conference scheduled for 3/15/01. (Approved by Judge Glasser on 2/27/01, see pg 2 of this doc) (Johnson, Tanya) (Entered: 03/08/2001) |
| 03/09/2001 | 173 | LETTER dated 2/27/01 from Amy E. Millard, Esq., to Judge Glasser requesting permission for defendant Larry Berman to travel to St. Thomas from 3/18/01 to 3/23/01. (Johnson, Tanya) (Entered: 03/09/2001) |
| 03/09/2001 | 173 | ENDORSED ORDER on document #173, granting permission for defendant Larry Berman to travel on 3/18/01 to 3/23/01 . (Signed by Senior Judge I. L. Glasser on 3/2/01) (Johnson, Tanya) (Entered: 03/09/2001) |
| 03/09/2001 | 174 | TRANSCRIPT before Magistrate Pollak of the Pleading filed in case as to Rocco Basile in 1:00-cr-00196 for dates of 2/7/01. Transcript produced by Elizabeth Barron. (Gonzalez, Mary) (Entered: 03/09/2001) |
| 03/14/2001 | 175 | LETTER dated 3/13/01 from James M. LaRossa, Esq., to Judge Glasser informing the Court of defendant John Cioffoletti's changed itinerary for 3/15-3/19/01. (Johnson, Tanya) (Entered: 03/15/2001) |
| 03/15/2001 | 176 | LETTER dated 3/9/01 from James M. LaRossa, Esq., to Judge Glasser requesting that defendant Cioffoletti's bail conditions be extended to permit him to take a business trip. (Johnson, Tanya) (Entered: 03/15/2001) |
| 03/15/2001 | | ENDORSED ORDER on document #176, granting the request to extend the bail conditions of defendant John Cioffoletti to permit him to take a business trip/personal vacation to Florida from 3/15/01 to 3/19/01. (Signed by Senior Judge I. L. Glasser on 3/12/01) (Johnson, Tanya) (Entered: 03/15/2001) |
| 03/15/2001 | 177 | NOTICE of Appearance for Ernest Montevecchi in 1:00-cr-00196 by Attorney Joseph A. Bondy (Johnson, Tanya) (Entered: 03/15/2001) |
| 03/15/2001 | | CALENDAR ENTRY as to Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196. Case called before Senior Judge I. L. Glasser for Pleading Court Reporter/ESR Paul Lombardi Deft's pres. with counsels. Joseph Bondi has been retained by Montevecchi. Jonathan Sack says six more deft's will plead. Four have already plead. Nine may go to trial. A mandamus petition to be submitted to the Appellate Court. Severance motions remain undecided, and a decision will be put off, in anticipation of more pleas. Jury selection and trial set for 10/22/01. Criminal Pre |

| Date | No. | Description |
|---|---|---|
| | | ORDER, endorsed on the 3/19/01 letter, designating certain funds into escrow for Alfred Palagonia. (Signed by Senior Judge I. L. Glasser, on 3/19/01) C/F (Barrett, Ramona) (Entered: 03/21/2001) | | | LETTER dated 5/18/01 from Michael F. Bachner, Esq., to Judge Glasser requesting the requested modify defendant Daniel Lev's bail conditions to allow him to travel from 5/27/01 until 6/24/01. (Signed by Senior Judge I. L. Glasser , on 5/21/01 ) (Johnson, Tanya) (Entered: 05/25/2001) |
| 03/21/2001 | 179 | NOTICE of Appearance for Ernest Montevecchi in 1:00-cr-00196 by Attorney Joseph A. Bondy (Jackson, Ramona) (Entered: 03/21/2001) | | | |
| 03/21/2001 | 181 | Certificate of Engagement and Criminal Pre Trial ORDER as to Ernest Montevecchi et al in 1:00-cr-00196 ( Signed by Senior Judge I. L. Glasser , on 3/15/01) (Jackson, Ramona) (Entered: 03/21/2001) | 05/22/2001 | 192 | LETTER dated 5/22/01 from Michael F. Bachner, Esq., to Judge Glasser requesting permission for defendant Walter Durchalter to travel to Philadelphia, PA on 5/23/01 and return on 5/24/01. (Johnson, Tanya) (Entered: 05/25/2001) |
| 03/26/2001 | 183 | ORDER as to Alfred Palagonia in 1:00-cr-00196 On condition that itinerary delivered to pre trial services including address & phone of place where def. will be staying this request is Granted. On ltr. dtd. 3/21/01 from Joseph V DiBlasi. ( Signed by Senior Judge I. L. Glasser , on 3/21/01) (Jackson, Ramona) (Entered: 03/26/2001) | 05/22/2001 | 192 | ENDORSED ORDER on doc #192, granting the request for permission for defendant Walter Durchalter to travel to Philadelphia, PA on 5/23/01 and return on 5/24/01. (Signed by Senior Judge I. L. Glasser, undated) (Johnson, Tanya) (Entered: 05/25/2001) |
| 03/26/2001 | 184 | TRANSCRIPT filed in case as to Jack Basile in 1:00-cr-00196 for Arraignment before Mag Go dates of 3/15/01 ; Court Reporter/ESR: Courthouse Transcription Service (Jackson, Ramona) (Entered: 03/26/2001) | 05/29/2001 | 193 | LETTER dated 5/24/01 from Jeffrey Lichtman to Judge Glasser, enclosing subpoenas to review. (DiLorenzo, Krista) (Entered: 05/29/2001) |
| 03/26/2001 | 185 | LETTER dated 3/21/01 from Thomas G. Roth, Esq., to Judge Glasser regarding trial presently scheduled for 10/22/01. (Johnson, Tanya) (Entered: 03/27/2001) | 06/01/2001 | 194 | LETTER dated 5/29/01 from Jeffrey Lichtman to Judge Glasser, enclosing additional subpoenas to be so ordered. (No attachments). (DiLorenzo, Krista) (Entered: 06/01/2001) |
| 03/28/2001 | 186 | LETTER dated 3/27/01 from Jean Marie Graziano, Esq., to Judge Glasser requesting permission for defendant Edward Garafola to travel on 4/1/01 and return on 4/4/01. (Johnson, Tanya) (Entered: 03/28/2001) | 06/01/2001 | | LETTER dated 5/29/01 from Melinda Sarafa to Judge Glasser on behalf of Aleks Paulio inform the Court that defendant will be traveling to Las Vegas, Nevada from 5/31/01 to 6/5/01. This letter also applies to case # 00cr196 and 00cr445. *This is document #90 in99cr372 (Guzzi, Roseann) (Entered: 06/01/2001) |
| 03/28/2001 | | ENDORSED ORDER on document #186, granting permission for defendant Edward Garafola to travel on 4/1/01 and return on 4/4/01 . (Signed by Senior Judge I. L. Glasser, on 3/27/01) (Johnson, Tanya) (Entered: 03/28/2001) | 06/04/2001 | 195 | ORDER Directing Forfeiture of Property as to Alfred Palagonia in 1:00-cr-00196. Certified copies sent to AUSA. (Signed by Senior Judge I. L. Glasser on 6/4/01) (Rodriguez,Angela) (Entered: 06/05/2001) |
| 03/30/2001 | | LETTER dated 3/22/01 from Melinda Sarafa to Judge Glasser on behalf of Aleks Paul to confirm the sentencing has been adjourned until 5/22/01 at 10:00. *Also applies to 00cr196 and 00cr445. *This is document #89 in 99cr372. (Guzzi, Roseann) (Entered: 03/30/2001) | 06/04/2001 | 196 | STIPULATION AND ORDER as to Alfred Palagonia in 1:00-cr-196 designating certain funds into escrow as provided herein. (Signed by Senior Judge I. L. Glasser on 6/4/01) (Rodriguez,Angela) (Entered: 06/05/2001) |
| 04/11/2001 | 188 | CALENDAR ENTRY as to Eugene Lombardo. Case called before Senior Judge I. L. Glasser on 4/11/01 for Motion Hearing. Court Reporter: Fred Guerino. Application of Richard Brewster to be relieved as counsel for defendant Eugene Lombardo is granted and Lawrence K. Feitell, Esq is appointed . (Johnson, Tanya) (Entered: 04/24/2001) | 06/04/2001 | 198 | CALENDAR ENTRY as to Alfred Palagonia. Case called before Senior Judge I. L. Glasser on 6/4/01 for Pleading. Defense Counsel: Joseph DiBlasi. AUSA: Eric Corngold and David Goldberg. Court Reporter:: Holly Driscoll. Defendant pleads Guilty: Alfred Palagonia (14) count(s) 9 and 11 . Sentencing for defendant Alfred Palagonia is set for 9/13/01 at 10:00 before Senior Judge I. L. Glasser . AUSA will move to dismiss open counts at the time of sentencing. Stipulation presented in open court, providing that $404,000.00 be held in escrow account. (Johnson, Tanya) (Entered: 06/11/2001) |
| 04/11/2001 | 189 | CJA 20 as to Eugene Lombardo: Appointment of Attorney Lawrence Feitell. (Signed by Senior Judge I. L. Glasser on 4/11/01) (Johnson, Tanya) (Entered: 04/24/2001) | | | |
| 04/20/2001 | 187 | LETTER dated 4/3/01 from Richard Brewster, Esq., to Judge Glasser requesting to be relieved as counsel for defendant Eugene Lombardo. (Johnson, Tanya) (Entered: 04/24/2001) | 06/04/2001 | | LETTER dated 6/4/01 from Melinda Sarafa to Judge Glasser requesting the Court endorse Mr. Paul's request for release of the $100,000 cash bail on deposit in the Southern District. *This is document #91 in 99cr372 (Guzzi, Roseann) (Entered: 06/12/2001) |
| 05/17/2001 | 190 | USCA Order certified on 5/8/01 it is Ordered that the stay is Granted until further order of this Court. It is further ordered the respondents shall file a brief on or before May 17,2001. Judge notified. Ackn mailed. USCA # 01-3031. (Gonzalez, Mary) (Entered: 05/17/2001) | 06/05/2001 | 197 | LETTER dated 5/31/01 from Amy E. Millard, Esq., to Judge Glasser requesting permission for defendant Larry Berman to travel to Las Vegas from 7/2/01 - 7/6/01. (Johnson, Tanya) (Entered: 06/08/2001) |
| 05/22/2001 | 191 | LETTER dated 5/18/01 from Jeffrey Lichtman, Esq., to Judge Glasser requesting to modify defendant Daniel Lev's bail conditions to permit him to travel for business from 5/27/01 to 6/24/01. (Johnson, Tanya) (Entered: 05/25/2001) | 06/05/2001 | | ENDORSED ORDER on document #197, granting permission for defendant Larry Berman to travel to Las Vegas from 7/2/01 to 7/6/01 . (Signed by Senior Judge I. L. Glasser on 6/4/01) (Johnson, Tanya) (Entered: 06/08/2001) |

| Date | No. | Description |
|---|---|---|
| 06/06/2001 | 199 | ORDER, endorsed on the 6/6/01 letter from Mr. DiBlasi, so ordering Mr. DiBlasi's request for permission for his client Alfred Palagonia to travel to Puerto Rico beginning 6/11/01 through 6/16/01 . ( Signed by Senior Judge I. L. Glasser , on 6/6/01.) (Vaughn, Terry) (Entered: 06/11/2001) | | | Ordered: Senior Judge I. L. Glasser, on 6.21.01) C/F (Barrett, Charryse) (Entered: 06/26/2001) |
| 06/07/2001 | 201 | ORDER that the restraining order on Security Capital account #69010933 in the name of defendant Alfred Palagonia shall be removed and the assets in said account released to Mr. Palagonia immediately upon the execution of this order. (Signed by Senior Judge I. L. Glasser on 6/5/01) (Johnson, Tanya) (Entered: 06/13/2001) | 06/28/2001 | 208 | ORDER as to Frank Coppa Sr. in 1:00-cr-00196: Request for enlargement of defendant's conditions of pretrial release to permit travel to Florida in August for family wedding granted. See letter dated June 26, 2001 from Nicholas Kaizer to Hon. I. Leo Glasser. ( Signed by Senior Judge I. L. Glasser , on 06/26/01). (Chee, Alvin) (Entered: 07/03/2001) |
| 06/07/2001 | 202 | LETTER dated 6/1/01 from Joseph Diannini, Esq., to Judge Glasser requesting to modify the conditions of supervised release as to defendant Daniel Persico to allow the defendant to travel to Ft. Lauderdale, Florida on 6/15/01 to 6/25/01. (Johnson, Tanya) (Entered: 06/14/2001) | 07/05/2001 | 209 | CERTIFICATE OF SERVICE as to Alfred Palagonia notice service of a consent order of forfeiture. [195-1] (Johnson, Tanya) (Entered: 07/11/2001) |
| 06/07/2001 | | ENDORSED ORDER on document #202, granting the request to modify the conditions of supervised release as to defendant Daniel Persico to travel to Ft. Lauderdale, Florida on 6/15/01 to 6/25/01. (Signed by Senior Judge I. L. Glasser on 6/6/01) (Johnson, Tanya) (Entered: 06/14/2001) | 07/10/2001 | 210 | CALENDAR ENTRY as to Abraham Salaman. Case called before Senior Judge I. L. Glasser on 7/10/01 for Status Conference. Defense Counsel: A. John Pappalardo. AUSA: Jonathan Sack for Eric Corngold. Court Reporter: Diana Periera. Defendant Salaman has been charged in two cases: 00cr930 and 01cr196. The Berkun case is set for 10/01/01. The Coppa case is set for trial on 10/22/01. Counsel discuss evidence in both cases. There are six boxes of documents in the Berkun case. Mr Pappalardo states that this will be very difficult to be on trial on the Berkun case and prepare for the Coppa trial. AUSA Jonathan Sack states that the Government will turn over Giglio, Brady and Argus material before the Coppa Case. Mr. Sack suggests empaneling a jury on 00cr196 and starting one week later, to give Mr. Pappalardo time to go over 3500 material. Counsel will inform the Court. (Johnson, Tanya) (Entered: 07/16/2001) |
| 06/08/2001 | 200 | CALENDAR ENTRY as to John Doukas. Case called before Senior Judge I. L. Glasser on 6/8/01 for Pleading. Defense Counsel: Edward McDonald. AUSA: Eric Corngold. Court Reporter: Holly Driscoll. Defendant pleads Guilty: John Doukas (8) count(s) 9, 16 . Set sentencing for 11/20/01 at 10:00 before Senior Judge I. L. Glasser . Transcript of proceedings is sealed. (Johnson, Tanya) (Entered: 06/13/2001) | | | |
| 06/20/2001 | 203 | LETTER dated 6.20.01 from Jeffrey Lichtman, Esq., to Judge Glasser requesting permission o/b/o Daniel Lev to extend his recent trip to Moscow, until 7.10.01, for business purposes.(Barrett, Charryse) Modified on 06/29/2001 (Entered: 06/26/2001) | 07/11/2001 | 213 | LETTER dated 7/10/01 from Joseph R. Benfante, Esq., to Judge Glasser requesting permission for defendant Joseph Temperino to travel from 7/16/01 to 7/23/01. (Johnson, Tanya) Modified on 07/19/2001 (Entered: 07/19/2001) |
| 06/21/2001 | 205 | LETTER dated 06/21/01 from Eric Corngold, AUSA, to Hon. I. Leo Glasser, with information attached. (Chee, Alvin) (Entered: 06/27/2001) | 07/11/2001 | | ENDORSED ORDER on pg #2 of document #213, granting permission for defendant Giuseppe Temperino o/b/o Daniel Lev to travel from 7/16/01 to 7/23/01. (Signed by Senior Judge I. L. Glasser , on 7/10/01) (Johnson, Tanya) Modified on 07/19/2001 (Entered: 07/19/2001) |
| 06/22/2001 | | CALENDAR ENTRY as to Edmond Nagel in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 06/22/01 for pleading. Defendant, on bail, present with counsel Michael Rovell. AUSA Eric Corngold present as well. Court Reporter: Marsha Diamond. Defendant's first appearance. Informed of rights. Waiver of indictment executed for defendant Nagel. Defendant withdraws not guilty plea and enters guilty plea to ct. #11 of the indictment and a superseding information in CR 01-705. Bail continued for defendant. Case adjourned to 11-14-01 for sentencing at 10 am. Guilty: Edmond Nagel (13) count(s) 11 . (Chee, Alvin) (Entered: 07/03/2001) | 07/16/2001 | 211 | LETTER sent to docketing dated 7/12/01 from Melinda Sarafa, Esq. to Judge Glasser confirming that sentencing of Deft. is adjourned to 7/25/01 at 11:00. (Permaul, Jenny) (Entered: 07/17/2001) |
| | | | 07/19/2001 | 212 | LETTER dated 7/11/01 from Jeffrey Lichtman to Judge Glasser additional subpoenas. (Jackson, Ramona) (Entered: 07/19/2001) |
| 06/25/2001 | 204 | LETTER dated 6/22/01 from Melinda Sarafa to Judge Glasser confirming the adjournment of the sentencing from 6/29/01 to 7/12/01 at 10:30. (DiLorenzo, Krista) (Entered: 06/27/2001) | 07/23/2001 | | ORDER as to Aleks Paul, adjourning dff's sentencing to 7/31/01 at 10:30. ( Signed by Senior Judge I. L. Glasser , on 7/23/01). Endorsed on letter dated 7/20/01 from Melinda Sarafa to Judge Glasser. See doc #95 in case 99-cr-372. (Sica, Michele) (Entered: 07/24/2001) |
| 06/25/2001 | 206 | ORDER as to Aleks Paul granting dff's request to adjourn sentencing from 6/29/01 to 7/12/01 at 10:30. (Signed by Senior Judge I. L. Glasser on 6/25/01). See letter dated 6/22/01 from Melinda Sarafa to Judge Glasser. (DiLorenzo, Krista) (Entered: 06/25/2001) | 07/25/2001 | 214 | ORDER as to Alfred Palagonia in 1:00-cr-00196 that all restraints previously imposed by this Court upon the Vista Account are hereby lifted solely to the extent necessary to effectuate payment of $400,000.00 into an escrow account to be maintained by Joseph DiBlasi, Esq., as set forth herein. (Signed by Senior Judge I. L. Glasser , on 7/20/01). (Sica, Michele) (Entered: 07/25/2001) |
| 06/26/2001 | | ENDORSED ORDER, on document # 203, as to Daniel Lev in 1:00-cr-00196, GRANTING the request to extend his recent trip to Moscow until 7.10.01. (So | 07/27/2001 | 215 | TRANSCRIPT of Plea before Judge Glasser filed in case as to Edmond Nagel in 1:00-cr-00196 for dates of 6/22/01 ; Court Reporter: M. Diamond (Jean (Entered: 07/27/2001) |

| Date | No. | Entry |
|---|---|---|
| 07/31/2001 | | CALENDAR ENTRY as to Walter Durchalter; Case called before Magistrate A. S. Chrein. AUSA Sarah Coffey. Dft present; conference conversation with Louise Schillat that Mr. Paul's sentencing has been adjourned to 7/31/01 at 10:30 a.m. (Drayton, Lorraine) (Entered: 07/31/2001) |
| 08/02/2001 | 219 | CALENDAR ENTRY as to Walter Durchalter in 1:00-cr-00196; Case called before Magistrate A. S. Chrein on 8/2/01 for pleading. AUSA Jonathan Sack and dft present with counsel Michael Bachner. Tape # 01/52(469-3027). Dft consented to plead before Mag. Judge. Bail Modification granted to extend dfts travel to Pennsylvania . Dft pleads Guilty: Walter Durchalter (9) count(s) 4, 6, 7 . Transcript of plea proceedings ordered sealed except 1 copy to be given to Judge Glasser and 1 copy each to be given to counsel. Sentencing set for 12/11/01 at 10:00. (Sica, Michele) (Entered: 08/03/2001) |
| 08/02/2001 | | Attorney update in case as to Walter Durchalter. Attorney Michael F. Bachner for Walter Durchalter added. (Sica, Michele) (Entered: 06/29/2004) |
| 08/03/2001 | 217 | NOTICE OF APPEARANCE for Walter Durchalter in 1:00-cr-00196 by Attorney Michael F. Bachner (Sica, Michele) (Entered: 08/03/2001) |
| 08/03/2001 | 218 | ORDER as to Walter Durchalter in 1:00-cr-00196 referring the guilty plea to Mag. Chrein. ( Signed by Senior Judge I. L. Glasser , on 8/1/01). (Sica, Michele) (Entered: 08/03/2001) |
| 08/23/2001 | 220 | LETTER dated 8/17/01 from AUSA Jonathan Sack to Judge Glasser confirming that the sentencing for dft Aleks Paul has been adjourned to 9/17/01 at 10:30. (Sica, Michele) (Entered: 08/24/2001) |
| 09/05/2001 | 221 | ORDER as to Aleks Paul in 1:00-cr-00196 that the sentencing for dft has been adjourned to 9/17/01 at 10:30. ( Signed by Senior Judge I. L. Glasser , on 8/31/01). Endorsed on letter dated 8/17/01 from AUSA Jonathan Sack to Judge Glasser. (Sica, Michele) (Entered: 09/07/2001) |
| 09/10/2001 | 222 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 9/10/01 for status conf. AUSA Eric Corngold and dft present with counsel Thomas Roth. Dft Ray wants another lawyer. Mr. Roth is relieved. Dft Ray to get another lawyer ASAP.Court Reporter/ESR Holly Driscoll. (Sica, Michele) (Entered: 09/14/2001) |
| 09/17/2001 | 223 | LETTER dated 9/4/01 from Thomas Roth, Esq. to Judge Glasser requesting a status conf. (Sica, Michele) (Entered: 09/17/2001) |
| 09/17/2001 | 224 | CALENDAR ENTRY as to Aleks Paul ; Case called before Senior Judge I. L. Glasser on 9/17/01 for sentencing. AUSA Jonathan Sack and dft present with counsel Benjamin Brafman. Court Reporter/ESR Fred Guerino. Dft sentenced to imprisonment for 63 mos. to run concurrent on all counts, plus 3 years of supervised release. Open counts dismissed on government's motion. Special assessment $250. (Sica, Michele) (Entered: 09/24/2001) |
| 09/21/2001 | 226 | SUPERSEDING INFORMATION as to Daniel Lev (11) count(s) 1s (Sica, Michele) (Entered: 09/25/2001) |
| 09/21/2001 | 227 | CALENDAR ENTRY as to Daniel Lev in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 9/21/01 for pleading. AUSA Eric Corngol/Jonathan Sack and dft present with counsel Jeffrey Lichtman. Court Reporter/ESR Mike Picozzi. Dft withdraws not guilty plea and pleads Guilty: Daniel Lev (11) count(s) 1s . Case |
| | | indictment at sentencing. (Sica, Michele) (Entered: 09/25/2001) |
| 09/21/2001 | 228 | CALENDAR ENTRY as to Larry Berman in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 9/21/01 for pleading. AUSA Eric Corngold/Jonathan Sack and dft present with counsel Amy Millard. Court Reporter/ESR Mike Picozzi. Dft withdraws not guilty plea and pleads Guilty: Larry Berman (6) count(s) 5 . Case adjourned to 1/17/02 at 10:00 for sentencing. AUSA will move to dismiss open counts. Consent order of forfeiture signed. (Sica, Michele) (Entered: 09/25/2001) |
| 09/21/2001 | 229 | ORDER Directing Forfeiture of Property as to Larry Berman in 1:00-cr-00196. ( Signed by Senior Judge I. L. Glasser , dated: 9/21/01) (Sica, Michele) (Entered: 09/25/2001) |
| 09/24/2001 | | Sentencing held Aleks Paul (15) count(s) 11 (Sica, Michele) (Entered: 09/24/2001) |
| 09/24/2001 | | JUDGMENT Aleks Paul (15) count(s) 11. Dft pled guilty to count #5 in CR 99-372, count #11 in CR 00-196, and count #2 in CR 00-445. Special assessment $250. Dft is to be imprisoned for 63 mos. to run concurrent on all counts. Dft surrender to Bureau of Prisons before 2:00 pm on 10/30/01. Upon release from prison, dft shall be on supervised release for 3 years. ( Signed by Senior Judge I. L. Glasser , on 9/17/01) (Sica, Michele) (Entered: 09/24/2001) |
| 09/24/2001 | | DISMISSAL of Count(s) on Government Motion as to Aleks Paul in 1:00-cr-00196 party Aleks Paul in 1:00-cr-00196 Counts Dismissed: Aleks Paul (15) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12 (Sica, Michele) (Entered: 09/24/2001) |
| 09/24/2001 | 230 | CALENDAR ENTRY as to Frank Coppa Sr. in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 9/24/01 for pleading. AUSA Eric Corngold/Jonathan Sack and dft present with counsel Larry Bronson. Court Reporter/ESR Paul Lombardi. Dft withdraws only guilty and pleads Guilty: Frank Coppa (1) count(s) 15 . Sentencing set for 1/16/02 at 10:00. AUSA will move to dismiss open counts. (Sica, Michele) (Entered: 09/25/2001) |
| 09/25/2001 | 231 | MOTION by USA in 1:00-cr-00196 as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 for an adjournment in the case and an exclusion of time under the speedy trial act . (Sica, Michele) (Entered: 09/26/2001) |
| 09/25/2001 | 232 | MEMORANDUM of law by USA in 1:00-cr-00196 as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in Edward Garafola in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 in support of [231-1] motion for an adjournment in the |
| | | case and an exclusion of time under the speedy trial act. (Sica, Michele) (Entered: 09/26/2001) |
| 09/25/2001 | 233 | AFFIDAVIT of David Pitofsky as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 in support Re: [231-1] motion for an adjournment in the case and an exclusion of time under the speedy trial act. (Sica, Michele) (Entered: 09/26/2001) |
| 09/25/2001 | 234 | ORDER of Excludable Delay from 10/29/01 to 1/2/01 Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 ( Signed by Senior Judge I. L. Glasser , Dated 9/25/01) (Sica, Michele) (Entered: 09/26/2001) |
| 09/28/2001 | 238 | CALENDAR ENTRY as to Eugene Lombardo in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 9/28/01 for pleading. AUSA Eric Corngold/David Pitofsky and dft present with counsel Lawrence Feitell. Court Reporter/ESR Pual Lombardi. Dft withdraws not guilty plea and pleads Guilty: Eugene Lombardo (12) count(s) 2 . Sentencing set for 1/23/02 at 10:00. AUSA will move to dismiss all open counts. (Sica, Michele) (Entered: 10/02/2001) |
| 10/01/2001 | | LETTER dated 10/1/01 from David Smith, Esq. to Hon. Raymond Dearie requesting a modification of defendant's bail conditions to allow Mr. Basile to travel to Boston on 10/6/01 to 10/8/01. (This is document #1224 in case 98-cr-1129). (Chee, Alvin) Modified on 10/01/2001 (Entered: 10/04/2001) |
| 10/01/2001 | | ENDORSED ORDER as to Rocco Basile in 1:00-cr-00196: So ordered. Defendant's bail modified to allow defendant to travel to Boston on 10/6/01 to 10/8/01. Endorsed on doc. #1224 in 98-cr-1129. C/M by chambers. ( Signed by Judge Raymond J. Dearie , on 10/1/01) (Chee, Alvin) (Entered: 10/04/2001) |
| 10/01/2001 | 240 | CALENDAR ENTRY as to Giuseppe Temperino in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 10/01/01 for pleading. AUSA David Pitofsky and dft present with counsel Joseph Benfante. Court Reporter/ESR Paul Lombardi. Dft withdraws not guilty plea and pleads Guilty: Giuseppe Temperino (19) count(s) 6 . Sentencing set for 12/12/01 at time of sentencing; granted. (Sica, Michele) (Entered: 10/03/2001) |
| 10/02/2001 | 235 | LETTER dated 8/14/01 from AUSA David Goldberg to Amy Millard, Esq. confirming the agreement that the Government will file a Release of Notice of Pendency. (Sica, Michele) (Entered: 10/02/2001) |
| 10/02/2001 | 236 | MOTION by John Cioffoletti in 1:00-cr-00196 for orders as specified . (Entered: 10/02/2001) |
| 10/02/2001 | 237 | MEMORANDUM by John Cioffoletti in 1:00-cr-00196 in support of [236-1] motion for orders as specified (Sica, Michele) (Entered: 10/02/2001) |
| 10/02/2001 | 239 | LETTER dated 9/25/01 from Joseph Bondy, Esq. to David Pitofsky that pursuant to their conversation the dft will not be entering a guilty plea on 9/28/01, and requesting that all outstanding and still withheld Brady and Giglio materials be produced. (Sica, Michele) (Entered: 10/02/2001) |
| 10/02/2001 | 245 | CALENDAR ENTRY as to Aleks Paul ; Case called before Senior Judge I. L. Glasser on 10/02/01 for bail hearing. AUSA Jonathan Sack and dft present with counsel. Court Reporter/ESR Gene Rudolph. Bail hearing continued to 10/09/01 at 11:00. Government makes application to revoke bail, surety Rima Shargel wants to be released from bond. Government is directed to provide an order to exonerate surety Rima Shargel and release her property that was previously posted to secure Mr. Paul's release on bail. Dft remanded. Defense counsel has substitute surety. Court directs defense counsel to give the government a list of the sureties so the government can check them out. (Sica, Michele) (Entered: 10/05/2001) |
| 10/02/2001 | 246 | CALENDAR ENTRY as to John Cioffoletti in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 10/02/01 for pleading. AUSA David Pitofsky/Jonathan Sack and dft present with counsel. Court Reporter/ESR Gene Rudolph. Dft withdraws not guilty plea and pleads Guilty: John Cioffoletti (7) count(s) 3, 4, 5, 6, 9, 10, 15, 16 . Sentencing set for 12/14/01 at 11:00. (Sica, Michele) (Entered: 10/05/2001) |
| 10/04/2001 | 241 | ORDER Directing Forfeiture of Property as to John Cioffoletti; dft shall forfeit a total of $110,000.00 to the US as property involved in the alleged securities fraud conspiracy. (Signed by Senior Judge I. L. Glasser, 10/02/01). 4 certified copies sent to AUSA David Goldberg. (Sica, Michele) (Entered: 10/04/2001) |
| 10/04/2001 | 242 | ORDER as to Aleks Paul in 1:00-cr-00196 granting request to release the $150,000.00 bond to Rima Shargel. (Signed by Senior Judge I. L. Glasser , on 10/01/01). Endorsed on letter dated 9/28/01 from Melinda Sarafa to Judge Glasser. (Sica, Michele) Modified on 10/04/2001 (Entered: 10/04/2001) |
| 10/04/2001 | 243 | ORDER as to Aleks Paul that pursuant to Rule 46(f), Rima Shargel, a surety on bail bonds previously securing the release of dft Paul, be exonerated with respect to such bonds and that all property posted as security by Rima Shargel in connection with such bonds be released. ( Signed by Senior Judge I. L. Glasser , on 10/03/01). (Sica, Michele) (Entered: 10/04/2001) |
| 10/04/2001 | 244 | ORDER as to dft John Cioffoletti in 1:00-cr-00196 and Mary Cioffoletti, that the Clerk of the Court for the EDNY shall, within 10 business days, issue a check in the amount of $110,000.00 from the funds on deposit in the EDNY Escrow Account, payable to the "United States Marshals Service", in full and complete payment of the Consent Order of Forfeiture, pursuant to the details of this order, and that each side shall bear its own costs and attorny's fees. (Signed by Senior Judge I. L. Glasser , on 10/02/01). (Sica, Michele) (Entered: 10/04/2001) |
| 10/04/2001 | 249 | CALENDAR ENTRY as to Abraham Salaman in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 10/4/01 for pleading. Court Reporter/ESR Mickey Brymer. AUSA Eric Corngold/David Pitofsky and dft present with counsel. |

| | | |
|---|---|---|
| | | Sentencing set for 12/17/01 at 10:30. (Sica, Michele) (Entered: 10/11/2001) |
| 10/10/2001 | 247 | ORDER Directing Forfeiture of Property as to Abraham Salaman in 1:00-cr-00196 that dft shall forfeit $50,000.00 to the US as property involved in the alleged securities fraud in count 3 of the indictment. (Signed by Senior Judge I. L. Glasser , dated: 10/04/01). 4 certified copies sent to AUSA David Goldberg. (Sica, Michele) (Entered: 10/10/2001) |
| 10/10/2001 | 248 | ORDER as to Daniel Lev in 1:00-cr-00196, Modifying Conditions of Release to allow dft to travel to Russia from 10/14/01 to 10/28/01 . ( Signed by Senior Judge I. L. Glasser , on 10/9/01). Endorsed on letter dated 10/9/01 from Jeffrey Lichtman, Esq. to Judge Glasser. (Sica, Michele) (Entered: 10/10/2001) |
| 10/12/2001 | 250 | TRANSCRIPT of status conf. filed in case as to Aleks Paul in 1:00-cr-00196 for dates of 10/2/01; AUSA Jonathan Sack and dft present with counsel Melinda Serafa. Court Reporter/ESR: Gene Rudolph. (Sica, Michele) (Entered: 10/12/2001) |
| 10/15/2001 | 251 | LETTER dated 10/10/01 from Linda Fowle, USPO to Judge Glasser advising that the presentence investigation will be delayed. (Sica, Michele) (Entered: 10/15/2001) |
| 10/15/2001 | 253 | MANDATE OF USCA (certified copy) as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 Re: granting writ & remanded . The Government's petition for a writ of mandamus is granted, and the cause is Remanded for further proceedings in accordance with the opinion of this Court.(See opinion for further details) . Issued as mandate on 10/10/01. Judge notified. Ackn mailed. USCA # 01-3031. (Gonzalez, Mary) (Entered: 10/18/2001) |
| 10/15/2001 | 254 | CALENDAR ENTRY as to Ernest Montevecchi in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 10/15/01 for pleading. AUSA Jonathan Sack and dft present with counsel Joseph Bondy. Court Reporter/ESR Diana Pereira. Dft withdraws not guilty plea and pleads Guilty: Ernest Montevecchi (2) count(s) 2 . Sentencing set for 1/9/02 at 10:00. AUSA will move to dismiss open counts. (Sica, Michele) (Entered: 10/22/2001) |
| 10/18/2001 | 252 | LETTER dated 10/15/01 from USPO Carol Pizarro to Judge Glasser advising that the presentence investigation as to dft Lombardo has been delayed. (Sica, Michele) (Entered: 10/18/2001) |
| 10/18/2001 | 256 | CALENDAR ENTRY as to Jack Basile in 1:00-cr-00196 and in 1:99-cr-589; Case called before Judge Nina Gershon on date of 10/18/01 for sentencing. AUSA Jonathan Sack. John Jacobs for the defendant. Court Reporter/Ronald Tolkin. USPO Mark Gjelaj. Defendant is sentenced to 37 months on each indictment to run concurrent Count 2s in 99cr589 and Count 5 in 00cr196; 3 years supervised release on each Count to run concurrent. $150.00 special assessment fee. Restitution in the amount of 1.2 Million in 99cr589 and Restitution in the amount of $990,000 Restitution in 00cr196. Elizabeth Macedonia files notice of appearance and substitutes out John Jacobs as |

| | | |
|---|---|---|
| | | (Guzzi, Roseann) (Entered: 10/26/2001) |
| 10/18/2001 | | Sentencing held as to Jack Basile (4) count(s) 5. (Guzzi, Roseann) (Entered: 10/26/2001) |
| 10/18/2001 | | DISMISSAL of Count(s) on Government Motion as to Jack Basile in 1:00-cr-00196 Counts Dismissed: Jack Basile (4) count(s) 2, 6, 7, 8. (Guzzi, Roseann) (Entered: 10/26/2001) |
| 10/25/2001 | 255 | LETTER dated 10/17/01 from USPO Linda Fowle to Judge Glasser advising that the there has been a delay in the presentence investigation. (Sica, Michele) (Entered: 10/25/2001) |
| 10/26/2001 | 257 | JUDGMENT dated 10/18/01 as to Jack Basile (4) count(s) 5. Defendant is sentenced to Count 5 and receives 37 months imprisonment followed by 3 years supervised release and $150.00 special assessment Restitution in the amount $990,000.00. this sentence is to run concurrent with sentence imposed in 99cr589. Remaining Counts dismissed. Defendant to receive alcohol treatment. Defendant shall surrender at 12:00 on 1/2/02 if there has been no institution designated by the bureau of prisons at such times. Special Conditions: compliance with the restitution order and the defendant is ordered to make payments of retitution at $500 per month on each indictment beginning 90 days after release from custody. The defendant is to provide full financial disclosure to the Probation Department. Defendant is directed not to obtain employment in the securities industries. Defendant is to receive alcohol abuse treatment and mental health treatment. ( Signed Judge Nina Gershon, on 10/18/01) party Jack Basile in 1:00-cr-00196 terminated. c/m (Guzzi, Roseann) (Entered: 10/26/2001) |
| 10/26/2001 | 258 | LETTER dated 10/23/01 from USPO Carol Pizarro to Judge Glasser advising that there has been a delay in the presentence investigation as to dft Frank Coppa Sr. (Sica, Michele) (Entered: 10/26/2001) |
| 11/02/2001 | 263 | CALENDAR ENTRY as to Edward Garafola in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 11/2/01 for pleading. AUSA David Pitofsky and dft present with counsel Michael Rosen. Court Reporter/ESR Tony Mancuso. Dft withdraws wn guilty plea and pleads Guilty: Edward Garafola (10) count(s) 19 . Sentencing set for 2/4/02 at 10:00. (Sica, Michele) (Entered: 11/06/2001) |
| 11/06/2001 | 259 | MOTION by Edward Garafola in 1:00-cr-00196 for severance and a separate trial on counts 19 and 20, and granting a hearing and thereafter suppressing and precluding a tape recording of dft made by the FBI on 3/25/99 (Sica, Michele) (Entered: 11/06/2001) |
| 11/06/2001 | 260 | MEMORANDUM by Edward Garafola in 1:00-cr-00196 in support of [259-1] motion for severance and a separate trial on counts 19 and 20, and granting a hearing and thereafter suppressing and precluding a tape recording of dft made by the FBI on 3/25/99 (Sica, Michele) (Entered: 11/06/2001) |
| 11/06/2001 | 261 | MEMORANDUM by USA in 1:00-cr-00196 as to Edward Garafola in 1:00-cr-00196 in opposition to [259-1] motion for severance and a separate trial on counts 19 and 20, and granting a hearing and thereafter suppressing and precluding a tape recording of dft made by the FBI on 3/25/99 (Sica, Michele) (Entered: 11/06/2001) |
| 11/06/2001 | | Reply MEMORANDUM by Edward Garafola in 1:00-cr-00196 in further support of [259-1] motion for severance and a separate trial on counts 19 and 20, and granting a |

| | | |
|---|---|---|
| | | hearing and thereafter and precluding a tape recording of dft made by the FBI on 3/25/99 (Sica, Michele) (Entered: 11/06/2001) |
| 11/06/2001 | | ENDORSED ORDER as to Edward Garafola in 1:00-cr-00196 [259-1] motion for severance and a separate trial on counts 19 and 20, and granting a hearing and thereafter and precluding a tape recording of dft made by the FBI on 3/25/99 as to Edward Garofola (10). Dft pleaded. Motion is withdrawn. ( Signed by Senior Judge I. L. Glasser , on 11/2/01). Endorsed on motion, document #259. (Sica, Michele) (Entered: 11/06/2001) |
| 11/07/2001 | 265 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 11/7/01 for status conf. AUSA Eric Corngold/David Pitofsky and dft present with counsel George Taite. Court Reporter/ESR Gene Rudolph. Mr Taite has not yet been retained. If he takes the case, he will need another trial date. Next conf 11/16/01 at 10:00. Trial currently set for 12/3/01. (Sica, Michele) (Entered: 11/09/2001) |
| 11/08/2001 | 264 | AMENDED JUDGMENT: Jack Basile (4) count(s) 5. Defendant is sentenced to Count 5 and receives 37 months concurrent on each indictment with 99cr589; 3 years supervised release concurrent on each count with 99cr589; special assessment fee $150.00; restitution $990,000.00. Defendant to receive alcohol treatment. Defendant is directed not to obtain employment in the securities industries. Special condition: compliance with the restitution order and the defendant is ordered to make payments of restitution at $500 per month on each indictment beginning 90 days after release from custody. The defendant is to provide full financial disclosure to the probation department. The defendant is directed not to obtain employment in the securities industries. The defendant is to receive alcohol abuse treatment and mental health treatment. ( Signed by Judge Nina Gershon, on 10/18/01) (Guzzi, Roseann) (Entered: 11/08/2001) |
| 11/09/2001 | 266 | LETTER dated 11/01/01 from AUSA Eric Corngold to Lawrence Ray advising that Judge Glasser has set a status conf for 11/7/01 at 10:00. (Sica, Michele) (Entered: 11/09/2001) |
| 11/14/2001 | | LETTER dated 11/12/01 from Stephen Scaring, Esq. to Hon. Raymond Dearie advising that the dft may need an adjournment because of prior matter with the NYS Supreme Court. (This is document #1234 in case 98-cr-1129 RJD). (Chee, Alvin) Modified on 11/26/2001 (Entered: 11/15/2001) |
| 11/15/2001 | 267 | LETTER dated 11/13/01 from AUSA Jonathan Sack to Judge Glasser regarding the sentencing submission of dft Edmond Nagel styled "Nagel's Objections to Presentence Report" dated 11/2/01. (Sica, Michele) (Entered: 11/15/2001) |
| 11/16/2001 | | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 11/16/01 for status conf. AUSA David Pitofsky and dft present without counsel. Court Reporter/ESR Ronald Tolkin. Court advises dft of right to proceed pro se and advises against it. Trial scheduled for 12/3/01. A lawyer from the CJA panel will be appointed to assist during trial. (Sica, Michele) (Entered: 11/19/2001) |
| 11/20/2001 | 270 | WAIVER OF INDICTMENT by Daniel Persico in 1:00-cr-00196 (Sica, Michele) (Entered: 11/26/2001) |

| | | |
|---|---|---|
| 11/20/2001 | 271 | SUPERSEDING INFORMATION by Daniel Persico (3) count(s) 1s (Sica, Michele) (Entered: 11/26/2001) |
| 11/20/2001 | 272 | CALENDAR ENTRY as to Daniel Persico in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 11/20/01 for pleading. AUSA David Pitofsky/Eric Corngold and dft present with counsel Joseph Giannini. Court Reporter/ESR Ronald Tolkin. Waiver of indictment signed. Dft withdraws not guilty plea and pleads Guilty: Daniel Persico (3) count(s) 1s . AUSA will move to dismiss open counts. Sentencing set for 2/21/02 at 10:00. (Sica, Michele) (Entered: 11/26/2001) |
| 11/20/2001 | 273 | Waiver of statute of limitations by Daniel Persico in 1:00-cr-00196 re: violations of 18:1957 (Sica, Michele) (Entered: 11/27/2001) |
| 11/20/2001 | | Sentencing held Rocco Basile (5) count(s) 1. (Chee, Alvin) (Entered: 12/03/2001) |
| 11/20/2001 | | CALENDAR ENTRY as to Rocco Basile in 1:00-cr-00196; Case called before Judge Raymond J. Dearie on date of 11/20/01 for sentence. AUSA Paul Schoeman, Stephen Scaring for defendant. Court finds that the plea of guilty taken before the MJ was done knowingly and voluntarily and formally accepts plea of guilty to count 3 of 98-cr-1129, and count 5 of cr-00-196. Imprisonment of 44 months on each count to run concurrently. Court recommends an institution in the Northeast region and invites consideration that defendant be placed in the same institution as his brother, Jack Basile. The court has been advised that Camp Allenwood has been recommended in Jack Basile's case. Surrender date: 2/4/02 by 12 PM to the designated institution. Supervised release for 3 years on each count to run concurrently. Special condition of SR: 1) Community service during the first 2 years of SR as follows: 20 hours per week under the direction of the court through the supervision of the probation department. As part of community service, the defendant will be permitted to work on the YMCA Building project in his community. 2) Defendant to make full financial disclosure as and when required by and to this court. 3) Restitution payments at a rate to be determined by the court and not less than 10% of gross earnings. The rate to be adjusted from time to time by the court in consultation with the probation department. As part of the restitution order. Defendant to receive treatment for substance abuse. Restitution in the amount of $5,000,000.00 as to case CR-98-1129. The $100 SA is imposed on each count for a total assessment of $200.00. Upon the motion of the AUSA, all open counts are dismissed. Defendant is advised of his right to appeal. Court Reporter: Paul Schoeman. This is document #1238 in case 98-CR-1129. (Chee, Alvin) (Entered: 12/03/2001) |
| 11/26/2001 | 269 | CJA 20 as to Lawrence Ray in 1:00-cr-00196: Appointment of Attorney David S. Zapp ( Signed by Senior Judge I. L. Glasser , Dated 11/19/01) (Sica, Michele) (Entered: 11/26/2001) |
| 11/26/2001 | | ORDER as to Daniel Lev in 1:00-cr-00196, Modifying Conditions of Release to allow dft to travel to Russia from 11/25/01 to 12/20/01 . ( Signed by Senior Judge I. L. Glasser , on 11/21/01). Endorsed on letter dated 11/21/01 from Jeffrey Lichtman to Judge Glasser. (Sica, Michele) (Entered: 11/27/2001) |
| 11/27/2001 | 275 | LETTER dated 11/20/01 from AUSA David Pitofsky to Lawrence Ray enclosing copies of documents and audiocassette tapes pursuant to the Jencks Act, and advising him of his reciprocal obligations to provide materials. (Sica, Michele) (Entered: 11/27/2001) |

| Date | No. | Description |
|---|---|---|
| 11/27/2001 | | ... Trial order from Defense USA, Lawrence Ray, ... Pitofsky ... waiving discovery. (Sica, Michele) (Entered: 11/27/2001) |
| 11/27/2001 | 277 | MOTION by USA in 1:00-cr-00196 as to Lawrence Ray in 1:00-cr-00196 for admission, at trial, of a "glossary of securities-related terms" as an aid to the jury, and to preclude the dft from offering certain evidence at trial . Memo in support and exhibits A-C attached. (Sica, Michele) (Entered: 11/28/2001) |
| 11/27/2001 | 284 | JUDGMENT Rocco Basile (5) count(s) 5. Imprisonment of 44 months on each count to run concurrently. Supervised Release of 3 years on each count to run concurrently. Special assessment of $200. Restitution of $5,000,000.00. Court recommends that defendant be designated to an institution in the Northeast Region and further invites consideration that defendant be designated to the same institution as his brother Jack Basile. Defendant shall surrender before 2 PM on 2/4/02. Special condition of SR: 1) Community service during the first 2 years of SR as follows: 20 hours per week under the direction of the court through the supervision of the probation department. As part of community service, the defendant will be permitted to work on the YMCA Building project in his community. 2) Defendant to make full financial disclosure as and when required by and to this court. 3) Restitution payments at a rate to be determined by the court and not less than 10% of gross earnings. The rate to be adjusted from time to time by the court in consultation with the probation department. Defendant to comply with the restitution order. Defendant to receive treatment for substance abuse. See attached restitution order. Open counts dismissed on govt's motion. Copies distributed. Signed by Judge Raymond J. Dearie , on 11/27/01) party Rocco Basile in 1:00-cr-00196. (Chee, Alvin) (Entered: 12/03/2001) |
| 11/27/2001 | 284 | DISMISSAL of Count(s) on Government Motion as to Rocco Basile in 1:00-cr-00196 party Rocco Basile in 1:00-cr-00196 terminating [231-1] motion for an adjournment in the case and an exclusion of time under the speedy trial act as to Rocco Basile (5) Counts Dismissed: Rocco Basile (5) count(s) 2, 6, 7, 8. (Chee, Alvin) (Entered: 12/03/2001) |
| 11/28/2001 | 279 | ORDER as to Abraham Salaman in 1:00-cr-00196 adjourning sentencing from 12/17/01 to 1/16/02 at 10:00. Signed by Senior Judge I. L. Glasser , on 11/26/01). Endorsed on letter from Joel Cohen to Judge Glasser. (Sica, Michele) (Entered: 11/30/2001) |
| 11/28/2001 | 280 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 11/28/01 for status conf. AUSA Eric Corngold/David Pitofsky and dft present with counsel David Zapp. Court Reporter/ESR Burt Sulzer. Larry Ray wrote to the Court, requesting a two month adjournment of the trial, which is scheduled for this monday. The government opposes any adjournment. Motion to adjourn the trial is denied. Trial will go forward on 12/3/01. (Sica, Michele) (Entered: 11/30/2001) |
| 11/29/2001 | 278 | Government's request to charge filed as to Lawrence Ray in 1:00-cr-00196 (Sica, Michele) (Entered: 11/29/2001) |
| 11/29/2001 | 285 | CALENDAR ENTRY as to Edmond Nagel ; Case called before Senior Judge I. L. Glasser on 11/29/01 for Sentencing. AUSA: David Goldberg and Jonathan Sack; Michael Rovell, Esq. for the Dft.; Court Reporter: B.Sulzer. Sentencing held on Count # 11 con CR-00-196 and Count #1 on CR-01-705.IMPRISONMENT: 37 months; SUPERVISED RELEASE: 3 years; SPECIAL ASSESSMENT: $100.00 on each case ... for sentence of 37 months. Court recommends defendant be designated to Morgantown, West Virginia. Deft. to voluntarily surrender to the institution on 1/30/01. (Permaul, Jenny) (Entered: 12/04/2001) |
| 11/29/2001 | | Sentencing as to Edmond Nagel (13) held on count(s) 11. (Permaul, Jenny) (Entered: 12/04/2001) |
| 11/30/2001 | 281 | LETTER dated 11/26/01 from AUSA's Eric Corngold and David Pitofsky to Judge Glasser in opposition to dft Lawrence Ray's request for a 60 dayadjournment of his trial. (Sica, Michele) (Entered: 11/30/2001) |
| 11/30/2001 | 282 | LETTER dated 11/26/01 from Lawrence Ray to Judge Glasser requesting a 60 day adjournment of trial to allow dft to get a new attorney. (Sica, Michele) (Entered: 11/30/2001) |
| 11/30/2001 | 283 | ORDER as to John Cioffoletti in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196, granting USPO Carol Pizarro's request and adjourning sentencing to 1/25/02 at 10:00. ( Signed by Senior Judge I. L. Glasser , on 11/27/01) (Sica, Michele) (Entered: 11/30/2001) |
| 11/30/2001 | | DISMISSAL of Count(s) on Government Motion as to Edmond Nagel in 1:00-cr-00196 party Edmond Nagel in 1:00-cr-00196 Counts Dismissed: Edmond Nagel (13) count(s) 1, 2, 9, 10, 12. (Permaul, Jenny) (Entered: 12/04/2001) |
| 11/30/2001 | 286 | JUDGMENT Edmond Nagel (13) count(s) 11. IMPRISONMENT: 37 months; SUPERVISED RELEASE: 3 years; SPECIAL ASSESSMENT: $100.00 in 01-CR-705 and $100.00 in 01-CR-196). The court recommends that the deft. be designated to Morgantown, West Virginia; Deft. to surrender for serviceof sentence on 1/30/02 befor 2:00. Signed by Senior Judge I. L. Glasser , on 11/30/01. terminated party Edmond Nagel in 1:00-cr-00196 (Permaul, Jenny) (Entered: 12/04/2001) |
| 12/03/2001 | 288 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 12/3/01 for jury selection and trial. Defense Counsel: David Zapp. AUSA: Eric Corngold and David Pitofsky. Court Reporter: Henry Shapiro. Mark Macron was contacted by the defendant yesterday. He cannot file a notice of appearance and start the trial today. Mr. Ray begs the Court for more time. The Court is ready to proceed to trial. Defendant withdraws not guilty plea and enters plea of Guilty: Lawrence Ray (17) count(s) 10 . Court accepts the plea. Sentencing is set for 3/7/01 at 10:00. AUSA will move to dismiss open counts. (Rodriguez,Angela) (Entered: 12/06/2001) |
| 12/05/2001 | 287 | Proposed Voir Dire Questions by USA in 1:00-cr-00196 as to Lawrence Ray in 1:00-cr-00196 (Request to Charge) (Permaul, Jenny) (Entered: 12/05/2001) |
| 12/05/2001 | 289 | LETTER dated 11/30/01 from Samuel Noel to Lawrence Ray regarding additional 3500 material on witnesses Felix Sater 3500-FS-41 and Agent Leo Taddeo 3500-FBI 18, 19, & 20. (Sica, Michele) (Entered: 12/12/2001) |
| 12/12/2001 | 290 | ORDER as to John Cioffoletti in 1:00-cr-00196 adjourning sentencing until 1/12/02 at 10:00. ( Signed by Senior Judge I. L. Glasser , on 12/11/01). Endorsed on letter dated 12/5/01 from James LaRossa to Judge Glasser. (Sica, Michele) (Entered: 12/12/2001) |
| 12/12/2001 | 291 | Amended Consent ORDER Directing Forfeiture of Property as to Edmond Nagel in 1:00-cr00196 that dft shall forfeit $600,000.00 and all right, interest, stock, or warrants in Condor Capital Inc. to the US as propert involved in money laundering. This order shall be final against dft, and shall be included in the judgment. The US Marshal's Service is authorized to deposit property in US Department of Justice's Asset Forfiture. 4 certified copies sent to AUSA David Goldberg. ( Signed by Senior Judge I. L. Glasser , dated : 11/29/01) (Sica, Michele) (Entered: 12/12/2001) |
| 12/13/2001 | 292 | ORDER as to Frank Coppa Sr. in 1:00-cr-00196, Modifying Conditions of Release to allow dft to travel to Florida from 12/28/01 to 1/13/02 . (Signed by Senior Judge I. L. Glasser , on 12/12/01). Endorsed on letter dated 12/12/01 from Larry Bronson to Judge Glasser. (Sica, Michele) (Entered: 12/17/2001) |
| 12/18/2001 | 293 | LETTER dated 12/12/01 from Larry Bronson to Judge Glasser requesting that dft Coppa's bail conditions be modified to allow him to travel to Florida. (Sica, Michele) (Entered: 12/18/2001) |
| 12/21/2001 | 296 | ORDER as to Edward Garafola in 1:00-cr00196 endorsed on letter dated 12/19/01 from Jean Marie Graziano to Judge Glasser. Defendant Edward Garafola's request for modification of bail restrictions is granted. Defendant is permitted to travel as specified herein. (Signed by Senior Judge I. L. Glasser on 12/20/01) (Rodriguez,Angela) (Entered: 01/07/2002) |
| 12/21/2001 | 297 | LETTER dated 12/18/01 from Jeffrey Lichtman to Judge Glasser confirming that sentencing of defendant Daniel Lev be adjourned from 1/10/02 to 1/24/02 at 10:00. (Endorsed by Judge Glasser on 12/19/01) (Rodriguez,Angela) (Entered: 01/07/2002) |
| 12/27/2001 | 295 | TRANSCRIPT of proceedings before Judge Glasser filed in case as to Lawrence Ray in 1:00-cr-00196 for dates of 11/28/01; Court Reporter: Brton Sulzer. (Rodriguez,Angela) (Entered: 01/07/2002) |
| 12/27/2001 | 309 | LETTER dated 8/17/01 from Jonathan Sack to Michael Bachner advising that Mr. Bachner's client is scheduled for sentencing before Judge Glasser on 12/11/01 at 2:00. (Rodriguez,Angela) (Entered: 01/14/2002) |
| 01/03/2002 | 294 | ORDER as to Daniel Lev. Order endorsed on the letter dated Dec. 19, 2001, from Jeffrey Lichtman, counsel for dft. Daniel Lev, granting Mr. Lichtman's request for permission to extend his recent trip to Russia for business purposes. He can now return from his trip on Jan. 3, 2002. Govt. consented to this request. (Signed by Senior Judge I. L. Glasser) (Vaughn, Terry) (Entered: 01/03/2002) |
| 01/04/2002 | 299 | ORDER as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196 endorsed on memorandum from Probation Dept. dated 12/19/01. Request for adjournment of sentencing is granted. Defendant Montevecchi adjourned to 1/23/02 at 10:00; defendant Doukas adjourned to 3/27/02 at 10:00; defendant Lev adjourned to 1/24/02 at 10:00; defendant Coppa adjourned to 2/12/02 at 10:00. (Rodriguez,Angela) (Entered: 01/08/2002) |
| 01/07/2002 | 298 | LETTER dated 12/19/01 on letter dated 12/16/01 from Elizabeth E. Macedonio to Judge Gershon requesting a two week adjournment of Mr. Jack Basile's surrender date. APPLICATION DENIED as to Jack Basile in 1:00-cr-00196. ( Signed by Judge Nina Gershon, on 12/19/01 ) (Guzzi, Roseann) (Entered: 01/07/2002) |
| 01/07/2002 | 302 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming that sentencing of defendant Lombardo has been rescheduled to 1/22/02. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/07/2002 | 303 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming that sentencing of defendant Coppa has been rescheduled to 2/12/02 at 10:00. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/07/2002 | 304 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming that sentencing of defendant Polito has been rescheduled to 3/21/02 at 10:00. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) Modified on 01/11/2002 (Entered: 01/11/2002) |
| 01/07/2002 | 305 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming that sentencing of defendant Lev has been rescheduled to 1/24/02 at 10:00. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/07/2002 | 306 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming that sentencing of defendant Montevecchi has been rescheduled to 1/23/02 at 10:00. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/07/2002 | 307 | ORDER as to Abraham Salaman in 1:00-cr-00196 endorsed on letter dated 1/3/02 from Joel Cohen to Judge Glasser. Sentencing of defendant Salaman has been rescheduled to 3/8/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/07/2002 | 308 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming that sentencing of defendant Doukas has been rescheduled to 3/27/02 at 10:00. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/09/2002 | 300 | TRANSCRIPT of pleading before Judge Glasser filed in case as to John Cioffoletti in 1:00-cr-00196 for dates of 10/2/01; Court Reporter: Gene Rudolph. (Rodriguez,Angela) (Entered: 01/09/2002) |
| 01/09/2002 | 301 | TRANSCRIPT of status conference before Judge Glasser filed in case as to Lawrence Ray in 1:00-cr-00196 for dates of 11/7/01; Court Reporter: Gene Rudolph. (Rodriguez,Angela) (Entered: 01/09/2002) |
| 01/14/2002 | 310 | LETTER dated 12/18/01 from Jeffrey Lichtman to Judge Glasser confirming that sentencing of defendant Lev has been adjourned to 1/24/01 at 10:00. (Rodriguez,Angela) (Entered: 01/14/2002) |
| 01/14/2002 | 311 | MOTION by Eugene Lombardo in 1:00-cr-00196 for an order directing that defendant Lombardo be sentenced to a term of imprisonment hich shall run concurrently with the sentence imposed in SDNY (case no. 97cr1215) . (Rodriguez,Angela) (Entered: 01/15/2002) |
| 01/17/2002 | 312 | LETTER dated 1/11/02 from Lawrence Feitell to Judge Glasser enclosing a copy of motion for concurrent sentence. Counsel requests that, if a hearing is to be set, that the motion hearing be set at the same date and time as the hearing on defendant Montevecchi's motion for concurrent sentence. (Rodriguez,Angela) (Entered: 01/18/2002) |
| 01/17/2002 | 313 | LETTER dated 1/15/02 from Judge Glasser to Lawrence Feitell advising that the Court is regarding his motion for concurrent sentence as a sentencing memorandum which |

| | | |
|---|---|---|
| | | ...Proceedings...were...budgets...available to the Probation Officer who prepared defendant Lombardo's report. (Rodriguez,Angela) (Entered: 01/18/2002) |
| 01/18/2002 | 317 | LETTER dated 1/16/02 from Jeffrey Lichtman to Mary Ann Betts objecting to portions of the PSR relating to defendant Daniel Lev. (Rodriguez,Angela) (Entered: 01/31/2002) |
| 01/24/2002 | 318 | CALENDAR ENTRY as to Daniel Lev in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 1/24/02 for sentencing. Sentencing adjourned to 2/4/02 at 10:00. Defense counsel makes application for downward departure. (Rodriguez,Angela) (Entered: 02/01/2002) |
| 01/25/2002 | 314 | ORDER as to Walter Durchalter in 1:00-cr-00196 endorsed on letter dated 1/23/02 from Robert Herskovits to Judge Glasser. Sentencing is adjourned to 3/25/02 at 10:00. (Signed by Senior Judge I. L. Glasser- on not dated) (Rodriguez,Angela) (Entered: 01/25/2002) |
| 01/25/2002 | 315 | ORDER as to Frank Coppa Sr. in 1:00-cr-00196 endorsed on letter dated 1/22/02 from Jay Goldberg to Judge Glasser. Sentencing is adjourned to 3/18/02 at 10:00. (Signed Senior Judge I. L. Glasser- not dated) (Rodriguez,Angela) (Entered: 01/25/2002) |
| 01/25/2002 | 321 | ORDER as to Edmond Nagel in 1:00-cr-00196 endorsed on letter dated 1/24/02 from Michael Rovell to Judge Glasser. Defendant is granted a four to six week extension of surrender date. (Signed by Senior Judge I. L. Glasser- on 1/24/02) (Rodriguez,Angela) (Entered: 02/08/2002) |
| 01/31/2002 | 316 | ORDER as to Edward Garafola in 1:00-cr-00196 endorsed on letter dated 1/29/02 from Michael Rosen to Judge Glasser. Request granted. Sentencing is adjourned from 2/4/02 to 2/26/02. (Signed by Senior Judge I. L. Glasser on 1/30/02) (Rodriguez,Angela) (Entered: 01/31/2002) |
| 01/31/2002 | 322 | LETTER dated 1/28/02 from James LaRossa to USPO Rachel Swasey advising of objections to the PSR. (Rodriguez,Angela) (Entered: 02/08/2002) |
| 02/04/2002 | 324 | CALENDAR ENTRY as to Daniel Lev in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 2/4/02 for sentencing. Defense Counsel: Jeffrey Lichtman. AUSA: Eric Corngold and Janathan Sack. Defendant sentenced on count 1 of the information to 2 years probation with 4 months home confinement. Defendant fined $5000 and assessed $50. Defendant to perform 150 hours of community service. (Rodriguez,Angela) (Entered: 02/19/2002) |
| 02/04/2002 | | Sentencing held Daniel Lev (11) count(s) 1s. (Rodriguez,Angela) (Entered: 02/19/2002) |
| 02/05/2002 | 319 | AMENDED JUDGMENT: Rocco Basile (5) count(s) 5. AMENDED To include on page 2 that deft receive treatment for substance abuse. ( Signed by Judge Raymond J. Dearie , on 1/31/02). Copies distributed. (Chee, Alvin) (Entered: 02/05/2002) |
| 02/05/2002 | | Order dated 1/17/02 on letter dated 1/16/02 from Giuseppe Temperino to Judge Gershon as to the designation of defendant Jack Basile. APPLICATION DENIED. The Court has made its recommendation but will not intervene in the designation made by the Bureau of prisons as to Jack ( Signed by Judge Nina Gershon , on 1/17/02) *This is documn #717 in 99cr589 (Guzzi, Roseann) (Entered: 02/05/2002) |

| | | |
|---|---|---|
| | | ...Charge...Basile...5...of information as executed on 12/14/02. The sum of $350,000 was transferred to asset forfeiture fund. (Rodriguez,Angela) (Entered: 02/11/2002) |
| 02/06/2002 | 320 | SENTENCING MEMORANDUM filed in 1:00-cr-00196 as to John Cioffoletti. (Rodriguez,Angela) Modified on 02/07/2002 (Entered: 02/07/2002) |
| 02/19/2002 | 325 | JUDGMENT Daniel Lev (11) count(s) 1s. Defendant sentenced to 2 years probation with 4 months home confinement and 150 hours of community service. Defendant fined $5000 and assessed $50. Open counts dismissed on government's motion. (Signed by Senior Judge I. L. Glasser on 2/4/02) (Rodriguez,Angela) (Entered: 02/19/2002) |
| 02/19/2002 | | DISMISSAL of Count(s) on Government Motion as to Daniel Lev in 1:00-cr-00196. Counts Dismissed: Daniel Lev (11) count(s) 1, 2, 9, 10, 11, 12. (Rodriguez,Angela) (Entered: 02/19/2002) |
| 02/20/2002 | 326 | ORDER as to Daniel Lev in 1:00-cr-00196 endorsed on letter dated 1/31/02 from Jeffrey Lichtman to Judge Glasser. The file and record from the last court appearance re: Daniel Lev is ordered sealed. (Signed by Senior Judge I. L. Glasser on 1/31/02) (Rodriguez,Angela) (Entered: 02/19/2002) |
| 02/21/2002 | 327 | CALENDAR ENTRY as to Daniel Persico in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 2/21/02 for sentencing. Defense Counsel: Joseph Giannini. AUSA: David Pitofsky and Eric Corngold. Court Reporter: Mickey Brymer. Defendant sentenced on count 2 of superseding information to 21 months imprisonment to be followed by 3 years of supervised release. The Court recommends Fort Dix or Otisville facility. Defendant to surrender 5/1/02. (Rodriguez,Angela) (Entered: 02/26/2002) |
| 02/25/2002 | 330 | ORDER as to Ernest Montevecchi in 1:00-cr-00196 endorsed on letter dated 2/20/02 from David Pitofsky to Judge Glasser. Request for two week adjournment of sentencing is granted. Sentencing adjourned to 3/19/02 at 10:00. Extension of time for briefs also granted. (signed by Senior Judge I. L. Glasser on 2/21/02) (Rodriguez,Angela) (Entered: 02/28/2002) |
| 02/26/2002 | | Sentencing held Daniel Persico (3) count(s) 2. (Rodriguez,Angela) (Entered: 02/26/2002) |
| 02/26/2002 | 328 | JUDGMENT Daniel Persico (3) count(s) 2. Defendant sentenced to 21 months imprisonment to be followed by 3 years of supervised release. Defendant assessed $100. The court recommends incarceration at Fort Dix or Otisville. Defendant to surrender on 5/1/02. Open counts dismissed on government's motion. (Signed by Senior Judge I. L. Glasser on 2/21/02) (Rodriguez,Angela) (Entered: 02/26/2002) |
| 02/26/2002 | | DISMISSAL of Count(s) on Government Motion as to Daniel Persico in 1:00-cr-00196. Counts Dismissed: Daniel Persico (3) 1s, 13, 14. (Rodriguez,Angela) (Entered: 02/26/2002) |
| 02/26/2002 | 329 | SENTENCING MEMORANDUM as to Giuseppe Temperino in 1:00-cr-00196. Cover letter dated 2/26/02 from Joseph Benfante is attached. (Rodriguez,Angela) (Entered: 02/26/2002) |
| 02/26/2002 | 332 | CALENDAR ENTRY as to Edward Garafola in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 2/26/02 for sentencing. Defendant sentenced on count 19 to 5 months imprisonment to be followed by 3 years of supervised release- |

| | | |
|---|---|---|
| | | home confinement for 5 months. Special assessment: $50. Fine: $2000. The court recommends incarceration at Fort Devon. Defendant to surrender to institution on 4/29/02. (Rodriguez,Angela) (Entered: 03/01/2002) |
| 02/26/2002 | | Sentencing held Edward Garafola (10) count(s) 19. (Rodriguez,Angela) (Entered: 03/01/2002) |
| 02/27/2002 | 331 | TRANSCRIPT filed in case as to Edmond Nagel in 1:00-cr-00196 for dates of 11/29/01. Court Reporter: Burton Sulzer. (Rodriguez,Angela) (Entered: 02/28/2002) |
| 02/28/2002 | 333 | JUDGMENT Edward Garafola (10) count(s) 19. Defendant sentenced to 5 months imprisonment to be followed by 3 of supervised release. As a condition of release, defendant is to serve 5 months home detention. The Court recommends defendant be designated to Fort Devin, Mass. Defendant to surrender to institution by 2:00pm on 4/29/02. Defendant fined $5000 and assessed $50. Open count dismissed on government's motion. (Signed by Senior Judge I. L. Glasser on 2/26/02) (Rodriguez,Angela) (Entered: 03/01/2002) |
| 02/28/2002 | | DISMISSAL of Count(s) on Government Motion as to Edward Garafola in 1:00-cr-00196. Counts Dismissed: Edward Garafola (10) count(s) 20. (Rodriguez,Angela) (Entered: 03/01/2002) |
| 03/05/2002 | 334 | TRANSCRIPT filed in case as to Edward Garafola in 1:00-cr-00196 for date of 2/26/02 ; Court Reporter: Ronald Tolkin. (Rodriguez,Angela) (Entered: 03/06/2002) |
| 03/05/2002 | 335 | ORDER as to Abraham Salaman in 1:00-cr-00196 endorsed on letter dated 3/5/02 from Jonathan Sack to Judge Glasser. Sentencing of defendant Salaman has been adjourned to 4/4/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 3/5/02) (Rodriguez,Angela) (Entered: 03/07/2002) |
| 03/11/2002 | 336 | ORDER as to Giuseppe Temperino in 1:00-cr-00196 endorsed on letter dated 3/11/02 from Jonathan Sack to Judge Glasser. Sentencing has been adjourned to 3/13/02 at 2:30. (Signed by Senior Judge I. L. Glasser on 3/11/02) (Rodriguez,Angela) (Entered: 03/12/2002) |
| 03/11/2002 | 342 | CERTIFICATE OF SERVICE as to Edmond Nagel in 1:00-cr-00196: Legal Notice was published on dates of 12/18/1, 12/24/01, 12/31/01. (Rodriguez,Angela) (Entered: 03/25/2002) |
| 03/11/2002 | 343 | LETTER dated 3/11/02 from Jonathan Sack to Judge Glasser in opposition to defendant's motion for downward departure. (Rodriguez,Angela) (Entered: 03/25/2002) |
| 03/12/2002 | 344 | SEALED DOCUMENT as to Joseph Polito Sr. (Rodriguez,Angela) (Entered: 03/25/2002) |
| 03/13/2002 | 337 | CALENDAR ENTRY as to Giuseppe Temperino in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 3/13/02 for sentencing. Defense Counsel: Joseph Benfante. AUSA: Eric Corngold and Jonathan Sack. Defendant sentenced to 3 years probation to serve 8 months home confinement. Defendant assessed $100. (Rodriguez,Angela) (Entered: 03/15/2002) |
| 03/13/2002 | | Sentencing held Giuseppe Temperino (19) count(s) 6. (Rodriguez,Angela) (Entered: 03/15/2002) |

| | | |
|---|---|---|
| 03/14/2002 | 338 | JUDGMENT Giuseppe Temperino (19) count(s) 6. Defendant sentenced to 3 years probation, to serve 8 months home confinement. Defendant to perform 200 hours of community service. Special assessment: $100. Open counts dismissed. (Signed by Senior Judge I. L. Glasser on 3/13/02) (Rodriguez,Angela) (Entered: 03/15/2002) |
| 03/14/2002 | | DISMISSAL of Count(s) on Government Motion as to Giuseppe Temperino in 1:00-cr-00196. Counts Dismissed: Giuseppe Temperino (19) count(s) 2, 5, 7, 8. (Rodriguez,Angela) (Entered: 03/15/2002) |
| 03/14/2002 | 339 | CALENDAR ENTRY as to John Cioffoletti; Case called before Senior Judge I. L. Glasser on date of 3/14/02 for sentencing. Defense Counsel: James LaRossa and Andrew Weinstein. Court Reporter: Henry Shapiro. Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release. Court recommends Shock Incarceration Program where defendant can receive substance abuse treatment. Defendant to surrender to institution on 5/6/02. Status conference is set for 6/14/02 at 10:00. The government needs 90 days to submit final order of forfeiture. (Rodriguez,Angela) (Entered: 03/18/2002) |
| 03/14/2002 | | Sentencing held John Cioffoletti 7 count(s) 3, 4, 5, 6, 9, 10, 15, 16. (Rodriguez,Angela) (Entered: 03/18/2002) |
| 03/18/2002 | 340 | JUDGMENT John Cioffoletti (7) count(s) 3, 4 , 5 , 6 , 9 , 10, 15 , 16 . Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with sentence in 01cr1049. The Court recommends "Shock Incarceration Program," where defendant can receive substance abuse treatment. Defendant assessed $900 (this includes assessment for 01cr1049). Defendant to surrender to institution before 2:00 pm on 5/6/02. Restitution to be paid: the amount of victims' losses are not yet ascertainable (final determination will be submitted on 6/14/02). (Signed by Senior Judge I. L. Glasser on 3/14/02) (Rodriguez,Angela) (Entered: 03/18/2002) |
| 03/18/2002 | | DISMISSAL of Count(s) on Government Motion as to John Cioffoletti in 1:00-cr-00196. Counts Dismissed: John Cioffoletti (7) count(s) 1, 2, 7, 8, 11, 12, 18. (Rodriguez,Angela) (Entered: 03/18/2002) |
| 03/18/2002 | 352 | LETTER dated 3/15/02 from Larry Bronson to Judge Glasser confirming that sentencing as to defendant Frank Coppa was adjourned to 4/17/02. (Rodriguez,Angela) (Entered: 04/03/2002) |
| 03/19/2002 | 341 | LETTER dated 3/18/02 from Judge Glasser to Larry Bronson advising that the Court will await granting request for adjournment of sentencing of defendant Coppa until counsel furnishes reasons for the request and the government comments on the request. (Rodriguez,Angela) (Entered: 03/20/2002) |
| 03/19/2002 | 346 | CALENDAR ENTRY as to Eugene Lombardo in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 3/19/02 for sentencing. Defense Counsel: Lawrence Feitell. AUSA: Eric Corngold. Court Reporter: Marsha Diamond. Defendant sentenced on count 2 to 60 months imprisonment to run concurrently with sentence in Southern District case. Supervised release: 3 years. Defendant to make restitution in the amount of $5 million. During period of release, the government is given 90 days to provide a list of victims and the amounts to be paid. The Court recommends incarceration at MDC. Special assessment: $100. (Rodriguez,Angela) (Entered: 03/27/2002) |

| Date | No. | Entry |
|---|---|---|
| 03/19/2002 | | [Sentencing held Eugene Lombardo (2)] count(s) 2. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/19/2002 | 348 | CALENDAR ENTRY as to Ernest Montevecchi in 1:00-cr-00196; Case called before Senior Judge I L. Glasser on date of 3/19/02 for sentencing. Defense Counsel: Joseph Bondy. AUSA: Jonathan Sack and David Pitofsky. Court Reporter: Marsha Diamond. Defendant sentenced to 36 months imprisonment to run concurrently with sentence defendant is currently serving, plus three years of supervised release. Defendant to make restitution in the amount of $5 million during the period of supervised release. The government is given 90 days to provide a list of victims and the amounts to be paid. The Court recommends incarceration at Fort Dix. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/19/2002 | | Sentencing held Ernest Montevecchi (2) count(s) 2. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/19/2002 | 354 | LETTER dated 3/18/02 from Larry Bronson to Judge Glasser explaining how this matter came to be adjourned to 4/17/02. (Rodriguez,Angela) (Entered: 04/05/2002) |
| 03/19/2002 | 355 | LETTER dated 3/18/02 from Jonathan Sack to Judge Glasser submitted to supplement the government's 3/11/02 letter with respect to sentencing of defendants Ernst Montevecchi and Eugene Lombardo. (Rodriguez,Angela) (Entered: 04/05/2002) |
| 03/25/2002 | 345 | LETTER dated 3/11/02 from Jonathan Sack to Judge Glasser re: sentencing guidlines as to defendants Montevecchi and Lombardo. (Rodriguez,Angela) (Entered: 03/26/2002) |
| 03/27/2002 | 347 | JUDGMENT Eugene Lombardo (12) count(s) 2. Defendant sentenced to 60 months imprisonment to run concurrently sentence in Southern District case. Supervised release: 3 years. Defendant to make restitution in the amount of $5 million. During period of release, the government is given 90 days to provide a list of victims and the amounts to be paid. The Court recommends incarceration at MDC. Special assessment: $100. Opne counts dismissed on government's motion. (Signed by Senior Judge I L. Glasser on 3/19/02) (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/27/2002 | | DISMISSAL of Count(s) on Government Motion as to Eugene Lombardo. Counts Dismissed: Eugene Lombardo (12) count(s) 1, 3, 4, 9, 10, 11, 12. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/27/2002 | 349 | JUDGMENT Ernest Montevecchi (2) count(s) 2. Defendant sentenced to 36 months imprisonment to run concurrently sentence defendant is currently serving, plus three years supervised release. Defendant to make restitution in the amount of $5 million during the period of supervised release. The government is given 90 days to provide a list of victims and the amounts to be paid. The Court recommends incarceration at Fort Dix. Open counts dismissed on government's motion. (Signed by Senior Judge I L. Glasser on 3/19/02) (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/27/2002 | | DISMISSAL of Count(s) on Government Motion as to Ernest Montevecchi in 1:00-cr-00196. Counts Dismissed: Ernest Montevecchi (2) count(s) 13, 14. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/27/2002 | 350 | ORDER as to Walter Durchalter endorsed on letter dated 3/20/02 from Robert Herskovits to Judge Glasser. Sentenceit is adjourned to 9/18/02 at 10:00. (Signed by Senior Judge I L. Glasser- not dated) (Rodriguez,Angela) (Entered: 03/29/2002) |

| Date | No. | Entry |
|---|---|---|
| | | [LETTER dated 3/25/02 from Joseph Bondy to Judge Glasser requesting reconsideration] and correction of defendant Montevecchi's sentence. (Rodriguez,Angela) (Entered: 04/09/2002) |
| 03/29/2002 | 351 | ORDER as to Alfred Palagonia endorsed on letter dated 3/20/02 from Joseph Diblasi to Judge Glasser. Defendant is permitted to travel as specified herein. (Signed by Senior Judge I L. Glasser on 3/20/02) (Rodriguez,Angela) (Entered: 03/29/2002) |
| 04/01/2002 | 353 | LETTER dated 4/1/02 from Janathan Sack to Judge Glasser confirming that sentencing has been adjourned to 5/9/02 at 10:00. (endorsed by Judge Glasser on 4/3/02) (Rodriguez,Angela) (Entered: 04/04/2002) |
| 04/02/2002 | 356 | LETTER dated 4/1/02 from Jonathan Sack to Judge Glasser confirming that sentencing as to defendant Doukas has been adjourned to 5/9/02 at 10:00. (endorsed by Judge Glasser on 4/1/02) (Rodriguez,Angela) (Entered: 04/05/2002) |
| 04/02/2002 | 357 | ORDER as to Abraham Salaman endorsed on letter dated 4/1/02 from Joel Cohen to Judge Glasser. Request granted. Sentencing as to defendant Salaman is adjourned to 5/9/02 at 10:00. (Signed by Senior Judge I L. Glasser on 4/1/02) (Rodriguez,Angela) (Entered: 04/05/2002) |
| 04/10/2002 | 359 | ORDER as to Ernest Montevecchi in 1:00-cr-00196. For the reasons stated herein, defendant's motion to reduce his sentence is denied. (Signed by Senior Judge I L. Glasser on 4/10/02) (Rodriguez,Angela) (Entered: 04/12/2002) |
| 04/12/2002 | 360 | SENTENCING MEMORANDUM as to Abraham Salaman in 1:00-cr-00196. (Rodriguez,Angela) (Entered: 04/15/2002) |
| 04/12/2002 | 361 | Exhibit list re: sentencing memorandum filed by Abraham Salaman. (Rodriguez,Angela) (Entered: 04/15/2002) |
| 04/16/2002 | 363 | ORDER endorsed on letter dated 4/16/02 from Jay Goldberg to Judge Glasser. The next confrence is adjourned to 4/23/02 at 10:00. (Signed by Senior Judge I L. Glasser on 4/17/02) (Rodriguez,Angela) (Entered: 04/18/2002) |
| 04/17/2002 | 362 | LETTER dated 4/10/02 from Jay Goldberg to Judge Glasser requesting that sentencing as to defendant Coppa be scheduled for some later than 10:00 on 4/17/02. Counsel is scheduled to appear before Judge Garaufis at 10:00. (there is an unsigned note highlighted on this document stating that sentencing is now set for 11:30) (Rodriguez,Angela) (Entered: 04/17/2002) |
| 04/23/2002 | 364 | CALENDAR ENTRY as to Frank Coppa Sr. in 1:00-cr-00196; Case called before Senior Judge I L. Glasser on date of 4/23/02 for sentencing. Defense Counsel: Larry Bronson and Jay Goldberg. Court Reporter: Shelly Silverman. Defendant sentenced on count 15 to 36 months imprisonment to be followed by 3 years of supervised release. Defendant to pay restitution in the amount of $5 million. The Court recommends Fort Dix. Defendant assessed $100 per count. (Rodriguez,Angela) (Entered: 04/25/2002) |
| 04/23/2002 | | Sentencing held Frank Coppa (1) count(s) 15. (Rodriguez,Angela) (Entered: 04/25/2002) |
| 04/25/2002 | 365 | JUDGMENT Frank Coppa (1) count(s) 15. Defendant sentenced to 36 months imprisonment to be followed by 3 years of supervised release. Defendant to pay restitution in the amount of $5 million. The Court recommends Fort Dix. Defendant |

| Date | No. | Entry |
|---|---|---|
| | | assessed $100. Open counts dismissed on government's motion. (Signed by Senior Judge I L. Glasser on 4/23/02) (Rodriguez,Angela) (Entered: 04/25/2002) |
| 04/25/2002 | | DISMISSAL of Count(s) on Government Motion as to Frank Coppa Sr. in 1:00-cr-00196. Counts Dismissed: Frank Coppa (1) count(s) 1, 2, 3, 4, 13, 14, 16, 17. (Rodriguez,Angela) (Entered: 04/25/2002) |
| 05/02/2002 | 366 | ORDER as to Daniel Persico in 1:00-cr-00196 endorsed on letter dated 5/1/02 from Joseph Giannini to Judge Glasser. Defendant is permitted to surender directly to Fort Dix on 5/8/02. (Signed by Senior Judge I L. Glasser on 5/1/02) (Rodriguez,Angela) (Entered: 05/02/2002) |
| 05/03/2002 | 368 | NOTICE of APPEAL by Frank Coppa (1) count(s) 15. Fee Paid $ 105.00 Receipt # 261385. The Defendant appeals the judgment that was entered on 4/25/02. Forms distributed. Judge notified. USCA notified. PLEASE NOTE: COUNSEL ADVISED THAT HE DID NOT SIGN THIS NOA & THAT THERE ARE TWO CRIMINAL NUMBERS EACH NUMBER SHOULD HAVE A NOA AND A FEE PAID FOR EACH COUNSEL ADVISED TO FILE 2 AMENDED NOA'S ONE FOR EACH NUMBER . (Gonzalez, Mary) (Entered: 05/06/2002) |
| 05/06/2002 | 367 | TRANSCRIPT of sentencing before Judge Glasser filed in case as to Frank Coppa Sr. for dates of 4/23/02; Court Reporter: Sheldon Silverman. (Rodriguez,Angela) (Entered: 05/06/2002) |
| 05/06/2002 | 375 | LETTER dated 5/2/02 from Andrew Weinstein to Judge Glasser requesting the Court's assistance in having defendant Chioffoletti designated to a facility that offers a "Shock Incarceration Program." (Rodriguez,Angela) (Entered: 05/28/2002) |
| 05/06/2002 | 377 | NOTICE of change of address by counsel for John Cioffoletti in 1:00-cr-00196. (Rodriguez,Angela) (Entered: 05/29/2002) |
| 05/09/2002 | 370 | CALENDAR ENTRY as to Abraham Salaman; Case called before Senior Judge I L. Glasser on date of 5/9/02 for sentencing. Defense Counsel: A. John Pappalardo. AUSA: Nikki Kowalski. Court Reporter: Tony Mancuso. Defendant sentenced to 5 years probation, to serve 12 months of home confinement. Defendant fined $25,000 and assessed $100 per count. Defendant to make restitution in the amount of $2.5 million. Defendant to have no further involvment in the securities industry in any way. (Rodriguez,Angela) (Entered: 05/16/2002) |
| 05/09/2002 | | Sentencing held Abraham Salaman (18) count(s) 3. (Rodriguez,Angela) (Entered: 05/16/2002) |
| 05/13/2002 | 369 | AMENDED NOTICE of APPEAL by Frank Coppa (1) count(s) 15. NO FEE PAID for this is an AMENDED NOA. THE ORIGINAL WAS ENTERED ON 5/6/02. HOWEVER IT WAS UNSIGNED. Forms distributed. Judge notified. USCA notified. (Gonzalez, Mary) (Entered: 05/13/2002) |
| 05/13/2002 | | Certified copy of docket sheet sent to USCA. [369-1] appeal (Gonzalez, Mary) (Entered: 05/13/2002) |
| 05/15/2002 | 371 | JUDGMENT Abraham Salaman (18) count(s) 3. Defendant sentenced to 5 years probation, to serve 12 months of home confinement. Defendant is to have no further involvement in the securities industry in any way. Defendant fined $25,000 and assessed $100 per count. Defendant shall make restitution in the amount of $2.5 million |

| Date | No. | Entry |
|---|---|---|
| | | over period of probation. Open counts dismissed on government's motion. (Signed by Senior Judge I L. Glasser on 5/9/02) (Rodriguez,Angela) (Entered: 05/16/2002) |
| 05/15/2002 | | DISMISSAL of Count(s) on Government Motion as to Abraham Salaman in 1:00-cr-00196. Counts Dismissed: Abraham Salaman (18) count(s) 2, 4. (Rodriguez,Angela) (Entered: 05/16/2002) |
| 05/20/2002 | 372 | ORDER as to Lawrence Ray in 1:00-cr-00196 endorsed on letter dated 5/8/02 from Robert Rosenberg to Judge Glasser. Sentencing is adjourned to 6/19/02 at 10:00. (Signed by Senior Judge I L. Glasser on 5/14/02) (Rodriguez,Angela) (Entered: 05/22/2002) |
| 05/20/2002 | 373 | ORDER as to Joseph Polito Sr. in 1:00-cr-00196 endorsed on letter dated 5/14/02 from Charles Weintraub to Judge Glasser. Sentencing is adjourned to 10/8/02 at 10:00. Time excluded. (Signed by Senior Judge I L. Glasser on 5/15/02) (Rodriguez,Angela) (Entered: 05/23/2002) |
| 05/23/2002 | 374 | TRANSCRIPT of sentencing before Judge Glasser filed in case as to Ernest Montevecchi in 1:00-cr-00196 for dates of 3/19/02; Court Reporter: Marsha Diamond. (Rodriguez,Angela) (Entered: 05/28/2002) |
| 05/24/2002 | 376 | LETTER dated 5/15/02 from Joseph DiBlasi to Judge Glasser advising that defendant Palagonia will be traveling out of state on 5/16/02 through 5/17/02. (Rodriguez,Angela) (Entered: 05/28/2002) |
| 05/24/2002 | 378 | AMENDED NOTICE of change of address by John Cioffoletti in 1:00-cr-00196. (Rodriguez,Angela) (Entered: 05/29/2002) |
| 06/06/2002 | 379 | USCA Scheduling Order: as to Frank Coppa Sr. in 1:00-cr-00196 [369-1] appeal Appeal Record due by 6/24/02 for Frank Coppa Sr. USCA Number: 02-1274, [368-1] appeal USCA Number: Appellant's brief due 7/24/02. Appellee's brief due 8/7/02. Argument set for 10/07/02. (Gonzalez, Mary) (Entered: 06/06/2002) |
| 06/11/2002 | 381 | LETTER dated 6/11/02 from David Pitofsky, AUSA to Judge Glasser requesting an adjournment of the sentencing which is scheduled for 6/24/02 due to deft's death. (fe) (Entered: 06/18/2002) |
| 06/12/2002 | 380 | LETTER dated 6/12/02 from David Pitofsky to Clerk of Court enclosing documents showing victims' losses (attached). (Rodriguez,Angela) (Entered: 06/13/2002) |
| 06/12/2002 | 381 | ORDER as to Joseph Polito Sr. in 1:00-cr-00196 endorsed on letter dated 6/11/02 from David Pitofsky to Judge Glasser. Sentencing is adjourned. Status report is to be provided on 7/11/02 at 10:00. (Signed by Senior Judge I L. Glasser on 6/12/02) (Rodriguez,Angela) (Entered: 06/13/2002) |
| 06/12/2002 | 385 | LETTER dated 6/12/02 from David Pitofsky to Clerk of the Court enclosing documents which set forth victim losses relating to the deft's illegal activities. (fe) (Entered: 06/18/2002) |
| 06/14/2002 | 383 | LETTER dated 6/12/02 from Jonathan Sack, AUSA to Clerk of the Court concerning restitution payments as to deft Giuseppe Temperino. (fe) (Entered: 06/17/2002) |
| 06/17/2002 | 382 | LETTER dated 6/12/02 from Jonathan Sack to R.Heineman this letter concerns restitution payments to victims of the deft. (Jackson, Ramona) (Entered: 06/17/2002) |

| | | |
|---|---|---|
| 06/20/2002 | | ... before Senior Judge I. L. Glasser , On ltr. dtd. 6/17/02 from Eric Corngold terminated past due deadlines ( Signed by Senior Judge I. L. Glasser ) (Jackson, Ramona) (Entered: 06/20/2002) |
| 06/21/2002 | 387 | ORDER as to Abraham Salaman in 1:00-cr-00196 Clerk of the Court order to me a check in the amount $100,000. payable to Abraham SAlaman. On ltr. dtd. 6/18/02 from Joel M.Cohen ( Signed by Senior Judge I. L. Glasser , on 6/19/02) (Jackson, Ramona) (Entered: 06/21/2002) |
| 06/21/2002 | 388 | LETTER dated June 20, 2002 from AUSA David B. Pitofsky to Clerk of the Court: Enclosed are documents relating to Mr. Weisenfeld's claim, which are asked to be included with prior submission. (Lee, Stephen) (Entered: 06/24/2002) |
| 07/03/2002 | 389 | LETTER dated July 3, 2002 from AUSA David B. Pitofsky to Clerk of the Court: Attached are copies of account opening documents which show the identities of some of the investors who lost money. Additional documents are still being obtained. (Lee, Stephen) (Entered: 07/08/2002) |
| 07/10/2002 | 390 | LETTER dated 7/9/02 from Jonathan S.Sack to Judge Glasser confirm sentence adjourned to 7/31/02 @ 11:30. (Jackson, Ramona) (Entered: 07/10/2002) |
| 07/12/2002 | 391 | ORDER as to John Doukas in 1:00-cr-00196, Granting an extension to July 31, 2002 at 11:30. See letter dated 07/09/02 to Hon. I Leo Glasser from AUSA Jonathan S. Sack. (Signed by Senior Judge I. L. Glasser, on 07/10/02). (Lee, Stephen) (Entered: 07/17/2002) |
| 07/18/2002 | 392 | ORDER as to Alfred Palagonia in 1:00-cr-00196 endorsed on letter dated 7/17/02 from Joseph Diblasi to Judge Glasser. Defendant is granted a modification of supervision as specified herein. (Signed by Senior Judge I. L. Glasser on 7/18/02) (Rodriguez,Angela) (Entered: 07/22/2002) |
| 07/25/2002 | 393 | ORDER as to Daniel Lev in 1:00-cr-00196 endorsed on memorandum from Probation. Defendant is permitted to travel as specified herein. (Signed by Senior Judge I. L. Glasser on 7/23/02) (Rodriguez,Angela) (Entered: 07/25/2002) |
| 07/26/2002 | 394 | ORDER as to Joseph Polito Sr. in 1:00-cr-00196, dismissing counts 9 and 19 of Indictment ( Signed by Senior Judge I. L. Glasser , on 7/8/02) (Jean (Entered: 07/26/2002) |
| 07/26/2002 | 394 | DISMISSAL of Count(s) on Government Motion as to Joseph Polito Sr. in 1:00-cr-00196 party Joseph Polito in 1:00-cr-00196 Counts Dismissed: Joseph Polito (16) count(s) 9, 19 (Jean (Entered: 07/26/2002) |
| 07/30/2002 | 395 | LETTER dated 7/30/02 from Edward McDonald to Judge Glasser requesting a sentence of home confinement with a requirement of substantial community service. (Rodriguez,Angela) (Entered: 08/06/2002) |
| 08/02/2002 | 396 | CALENDAR ENTRY as to John Doukas in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 8/2/02 for sentencing. Defense Counsel: Edward McDonald. AUSA: Jonathan Sack. Court Reporter: Diana Pereira. Defendant sentenced on counts 9 and 16 to 9 months imprisonment to be followed by 3 years of supervised release. Defendant to perform 200 hours of community service. Restitution: $4 million, payable to the Clerk of Court. Court recommends camp type facility- Allenwood or |

| | | |
|---|---|---|
| | | ... to defendant. (Rodriguez,Angela) (Entered: 08/09/2002) (Rodriguez,Angela) (Entered: 08/09/2002) |
| 08/02/2002 | | Sentencing held John Doukas (8) count(s) 9, 16. (Rodriguez,Angela) (Entered: 08/09/2002) |
| 08/09/2002 | 397 | JUDGMENT John Doukas (8) count(s) 9, 16. Defendant sentenced to 9 months imprisonment to be followed by 3 of supervised release. Defendant to perform 200 hours of community service. Restitution: $4 million, payable to the Clerk of Court. Court recommends camp type facility- Allenwood or Otisville. Defendant to surrender to institution on 9/30/02. Defendant assessed $200. (Signed Senior Judge I. L. Glasser on 8/2/02) (Rodriguez,Angela) (Entered: 08/09/2002) |
| 08/09/2002 | | DISMISSAL of Count(s) on Government Motion as to John Doukas in 1:00-cr-00196. Counts Dismissed: John Doukas (8) count(s) 1, 2, 5, 6, 7, 8, 10, 11, 12, 15, 17, 18. (Rodriguez,Angela) (Entered: 08/09/2002) |
| 09/11/2002 | 398 | ORDER as to Larry Berman in 1:00-cr-00196 endorsed on letter dated 9/6/02 from Amy Millard to Judge Glasser. Defendant is permitted to travel as specified herein on condition that defendant advise AUSA of itinerary. (Signed by Senior Judge I. L. Glasser on 9/9/02) (Rodriguez,Angela) (Entered: 09/17/2002) |
| 10/04/2002 | 399 | CERTIFICATE OF SERVICE as to Edmond Nagel: Consent order of forfeiture was executed on 6/11/02. (Rodriguez,Angela) (Entered: 10/08/2002) |
| 10/17/2002 | 400 | SEALED DOCUMENT: correspondence. (AUSA Jonathan Sack,F#1998R00464) (Glenn, Marilyn) (Entered: 10/22/2002) |
| 11/08/2002 | 401 | ORDER as to Alfred Palagonia in 1:00-cr-00196 endorsed on letter dated 11/5/02 from Joseph Diblasi to Judge Glasser. Sentencing is set for 12/2/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 11/5/02) (Rodriguez,Angela) (Entered: 11/12/2002) |
| 11/13/2002 | 402 | SEALED DOCUMENT filed. (Rodriguez,Angela) (Entered: 11/25/2002) |
| 11/25/2002 | 407 | STIPULATION AND ORDER as to Lawrence Ray in 1:00-cr-00196 consenting to substitution of counsel. Edward McDonald is substituted in place and stead of Robert Rosenberg. (Signed by Senior Judge I. L. Glasser on 11/27/02) (Rodriguez,Angela) (Entered: 12/17/2002) |
| 11/26/2002 | 406 | ORDER as to Larry Berman in 1:00-cr-00196 endorsed on letter dated 11/22/02 from Amy Millard to Judge Glasser. Defendant is granted a modification of supervised release as specified herein. (Signed by Senior Judge I. L. Glasser on 11/26/02) (Rodriguez,Angela) (Entered: 12/12/2002) |
| 12/02/2002 | 403 | ORDER as to Lawrence Ray in 1:00-cr-00196 endorsed on letter dated 12/2/02 from Edward McDonald to Judge Glasser. Sentencing is adjourned from 12/3/02 to 1/23/03 at 10:00. (Signed by Senior Judge I. L. Glasser on 12/2/02) (Rodriguez,Angela) (Entered: 12/05/2002) |
| 12/02/2002 | 404 | CALENDAR ENTRY as to Alfred Palagonia in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 12/2/02 for sentencing. Defense Counsel: Joseph DiBlasi. AUSA: Eric Corngold. Court Reporter: Fred Guerino. Defendant sentenced on counts 9 and 11 to one year and one day, plus 3 years of supervised release. Restitution to be paid in the amount of $20 million. Defendant fined $50,000 and assessed $100. |

| | | |
|---|---|---|
| | | The court recommends FCI Allenwood, PA. Defendant to surrender on 2/3/03. (Rodriguez,Angela) (Entered: 12/05/2002) |
| 12/02/2002 | | Sentencing held Alfred Palagonia (14) count(s) 9, 11. (Rodriguez,Angela) (Entered: 12/05/2002) |
| 12/04/2002 | 405 | JUDGMENT Alfred Palagonia (14) count(s) 9, 11 . Defendant sentenced to one year and one day, plus 3 years of supervised release. Restitution to be paid in the amount $20 million. Defendant fined $50,000 and assessed $200. Court recommends FCI Allenwood, PA. (Signed by Senior I. L. Glasser on 12/2/02) (Rodriguez,Angela) (Entered: 12/05/2002) |
| 12/04/2002 | | DISMISSAL of Count(s) on Government Motion as to Alfred Palagonia in 1:00-cr-00196. Counts Dismissed: Alfred Palagonia (14) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 10, 12, 15, 16, 17, 18. (Rodriguez,Angela) (Entered: 12/05/2002) |
| 12/18/2002 | 408 | CERTIFICATE OF SERVICE: The sum of $50,000 was deposited in the seized asset forfeiture fund on 9/23/02. (Rodriguez,Angela) (Entered: 12/27/2002) |
| 01/08/2003 | 409 | ORDER as to Daniel Lev in 1:00-cr-00196 endorsed on letter dated 1/8/03 from Jeffrey Lichtman. Defendant is permitted to travel as specified herein. (Signed by Senior Judge I. L. Glasser on 1/8/03) (Rodriguez,Angela) (Entered: 01/09/2003) |
| 01/13/2003 | 410 | SEALED DOCUMENT filed. (Rodriguez,Angela) (Entered: 01/13/2003) |
| 01/29/2003 | 411 | ORDER as to Alfred Palagonia endorsed on letter dated 1/27/03 from Joseph Diblasi to Judge Glasser. Defendant's surrender date is extended to 3/4/03. (Signed by Senior Judge I. L. Glasser on 1/28/03) (Rodriguez,Angela) (Entered: 01/30/2003) |
| 02/24/2003 | 412 | ORDER as to Walter Durchalter in 1:00-cr-00196 endorsed on letter dated 2/20/03 from Michael Bachner to Judge Glasser. Defendant's bail conditions are modified to permit weekly telephonic reporting. (Signed by Senior Judge I. L. Glasser on 2/20/03) (Rodriguez,Angela) (Entered: 02/24/2003) |
| 02/24/2003 | 413 | SEALED DOCUMENT as to Walter Durchalter in 1:00-cr-00196. (Rodriguez,Angela) (Entered: 02/25/2003) |
| 02/28/2003 | 414 | ORDER as to Lawrence Ray in 1:00-cr-00196 endorsed on letter dated 2/27/03 from Edward McDonald to Judge Glasser. Sentencing is adjourned to 4/9/03 at 10:00. (Signed by Senior Judge I. L. Glasser on 2/27/03) (Rodriguez,Angela) (Entered: 03/03/2003) |
| 03/25/2003 | | MOTION by Abraham Salaman in 1:00-cr-00196 to declare the restitution provision in the 5/9/02 J & C void and unenforceable . (Rodriguez,Angela) Modified on 03/26/2003 (Entered: 03/26/2003) |
| 03/25/2003 | 416 | MEMORANDUM by Abraham Salaman in 1:00-cr-00196 in support of [415-1] motion to declare the restitution provision in the 5/9/02 J & C void and unenforceable. (Rodriguez,Angela) (Entered: 03/26/2003) |
| 03/25/2003 | 417 | Exhibit list by Abraham Salaman in 1:00-cr-00196 in support of motion to declare restitution unenforceable. (Rodriguez,Angela) (Entered: 03/26/2003) |
| 03/28/2003 | 418 | SCHEDULING ORDER as to Abraham Salaman: The government shall file a response to defendant's motion to declare restitution unenforceable by 4/16/03; reply by 4/22/03. |

| | | |
|---|---|---|
| | | A hearing is set for 4/25/03 at 10:00. (Signed by Senior Judge I. L. Glasser on 3/26/03) (Rodriguez,Angela) (Entered: 03/28/2003) |
| 04/01/2003 | 419 | CERTIFICATE OF SERVICE: Legal notice as to Larry Berman published on 2/3/03, 2/10/03, and 2/17/03. (Rodriguez,Angela) Modified on 04/01/2003 (Entered: 04/01/2003) |
| 04/01/2003 | 420 | CERTIFICATE OF SERVICE as to John Cioffoletti: Legal notice published on 2/3/03, 2/10/03, and 2/17/03. (Rodriguez,Angela) (Entered: 04/01/2003) |
| 04/01/2003 | 421 | CERTIFICATE OF SERVICE as to Alfred Palagonia: Legal notice published on 1/31/03, 2/3/03 and 2/10/03. (Rodriguez,Angela) (Entered: 04/01/2003) |
| 04/01/2003 | 422 | CERTIFICATE OF SERVICE as to Abraham Salaman: Legal notice published on 1/31/03, 2/3/03, and 2/10/03. (Rodriguez,Angela) (Entered: 04/01/2003) |
| 04/09/2003 | 423 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 4/9/03 for setencing. Defendant placed on probation for 5 years, to serve 9 months of home confinement. Defendant to perform 300 hours of community service. Defendant fined $5000 and assessed $100. (Rodriguez,Angela) (Entered: 04/11/2003) |
| 04/09/2003 | | Sentencing held Lawrence Ray (17) count(s) 10. (Rodriguez,Angela) (Entered: 04/11/2003) |
| 04/10/2003 | 424 | JUDGMENT Lawrence Ray (17) count(s) 10. Defendant sentenced to 5 years probation, to serve 9 months of home confinement. Fine: $5000. Special assessment: $100. Community confinement: 300 hours of community service. (Signed by Senior Judge I. L. Glasser on 4/9/03) (Rodriguez,Angela) (Entered: 04/11/2003) |
| 04/10/2003 | | DISMISSAL of Count(s) on Government Motion as to Lawrence Ray in 1:00-cr-00196 Counts Dismissed: Lawrence Ray (17) count(s) 9. (Rodriguez,Angela) (Entered: 04/11/2003) |
| 04/14/2003 | 425 | LETTER dated 4/7/03 from Edward McDonald to Judge Glasser requesting that sentencing be adjourned for approximately 4 weeks. (Rodriguez,Angela) (Entered: 04/15/2003) |
| 04/16/2003 | 426 | ORDER as to Abraham Salaman in 1:00-cr-00196 endorsed on letter dated 4/14/03 from Eric Corngold to Judge Glasser. The scheduling order is amended as follows: government's response due 4/23/03; reply by 4/29/03. A hearing is scheduled for 5/2/03 at 10:00. (Signed by Senior Judge I. L. Glasser on 4/15/03) (Rodriguez,Angela) (Entered: 04/16/2003) |
| 04/18/2003 | 427 | LETTER dated 4/14/03 from Eric Corngold to Judge Glasser requesting that the scheduling order for defendant Salaman's motion be adjourned for one week. (Rodriguez,Angela) (Entered: 04/21/2003) |
| 04/21/2003 | | LETTER dated 4/21/03 from Sarah Lum to Judge Glasser enclosing a proposed consent Final Order of Forfeiture as to defendant Cioffoletti. (Rodriguez,Angela) (Entered: 04/25/2003) |
| 04/21/2003 | 431 | LETTER dated 4/21/03 from Sarah Lum to Judge Glasser enclosing a Final Order of Forfeiture as to defendant Palagonia. (Rodriguez,Angela) (Entered: 04/25/2003) |

| Date | Doc # | Description |
|---|---|---|
| 04/21/2003 | | Order of Forfeiture as to defendant Salaman. (Rodriguez,Angela) (Entered: 04/25/2003) |
| 04/22/2003 | 463 | ORDER as to Daniel Lev endorsed on letter dated 4/22/03 from Jeffrey Lichtman to Judge Glasser. Defendant is granted a modification of supervision as requested. Signed by Judge I. Leo Glasser on 4/22/03. (Rodriguez, Angela) (Entered: 10/22/2003) |
| 04/23/2003 | 428 | ORDER as to Government's memorandum in response to defendant's motion for an order declaring this court's restitution order void. (Rodriguez,Angela) (Entered: 04/24/2003) |
| 04/24/2003 | 430 | FINAL ORDER Directing Forfeiture of Property as to John Cioffoletti in 1:00-cr-00196. Certified copies forwarded to parties. (Signed by Senior Judge I. L. Glasser on 4/22/03) (Rodriguez,Angela) (Entered: 04/25/2003) |
| 04/25/2003 | 432 | FINAL ORDER Directing Forfeiture of Property as to Alfred Palagonia in 1:00-cr-00196. Certfied copies sent to AUSA. (Signed by Senior Judge I. L. Glasser on 4/22/03) (Rodriguez,Angela) (Entered: 04/25/2003) |
| 04/25/2003 | 434 | FINAL ORDER Directing Forfeiture of Property as to Abraham Salaman in 1:00-cr-00196. Certified copies sent to AUSA. (Signed by Senior Judge I. L. Glasser on 4/22/03) (Rodriguez,Angela) (Entered: 04/25/2003) |
| 04/29/2003 | | Certified and transmitted the Record on Appeal to U.S. Court of Appeals as to Frank Coppa Sr., re: [369-1] appeal and [368-1] appeal. The following documents were sent: A certified Clerk's certificate with a certified docket sheet, four copies of the index, and documents # 1-2, 9, 22, 35-37, 54, 59, 80, 88-89, 91, 112-113, 126, 132, 134, 139, 149, 182, 193, 208, 230-233, 299, 315, 341, 352, 354, 362-365, 367-369, 379, 402, 410. Documents # 402 and 410 were transmitted to the USCA as sealed documents. The Record on Appeal, as to Frank Coppa, Sr., was transmitted to the USCA as per the direction of the USDC, EDNY Clerk of Court. Acknowledgment requested. (Jackson, Joshua) (Entered: 04/29/2003) |
| 04/29/2003 | | REPLY MEMORANDUM by Abraham Salaman in 1:00-cr-00196 in support of [415-1] motion to declare the restitution provision in the 5/9/02 J & C void and unenforceable. (Rodriguez,Angela) (Entered: 04/30/2003) |
| 05/01/2003 | 439 | Minute Entry for proceedings held before I. Leo Glasser:Motion Hearing as to Abraham Salaman held on 5/1/2003 re 415 Motion to declare restitution unenforceable. Order of restitution to be vacated. Decision reserved on remaining issues. (Rodriguez, Angela) (Entered: 05/13/2003) |
| 05/08/2003 | 436 | LETTER dated 05/06/03 from Eric Corngold to Judge Glasser, informing the court that The Government agrees with the defendant that this Court's restitution order should be vacated and that a new restitution order should be entered. (Sica, Michele) (Marziliano, August). (Entered: 05/08/2003) |
| 05/08/2003 | 437 | LETTER dated 5/6/03 from Eric Corngold to Judge Glasser advising that the government agrees that the court's restitution order should be vacated and that a new order should not be entered. (Rodriguez,Angela) (Entered: 05/09/2003) |
| 05/08/2003 | 438 | ORDER as to Abraham Salaman in 1:00-cr-00196 granting [415-1] motion to declare the restitution provision in the 5/9/02 J & C void and unenforceable as to Abraham Salaman (18). The existing order of restitution is hereby vacated. (Signed by Senior Judge I. L. Glasser on 5/6/03) (Rodriguez,Angela) (Entered: 05/09/2003) |
| | | Murphy every one of them and dismissed on remained on 5/15/2003 for Larry Berman (6), Count(s) 1, 2, 3, 4, 6, 7, 8, Dismissed on government's motion.; Count(s) 5, Defendant sentenced to 3 years probation. Defendant fined $5000 and assessed $100. Defendant to perform 100 of community service. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/19/2003 | 443 | Certificate of Service by USA as to Alfred Palagonia. Final Decree of Forfeiture executed. $400,00.00 was transferred into the asset forfeiture fund on 5/8/03. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/19/2003 | 444 | Certificate of Service by USA as to John Cioffoletti. Decree of forfeiture executed. $110,00.00 was transferred to the asset forfeiture fund on 5/8/03. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/19/2003 | 445 | Certificate of Service by USA as to John Cioffoletti. Decree of forfeiture executed. $110,00.00 was transferred to the asset forfeiture fund on 5/8/03. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/19/2003 | 446 | Certificate of Service by USA as to Abraham Salaman. Final Order of Forfeiture executed. $50,000.00 was transferred into the asset forfeiture fund on 5/8/03. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/20/2003 | 442 | FINAL ORDER DIRECTING FORFEITURE OF PROPERTY as to Edmond Nagel. Signed by Judge I. Leo Glasser on 5/20/03. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/22/2003 | 441 | JUDGMENT as to Larry Berman (6), Count(s) 1, 2, 3, 4, 6, 7, 8, Dismissed on government's motion. Count(s) 5, Defendant sentenced to 3 years probation. Defendant fined $5000 and assessed $100. Defendant to perform 100 of community service. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/22/2003 | 447 | Letter dated 5/14/03 from Eric Corngold to Judge Glasser advising that the government is unable to provide victim losses. The government submits that the defendant should not be ordered to pay restitution. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/28/2003 | 448 | SEALED PRE-SENTENCE REPORT (McGee, Mary Ann) (Entered: 05/29/2003) |
| 05/29/2003 | 449 | Transmitted Supplemental Record on Appeal as to Frank Coppa Sr. re 368 Notice of Appeal - Final Judgment, Appeal - Miscellaneous, 379 Appeal - Miscellaneous,, 369 Notice of Appeal - Final Judgment, Appeal - Miscellaneous.This supplemental record consists of document #448. It was requested by V. Singleton - Intake Section, U.S.C.A. It is being sent to her attention. Acknowledgment requested. (McGee, Mary Ann) (Entered: 05/29/2003) |
| 06/04/2003 | 452 | Letter dated 6/4/03 from Sarah Lum to Judge Glasser enclosing a proposed final order of forfeiture as to Larry Berman. (Rodriguez, Angela) (Entered: 06/10/2003) |
| 06/04/2003 | 455 | Acknowledgment from USCA received re: Acknowledgment signed by PSK on 5/30/03.USCA#02/1274.(Drayton, Lorraine) (Entered: 06/13/2003) |
| 06/05/2003 | 450 | TRANSCRIPT of Proceedings as to Abraham Salaman held on 5/1/03 before Judge Glasser (hearing). Court Reporter: Gene Rudolph. (Rodriguez, Angela) (Entered: 06/05/2003) |
| 06/06/2003 | 451 | FINAL ORDER DIRECTING FORFEITURE OF PROPERTY as to Larry Berman. Signed by Judge I. Leo Glasser on 6/4/03. (Rodriguez, Angela) (Entered: 06/10/2003) |

| Date | Doc # | Description |
|---|---|---|
| 06/09/2003 | 453 | Letter dated 5/22/03 from Magdelyn Baez, USPO, to Judge Glasser requesting clarification of the Court's order to vacate restitution as to defendant Salaman. (Rodriguez, Angela) (Entered: 06/12/2003) |
| 06/09/2003 | 454 | Letter dated 6/3/03 from Judge Glasser to Magdelyn Baez, USPO. The government is in the process of drafting an order addressing the clarification sought re: order vacating defendant Salaman's restitution order. (Rodriguez, Angela) (Entered: 06/12/2003) |
| 06/26/2003 | 456 | MANDATE of USCA (certified copy), re: 368 Notice of Appeal and 369 Notice of Appeal. It is ORDERED that the case is REMANDED so that the District Court may revise the restitution payment schedule to clarify what schedule payment was intended. It is FURTHER ORDERED that the government's motion to dismiss the appeal is GRANTED. Issued as mandate: 6/24/03. USCA # 02-1274. Judge notified. Acknowledgment sent to USCA. (Jackson, Joshua) (Entered: 06/30/2003) |
| 07/17/2003 | 457 | ORDER CLARIFYING CONDITIONS OF PROBATION as to Abraham Salaman. (Signed by Judge I. Leo Glasser on 7/14/03). (Piper, Francine) (Entered: 07/17/2003) |
| 07/25/2003 | 458 | Certificate of Service by USA as to Larry Berman: $300,00 was transferred into the asset forfeiture fund on 6/16/03. A check in the amount of $300,000 was deposited into the fund on 6/16/03. (Rodriguez, Angela) (Entered: 07/29/2003) |
| 07/25/2003 | 459 | Certificate of Service by USA as to Edmond Nagel: $100,000 and $350,000 transferred into the asset forfeiture fund on 6/16/03. (Rodriguez, Angela) (Entered: 07/29/2003) |
| 08/04/2003 | 460 | Certificate of Service by USA as to Frank Coppa Sr., Ernest Montevecchi, Daniel Persico, Jack Basile, Rocco Basile, Larry Berman, John Cioffoletti, John Doukas, Walter Durchalter, Edward Garafola, Daniel Lev, Eugene Lombardo, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray, Abraham Salaman, Giuseppe Temperino, For a final order of forfeiture. service upon Condor Capital, Inc. stock certificate numbers 0663 and 0664 c/o United States Marshals Service. date 7/8/03.; Condor Capital Inc stock certificate #0663 and #0664 were destroyed by shredding at 225 Cadman Plaza E. room 620 M, Brooklyn, NY on 8/08/03. (Sica, Michele) (Entered: 08/08/2003) |
| 08/14/2003 | 461 | Appeal record returned as to Frank Coppa Sr. containing documents numbered 1, 2, 9, 22, 35-37, 54, 5, 63, 80, 88, 89, 91, 112, 113, 126, 132, 134, 139, 149, 182, 193, 208, 230-232, 299, 315, 341, 352, 354, 362-379, (402, 410 SEALED) USCA#02/1274. (Drayton, Lorraine) (Entered: 08/18/2003) |
| 08/27/2003 | | ORDER as to Giuseppe Temperino endorsed on memorandum from Probation Dept. Defendant is granted a modification of supervision as requested. Signed by Judge Frederic Block on 8/25/03. (Rodriguez, Angela) (Entered: 08/27/2003) |
| 12/18/2003 | | ORDER as to Daniel Lev endorsed on letter dated 12/2/03 from Jeffrey Lichtman to Judge Glasser. Defendant is granted a modification of supervision as requested. Signed by Judge I. Leo Glasser on 12/2/03. (Rodriguez, Angela) (Entered: 12/19/2003) |
| 12/22/2003 | 465 | ORDER as to Walter Durchalter endorsed on letter dated 12/18/03 from Eric Corngold to Judge Glasser. Se3ntencing is adjourned to 2/12/04 at 10:00. (Signed by Judge I. Leo Glasser on 12/22/2003). (Rodriguez, Angela) (Entered: 12/22/2003) |
| 01/15/2004 | 467 | MOTION for Leave to Appear pro hac vice Attorney: Michael V. Gilberti. by Lawrence Ray. (Rodriguez, Angela) (Entered: 01/26/2004) |
| 01/15/2004 | 468 | ORDER as to Lawrence Ray re 467 MOTION for Leave to Appear pro hac vice filed by Lawrence Ray. Attorney Michael V. Gilberti admitted as counsel. Signed by Judge I. Leo Glasser on 1/16/04. (Rodriguez, Angela) (Entered: 01/26/2004) |
| 01/15/2004 | | Attorney update in case as to Lawrence Ray. Attorney Michael V. Gilberti for Lawrence Ray added. Attorney Jonathan S. Sack terminated. (Rodriguez, Angela) (Entered: 01/26/2004) |
| 01/23/2004 | 466 | AFFIDAVIT of Thomas Roth submitted in response to Lawrence Ray's claim of constitutional ineffective assistance of counsel. (Rodriguez, Angela) (Entered: 01/23/2004) |
| 02/23/2004 | 469 | SEALED DOCUMENT filed. (Rodriguez, Angela) (Entered: 03/02/2004) |
| 03/12/2004 | 470 | ORDER as to Walter Durchalter endorsed on letter 3/11/04 from Michael Bachner to Judge Glasser. Sentencing is adjourned to 5/4/04 at 10:00. Signed by Judge I. Leo Glasser on 3/12/04. (Rodriguez, Angela) (Entered: 03/16/2004) |
| 04/06/2004 | 471 | Letter from Michael V.Gilberti to Judge Glasser dtd. 3/26/04 reply to Gov't opposition to Mr Ray's motion for reconsideration. (Jackson, Ramona) (Entered: 04/06/2004) |
| 04/30/2004 | 472 | ORDER as to Walter Durchalter endorsed on letter dated 4/29/04 from Michael Bachner Judge Glasser. Sentencing is adjourned to 5/28/04 at 10:00. Signed by Judge I. Leo Glasser on 4/29/04. (Rodriguez, Angela) (Entered: 05/07/2004) |
| 05/27/2004 | 473 | ORDER as to Walter Durchalter, Requesting the adjournment of Mr. Durchalter's May 298th 2004 sentencing until 06/14/04 (see letter dtd 05/25/04 . Signed by Judge I. Leo Glasser on 05/25/04. (Sica, Michele) (Entered: 05/27/2004) |
| 06/08/2004 | 474 | notice of MOTION for Certificate of Appealability by Lawrence Ray. (Sica, Michele) (Entered: 06/08/2004) |
| 06/08/2004 | | ORDER as to Lawrence Ray, This Motion for a certificate of appealability is DENIED for the reason that the applicant has not made a substantial showing of a denial of a constitutional right. (Endorsed on motion Doc #474) . Signed by Judge I. Leo Glasser on 6/4/04. (Sica, Michele) (Entered: 06/08/2004) |
| 06/08/2004 | 475 | AFFIDAVIT of Michael V. Gilberti attorney for Lawrence Ray, in support of motion for a certificate of appealability (Sica, Michele) (Entered: 06/08/2004) |
| 06/14/2004 | 476 | Minute Entry for proceedings held before I. Leo Glasser :Sentencing held on 6/14/2004 for Walter Durchalter (9), Count(s) 1, 10, 11, 12, 2, 3, 5, 8, 9, Dismissed on governments motion; Count(s) 4, 6, 7, Imprisonment for a total term of 24 months, The court recommends that the defendant be designated to a facility in the New York area. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2p.m. on 08/23/04. Supervised release for a Three year term. Special Assessment of $200.00 and Fine of $50,000.00. The other nine counts are dismissed on the motion of the United States. Defense Counsel: Michael Bachner, AUSA: Eric Corngold. (Court Reporter Henry Shapiro.) (Sica, Michele) (Entered: 06/29/2004) |
| 06/14/2004 | 477 | JUDGMENT as to Walter Durchalter (9), Count(s) 1, 10, 11, 12, 2, 3, 5, 8, 9, Dismissed on governments motion; Count(s) 4, 6, 7, Imprisonment for a total term of 24 months, The court recommends that the defendant be designated to a facility in the New York area. The defendant shall surrender for service of sentence at the institution |

| Date | # | Docket Text |
|---|---|---|
| | | Three year term. Special Assessment of $200.00 and Fine of $50,000.00. The other nine counts are dismissed on the motion of the United States. . Signed by Judge I. Leo Glasser on 6/14/04. (Sica, Michele) (Entered: 06/29/2004) |
| 08/27/2004 | 478 | ORDER as to Walter Durchalter, GRANTING that the defendants surrender date be adjourned until 09/19/04. (see ltr dtd 8/19/04) . Signed by Judge I. Leo Glasser on 8/20/04. (Sica, Michele) (Entered: 08/27/2004) |
| 09/10/2004 | 479 | Appeal 1st SUPPLEMENTAL record returned from the Court of Appeals containing document number #448. (Copy of this form returned for Fred Nunnery c/o Court of Appeals.) USCA#02/1274.(Drayton, Lorraine) (Entered: 09/10/2004) |
| 09/27/2004 | 480 | Sealed Document placed in vault (Sica, Michele) (Entered: 09/27/2004) |
| 10/20/2004 | 481 | Notice of MOTION for Early Termination of Probation for Larry Berman (6) Count 5 by Larry Berman. (Sica, Michele) (Entered: 10/20/2004) |
| 10/20/2004 | 482 | ORDER as to Larry Berman, That, the term of Probation imposed by this Court on May 15, 2003 in this matter be and is hereby terminated . Signed by Judge I. Leo Glasser on 10/18/2004. (Sica, Michele) (Entered: 10/20/2004) |
| 01/25/2006 | 483 | NOTICE OF ATTORNEY APPEARANCE: J. Bruce Maffeo appearing for Lawrence Ray J. *Bruce Maffeo is Substituting in for Michael V. Gilberti for the purpose of a violation of probation by Lawrence Ray, defendant.* (Maffeo, J.) (Entered: 01/25/2006) |
| 01/30/2006 | | Minute Entry: Case called before Judge I. Leo Glasser on 1/30/06 for Violation of Probation Hearing as to defendant Lawrence Ray. AUSA: Eric Corngold. Defense Counsel: Bruce Maffeo. Court Reporter: Anthony Frisolone. Defendant enters a plea of Guilty to Violations 2A, 2B and 3. Defendant is sentenced to 6 months of imprisonment. After the term of imprisonment is completed, defendant's supervised release shall be reinstated for the same period of time as the unexpired term of probation. The court recommends that the defendant be designated to a facility in the Hudson County, NJ area. The court further recommends that defendant be given his prescribed medications. (Johnson, Tanya) (Entered: 01/30/2006) |
| 02/06/2006 | 484 | Violation Probation/Supervised Release Order as to Lawrence Ray . Ordered by Judge I. Leo Glasser on 1/30/06. (Sica, Michele) (Entered: 02/06/2006) |
| 03/15/2006 | 485 | ORDER as to Daniel Persico; The Court orders the modification of conditions as noted above . Ordered by Judge I. Leo Glasser on 3/13/06. (Request for Modification of Release Conditions and Waiver of Hearing to Modify Conditions attached) (Fernandez, Erica) (Entered: 03/15/2006) |
| 09/25/2006 | 486 | ORDER Granted as to Aleks Paul for the request to travel abroad . Ordered by Judge I. Leo Glasser on 9/5/06. (Sica, Michele) (Entered: 09/25/2006) |
| 12/27/2006 | 487 | ORDER FOR THE REQUEST FOR MODIFYING THE CONDITIONS OR TERMS OF SUPERVISION as to Walter Durchalter. The Court Orders the modification of conditions: the defendant shall make payments in the amount of $200 per month towards his fine . Ordered by Judge I. Leo Glasser on 12/22/06. (Sica, Michele) (Entered: 12/27/2006) |
| 02/06/2007 | 489 | ORDER FOR ISSUANCE of ARREST WARRANT as to Lawrence Ray. Ordered by Judge I. Leo Glasser on 2/6/2007. (Abdallah, Fida) (Entered: 06/18/2007) |
| | 488 | ENDORSED ORDER on letter dated 5/22/07 from Rosemarie Simeunovich, U.S. Probation Officer, to Judge Glasser: Request for provisions to be installed as to Aleks Paul's travel request is GRANTED. See attached for details. Ordered by Judge I. Leo Glasser on 5/29/2007. (Abdallah, Fida) (Entered: 05/29/2007) |
| 06/14/2007 | 490 | Arrest Warrant Returned Executed on 6/13/2007 in case as to Lawrence Ray. (Abdallah, Fida) (Entered: 06/18/2007) |
| 06/15/2007 | 491 | Minute Entry for proceedings held before Hon. Viktor V. Pohorelsky: Initial Appearance re Revocation of Probation as to Lawrence Ray held on 6/15/2007. Appearances: AUSA Jonathan Green and Def counsel Louis Freeman. Bail hearing set for 6/21 @ 2:30 before Judge Glasser. Dft arraigned on the violation of probation. Status conference set for 6/21/07 @ 2:30 p.m. before Judge Glasser. Temporary Order of detention entered. (Log # 4:18 - 4:27) (Abdallah, Fida) (Entered: 06/18/2007) |
| 06/15/2007 | 492 | CJA 20: Appointment of Attorney Louis M. Freeman for Dfl Lawrence Ray. Ordered by Judge Viktor V. Pohorelsky on 6/15/2007. (Abdallah, Fida) (Entered: 06/18/2007) |
| 06/15/2007 | 493 | ORDER OF TEMPORARY DETENTION Pending Hearing Pursuant to Bail Reform Act as to Lawrence Ray: It is Ordered that a detention hearing is set for 6/21/2007 at 2:30 before Judge Glasser. Ordered by Judge Viktor V. Pohorelsky on 6/15/2007. (Abdallah, Fida) (Entered: 06/18/2007) |
| 07/11/2007 | | Minute Entry for proceedings held before I. Leo Glasser: Probation Revocation Hearing as to Lawrence Ray held on 7/11/2007. AUSA Jonathan Green for the Government. Louis Freeman for Defendant. Probation Officer Robert Anton. Defendant was arraigned and pled NOT GUILTY to charges ONE (1) to SIX(6). Defense Counsel made a bail application. Application was DENIED pending more information. An Evidentiary Hearing is scheduled for July 19, 2007 at 11:30 am. Defendant remains in custody. (Court Reporter Diane Molas.) (Francis, Ogoro) (Entered: 07/11/2007) |
| 07/18/2007 | 494 | ORDER That DYFS is to produce Talia Ray for the within referenced hearing as to Lawrence Ray on July 19, 2007 at 10:30 am before the Honorable I Leo glasser. Ordered by Judge I. Leo Glasser on 7/17/07. (Sica, Michele) (Entered: 07/18/2007) |
| 07/18/2007 | 495 | Letter *Concerning the Defendant's Custody Hearing* as to Lawrence Ray (Green, Jonathan) (Entered: 07/18/2007) |
| 07/19/2007 | 496 | CJA 23 Financial Affidavit by Lawrence Ray. (Lee, Tiffeny) (Entered: 07/19/2007) |
| 07/23/2007 | | Minute Entry for proceedings held before I. Leo Glasser: Probation Revocation Hearing as to Lawrence Ray held on 7/19/2007. AUSA Jonathan Green on behalf of the Government. Defense Counsel Louis Freeman on behalf of Defendant. Probation Officer Robert Anton. A hearing was held, Testimony was heard from witnesses. Charge # One(1) was dismissed by the Court. The Court found the Defendant GUILTY On Charges Three (3), Four(4), Five (5) and Six(6). As to Charge Two(2). The Court is giving Defense Counsel time to provide sufficient evidence in regards to pending Charge. Hearing will be continued on July 31, 2007 at 10am, where a Final determination of Charges will be made. Defendant remains in Custody. (Court Reporter Fred Guerino 718-613-2503.) (Francis, Ogoro) (Entered: 07/23/2007) |
| 07/30/2007 | 497 | Letter *(Adjournment Request)* as to Lawrence Ray (Freeman, Louis) (Entered: 07/30/2007) |
| 07/31/2007 | | A Preliminary Revocation Hearing as to Lawrence Ray was held on 7/31/2007 before Senior District Judge, I Leo Glasser. AUSA Jonathan Green appeared on behalf of the Government. Louis Freeman appeared on behalf of the Defendant. As per Mr. Freeman's letter regarding adjourning the proceedings until September 2007, request was GRANTED by the Court. The case has been adjourned to September 11, 2007 at 11am. Defendant remains in custody. (Court Reporter Gene Rudolph.) (Francis, Ogoro) (Entered: 07/31/2007) |
| 09/10/2007 | 498 | Letter *Requesting an adjournment* as to Lawrence Ray (Freeman, Louis) (Entered: 09/10/2007) |
| 09/12/2007 | 499 | ORDER as to Lawrence Ray GRANTED for the adjournment of sentencing from 09-11-07 until 10-19-07 at 11:00 am. Ordered by Judge I. Leo Glasser on 9/10/07. (Sica, Michele) (Entered: 09/12/2007) |
| 10/16/2007 | | A Status Conference as to Lawrence Ray was held on 10/16/2007 before the Honorable I. Leo Glasser. AUSA Jonathan Green appeared on behalf of the defendant. Defense Counsel Louis Freeman appeared on behalf of the defendant. The Court was informed by the U. S. Marshall's, that the defendant was not feeling well this morning, therefore he was not produced. Defense Counsel relayed to the Court that he and his client had some issues. The Court advised Defense Counsel that he would not hear anything on the matter. The Court advised Defense Counsel that if he had any applications, he should make it by writing to the Court. (Court Reporter Shelly Silverman.) (Francis, Ogoro) (Entered: 10/16/2007) |
| 10/18/2007 | 500 | Letter *request for adjournment of court appearance* as to Lawrence Ray (Freeman, Louis) (Entered: 10/18/2007) |
| 10/18/2007 | 501 | ORDER as to Lawrence Ray GRANTED for the adjournment of Court matter from 10-19-07 until 11-08-07 at 10:00 am. Ordered by Judge I. Leo Glasser on 10/18/07. (Sica, Michele) (Entered: 10/18/2007) |
| 10/30/2007 | 502 | TRANSCRIPT of Status Conference/VOP as to Lawrence Ray held on 10/16/2007 before Judge I. Leo Glasser. Court Reporter: Sheldon Silverman. (Brucella, Michelle) (Entered: 10/30/2007) |
| 11/02/2007 | 503 | TRANSCRIPT of Arraignment as to Lawrence Ray held on June 15, 2007 before Judge Pohorelsky. Transcript produced by Transcription Plus II. (Rocco, Christine) (Entered: 11/02/2007) |
| 11/05/2007 | 504 | TRANSCRIPT of violation of supervised release Proceedings as to Lawrence Ray held on 7/11/07 before Judge Glasser. AUSA: Jonathan Green, Defense Attny: Louis Freeman. Court Reporter: Alan Sherman. (Sica, Michele) (Entered: 11/05/2007) |
| 11/07/2007 | 505 | Letter *Requesting a Brief Adjournment* as to Lawrence Ray (Freeman, Louis) (Entered: 11/07/2007) |
| 11/07/2007 | 506 | ORDER as to Lawrence Ray re 505 Letter DENIED. So Ordered by Judge I. Leo Glasser on 11/7/2007. (Toribio, Winnethka) (Entered: 11/07/2007) |
| 11/07/2007 | | NOTICE OF HEARING as to Lawrence Ray: Final Probation Revocation Hearing RESCHEDULED for 12/14/2007 at 10:00 AM in 8B South before Senior-Judge I. Leo Glasser. (Francis, Ogoro) (Entered: 11/07/2007) |
| 12/11/2007 | 507 | MOTION to Continue *Violation hearing* by Lawrence Ray. (Freeman, Louis) (Entered: 12/11/2007) |
| 12/11/2007 | 508 | NOTICE OF ATTORNEY APPEARANCE: Sidney Baumgarten appearing for Lawrence Ray (Baumgarten, Sidney) (Entered: 12/11/2007) |
| 12/12/2007 | 509 | ORDER as to Lawrence Ray GRANTING the request for the adjournment of the violation of supervised release scheduled for 12/14/07 until 01/25/08 @ 10:30 a.m.. Ordered by Senior Judge I. Leo Glasser on 12/11/07. (Sica, Michele) (Entered: 12/12/2007) |
| 12/18/2007 | | Incorrect Case-Document Information filed as to Lawrence Ray. Docket entry #510, previously filed as an Order Modifying Conditions or Term of Supervision as to Hannah Kalash, on 12/12/07 has been deleted. (Brucella, Michelle) (Entered: 12/18/2007) |
| 12/20/2007 | 510 | TRANSCRIPT of Conference as to Lawrence Ray held on 7/31/2007 before Judge Glasser. Court Reporter:Gene Rudolph. (Toribio, Winnethka) (Entered: 12/20/2007) |
| 12/27/2007 | | Motions terminated as to Lawrence Ray: 507 MOTION to Continue Violation hearing filed by Lawrence Ray.Order Endorsed on Doc #509. Ordered by Senior Judge I. Leo Glasser on 12/27/2007. (Francis, Ogoro) (Entered: 12/27/2007) |
| 01/25/2008 | 511 | Minute Entry for proceedings held before Senior Judge I. Leo Glasser: For a Final Hearing re Revocation of Supervised Release as to Lawrence Ray held on 1/25/2008. Case called. Defts appear with counsel. Final revocation hearing held. Deft reinstated to supervision. Sentencing held. Defendant was sentenced to time served. The current terms of supervision are to be continued (Court Reporter Marie Foley.) (Sica, Michele) (Entered: 01/28/2008) |
| 01/25/2008 | 512 | Violation Probation/Supervised Release Order as to Lawrence Ray IMPRISONMENT: TIME SERVED; SUPERVISED RELEASE: THE CURRENT SUPERVISED RELEASE TERMS ARE TO BE CONTINUED. Ordered by Senior Judge I. Leo Glasser on 1/25/08. (Sica, Michele) (Additional attachment(s) added on 2/11/2008: # 1 page 4 of doc #512) (Sica, Michele). (Entered: 01/29/2008) |
| 03/01/2010 | 513 | ORDERfor Petition for Warrant or Summons for Offender Under Supervision as to Alfred Palagonia; The Courts Orders: The issuance of a Summons. U.S. Probation Officer Recommends that the Terms of Supervision should be Revoked. Ordered by Senior Judge I. Leo Glasser on 3/1/2010. (Sica, Michele) (Entered: 03/01/2010) |
| 03/11/2010 | 514 | ORDER as to Alfred Palagonia, THE COURT ORDERS: The Modification of Conditions as Noted Above. Ordered by Senior Judge I. Leo Glasser on 09/21/07. (Sica, Michele) (Entered: 03/11/2010) |
| 03/15/2010 | 515 | Summons Returned Executed on 03/10/10 as to Alfred Palagonia (Sica, Michele) (Entered: 03/17/2010) |
| 10/21/2010 | 516 | ENDORSED ORDER on (faxed) letter dtd. 10/21/10 filed by counsel J. DiBlasi as to Alfred Palagonia, granting his request that the Violation of Probation Hearing be adjrnd. from 10/24 to 10/21/2010 at 11:00 AM in Courtroom 8B South before Senior Judge I. Leo Glasser). So Ordered by Senior Judge I. Leo Glasser on 10/21/2010. (Layne, Monique) (Entered: 10/21/2010) |

| Date | No. | Docket Text |
|---|---|---|
| 12/08/2010 | | ENDORSED ORDER... requesting an adjournment of the conference as to Alfred Palagonia scheduled for 12/10/10. The application is granted, and the conference will take place on 1/7/11 at 10:30 a.m. in Courtroom 8B South before Senior Judge I. Leo Glasser. So Ordered by Senior Judge I. Leo Glasser on 12/8/2010. (Manuel, Germaine) (Entered: 12/09/2010) |
| 01/06/2011 | 518 | NOTICE OF ATTORNEY APPEARANCE Sarah Mary Coyne appearing for USA. (Coyne, Sarah) (Entered: 01/06/2011) |
| 01/10/2011 | 519 | Minute Entry for proceedings held before Senior Judge I. Leo Glasser:Initial Appearance re Revocation of Supervised Release as to Alfred Palagonia held on 1/10/2011. AUSA S. Coyne. Deft advised of rights and ENTERS Plea of NOT GUILTY to Charges One, Two and Three of the Violation. Parties request add'l time to resolve monetary issues. Case adjrn'd. until 3/4/11. (Court Reporter V. Butler). (Layne, Monique) (Entered: 01/11/2011) |
| 03/01/2011 | 520 | Letter Motion for Hearing *Extension of Probation Violation* by Alfred Palagonia. (DiBlasi, Joseph) (Entered: 03/01/2011) |
| 03/02/2011 | 521 | ENDORSED ORDER granting 520 Motion for a three-week continuance re: violation hearing as to Alfred Palagonia (14). So Ordered by Senior Judge I. Leo Glasser on 3/1/2011. (Manuel, Germaine) (Entered: 03/02/2011) |
| 03/25/2011 | 522 | Minute Entry for proceedings held before Senior Judge I. Leo Glasser:Final Hearing re Revocation of Supervised Release as to Alfred Palagonia held on 3/25/2011. AUSA S. Coyne. J. DiBlasi, Esq. ret. for Deft. Deft. advised of rights and Enters Plea of GUILTY to Charges 3 of the Violation. Current term of Supervision revoked. Sentence: One day. New term of Supervised Release: 2 yrs. w/Special Conditions of Supervision. Special Assessment of $50,000.00 re-imposed. Deft. shall self surrender on 4/27/11 at 9:00 a.m. to U.S. Marshal, EDNY. (Court Reporter G. Rudolph) (Layne, Monique) (Entered: 04/12/2011) |
| 03/25/2011 | 525 | Minute Entry for proceedings held before Senior Judge I. Leo Glasser:AMENDED Final Hearing re Revocation of Supervised Release as to Alfred Palagonia held on 3/25/2011. AUSA S. Coyne. J. DiBlasi, Esq. ret. for Deft. Deft. advised of rights and Enters Plea of GUILTY to Charges 3 of the Violation. Sentence: One day. Current Supervised Release revoked. New term of Supervised Release: 2 yrs. w/Special Conditions of Supervision. Fine of $50,000.00 re-imposed. RESTITUTION: $20,000,000.00 re-imposed. Deft will self surrender on 4/27/11 to U.S. Marshal. (Court Reporter G. Rudolph) (Layne, Monique) (Entered: 04/13/2011) |
| 04/12/2011 | 523 | Violation Probation/Supervise Release Order as to Alfred Palagonia. Deft. admitted guilt to Violation of Conditions 3 of the term of supervision. IMPRISONMENT: 1 day. SUPERVISED RELEASE: 2 years. w/SPECIAL CONDITIONS OF SUPERVISION. SPECIAL ASSESSMENT: $50,000.00 (Re-Imposed). FINE: 20,000,000.00 (Re-Imposed). RESTITUTION: $50,000.00 (Re-Imposed). So Ordered by Senior Judge I. Leo Glasser on 4/5/2011. C-E/M as to defse. counsel. (Layne, Monique) (Entered: 04/12/2011) |
| 04/13/2011 | 526 | AMENDED Violation Supervised Release Order as to Alfred Palagonia. IMPRISONMENT: 1 day. SUPERVISED RELEASE: 2 years. w/SPECIAL CONDITIONS OF SUPERVISION. FINE: 50,000.00 (Re-Imposed). RESTITUTION: |
| | | $20,000,000.00 re-imposed. ... as to Alfred Palagonia ... on 4/13/2011. C-E/M. (Layne, Monique) (Entered: 04/13/2011) |
| 12/14/2011 | 528 | MOTION for Victim Rights *on behalf of Ernest Gottdiener, Judith Gottdiener, Ervin Tausky and Suan Investments* by USA as to Alfred Palagonia. (Attachments: # 1 Declaration in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Certificate of Service) (Harwick, John) (Entered: 12/14/2011) |
| 12/29/2011 | 529 | MOTION for Extension of Time to File Response/Reply as to 528 MOTION for Victim Rights *on behalf of Ernest Gottdiener, Judith Gottdiener, Ervin Tausky and Suan Investments* by USA as to Alfred Palagonia. (Dickman, Mary) (Entered: 12/29/2011) |
| 01/04/2012 | 530 | ENDORSED ORDER as to Alfred Palagonia, granting AUSA M. Dickman's application re 529 MOTION for Extension of Time until 2/15/12, to File Response to 528 MOTION for Victim Rights *on behalf of Ernest Gottdiener, Judith Gottdiener, Ervin Tausky and Suan Investments*. Ordered by Senior Judge I. Leo Glasser on 1/3/2012. (Layne, Monique) (Entered: 01/04/2012) |
| 02/15/2012 | 531 | NOTICE OF ATTORNEY APPEARANCE Michael Lloyd Yaeger appearing for USA. (Yaeger, Michael) (Entered: 02/15/2012) |
| 02/15/2012 | 532 | RESPONSE to Motion re 528 MOTION for Victim Rights *on behalf of Ernest Gottdiener, Judith Gottdiener, Ervin Tausky and Suan Investments* (Yaeger, Michael) (Entered: 02/15/2012) |
| 02/17/2012 | 533 | Letter to AUSA Michael Yaeger as to Alfred Palagonia (Chiodo, Marie) (Entered: 02/17/2012) |
| 03/16/2012 | 534 | Letter *in response to the Court's letter of February 17, 2012* as to Alfred Palagonia (Yaeger, Michael) (Entered: 03/16/2012) |
| 04/24/2012 | 535 | MOTION for Extension of Time to File *by victims with respect to Alfred Palagonia's stock fraud scheme* by USA as to Alfred Palagonia. (Harwick, John) (Entered: 04/24/2012) |
| 04/25/2012 | 536 | ENDORSED ORDER, granting 535 Motion for Extension of Time until 5/24/12, to submit add'l proof re victims as to Alfred Palagonia's stock fraud scheme. Ordered by Senior Judge I. Leo Glasser on 4/25/2012. (Layne, Monique) (Entered: 04/25/2012) |
| 05/17/2012 | 537 | REPLY TO RESPONSE to Motion re 535 MOTION for Extension of Time to File *by victims with respect to Alfred Palagonia's stock fraud scheme additional extension requested* (Harwick, John) (Entered: 05/17/2012) |
| 05/18/2012 | 538 | ENDORSED ORDER, on doc. 537 from counsel J. Harwick to Judge Glasser, as to Alfred Palagonia, granting an extra 2 weeks extension until 6/7/12, to submit legal and factual arguments supporting the victims' claims for compensation. Ordered by Senior Judge I. Leo Glasser on 5/18/2012. (Layne, Monique) (Entered: 05/18/2012) |
| 06/07/2012 | 539 | MOTION to Continue by John F. Harwick, Esq., attorney for the Estate of Ernest Gottdiener and Judith Gottdiener, Ervin Tausky and Suan Investments, Inc. by USA as to Alfred Palagonia. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, #13 Exhibit, # 14 Exhibit, # 15 Exhibit) (Harwick, John) (Entered: 06/07/2012) |
| 06/07/2012 | 540 | MOTION to Continue *Memorandum of Law by John F. Harwick, Esq. on behalf of the Estate of Ernest Gottiener and Judith Gottdiener, Ervin Tausky and Suan Investments, Inc.* by USA as to Alfred Palagonia. (Harwick, John) (Entered: 06/07/2012) |
| 06/07/2012 | 541 | MOTION to Continue *Certificate of Service* by USA as to Alfred Palagonia. (Harwick, John) (Entered: 06/07/2012) |
| 06/07/2012 | 542 | MOTION to Continue *Exhibits not contained within first filing* by USA as to Alfred Palagonia. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Harwick, John) (Entered: 06/07/2012) |
| 06/07/2012 | 543 | MOTION to Continue *Status Report* by USA as to Alfred Palagonia. (Harwick, John) (Entered: 06/21/2012) |
| 06/21/2012 | | Motions terminated, docketed incorrectly. as to Alfred Palagonia: 543 MOTION to Continue *Status Report* filed by USA. This is not a motion; it is a letter containing a status report. (Kessler, Stanley) (Entered: 06/27/2012) |
| 07/02/2012 | | NOTICE OF HEARING ON MOTION in case as to Alfred Palagonia 528 . The motion for victims' rights on behalf of Ernest Gottdiener, Judith Gottdiener, Ervin Tausky and Suan Investments is scheduled for oral argument on 7/30/2012 at 11:00 AM in Courtroom 8B South before Judge I. Leo Glasser. (Kessler, Stanley) (Entered: 07/02/2012) |
| 07/30/2012 | 544 | Minute Entry for proceedings held before Judge I. Leo Glasser on 7/30/2012: Case called. John F. Harwick, Esq. present for the applicants Ernest Gottdiener, Judith Gottdiener, Ervin Tausky and Suan Investments (The Victims). AUSA Michael L. Yaeger present for the Government. The motion of Ernest Gottdiener, Judith Gottdiener, Ervin Tausky and Suan Investments (The Victims) for an award of restitution from the defendant Alfred Pagonia is argued. Both parties are to file additional papers not later than 8/6/2012. Decision reserved. (Court Reporter Mary Agnes Drury.) (Kessler, Stanley) (Entered: 07/30/2012) |
| 08/06/2012 | 545 | Letter *Joint Submission (John Harwick and Miachel Yaeger)* as to Alfred Palagonia (Harwick, John) (Entered: 08/06/2012) |

**PACER Service Center**

**Transaction Receipt**

08/28/2012 14:31:15

| | | | |
|---|---|---|---|
| PACER Login: | fs0569 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:00-cr-00196-ILG |
| Billable Pages: | 30 | Cost: | 3.00 |

**U.S. District Court**
**Eastern District of New York (Brooklyn)**
**CRIMINAL DOCKET FOR CASE #: 1:00-cr-00196-ILG All Defendants**

Case title: USA v. Coppa et al

Date Filed: 03/01/2000
Date Terminated: 06/14/2004

---

**Movant**

**Estate of Ernest Gottdiener**     represented by **John F. Harwick**
Hacker Murphy LLP
7 Airport Park Blvd.
Latham, NY 12110
518-783-3843
Fax: 518-783-8101
Email: jharwick@hackermurphy.com
*ATTORNEY TO BE NOTICED*

---

**Movant**

**Judith Gottdiener**     represented by **John F. Harwick**
(See above for address)
*ATTORNEY TO BE NOTICED*

---

**Movant**

**Ervin Tausky**     represented by **John F. Harwick**
(See above for address)
*ATTORNEY TO BE NOTICED*

---

**Movant**

**Suan Investments, Inc.**     represented by **John F. Harwick**
(See above for address)
*ATTORNEY TO BE NOTICED*

---

Assigned to: Judge I. Leo Glasser

**Defendant (2)**

**Ernest Montevecchi**     represented by **John B. Hansbury**
*TERMINATED: 03/27/2002*          Law Office of John B. Hansbury
925 Westchester Avenue

**Terminated Counts**

18:1956(h) and 3551 et seq. - MONEY
LAUNDERING CONSPIRACY.
(13)

18:1956(a)(1)(A)(i), 2 and 3551 et seq.-
MONEY LAUNDERING.
(14)

**Disposition**

Open counts dismissed on government's
motion.

Open counts dismissed on government's
motion.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

---

Assigned to: Judge I. Leo Glasser

**Defendant (4)**

**Jack Basile**     represented by **Elizabeth E Macedonio**
*TERMINATED: 10/26/2001*          Elizabeth E. Macedonio, P.C.
42-40 Bell Blvd
Suite 302
Bayside, NY 11361
718-279-3770
Fax: 718-281-0850
Email: emacedonio@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**John H. Jacobs**
260 Madison Avenue
22nd. Floor
New York, NY 10016
(212) 545-8087
*TERMINATED: 10/26/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:371 and 3551 et seq. - HOLLY
SECURITIES FRAUD CONSPIRACY.
(5)

**Disposition**

AMENDED JUDGMENT: Defendant is
sentenced to Count 5 and receives 37
months concurrent with each indictment with
99cr589; 3 years supervised release
concurrent on each count with 99cr589;

---

Butch

White Plains, NY 10604

914-946-7432
Fax: 914-946-3708
Email: bhansburylaw@msn.com
*TERMINATED: 03/27/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Joseph Aaron Bondy**
20 Vesey Street
Suite 1200
New York, NY 10007
212-219-3572
Fax: 212-219-8456
Email: josephbondy@mac.com
*TERMINATED: 03/27/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Joy Lucielle Vastola**
17 Battery Place
Suite 610
New York, NY 10004
(212) 248-2694
*TERMINATED: 03/27/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:1962(b),1963 and 3551 et seq. -
RACKETEERING CONSPIRACY.
(2)

**Highest Offense Level (Opening)**

Felony

**Disposition**

Defendant sentenced to 36 months
imprisonment to run concurrently with
sentence defendant is currently serving,
plus three years of supervised release.
Defendant to make restitution in the
amount of million during the period of
supervised rel ease. The government is
given 90 days to provide a list of victims
and the amounts to be paid. The Court
recommends incarceration at Fort Dix.

special assessment fee .00; restitution
,000.00

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1962(b),1963 and 3551 et seq. -
RACKETEERING CONSPIRACY.
(2)

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
HOLLY SECURITIES FRAUD. AND
DECEPTIVE DEVICES
(6)

18:1956(h) and 3551 et seq. - HOLLY
MONEY LAUNDERING CONSPIRACY.
(7)

18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2
and 35512 et seq. - HOLLEY MONEY
LAUNDERING.
(8)

**Disposition**

Counts 2, 6, 7 and 8 are dismissed by
Goverment's motion in open court.

Counts 2, 6, 7 and 8 are dismissed by
Goverment's motion in open court.

Counts 2, 6, 7 and 8 are dismissed by
Goverment's motion in open court.

Counts 2, 6, 7 and 8 are dismissed by
Goverment's motion in open court.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

---

Assigned to: Judge I. Leo Glasser

**Defendant (5)**

**Rocco Basile**     represented by **Michael F. Bachner**
*TERMINATED: 11/27/2001*          Bachner & Herskovits, P.C.
26 Broadway
Suite 2310
New York, NY 10004
(212) 344-7774
Fax: 212-344-7774
Email: mb@bhlawfirm.com
*TERMINATED: 11/27/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Stephen P. Scaring**
Stephen P. Scaring, P.C.

66 O[...]
Garden City, NY 11530
516/683/8500
Fax: 516-683-8410
Email: sscaring@scaringlaw.com
*TERMINATED: 11/27/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Pending Counts**

18:371 and 3551 et seq. - HOLLY
SECURITIES FRAUD CONSPIRACY.
(5)

**Disposition**

Imprisonment of 44 months on each count
to run concurrently. Supervised release of
3 years on each count to run concurrently.
Special assessement of . Restitution of
,000,000.00. AMENDED To include on
page 2 that defl receive treatment t for
substance abuse.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1962(d),1963 and 3551 et seq. -
RACKETEERING CONSPIRACY.
(2)

15:78(b) and 78ff; 18:2 and 3551 et seq. -
HOLLY SECURITIES FRAUD. AND
DECEPTIVE DEVICES
(6)

18:1956(h) and 3551 et seq. - HOLLY
MONEY LAUNDERING CONSPIRACY.
(7)

18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2
and 35512 et seq. - HOLLEY MONEY
LAUNDERING.
(8)

**Disposition**

Dismissed on govt's motion.

Dismissed on govt's motion.

Dismissed on govt's motion.

Dismissed on govt's motion.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

Assigned to: Judge I. Leo Glasser

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
COUNTRY WORLD SECURITIES
FRAUD.
(4)

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
HOLLY SECURITIES FRAUD. AND
DECEPTIVE DEVICES
(6)

18:1956(h) and 3551 et seq. - HOLLY
MONEY LAUNDERING CONSPIRACY.
(7)

18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2
and 35512 et seq. - HOLLEY MONEY
LAUNDERING.
(8)

**Disposition**

Dismissed on government's motion.

Dismissed on government's motion.

Dismissed on government's motion.

Dismissed on government's motion.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

Assigned to: Judge I. Leo Glasser

**Defendant (7)**

**John Cioffoletti**
*TERMINATED: 03/18/2002*

represented by **Andrew J. Weinstein**
The Weinstein Law Firm PLLC
800 Third Avenue
18th floor
New York, NY 10022
212-582-8900
Fax: 212-582-8989
Email: aweinstein@twlf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Michael F. Bachner**
(See above for address)
*TERMINATED: 03/18/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Pending Counts**

18:371 and 3551 et seq. - COUNTRY
WORLD SECURITIES FRAUD

**Disposition**

Defendant sentenced to 24 months
imprisonment to be followed by 3 years of

**Defendant (6)**

**Larry Berman**
*TERMINATED: 05/22/2003*

represented by **Amy E. Millard**
Clayman & Rosenberg
305 Madison Avenue
New York, NY 10165
Fax (212) 949-8255
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Robert T. Wolf**
Gerstein, Savage & Kaplowitz
101 east 52nd Street 9th Floor
New York, NY 10022
(212) 752-9700
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Stephen Robert LaCheen**
15th & Locust Streets
31st Floor, Lewis Tower Building
Philadelphia, PA 19102
(215) 735-5900
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Pending Counts**

18:371 and 3551 et seq. - HOLLY
SECURITIES FRAUD CONSPIRACY.
(5)

**Disposition**

Defendant sentenced to 3 years probation.
Defendant fined and assessed . Defendant
to perform 100 of community service.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1962(c), 1963 and 3551 et seq. -
RACKETEERING.
(1)

18:1962(d),1963 and 3551 et seq. -
RACKETEERING CONSPIRACY.
(2)

18:371 and 3551 et seq. - COUNTRY
WORLD SECURITIES FRAUD
CONSPIRACY.
(3)

**Disposition**

Dismissed on government's motion.

Dismissed on government's motion.

Dismissed on government's motion.

CONSPIRACY.
(3)

18:371 and 3551 et seq. - HOLLY
SECURITIES FRAUD CONSPIRACY.
(5)

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
HOLLY SECURITIES FRAUD. AND
DECEPTIVE DEVICES
(6)

supervised release- to run concurrently
with sentence in 01cr1049. The Court
recommends Shock Incarceration Program,
where defendant can receive substance
abuse tr eatment. Defendant assessed (this
includes assessment for 01cr1049).
Defendant to surrender to institution before
2:00 pm on 5/6/02. Restitution to be paid:
the amount of victims' losses are not yet
ascertainable (final determination w ill be
submitted on 6/14/02).

Defendant sentenced to 24 months
imprisonment to be followed by 3 years of
supervised release- to run concurrently
with sentence in 01cr1049. The Court
recommends Shock Incarceration Program,
where defendant can receive substance
abuse tr eatment. Defendant assessed (this
includes assessment for 01cr1049).
Defendant to surrender to institution before
2:00 pm on 5/6/02. Restitution to be paid:
the amount of victims' losses are not yet
ascertainable (final determination w ill be
submitted on 6/14/02).

Defendant sentenced to 24 months
imprisonment to be followed by 3 years of
supervised release- to run concurrently
with sentence in 01cr1049. The Court
recommends Shock Incarceration Program,
where defendant can receive substance
abuse tr eatment. Defendant assessed (this
includes assessment for 01cr1049).
Defendant to surrender to institution before
2:00 pm on 5/6/02. Restitution to be paid:
the amount of victims' losses are not yet
ascertainable (final determination w ill be
submitted on 6/14/02).

Defendant sentenced to 24 months
imprisonment to be followed by 3 years of
supervised release- to run concurrently
with sentence in 01cr1049. The Court
recommends Shock Incarceration Program,
where defendant can receive substance
abuse tr eatment. Defendant assessed (this
includes assessment for 01cr1049).
Defendant to surrender to institution before
2:00 pm on 5/6/02. Restitution to be paid:
the amount of victims' losses are not yet
ascertainable (final determination w ill be
submitted on 6/14/02).

18:371 and 3551 et seq. - USBNY
SECURITIES FRAUD CONSPIRACY.
(9)

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
USBNY SECURITIES FRAUD.
(10)

18:371 and 3551 et seq. - CABLE
SECURITIES FRAUD CONSPIRACY.
(15)

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
CABLE SECURITIES FRAUD.
(16)

---

Defendant sentenced to 24 months
imprisonment to be followed by 3 years of
supervised release- to run concurrently
with sentence in 01cr1049. The Court
recommends Shock Incarceration Program,
where defendant can receive substance
abuse tr eatment. Defendant assessed (this
includes assessment for 01cr1049).
Defendant to surrender to institution before
2:00 pm on 5/6/02. Restitution to be paid:
the amount of victims' losses are not yet
ascertainable (final determination w ill be
submitted on 6/14/02).

Defendant sentenced to 24 months
imprisonment to be followed by 3 years of
supervised release- to run concurrently
with sentence in 01cr1049. The Court
recommends Shock Incarceration Program,
where defendant can receive substance
abuse tr eatment. Defendant assessed (this
includes assessment for 01cr1049).
Defendant to surrender to institution before
2:00 pm on 5/6/02. Restitution to be paid:
the amount of victims' losses are not yet
ascertainable (final determination w ill be
submitted on 6/14/02).

Defendant sentenced to 24 months
imprisonment to be followed by 3 years of
supervised release- to run concurrently
with sentence in 01cr1049. The Court
recommends Shock Incarceration Program,
where defendant can receive substance
abuse tr eatment. Defendant assessed (this
includes assessment for 01cr1049).
Defendant to surrender to institution before
2:00 pm on 5/6/02. Restitution to be paid:
the amount of victims' losses are not yet
ascertainable (final determination w ill be
submitted on 6/14/02).

Defendant sentenced to 24 months
imprisonment to be followed by 3 years of
supervised release- to run concurrently
with sentence in 01cr1049. The Court
recommends Shock Incarceration Program,
where defendant can receive substance
abuse tr eatment. Defendant assessed (this
includes assessment for 01cr1049).
Defendant to surrender to institution before
2:00 pm on 5/6/02. Restitution to be paid:
the amount of victims' losses are not yet

---

ascertainable (final determination w ill be
submitted on 6/14/02).

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING. (1) | Open counts dismissed on government's motion. |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Open counts dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY. (7) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and 35512 et seq. - HOLLEY MONEY LAUNDERING. (8) | Open counts dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY. (11) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING. (12) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - CABLE MONEY LAUNDERING. (18) | Open counts dismissed on government's motion. |

**Highest Offense Level (Terminated)**
Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

Assigned to: Judge I. Leo Glasser

**Defendant (8)**

| | | |
| --- | --- | --- |
| **John Doukas**<br>*TERMINATED: 08/09/2002* | represented by | **Edward A. Mc Donald**<br>Dechert, LLP<br>30 Rockefeller Plaza<br>New York, NY 10112 |

212-698-3500
Email: edward.mcdonald@dechert.com
*TERMINATED: 08/09/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Martin Russo**
60 East 42nd. Street
8th FLoor
New York, NY 10165
Fax (212) 557-5587
*TERMINATED: 10/05/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Pending Counts**

18:371 and 3551 et seq. - USBNY
SECURITIES FRAUD CONSPIRACY.
(9)

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
CABLE SECURITIES FRAUD.
(16)

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**

18:1962(c), 1963 and 3551 et seq. -
RACKETEERING.
(1)

18:1962(d),1963 and 3551 et seq. -
RACKETEERING CONSPIRACY.
(2)

---

**Disposition**

Defendant sentenced to 9 months
imprisonment to be followed by 3 years of
supervised release. Defendant to perform
200 hours of community service.
Restitution: million, payable to the Clerk
of Court. Court recommends camp type
facility- Allen wood or Otisville.
Defendant to surrender to institution on
9/30/02. Defendant assessed .

Defendant sentenced to 9 months
imprisonment to be followed by 3 years of
supervised release. Defendant to perform
200 hours of community service.
Restitution: million, payable to the Clerk
of Court. Court recommends camp type
facility- Allen wood or Otisville.
Defendant to surrender to institution on
9/30/02. Defendant assessed .

**Disposition**

Dismissed on government's motion.

Dismissed on government's motion.

---

| | **Disposition** |
| --- | --- |
| 18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY. (5) | Dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES (6) | Dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY. (7) | Dismissed on government's motion. |
| 18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and 35512 et seq. - HOLLEY MONEY LAUNDERING. (8) | Dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD. (10) | Dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY. (11) | Dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING. (12) | Dismissed on government's motion. |
| 18:371 and 3551 et seq. - CABLE SECURITIES FRAUD CONSPIRACY. (15) | Dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - CABLE MONEY LAUNDERING CONSPIRACY. (17) | Dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - CABLE MONEY LAUNDERING. (18) | Dismissed on government's motion. |

**Highest Offense Level (Terminated)**
Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

Assigned to: Judge I. Leo Glasser

**Defendant (9)**

**Walter Durchalek**
*TERMINATED: 06/14/2004*
*also known as*
Dutch
*TERMINATED: 06/14/2004*

represented by   Michael Rosenfeld
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Robert S. Wolf**
Gersten, Savage, Kaplowitz, Wolf &
Marcus, LLP
600 Lexington Avenue
9th Floor
New York, NY 10022
212-752-9700
Fax: 212-752-3868
*TERMINATED: 04/11/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| | Imprisonment for a total term of 24 months, The court recommends that the defendant be designated to a facility in the New York area. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2p.m. on 08/23/04. Supervised release for a Three year term. Special Assessment of $200.00 and Fine of $50,000.00. The other nine counts are dismissed on the motion of the United States. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD. (4) | |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES (6) | Imprisonment for a total term of 24 months, The court recommends that the defendant be designated to a facility in the New York area. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2p.m. on 08/23/04. Supervised release for a Three year term. Special Assessment of $200.00 and Fine of $50,000.00. The other nine counts are dismissed on the motion of the United States. |
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY. (7) | Imprisonment for a total term of 24 months, The court recommends that the defendant be designated to a facility in the New York area. The defendant shall surrender for service of sentence at the institution designated by the Bureau of |

(right column continued)

Dismissed on 2p.m. on 08/23/04.
Supervised release for a Three year term.
Special Assessment of $200.00 and Fine of $50,000.00. The other nine counts are dismissed on the motion of the United States.

**Highest Offense Level (Opening)**
Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING. (1) | Dismissed on governments motion |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Dismissed on governments motion |
| 18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY. (3) | Dismissed on governments motion |
| 18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY. (5) | Dismissed on governments motion |
| 18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and 35512 et seq. - HOLLEY MONEY LAUNDERING. (8) | Dismissed on governments motion |
| 18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY. (9) | Dismissed on governments motion |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD. (10) | Dismissed on governments motion |
| 18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY. (11) | Dismissed on governments motion |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING. (12) | Dismissed on governments motion |

**Highest Offense Level (Terminated)**
Felony

| Complaints | Disposition |
|---|---|
| None | |

Assigned to: Judge I. Leo Glasser

---

**Defendant (10)**
**Edward Garafola**
*TERMINATED: 02/28/2002*

represented by   **Michael Rosen**
Law Office of Michael Rosen
61 Broadway
Suite 1105
New York, NY 10006
212-742-1717
Fax: 212-248-4068
Email: mrosenlaw@aol.com
*TERMINATED: 02/28/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| 18:1951 and 3551 et seq. - EXTORTION CONSPIRACY. (19) | Defendant sentenced to 5 months imprisonment to be followed by 3 years of supervised release. As a condition of release, defendant is to serve 5 months home detention. The Court recommends defendant be designated to Fort Devin, Mass. Defendant to surrender to institution by 2:00pm on 4/29/02. Defendant fined and assessed . |

**Highest Offense Level (Opening)**
Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1951,2 and 3551 et seq. - EXTORTION. (20) | Open count dismissed on government's motion. |

**Highest Offense Level (Terminated)**
Felony

| Complaints | Disposition |
|---|---|
| None | |

Assigned to: Judge I. Leo Glasser

---

**Defendant (11)**
**Daniel Lev**
*TERMINATED: 02/19/2002*

represented by   **Jeffrey H. Lichtman**
Law Offices of Jeffrey H. Lichtman
41 Madison Avenue
34th Floor
New York, NY 10010
(212) 689-8555
Email: jl@jeffreylichtman.com
*TERMINATED: 02/19/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Jeffrey H. Lichtman**
Law Offices of Jeffrey Lichtman, Esq.
41 Madison Avenue
34th Floor
New York, NY 10010
(212) 689-8555
*TERMINATED: 02/19/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| 18:1512 and 18:3551 et seq.- HARASSMENT OF A WITNESS (1s) | Defendant sentenced to 2 years probation with 4 months home confinement and 150 hours of community service. Defendant fined and assessed . |

**Highest Offense Level (Opening)**
Misdemeanor

| Terminated Counts | Disposition |
|---|---|
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING. (1) | Open counts dismissed on government's motion. |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Open counts dismissed on government's motion. |
| 18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY. (9) | Open counts dismissed on government's motion. |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD. (10) | Open counts dismissed on government's motion. |

18:1956(h) and 3551 et seq. - USBNY
MONEY LAUNDERING CONSPIRACY.
(11)

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2
and 3551 et seq. - USBNY MONEY
LAUNDERING.
(12)

**Highest Offense Level (Terminated)**
Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

Assigned to: Judge I. Leo Glasser

**Defendant (12)**

| **Eugene Lombardo** *TERMINATED: 03/27/2002* | represented by | **Lawrence K. Feitell** 225 Broadway Suite 2020 New York, NY 10007 (212) 571-5710 Fax: 212-571-5711 Email: LKFJuris@earthlink.net *TERMINATED: 03/27/2002* *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: CJA Appointment* |
| --- | --- | --- |
| | | **Richard W. Brewster** 645 5th Avenue New York, NY 10022 (212)751-0627 *TERMINATED: 03/27/2002* *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Defendant sentenced to 60 months imprisonment to run concurrently with sentence in Southern District case. Supervised release: 3 years. Defendant to make restitution in the amount of million. During period of release, the government is given 90 days to provide a list of victims and the amounts to be paid. The Court |

| | |
| --- | --- |
| | Chicago, Il 60602 Fax (312) 578-9391 *TERMINATED: 11/30/2001* *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: Retained* |
| | **Michael J. Rovell** Law Offices of Michael J. Rovell, Esq. 20 North Clark Street Suite 2450 Chicago, Il 60602 (312) 578-9191 *TERMINATED: 11/30/2001* *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: Retained* |

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY. (11) | JUDGMENT as to Edmond Nagel (1) count(s) 1. IMPRISONMENT: 37 months; SUPERVISED RELEASE: 3 years; SPECIAL ASSESSMENT: .00; (.00 in 01-CR-705 and .00 in 01-CR-196). |

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING. (1) | Dismissed on Motion of the Govt. |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Dismissed on Motion of the Govt. |
| 18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY. (9) | Dismissed on Motion of the Govt. |
| 15:78(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD. (10) | Dismissed on Motion of the Govt. |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING. (12) | Dismissed on Motion of the Govt. |

**Highest Offense Level (Terminated)**

imprisonment to be served out of MDC.
Special assessment: .

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1962(c), 1963 and 3551 et seq. - RACKETEERING. (1) | Open counts dismissed on government's motion. |
| 18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY. (3) | Open counts dismissed on government's motion. |
| 15:78(b) and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD. (4) | Open counts dismissed on government's motion. |
| 18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY. (9) | Open counts dismissed on government's motion. |
| 15:78(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD. (10) | Open counts dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY. (11) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING. (12) | Open counts dismissed on government's motion. |

**Highest Offense Level (Terminated)**
Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

Assigned to: Judge I. Leo Glasser

**Defendant (13)**

| **Edmond Nagel** *TERMINATED: 11/30/2001* | represented by | **Jewel N. Klein** Law Offices of Michael J. Rovell, Esq. 20 North Clark Street Suite 2450 |
| --- | --- | --- |

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

Assigned to: Judge I. Leo Glasser

**Defendant (14)**

| **Alfred Palagonia** *TERMINATED: 12/04/2002* | represented by | **Joseph Vincent DiBlasi** 590 Madison Avenue 10th Foor New York, NY 10022 212-605-0470 Fax: 212-605-0222 Email: diblasilaw@verizon.net *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: Retained* |
| --- | --- | --- |
| | | **Mark S. Cohen** Arkin, Kaplan & Cohen LLP 590 Madison Avenue New York, NY 10022 (212) 333-0200 *TERMINATED: 05/16/2000* *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY. (9) | Defendant sentenced to one year and one day, plus 3 years of supervised release. Restitution to be paid in the amount of million. Defendant fined ,000 and assessed . The Court recommends FCI Allenwood, PA. |
| 18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY. (11) | Defendant sentenced to one year and one day, plus 3 years of supervised release. Restitution to be paid in the amount of million. Defendant fined ,000 and assessed . The Court recommends FCI Allenwood, PA. |

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |

18:1962(c), 1963 and 3551 et seq. - RACKETEERING.
(1)
Open counts dismissed on government's motion.

18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY.
(2)
Open counts dismissed on government's motion.

18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY.
(3)
Open counts dismissed on government's motion.

15:78j(b) and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD.
(4)
Open counts dismissed on government's motion.

18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY.
(5)
Open counts dismissed on government's motion.

15:78j(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES
(6)
Open counts dismissed on government's motion.

18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY.
(7)
Open counts dismissed on government's motion.

18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and 35512 et seq. - HOLLEY MONEY LAUNDERING.
(8)
Open counts dismissed on government's motion.

15:78j(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD.
(10)
Open counts dismissed on government's motion.

18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING.
(12)
Open counts dismissed on government's motion.

18:371 and 3551 et seq. - CABLE SECURITIES FRAUD CONSPIRACY.
(15)
Open counts dismissed on government's motion.

15:78j(b) and 78ff; 18:2 and 3551 et seq. - CABLE SECURITIES FRAUD.
(16)
Open counts dismissed on government's motion.

18:1956(h) and 3551 et seq. - CABLE MONEY LAUNDERING CONSPIRACY.
(17)
Open counts dismissed on government's motion.

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - CABLE MONEY
Open counts dismissed on government's motion.

18:371 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD CONSPIRACY.
(3)
Counts dismissed on government's motion.

15:78j(b) and 78ff; 18:2 and 3551 et seq. - COUNTRY WORLD SECURITIES FRAUD.
(4)
Counts dismissed on government's motion.

18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY.
(5)
Counts dismissed on government's motion.

15:78j(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES
(6)
Counts dismissed on government's motion.

18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY.
(7)
Counts dismissed on government's motion.

18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and 35512 et seq. - HOLLEY MONEY LAUNDERING.
(8)
Counts dismissed on government's motion.

18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY.
(9)
Counts dismissed on government's motion.

15:78j(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD.
(10)
Counts dismissed on government's motion.

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING.
(12)
Counts dismissed on government's motion.

**Highest Offense Level (Terminated)**
Felony

**Complaints**
None

**Disposition**

Assigned to: Judge I. Leo Glasser

**Defendant (16)**

Joseph Polito, Sr.
*TERMINATED: 07/26/2002*

represented by **Charles Weintraub**
6132 Riverdale Avenue
Bronx, NY 10471

(18)
Open counts dismissed on government's motion.

**Highest Offense Level (Terminated)**
Felony

**Complaints**
None

**Disposition**

Assigned to: Judge I. Leo Glasser

**Defendant (15)**

Aleks Paul
*TERMINATED: 09/24/2001*

represented by **Benjamin Brafman**
Brafman & Ross, P.C.
767 Third Avenue
26th Floor
New York, NY 10017
(212) 750-7800
Fax: (212) 750-3906
Email: bbrafman@braflaw.com
*TERMINATED: 09/24/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation:* Retained

**Pending Counts**

18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY.
(11)

**Disposition**

Dft pled guilty to count #5 in CR 99-372, count #11 in CR 00-196, and count #2 in CR 00-445. Special assessment . Dft is to be imprisoned for 63 mos. to run concurrent on all counts. Dft shall surrender to Bureau of Prisons be fore 2:00 pm on 10/30/01. Upon release from prison, dft shall be on supervised release for 3 years.

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**

18:1962(c), 1963 and 3551 et seq. - RACKETEERING.
(1)
Counts dismissed on government's motion.

18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY.
(2)
Counts dismissed on government's motion.

Fax (718) 601-3786
*TERMINATED: 07/26/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation:* Retained

**Pending Counts**
None

**Disposition**

**Highest Offense Level (Opening)**
None

**Terminated Counts**

18:1962(c), 1963 and 3551 et seq. - RACKETEERING.
(1)

**Disposition**

18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY.
(2)

18:371 and 3551 et seq. - USBNY SECURITIES FRAUD CONSPIRACY.
(9)
Dismissed on motion of AUSA

15:78j(b) and 78ff; 18:2 and 3551 et seq. - USBNY SECURITIES FRAUD.
(10)

18:1956(h) and 3551 et seq. - USBNY MONEY LAUNDERING CONSPIRACY.
(11)

18:1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq. - USBNY MONEY LAUNDERING.
(12)

18:1951 and 3551 et seq. - EXTORTION CONSPIRACY.
(19)
Dismissed on motion of AUSA

18:1951,2 and 3551 et seq. - EXTORTION.
(20)

**Highest Offense Level (Terminated)**
Felony

**Complaints**
None

**Disposition**

Assigned to: Judge I. Leo Glasser

**Defendant (17)**

**Lawrence Ray**
*TERMINATED: 04/10/2003*

represented by **David S. Zapp**
7 East 94th Street
Suite 1
New York, NY 10128
(718) 855-3895
Email: DavidZapp@aol.com
*TERMINATED: 11/25/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Edward A. Mc Donald**
(See above for address)
*TERMINATED: 04/10/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Jack Arseneault**
Arseneault, Donohue & Sorrentino
560 Main Street
Chatham, NJ 07928-2119
(201) 635-3366
*TERMINATED: 11/25/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Louis M. Freeman**
Freeman, Nooter & Ginsberg
30 Vesey Street, Suite 100
New York, NY 10007
(212) 608-0808
Fax: 212-962-9696
Email: freemefree@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Michael V. Gilberti**
Bonney, Epstein & Gilberti, LLC
321 Broad Street
Red Bank, NJ 07701
(732) 747-4700
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Thomas G. Roth**
Law Offices of Thomas G. Roth
395 Pleasant Valley Way
West Orange, NJ 07052
(973) 736-9090
Fax: 973-736-8005
Email: tgroth395@aol.com
*TERMINATED: 11/25/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**J. Bruce Maffeo**
Cozen O'Connor
277 Park Avenue
20th Floor
New York, NY 10172
212-883-4951
Fax: 212-937-5202
Email: jbmaffeo@cozen.com
*ATTORNEY TO BE NOTICED*

**Sidney Baumgarten**
Sidney Baumgarten
14 Wall Street
Suite 6b
New York, NY 10005
(646) 863-8977
*ATTORNEY TO BE NOTICED*

**Pending Counts**

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
USBNY SECURITIES FRAUD.
(10)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:371 and 3551 et seq. - USBNY
SECURITIES FRAUD CONSPIRACY.
(9)

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

Defendant sentenced to 5 years probation,
to serve 9 months of home confinement.
Special condition: 300 hours of community
service. Fine: . Special assessment: .
REVOCATION OF PROBATION:
Imprisonment of 6 months; Additional
Supervised Release Terms: After
completion of the term of imprisonment,
Deft shall be continued on Supervised
release for the same period of time as the
unexpired term of probation.
REVOCATION OF PROBATION:
IMPRISONMENT TIME SERVED;
SUPERVISED RELEASE: THE
CURRENT SUPERVISED RELEASE
TERMS ARE TO BE CONTINUED

**Disposition**

Open count dismissed on government's
motion.

**Disposition**

None

---

Assigned to: Judge I. Leo Glasser

**Defendant (18)**

**Abraham Salaman**
*TERMINATED: 05/15/2002*

represented by **A. John Pappalardo**
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
617-310-6000
Fax: 617-279-8472
Email: pappalardoj@gtlaw.com
*TERMINATED: 05/15/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Peter F. Carr , II**
Eckert, Seamans, Cherin & Mellott, LLC
One International Place
18t Floor
Boston, MA 02110
(617) 342-6800
*TERMINATED: 05/15/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:371 and 3551 et seq. - COUNTRY
WORLD SECURITIES FRAUD
CONSPIRACY.
(3)

**Disposition**

Defendant sentenced to 5 years probation,
to serve 12 months of home confinement.
Defendant is to have no further
involvement in the securities industry in
any way. Defendant fined ,000 and
assessed per count. Defendant shall make r
estitution in the amount of .5 million over
period of probation.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1962(d),1963 and 3551 et seq. -
RACKETEERING CONSPIRACY.
(2)

15:78j(b) and 78ff; 18:2 and 3551 et seq. -
COUNTRY WORLD SECURITIES
FRAUD.
(4)

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

Dismissed on government's motion.

**Disposition**

Dismissed on government's motion.

**Disposition**

---

Assigned to: Judge I. Leo Glasser

**Defendant (19)**

**Giuseppe Temperino**
*TERMINATED: 03/14/2002*
*also known as*
Joseph Temperino

represented by **Frank V. Carone , Jr.**
Mure & Carone, P.C.
32 Court Street
Suite 1800
Brooklyn, NY 11201
(718) 852-9100
*TERMINATED: 03/14/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Joseph R. Benfante**
Joseph R. Benfante, Esq.
225 Broadway
New York, NY 10007
(212) 227-4700
Fax: 212-406-6890
Email: josephbenfante@aol.com
*TERMINATED: 03/14/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

Felony

| | |
|---|---|
| **Pending Counts** | **Disposition** |
| 15:78j(b) and 78ff; 18:2 and 3551 et seq. - HOLLY SECURITIES FRAUD. AND DECEPTIVE DEVICES (6) | Defendant sentenced to 3 years probation, to serve 8 months home confinement. Defendant to perform 200 hours of community service. Special assessment: . |

**Highest Offense Level (Opening)**
Felony

| | |
|---|---|
| **Terminated Counts** | **Disposition** |
| 18:1962(d),1963 and 3551 et seq. - RACKETEERING CONSPIRACY. (2) | Open counts dismissed on government's motion. |
| 18:371 and 3551 et seq. - HOLLY SECURITIES FRAUD CONSPIRACY. (5) | Open counts dismissed on government's motion. |
| 18:1956(h) and 3551 et seq. - HOLLY MONEY LAUNDERING CONSPIRACY. (7) | Open counts dismissed on government's motion. |
| 18:1956(a)(1)(A)(i); 1956(a)(1)(B)(i), 2 and 33512 et seq. - HOLLEY MONEY LAUNDERING. (8) | Open counts dismissed on government's motion. |

**Highest Offense Level (Terminated)**
Felony

| | |
|---|---|
| **Complaints** | **Disposition** |
| None | |

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | Eric O. Corngold<br>United States Attorneys Office<br>Criminal Division<br>225 Cadman Plaza East<br>Brooklyn, NY 11201<br>(718) 254-7000<br>*TERMINATED: 01/06/2011*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Jonathan S. Sack**<br>Morvillo, Abramowitz, Grand Iason & Anello P.C. |

New York, NY 10017
212-856-9600
Fax: 212-856-9494
Email: jsack@maglaw.com
*TERMINATED: 01/15/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John F. Harwick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary M. Dickman**
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820
718-254-6022
Fax: 718-254-6081
Email: Mary.Dickman@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Michael Lloyd Yaeger**
United States Attorneys Office
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-7000
Fax: 718-254-7499
Email: michael.yaeger@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Sarah Mary Coyne**
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6299
Fax: 718-254-6325
Email: sarah.coyne@usdoj.gov
*TERMINATED: 02/15/2012*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/01/2000 | 1 | CALENDAR ENTRY as to Frank Coppa Sr., Ernest Montevecchi, Daniel Persico, Jack Basile, Rocco Basile, Larry Berman, John Cioffoletti, John Doukas, Walter Durchalter, Edward Garafola, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray, Abraham Salaman and Giuseppe Temperino. Case called before Magistrate Joan M. Azrack on 3/1/00 |

| Date Filed | # | Docket Text |
|---|---|---|
| | | for Grand Jury Presentment ordered handed up and filed. (Johnson, Tanya) (Entered: 03/06/2000) |
| 03/01/2000 | 2 | INDICTMENT as to Frank Coppa (1) count(s) 1, 2, 3, 4, 13, 14, 15, 16, 17, Ernest Montevecchi (2) count(s) 2) 13, 14, Daniel Persico (3) count(s) 2) 13, 14, Jack Basile (4) count(s) 2, 5, 6, 7, 8, Rocco Basile (5) count(s) 2, 5, 6, 7, 8, Larry Berman (6) count(s) 1, 2, 3, 4, 5, 6, 7, 8, John Cioffoletti (7) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 18, John Doukas (8) count(s) 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, Walter Durchalter (9) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, Edward Garafola (10) count(s) 19, 20, Daniel Lev (11) count(s) 1, 2, 9, 10, 11, 12, Eugene Lombardo (12) count(s) 1, 2, 3, 4, 9, 10, 11, 12, Edmond Nagel (13) count(s) 1, 2, 9, 10, 11, 12, Alfred Palagonia (14) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, Aleks Paul (15) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, Joseph Polito (16) count(s) 1, 2, 9, 10, 11, 12, 19, 20, Lawrence Ray (17) count(s) 9, 10, Abraham Salaman (18) count(s) 2, 3, 4 and Giuseppe Temperino (19) count(s) 2, 5, 6, 7, 8. (Johnson, Tanya) (Entered: 03/06/2000) |
| 03/01/2000 | | Magistrate Chrein has been selected by random selection to handle any matters that may be referred in this case. (Johnson, Tanya) (Entered: 03/06/2000) |
| 03/02/2000 | 63 | Magistrate Arraignment as to Frank Coppa Sr., Daniel Persico, Jack Basile, John Cioffoletti, John Doukas, Edward Garafola, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray held Before Magistrate Judge AZrack, case called, All counsel present, all defendants released on bond. (Defendant informed of rights.) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 65 | PRB BOND entered by Jack Basile in Amount $ 750,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 66 | PRB BOND entered by John Cioffoletti in Amount $ 1,500,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 67 | PRB BOND entered by John Doukas in Amount $ 1,500,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 68 | PRB BOND entered by Edward Garafola in Amount $ 750,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 69 | PRB BOND entered by Edmond Nagel in Amount $ 750,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 70 | PRB BOND entered by Alfred Palagonia in Amount $ 2,000,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 71 | PRB BOND entered by Aleks Paul in Amount $ 1,500,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 72 | PRB BOND entered by Rocco Basile in Amount $ 750,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 73 | PRB BOND entered by Lawrence Ray, Giuseppe Temperino in Amount $ 750,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/2/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/02/2000 | 74 | CALENDAR ENTRY as to Giuseppe Temperino ; Case called before Magistrate Joan M. Azrack on date of 3/2/00 for ARRAIGNMENT Tape # 00/17 (0-118), Not Guilty: Giuseppe Temperino (19) count(s) 2, 5, 6, 7, 8 (Henry, Teresa) (Entered: 05/25/2000) |
| 03/03/2000 | 21 | ORDER FOR ACCEPTANCE OF CASH BAIL as to defendant Aleks Paul in the amount of $150,000.00. (Signed by Magistrate Joan M. Azrack on 3/3/00) c/m (Johnson, Tanya) (Entered: 03/20/2000) |
| 03/03/2000 | 75 | CALENDAR ENTRY as to Joseph Polito Sr.; Case called before Magistrate Joan M. Azrack on date of 3/3/00 for ARRAIGNMENT Tape # 00/17 (4376-4653), Not Guilty: , Joseph Polito (16) count(s) 1, 2, 9, 10, 11, 12, 19, 20 (Henry, Teresa) (Entered: 05/25/2000) |
| 03/03/2000 | 76 | PRB BOND entered by Joseph Polito Sr. in Amount $ 1,500,000.00 ( Signed by Magistrate Joan M. Azrack , dated 3/3/00) (Henry, Teresa) (Entered: 05/25/2000) |
| 03/03/2000 | 77 | CALENDAR ENTRY as to Abraham Salaman ; Case called before Magistrate Joan M. Azrack on date of 3/3/00 for ARRAIGNMENT Tape # 00/18 (3617-3819), Not Guilty: Abraham Salaman (18) count(s) 2, 3, 4 (Henry, Teresa) (Entered: 05/25/2000) |
| 03/10/2000 | | ORDER SETTING CONDITIONS OF RELEASE AND BOND as to Frank Coppa Sr., Daniel Persico, Jack Basile, Rocco Basile, John Cioffoletti, John Doukas, Walter Durchalter. Edward Garafola, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray, Abraham Salaman, Giuseppe Temperino (Signed by Magistrate Joan M. Azrack on 3/2/00) c/m (Johnson, Tanya) (Entered: 03/10/2000) |
| 03/10/2000 | 5 | LETTER dated 3/6/00 from Steven G. Sanders, Esq., to AUSA Jonathan Sack enclosing copies of two executed mortgages on behalf of defendant Lawrence Ray's Personal Recognizance Bond. (Johnson, Tanya) (Entered: 03/15/2000) |
| 03/14/2000 | | NOTICE of Appearance for Rocco Basile in 1:00-cr-00196 by Attorney Albert J. Brackley (Johnson, Tanya) (Entered: 03/15/2000) |
| 03/14/2000 | 6 | CALENDAR ENTRY as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 for Pleading. Court Reporter: Fred Guerino. Ernest Montevecchi and Eugene Lombardo are not present (in custody). Daniel Lev is a fugitive. Lawrence Ray not present (has not obtained counsel). All other defendant have been arraigned. Defendant pleads Not Guilty: Larry Berman (6) count(s) 1, 2, 3, 4, 5, 6, 7, 8 , AUSA: Johnathan Sack requests six weeks to provide discovery. Case adjourned until 4/25/00 at 10:00 for another conference. Order of excludable signed under Code "T", excluding time until 4/25/00. The defendants need not be present for the conference. A John Pappalardo will move to be admitted pro hac vice on behalf of defendant Salaman. (Johnson, Tanya) (Entered: 03/16/2000) |

| Date | # | Description |
|---|---|---|
| 03/14/2000 | | ...Magistrate Robert M. Levy on 3/14/00 for Status Conference. Counsel for both sides present. Tape # 00/34 (5603-6232). Suretor(s) sworn and advised of obligations on bond; signature approved. Bond issued. Defendant released. (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/16/2000 | 7 | ORDER of Excludable Delay by Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Ciofoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 ( Signed by Senior Judge I. L. Glasser , Dated 3/14/00) (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 8 | LETTER dated 3/13/00 from Charles L. Weintraub, Esq., to Judge Glasser requesting to modify the conditions of release for defendant Joseph Polito. (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 11 | NOTICE of Appearance for Jack Basile in 1:00-cr-00196 by Attorney John H. Jacobs (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 12 | NOTICE of Appearance for Larry Berman in 1:00-cr-00196 by Attorney Stephen Robert LaCheen (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 13 | NOTICE of Appearance for Rocco Basile in 1:00-cr-00196 by Attorney Albert Brackley. (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 14 | NOTICE of Appearance for John Ciofoletti in 1:00-cr-00196 by Attorney James M. LaRossa (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 15 | NOTICE of Appearance for Walter Durchalter in 1:00-cr-00196 by Attorney Michael F. Bachner (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 16 | NOTICE of Appearance for Edward Garafola in 1:00-cr-00196 by Attorney Michael Rosen (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 17 | NOTICE of Appearance for Giuseppe Temperino in 1:00-cr-00196 by Attorney Frank V. Carone Jr. (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 18 | LETTER dated 3/9/00 from Stephen Lacheen, Esq., to Judge Glasser re: defendant Larry Berman's motion to enlarge his travel privileges to include the District of New Jersey. (Johnson, Tanya) (Entered: 03/16/2000) |
| 03/16/2000 | 19 | NOTICE of Appearance for Edmond Nagel in 1:00-cr-00196 by Attorney Michael J. Rovell (Glenn, Marilyn) (Entered: 03/16/2000) |
| 03/16/2000 | 27 | CALENDAR ENTRY as to Daniel Lev Case called before Magistrate Robert M. Levy on 3/16/00 for Arraignment. Tape:: 00/37 (2748-3206). Defense Counsel: Jeff Lichtman. AuSA: Jonathan Sack. Defendant pleads Not Guilty: Daniel Lev (11) count(s) 1, 2, 9, 10, 11, 12 . Set the next status conference for 4/25/00 at 10:00 before Senior Judge I. L. Glasser . Suretors approved, bond issued and |
| | | ...Magistrate... later found in compliance with conditions of release. (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/16/2000 | | District Court Arraignment held as to held Daniel Lev (11) count(s) 1, 2, 9, 10, 11, 12. (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/17/2000 | 31 | CALENDAR ENTRY as to Joseph Polito Sr. Case called before Magistrate Robert M. Levy on 3/17/00 for Modification of Bond. Counsel for both sides present. Tape #00/40 (4469-4747). Suretor(s) sworn and advised of obligations on bond; signature approved. (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/20/2000 | 20 | ORDER OF TEMPORARY DETENTION PENDING HEARING as to Walter Durchalter. (Signed by Magistrate Joan M. Azrack on 3/2/00) (Johnson, Tanya) (Entered: 03/20/2000) |
| 03/21/2000 | 26 | CALENDAR ENTRY as to Aleks Paul in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 3/21/2000 for Status Conf. Court Reporter/ESR Tony Mancuso, For deft. Benjamine Brafman AUSA Jonathan Mothner Jonathan Sack Deft. pres. with counsel. Court finds factual basis for plea. Deft. has been indicted on CR 99-261 -1 SDNY. The case will be transferred to EDNY and a plea scheduled. Deft. consented not to bail. AUSA will move to dismiss open counts at sentencing. Guilty: Aleks Paul (15) count(s) 11 , set Sentencing for 10:00 6/26/00 for Aleks Paul before Senior Judge I. L. Glasser , terminated past due deadlines (Jackson, Ramona) (Entered: 03/27/2000) |
| 03/22/2000 | 22 | LETTER dated 3/13/00 from AUSA Jonathan S. Sack and AUSA Eric O. Corngold, to Judge Glasser requesting that this case be related to several John Doe cases. (Johnson, Tanya) (Entered: 03/22/2000) |
| 03/22/2000 | | ENDORSED ORDER on document #8, that the conditions of defendant Joseph Polito Sr's bail be modified as follows: bond amount will remain $1,500,000.00 and secured by 3 properties with defendant to report to the U.S. Pretrial Services once a week by phone. (Signed by Senior Judge I. L. Glasser on 3/17/00) c/m (Johnson, Tanya) (Entered: 03/22/2000) |
| 03/22/2000 | 23 | ORDER as to Larry Berman in 1:00-cr-00196 Deft's travel privileges are enlarged to include the District of New Jersey, in addition to Pennsylvania and New York, unless otherwise approved by Pretrial Services Office. Filed with motion attached. ( Signed by Senior Judge I. L. Glasser , on 3/9/2000) (Jackson, Ramona) Modified on 03/22/2000 (Entered: 03/22/2000) |
| 03/22/2000 | 24 | ORDER Request GRANTED. On ltr. dtd. 3/13/2000Gov't submits the Coppa case be related to the John Doe cases pursuant to Rule 50.3(c) ( Signed by Senior Judge I. L. Glasser , on 3/14/2000) (Jackson, Ramona) (Entered: 03/22/2000) |
| 03/24/2000 | 25 | Rule 40 Documents as to Larry Berman in 1:00-cr-00196 received from U.S. District Court/Eastern District of Pennsylvania. (Johnson, Tanya) (Entered: 03/24/2000) |
| 03/28/2000 | 28 | ORDER SETTING CONDITIONS OF RELEASE AND BOND as to defendant Daniel Lev for the amount of $1,500,000.00 . (Signed by Magistrate Robert M. Levy on 3/16/00) c/m (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/28/2000 | 30 | ORDER MODIFYING THE BOND entered on 3/2/00 as to defendant John Ciofoletti . (Signed by Magistrate Robert M. Levy on 3/14/00) (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/28/2000 | 32 | ORDER MODIFYING BOND previously set on 3/2/00 as to Joseph Polito . (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/28/2000 | 33 | ORDER SETTING CONDITIONS OF RELEASE AND BOND for defendant Larry Berman in the amount of $500,000.00 . (Signed by Magistrate Robert M. Levy on 3/14/00) c/m (Johnson, Tanya) (Entered: 03/28/2000) |
| 03/31/2000 | 34 | LETTER dated 3/6/2000 from Charles to AUSA Sack copies of executed mortgages given by Mr Ray in favor of bond. (Jackson, Ramona) (Entered: 03/31/2000) |
| 04/03/2000 | 38 | ORDER as to Daniel Lev Request a slight modification of his bail conditions which would permit him to use his passport in order to get a driver's license and open bank account. On ltr. dtd. 3/27/2000 from Jeffrey Lichtman. ( Signed by Senior Judge I. L. Glasser , on 3/28/2000) (Jackson, Ramona) (Entered: 04/03/2000) |
| 04/04/2000 | 40 | CALENDAR ENTRY as to Jack Basile Case called before Magistrate Roanne L. Mann on 4/4/00 for Pleading. Defense Counsel: John Jacobs. AUSA: Jonathan Sack and Patricia Notopoulus. Tape # 00/52 (0-2646). Defendant pleads Guilty: Jack Basile (4) count(s) 5 . Sentencing set for 7/14/00 at 12:00 before Judge Gershon. (Johnson, Tanya) (Entered: 04/10/2000) |
| 04/05/2000 | 39 | ORDER that the pleading of defendant Jack Basile is referred to Magistrate Mann. Sentencing will be held on 7/18/00 at 10:00. (Signed by Senior Judge I. L. Glasser on 4/3/00) c/m (Johnson, Tanya) (Entered: 04/05/2000) |
| 04/07/2000 | 42 | CALENDAR ENTRY as to Eugene Lombardo, Case called before Senior Judge I. L. Glasser on 4/7/00 for Arraignment. Defense Counsel: Richard Brewster. AUSA: Jonathan Sack. Court Reporter: M. Diamond. Defendant pleads Not Guilty: Eugene Lombardo (12) count(s) 1, 2, 3, 4, 9, 10, 11, 12 . Set a status conference for 4/25/00 before Senior Judge I. L. Glasser . Time excluded until 4/25/00. (Johnson, Tanya) (Entered: 04/12/2000) |
| 04/07/2000 | | District Court Arraignment as to Eugene Lombardo in 1:00-cr-00196 held Eugene Lombardo (12) count(s) 1, 2, 3, 4, 9, 10, 11, 12 (Johnson, Tanya) (Entered: 04/12/2000) |
| 04/07/2000 | 43 | CALENDAR ENTRY as to Ernest Montevecchi. Case called before Senior Judge I. L. Glasser on 4/7/00 for Arraignment. Defense Counsel: Joy L. Vastola. AUSA: Jonathan Sack. Court Reporter: M. Diamond Defendant Pleads Not Guilty: Ernest Montevecchi (2) count(s) 2, 13, 14 . Set a status conference for 4/25/00 before Senior Judge I. L. Glasser . Defendant excused for the next court appearance. Time excluded until 4/25/00. (Johnson, Tanya) (Entered: 04/12/2000) |
| 04/07/2000 | | District Court Arraignment as to Ernest Montevecchi in 1:00-cr-00196 held Ernest Montevecchi (2) count(s) 2, 13, 14 (Johnson, Tanya) (Entered: 04/12/2000) |
| 04/11/2000 | 41 | LETTER dated 3/27/00 from Jeffery Lichtman, Esq., to Jonathan Sack, Esq regarding the discovery in this action. (Johnson, Tanya) (Entered: 04/11/2000) |
| 04/12/2000 | 44 | NOTICE of Appearance for Ernest Montevecchi in 1:00-cr-00196 by Attorney Joy Lucielle Vastola (Johnson, Tanya) (Entered: 04/12/2000) |
| 04/14/2000 | 45 | LETTER dated 4/10/00 from Angela A. Turiano, Esq., to Judge Glasser informing the Court that defendant Walter Durcchalter will be traveling to marathon Florida on 4/19/00 and will remain there until 4/30/00. (Johnson, Tanya) (Entered: 04/14/2000) |
| 04/18/2000 | 46 | LETTER dated 4/11/00 from Steve G. Sanders, Esq., to AUSA Jonathan Sack enclosing two original, executed Mortgages by defendant Lawrance Ray. (Johnson, Tanya) (Entered: 04/18/2000) |
| 04/19/2000 | 47 | LETTER dated 4/5/00 from Richard W Brewster, Esq., to Judge Glasser regarding defendant Eugene Lombardo's request for representation. (Johnson, Tanya) (Entered: 04/19/2000) |
| 04/25/2000 | | Letter dated 4/14/00 from Melinda Sarafa to Judge Glasser to inform the Court that Mr. Aleks Paul will be traveling with his family to Bal Harbour, Florida, outside Miami on 4/18/00 and returning to New York on 4/26/00. *This is document #54 in 99cr372. (Guzzi, Roseann) (Entered: 04/25/2000) |
| 04/25/2000 | 48 | NOTICE of Appearance for Larry Berman in 1:00-cr-00196 by Attorney Robert T. Wolf. (Reddy, Lisa) (Entered: 04/26/2000) |
| 04/25/2000 | 54 | CALENDAR ENTRY as to Frank Coppa Sr., Ernest Montevecchi Rocco Basile, Larry Berman, John Ciofoletti, John Doukas Walter Durchalter, Edward Garafola, Daniel Lev, Eugene Lombardo, Edmond Nagel, Alfred Palagonia, Joseph Polito Sr, Lawrence Ray, Abraham Salaman, Giuseppe Temperino; Case called before Senior Judge I. L. Glasser on 4/25/00 for Pleading. Counsel for all sides present. Court Reporter: H. Shapiro. Case adjourned until 6/20/00 at 10:00 for status conference. Case has been deemed as a complex case at time is excluded as indicated on the record. (Johnson, Tanya) (Entered: 05/15/2000) |
| 04/28/2000 | 49 | MOTION by Edmond Nagel in 1:00-cr-00196 for Michael J Kovell to appear pro hac vice , for Jewel N. Klein to appear pro hac vice [49-1] motion, [49-2] motion (Jackson, Ramona) (Entered: 04/28/2000) |
| 04/28/2000 | 50 | ORDER as to Edmond Nagel in 1:00-cr-00196 granting [49-1] motion for Michael J Kovell to appear pro hac vice as to Edmond Nagel (13)granting [49-2] motion for Jewel N. Klein to appear pro hac vice as to Edmond Nagel (13) ( Signed by Senior Judge I. L. Glasser , on 4/24/2000) (Jackson, Ramona) (Entered: 04/28/2000) |
| 05/03/2000 | 51 | ORDER, that defendant Alfred Palagonia, Chase Manhattan Bank and/or Chase Investment Services Corp and Security Capital Trading Inc shall not (i) entry any transfer, withdrawal or disposal of any of the assets out of account numbers 522835200027761 and 69010933; or (ii) create or permit to exist any lien, security interest, hypothecation, pledge or other charge or encumbrance upon or with respect to any of the assets in the Account(up to the pledged amounts), until further order of the US District Court. Counsel for defendant Alfred Palagonia shall serve a copy of this order upon Chase Manhattan Bank and thereafter file proof of such service with the Court and the U.S. Attorney. (Signed by Senior Judge I. L. Glasser on 5/1/00) (Johnson, Tanya) (Entered: 05/03/2000) |

| Date | # | Docket Text |
|---|---|---|
| 05/11/2000 | | NOTICE of Appearance for Giuseppe Temperino ... by Attorney Joseph R. Benfante (Johnson, Tanya) (Entered: 05/11/2000) |
| 05/12/2000 | 55 | NOTICE of Appearance for Lawrence Ray in 1:00-cr-00196 by Attorney Thomas G. Roth (Johnson, Tanya) (Entered: 05/16/2000) |
| 05/15/2000 | 57 | TRANSCRIPT filed as to defendant Jack Basile in 1:00-cr-00196 for pleading held before Magistrate Mann on 4/4/00. AUSA: Jonathan Sack and Patricia Notopoulus. Defense Counsel: John Jacobs. Transcriber: Courthouse Transcription Service, Inc. (Johnson, Tanya) (Entered: 05/16/2000) |
| 05/16/2000 | 56 | LETTER dated 5/10/00 from Richard W. Brewster, Esq., to Judge Glasser requesting that the Court approve a CJA expense voucher. (Johnson, Tanya) (Entered: 05/16/2000) |
| 05/16/2000 | 58 | LETTER dated 5/15/00 from Joseph V. Diblasi, Esq., to Judge Glasser requesting permission to be substituted as counsel for defendant Alfred Palagonia. (Johnson, Tanya) (Entered: 05/16/2000) |
| 05/16/2000 | | ENDORSED ORDER on document #58, substituting attorney Joseph V DiBlasi for defendant Alfred Palagonia and terminating attorney Mark S. Cohen . (Signed by Senior Judge I. L. Glasser on 5/15/00) (Johnson, Tanya) (Entered: 05/16/2000) |
| 05/24/2000 | 60 | LETTER dated 5/19/00 from Joseph R. Benfante, Esq., to Judge Glasser requesting that the Court extend defendant Joseph Temperino's travel to include the State of New Jersey. (Johnson, Tanya) (Entered: 05/24/2000) |
| 05/24/2000 | | ENDORSED ORDER on document #60, granting permission for defendant Giuseppe Temperino to travel to the State of New Jersey. (Signed by Senior Judge I. L. Glasser on 5/22/00) (Johnson, Tanya) (Entered: 05/24/2000) |
| 05/25/2000 | 61 | LETTER dated 5/24/00 from Joseph v. DiBlasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel to Indianapolis on 5/25/00. (Johnson, Tanya) (Entered: 05/25/2000) |
| 05/25/2000 | | ENDORSED ORDER on document #61, granting the request for defendant Alfred Palagonia to travel to Indianapolis, Indiana on 5/25/00 . (Signed by Senior Judge I. L. Glasser on 5/24/00) c/m (Johnson, Tanya) (Entered: 05/25/2000) |
| 05/25/2000 | 62 | LETTER dated 5/22/00 from Jeffrey Lichtman, Esq., to Judge Glasser requesting to modify the bail conditions of defendant Daniel Lev which would permit him to travel to Russia and Ukraine for business purposes in June. (Johnson, Tanya) (Entered: 05/25/2000) |
| 05/25/2000 | | CALENDAR ENTRY as to Frank Coppa Sr. in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196; Lawrence Ray in 1:00-cr-00196; Case called before Magistrate Joan M. Azrack on date of 3/2/00 for ARRAIGNMENT, Not Guilty: Frank Coppa (1) count(s) 1, 2, 3, 4, 13, 14, 15, 16, 17, Daniel Persico (3) count(s) 2, 13, 14, Jack Basile (4) count(s) 2, 5, 6, 7, 8, John Cioffoletti (7) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 18, John Doukas (8) count(s) 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, Edward Garafola (10) count(s) 19, 20, Edmond Nagel (13) count(s) 1, 2, 9, 10, 11, 12, Alfred Palagonia (14) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, Joseph Polito (16) count(s) 1, 2, 9, 10, 11, 12, 19, 20, Lawrence Ray (17) count(s) 9, 10 (Henry, Teresa) (Entered: 05/25/2000) |
| 05/26/2000 | 78 | LETTER dated 5/24/00 from Joseph Benfante, Esq., to Judge Glasser, requesting that defendant Joseph Temperino be permitted to travel to New Jersey for family related purposes. (Asreen, Wendy) (Entered: 05/30/2000) |
| 05/26/2000 | | ENDORSED ORDER on page 2 of doc. no. 78 as to Giuseppe Temperino Modifying Conditions of Release permitting the defendant to travel to New Jersey for family related purposes . Signed by Senior Judge I. L. Glasser on 5/25/00. (Asreen, Wendy) (Entered: 05/30/2000) |
| 06/05/2000 | 79 | ORDER as to Alfred Palagonia in 1:00-cr-00196 modifying bail modifications. ( Signed by Senior Judge I. L. Glasser , on 5/30/00 from Joseph DiBlasi to Judge Glasser). (Dobkin, David) (Entered: 06/05/2000) |
| 06/05/2000 | 81 | CONSENT ORDER as to Joseph Polito Sr. regarding property known as 3304 Mallard Close, Pompano Beach, Fl 33064. ( Signed by Senior Judge I. L. Glasser , on 6/6/00). c/m (Greene, Donna) (Entered: 06/12/2000) |
| 06/15/2000 | | LETTER dated 6/13/00 from Benjamin Braftman to Judge Glasser, requesting permission for dft Aleks Paul to travel to Rome for the limited purpose of visiting his brother before he passes away. (DOCUMENT FILED ONLY IN 99 CR 372, DOCUMENT #57) (Piper, Francine) (Entered: 06/15/2000) |
| 06/16/2000 | 82 | LETTER dated 6/13/2000 from Joy L.Vastola to Judge Glasser request to withdraw as counsel due to medical reasons. (Jackson, Ramona) (Entered: 06/16/2000) |
| 06/16/2000 | 83 | ORDER as to Larry Berman Granted. Permission to travel to Miami the week end of July 28,2000 to attend 50th wedding anniversary. On ltr. dtd. 6/7/2000 from Chad D Seigel. ( Signed by Senior Judge I. L. Glasser , on 6/12/2000) (Jackson, Ramona) (Entered: 06/16/2000) |
| 06/19/2000 | 84 | LETTER dated 5/22/00 from Jeffrey Lichtman, Esq., to Judge Glasser requesting to modify the bail of defendant Daniel Lev to permit him to travel to Russia and the Ukraine for business purposes. (Johnson, Tanya) (Entered: 06/19/2000) |
| 06/19/2000 | | ENDORSED ORDER on document #84, granting the request to modify the bail conditions of defendant Daniel Lev which will allow him to travel to Russia and Ukraine on the condition that defendant Lev provide detailed information as to: the date of departure and flight #, date of arrival, address where he will be staying and telephone #, name of the person he will be staying with, and time of return and flight #. (Signed by Senior Judge I. L. Glasser on 6/7/00) c/m (Johnson, Tanya) (Entered: 06/19/2000) |
| 06/19/2000 | 85 | LETTER dated 6/9/00 from Jeffrey Lichtman, Esq., to Judge Glasser requesting permission for defendant Daniel Lev to receive his passport from pretrial services. (Johnson, Tanya) (Entered: 06/19/2000) |
| 06/19/2000 | | ENDORSED ORDER on document #85, granting permission for defendant Daniel Lev to obtain his passport from Pretrial Services. (Signed by Senior Judge I. L. Glasser on 6/12/00) (Johnson, Tanya) (Entered: 06/19/2000) |
| 06/20/2000 | 86 | LETTER dated 6/15/00 from Joseph Benfante, Esq., to Judge Glasser requesting permission for defendant Joseph Temperino to travel to Boca Raton, Florida with his immediate family. (Johnson, Tanya) (Entered: 06/20/2000) |
| 06/20/2000 | | ENDORSED ORDER on document #86 granting permission for defendant Giuseppe Temperino to travel to Boca Raton, Florida . (Signed by Senior Judge I. L. Glasser on 6/15/00) (Johnson, Tanya) (Entered: 06/20/2000) |
| 06/20/2000 | 88 | CALENDAR ENTRY as to Frank Coppa Sr., Ernest Montevecchi, Daniel Persico, Rocco Basile, Larry Berman, John Cioffoletti, John Doukas, Walter Durchalter, Edward Garafola, Eugene Lombardo, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray, Abraham Salaman and Giuseppe Temperino. Case called before Senior Judge I. L. Glasser on 6/20/00 for a conference. Counsel for both sides present. Court Reporter: Paul Lombardi and Fred Guerino. Robert Wolf is relieved. AUSA Jonathan Sack informs the Court that the bulk of discovery has been provided. There are 100 boxes of documents. Title III material will be provided within one week. Amy Millard will be new counsel for defendant Berman. Mr. Sack suggests one more conference. The Court wants to set a motion schedule on 6/20/00. Thomas Roth will be new counsel for defendant Ray. Motions to be filed by 10/16/00. Government to respond by 11/6/00. Argument on 11/17/00 at 10:00. Order of excludable delay signed under Code"T" excluding time until 11/17/00. (Johnson, Tanya) (Entered: 06/23/2000) |
| 06/21/2000 | 87 | LETTER dated 6/16/00 from Josep R. Benfante, Esq., to Judge Glasser enclosing defendant Joseph Temperino's travel itinerary. (Johnson, Tanya) (Entered: 06/21/2000) |
| 06/23/2000 | 89 | ORDER of Excludable Delay as to all defendants in this action waiving time from 6/20/00 to 11/17/00. (Signed by Senior Judge I. L. Glasser on 6/20/00) (Johnson, Tanya) (Entered: 06/23/2000) |
| 06/23/2000 | 90 | NOTICE of Appearance for Larry Berman in 1:00-cr-00196 by Attorney Amy E. Millard (Johnson, Tanya) (Entered: 06/23/2000) |
| 07/07/2000 | 92 | ORDER as to Daniel Lev in 1:00-cr-00196 bail conditions modified solely to permit travel pursuant to the following itinerary (see document). ( Signed by Senior Judge I. L. Glasser , on 6/22/2000) (Jackson, Ramona) (Entered: 07/07/2000) |
| 07/07/2000 | 93 | LETTER dated 6/21/00 from Jeffrey Lichtman, Esq., to Judge Glasser, Esq. regarding the travel itinerary of defendant Daniel Lev. (Johnson, Tanya) (Entered: 07/07/2000) |
| 07/12/2000 | | LETTER dated 7/6/00 from John Jacobs to Judge Gershon and Judge Glasser, requesting that the 99 cr 589 and 00 cr 196 be consolidated for sentencing purposes. (DOCUMENT FILED ONLY IN 99 CR 589, DOCUMENT 309) (Piper, Francine) (Entered: 07/12/2000) |
| 07/14/2000 | | LETTER dated 7/6/00 from Benjamin Brafman to Judge Glasser on behalf of Aleks Paul requesting that defendant be permitted to travel to Israel for the purpose of the passing of his brother. Also applies to cases 99cr372 and 00cr445. (Guzzi, Roseann) (Entered: 07/14/2000) |
| 07/14/2000 | | LETTER date 7/6/00 from Melinda Sarafa to Jonathan Sack, Esq advising of defendant Aleks Pauls' travel plans. *This is document #61 in 99cr372. (Guzzi, Roseann) (Entered: 07/14/2000) |
| 07/18/2000 | 94 | LETTER dated 7/13/00 from Michael Rosen, Esq., to Judge Glasser requesting to extend the bail restrictions for defendant Edward Garafola to permit him to travel to Niagra Falls and Ontario from 7/17/00 to 7/19/00. (Johnson, Tanya) (Entered: 07/18/2000) |
| 07/18/2000 | | ENDORSED ORDER on document #94, granting the request to extend the bail restrictions for defendant Edward Garafola. (Signed by Senior Judge I. L. Glasser on 7/13/00) (Johnson, Tanya) (Entered: 07/18/2000) |
| 07/19/2000 | 95 | LETTER dated 7/17/00 from Joseph V. DiBlasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel to New Jersey on 7/18/00 and Pennsylvania over the weekend of 7/21/00. (Johnson, Tanya) (Entered: 07/19/2000) |
| 07/19/2000 | 95 | ENDORSED ORDER on doc #95, granting permission for defendant Alfred Palagonia to travel to NJ on 7/18/00 and to Pennsylvania over the weekend of 7/21/00. (Signed by Senior Judge I. L. Glasser on 7/17/00) (Johnson, Tanya) (Entered: 07/19/2000) |
| 07/25/2000 | 96 | LETTER dated 6/29/00 from Joseph DiBlasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel to Las Vegas on vacation from 7/5/00 to 7/11/00. (Johnson, Tanya) (Entered: 07/25/2000) |
| 07/25/2000 | 97 | ORDER as to Jack Basile, the dft will be sentenced on both cases 99 cr 589 and 00 cr 196 before the undersigned. ( Signed by Judge Nina Gershon , on 7/20/00) (Piper, Francine) (Entered: 07/25/2000) |
| 07/25/2000 | 98 | ORDER as to Jack Basile, Sentencing Schedule, Defense papers, including any departure motions due 10/6/00; Govt response 10/13/00; Defense reply papers 10/20/00; Sentencing 10/27/00 at 11:00 . ( Signed by Judge Nina Gershon , on 7/21/00) (Piper, Francine) (Entered: 07/25/2000) |
| 07/31/2000 | 99 | LETTER dated 7/21/00 from Charles L. Weintraub, Esq., to Judge Glasser requesting permission to extend the jurisdictional limits of defendant Joseph Polito's bail for travel between the dates of 8/1/00 and 8/20/00. (Johnson, Tanya) (Entered: 08/01/2000) |
| 08/01/2000 | | ENDORSED ORDER on document #99, granting permission to extend the jurisdictional limits of defendant Joseph Polito's bail for travel between 8/1/00 and 8/20/00. (Signed by Senior Judge I. L. Glasser on 7/24/00) (Johnson, Tanya) (Entered: 08/01/2000) |
| 08/18/2000 | 100 | LETTER dated 8/10/00 from Joseph Benfante, counsel for defedant Temperino, to Judge Glasser enclosing defendant's travel itinerary regarding his trip to Las Vegas, and providing the Court with the name, address, and phone number of the hotel where defendant will be staying. (Rodriguez,Angela) (Entered: 08/18/2000) |
| 08/21/2000 | 101 | ORDER as to Giuseppe Temperino in 1:00-cr-00196 permitting defft to travel to Las Vegas, Nevada Labor Day weekend . See letter dtd 7/27/00 to ILG from Joseph R. Benfante. ( Signed by Senior Judge I. L. Glasser , on 7/27/00) (Glenn, Marilyn) (Entered: 08/21/2000) |

| | | |
|---|---|---|
| 08/23/2000 | | LETTER Request from Jeffrey Lichtman, Esq. to Judge Glasser to confirm that Mr. Paul to confirm that Mr. Paul's sentencing hearing set for 9/11/00 has been adjourned to 11/2/00 at 10:00. Applies also to 00cr196 and 00cr445. *This is document #66 in 99cr372. (Guzzi, Roseann) (Entered: 08/24/2000) |
| 08/29/2000 | 102 | LETTER dated 5/22/00 from Jeffrey Lichtman, Esq. to Judge Glasser requesting that defendant Daniel Lev's bail conditions be modified, allowing him to travel to Russia and the Ukraine for business purposes. (Lee, Tiffeny) (Entered: 08/29/2000) |
| 08/29/2000 | 103 | LETTER dated 8/23/00 from Jeffrey Lichtman, Esq. to Judge Glasser requesting that defendant Daniel Lev's bail conditions be modified, allowing him to travel to Russia and the Ukraine for business purposes for the period of 9/3/00 through 9/24/00. (Lee, Tiffeny) (Entered: 08/29/2000) |
| 08/29/2000 | 104 | ORDER as to Daniel Lev in 1:00-cr-00196 granting [102-1] and [103-1] letter requests to defendant be modified soley to permit travel pursuant to itinerary . Signed by Senior Judge I. L. Glasser , on 8/25/00. [see Order for itinerary] (Lee, Tiffeny) (Entered: 08/29/2000) |
| 08/29/2000 | | ENDORSED ORDER dated 8/25/00 on document #66 in 99cr372 granting hearing date of 11/2/00 at 10:00 as to Aleks Paul. ( Signed by Senior Judge I. L. Glasser , at 8/25/00) *This also applies to 00cr196 and 00cr445. (Guzzi, Roseann) (Entered: 08/29/2000) |
| 09/26/2000 | 105 | LETTER dated 9/14/00 from Jean Marie Graziano to Judge Glasser, requesting that the bail restrictins currently in place with respect to Edward Garafola be extended to permit travel to Saylorsburg, Pennsylvania on 9/17/00. (Greene, Donna) (Entered: 09/26/2000) |
| 09/26/2000 | | ENDORSED ORDER on doc. #105 as to Edward Garafola in 00-cr-00196. Application to travel to Saylorsburg, Pennsylvania on 9/17/00 Granted. ( Signed by Senior Judge I. L. Glasser , on 9/14/00). (Greene, Donna) (Entered: 09/26/2000) |
| 09/26/2000 | 106 | STIPULATION AND ORDER as to Alfred Palagonia in 1:00-cr-00196. It is stipulated that the net proceeds of the sale of the East Gate Property in the amount of $404,836.20 shall be deposition into an interest-bearing account within the custody of the Clerk of the Court for the EDNY to abide further order of the court. ( Signed by Senior Judge I. L. Glasser , on 9/11/00). (Greene, Donna) (Entered: 09/26/2000) |
| 09/29/2000 | 107 | LETTER dated 9/8/00 from Joseph V. DiBlasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel to and from Connecticut to obtain outpatient treatment at Silver Hill Hospital. (Johnson, Tanya) (Entered: 10/04/2000) |
| 09/29/2000 | 107 | ENDORSED ORDER on document #107, granting the request for defendant Alfred Palagonia to travel to and from Connecticut to obtain outpatient treatment at Silver Hill Hospital. (Signed by Senior Judge I. L. Glasser on 9/8/00) (Johnson, Tanya) Modified on 10/04/2000 (Entered: 10/04/2000) |
| 10/05/2000 | 110 | STIPULATION and ORDER as to John Doukas in 1:00-cr-00196, substituting attorney. Martin Russo terminated. Added Edward A. McDonald . ( Signed by Senior Judge I. L. Glasser on 10/6/00) (Rodriguez,Angela) (Entered: 10/16/2000) |

| | | |
|---|---|---|
| 10/06/2000 | | LETTER Request from Albert Brackley, Esq. to Judge Glasser requesting a (30 day) extension of time for defendant John Cioffoletti to file motions. (Johnson, Tanya) (Entered: 10/06/2000) |
| 10/16/2000 | 108 | ORDER as to John Cioffoletti in 1:00-cr-00196 endorsed on letter dated 10/5/00 from James LaRossa to Judge Glasser. Request for 30 day extension of time to file motions is granted. ( Signed by Senior Judge I. L. Glasser on 10/6/00) (Rodriguez,Angela) (Entered: 10/16/2000) |
| 10/16/2000 | 109 | ORDER as to Alfred Palagonia in 1:00-cr-00196 endorsed on letter dated 10/6/00 from Joseph Diblasi to Judge Glasser. Application for defendant to travel to Key West, Florida from 10/12/00 to 10/17/00 is granted. ( Signed by Senior Judge I. L. Glasser on 10/6/00) (Rodriguez,Angela) (Entered: 10/16/2000) |
| 10/16/2000 | 111 | NOTICE OF SUBSTITUTION OF COUNSEL to Lawrence Ray. (Johnson, Tanya) (Entered: 10/17/2000) |
| 10/23/2000 | 115 | MOTION by Edward Garafola for severance and separate trial and to suppress and preclude a tape recording made by the FBI on 3/25/99 . [115-1] [115-2] (Johnson, Tanya) (Entered: 11/01/2000) |
| 10/23/2000 | 116 | MEMORANDUM by Edward Garafola in support of his [115-1] motion for severance and separate trial, [115-2] to suppress and preclude a tape recording made by the FBI on 3/25/99 . (Johnson, Tanya) (Entered: 11/01/2000) |
| 10/25/2000 | | ENDORSED ORDER dated 10/18/00 on document #76 in 99cr372 granting adjournment of sentencing as to Aleks Paul. Sentencing set for 12/14/00 at 10:00. ( Signed by Senior Judge I. L. Glasser, on 10/18/00) *This also applies to 00cr196 and 00cr445. (Guzzi, Roseann) (Entered: 10/25/2000) |
| 11/03/2000 | 117 | LETTER dated 10/26/00 from Albert Brackley, Esq., to Judge Glasser requesting permission to join any co-counsel motion addressed to the sufficiency or legality of the indictment. (Johnson, Tanya) (Entered: 11/03/2000) |
| 11/03/2000 | | ENDORSED ORDER on document #117, granting defense counsel's request to join any co-counsel motion. (Signed by Senior Judge I. L. Glasser on 10/27/00) (Johnson, Tanya) (Entered: 11/03/2000) |
| 11/03/2000 | 118 | LETTER dated 10/30/00 from Jonathan Sack to U.S. Probation Officer, Linda Fowle, providing updated information concerning the loss attributable to Jack Basile in connection with the fraudulent sale of Holly Products Inc. securities at White Rock Partners & Co., Inc. (Piper, Francine) (Entered: 11/03/2000) |
| 11/09/2000 | 119 | ORDER, that defendant Daniel Lev's bail conditions be modified to permit him to travel from 11/7/00 through 12/7/00. It is further ordered that defendant's passport, presently in the possession of Pretrial Services, be provided to the defendant until he returns from his trip. (Signed by Senior Judge I. L. Glasser on 11/2/00) (Johnson, Tanya) Modified on 11/30/2000 (Entered: 11/09/2000) |
| 11/16/2000 | 128 | MOTION by Daniel Lev to dismiss count one's RICO conspiracy charge and count two's substantive RICO charge ; to dismiss the money laundering charges contained in counts 11 and 12 ; to sever him from his co-defendants ; [128-1] [128-2]. (Johnson, Tanya) (Entered: 11/30/2000) |

| | | |
|---|---|---|
| 11/16/2000 | 129 | MEMORANDUM by Daniel Lev in support of is pretrial motions. (Johnson, Tanya) (Entered: 11/30/2000) |
| 11/21/2000 | 121 | MOTION by Lawrence Ray severing his case from that of his co-defendants, compelling the production of additional discovery; dismissing the indictment against Ray; requiring the government to disclose evidence and permitting defendant Ray to join in motions of co-defendants . (Guzzi, Roseann) (Entered: 11/27/2000) |
| 11/21/2000 | 122 | MEMORANDUM by Lawrence Ray in 1:00-cr-00196 in support of [121-1] motion severing his case from that of his co-defendants, compelling the production of additional disocvery; dismissing the indictment against Ray; requiring the government to disclose evidence and permitting defendant Ray to join in motions of co-defendants. (Guzzi, Roseann) (Entered: 11/27/2000) |
| 11/21/2000 | 123 | AFFIDAVIT of Lawrence Ray in 1:00-cr-00196 as to Lawrence Ray in 1:00-cr-00196 Re: in support of defendant's [121-1] motion severing his case from that of his co-defendants, compelling the production additional discovery; dismissing the indictment against requiring the government to disclose evidence and defendant Ray to join in motions of co-defendants. (Guzzi, Roseann) Modified on 6/17/2009 to attach a copy of the affidavit, rec'd. by fax from Mr. Roth. (Vaughn, Terry). (Entered: 11/27/2000) |
| 11/21/2000 | 124 | AFFIDAVIT of Thomas G. Roth, Esq. on behalf of Lawrence Ray in 1:00-cr-00196 Re: in support of defendant Ray's [121-1] motion severing his case from that of his co-defendants, compelling the production of additional discovery; dismissing the indictment against Ray; requiring the government to disclose evidence and permitting defendant to join in motions of co-defendants (Guzzi, Roseann) (Entered: 11/27/2000) |
| 11/29/2000 | 125 | LETTER dated 11/9/00 from Amy E. Millard, Esq., to Judge Glasser requesting to modify that bail conditions of defendant Larry Berman to permit him to travel to Puerto Rico during to first week in December. (Johnson, Tanya) (Entered: 11/29/2000) |
| 11/29/2000 | | ENDORSED ORDER on document #125, granting the request to modify the bail conditions of defendant Larry Berman to permit him to travel to Puerto Rico during the first week in December. Itinerary to be made available to the AUSA. (Signed by Senior Judge I. L. Glasser on 11/14/00) c/m (Johnson, Tanya) (Entered: 11/29/2000) |
| 11/29/2000 | 127 | LETTER dated 11/14/00 from J. Brian Hansbury, Esq., to AUSA Eric Corngold, regarding the plea negotiations of defendant Ernest Montevecchi. (Johnson, Tanya) (Entered: 11/29/2000) |
| 11/29/2000 | 142 | MOTION for Peter F. Carr, II to appear pro hac vice on behalf of defendant Abraham Salaman. Fee #: $25.00. Receipt #: 239900 . [142-1] (Johnson, Tanya) Modified on 12/14/2000 (Entered: 11/29/2000) |
| 11/29/2000 | | AFFIDAVIT by Peter F. Carr, II in further support of his application to appear pro hac vice on behalf of defendant Abraham Salaman. (Annexed to doc #142) (Johnson, Tanya) (Entered: 11/29/2000) |

| | | |
|---|---|---|
| 11/29/2000 | 144 | MOTION for A. John Pappalardo to appear pro hac vice on behalf of Abraham Salaman. Pro Hac Vice Filing Fee #: $25.00. Receipt #: 239898 . [144-1] (Johnson, Tanya) (Entered: 12/14/2000) |
| 11/29/2000 | | AFFIDAVIT by A. John Pappalardo, Esq. in further support of his motion to appear pro hac vice on behalf of Abraham Salaman. Pro Hac Vice Filing Fee #: $25.00. Receipt #: 239898. (Annexed to doc #144) (Johnson, Tanya) (Entered: 12/14/2000) |
| 11/30/2000 | 130 | MOTION by John Cioffoletti to produce all exculpatory and impeachment materials ; for disclosure of pages of documents ; to dismiss Racketeering Act 9 of Counts 1,2,7,8,11,12,17 and 18 . [130-1] [130-2] [130-3] (Johnson, Tanya) (Entered: 11/30/2000) |
| 11/30/2000 | 131 | MEMORANDUM by defendant John Cioffoletti in support of his pretrial motions. [130-1] (Johnson, Tanya) (Entered: 11/30/2000) |
| 12/01/2000 | 147 | LETTER dated 11/30/00 from AUSA Eric Corngold, to Judge Glasser requesting an extension of time, until 1/18/01, for the government to respond to the pretrial motions of all defendants in this action. (Johnson, Tanya) (Entered: 01/02/2001) |
| 12/04/2000 | 132 | LETTER dated 11/30/00 from AUSA Eric Corngold and AUSA Jonathan Sack, to Judge Glasser requesting an extension of time until 1/18/01 for the government to respond to all of defendant's pretrial motions. (Johnson, Tanya) (Entered: 12/04/2000) |
| 12/04/2000 | 133 | SCHEDULING ORDER that the government is directed to file and serve responses to defendant John Cioffoletti's motion on or before 5pm on 12/18/00. The defendant shall file and serve reply papers, if any, on or before 5pm on 11/20/00 and oral argument will be heard at 10:00 on 12/22/00. (Signed by Senior Judge I. L. Glasser om 11/29/00) c/m (Johnson, Tanya) (Entered: 12/04/2000) |
| 12/05/2000 | 135 | SCHEDULING ORDER: that the government is directed to file and serve responses to defendant Lawrence Ray's motion on or before 5pm on 12/18/00. The defendant shall file and serve reply papers, if any, on or before 5pm on 12/20/00 and oral argument will be heard at 10:00 on 12/22/00. (Signed by Senior Judge I. L. Glasser on 11/28/00) (Johnson, Tanya) (Entered: 12/05/2000) |
| 12/05/2000 | 136 | SCHEDULING ORDER: that the Government shall file and serve responsive papers to defendant Edward Garafola's motions on or before 5pm on 12/15/00. The defendant shall file and serve reply papers, if any, on or before 12/13/00, and oral argument and suppression hearing will be heard on 12/15/00 at 2:00. (Signed by Senior Judge I. L. Glasser on 11/28/00) (Johnson, Tanya) (Entered: 12/05/2000) |
| 12/05/2000 | 137 | SCHEDULING ORDER that the government shall file and serve responsive papers to defendant Daniel Lev's pretrial motions on or before 5:00pm on 12/11/00. The defendant shall file and serve reply papers, if any, on or before 3pm on 12/13/00. Oral argument will be heard at 10am on 12/15/00. (Signed by Senior Judge I. L. Glasser on 11/28/00) (Johnson, Tanya) (Entered: 12/05/2000) |
| 12/07/2000 | 138 | LETTER dated 11/17/00 from Jewel N. Klein, Esq., to Judge Glasser requesting permission for defendant Edmond Nagel to extend his stay in California until 11/27/00. (Johnson, Tanya) (Entered: 12/07/2000) |

| Date | No. | Docket Text |
|---|---|---|
| 12/07/2000 | | ENDORSED ORDER on document #138, granting permission for defendant Edmond Nagel to extend his stay in California until 11/27/00. (Signed by Senior Judge I. L. Glasser on 11/17/00) (Johnson, Tanya) (Entered: 12/07/2000) |
| 12/07/2000 | 140 | MOTION by Abraham Salaman for an extension of time, until 1/3/01, to file discovery motions . [140-1] (Johnson, Tanya) (Entered: 12/12/2000) |
| 12/11/2000 | 139 | SCHEDULING ORDER all defense motions which have not yet been made shall be filed and served on or before 1/3/01; The government's response to those motions and to the motions that have already been filed and served shall be filed and served on or before 1/17/01. Defendant's replies, if any, shall be filed and served on or before 1/29/01. Oral argument will be heard on 2/2/01 at 10:00. (Signed by I. Leo Glasser on 11/30/00) (Johnson, Tanya) Modified on 01/08/2001 (Entered: 12/11/2000) |
| 12/13/2000 | 141 | LETTER dated 12/4/00 from Jeffrey Lichtman, Esq., to Judge Glasser requesting permission to extend defendant Daniel Lev's recent trip to London and Russia for business purposesi until 1/3/01. (Johnson, Tanya) (Entered: 12/13/2000) |
| 12/13/2000 | 141 | ENDORSED ORDER on document #141, that defendant Daniel Lev's request to extend his trip until 1/3/01 is granted. (Signed by Senior Judge I. L. Glasser on 12/4/00) (Johnson, Tanya) (Entered: 12/13/2000) |
| 12/14/2000 | 143 | ORDER, granting [142-1] the motion of Peter F. Carr, II to appear pro hac vice on behalf of defendant Abraham Salaman. (Signed by Senior Judge I. L. Glasser on 12/6/00) c/m $25.00 filing fee paid. (Johnson, Tanya) (Entered: 12/14/2000) |
| 12/14/2000 | 145 | ORDER, granting the [144-1] motion for A. John Pappalardo to appear pro hac vice on behalf of Abraham Salaman. Pro Hac Vice Filing Fee #: $25.00. Receipt #: 239898. (Signed by Senior Judge I. L. Glasser on 12/6/00) c/m (Johnson, Tanya) (Entered: 12/14/2000) |
| 12/27/2000 | | LETTER dated 12/12/00 from Melinda Sarafa to Judge Glasser to confirm the adjournment of the sentencing to 12/20/00 as to Aleks Paul. *This is document #85 on 99cr372. (Guzzi, Roseann) (Entered: 12/27/2000) |
| 12/29/2000 | 146 | LETTER dated 11/29/00 from Joseph Dilasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel to the Poconos for the weekend of 12/2/00. (Johnson, Tanya) (Entered: 01/02/2001) |
| 12/29/2000 | | ENDORSED ORDER on document #146, granting permission for defendant Alfred Palagonia to travel to the Poconos for the weekend of 12/2/00. (Signed by Senior Judge I. L. Glasser on 11/30/00) (Johnson, Tanya) (Entered: 01/02/2001) |
| 12/29/2000 | 148 | STIPULATION AND ORDER, by and between plaintiff and defendant John Cioffoletti that the sale of the Seagull Lane Property may proceed and that the net proceeds of the sale in the amount of $194,909.92 shall be deposited into any interest-bearing account within the custody of the Clerk of Court for the Eastern District of NY pending further order of the Court. It is further ordered that withdrawals from this account must be sought on (10) days written notice to the Government's counsel in this action. It is further ordered that the Clerk of Court is directed to deduct from the income of the investment a fee equal to (10) percent of the income earned, but not exceeding the fee authorized by the Judicial Conference of the U.S. It is further ordered that each side shall bear its own costs |
| | | incurred in connection with the administration and disbursement of this fund. (Signed by Senior Judge I. L. Glasser on 12/19/00) (Johnson, Tanya) (Entered: 01/08/2001) |
| 12/29/2000 | | ENDORSED ORDER on document #140, granting the [140-1] motion for an extension of time, until 1/3/01, to file discovery motions as to Abraham Salaman (18). (Signed by Magistrate A. S. Chrein on 12/18/00) (Johnson, Tanya) (Entered: 01/08/2001) |
| 01/03/2001 | 151 | MOTION by Edmond Nagel to dismiss counts 1 and 2 and to sever this action . [151-1] [151-2] (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/03/2001 | | MEMORANDUM by Edmond Nagel in support of the [151-1] motion to dismiss counts 1 and 2 and to [151-2] sever this action. (Annexed to document #151) (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/03/2001 | 152 | MOTION by Ernest Monteveechi to dismiss counts 13 and 14 and to dismiss count 2 . [152-1] [152-2] (w/exhibits A-F attached) (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/03/2001 | 153 | MEMORANDUM by Ernest Monteveechi in further support of his [152-1] motion to dismiss counts 13 and 14 and [152-2] count 2. (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/03/2001 | 154 | MOTION by Abraham Salaman for Bill of Particulars ; to turn over all impeachment materials to the defendants ; provide the names of all unindicted co-conspirators referred to in the indictment ; provide all statements made during the course and in furtherance of the conspiracy by defendants the government does not intend to call as witnesses at the trial ; provide all evidence the government intends, expects or seeks to introduce at trial . [154-1] [154-2] [154-3] [154-4] [154-5] (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/03/2001 | 155 | MEMORANDUM by Abraham Salaman in further support of [154-1] of his pretrial motions. (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/04/2001 | 149 | LETTER dated 1/3/01 from Richard Brewster to Judge Glasser informing that Eugene Lombardo joins in that part of Ernest Monteveechi's motion seeking to dismiss the allegations in the instant indictment which are duplicative to that in Southern District case # 97cr1215. (Rodriguez,Angela) (Entered: 01/08/2001) |
| 01/10/2001 | 150 | LETTER dated 1/3/01 from Jean Marie Graziano, Esq., to Judge Glasser requesting permission for defendant Edward Garafola to travel to Alabama from Friday 1/12/01 to 1/26/01. (Johnson, Tanya) (Entered: 01/10/2001) |
| 01/10/2001 | 150 | ENDORSED ORDER on document #150, granting permission for defendant Edward Garafola to Travelf from 1/12/1 to 1/26/01 . (Signed by Senior Judge I. L. Glasser on 1/4/01) (Johnson, Tanya) (Entered: 01/10/2001) |
| 01/11/2001 | | LETTER dateded 12/18/00 from Melinda Sarafa to Judge Glasser to confirm defendant Aleks Paul's sentencing has been adjourned to 2/28/01 at 10:00. And also the Government has consented to Mr. Paul's request to travel. *This is document #86 on 99cr372. (Guzzi, Roseann) (Entered: 01/11/2001) |
| 01/11/2001 | 156 | LETTER dated 1/9/01 from Richard W. Brewster, Esq., to Judge Glasser informing the court that defendant Eugene Lomardo wishes to join in that part of |
| | | Ernest Monteveechi's motion seeing to dismiss the allegations in the instant indictment. (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/17/2001 | 157 | LETTER dated 1/10/01 from Jeffrey Lichtman, Esq., to Judge Glasser requesting to modify the bail conditions of defendant Daniel Lev to allow the defendant to travel to Russia for business purposes. (Johnson, Tanya) (Entered: 01/17/2001) |
| 01/17/2001 | 157 | ENDORSED ORDER on pg 2 of doc #157, granting the request to modify defendant Daniel Lev's bail conditions allowing him to travel to Russia from 1/15/01 to 1/28/01 for business purposes. (Signed by Senior Judge I. L. Glasser on 1/10/01) (Johnson, Tanya) (Entered: 01/17/2001) |
| 01/17/2001 | 158 | MEMORANDUM by USA in opposition to the defendants' pretrial motions. (Johnson, Tanya) (Entered: 01/19/2001) |
| 01/29/2001 | 159 | REPLY by Abraham Salaman in further support of his pretrial motions. [154-1] [154-2] [154-3] [154-4] [154-5] (Johnson, Tanya) (Entered: 01/31/2001) |
| 01/29/2001 | 160 | REPLY AFFIDAVIT by J. Brian Hansbury, Esq., on behalf of defendant Ernest Monteveechi in response to the government's memorandum in opposition to the defendant's pretrial motions. (Johnson, Tanya) (Entered: 01/31/2001) |
| 02/02/2001 | 182 | CALENDAR ENTRY as to Frank Coppa Sr., Ernest Monteveechi in aniel Persico, Jack Basile, Rocco Basile, Larry Berman, John Cioffoletti, John Doukas, Walter Durchalter, Edward Garafola, Daniel Lev, Eugene Lombardo, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray, Abraham Salaman, Giuseppe Temperino. Case called before Senior I. L. Glasser on 2/2/01 for Status Conference. Court Reporter: Holly Driscoll. Counsel for all sides present. Mr. Rosen argues severance motion on behalf of Garabola. Decision reserved. Mr. Rosen's motion to suppress is denied. Mr. Roth argues severance mtoon on behalf of Ray. Decision reserved. Mr. Lichtman argues severance motion on behalf of defendant Lev. Decision reserved. Mr. Rovell's motion is also reserved. Andrew Weinstein argues money laundering motion on behalf of defendant Cioffoletti. Motion is denied. Ms Miranda Fritz argues money laundering motion on behalf of defendant Lev. Motion is denied. Brian Hansbury argues money laundering motion on behalf of defendant Montureechi. Motion is denied. Mr. Giannini argues money laundering motion. Motion is denied. The court denies Mr Giannini's motion to suppress. Ms. Miranda Fritz argues motion to dismiss Ricco counts as to defendant Lev. Motion is denied. Mr. Hansbury argues motion to dismiss. Motion is denied. Brady material to be turned over upon request. Giglio material to be disclosed in sufficient time as needed by defense. Rocco Basile will be pleading guilty on 2/7/01 before Magistrate/Judge Pollak. Mr. Corngold expect six more guilty pleas. Set the next conference fore 3/15/01 at 10:00. Trial date will be set then. (Johnson, Tanya) (Entered: 03/23/2001) |
| 02/07/2001 | 163 | CALENDAR ENTRY as to Rocco Basile in 1:00-cr-00196. Case called before Magistrate Cheryl L. Pollak on 2/7/01 for Pleading. Defense Counsel: Stephen Scaring. AUSA: Eric Corngold. Type # 01/03C (480-3027). Defendant pleads Guilty: Rocco Basile (5) count(s) 5 . Set sentencing for 5/23/01 at 10:00 before Senior Judge I. L. Glasser . (Johnson, Tanya) (Entered: 02/08/2001) |
| 02/14/2001 | | CASE reassigned to Judge Raymond J. Dearie from Judge I. Leo Glasser. Parties notified. (Chin, Felix) (Entered: 02/24/2001) |
| 02/15/2001 | 161 | ORDER, that the plea of defendant Rooco Basile is referred to Magistrate Pollak. (Signed by Senior Judge I. L. Glasser on 2/1/01) (Johnson, Tanya) (Entered: 02/15/2001) |
| 02/16/2001 | 162 | LETTER dated 2/12/01 from Paul Schoeman to Judge Glasser and Judge Dearie, the govt has agreed to request the consolidation of sentencing for dft Basile in 98 cr 1129 and 00 cr 196. (Piper, Francine) (Entered: 02/16/2001) |
| 02/22/2001 | 164 | NOTICE of Appearance for Rocco Basile in 1:00-cr-00196 by attorney Stephen P. Scaring. (Johnson, Tanya) (Entered: 02/22/2001) |
| 02/22/2001 | 165 | LETTER dated 1.26.01 from Jean Marie Graziano to Judge Glasser enclosing a courtesy copy of Deft Edward Garafola's Reply Memorandum. W/o attachment. (Barrett, Charryse) (Entered: 02/22/2001) |
| 02/27/2001 | | CASE reassigned to Senior Judge I. L. Glasser from Judge Raymond J. Dearie. This is a correction from the last reassignment. Parties notified. (Chin, Felix) (Entered: 02/27/2001) |
| 02/27/2001 | 166 | LETTER dated 2/21/01 from Joseph DiBlasi, Esq., to Judge Glasser requesting permission for defendant Alfred Palagonia to travel from 2/21/01 to 2/25/01. (Johnson, Tanya) (Entered: 02/27/2001) |
| 02/27/2001 | | ENDORSED ORDER on document #166, granting the application for defendant Alfred Palagonia to travel from 2/21/01 to 2/25/01 on the condition that full travel itinerary be forwarded to pretrial services. (Signed by Senior Judge I. L. Glasser on 2/21/01) (Johnson, Tanya) (Entered: 02/27/2001) |
| 02/28/2001 | 167 | ORDER as to Aleks Paul, granting dft.'s request to adjourn sentencing from 2/28/01 to 3/28/01 at 10:00. (Signed by Senior Judge I. L. Glasser on 2/23/01). Endorsed on letter dated 2/21/01 from Melinda Sarafa to Judge Glasser. (Reddy, Lisa) (Entered: 02/28/2001) |
| 02/28/2001 | 168 | ORDER, that defendant Daniel Lev's bail conditions be modified to permit him to travel from 3/1/01 to 4/6/01. It is further ordered that defendant's passport, presently in the possession of Pretrial Services, be provided to the defendant until he return from this trip. (Signed by Senior Judge I. L. Glasser on 2/27/01) (Johnson, Tanya) (Entered: 03/01/2001) |
| 03/08/2001 | 170 | LETTER dated 2/6/01 from Michael Rosen, Esq., to Judge Glasser requesting permission for defendant Edward Garafola to travel through 2/14/01. (Johnson, Tanya) (Entered: 03/08/2001) |
| 03/08/2001 | | ENDORSED ORDER on document #170 granting permission for defendant Edward Garafola to travel through 2/14/01. (Signed by Senior Judge I. L. Glasser on 2/6/01) (Johnson, Tanya) (Entered: 03/08/2001) |
| 03/08/2001 | 171 | LETTER dated 2/8/01 from AUSA Eric Corngold, to Judge Glasser informing the Court of the status of the request for permission from the Solicitor General to file a petition for writ of mandamus. (Johnson, Tanya) (Entered: 03/08/2001) |
| 03/08/2001 | 172 | LETTER dated 2/27/01 from Jeffrey Lichtman, Esq., to Judge Glasser requesting permission for defendant Daniel Lev to miss the conference scheduled for 3/15/01. (Approved by Judge Glasser on 2/27/01, see pg 2 of this doc) (Johnson, Tanya) (Entered: 03/08/2001) |

| Date | No. | Docket Text |
|---|---|---|
| 03/09/2001 | | Letter dated 3/9/01 from Amy Levenhardt, Esq... requesting permission for defendant Larry Berman to travel to St. Thomas from 3/18/01 to 3/23/01. (Johnson, Tanya) (Entered: 03/09/2001) |
| 03/09/2001 | 173 | ENDORSED ORDER on document #173, granting permission for defendant Larry Berman to travel to 3/18/01 to 3/23/01 . (Signed by Senior Judge I. L. Glasser on 3/2/01) (Johnson, Tanya) (Entered: 03/09/2001) |
| 03/09/2001 | 174 | TRANSCRIPT before Magistrate Pollak of the Pleading filed in case as to Rocco Basile on 1:00-cr-00196 for dates of 2/7/01. Transcript produced by Elizabeth Barron. (Gonzalez, Mary) (Entered: 03/09/2001) |
| 03/14/2001 | 175 | LETTER dated 3/13/01 from James M. LaRossa, Esq., to Judge Glasser informing the Court of defendant John Cioffoletti's changed itinerary for 3/15-3/19/01. (Johnson, Tanya) (Entered: 03/15/2001) |
| 03/15/2001 | 176 | LETTER dated 3/9/01 from James M. LaRossa, Esq., to Judge Glasser requesting that defendant Cioffoletti's bail conditions be extended to permit him to take a business trip. (Johnson, Tanya) (Entered: 03/15/2001) |
| 03/15/2001 | | ENDORSED ORDER on document #176, granting the request to extend the bail conditions of defendant John Cioffoletti to permit him to take a business trip/personal vacation to Florida from 3/15/01 to 3/19/01. (Signed by Senior Judge I. L. Glasser on 3/12/01) (Johnson, Tanya) (Entered: 03/15/2001) |
| 03/15/2001 | 177 | NOTICE of Appearance for Ernest Montevecchi in 1:00-cr-00196 by Attorney Joseph A. Bondy (Johnson, Tanya) (Entered: 03/16/2001) |
| 03/15/2001 | 178 | CALENDAR ENTRY as to Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 3/15/01 for Pleading Court Reporter/ESR Paul Lombardi Deft's pres. with counsels. Joseph Bondi has been retained by Montevecchi. Jonathan Sack says six more deft's will plead. Four have already plead. Nine may go to trial. A mandamus petition to be submitted to the Appellate Court. Severance motions remain undecided, and a decision will be put off, in anticipation of more pleas. Jury selection and trial set for 10/22/01. Criminal Pre Trial Order signed. Order of excludabel delay signed under code "T" (Jackson, Ramona) (Entered: 03/21/2001) |
| 03/21/2001 | 179 | NOTICE of Appearance for Ernest Montevecchi in 1:00-cr-00196 by Attorney Joseph A. Bondy (Jackson, Ramona) (Entered: 03/21/2001) |
| 03/21/2001 | 181 | Certificate of Engagement and Criminal Pre Trial ORDER as to Ernest Montevecchi et al in 1:00-cr-00196 ( Signed by Senior Judge I. L. Glasser , on 3/15/01) (Jackson, Ramona) (Entered: 03/21/2001) |
| 03/26/2001 | 183 | ORDER as to Alfred Palagonia in 1:00-cr-00196 On condition that itinerary furnished to pre trial services including address & phone of place where def. will be staying this request is Granted. On ltr. dtd. 3/21/01 from Joseph V DiBlasi. ( |
| 03/26/2001 | | on bread drug trip... (Johnson, Tanya) (Entered: 03/26/2001) |
| 03/26/2001 | 184 | TRANSCRIPT filed in case as to Jack Basile in 1:00-cr-00196 for Arraignemnt before Mag Go dates of 3/15/01 ; Court Reporter/ESR: Courthouse Transcription Service (Jackson, Ramona) (Entered: 03/26/2001) |
| 03/26/2001 | 185 | LETTER dated 3/21/01 from Thomas G. Roth, Esq., to Judge Glasser regarding trial presently scheduled for 10/22/01. (Johnson, Tanya) (Entered: 03/27/2001) |
| 03/28/2001 | 186 | LETTER dated 3/27/01 from Jean Marie Graziano, Esq., to Judge Glasser requesting permission for defendant Edward Garafola to travel on 4/1/01 and return on 4/4/01. (Johnson, Tanya) (Entered: 03/28/2001) |
| 03/28/2001 | | ENDORSED ORDER on document #186, granting permission for defendant Edward Garafola to travel on 4/1/01 and return on 4/4/01 . (Signed by Senior Judge I. L. Glasser, on 3/27/01) (Johnson, Tanya) (Entered: 03/28/2001) |
| 03/30/2001 | | LETTER dated 3/22/01 from Melinda Sarafa to Judge Glasser on behalf of Aleks Paul to confirm the sentencing has been adjourned until 5/22/01 at 10:00. *Also applies to 00cr196 and 00cr445. *This is document #89 in 99cr372. (Guzzi, Roseann) (Entered: 03/30/2001) |
| 04/11/2001 | 188 | CALENDAR ENTRY as to Eugene Lombardo. Case called before Senior Judge I. L. Glasser on 4/11/01 for Motion Hearing. Court Reporter: Fred Guerino. Application of Richard Brewster to be relieved as counsel for defendant Eugene Lombardo is granted and Lawrence K. Feitell, Esq is appointed . (Johnson, Tanya) (Entered: 04/24/2001) |
| 04/11/2001 | 189 | CJA 20 as to Eugene Lombardo: Appointment of Attorney Lawrence Feitell. (Signed by Senior Judge I. L. Glasser on 4/11/01) (Johnson, Tanya) (Entered: 04/24/2001) |
| 05/17/2001 | 190 | USCA Order certified on 5/8/01 it is Ordered that the stay is Granted until further order of this Court. It is further ordered the respondents shall file a brief on or before May 17,2001. Judge notified. Ackn mailed. USCA # 01-3031. (Gonzalez, Mary) (Entered: 05/17/2001) |
| 05/22/2001 | 191 | LETTER dated 5/18/01 from Jeffrey Lichtman, Esq,. to Judge Glasser requesting to modify defendant Daniel Lev's bail conditions to permit him to travel for business from 5/27/01 to 6/24/01. (Johnson, Tanya) (Entered: 05/25/2001) |
| 05/22/2001 | 191 | ENDORSED ORDER on pg #2, document #191, granting the request to modify defdant Daniel Lev's bail conditions to allow him to travel from 5/27/01 until 6/24/01. (Signed by Senior Judge I. L. Glasser , on 5/21/01) (Johnson, Tanya) (Entered: 05/25/2001) |
| 05/22/2001 | 192 | LETTER dated 5/22/01 from Michael F. Bachner, Esq,. to Judge Glasser requesting permission for defendant Walter Durchalter to travel to Philadelphia, PA on 5/23/01 and return on 5/24/01. (Johnson, Tanya) (Entered: 05/25/2001) |
| 05/22/2001 | 192 | ENDORSED ORDER on doc #192, granting the request for permission for defendant Walter Durchalter to travel to Philadelphia, PA on 5/23/01 and return on 5/24/01. (Signed by Senior Judge I. L. Glasser, undated) (Johnson, Tanya) (Entered: 05/25/2001) |
| 05/29/2001 | 193 | LETTER dated 5/24/01 from Jeffrey Lichtman to Judge Glasser, enclosing subpoenas to review. (DiLorenzo, Krista) (Entered: 05/29/2001) |
| 06/01/2001 | 194 | LETTER dated 5/29/01 from Jeffrey Lichtman to Judge Glasser, enclosing additional subpoenas to be ordered. (No attachments). (DiLorenzo, Krista) (Entered: 06/01/2001) |
| 06/01/2001 | | LETTER dated 5/29/01 from Melinda Sarafa to Judge Glasser on behalf of Aleks Paulto inform the Court that defendant will be traveling to Las Vegas, Nevada from 5/31/01 to 6/5/01. This letter also applies to case # 00cr196 and 00cr445. *This is document #90 in99cr372 (Guzzi, Roseann) (Entered: 06/01/2001) |
| 06/04/2001 | 195 | ORDER Directing Forfeiture of Property as to Alfred Palagonia in 1:00-cr-00196. Certified copies sent to AUSA. (Signed by Senior Judge I. L. Glasser on 6/4/01) (Rodriguez,Angela) (Entered: 06/05/2001) |
| 06/04/2001 | 196 | STIPULATION AND ORDER as to Alfred Palagonia in 1:00-cr-196 designating certain funds into escrow accounts as provided herein. (Signed by Senior Judge I. L. Glasser on 6/4/01) (Rodriguez,Angela) (Entered: 06/05/2001) |
| 06/04/2001 | 198 | CALENDAR ENTRY as to Alfred Palagonia. Case called before Senior Judge I. L. Glasser on 6/4/01 for Pleading. Defense Counsel: Joseph DiBlasi. AUSA: Eric Corngold and David Goldberg. Court Reporter: Holly Driscoll. Defendnat pleads Guilty: Alfred Palagonia (14) count(s) 9 and 11 . Sentencing for defendant Alfred Palagonia is set for 9/13/01 at 10:00 before Senior Judge I. L. Glasser . AUSA will move to dismiss open counts at the time of sentencing. Stipulation presented in open count, providing that $404,000.00 be hled in escrow account. (Johnson, Tanya) (Entered: 06/11/2001) |
| 06/04/2001 | | LETTER dated 6/4/01 from Melinda Sarafa to Judge Glasser requesting the Court endorse Mr. Paul's request to release of the $100,000 cash bail on deposit in the Southern District. *This is document #91 in 99cr372 (Guzzi, Roseann) (Entered: 06/12/2001) |
| 06/05/2001 | 197 | LETTER dated 5/31/01 from Amy E. Millard, Esq., to Judge Glasser requesting permission for defendant Larry Berman to travel to Las Vegas from 7/2/01 - 7/6/01. (Johnson, Tanya) (Entered: 06/08/2001) |
| 06/05/2001 | | ENDORSED ORDER on document #197, granting permission for defendant Larry Berman to travel to Las Vegas from 7/2/01 to 7/6/01 . (Signed by Senior Judge I. L. Glasser on 6/4/01) (Johnson, Tanya) (Entered: 06/08/2001) |
| 06/06/2001 | 199 | ORDER, endorsed on the 6/6/01 letter from Mr. DiBlasi, so ordering Mr. DiBlasi's request for permission for his client Alfred Palagonia to travel to Puerto Rico beginning 6/11/01 through 6/16/01. ( Signed by Senior Judge I. L. Glasser , on 6/6/01.) (Vaughn, Terry) (Entered: 06/11/2001) |
| 06/07/2001 | 201 | ORDER that the restraining order on Security Capital account #69010933 in the name of defendant Alfred Palagonia shall be removed and the assets in said account released to Mr. Palagonia immediately upon the execution of this order. (Signed by Senior Judge I. L. Glasser on 6/5/01) (Johnson, Tanya) (Entered: 06/13/2001) |
| 06/08/2001 | 200 | CALENDAR ENTRY as to John Doukas. Case called before Senior Judge I. L. Glasser on 6/8/01 for Pleading. Defense Counsel: Edward McDonald. AUSA: Eric Corngold. Court Reporter: Holly Driscoll. Defendant pleads Guilty: John Doukas (8) count(s) 9, 16 . Set sentencing for 11/20/01 at 10:00 before Senior Judge I. L. Glasser . Transcript of proceedings is sealed. (Johnson, Tanya) (Entered: 06/13/2001) |
| 06/20/2001 | 203 | LETTER dated 6.20.01 from Jeffrey Lichtman, Esq., to Judge Glasser requesting permission o defor Daniel Lev to extend his recent trip to Moscow, until 7.10.01, for business purposes.(Barrett, Charryse) Modified on 06/29/2001 (Entered: 06/26/2001) |
| 06/21/2001 | 205 | LETTER dated 06/21/01 from Eric Corngold, AUSA, to Hon. I. Leo Glasser, with information attached. (Chee, Alvin) (Entered: 06/27/2001) |
| 06/22/2001 | 207 | CALENDAR ENTRY as to Edmond Nagel in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 06/22/01 for pleading. Defendant, on bail, present with counsel Michael Rovell. AUSA Eric Corngold present as well. Court Reporter: Marsha Diamond. Defendant's first appearance. Informed of rights. Waiver of indictment executed for defendant Nagel. Defendant withdraws not guilty plea and enters guilty plea to ct. #11 of the indictment and a superseding information in CR 01-705. Bail conditions continued. Set sentencing at 11-14-01 for sentencing at 10 am. Guilty: Edmond Nagel (13) count(s) 11 . (Chee, Alvin) (Entered: 07/03/2001) |
| 06/25/2001 | 204 | LETTER dated 6/22/01 from Melinda Sarafa to Judge Glasse confirming the adjournment of the sentencing from 6/29/0 to 7/12/01 at 10:30. (DiLorenzo, Krista) (Entered: 06/27/2001) |
| 06/25/2001 | 206 | ORDER as to Aleks Paul granting dft's request to adjourn sentencing from 6/29/01 to 7/12/01 at 10:30. (Signed by Senior Judge I. L. Glasser on 6/25/01). See letter dated 6/22/01 from Melinda Sarafa to Judge Glasser. (DiLorenzo, Krista) (Entered: 06/27/2001) |
| 06/26/2001 | | ENDORSED ORDER, on document # 203, as to Daniel Lev in 1:00-cr-00196, GRANTING the request to extend his recent trip to Moscow until 7.10.01. (So Ordered: Senior Judge I. L. Glasser, on 6.21.01). C/F (Barrett, Charryse) (Entered: 06/26/2001) |
| 07/05/2001 | 209 | CERTIFICATE OF SERVICE as to Alfred Palagonia notice service of a consent order of forfeiture. [195-1] (Johnson, Tanya) (Entered: 07/11/2001) |
| 07/10/2001 | 210 | CALENDAR ENTRY as to Abraham Salaman. Case called before Senior Judge I. L. Glasser on 7/10/01 for Status Conference. Defense Counsel: A. John Pappalardo. AUSA: Jonathan Sack for Eric Corngold. Court Reporter: Diana Periera. Defendant Salaman has been charged in two cases: 00cr930 and 01cr196. The Berkun case is set for trial on 10/1/01. The Coppa case is set for trial on 10/22/01. Counsel discuss evidence in both cases. There are six boxes of documents in the Berkun case. Mr Pappalardo states that this will be very difficult to be on trial on the Berkun case and prepare for the Coppa trial. AUSA Jonathan Sack states that the Government will turn over Giglio, Brady and Argus material before the Coppa Case. Mr. Sack suggests empaneling a jury on 00cr196 and starting one week later, to give Mr. Pappalardo time to go over 3500 material. Counsel will inform the Court. (Johnson, Tanya) (Entered: 07/16/2001) |

| Date | # | Entry |
|---|---|---|
| 07/11/2001 | | LETTER dated 7/9/01 from Tanya Johnson, Esq. requesting permission for defendant Joseph Temperino to travel from 7/16/01 to 7/23/01. (Johnson, Tanya) Modified on 07/19/2001 (Entered: 07/19/2001) |
| 07/11/2001 | 213 | ENDORSED ORDER on pg #2 of document #213, granting permission for defendant Giuseppe Temperino to travel from 7/16/01 to 7/23/01. (Signed by Senior Judge I. L. Glasser , on 7/10/01) (Johnson, Tanya) Modified on 07/19/2001 (Entered: 07/19/2001) |
| 07/16/2001 | 211 | LETTER sent to docketing dated 7/12/01 from Melinda Sarafa, Esq. to Judge Glasser confirming that sentencing of Deft. is adjourned to 7/25/01 at 11:00. (Permaul, Jenny) (Entered: 07/17/2001) |
| 07/23/2001 | | ORDER as to Aleks Paul, adjourning dft's sentencing to 7/31/01 at 10:30. ( Signed by Senior Judge I. L. Glasser , on 7/23/01). Endorsed on letter dated 7/20/01 from Melinda Sarafa to Judge Glasser. See doc #95 in case 99-cr-372. (Sica, Michele) (Entered: 07/24/2001) |
| 07/25/2001 | 214 | ORDER as to Alfred Palagonia in 1:00-cr00196 that all restraints previously imposed by this Court upon the Vista Account are hereby lifted solely to the extent necessary to effectuate payment of $400,000.000 into an escrow account to be maintained by Joseph DiBlasi, Esq., as set forth herein. (Signed by Senior Judge I. L. Glasser , on 7/20/01). (Sica, Michele) (Entered: 07/25/2001) |
| 07/27/2001 | 215 | TRANSCRIPT of Plea before Judge Glasser filed in case as to Edmond Nagel in 1:00-cr-00196 for dates of 6/22/01 ; Court Reporter: M. Diamond (Jean (Entered: 07/27/2001) |
| 07/31/2001 | 216 | LETTER dated 7/20/01 from Counsel Melinda Sarafa to Judge Glasser confirming conversation with Louise Schillat that Mr. Paul's sentencing has been adjourned to 7/31/01 at 10:30 a.m. (Drayton, Lorraine) (Entered: 07/31/2001) |
| 08/02/2001 | 219 | CALENDAR ENTRY as to Walter Durchalter in 1:00-cr-00196; Case called before Magistrate A. S. Chrein on 8/2/01 for pleading. AUSA Jonathan Sack and dft present with counsel Michael Bachner. Tape # 01:52(469-3027). Dft consented to plead before Mag. Judge. Bail Modification granted to extend dft's travel to Pennsylvania . Dft pleads Guilty: Walter Durchalter (9) count(s) 4, 6, 7 . Transcript of plea proceedings ordered sealed except 1 copy to be given to Judge Glasser and 1 copy each to be given to counsel. Sentencing set for 12/11/01 at 10:00. (Sica, Michele) (Entered: 08/03/2001) |
| 08/02/2001 | | Attorney update in case as to Walter Durchalter. Attorney Michael F. Bachner for Walter Durchalter added. (Sica, Michele) (Entered: 06/29/2004) |
| 08/03/2001 | 217 | NOTICE of Appearance for Walter Durchalter in 1:00-cr-00196 by Attorney Michael F. Bachner (Sica, Michele) (Entered: 08/03/2001) |
| 08/03/2001 | 218 | ORDER as to Walter Durchalter in 1:00-cr-00196 referring the guilty plea to Mag. Chrein. ( Signed by Senior Judge I. L. Glasser , on 8/1/01). (Sica, Michele) (Entered: 08/03/2001) |
| 08/23/2001 | 220 | LETTER dated 8/17/01 from AUSA Jonathan Sack to Judge Glasser confirming that the sentencing of the dft Aleks Paul has been adjourned to 9/17/01 at 10:30. (Sica, Michele) (Entered: 08/24/2001) |

| Date | # | Entry |
|---|---|---|
| 09/05/2001 | | [CALENDAR ENTRY ...] sentencing of dft has been adjourned to 9/17/01 at 10:30. ( Signed by Senior Judge I L. Glasser , on 8/31/01). Endorsed on letter dated 8/17/01 from AUSA Jonathan Sack to Judge Glasser. (Sica, Michele) (Entered: 09/07/2001) |
| 09/10/2001 | 222 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 9/10/01 for status conf. AUSA Eric Corngold and dft present with counsel Thomas Roth. Dft Ray wants another lawyer. Mr. Roth is relieved. Dft Ray to get another lawyer ASAP.Court Reporter/ESR Holly Driscoll. (Sica, Michele) (Entered: 09/14/2001) |
| 09/17/2001 | 223 | LETTER dated 9/4/01 from Thomas Roth, Esq. to Judge Glasser requesting a status conf. (Sica, Michele) (Entered: 09/17/2001) |
| 09/17/2001 | 224 | CALENDAR ENTRY as to Aleks Paul ; Case called before Senior Judge I. L. Glasser on 9/17/01 for sentencing. AUSA Jonathan Sack and dft present with counsel Benjamin Brafman. Court Reporter/ESR Fred Guerino. Dft sentenced to imprisonment for 63 mos. to run concurrent on all counts, plus 3 years of supervised release. Open counts dismissed on government's motion. Special assessment $250. (Sica, Michele) (Entered: 09/24/2001) |
| 09/21/2001 | 226 | SUPERSEDING INFORMATION as to Daniel Lev (11) count(s) 1s (Sica, Michele) (Entered: 09/25/2001) |
| 09/21/2001 | 227 | CALENDAR ENTRY as to Daniel Lev in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 9/21/01 for pleading. AUSA Eric Corngold/Jonathan Sack and dft present with counsel Jeffrey Lichtman. Court Reporter/ESR Mike Picozzi. Dft withdraws not guilty plea and pleads Guilty: Daniel Lev (11) count(s) 1s . Case adjourned to 1/10/02 at 10:00 for sentencing. AUSA will move to dismiss underlying indictment at sentencing. (Sica, Michele) (Entered: 09/25/2001) |
| 09/21/2001 | 228 | CALENDAR ENTRY as to Larry Berman in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 9/21/01 for pleading. AUSA Eric Corngold/Jonathan Sack and dft present with counsel Amy Millard. Court Reporter/ESR Mike Picozzi. Dft withdraws not guilty plea and pleads Guilty: Larry Berman (6) count(s) 5 . Case adjourned to 1/17/02 at 10:00 for sentencing. AUSA will move to dismiss open counts. Consent order of forfeiture signed. (Sica, Michele) (Entered: 09/25/2001) |
| 09/21/2001 | 229 | ORDER Directing Forfeiture of Property as to Larry Berman in 1:00-cr-00196. ( Signed by Senior Judge I. L. Glasser , dated: 9/21/01) (Sica, Michele) (Entered: 09/25/2001) |
| 09/24/2001 | | Sentencing held Aleks Paul (15) count(s) 11 (Sica, Michele) (Entered: 09/24/2001) |
| 09/24/2001 | 225 | JUDGMENT Aleks Paul (15) count(s) 11. Dft pled guilty to count #5 in CR 99-372, count #11 in CR 00-196, and count #2 in CR 00-445. Special assessment $250. Dft is to be imprisoned for 63 mos. to run concurrent on all counts. Dft shall surrender to Bureau of Prisons before 2:00 pm on 10/30/01. Upon release from prison, dft shall be on supervised release for 3 years. ( Signed by Senior Judge I. L. Glasser , on 9/17/01) (Sica, Michele) (Entered: 09/24/2001) |

| Date | # | Entry |
|---|---|---|
| 09/24/2001 | | DISMISSAL of Count(s) on Government Motion as to Aleks Paul in 1:00-cr-00196 party Aleks Paul in 1:00-cr-00196 Counts Dismissed: Aleks Paul (15) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12 (Sica, Michele) (Entered: 09/24/2001) |
| 09/25/2001 | 231 | MOTION by USA in 1:00-cr-00196 as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 for an adjournment in the case and an exclusion of time under the speedy trial act. (Sica, Michele) (Entered: 09/26/2001) |
| 09/25/2001 | 232 | MEMORANDUM of law by USA in 1:00-cr-00196 as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in support of [231-1] motion for an adjournment in the case and an exclusion of time under the speedy trial act. (Sica, Michele) (Entered: 09/26/2001) |
| 09/25/2001 | 233 | AFFIDAVIT of David Pitofsky as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 in support Re: [231-1] motion for an adjournment in the case and an exclusion of time under the speedy trial act. (Sica, Michele) (Entered: 09/26/2001) |
| 09/25/2001 | 234 | ORDER of Excludable Delay from 10/29/01 to 12/3/01 as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Cioffoletti in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 ( Signed by Senior Judge I. L. Glasser , Dated 9/25/01) (Sica, Michele) (Entered: 09/26/2001) |
| 09/28/2001 | 238 | CALENDAR ENTRY as to Eugene Lombardo in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 9/28/01 for pleading. AUSA Eric |

| Date | # | Entry |
|---|---|---|
| | | Corngold/David Pitofsky and dft present with counsel Lawrence Feitell. Court Reporter/ESR Pual Lombardi. Dft withdraws not guilty plea and pleads Guilty: Eugene Lombardo (12) count(s) 2 . Sentencing set for 01/23/02 at 10:00. AUSA will move to dismiss all open counts. (Sica, Michele) (Entered: 10/02/2001) |
| 10/01/2001 | | LETTER dated 10/1/01 from Janet Smith, Esq. to Hon. Raymond Dearie requesting a modification of defendant's bail conditions to allow Mr. Basile to travel to Boston on 10/6/01 to 10/8/01. (This is document #1224 in case 98-cr-1129). (Chee, Alvin) Modified on 10/01/2001 (Entered: 10/01/2001) |
| 10/01/2001 | | ENDORSED ORDER as to Rocco Basile in 1:00-cr-00196: So ordered. Defendant's bail modified to allow defendant to travel to Boston on 10/6/01 to 10/8/01. Endorsed on doc. #1224 in 98-cr-1129. C/M by chambers. ( Signed by Judge Raymond J. Dearie , on 10/1/01). (Chee, Alvin) (Entered: 10/01/2001) |
| 10/01/2001 | 240 | CALENDAR ENTRY as to Giuseppe Temperino in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 10/01/01 for pleading. AUSA Eric Corngold and dft present with counsel Joseph Benfante. Court Reporter/ESR Mike Picozzi. Dft withdraws not guilty plea and pleads Guilty: Giuseppe Temperino (19) count(s) 6 . Sentencing set for 12/12/01 at 10:00. Government makes application to dismiss pending counts at time of sentencing; granted. (Sica, Michele) (Entered: 10/03/2001) |
| 10/02/2001 | 235 | LETTER dated 8/14/01 from AUSA David Goldberg to Amy Millard, Esq. confirming the agreement that the Government will file a Release of Notice of Pendency. (Sica, Michele) (Entered: 10/02/2001) |
| 10/02/2001 | 236 | MOTION by John Cioffoletti in 1:00-cr-00196 for orders as specified . (Sica, Michele) (Entered: 10/02/2001) |
| 10/02/2001 | 237 | MEMORANDUM by John Cioffoletti in 1:00-cr-00196 in support of [236-1] motion for orders as specified (Sica, Michele) (Entered: 10/02/2001) |
| 10/02/2001 | | LETTER dated 9/25/01 from Joseph Bondy, Esq. to David Pitofsky that pursuant to their conversation the dft will not be seeking a guilty plea on 9/28/01, and requesting that all outstanding and still withheld Brady and Giglio materials be produced. (Sica, Michele) (Entered: 10/02/2001) |
| 10/02/2001 | 245 | CALENDAR ENTRY as to Aleks Paul ; Case called before Senior Judge I. L. Glasser on 10/02/01 for bail hearing. AUSA Jonathan Sack and dft present with counsel. Court Reporter/ESR Gene Rudolph. Bail hearing continued to 10/09/01 at 11:00. Government makes application to revoke bail, surety Rima Shargel wants to be released from bond. Government is directed to provide an order to exonerate surety Rima Shargel and release her property that was previously posted to secure Mr. Paul's release on bail. Dft remanded. Defense counsel has substitute surety. Court directs defense counsel to give the government a list of the sureties so the government can check them out. (Sica, Michele) (Entered: 10/05/2001) |
| 10/02/2001 | 246 | CALENDAR ENTRY as to John Cioffoletti in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 10/02/01 for pleading. AUSA David Pitofsky/Jonathan Sack and dft present with counsel. Court Reporter/ESR Gene Rudolph. Dft withdraws not guilty plea and pleads Guilty: John Cioffoletti (7) count(s) 3, 4, 5, 6, 9, 10, 15, 16 . Sentencing set for 12/14/01 at 11:00. (Sica, Michele) (Entered: 10/09/2001) |

| Date | # | Docket Text |
|---|---|---|
| 10/04/2001 | | ORDER Directing Forfeiture of Property as to Edward Garafola that dft shall forfeit a total of $110,000.00 to the US as property involved in the alleged securities fraud conspiracy. (Signed by Senior Judge I. L. Glasser, 10/02/01). 4 certified copies sent to AUSA David Goldberg. (Sica, Michele) (Entered: 10/04/2001) |
| 10/04/2001 | 242 | ORDER as to Aleks Paul in 1:00-cr-00196 granting request to release the $150,000.00 bond to Rima Shargel. (Signed by Senior Judge I. L. Glasser , on 10/01/01). Endorsed on letter dated 9/28/01 from Melinda Sarafa to Judge Glasser. (Sica, Michele) Modified on 10/04/2001 (Entered: 10/04/2001) |
| 10/04/2001 | 243 | ORDER as to Aleks Paul that pursuant to Rule 46(f), Rima Shargel, a surety on bail bonds previously securing the release of dft Paul, be exonerated with respect to such bonds and that all property posted as security by Rima Shargel in connection with such bonds be released. ( Signed by Senior Judge I. L. Glasser , on 10/03/01) (Sica, Michele) (Entered: 10/04/2001) |
| 10/04/2001 | 244 | ORDER as to dft John Cioffoletti in 1:00-cr-00196 and Mary Cioffoletti, that the Clerk of the Court for the EDNY shall, within 10 business days, issue a check in the amount of $110,000.00 from the funds on deposit in the EDNY Escrow Account, payable to the "United States Marshals Service", in full and complete payment of the Consent Order of Forfeiture, pursuant to the details of this order, and that each side shall bear its own costs and attorny's fees. (Signed by Senior Judge I. L. Glasser , on 10/02/01) (Sica, Michele) (Entered: 10/04/2001) |
| 10/04/2001 | 249 | CALENDAR ENTRY as to Abraham Salaman in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 10/4/01 for pleading. Court Reporter/ESR Mickey Brymer. AUSA Eric Corngold/David Pitofsky and dft present with counsel. Dft withdraws not guilty plea and pleads Guilty: Abraham Salaman (18) count(s) 3 . Sentencing set for 12/17/01 at 10:30. (Sica, Michele) (Entered: 10/11/2001) |
| 10/10/2001 | 247 | ORDER Directing Forfeiture of Property as to Abraham Salaman in 1:00-cr-00196 that dft shall forfeit $50,000.00 to the US as property involved in the alleged securities fraud in count 3 of the indictment. (Signed by Senior Judge I. L. Glasser , dated: 10/04/01). 4 certified copies sent to AUSA David Goldberg. (Sica, Michele) (Entered: 10/10/2001) |
| 10/10/2001 | 248 | ORDER as to Daniel Lev in 1:00-cr-00196, Modifying Conditions of Release to allow dft to travel to Russia from 10/14/01 to 10/28/01 . ( Signed by Senior Judge I. L. Glasser , on 10/9/01). Endorsed on letter dated 10/9/01 from Jeffrey Lichtman, Esq. to Judge Glasser. (Sica, Michele) (Entered: 10/10/2001) |
| 10/12/2001 | 250 | TRANSCRIPT of conf. filed in case as to Aleks Paul in 1:00-cr-00196 for dates of 10/2/01; AUSA Jonathan Sack and dft present with counsel Melinda Serafa. Court Reporter/ESR: Gene Rudolph. (Sica, Michele) (Entered: 10/12/2001) |
| 10/15/2001 | 251 | LETTER dated 10/10/01 from Linda Fowle, USPO to Judge Glasser advising that the presentence investigation will be delayed. (Sica, Michele) (Entered: 10/15/2001) |
| 10/15/2001 | 253 | MANDATE OF USCA (certified copy) as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, Daniel Persico in 1:00-cr-00196, Jack Basile in 1:00-cr-00196, Rocco Basile in 1:00-cr-00196, Larry Berman in 1:00-cr-00196, John Zancocchio ... in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Edward Garafola in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196, Eugene Lombardo in 1:00-cr-00196, Edmond Nagel in 1:00-cr-00196, Alfred Palagonia in 1:00-cr-00196, Aleks Paul in 1:00-cr-00196, Joseph Polito Sr. in 1:00-cr-00196, Lawrence Ray in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196 Re: granting writ & remanded . The Government's petition for a writ of mandamus is granted, and the cause is Remanded for further proceedings in accordance with the opinion of this Court.(See opinion for further details) . Issued as mandate on 10/10/01. Judge notified. Ackn mailed. USCA # 01-3031. (Gonzalez, Mary) (Entered: 10/18/2001) |
| 10/15/2001 | 254 | CALENDAR ENTRY as to Ernest Montevecchi in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on 10/15/01 for pleading. AUSA Jonathan Sack and dft present with counsel Joseph Bondy. Court Reporter/ESR Diana Pereira. Dft withdraws not guilty plea and pleads Guilty: Ernest Montevecchi (2) count(s) 2 . Sentencing set for 1/9/02 at 10:00. AUSA will move to dismiss open counts. (Sica, Michele) (Entered: 10/22/2001) |
| 10/18/2001 | 252 | LETTER dated 10/15/01 from USPO Carol Pizzaro to Judge Glasser advising that the presentence investigation as to dft Lombardo has been delayed. (Sica, Michele) (Entered: 10/18/2001) |
| 10/18/2001 | 256 | CALENDAR ENTRY as to Jack Basile in 1:00-cr-00196 and in 199-cr-589; Case called before Judge Nina Gershon on date of 10/18/01 for sentencing. AUSA Jonathan Sack. John Jacobs for the defendant. Court Reporter/Ronald Tolkin. USPO Mark Gjelaj. Defendant is sentenced to 37 months on each indictment to run concurrent Count 2s in 99cr589 and Count 5 in 00cr196; 3 years supervised release on each Count to run concurrent. $150.00 special assessment fee. Restitution in the amount of 1.2 Million in 99cr589 and Restitution in the amount of $990,000 Restitution in 00cr196. Elizabeth Macedonia files notice of appearance and substitutes out Jon Jacobs as counsel. Voluntary surrender dated 1/2/02. Remaining Counts dismissed. (Guzzi, Roseann) (Entered: 10/26/2001) |
| 10/18/2001 | | Sentencing held as to Jack Basile (4) count(s) 5. (Guzzi, Roseann) (Entered: 10/26/2001) |
| 10/18/2001 | | DISMISSAL of Count(s) on Government Motion as to Jack Basile in 1:00-cr-00196 Counts Dismissed: Jack Basile (4) count(s) 2, 6, 7, 8. (Guzzi, Roseann) (Entered: 10/26/2001) |
| 10/25/2001 | 255 | LETTER dated 10/17/01 from USPO Linda Fowle to Judge Glasser advising that the there has been a delay in the presentence investigation. (Sica, Michele) (Entered: 10/25/2001) |
| 10/26/2001 | 257 | JUDGMENT dated 10/18/01 as to Jack Basile (4) count(s) 5. Defendant is sentenced to Count 5 and receives 37 months imprisonment followed by 3 years supervised release and $150.00 special assessment. Restitution in the amount of $990,000.00. this sentence is to run concurrent with sentence imposed in 99cr589. Remaining Counts dismissed. Defendant to receive alcohol treatment. Defendant shall surrender at 12:00 on 1/2/02 if there has been no institution designated by the bureau of prisons at such times. Special Conditions: compliance with the restitution order and the defendant is ordered to make payments of restitution at $500 per month on each indictment beginning 90 days after release from custody. The defendant is to provide full financial disclosure to the Probation Department. Defendant is directed not to obtain employment in the securities industries. Defendant is to receive alcohol abuse treatment and mental health treatment. ( Signed Judge Nina Gershon, on 10/18/01) party Jack Basile in 1:00-cr-00196 terminated.(Guzzi, Roseann) (Entered: 10/26/2001) |
| 11/02/2001 | 263 | CALENDAR ENTRY as to Edward Garafola in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 11/2/01 for pleading. AUSA David Pitofsky and dft present with counsel Michael Rosen. Court Reporter/ESR Tony Mancuso. Dft withdraws not guilty plea and pleads Guilty: Edward Garafola (10) count(s) 19 . Sentencing set for 2/4/02 at 10:00. (Sica, Michele) (Entered: 11/06/2001) |
| 11/06/2001 | 259 | MOTION by Edward Garafola in 1:00-cr-00196 for severance and a separate trial on counts 19 and 20, and granting a hearing and thereafter suppressing and precluding a tape recording of dft made by the FBI on 3/25/99 (Sica, Michele) (Entered: 11/06/2001) |
| 11/06/2001 | 260 | MEMORANDUM by Edward Garafola in 1:00-cr-00196 in support of [259-1] motion for severance and a separate trial on counts 19 and 20, and granting a hearing and thereafter suppressing and precluding a tape recording of dft made by the FBI on 3/25/99 (Sica, Michele) (Entered: 11/06/2001) |
| 11/06/2001 | 261 | MEMORANDUM by USA in 1:00-cr-00196 as to Edward Garafola in 1:00-cr-00196 in opposition to [259-1] motion for severance and a separate trial on counts 19 and 20, and granting a hearing and thereafter suppressing and precluding a tape recording of dft made by the FBI on 3/25/99 (Sica, Michele) (Entered: 11/06/2001) |
| 11/06/2001 | 262 | Reply MEMORANDUM by Edward Garafola in 1:00-cr-00196 in further support of [259-1] motion for severance and a separate trial on counts 19 and 20, and granting a hearing and thereafter and precluding a tape recording of dft made by the FBI on 3/25/99 (Sica, Michele) (Entered: 11/06/2001) |
| 11/06/2001 | | ENDORSED ORDER as to Edward Garafola in 1:00-cr-00196 [259-1] motion for severance and a separate trial on counts 19 and 20, and granting a hearing and thereafter and precluding a tape recording of dft made by the FBI on 3/25/99 as to Edward Garafola (10). Dft pleaded. Motion is withdrawn. ( Signed by Senior Judge I. L. Glasser , on 11/2/01). Endorsed on motion, document #259. (Sica, Michele) (Entered: 11/06/2001) |
| 11/07/2001 | 265 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 11/7/01 for status conf. AUSA Eric Corngold/David Pitofsky and dft present with counsel George Taite. Court Reporter/ESR Gene Rudolph. Mr Taite has not yet been retained. If he takes the case, he will need another trial date. Next conf 11/16/01 at 10:00. Trial currently set for 12/3/01. (Sica, Michele) (Entered: 11/09/2001) |
| 11/08/2001 | 264 | AMENDED JUDGMENT: Jack Basile (4) count(s) 5. Defendant is sentenced to Count 5 and receives 37 months concurrent on each indictment with 99cr589; 3 years supervised release concurrent on each count with 99cr589; special assessment fee $150.00; restitution $990,000.00. Defendant to receive alcohol treatment. Defendant shall surrender to the U.S. Marshal at 12:00pm on or before 1/2/02. Special condition: compliance with the restitution order and the defendant is ordered to make payments of restitution at $500 per month on each indictment beginning 90 days after release from custody. The defendant is to provide full financial disclosure to the probation department. The defendant is directed not to obtain employment in the securities industries. The defendant is to receive alcohol abuse treatment and mental health treatment. ( Signed by Judge Nina Gershon, on 10/18/01) (Guzzi, Roseann) (Entered: 11/08/2001) |
| 11/09/2001 | 266 | LETTER dated 11/1/01 from AUSA Eric Corngold to Lawrence Ray advising that Judge Glasser has set a status conf for 11/7/01 at 10:00. (Sica, Michele) (Entered: 11/09/2001) |
| 11/14/2001 | | LETTER dated 11/12/01 from Stephen Scaring, Esq. to Hon. Raymond Dearie informing the court that he may need an adjournment because of prior matter with the NYS Supreme Court. (This is document #1234 in case 98-cr-1129 RJD). (Chee, Alvin) Modified on 11/26/2001 (Entered: 11/15/2001) |
| 11/15/2001 | 267 | LETTER dated 11/13/01 from AUSA Jonathan Sack to Judge Glasser regarding the sentencing submission of dft Edmond Nagel styled "Nagel's Objections to Presentence Report" dated 11/2/01. (Sica, Michele) (Entered: 11/15/2001) |
| 11/16/2001 | 268 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 11/16/01 for status conf. AUSA Eric Corngold/David Pitofsky and dft present without counsel. Court Reporter/ESR Ronald Tolkin. Court advises dft of right to proceed pro se and advises against it. Trial scheduled for 12/3/01. A lawyer from the CJA panel will be appointed to assist during trial. (Sica, Michele) (Entered: 11/19/2001) |
| 11/20/2001 | | Sentencing held Rocco Basile (5) count(s) 5. (Chee, Alvin) (Entered: 12/03/2001) |
| 11/20/2001 | | CALENDAR ENTRY as to Rocco Basile in 1:00-cr-00196; Case called before Judge Raymond J. Dearie on date of 11/20/01 for sentence. AUSA Paul Schoeman, Stephen Scaring for defendant. Court finds that the plea of guilty taken before the MJ was done knowingly and voluntarily and formally accepts plea of guilty to count 3 of cr-98-1129, and count 5 of cr-00-196. Imprisonment of 44 months on each count to run concurrently. Court recommends an institution in the Northeast region and invites consideration that defendant be placed in the same institution as his brother, Jack Basile. The court has been advised that Camp Allenwood has been recommended in Jack Basile's case. Surrender date: 2/4/02 by 12 PM to the designated institution. Supervised release for 3 years on each count to run concurrently. Special condition of SR: 1) Community service during the first 2 years of SR as follows: 20 hours per week under the direction of the court through the supervision of the probation department. As part of community service, the defendant will be permitted to work on the YMCA Building project in his community. 2) Defendant to make full financial disclosure as and when required by and to this court. 3) Restitution payments at a rate to be determined by the court and not less than 10% of gross earnings. The rate to be adjusted from time to time by the court in consultation with the probation department. Defendant to comply with the restitution order. Defendant to receive treatment for substance abuse. Restitution in the amount of $5,000,000.00 as to case CR-98-1129. The $100 SA is imposed on each count for a total assessment of $200.00. Upon the motion of the AUSA, all open counts are dismissed. Defendant is advised of his right to appeal. Court Reporter: Paul Schoeman. This is document #1238 in case 98-CR-1129. (Chee, Alvin) (Entered: 12/03/2001) |

| Date | No. | Entry |
|---|---|---|
| 11/26/2001 | | ORDER as to John Cioffoletti in 1:00-cr-00196, Anthony Zapp (Signed by Senior Judge I. L. Glasser , Dated 11/9/01) (Sica, Michele) (Entered: 11/26/2001) |
| 11/26/2001 | 274 | ORDER as to Daniel Lev in 1:00-cr-00196, Modifying Conditions of Release to allow dft to travel to Russia from 11/25/01 to 12/20/01 . ( Signed by Senior Judge I. L. Glasser , on 11/21/01). Endorsed on letter dated 11/21/01 from Jeffrey Lichtman to Judge Glasser. (Sica, Michele) (Entered: 11/27/2001) |
| 11/27/2001 | 275 | LETTER dated 11/20/01 from AUSA David Pitofsky to Lawrence Ray enclosing copies of documents and audiocassette tapes pursuant to the Jencks Act, and advising him of his reciprocal obligations to provide materials. (Sica, Michele) (Entered: 11/27/2001) |
| 11/27/2001 | 276 | LETTER dated 11/20/01 from AUSA David Pitofsky to Lawrence Ray providing discovery. (Sica, Michele) (Entered: 11/27/2001) |
| 11/27/2001 | 277 | MOTION by USA in 1:00-cr-00196 as to Lawrence Ray in 1:00-cr-00196 for admission, at trial, of a "glossary of securities-related terms" as an aid to the jury, and to preclude the dft from offering certain evidence at trial . Memo in support and exhibits A-C attached. (Sica, Michele) (Entered: 11/28/2001) |
| 11/27/2001 | 284 | JUDGMENT Rocco Basile (5) count(s) 5. Imprisonment of 44 months on each count to run concurrently. Supervised release of 3 years on each count to run concurrently. Special assessment of $200. Restitution of $5,000,000.00. Court recommends that defendant be designated to an institution in the Northeast Region and further invites consideration that defendant be designated to the same institution as his brother Jack Basile. Defendant shall surrender before 2 PM on 2/4/02. Special condition of SR: 1) Community service during the first 2 years of SR as follows: 20 hours per week under the direction of the court through the supervision of the probation department. As part of community service, the defendant will be permitted to work on the YMCA Building project in his community. 2) Defendant to make full financial disclosure as and when required by and to this court. 3) Restitution payments at a rate to be determined by the court and not less than 10% of gross earnings. The rate to be adjusted from time to time by the court in consultation with the probation department. Defendant to comply with the restitution order. Defendant to receive treatment for substance abuse. See attached restitution order. Open counts dismissed on govt's motion. Copies distributed. Signed by Judge Raymond J. Dearie , on 11/27/01) party Rocco Basile in 1:00-cr-00196. (Chee, Alvin) (Entered: 12/03/2001) |
| 11/27/2001 | 284 | DISMISSAL of Count(s) on Government Motion as to Rocco Basile in 1:00-cr-00196 party Rocco Basile for an adjournment in the case and an exclusion of time under the speedy trial act as to Rocco Basile (5) Counts Dismissed: Rocco Basile (5) count(s) 2, 6, 7, 8. (Chee, Alvin) (Entered: 12/03/2001) |
| 11/28/2001 | 279 | ORDER as to Abraham Salaman in 1:00-cr-00196 adjourning sentencing from 12/17/01 to 1/16/02 at 10:00. (Signed by Senior Judge I. L. Glasser , on 11/26/01). Endorsed on letter from Joel Cohen to Judge Glasser. (Sica, Michele) (Entered: 11/29/2001) |
| 11/28/2001 | 280 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge Glasser on date of 11/28/01 for status conf. AUSA Eric |
| 11/26/2001 | | ORDER as to Anthony Zapp ; motion is denied ; counsel David Goldberg for Zapp . (Signed by Senior Judge I. L. Glasser , Dated 11/19/01) (Sica, Michele) (Entered: 11/26/2001). LETTER from Court Reporter/ESR Burt Sulzer. Larry Ray wrote to the Court, requesting a two month adjournment of the trial, which is scheduled for this monday. The government opposes any adjournment. Motion to adjourn the trial is denied. Trial will go forward on 12/3/01. (Sica, Michele) (Entered: 11/30/2001) |
| 11/29/2001 | 278 | Government's request to charge filed as to Lawrence Ray in 1:00-cr-00196 (Sica, Michele) |
| 11/29/2001 | 285 | CALENDAR ENTRY as to Edmond Nagel ; Case called before Senior Judge I. L. Glasser on 11/29/01 for Sentencing. AUSA: David Goldberg and Jonathan Sack; Michael Rovell, Esq. for the Dft.; Court Reporter: B.Sulzer. Sentencing held on Count # 11 on CR-00-196 and Count #1 on CR-01-705.IMPRISONMENT: 37 months; SUPERVISED RELEASE: 3 years; SPECIAL ASSESSMENT: $100.00 on each case for a total of $200.00. Court recommends that the deft. be designated to Morgantown, West Virginia. Deft. to voluntarily surrender to the institution on 1/30/01. (Permaul, Jenny) (Entered: 12/04/2001) |
| 11/29/2001 | | Sentencing as to Edmond Nagel (13) held on count(s) 11. (Permaul, Jenny) (Entered: 12/04/2001) |
| 11/30/2001 | 281 | LETTER dated 11/26/01 from AUSA's Eric Corngold and David Pitofsky to Judge Glasser in opposition to dft Lawrence Ray's request for a 60 dayadjournment of his trial. (Sica, Michele) (Entered: 11/30/2001) |
| 11/30/2001 | 282 | LETTER dated 11/26/01 from Lawrence Ray to Judge Glasser requesting a 60 day adjournment of trial to allow dft to get a new attorney. (Sica, Michele) (Entered: 11/30/2001) |
| 11/30/2001 | 283 | ORDER as to John Cioffoletti in 1:00-cr-00196, Walter Durchalter in 1:00-cr-00196, Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196, granting USPO Carol Pizarro's request and adjourning sentencing to 1/25/02 at 10:00. ( Signed by Senior Judge I. L. Glasser , on 11/27/01) (Sica, Michele) (Entered: 11/30/2001) |
| 11/30/2001 | | DISMISSAL of Count(s) on Government Motion as to Edmond Nagel in 1:00-cr-00196 party Edmond Nagel in 1:00-cr-00196 Counts Dismissed: Edmond Nagel (13) count(s) 1, 2, 9, 10, 12. (Permaul, Jenny) (Entered: 12/04/2001) |
| 11/30/2001 | 286 | JUDGMENT Edmond Nagel (13) count(s) 11. IMPRISONMENT: 37 months; SUPERVISED RELEASE: 3 years; SPECIAL ASSESSMENT: $200.00; ($100.00 in 01-CR-705 and $100.00 in 01-CR-196). The court recommends that the deft. be designated to Morgantown, West Virginia; Deft. to surrender for serviceof sentence on 1/30/02 before 2:00. Signed by Senior Judge I. L. Glasser , on 11/30/01. Signed Senior Judge I. L. Glasser , on 11/30/01. terminated party Edmond Nagel in 1:00-cr-00196 (Permaul, Jenny) (Entered: 12/04/2001) |
| 12/03/2001 | 288 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 12/3/01 for jury selection and trial. Defense Counsel: David Zapp. AUSA: Eric Corngold and David Pitofsky. Court Reporter: Henry Shapiro. Mark Macron was contacted by the defendant yesterday. He cannot file a notice of appearance and start the trial today. Mr. Ray begs the Court for more time. The Court is ready to proceed to trial. Defendant withdraws not guilty plea and enters plea of Guilty: Lawrence Ray (17) count(s) 10 . Court |
| | | accepts the plea. Sentencing is set for 3/7/01 at 10:00. AUSA will move to dismiss open counts. (Rodriguez,Angela) (Entered: 12/06/2001) |
| 12/05/2001 | 287 | Proposed Voir Dire Questions by USA in 1:00-cr-00196 as to Lawrence Ray in 1:00-cr-00196 {Request to Charge} (Permaul, Jenny) (Entered: 12/05/2001) |
| 12/05/2001 | 289 | LETTER dated 11/30/01 from Samuel Noel to Lawrence Ray regarding additional 3500 material on witnesses Felix Sater 3500-FS-41 and Agent Leo Taddeo 3500-FBI 18, 19, & 20. (Sica, Michele) (Entered: 12/12/2001) |
| 12/12/2001 | 290 | ORDER as to John Cioffoletti in 1:00-cr-00196 adjourning sentencing until 1/12/02 at 10:00. ( Signed by Senior Judge I. L. Glasser , on 12/11/01). Endorsed on letter dated 12/5/01 from James LaRossa to Judge Glasser. (Sica, Michele) (Entered: 12/12/2001) |
| 12/12/2001 | 291 | Amended Consent ORDER Directing Forfeiture of Property as to Edmond Nagel in 1:00-cr-00196 that dft shall forfeit $600,000.00 and all right, interest, stock, or warrants in Condor Capital Inc. to the US as property involved in money laundering. This order shall be final against dft, and shall be included in the judgment. The US Marshal's Service is authorized to deposit property in US Department of Justice's Asset Forfeiture. 4 certified copies sent to AUSA David Goldberg. ( Signed by Senior Judge I. L. Glasser , on 12/12/01) (Sica, Michele) (Entered: 12/12/2001) |
| 12/21/2001 | 296 | ORDER as to Edward Garafola in 1:00-cr-00196 endorsed on letter dated 12/19/01 from Jean Marie Graziano to Judge Glasser. Defendant Edward Garafola's request for modification of bail restrictions is granted. Defendant is permitted to travel as specified herein. (Signed by Senior Judge I. L. Glasser on 12/20/01) (Rodriguez,Angela) (Entered: 01/07/2002) |
| 12/21/2001 | 297 | LETTER dated 12/18/01 from Jeffrey Lichtman to Judge Glasser confirming that sentencing of defendant Daniel Lev is adjourned from 1/10/02 to 1/24/02 at 10:00. (Endorsed by Judge Glasser on 12/19/01) (Rodriguez,Angela) (Entered: 01/07/2002) |
| 12/27/2001 | 295 | TRANSCRIPT of proceedings before Judge Glasser filed in case as to Lawrence Ray in 1:00-cr-00196 for dates of 11/28/01; Court Reporter: Brton Sulzer. (Rodriguez,Angela) (Entered: 01/07/2002) |
| 12/27/2001 | 309 | LETTER dated 8/17/01 from Jonathan Sack to Michael Bachner advising that Mr. Bachner's client is scheduled for sentencing before Judge Glasser on 12/11/01 at 2:00. (Rodriguez,Angela) (Entered: 01/14/2002) |
| 01/03/2002 | 294 | ORDER as to Daniel Lev. Order endorsed on the letter dated Dec. 19, 2001, from Jeffrey Lichtman, counsel for deft. Daniel Lev, granting Mr. Lichtman's request for permission to extend his recent trip to Russia for business purposes. He can now return from his trip on Jan. 3, 2002. Govt. consented to this request. (Signed by Senior Judge I. L. Glasser) (Vaughn, Terry) (Entered: 01/03/2002) |
| 01/04/2002 | 299 | ORDER as to Frank Coppa Sr. in 1:00-cr-00196, Ernest Montevecchi in 1:00-cr-00196, John Doukas in 1:00-cr-00196, Daniel Lev in 1:00-cr-00196 endorsed on memorandum from Probation Dept. dated 12/19/01. Request for adjournment of sentencing is granted. Defendant Montevecchi adjourned to 1/23/02 at 10:00; defendant Dukas adjourned to 3/27/02 at 10:00; defendant Lev adjourned |
| | | 1/24/02 at 10:00; defendant Coppa adjourned to 2/12/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 12/20/01) (Rodriguez,Angela) (Entered: 01/08/2002) |
| 01/07/2002 | 298 | ORDER dated 12/19/01 on letter dated 12/16/01 from Elizabeth E. Macedonio to Judge Gershon requesting a two week adjournment of Mr. Jack Basile's surrender date. APPLICATION DENIED as to Jack Basile in 1:00-cr-00196. ( ( Signed by Judge Nina Gershon, on 12/19/01 ) (Guzzi, Roseann) (Entered: 01/09/2002) |
| 01/07/2002 | 302 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming that sentencing of defendant Lombardo has been rescheduled to 1/22/02. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/07/2002 | 304 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming that sentencing of defendant Polito has been rescheduled to 3/21/02 at 10:00. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) Modified on 01/11/2002 (Entered: 01/11/2002) |
| 01/07/2002 | 305 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming that sentencing of defendant Lev has been rescheduled to 1/24/02 at 10:00. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/07/2002 | 306 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming that sentencing of defendant Montevecchi has been rescheduled to 1/23/02 at 10:00. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/07/2002 | 307 | ORDER as to Abraham Salaman in 1:00-cr-00196 endorsed on letter dated 1/3/02 from Joel Cohen to Judge Glasser. Sentencing of defendant Salaman has been rescheduled to 3/8/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/07/2002 | 308 | LETTER dated 12/27/01 from Jonathan Sack to Judge Glasser confirming that sentencing of defendant Doukas has been rescheduled to 3/27/02 at 10:00. (endorsed by Judge Glasser on 1/7/02) (Rodriguez,Angela) (Entered: 01/11/2002) |
| 01/09/2002 | 300 | TRANSCRIPT of pleading before Judge Glasser filed in case as to John Cioffoletti in 1:00-cr-00196 for dates of 10/2/01; Court Reporter: Gene Rudolph. (Rodriguez,Angela) (Entered: 01/09/2002) |
| 01/09/2002 | 301 | TRANSCRIPT of status conference before Judge Glasser filed in case as to Lawrence Ray in 1:00-cr-00196 for dates of 11/7/01; Court Reporter: Gene Rudolph. (Rodriguez,Angela) (Entered: 01/09/2002) |
| 01/14/2002 | 310 | LETTER dated 12/18/01 from Jeffrey Lichtman to Judge Glasser confirming that sentencing of defendant Lev has been adjourned to 1/24/01 at 10:00. (Rodriguez,Angela) (Entered: 01/14/2002) |
| 01/14/2002 | 311 | MOTION by Eugene Lombardo in 1:00-cr-00196 for an order directing that defendant Lombardo be sentenced to a term of imprisonment hich shall run concurrently with the sentence imposed in SDNY (case no. 97cr1215) . (Rodriguez,Angela) (Entered: 01/15/2002) |
| 01/17/2002 | 312 | LETTER dated 1/11/02 from Lawrence Feitell to Judge Glasser enclosing a copy of motion for concurrent sentence. Counsel requests that, if a hearing is to be set, that the motion hearing be set at the same date and time as the hearing on |

| Date | Doc | Description |
|---|---|---|
| | | defendant Robert & Richard...(...)concurrent sentences...(Rodriguez,Angela) (Entered: 01/18/2002) |
| 01/17/2002 | 313 | LETTER dated 1/15/02 from Judge Glasser to Lawrence Feitell advising the Court is regarding his motion for concurrent sentence as a sentencing memorandum which will be considered on 1/23/02. The Court suggests that a copy of the request be made available to the Probation Officer who prepared defendant Lombardo's report. (Rodriguez,Angela) (Entered: 01/18/2002) |
| 01/18/2002 | 317 | LETTER dated 1/16/02 from Jeffrey Lichtman to Mary Ann Betts objecting to portions of the PSR relating to defendant Daniel Lev. (Rodriguez,Angela) (Entered: 01/31/2002) |
| 01/24/2002 | 318 | CALENDAR ENTRY as to Daniel Lev in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 1/24/02 for sentencing. Sentencing adjourned to 2/4/02 at 10:00. Defense counsel makes application for downward departure. (Rodriguez,Angela) (Entered: 02/01/2002) |
| 01/25/2002 | 314 | ORDER as to Walter Durchalter in 1:00-cr-00196 endorsd on letter dated 1/23/02 from Robert Herskovits to Judge Glasser. Sentencing is adjourned to 3/25/02 at 10:00. (Signed by Senior Judge I. L. Glasser- on not dated) (Rodriguez,Angela) (Entered: 01/25/2002) |
| 01/25/2002 | 321 | ORDER as to Edmond Nagel in 1:00-cr-00196 endorsed on letter dated 1/24/02 from Michael Rovell to Judge Glasser. Defendant is granted a four to six week extension of surrender date. (Signed by Senior Judge I. L. Glasser on 1/24/02) (Rodriguez,Angela) (Entered: 02/08/2002) |
| 01/31/2002 | 316 | ORDER as to Edward Garafola in 1:00-cr-00196 endorsed on letter dated 1/29/02 from Michael Rosen to Judge Glasser. Request granted. Sentencing is adjourned from 2/4/02 to 2/26/02. (Signed by Senior Judge I. L. Glasser on 1/30/02) (Rodriguez,Angela) (Entered: 01/31/2002) |
| 01/31/2002 | 322 | LETTER dated 1/28/02 from James LaRossa to USPO Rachel Swasey advising of objections to the PSR. (Rodriguez,Angela) (Entered: 02/08/2002) |
| 02/04/2002 | 320 | CALENDAR ENTRY as to Daniel Lev in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 2/4/02 for sentencing. Defense Counsel: Jeffrey Lichtman. AUSA: Eric Corngold and Jonathan Sack. Defendant sentenced on count 1 of the information to 2 years probation with 4 months home confinement. Defendant fined $5000 and assessed $50. Defendant to perform 150 hours of community service. (Rodriguez,Angela) (Entered: 02/19/2002) |
| 02/04/2002 | | Sentencing held Daniel Lev (11) count(s) 1s. (Rodriguez,Angela) (Entered: 02/19/2002) |
| 02/05/2002 | 319 | AMENDED JUDGMENT: Rocco Basile (5) count(s) 5. AMENDED To include on page 2 that deft receive treatment for substance abuse. ( Signed by Judge Raymond J. Dearie , on 1/31/02). Copies distributed. (Chee, Alvin) (Entered: 02/05/2002) |
| 02/05/2002 | | Order dated 1/17/02 on letter dated 1/16/02 from Elizabeth E. Macedonio to Judge Gershon as to the designation of defendant Jack Basile. APPLICATION DENIED. The Court has made its recommendation but will not intervene in the designation made by the Bureau of prisons as to Jack ( Signed by Judge Nina Gershon , on |
| 02/05/2002 | 323 | CERTIFICATE OF SERVICE: Amended Consent Order of Forfeiture was executed on 12/14/02. The sum of $350,000 was transferred to asset forfeiture fund. (Rodriguez,Angela) (Entered: 02/11/2002) |
| 02/06/2002 | 320 | SENTENCING MEMORANDUM filed in 1:00-cr-00196 as to John Cioffoletti. (Rodriguez,Angela) Modified on 02/07/2002 (Entered: 02/07/2002) |
| 02/19/2002 | 325 | JUDGMENT Daniel Lev (11) count(s) 1s. Defendant sentenced to 2 years probation with 4 months home confinement and 150 hours of community service. Defendant fined $5000 and assessed $50. Open counts dismissed on government's motion. (Signed by Senior Judge I. L. Glasser on 2/4/02) (Rodriguez,Angela) (Douglas, Kailah). (Entered: 02/19/2002) |
| 02/19/2002 | | DISMISSAL of Count(s) on Government Motion as to Daniel Lev in 1:00-cr-00196. Counts Dismissed: Daniel Lev (11) count(s) 1, 2, 9, 10, 11, 12. (Rodriguez,Angela) (Entered: 02/19/2002) |
| 02/20/2002 | 326 | ORDER as to Daniel Lev in 1:00-cr-00196 endorsed on letter dated 1/31/02 from Jeffrey Lichtman to Judge Glasser. The file and record from the last court appearance re: Daniel Lev is ordered sealed. (Signed by Senior Judge I. L. Glasser on 1/31/02) (Rodriguez,Angela) (Entered: 02/21/2002) |
| 02/25/2002 | 330 | ORDER as to Ernest Montevecchi in 1:00-cr-00196 endorsed on letter dated 2/20/02 from David Pitofsky to Judge Glasser. Request for two week adjournment of sentencing is granted. Sentencing adjourned to 3/19/02 at 10:00. Extension of time for briefs also granted. (signed by Senior Judge I. L. Glasser on 2/21/02) (Rodriguez,Angela) (Entered: 02/28/2002) |
| 02/26/2002 | 329 | SENTENCING MEMORANDUM as to Giuseppe Temperino in 1:00-cr-00196. Cover letter dated 2/26/02 from Joseph Benfante is attached. (Rodriguez,Angela) (Entered: 02/26/2002) |
| 02/26/2002 | 332 | CALENDAR ENTRY as to Edward Garafola in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 2/26/02 for sentencing. Defendant sentenced on count 19 to 5 months imprisonment to be followed by 3 years of supervised released- home confinement for 5 months. Special assessment: $50. Fine: $2000. The court recommends incarceration at Fort Devon. Defendant to surrender to institution on 4/29/02. (Rodriguez,Angela) (Entered: 03/01/2002) |
| 02/26/2002 | | Sentencing held Edward Garafola (10) count(s) 19. (Rodriguez,Angela) (Entered: 03/01/2002) |
| 02/27/2002 | 331 | TRANSCRIPT filed in case as to Edmond Nagel in 1:00-cr-00196 for dates of 11/29/01. Court Reporter: Burton Sulzer. (Rodriguez,Angela) (Entered: 02/28/2002) |
| 02/28/2002 | 333 | JUDGMENT Edward Garafola (10) count(s) 19. Defendant sentenced to 5 months imprisonment to be followed by 3 of supervised release. As a condition of release, defendant is to serve 5 months home detention. The Court recommends defendant be designated to Fort Devin, Mass. Defendant to surrender to instituion by 2:00pm on 4/29/02. Defendant fined $5000 and assessed $50. Open count dismissed on |
| | | government's motion. (Signed by Senior Judge I. Glasser on 2/26/02) (Rodriguez,Angela) (Entered: 03/01/2002) |
| 02/28/2002 | | DISMISSAL of Count(s) on Government Motion as to Edward Garafola in 1:00-cr-00196. Counts Dismissed: Edward Garafola (10) count(s) 20. (Rodriguez,Angela) (Entered: 03/01/2002) |
| 03/05/2002 | 334 | TRANSCRIPT filed in case as to Edward Garafola in 1:00-cr-00196 for date of 2/26/02 ; Court Reporter: Ronald Tolkin. (Rodriguez,Angela) (Entered: 03/06/2002) |
| 03/05/2002 | 335 | ORDER as to Abraham Salaman in 1:00-cr-00196 endorsed on letter dated 3/5/02 from Jonathan Sack to Judge Glasser. Sentencing of defendant Salaman has been adjourned to 4/4/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 3/5/02) (Rodriguez,Angela) (Entered: 03/07/2002) |
| 03/11/2002 | 336 | ORDER as to Giuseppe Temperino in 1:00-cr-00196 endorsed on letter dated 3/11/02 from Jonathan Sack to Judge Glasser. Sentencing has been adjourned to 3/13/02 at 2:30. (Signed by Senior Judge I. L. Glasser on 3/11/02) (Rodriguez,Angela) (Entered: 03/12/2002) |
| 03/11/2002 | 342 | CERTIFICATE OF SERVICE as to Edmond Nagel in 1:00-cr-00196: Legal Notice was published on dates of 12/18/1, 12/24/01, 12/31/01. (Rodriguez,Angela) (Entered: 03/25/2002) |
| 03/11/2002 | 343 | LETTER dated 3/11/02 from Jonathan Sack to Judge Glasser in opposition to defendant's motion for downward departure. (Rodriguez,Angela) (Entered: 03/25/2002) |
| 03/12/2002 | 344 | SEALED DOCUMENT as to Joseph Polito Sr. (Rodriguez,Angela) (Entered: 03/25/2002) |
| 03/13/2002 | 337 | CALENDAR ENTRY as to Giuseppe Temperino in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 3/13/02 for sentencing. Defense Counsel: Joseph Benfante. AUSA: Eric Corngold and Jonathan Sack. Defendant sentenced to 3 years probation to serve 8 months on home confinement. Defendant to perform 200 hours of community service. Defendant assessed $100. (Rodriguez,Angela) (Entered: 03/15/2002) |
| 03/13/2002 | | Sentencing held Giuseppe Temperino (19) count(s) 6. (Rodriguez,Angela) (Entered: 03/15/2002) |
| 03/14/2002 | 338 | JUDGMENT Giuseppe Temperino (19) count(s) 6. Defendant sentenced to 3 years probation, to serve 8 months home confinement. Defendant to perform 200 hours of community service. Special assessment: $100. Open counts dismissed. (Signed by Senior Judge I. L. Glasser on 3/13/02) (Rodriguez,Angela) (Entered: 03/15/2002) |
| 03/14/2002 | | DISMISSAL of Count(s) on Government Motion as to Giuseppe Temperino in 1:00-cr-00196. Counts Dismissed: Giuseppe Temperino (19) count(s) 2, 5, 7, 8. (Rodriguez,Angela) (Entered: 03/15/2002) |
| 03/14/2002 | 339 | CALENDAR ENTRY as to John Cioffoletti; Case called before Senior Judge I. L. Glasser on date of 3/14/02 for sentencing. Defense Counsel: James LaRossa and Andrew Weinstein. Court Reporter: Henry Shapiro. Defendant sentenced to 24 |
| | | months imprisonment to be followed by 3 years of supervised release. Court recommends Shock Incarceration Program where defendant can receive substance abuse treatment. Defendant to surrender to institution on 5/6/02. Status conference is set for 6/14/02 at 10:00. The government needs 90 days to submit final order of forfeiture. (Rodriguez,Angela) (Entered: 03/18/2002) |
| 03/14/2002 | | Sentencing held John Cioffoletti (7) count(s) 3, 4, 5, 6, 9, 10, 15, 16. (Rodriguez,Angela) (Entered: 03/18/2002) |
| 03/18/2002 | 340 | JUDGMENT John Cioffoletti (7) count(s) 3, 4 , 5 , 6 , 9 , 10, 15 , 16 . Defendant sentenced to 24 months imprisonment to be followed by 3 years of supervised release- to run concurrently with sentence in 01cr1049. The Court recommends "Shock Incarceration Program," where defendant can receive substance abuse treatment. Defendant assessed $900 (this includes assessment for 01cr1049). Defendant to surrender to institution before 2:00 pm on 5/6/02. Restitution to be paid: the amount of victims' losses are not yet ascertainable (final determination will be submitted on 6/14/02). (Signed by Senior Judge I. L. Glasser on 3/14/02) (Rodriguez,Angela) (Entered: 03/18/2002) |
| 03/18/2002 | | DISMISSAL of Count(s) on Government Motion as to John Cioffoletti in 1:00-cr-00196. Counts Dismissed: John Cioffoletti (7) count(s) 1, 2, 7, 8, 11, 12, 18. (Rodriguez,Angela) (Entered: 03/18/2002) |
| 03/19/2002 | 346 | CALENDAR ENTRY as to Eugene Lombardo in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser for sentencing. Defense Counsel: Lawrence Feiteill. AUSA: Eric Corngold. Court Reporter: Marsha Diamond. Defendant sentenced on count 2 to 60 months imprisonment to run concurrently with sentence in Southern District case. Supervised release: 3 years. Defendant to make restitution in the amount of $5 million. During period of release, the government is given 90 days to provide a list of victims and the amounts to be paid. The Court recommends incarceration at MDC. Special assessment: $100. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/19/2002 | | Sentencing held Eugene Lombardo (12) count(s) 2. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/19/2002 | 348 | CALENDAR ENTRY as to Ernest Montevecchi in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 3/19/02 for sentencing. Defense Counsel: Joseph Bondy. AUSA: Jonathan Sack and David Pitofsky. Court Reporter: Marsha Diamond. Defendant sentenced to 36 months imprisonment to run concurrently with sentence defendant is currently serving, plus three years of supervised release. Defendant to make restitution in the amount of $5 million during the period of supervised release. The government is given 90 days to provide a list of victims and the amounts to be paid. The Court recommends incarceration at Fort Dix. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/19/2002 | | Sentencing held Ernest Montevecchi (2) count(s) 2. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/19/2002 | 355 | LETTER dated 3/18/02 from Jonathan Sack to Judge Glasser submitted to supplement the government's 3/11/02 letter with respect to sentencing of defendants Ernst Montevecchi and Eugene Lombardo. (Rodriguez,Angela) (Entered: 04/05/2002) |

| Date | No. | Docket Text |
|---|---|---|
| 03/25/2002 | | ...guidlines as to defendants Montevecchi and Lombardo. (Rodriguez,Angela) (Entered: 03/26/2002) |
| 03/27/2002 | 347 | JUDGMENT Eugene Lombardo (12) count(s) 2. Defendant sentenced to 60 months imprisonment to run concurrently in Southern District case. Supervised release: 3 years. Defendant to make restitution in the amount of $5 million. During period of release, the government is given 90 days to provide a list of victims and the amounts to be paid. The Court recommends incarceration at MDC. Special assessment: $100. Opne counts dismissed on government's motion. (Signed by Senior Judge I. L. Glasser on 3/19/02) (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/27/2002 | | DISMISSAL of Count(s) on Government Motion as to Eugene Lombardo. Counts Dismissed: Eugene Lombardo (12) count(s) 1, 3, 4, 9, 10, 11, 12. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/27/2002 | 349 | JUDGMENT Ernest Montevecchi (2) count(s) 2. Defendant sentenced to 36 months imprisonment to run concurrently sentence defendant is currently serving, plus three years supervised release. Defendant to make restitution in the amount of $5 million during the period of supervised release. The government is given 90 days to provide a list of victims and the amounts to be paid. The Court recommends incarceration at Fort Dix. Open counts dismissed on government's motion. (Signed by Senior Judge I. L. Glasser on 3/19/02) (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/27/2002 | | DISMISSAL of Count(s) on Government Motion as to Ernest Montevecchi in 1:00-cr-00196. Counts Dismissed: Ernest Montevecchi (2) count(s) 13, 14. (Rodriguez,Angela) (Entered: 03/27/2002) |
| 03/27/2002 | 350 | ORDER as to Walter Durchalter endorsed on letter dated 3/20/02 from Robert Herskovis to Judge Glasser. Sentencint is adjourned to 9/18/02 at 10:00. (Signed by Senior Judge I. L. Glasser- not dated) (Rodriguez,Angela) (Entered: 03/29/2002) |
| 03/27/2002 | 358 | LETTER dated 3/26/02 from Joseph Bondy to Judge Glasser requesting reconsideration and correction of defendant Montevecchi's sentence. (Rodriguez,Angela) (Entered: 04/09/2002) |
| 03/29/2002 | 351 | ORDER as to Alfred Palagonia endorsed on letter dated 3/20/02 from Joseph Diblasi to Judge Glasser. Defendant is permitted to travel as specified herein. (Signed by Senior Judge I. L. Glasser on 3/20/02) (Rodriguez,Angela) (Entered: 03/29/2002) |
| 04/01/2002 | 353 | LETTER dated 4/1/02 from Jonathan Sack to Judge Glasser confirming that sentencing as been adjourned to 5/9/02 at 10:00. (endorsed by Judge Glasser on 4/3/02) (Rodriguez,Angela) (Entered: 04/04/2002) |
| 04/02/2002 | 356 | LETTER dated 4/1/02 from Jonathan Sack to Judge Glasser confirming that sentencing as to defendant Doukas has been adjourned to 5/9/02 at 10:00. (endorsed by Judge Glasser on 4/1/02) (Rodriguez,Angela) (Entered: 04/05/2002) |
| 04/02/2002 | 357 | ORDER as to Abraham Salaman endorsed on letter dated 4/1/02 from Joel Cohen to Judge Glasser. Request granted. Sentencing as to defendant Salaman is ... on letter ... Judge Glasser on 4/1/02) (Rodriguez,Angela) (Entered: 04/05/2002) |
| 04/10/2002 | 359 | ORDER as to Ernest Montevecchi in 1:00-cr-00196. For the reasons stated herein, defendant's motion to reduce his sentence is denied. (Signed by Senior Judge I. L. Glasser on 4/10/02) (Rodriguez,Angela) (Entered: 04/12/2002) |
| 04/12/2002 | 360 | SENTENCING MEMORANDUM as to Abraham Salaman in 1:00-cr-00196. (Rodriguez,Angela) (Entered: 04/15/2002) |
| 04/12/2002 | 361 | Exhibit list re: sentencing memorandum filed by Abraham Salaman. (Rodriguez,Angela) (Entered: 04/15/2002) |
| 05/06/2002 | 375 | LETTER dated 5/2/02 from Andrew Weinstein to Judge Glasser requesting the Court's assistance in having defendant Chioffoletti designated to a facility that offers a "Shock Incarceration Program." (Rodriguez,Angela) (Entered: 05/28/2002) |
| 05/06/2002 | 377 | NOTICE of change of address by counsel for John Cioffoletti in 1:00-cr-00196. (Rodriguez,Angela) (Entered: 05/29/2002) |
| 05/09/2002 | 370 | CALENDAR ENTRY as to Abraham Salaman; Case called before Senior Judge I. L. Glasser on date of 5/9/02 for sentencing. Defense Counsel: A. John Pappalardo. AUSA: Nikki Kowalski. Court Reporter: Tony Mancuso. Defendant sentenced to 5 years probation, to serve 12 months of home confinement. Defendant fined $25,000 and assessed $100 per count. Defendant to make restitution in the amount of $2.5 million. Defendant to have no further involvement in the securities industry in any way. (Rodriguez,Angela) (Entered: 05/16/2002) |
| 05/09/2002 | | Sentencing held Abraham Salaman (18) count(s) 3. (Rodriguez,Angela) (Entered: 05/16/2002) |
| 05/13/2002 | | Certified copy of docket sheet sent to USCA. [369-1] appeal (Gonzalez, Mary) (Entered: 05/13/2002) |
| 05/15/2002 | 371 | JUDGMENT Abraham Salaman (18) count(s) 3. Defendant sentenced to 5 years probation, to serve 12 months of home confinement. Defendant is to have no further involvement in the securities industry in any way. Defendant fined $25,000 and assessed $100 per count. Defendant shall make restitution in the amount of $2.5 million over period of probation. Open counts dismissed on government's motion. (Signed by Senior Judge I. L. Glasser on 5/9/02) (Rodriguez,Angela) (Entered: 05/16/2002) |
| 05/15/2002 | | DISMISSAL of Count(s) on Government Motion as to Abraham Salaman in 1:00-cr-00196. Counts Dismissed: Abraham Salaman (18) count(s) 2, 4. (Rodriguez,Angela) (Entered: 05/16/2002) |
| 05/20/2002 | 372 | ORDER as to Lawrence Ray in 1:00-cr-00196 endorsed on letter dated 5/8/02 from Robert Rosenberg to Judge Glasser. Sentencing is adjourned to 6/19/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 5/14/02) (Rodriguez,Angela) (Entered: 05/22/2002) |
| 05/20/2002 | 373 | ORDER as to Joseph Polito Sr. in 1:00-cr-00196 endorsed on letter dated 5/14/02 from Charles Weintraub to Judge Glasser. Sentencing is adjourned to 10/8/02 at 10:00. Time excluded. (Signed by Senior Judge I. L. Glasser on 5/15/02) (Rodriguez,Angela) (Entered: 05/23/2002) |
| 05/23/2002 | 374 | TRANSCRIPT of sentencing before Judge Glasser filed in case as to Ernest Montevecchi in 1:00-cr-00196 for dates of 3/19/02; Court Reporter: Marsha Diamond. (Rodriguez,Angela) (Entered: 05/28/2002) |
| 05/24/2002 | 376 | LETTER dated 5/15/02 from Joseph DiBlasi to Judge Glasser advising that defendant Palagonia will be traveling out of state on 5/16/02 through 5/17/02. (Rodriguez,Angela) (Entered: 05/28/2002) |
| 05/24/2002 | 378 | AMENDED NOTICE of change of address by John Cioffoletti in 1:00-cr-00196. (Rodriguez,Angela) (Entered: 05/29/2002) |
| 06/11/2002 | 384 | LETTER dated 6/11/02 from David Pitofsky, AUSA to Judge Glasser requesting an adjournment of the sentencing which is scheduled for 6/24/02 due to deft's death. (fe) (Entered: 06/18/2002) |
| 06/12/2002 | 380 | LETTER dated 6/12/02 from David Pitofsky to Clerk of Court enclosing dissmissing victims' losses (attached). (Rodriguez,Angela) (Entered: 06/13/2002) |
| 06/12/2002 | 381 | ORDER as to Joseph Polito Sr. in 1:00-cr-00196 endorsed on letter dated 6/11/02 from David Pitofsky to Judge Glasser. Sentencing is adjourned. Status report is to be provided on 7/11/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 6/12/02) (Rodriguez,Angela) (Entered: 06/13/2002) |
| 06/12/2002 | 385 | LETTER dated 6/12/02 from David Pitofsky to Clerk of Court enclosing documents which set forth victim losses relating to the deft's illegal activities. (fe) (Entered: 06/18/2002) |
| 06/14/2002 | 383 | LETTER dated 6/12/02 from Jonathan Sack, AUSA to Clerk of the Court concerning restitution payments as to deft Giuseppe Temperino. (fe) (Entered: 06/17/2002) |
| 06/17/2002 | 382 | LETTER dated 6/12/02 from Jonathan Sack to R.Heinemann this letter concerns restitution payments to victims of the deft. (Jackson, Ramona) (Entered: 06/17/2002) |
| 06/20/2002 | 386 | ORDER as to Lawrence Ray in 1:00-cr-00196, adjn. to Sentencing for 10:00 6/26/00 before Senior Judge I. L. Glasser , On ltr. dtd. 6/17/02 from Eric Corngold terminated past due deadlines ( Signed by Senior Judge I. L. Glasser , on 6/17/02) (Jackson, Ramona) (Entered: 06/20/2002) |
| 06/21/2002 | 387 | ORDER as to Abraham Salaman in 1:00-cr00196 Clerk of the Court ender to me a check in the amount $100,000. payable to Abraham SAlaman. On ltr. dtd. 6/18/02 from Joel M.Cohen ( Signed by Senior Judge I. L. Glasser , on 6/19/02) (Jackson, Ramona) (Entered: 06/21/2002) |
| 06/21/2002 | 388 | LETTER dated June 20, 2002 from David B. Pitofsky to Clerk of the Court: Enclosed are documents relating to Mr. Weisenfeld's claim, which are asked to be included with prior submission. (Lee, Stephen) (Entered: 06/24/2002) |
| 07/03/2002 | 389 | LETTER dated July 3, 2002 from AUSA David B. Pitofsky to Clerk of Court: Attached are copies of account opening documents which show the identities of some of the investors who lost money. Additional documents are still being obtained. (Lee, Stephen) (Entered: 07/08/2002) |
| 07/10/2002 | 390 | LETTER dated 7/9/02 from Jonathan S.Sack to Judge Glasser confirm sentence adjourned to 7/31/02 @ 11:30. (Jackson, Ramona) (Entered: 07/10/2002) |
| 07/12/2002 | 391 | ORDER as to John Doukas in 1:00-cr-00196, Granting an extension to July 31, 2002 at 11:30. See letter dated 07/09/02 to Hon. I. Leo Glasser from AUSA Jonathan S. Sack. (Signed by Senior Judge I. L. Glasser, on 07/10/02). (Lee, Stephen) (Entered: 07/17/2002) |
| 07/18/2002 | 392 | ORDER as to Alfred Palagonia in 1:00-cr-00196 endorsed on letter dated 7/17/02 from Joseph Diblasi to Judge Glasser. Defendant is granted a modification of supervision as specified herein. (Signed by Senior Judge I. L. Glasser on 7/18/02) (Rodriguez,Angela) (Entered: 07/22/2002) |
| 07/25/2002 | 393 | ORDER as to Daniel Lev in 1:00-cr-00196 endorsed on memorandum from Probation. Defendant is permitted to travel as specified herein. (Signed by Senior Judge I. L. Glasser on 7/23/02) (Rodriguez,Angela) (Entered: 07/25/2002) |
| 07/26/2002 | 394 | ORDER as to Joseph Polito Sr. in 1:00-cr-00196, dismissing counts 9 and 19 of Indictment ( Signed by Senior Judge I. L. Glasser , on 7/8/02) (Jean (Entered: 07/26/2002) |
| 07/26/2002 | 394 | DISMISSAL of Count(s) on Government Motion as to Joseph Polito in 1:00-cr-00196 party Joseph Polito in 1:00-cr-00196 Counts Dismissed: Joseph Polito (16) count(s) 9, 19 (Jean (Entered: 07/26/2002) |
| 07/30/2002 | 395 | LETTER dated 7/30/02 from Edward McDonald to Judge Glasser requesting a letter re home confinement with a requirement of substantial community service. (Rodriguez,Angela) (Entered: 08/06/2002) |
| 08/02/2002 | 396 | CALENDAR ENTRY as to John Doukas in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 8/2/02 for sentencing. Defense Counsel: Edward McDonald. AUSA: Jonathan Sack. Court Reporter: Diana Pereira. Defendant sentenced on counts 9 and 16 to 9 months imprisonment to be followed by 3 years of supervised release. Defendant to perform 200 hours of community service. Restitution: $4 million, payable to the Clerk of Court. Court recommends camp type facility- Allenwood or Otisville. Defendant to surrender to institution on 9/30/02. (Rodriguez,Angela) (Entered: 08/09/2002) |
| 08/02/2002 | | Sentencing held John Doukas (8) count(s) 9, 16. (Rodriguez,Angela) (Entered: 08/09/2002) |
| 08/09/2002 | 397 | JUDGMENT John Doukas (8) count(s) 9, 16. Defendant sentenced to 9 months imprisonment to be followed by 3 of supervised release. Defendant to perform 200 hours of community service. Restitution: $4 million, payable to the Clerk of Court. Court recommends camp type facility- Allenwood or Otisville. Defendant to surrender to institution on 9/30/02. Defendant assessed $200. (Signed Senior Judge I. L. Glasser on 8/2/02) (Rodriguez,Angela) (Entered: 08/09/2002) |
| 08/09/2002 | | DISMISSAL of Count(s) on Government Motion as to John Doukas in 1:00-cr-00196. Counts Dismissed: John Doukas (8) count(s) 1, 2, 5, 6, 7, 8, 10, 11, 12, 15, 17, 18. (Rodriguez,Angela) (Entered: 08/09/2002) |

| Date | No. | Docket Text |
|---|---|---|
| 09/11/2002 | | ... endorsed on letter dated 9/6/02 from Amy Millard to Judge Glasser. Defendant is permitted to travel as specified herein on condition that defendant advise AUSA of itinerary. (Signed by Senior Judge I. L. Glasser on 9/9/02) (Rodriguez,Angela) (Entered: 09/17/2002) |
| 10/04/2002 | 399 | CERTIFICATE OF SERVICE as to Edmond Nagel: Consent order of forfeiture was executed on 6/11/02. (Rodriguez,Angela) (Entered: 10/08/2002) |
| 10/17/2002 | 400 | SEALED DOCUMENT: correspondence. (AUSA Jonathan Sack,E#1998R00464) (Glenn, Marilyn) (Entered: 10/22/2002) |
| 11/08/2002 | 401 | ORDER as to Alfred Palagonia in 1:00-cr-00196 endorsed on letter dated 11/5/02 from Joseph Diblasi to Judge Glasser. Sentencing is set for 12/2/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 11/5/02) (Rodriguez,Angela) (Entered: 11/12/2002) |
| 11/13/2002 | 402 | SEALED DOCUMENT filed. (Rodriguez,Angela) (Entered: 11/25/2002) |
| 11/25/2002 | 407 | STIPULATION AND ORDER as to Lawrence Ray in 1:00-cr-00196 consenting to substitution of counsel. Edward McDonald is substituted in place and stead of Robert Rosenberg. (Signed by Senior Judge I. L. Glasser on 11/27/02) (Rodriguez,Angela) (Entered: 12/17/2002) |
| 11/26/2002 | 406 | ORDER as to Larry Berman in 1:00-cr-00196 endorsed on letter dated 11/22/02 from Amy Millard to Judge Glasser. Defendant is granted a modification of supervised release as specified herein. (Signed by Senior Judge I. L. Glasser on 11/26/02) (Rodriguez,Angela) (Entered: 12/12/2002) |
| 12/02/2002 | 403 | ORDER as to Lawrence Ray in 1:00-cr-00196 endorsed on letter dated 12/2/02 from Edward McDonald to Judge Glasser. Sentencing is adjourned from 12/3/02 to 1/23/03 at 10:00. (Signed by Senior Judge I. L. Glasser on 12/2/02) (Rodriguez,Angela) (Entered: 12/05/2002) |
| 12/02/2002 | 404 | CALENDAR ENTRY as to Alfred Palagonia in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 12/2/02 for sentencing. Defense Counsel: Joseph DiBlasi. AUSA: Eric Corngold. Court Reporter: Fred Guerino. Defendant sentenced on counts 9 and 11 to one year and one day, plus 3 years of supervised release. Restitution to be paid in the amount of $20 million. Defendant fined $50,000 and assessed $100. The court recommends FCI Allenwood, PA. Defendant to surrender on 2/3/03. (Rodriguez,Angela) (Entered: 12/05/2002) |
| 12/02/2002 | | Sentencing held Alfred Palagonia (14) count(s) 9, 11. (Rodriguez,Angela) (Entered: 12/05/2002) |
| 12/04/2002 | 405 | JUDGMENT Alfred Palagonia (14) count(s) 9, 11 . Defendant sentenced to one year and one day, 3 years of supervised release. Restitution to be paid in the amount $20 million. Defendant fined $50,000 and assessed $200. Court recommends FCI Allenwood, PA. (Signed by Senior Judge I. L. Glasser on 12/2/02) (Rodriguez,Angela) (Entered: 12/05/2002) |
| 12/04/2002 | | DISMISSAL of Count(s) on Government Motion as to Alfred Palagonia in 1:00-cr-00196. Counts Dismissed: Alfred Palagonia (14) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 10, 12, 15, 16, 17, 18. (Rodriguez,Angela) (Entered: 12/05/2002) |

| Date | No. | Docket Text |
|---|---|---|
| 01/03/2003 | 408 | ... The asset was deposited into the seized asset forfeiture fund on 9/23/02. (Rodriguez,Angela) (Entered: 12/27/2002) |
| 01/08/2003 | 409 | ORDER as to Daniel Lev in 1:00-cr-00196 endorsed on letter dated 1/8/03 from Jeffrey Lichtman. Defendant is permitted to travel as specified herein. (Signed by Senior Judge I. L. Glasser on 1/8/03) (Rodriguez,Angela) (Entered: 01/09/2003) |
| 01/13/2003 | 410 | SEALED DOCUMENT filed. (Rodriguez,Angela) (Entered: 01/13/2003) |
| 01/29/2003 | 411 | ORDER as to Alfred Palagonia endorsed on letter dated 1/27/03 from Joseph Diblasi to Judge Glasser. Defendant's surrender date is extended to 3/4/03. (Signed by Senior Judge I. L. Glasser on 1/28/03) (Rodriguez,Angela) (Entered: 01/29/2003) |
| 02/24/2003 | 412 | ORDER as to Walter Durchalter in 1:00-cr-00196 endorsed on letter dated 2/20/03 from Michael Bachner to Judge Glasser. Defendant's bail conditions are modified to permit weekly telephonic reporting. (Signed by Senior Judge I. L. Glasser on 2/20/03) (Rodriguez,Angela) (Entered: 02/24/2003) |
| 02/24/2003 | 413 | SEALED DOCUMENT as to Walter Durchalter in 1:00-cr-00196. (Rodriguez,Angela) (Entered: 02/25/2003) |
| 02/28/2003 | 414 | ORDER as to Lawrence Ray in 1:00-cr-00196 endorsed on letter dated 2/27/03 from Edward McDonald to Judge Glasser. Sentencing is adjourned to 4/9/03 at 10:00. (Signed by Senior Judge I. L. Glasser on 2/27/03) (Rodriguez,Angela) (Entered: 03/03/2003) |
| 03/25/2003 | 415 | MOTION by Abraham Salaman in 1:00-cr-00196 to declare the restitution provision in the 5/9/02 J & C void and unenforceable . (Rodriguez,Angela) Modified on 03/26/2003 (Entered: 03/26/2003) |
| 03/25/2003 | 416 | MEMORANDUM by Abraham Salaman in 1:00-cr-00196 in support of [415-1] motion to declare the restitution provision in the 5/9/02 J & C void and unenforceable. (Rodriguez,Angela) (Entered: 03/26/2003) |
| 03/25/2003 | 417 | Exhibit list by Abraham Salaman in 1:00-cr-00196 in support of motion to declare restitution unenforceable. (Rodriguez,Angela) (Entered: 03/26/2003) |
| 03/28/2003 | 418 | SCHEDULING ORDER as to Abraham Salaman: The government shall file a response to defendant's motion to declare restitution unenforceable by 4/16/03; reply by 4/22/03. A hearing is set for 4/25/03 at 10:00. (Signed by Senior Judge I. L. Glasser on 3/26/03) (Rodriguez,Angela) (Entered: 03/28/2003) |
| 04/01/2003 | 419 | CERTIFICATE OF SERVICE: Legal notice as to Larry Berman published on 2/3/03, 2/10/03, and 2/17/03. (Rodriguez,Angela) Modified on 04/01/2003 (Entered: 04/01/2003) |
| 04/01/2003 | 420 | CERTIFICATE OF SERVICE as to John Ciofoletti: Legal notice published on 2/3/03, 2/10/03, and 2/17/03. (Rodriguez,Angela) (Entered: 04/01/2003) |
| 04/01/2003 | 421 | CERTIFICATE OF SERVICE as to Alfred Palagonia: Legal notice published on 1/31/03, 2/3/03 and 2/10/03. (Rodriguez,Angela) (Entered: 04/01/2003) |
| 04/01/2003 | 422 | CERTIFICATE OF SERVICE as to Abraham Salaman: Legal notice published on 1/31/03, 2/3/03, and 2/10/03. (Rodriguez,Angela) (Entered: 04/01/2003) |

| Date | No. | Docket Text |
|---|---|---|
| 04/09/2003 | 423 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 4/9/03 for setencing. Defendant placed on probation for 5 years, to serve 9 months of home confinement. Defendant to perform 300 hours of community service. Defendant fined $5000 and assessed $100. (Rodriguez,Angela) (Entered: 04/11/2003) |
| 04/09/2003 | | Sentencing held Lawrence Ray (17) count(s) 10. (Rodriguez,Angela) (Entered: 04/11/2003) |
| 04/10/2003 | 424 | JUDGMENT Lawrence Ray (17) count(s) 10. Defendant sentenced to 5 years probation, to serve 9 months of home confinement. Special condition: 300 hours of community service. Fine: $5000. Special assessment: $100. (Signed by Senior Judge I. L. Glasser on 4/9/03) (Rodriguez,Angela) (Entered: 04/11/2003) |
| 04/10/2003 | | DISMISSAL of Count(s) on Government Motion as to Lawrence Ray in 1:00-cr-00196 Counts Dismissed: Lawrence Ray (17) count(s) 9. (Rodriguez,Angela) (Entered: 04/11/2003) |
| 04/14/2003 | 425 | LETTER dated 4/7/03 from Edward McDonald to Judge Glasser requesting that sentencing be adjourned for approximately 4 weeks. (Rodriguez,Angela) (Entered: 04/15/2003) |
| 04/16/2003 | 426 | ORDER as to Abraham Salaman in 1:00-cr-00196 endorsed on letter dated 4/14/03 from Eric Corngold to Judge Glasser. The scheduling order is amended as follows: government's response due 4/23/03; reply by 4/29/03. A hearing is scheduled for 5/2/03 at 10:00. (Signed by Senior Judge I. L. Glasser on 4/15/03) (Rodriguez,Angela) (Entered: 04/16/2003) |
| 04/18/2003 | 427 | LETTER dated 4/14/03 from Eric Corngold to Judge Glasser requesting that the scheduling order for defendant Salaman's motion be adjourned for one week. (Rodriguez,Angela) (Entered: 04/21/2003) |
| 04/21/2003 | 429 | LETTER dated 4/21/03 from Sarah Lum to Judge Glasser enclosing a proposed consent Final Order of Forfeiture as to defendant Cioffoletti. (Rodriguez,Angela) (Entered: 04/25/2003) |
| 04/21/2003 | 431 | LETTER dated 4/21/03 from Sarah Lum to Judge Glasser enclosing a Final Order of Forfeiture as to defendant Palagonia. (Rodriguez,Angela) (Entered: 04/25/2003) |
| 04/21/2003 | 433 | LETTER dated 4/21/03 from Sarah Lum to Judge Glasser enclosing a Final Consent Order of Forfeiture as to defendant Salaman. (Rodriguez,Angela) (Entered: 04/25/2003) |
| 04/22/2003 | 463 | ORDER as to Daniel Lev endorsed on letter dated 4/22/03 from Jeffrey Lichtman to Judge Glasser. Defendant is granted a modification of supervision as requested. Signed by Judge I. Leo Glasser on 4/22/03. (Rodriguez, Angela) (Entered: 10/22/2003) |
| 04/23/2003 | 428 | Government's memorandum in response to defendant's motion for an order declaring this court's restitution order void. (Rodriguez,Angela) (Entered: 04/24/2003) |
| 04/24/2003 | 430 | FINAL ORDER Directing Forfeiture of Property as to John Cioffoletti in 1:00-cr-00196. Certified copies forwarded to parties. (Signed by Senior Judge I. L. Glasser on 4/22/03) (Rodriguez,Angela) (Entered: 04/25/2003) |

| Date | No. | Docket Text |
|---|---|---|
| 04/25/2003 | 432 | FINAL ORDER Directing Forfeiture of Property as to Alfred Palagonia in 1:00-cr-00196. Certfied copies sent to AUSA. (Signed by Senior Judge I. L. Glasser on 4/22/03) (Rodriguez,Angela) (Entered: 04/25/2003) |
| 04/25/2003 | 434 | FINAL ORDER Directing Forfeiture of Property as to Abraham Salaman in 1:00-cr-00196. Certified copies sent to AUSA. (Signed by Senior Judge I. L. Glasser on 4/22/03) (Rodriguez,Angela) (Entered: 04/25/2003) |
| 04/29/2003 | 435 | REPLY MEMORANDUM by Abraham Salaman in 1:00-cr-00196 in support of [415-1] motion to declare the restitution provision in the 5/9/02 J & C void and unenforceable. (Rodriguez,Angela) (Entered: 04/30/2003) |
| 05/01/2003 | 439 | Minute Entry for proceedings held before I. Leo Glasser:Motion Hearing as to Abraham Salaman held on 5/1/2003 re 415 Motion to declare restitution unenforceable. Order of restitution to be vacated. Eric Corngold to submit an order. Decision reserved on remaining issues. (Rodriguez, Angela) (Entered: 05/13/2003) |
| 05/08/2003 | 436 | LETTER dated 05/06/03 from Eric Corngold to Judge Glasser, informing the court that The Government agrees with the defendant that this Court's restitution order should be vacated and that a new restitution order should not be entered. (Sica, Michele) (Marziliano, August). (Entered: 05/08/2003) |
| 05/08/2003 | 437 | LETTER dated 5/6/03 from Eric Corngold to Judge Glasser advising that the government agrees that the court's restitution order should be vacated and that a new order should not be entered. (Rodriguez,Angela) (Entered: 05/09/2003) |
| 05/08/2003 | 438 | ORDER as to Abraham Salaman in 1:00-cr-00196 granting [415-1] motion to declare the restitution provision in the 5/9/02 J & C void and unenforceable as to Abraham Salaman (18). The existing order of restitution is hereby vacated. (Signed by Senior Judge I. L. Glasser on 5/6/03) (Rodriguez,Angela) (Entered: 05/09/2003) |
| 05/15/2003 | 440 | Minute Entry for proceedings held before I. Leo Glasser: Sentencing held on 5/15/2003 for Larry Berman (6), Count(s) 1, 2, 3, 4, 6, 7, 8, Dismissed on government's motion.; Count(s) 5, Defendant sentenced to 3 years probation. Defendant fined $5000 and assessed $100. Defendant to perform 100 of community service. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/19/2003 | 443 | Certificate of Service by USA as to Alfred Palagonia. Final Decree of forfeiture executed. $400.00.00 was transferred into the asset forfeiture fund on 5/8/03. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/19/2003 | 444 | Certificate of Service by USA as to John Cioffoletti. Decree of forfeiture executed. $110,00.00 was transferred into the asset forfeiture fund on 5/8/03. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/19/2003 | 445 | Certificate of Service by USA as to John Cioffoletti: Decree of forfeiture executed. $110,00.00 was transferred into the asset forfeiture fund on 5/8/03. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/19/2003 | 446 | Certificate of Service by USA as to Abraham Salaman. Final Order of Forfeiture executed. $50,000.00 was transferred into the asset forfeiture fund on 5/8/03. (Rodriguez, Angela) (Entered: 05/22/2003) |

| Date | No. | Description |
|---|---|---|
| 05/20/2003 | 440 | FINAL ORDER DIRECTING FORFEITURE OF PROPERTY as to Edmond Nagel. Signed by Judge I. Leo Glasser on 5/20/03. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/22/2003 | 441 | JUDGMENT as to Larry Berman (6), Count(s) 1, 2, 3, 4, 6, 7, 8, Dismissed on government's motion. Count(s) 5, Defendant sentenced to 3 years probation. Defendant fined $5000 and assessed $100. Defendant to perform 100 of community service. Signed by Judge I. Leo Glasser on 5/15/03. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 05/22/2003 | 447 | Letter dated 5/14/03 from Eric Corngold to Judge Glasser advising that the government is unable to provide victim losses. The government submits that the defendant should not be ordered to pay restitution. (Rodriguez, Angela) (Entered: 05/22/2003) |
| 06/04/2003 | 452 | Letter dated 6/4/03 from Sarah Lum to Judge Glasser enclosing a proposed final order of forfeiture as to Larry Berman. (Rodriguez, Angela) (Entered: 06/10/2003) |
| 06/05/2003 | 450 | TRANSCRIPT of Proceedings as to Abraham Salaman held on 5/1/03 before Judge Glasser (hearing). Court Reporter: Gene Rudolph. (Rodriguez, Angela) (Entered: 06/05/2003) |
| 06/06/2003 | 451 | FINAL ORDER DIRECTING FORFEITURE OF PROPERTY as to Larry Berman. Signed by Judge I. Leo Glasser on 6/4/03. (Rodriguez, Angela) (Entered: 06/10/2003) |
| 06/09/2003 | 453 | Letter dated 5/22/03 from Magdelyn Baez, USPO, to Judge Glasser requesting clarification of the Court's order to vacate restitution as to defendant Salaman. (Rodriguez, Angela) (Entered: 06/12/2003) |
| 06/09/2003 | 454 | Letter dated 6/3/03 from Judge Glasser to Magdelyn Baez, USPO. The government is in the process of drafting an order addressing the clarification sought re: order vacating defendant Salaman's restitution order. (Rodriguez, Angela) (Entered: 06/12/2003) |
| 07/17/2003 | 457 | ORDER CLARIFYING CONDITIONS OF PROBATION as to Abraham Salaman. (Signed by Judge I. Leo Glasser on 7/14/03). (Piper, Francine) (Entered: 07/17/2003) |
| 07/25/2003 | 458 | Certificate of Service by USA as to Larry Berman: $300,00 was transferred into the asset forfeiture fund on 6/16/03. A check in the amount of $300,000 was deposited into the fund on 6/16/03. (Rodriguez, Angela) (Entered: 07/29/2003) |
| 07/25/2003 | 459 | Certificate of Service by USA as to Edmond Nagel: $100,000 and $350,000 transferred into the asset forfeiture fund on 6/16/03. (Rodriguez, Angela) (Entered: 07/29/2003) |
| 08/04/2003 | 460 | Certificate of Service by USA as to Frank Coppa Sr., Ernest Montevecchi, Daniel Persico, Jack Basile, Rocco Basile, Larry Berman, John Cioffoletti, John Doukas, Walter Durchalter, Edward Garafola, Daniel Lev, Eugene Lombardo, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray, Abraham Salaman, Giuseppe Temperino, For a final order of forfeiture . service upon Condor Capital, Inc. stock certificate numbers 0663 and 0664 c/o United States Marshals Service. date 7/8/03.; Condor Capital Inc stock certificate #0663 and |

| Date | No. | Description |
|---|---|---|
| | | Brooklyn, NY on 07/08/03. (Sica, Michele) (Entered: 08/08/2003) |
| 08/27/2003 | 462 | ORDER as to Giuseppe Temperino endorsed on memorandum from Probation Dept. Defendant is granted a modification of supervision as requested. Signed by Judge Frederic Block on 8/25/03. (Rodriguez, Angela) (Entered: 08/27/2003) |
| 12/18/2003 | 464 | ORDER as to Daniel Lev endorsed on letter dated 12/2/03 from Jeffrey Lichtman to Judge Glasser. Defendant is granted a modification of supervision as requested. Signed by Judge I. Leo Glasser on 12/2/03. (Rodriguez, Angela) (Entered: 12/19/2003) |
| 12/22/2003 | 465 | ORDER as to Walter Durchalter endorsed on letter dated 12/18/03 from Eric Corngold to Judge Glasser. Se3ntencing is adjourned to 2/12/04 at 10:00. Signed by Judge I. Leo Glasser on 12/18/03. (Rodriguez, Angela) (Entered: 12/22/2003) |
| 01/15/2004 | 467 | MOTION for Leave to Appear pro hac vice Attorney: Michael V. Gilberti. by Lawrence Ray. (Rodriguez, Angela) (Entered: 01/26/2004) |
| 01/15/2004 | 468 | ORDER as to Lawrence Ray re 467 MOTION for Leave to Appear pro hac vice filed by Lawrence Ray. Attorney Michael V. Gilberti admitted as counsel. Signed by Judge I. Leo Glasser on 1/16/04. (Rodriguez, Angela) (Entered: 01/26/2004) |
| 01/15/2004 | | Attorney update in case as to Lawrence Ray. Attorney Michael V. Gilberti for Lawrence Ray added. Attorney Jonathan S. Sack terminated. (Rodriguez, Angela) (Entered: 01/26/2004) |
| 01/23/2004 | 466 | AFFIDAVIT of Thomas Roth submitted in response to Lawrence Ray's claim of constitutional ineffective assistance of counsel. (Rodriguez, Angela) (Entered: 01/23/2004) |
| 02/23/2004 | 469 | SEALED DOCUMENT filed. (Rodriguez, Angela) (Entered: 03/02/2004) |
| 03/12/2004 | 470 | ORDER as to Walter Durchalter endorsed on letter dated 3/11/04 from Michael Bachner to Judge Glasser. Sentencing is adjourned to 5/4/04 at 10:00. Signed by Judge I. Leo Glasser on 3/12/04. (Rodriguez, Angela) (Entered: 03/16/2004) |
| 04/06/2004 | 471 | Letter from Michael V.Gilberti to Judge Glasser dtd. 3/26/04 reply to Gov't opposition to Mr Ray's motion for reconsideration. (Jackson, Ramona) (Entered: 04/06/2004) |
| 04/30/2004 | 472 | ORDER as to Walter Durchalter endorsed on letter dated 4/29/04 from Michael Bachner Judge Glasser. Sentencing is adjourned to 5/28/04 at 10:00. Signed by Judge I. Leo Glasser on 4/29/04. (Rodriguez, Angela) (Entered: 05/03/2004) |
| 05/27/2004 | 473 | ORDER as to Walter Durchalter, Requesting the adjournment of Mr. Durchhalter's May 298th 2004 sentencing until 06/14/04 (see letter dtd 05/25/04 . Signed by Judge I. Leo Glasser on 05/25/04. (Sica, Michele) (Entered: 05/27/2004) |
| 06/08/2004 | 474 | Notice of MOTION for Certificate of Appealability by Lawrence Ray. (Sica, Michele) (Entered: 06/08/2004) |
| 06/08/2004 | | ORDER as to Lawrence Ray, This Motion for a certificate of appealability is DENIED for the reason that the applicant has not made a substantial showing of a denial of a constitutional right. (Endorsed on motion Doc #474) . Signed by Judge I. Leo Glasser on 6/4/04. (Sica, Michele) (Entered: 06/08/2004) |

| Date | No. | Description |
|---|---|---|
| 06/08/2004 | 475 | AFFIDAVIT of Michael V. Gilberti attorney for Lawrence Ray, in support of motion for a certificate of appealability (Sica, Michele) (Entered: 06/08/2004) |
| 06/14/2004 | 476 | Minute Entry for proceedings held before I. Leo Glasser :Sentencing held on 6/14/2004 for Walter Durchalter (9), Count(s) 1, 10, 11, 12, 2, 3, 5, 8, 9, Dismissed on governments motion; Count(s) 4, 6, 7, Imprisonment for a total term of 24 months, The court recommends that the defendant be designated to a facility in the New York area. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2p.m. on 08/23/04. Supervised release for a Three year term. Special Assessment of $200.00 and Fine of $50,000.00. The other nine counts are dismissed on the motion of The United States. Defense Counsel: Michael Bachner, (Sica, Michele) (Court Reporter Henry Shapiro.) (Sica, Michele) (Entered: 06/29/2004) |
| 06/14/2004 | 477 | JUDGMENT as to Walter Durchalter (9), Count(s) 1, 10, 11, 12, 2, 3, 5, 8, 9, Dismissed on governments motion; Count(s) 4, 6, 7, Imprisonment for a total term of 24 months, The court recommends that the defendant be designated to a facility in the New York area. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2p.m. on 08/23/04. Supervised release for a Three year term. Special Assessment of $200.00 and Fine of $50,000.00. The other nine counts are dismissed on the motion of the United States. . Signed by Judge I. Leo Glasser on 6/14/04. (Sica, Michele) (Entered: 06/29/2004) |
| 08/27/2004 | 478 | ORDER as to Walter Durchalter, GRANTING that the defendants surrender date be adjourned until 09/19/04. (see ltr dtd 8/19/04) . Signed by Judge I. Leo Glasser on 8/20/04. (Sica, Michele) (Entered: 08/27/2004) |
| 10/20/2004 | 481 | Notice of MOTION for Early Termination of Probation for Larry Berman (6) Count 5 by Larry Berman. (Sica, Michele) (Entered: 10/20/2004) |
| 10/20/2004 | 482 | ORDER as to Larry Berman, That, the term of Probation imposed by this Court on May 15, 2003 in this matter be and is hereby terminated . Signed by Judge I. Leo Glasser on 10/15/04. (Sica, Michele) (Entered: 10/20/2004) |
| 01/25/2006 | 483 | NOTICE OF ATTORNEY APPEARANCE: J. Bruce Maffeo appearing for Lawrence Ray *J. Bruce Maffeo is Substituting in for Michael V. Gilberti for the purpose of a violation of probation by Lawrence Ray, defendant.* (Maffeo, J.) (Entered: 01/25/2006) |
| 01/30/2006 | | Minute Entry: Case called before Judge J. Leo Glasser on 1/30/06 for Violation of Probation Hearing as to defendant Lawrence Ray. AUSA: Eric Corngold. Defense Counsel: Bruce Maffeo. Court Reporter: Anthony Frisolone. Defendant enters a plea of Guilty to Violations 2A, 2B and 3. Defendant is sentenced to 6 months of imprisonment. After the term of imprisonment is completed, defendant's supervised release will be reinstated for the same period of time as the unexpired term. The court recommends that the defendant be designated to a facility in the Hudson County, NJ area. The court further recommends that defendant be given his prescribed medications. (Johnson, Tanya) (Entered: 01/30/2006) |
| 02/06/2006 | 484 | Violation Probation/Supervised Release Order as to Lawrence Ray . Ordered by Judge I. Leo Glasser on 1/30/06. (Sica, Michele) (Entered: 02/06/2006) |

| Date | No. | Description |
|---|---|---|
| 09/25/2006 | 486 | ORDER Granted as to Aleks Paul for the request to travel on business . Ordered by Judge I. Leo Glasser on 9/5/06. (Sica, Michele) (Entered: 09/25/2006) |
| 12/27/2006 | 487 | ORDER FOR THE REQUEST FOR MODIFYING THE CONDITIONS OR TERMS OF SUPERVISION as to Walter Durchalter. The Court Orders the modification of conditions: the defendant shall make payments in the amount of $200 per month towards his fine . Ordered by Judge I. Leo Glasser on 12/22/06. (Sica, Michele) (Entered: 12/27/2006) |
| 02/06/2007 | 489 | ORDER FOR ISSUANCE OF ARREST WARRANT as to Lawrence Ray. Ordered by Judge I. Leo Glasser on 2/6/2007. (Abdallah, Fida) (Entered: 06/18/2007) |
| 05/29/2007 | 488 | ENDORSED ORDER on letter dated May 29, 2007, from Rosiani L. Schuricht, U.S. Probation Officer, to Judge Glasser: Request for provisions to be installed as to Aleks Paul's travel request is GRANTED. See attached for details. Ordered by Judge I. Leo Glasser on 5/29/2007. (Abdallah, Fida) (Entered: 05/29/2007) |
| 06/14/2007 | 490 | Arrest Warrant Returned Executed on 6/13/2007 in case as to Lawrence Ray. (Abdallah, Fida) (Entered: 06/18/2007) |
| 06/15/2007 | 491 | Minute Entry for proceedings held before Hon. Viktor V. Pohorelsky: Initial Appearance re Revocation of Probation as to Lawrence Ray held on 6/15/2007. Appearances: AUSA Jonathan Green and Def counsel Louis Freeman. Bail hearing set for 6/21 @ 2:30 before Judge Glasser. Dft arraigned on the violation of probation. Status conference set for 6/21/07 @ 2:30 p.m. before Judge Glasser. Temporary Order of detention entered. (Log # 4:18 - 4:27) (Abdallah, Fida) (Entered: 06/18/2007) |
| 06/15/2007 | 492 | CJA 20: Appointment of Attorney Louis M. Freeman for Dft Lawrence Ray. Ordered by Judge Viktor V. Pohorelsky on 6/15/2007. (Abdallah, Fida) (Entered: 06/18/2007) |
| 06/15/2007 | 493 | ORDER OF TEMPORARY DETENTION Pending Hearing Pursuant to Bail Reform Act as to Lawrence Ray: It is Ordered that a detention hearing is set for 6/21/2007 at 2:30 before Judge Glasser. Ordered by Judge Viktor V. Pohorelsky on 6/15/2007. (Abdallah, Fida) (Entered: 06/18/2007) |
| 07/11/2007 | | Minute Entry for proceedings held before I. Leo Glasser:Probation Revocation Hearing as to Lawrence Ray held on 7/11/2007. AUSA Jonathan Green for the Government. Louis Freeman for Defendant. Probation Officer Robert Anton. Defendant was arraigned and pled NOT GUILTY to charges ONE (1) to SIX(6). Defendant made a bail application. Application was DENIED pending more information. An Evidentiary Hearing is scheduled for July 19, 2007 at 11:30 am. Defendant remains in custody. (Court Reporter Diane Molas.) (Francis, Ogoro) (Entered: 07/11/2007) |
| 07/18/2007 | 494 | ORDER That DYFS to produce Talia Ray for the within referenced hearing as to Lawrence Ray on July 19, 2007 at 10:30 am before the Honorable I Leo glasser. Ordered by Judge I. Leo Glasser on 7/17/07. (Sica, Michele) (Entered: 07/18/2007) |
| 07/18/2007 | 495 | Letter *Concerning the Defendant's Violation Hearing* as to Lawrence Ray (Green, Jonathan) (Entered: 07/18/2007) |

| Date | # | Description |
|---|---|---|
| 07/19/2007 | | A Status Conference ... Lawrence Ray ... before I. Leo Glasser ... (Francis, Ogoro) (Entered: 07/19/2007) |
| 07/23/2007 | | Minute Entry for proceedings held before I. Leo Glasser: Probation Revocation Hearing as to Lawrence Ray held on 7/19/2007. AUSA Jonathan Green on behalf of the Government. Defense Counsel Louis Freeman on behalf of Defendant. Probation Officer Robert Anton. A hearing was held. Testimony was heard from witnesses. Charge # One(1) was dismissed by the Court. The Court found the Defendant GUILTY On Charges Three (3), Four(4), Five (5) and Six(6). As to Charge Two(2). The Court is giving Defense Counsel time to provide sufficient evidence in regards to pending Charge. Hearing will be continued on July 31, 2007 at 10am, where a Final determination of Charges will be made. Defendant remains in Custody. (Court Reporter Fred Guerino 718-613-2503.) (Francis, Ogoro) (Entered: 07/23/2007) |
| 07/30/2007 | 497 | Letter (Adjournment Request) as to Lawrence Ray (Freeman, Louis) (Entered: 07/30/2007) |
| 07/31/2007 | | A Preliminary Revocation Hearing as to Lawrence Ray was held on 7/31/2007 before Senior District Judge, I. Leo Glasser. AUSA Jonathan Green appeared on behalf of the Government. Louis Freeman appeared on behalf of the Defendant Ray, who was not present for the proceedings. As per Mr. Freeman's letter regarding adjourning the proceedings until September 2007, request was GRANTED by the Court. The case has been adjourned to September 11, 2007 at 11am. Defendant remains in custody. (Court Reporter Gene Rudolph.) (Francis, Ogoro) (Entered: 07/31/2007) |
| 09/10/2007 | 498 | Letter Requesting an adjournment as to Lawrence Ray (Freeman, Louis) (Entered: 09/10/2007) |
| 09/12/2007 | 499 | ORDER as to Lawrence Ray GRANTED for the adjournment of sentencing from 09-11-07 until 10-19-07 at 11:00 am. Ordered by Judge I. Leo Glasser on 9/10/07. (Sica, Michele) (Entered: 09/12/2007) |
| 10/16/2007 | | A Status Conference as to Lawrence Ray was held on 10/16/2007 before the Honorable I. Leo Glasser. AUSA Jonathan Green appeared on behalf of the Government. Defense Counsel Louis Freeman appeared on behalf of the defendant. The Court was informed by the U.S. Marshall's, that the defendant was not feeling well this morning, therefore he was not produced. Defense Counsel relayed to the Court that he and his client had some issues. The Court advised Defense Counsel that he would not hear anything on the matter. The Court advised Defense Counsel that if he had any applications, he should make it by writing to the Court. (Court Reporter Shelly Silverman.) (Francis, Ogoro) (Entered: 10/16/2007) |
| 10/18/2007 | 500 | Letter request for adjournment of court appearance as to Lawrence Ray (Freeman, Louis) (Entered: 10/18/2007) |
| 10/18/2007 | 501 | ORDER as to Lawrence Ray GRANTED for the adjournment of Court matter from 10-19-07 until 11-08-07 at 10:00 am. Ordered by Judge I. Leo Glasser on 10/18/07. (Sica, Michele) (Entered: 10/18/2007) |
| 10/16/2007 | 502 | TRANSCRIPT of Status Conference as to Lawrence Ray held on 10/16/2007 before Judge I. Leo Glasser. Court Reporter: Sheldon Silverman. (Brucella, Michele) (Entered: 10/30/2007) |
| 11/02/2007 | 503 | TRANSCRIPT of Arraignment as to Lawrence Ray held on June 15, 2007 before Judge Pohorelsky. Transcript produced by Transcription Plus II. (Rocco, Christine) (Entered: 11/02/2007) |
| 11/05/2007 | 504 | TRANSCRIPT of violation of supervised release Proceedings as to Lawrence Ray held on 7/11/07 before Judge Glasser. AUSA: Jonathan Green, Defense Attny: Louis Freeman. Court Reporter: Alan Sherman. (Sica, Michele) (Entered: 11/05/2007) |
| 11/07/2007 | 505 | Letter Requesting a Brief Adjournment as to Lawrence Ray (Freeman, Louis) (Entered: 11/07/2007) |
| 11/07/2007 | 506 | ORDER as to Lawrence Ray re 505 Letter DENIED. So Ordered by Judge I. Leo Glasser on 11/7/2007. (Toribio, Winnethka) (Entered: 11/07/2007) |
| 11/07/2007 | | NOTICE OF HEARING as to Lawrence Ray: Final Probation Revocation Hearing RESCHEDULED for 12/14/2007 at 10:00 AM in 8B South before Senior-Judge I. Leo Glasser. (Francis, Ogoro) (Entered: 11/07/2007) |
| 12/11/2007 | 507 | MOTION to Continue Violation hearing by Lawrence Ray. (Freeman, Louis) (Entered: 12/11/2007) |
| 12/11/2007 | 508 | NOTICE OF ATTORNEY APPEARANCE: Sidney Baumgarten appearing for Lawrence Ray (Baumgarten, Sidney) (Entered: 12/11/2007) |
| 12/12/2007 | 509 | ORDER as to Lawrence Ray GRANTING the request for the adjournment of the violation of supervised release hearing scheduled for 12/14/07 until 01/25/08 @ 10:30 a.m.. Ordered by Senior Judge I. Leo Glasser on 12/11/07. (Sica, Michele) (Entered: 12/12/2007) |
| 12/18/2007 | | Incorrect Case-Document Information filed as to Lawrence Ray. Docket entry #510, previously filed as an Order Modifying Conditions or Term of Supervision as to Hannah Kakish, on 12/12/07 has been deleted. (Brucella, Michele) (Entered: 12/18/2007) |
| 12/20/2007 | 510 | TRANSCRIPT of Conference as to Lawrence Ray held on 7/31/2007 before Judge Glasser. Court Reporter:Gene Rudolph. (Toribio, Winnethka) (Entered: 12/20/2007) |
| 12/27/2007 | | Motions terminated as to Lawrence Ray: 507 MOTION to Continue Violation hearing filed by Lawrence Ray.Order Endorsed on Doc #509. Ordered by Senior Judge I. Leo Glasser on 12/27/2007. (Francis, Ogoro) (Entered: 12/27/2007) |
| 01/25/2008 | 511 | Minute Entry for proceedings held before Senior Judge I. Leo Glasser: For a Final Hearing re Revocation of Supervised Release as to Lawrence Ray held on 1/25/2008. Case called. Deft. appear with counsel. Final revocation hearing held. Deft reinstated to supervision. Sentencing held. Defendant was sentenced to time served. The current terms of supervision are to be continued (Court Reporter Marie Foley.) (Sica, Michele) (Entered: 01/28/2008) |
| 01/25/2008 | 512 | Violation Probation/Supervised Release Order as to Lawrence Ray IMPRISONMENT: TIME SERVED; SUPERVISED RELEASE: THE CURRENT SUPERVISED RELEASE TERMS ARE TO BE CONTINUED. Ordered by Senior Judge I. Leo Glasser on 1/25/08. (Sica, Michele) (Additional attachment(s) added on 2/11/2008: # 1 page 4 of doc #512) (Sica, Michele). (Entered: 01/29/2008) |
| 03/01/2010 | 513 | ORDERfor Petition for Warrant or Summons for Offender Under Supervision as to Alfred Palagonia; The Courts Orders: The issuance of a Summons. U.S. Probation Officer Recommends that the Terms of Supervision should be Revoked. Ordered by Senior Judge I. Leo Glasser on 3/1/2010. (Sica, Michele) (Entered: 03/01/2010) |
| 03/11/2010 | 514 | ORDER as to Alfred Palagonia, THE COURT ORDERS: The Modification of Conditions as Noted Above. Ordered by Senior Judge I. Leo Glasser on 09/21/07. (Sica, Michele) (Entered: 03/11/2010) |
| 03/15/2010 | 515 | Summons Returned Executed on 03/01/10 as to Alfred Palagonia (Sica, Michele) (Entered: 03/17/2010) |
| 10/21/2010 | 516 | ENDORSED ORDER on (faxed) letter dtd. 10/21/10 filed by Joseph J. DiBlasi as to Alfred Palagonia, granting his request that the Violation of Probation Hearing be adjrn'd. from 10/28 to 12/10/10. (Revocation Probation Hearing set for 12/10/2010 at 11:00 AM in Courtroom 8B South before Senior Judge I. Leo Glasser). So Ordered by Senior Judge I. Leo Glasser on 10/21/2010. (Layne, Monique) (Entered: 10/21/2010) |
| 12/08/2010 | 517 | ENDORSED ORDER re: letter (faxed) dated 12/7/10 from Joseph v. DiBlasi, Esq., requesting an adjournment of the conference as to Alfred Palagonia scheduled for 12/10/10. The application is granted, and the conference will take place on 1/7/11 at 10:30 a.m. in Courtroom 8B South before Senior Judge I. Leo Glasser. So Ordered by Senior Judge I. Leo Glasser on 12/8/2010. (Manuel, Germaine) (Entered: 12/09/2010) |
| 01/06/2011 | 518 | NOTICE OF ATTORNEY APPEARANCE Sarah Mary Coyne appearing for USA. (Coyne, Sarah) (Entered: 01/06/2011) |
| 01/10/2011 | 519 | Minute Entry for proceedings held before Senior Judge I. Leo Glasser:Initial Appearance or Revocation of Supervised Release as to Alfred Palagonia held on 1/10/2011. AUSA S. Coyne. Deft advised of rights and ENTERS Plea of NOT GUILTY to Charges One, Two and Three of the Violation. Parties request add'l time to resolve monetary issues. Case adjrn'd. until 3/4/11. (Court Reporter V. Butler). (Layne, Monique) (Entered: 01/11/2011) |
| 03/01/2011 | 520 | Letter MOTION for Hearing Extension of Probation Violation by Alfred Palagonia. (DiBlasi, Joseph) (Entered: 03/01/2011) |
| 03/02/2011 | 521 | ENDORSED ORDER granting 520 Motion for a three-week continuance re: violation hearing as to Alfred Palagonia (14). So Ordered by Senior Judge I. Leo Glasser on 3/1/2011. (Manuel, Germaine) (Entered: 03/02/2011) |
| 03/25/2011 | 522 | Minute Entry for proceedings held before Senior Judge I. Leo Glasser:Final Hearing re Revocation of Supervised Release as to Alfred Palagonia held on 3/25/2011. AUSA S. Coyne. J. DiBlasi, Esq. ret. for Deft. advised of rights and Enters Plea of GUILTY to Charges 3 of the Violation. Current term of Supervision revoked. Sentencing held. Sentence: One day. New term of Supervised Release: 2 yrs. w/Special Conditions of Supervision. Special Assessment of $50,000.00 re-imposed. Fine of $20,000,000.00 re-imposed. Deft. shall self surrender on 4/27/11 at 9:00 a.m. to U.S. Marshal, EDNY. (Court Reporter G. Rudolph) (Layne, Monique) (Entered: 04/12/2011) |
| 03/25/2011 | 525 | Minute Entry for proceedings held before Senior Judge I. Leo Glasser:AMENDED Final Hearing re Revocation of Supervised Release as to Alfred Palagonia held on 3/25/2011. AUSA S. Coyne. J. DiBlasi, Esq. ret. for Deft. Deft. advised of rights and Enters Plea of GUILTY to Charges 3 of the Violation. Sentence: One day. Current term Supervised Release revoked. New term of Supervised Release: 2 yrs. w/Special Conditions of Supervision. Fine of $50,000.00 re-imposed. RESTITUTION: $20,000,000.00 re-imposed. Deft. shall self surrender on 4/27/11 to U.S. Marshal. (Court Reporter G. Rudolph) (Layne, Monique) (Entered: 04/13/2011) |
| 04/12/2011 | 523 | Violation Probation/Supervised Release Order as to Alfred Palagonia. Deft. admitted guilt to Violation of Conditions 3 of the term of supervision. IMPRISONMENT: 1 day. SUPERVISED RELEASE: 2 years. w/SPECIAL CONDITIONS OF SUPERVISION. SPECIAL ASSESSMENT: $50,000.00 (Re-Imposed). FINE. 20,000,000.00 (Re-Imposed). RESTITUTION: $50,000.00 (Re-Imposed). So Ordered by Senior Judge I. Leo Glasser on 4/5/2011. C-E/M as to defse. counsel. (Layne, Monique) (Entered: 04/12/2011) |
| 04/13/2011 | 526 | AMENDED Violation Supervised Release Order as to Alfred Palagonia. IMPRISONMENT: 1 day. SUPERVISED RELEASE: 2 years. w/SPECIAL CONDITIONS OF SUPERVISION. FINE: 50,000.00 (Re-Imposed). RESTITUTION: $ 20,000,000.00 (Re-Imposed). Ordered by Senior Judge I. Leo Glasser on 4/13/2011. C-E/M. (Layne, Monique) (Entered: 04/13/2011) |
| 12/14/2011 | 528 | MOTION for Victim Rights on behalf of Ernest Gottdiener, Judith Gottdiener, Ervin Tausky and Suan Investments by USA as to Alfred Palagonia. (Attachments: # 1 Declaration in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Certificate of Service) (Harwick, John) (Entered: 12/14/2011) |
| 12/29/2011 | 529 | MOTION for Extension of Time to File Response/Reply as to 528 MOTION for Victim Rights on behalf of Ernest Gottdiener, Judith Gottdiener, Ervin Tausky and Suan Investments by USA as to Alfred Palagonia. (Dickman, Mary) (Entered: 12/29/2011) |
| 01/04/2012 | 530 | ENDORSED ORDER as to Alfred Palagonia, granting AUSA M. Dickman's application re 529 MOTION for Extension of Time until 2/15/12, to File Response to 528 MOTION for Victim Rights on behalf of Ernest Gottdiener, Judith Gottdiener, Ervin Tausky and Suan Investments. Ordered by Senior Judge I. Leo Glasser on 1/3/2012. (Layne, Monique) (Entered: 01/04/2012) |
| 02/15/2012 | 531 | NOTICE OF ATTORNEY APPEARANCE Michael Lloyd Yaeger appearing for USA. (Yaeger, Michael) (Entered: 02/15/2012) |
| 02/15/2012 | 532 | RESPONSE to Motion re 528 MOTION for Victim Rights on behalf of Ernest Gottdiener, Judith Gottdiener, Ervin Tausky and Suan Investments (Yaeger, Michael) (Entered: 02/15/2012) |

| 02/17/2012 | | Letter ... as to Alfred Palagonia ... (Entered: 02/17/2012) |
|---|---|---|
| 03/16/2012 | 534 | Letter *in response to the Court's letter of February 17, 2012* as to Alfred Palgonia (Yaeger, Michael) (Entered: 03/16/2012) |
| 04/24/2012 | 535 | MOTION for Extension of Time to File *by victims with respect to Alfred Palagonia's stock fraud scheme* by USA as to Alfred Palagonia. (Harwick, John) (Entered: 04/24/2012) |
| 04/25/2012 | 536 | ENDORSED ORDER, granting 535 Motion for Extension of Time until 5/24/12, to submit add'l proof re victims as to Alfred Palagonia's stock fraud scheme. Ordered by Senior Judge I. Leo Glasser on 4/25/2012. (Layne, Monique) (Entered: 04/25/2012) |
| 05/17/2012 | 537 | REPLY TO RESPONSE to Motion re 535 MOTION for Extension of Time to File *by victims with respect to Alfred Palagonia's stock fraud scheme additional extension requested* (Harwick, John) (Entered: 05/17/2012) |
| 05/18/2012 | 538 | ENDORSED ORDER, on doc. 537 from counsel J. Harwick to Judge Glasser, as to Alfred Palagonia, granting an extra 2 weeks extension until 6/7/12, to submit legal and factual arguments supporting the victims' claims for compensation. Ordered by Senior Judge I. Leo Glasser on 5/18/2012. (Layne, Monique) (Entered: 05/18/2012) |
| 06/07/2012 | 539 | MOTION to Continue *by John F. Harwick, Esq., attorney for the Estate of Ernest Gottdiener and Judith Gottdiener, Ervin Tausky and Suan Investments, Inc.* by USA as to Alfred Palagonia. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14Exhibit, # 15 Exhibit) (Harwick, John) (Entered: 06/07/2012) |
| 06/07/2012 | 540 | MOTION to Continue *Memorandum of Law by John F. Harwick, Esq. on behalf of the Estate of Ernest Gottiener and Judith Gottdiener, Ervin Tausky and Suan Investments, Inc.* by USA as to Alfred Palagonia. (Harwick, John) (Entered: 06/07/2012) |
| 06/07/2012 | 541 | MOTION to Continue *Certificate of Service* by USA as to Alfred Palagonia. (Harwick, John) (Entered: 06/07/2012) |
| 06/07/2012 | 542 | MOTION to Continue *Exhibits not contained within first filing* by USA as to Alfred Palagonia. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Harwick, John) (Entered: 06/07/2012) |
| 06/21/2012 | 543 | MOTION to Continue *Status Report* by USA as to Alfred Palagonia. (Harwick, John) (Entered: 06/21/2012) |
| 06/21/2012 | | Motions terminated, docketed incorrectly. as to Alfred Palagonia: 543 MOTION to Continue *Status Report* filed by USA. This is not a motion; it is a letter containing a status report. (Kessler, Stanley) (Entered: 06/27/2012) |
| 07/02/2012 | | NOTICE OF HEARING ON MOTION in case as to Alfred Palagonia 528 . The motion for victims' rights on behalf of Ernest Gottdiener, Judith Gottdiener, Ervin Tausky and Suan Investments is scheduled for oral argument on 7/30/2012 at |

| 07/30/2012 | 544 | Minute Entry for proceedings held before Judge I. Leo Glasser on 7/30/2012: Case called. John F. Harwick, Esq. present for the applicants Ernest Gottdiener, Judith Gottdiener, Ervin Tausky and Suan Investments (The Victims). AUSA Michael L. Yaeger present for the Government. The interests of Ernest Gottdiener, Judith Gottdiener, Ervin Tausky and Suan Investments (The Victims) for an award of restitution from the defendant Alfred Pagonia is argued. Both parties are to file additional papers not later than 8/6/2012. Decision reserved. (Court Reporter Mary Agnes Drury.) (Kessler, Stanley) (Entered: 07/30/2012) |
|---|---|---|
| 08/06/2012 | 545 | Letter *Joint Submission (John Harwick and Miachel Yaeger)* as to Alfred Palagonia (Harwick, John) (Entered: 08/06/2012) |
| 09/10/2012 | 546 | ORDER as to Alfred Palagonia. At the conclusion of a proceeding held on March 25, 2011, 522   Supervised Release - Final Revoc. Hrg., the defendant asked whether the Court "would... consider sealing [it] after it is completed." The government did not join in that request. I indicated at the time that I would consider it.Tr.13. My attention has just been called to the fact that brief colloquy has eluded me and addressing it now, I must deny it. Ordered by Judge I. Leo Glasser on 9/10/2012. (Layne, Monique) (Entered: 09/10/2012) |
| 09/20/2012 | 547 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Alfred Palagonia held on 3/25/11, before Judge Glasser. Court Reporter/Transcriber G. Rudolph, Telephone number 718-613-2538. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/11/2012. Redacted Transcript Deadline set for 10/22/2012. Release of Transcript Restriction set for 12/19/2012. (Rudolph, Gene) (Entered: 09/20/2012) |
| 09/21/2012 | 548 | TRANSCRIPT of Proceedings as to Walter Durchalter held on 6/14/04, before Judge Glasser. Court Transcriber Henry Shapiro, Telephone number hrses@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/12/2012. Redacted Transcript Deadline set for 10/22/2012. Release of Transcript Restriction set for 12/20/2012. (Hong, Loan) (Entered: 09/21/2012) |
| 10/26/2012 | 549 | Letter MOTION to Continue by Estate of Ernest Gottdiener as to Alfred Palagonia. (Attachments: # 1 proposed Order) (Harwick, John) (Entered: 10/26/2012) |
| 11/06/2012 | 550 | ORDER as to Alfred Palagonia (14). The Estate of Ernest and Judit Gottdiener, Ervin Tausky and Suan Investments, Inc. will be entitled to restitution in the amount or \$1.3 million dollars herein and that the United States of America shall make payment to the aforesaid Victims within 60 days of the signing and filing of this Order. Ordered by Judge I. Leo Glasser on 11/2/2012. (Lee, Tiffeny) (Entered: 11/06/2012) |

| 12/07/2012 | 551 | Letter *from the parties jointly requesting that the Court amend its order dated November 2, 2012* as to Alfred Palagonia (Attachments: # 1 Exhibit A) (Yaeger, Michael) (Entered: 12/07/2012) |
|---|---|---|
| 12/11/2012 | 552 | Order as to defendant Alfred Palagonia (14) amending and superseding the order (#550) dated 11/2/2012. The Estate of Ernest and Judit Gottdiener, Ervin Tausky and Suan Investments, Inc. will be entitled to restitution in the amount of \$1.3 million dollars which shall be payable to their attorneys trust account, Mark A. Tepper, P.A. IOLA Trust Account. The Clerk of the Court shall distribute the money to the extent that funds have been collected within 45 days of the signing and filing of this order, and as additional money is collected it should be distributed in accordance with the above. Ordered by Judge I. Leo Glasser on 12/10/2012. Copies forwarded to Financial Section. (Kessler, Stanley) (Entered: 12/11/2012) |
| 04/19/2013 | 553 | Certificate of Service by USA as to Alfred Palagonia *Affidavit of publication, legal notice was published on an official government website, www.forfeiture.gov beginning on March 20, 2013 and ending on April 18, 2013.* (Mantell, Laura) (Entered: 04/19/2013) |

**PACER Service Center**

**Transaction Receipt**

| | 05/25/2018 23:38:38 | | |
|---|---|---|---|
| **PACER Login:** | fmoberlander:3308298:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:00-cr-00196-ILG |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |