# The Intercept_

Hon. I. Leo Glasser
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 8B South, Chambers Room 921 South
Brooklyn, NY 11201

Johnny Dwyer
The Intercept
114 Fifth Ave.
New York, NY 10011
Attn: Vanessa Gezari, National Security Editor
jd@johnnydwyer.net
(917) 570-7563

RECEIVED

FEB 15 2019

Chambers of
I. Leo Glasser
United States District Judge

Re: USA v. Felix Sater 98-CR-1101

Dear Honorable I. Leo Glasser;

I hope this letter finds you well. I am an author of a forthcoming book about New York City's federal courts "The Districts" (Alfred A. Knopf), an adjunct professor at New York University's Arthur L. Carter Journalism Institute and a contributor to The Intercept, an online publication. I am writing on behalf of The Intercept to request the unsealing of filings in USA v. Felix Sater (98-CR-1101) listed below, as well as, the removal of redactions in the transcript for Mr. Sater's October 23, 2009 sentencing (DE 202).

I ask the Court unseal the "5K letter" and any sentencing memorandums (including any exhibits submitted with these filings) prepared by the parties in this case. The public docket does not list any entries as a "5K letter" or "sentencing memorandum," but the redacted transcript of Mr. Sater's sentencing (DE 202) refers to materials provided to the judge prior to the defendant's sentencing ("a communication" p. 2, line 20; "letters" p. 5, line 5; "the government's letter" p. 6, line 3; "their letter" p. 9, line 1; "the letters from his Rabbi" p. 9, line 20; "5K letter" p.11 line 18; "the 5K letter" p.13, line 12 and p. 14, line 4). I ask that the materials referred to at those locations in the transcript be unsealed. If those submissions were provided to the Court, but not docketed, I ask that the Court request that these filings be docketed and, if necessary, unsealed. In addition, I also ask that Court unseal the following docket entries:

Honorable I Leo Glasser
February 12, 2019

- DE 16 "SEALED DOCUMENT PLACED IN VAULT. (Sica, Michele) (Marziliano, August). (Entered: 09/10/2004)"
- DE 36 "Statement of Reasons by Felix Sater Copies distributed. (Piper, Francine) (Entered: 10/26/2009)"
- DE 57 "DEFENDANT FELIX SATER'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ORDER DIRECTING RETURN OF SEALED AND CONFIDENTIAL MATERIALS"
- DE 63 "Declaration of Brian A. Herman in support of permanent injunction."
- DE 64 "MOVANT JOHN DOE'S MEMORANDUM OF LAW IN SUPPORT OF PERMANENT INJUNCTION"
- DE 91 "ORDER as to Felix Sater"
- DE 109 "Letter dated 4/8/2011 from AUSA Kaminsky to the Honorable I. Leo Glasser as to Felix Sater"
- DE 194 "PRELIMINARY STATEMENT dated 3/21/2012 from Nadar Mobargha to Judge Glasser as to John Doe 98-cr-01101 (Marziliano, August)"
- DE 197 "Letter dated 11/23/2011 from the Government to Judge Glasser as to John Doe 98-cr-01101"
- DE 200 "Letter dated 2/1/2012 from Michael P. Beys to Judge Glasser as to John Doe 98-cr-01101"
- DE 132 "Letter dated 2/10/12 from Nader Mobargha, Esq. to Judge Cogan re New York Times article"
- DE 158 "Letter dtd. 4/3/12 from AUSA to Judge Glasser, in further support of it's 2/7/12 Memo."

On January 23, 2019, the Court noted that "this case, in all of its iterations, has been one of extreme public interest" in granting a motion to unseal the transcripts of two conferences (April 27, 2011, DE 225, and January 10, 2012, DE 230). The entire, unredacted court record is also of "extreme public interest." In order to put forward a more narrowly tailored request, I am only seeking the above documents.

There is no doubt that a presumption of public access attaches to judicial documents under the First Amendment and the common law. *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2nd Cir. 2004). Furthermore, there is no doubt that the documents requested herein are judicial documents as each requested item was "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F3d. 141, 1245 (2nd Cir. 1995). The right attaches to all documents relevant to sentencing proceedings. *United States v. Alcantara*, 396 F.3d 189 (2nd Cir. 2004).

2

Honorable I Leo Glasser
February 12, 2019

To maintain these records under seal, it is respectfully requested that this Court
reevaluate whether a compelling interest in non-disclosure mandates the continued
sealing of these records, i.e., whether "closure is essential to preserve higher values and
narrowly tailored to serve that interest." *Press-Enterprise Co. v. Super. Ct. of Cal.,* 478
U.S. 1, 14-15 (1986). I submit that the interests enunciated previously have dissipated
permitting the release all, if not some, of these documents.

The parties to the case cannot assert privacy, personal security, national security, or
investigatory interests to overcome the public's interest to these materials in light of
public disclosures made in this case. *Gambale v. Deutsche Bank,* 377 F.3d 133 (2d Cir.
2004) The government and defense counsel have made public disclosures about this
matter since March 2, 2000. (See DE 242, Ex. 1-7.) In addition, media coverage of this
case, including interviews granted by the defendant and documents disclosed to reporters,
undermine any assertion of interests in further sealing of the material. (See ""These
Secret Files Show How The Trump Moscow Talks Unfolded While Trump Heaped
Praise On Putin" Buzzfeed News, February 5, 2019, at 4:15 p.m. ET; "How A Player In
The Trump-Russia Scandal Led A Double Life As An American Spy" Buzzfeed News
Posted on March 12, 2018, at 11:56 a.m. ET; "Felix Sater House Intelligence Committee
Statement December 2017" DocumentCloud Contributed by: Jason Leopold, Jason
Leopold Investigations.)

Mr. Sater's case has been before the Court for more than twenty years. At certain points
during that period, the government and the defense have represented that Mr. Sater's
cooperation has been of historic significance. These are valuable opinions and only
support the case for unsealing the requested materials. However, the task of appraising
the historical import of Mr. Sater's cooperation—and his criminal case—does not fall to
the government, or to Mr. Sater. It will ultimately fall on the public. In order to make this
evaluation, the public requires disclosure all of the information related to his case
presented to the Court.

I ask that the presumptive right of public access to court proceedings and court filings
under both common law and constitutional provisions be considered here. I understand
that this presumption can be overcome only by a showing of a compelling government
interest, supported by specific findings by the judge. Even then, the sealing or redaction
of the materials must be narrowly tailored.

I am grateful for your time and consideration of this application and I look forward to
your response.

3

Honorable I Leo Glasser
February 12, 2019

Regards,

Johnny Dwyer

**4**

RECEIVED

FEB 15 2019

Chambers of
I. Leo Glasser
United States District Judge