# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
EMERITUS

DIANE L. HOUK
JESSICA CLARKE

ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
EMMA L. FREEMAN
DAVID BERMAN
ASHOK CHANDRAN
MICHELE YANKSON

April 10, 2019

*Via ECF*

Hon. I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 22301

   *Re: USA v. Sater*, 98-cr-1101

Your Honor:

   This firm represents First Look Media Works, Inc., which has intervened in this case to support Johnny Dwyer's motion to unseal certain documents.  *See* Dkt. 247 (Dwyer request); Dkt. 255 (order granting the application to intervene).  We write to request that the Court hold a hearing for oral argument on the instant application.  The need for such argument is heightened, we believe, by the Government's refusal to disclose whether it has submitted papers or otherwise taken a position supporting or opposing the application, and any bases therefor.

   On March 25, 2019, First Look Media, by its First Amendment Counsel David Bralow and this firm, submitted a memorandum of law and supporting papers arguing that this Court should grant Mr. Dwyer's request to unseal.  Dkt. 252.  The following day, the Court held a telephone conference with attorneys for Defendant Sater and the Government, and set a deadline of April 8, 2019, for the parties to respond to Mr. Dwyer's and First Look Media's request.  Dkt. 253, 254.

   April 8, 2019 came and went with no filing by either Mr. Sater or the United States appearing on the docket.  In communications with our office, the Assistant United States Attorney would neither confirm nor deny that it filed a response under seal.

   Our client thus has no way to know whether any response to its request to unseal has been filed—let alone what reasons have been put forth to oppose the request.  We ask that the Court schedule an argument on the unsealing motion so that these issues can be fully aired and so our client can respond to whatever arguments may have been secretly made in opposition.  Further, to the extent responses have been filed that contain non-confidential or non-privileged

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

material, that material should be posted on the public docket so that our client—and the public at large—can understand the basic positions of the parties on this matter of extreme public concern.

                                                        Respectfully submitted,

                                                        /s/

                                                        Andrew G. Celli, Jr.
                                                        Alison Frick

c: David Bralow, Esq.