UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

                                                  ORDER
       v.                                         98-CR-1101

FELIX SATER,
                Defendant.
------------------------------------------------------------x
GLASSER, Senior United States District Judge:

      In a letter dated June 4, 2019, First Look Media Works Inc. requested an open, on-the-record conference regarding the status of "the multiple unsealing requests that have been filed." It acknowledges that on April 17, 2019, a conference was held at which it, together with counsel for Sater and the United States were present, and arguments were heard on the motion to unseal specific records. The letter then makes reference to the fact that on May 15, 2019, "the court held an *in camera* conference on the same subject with counsel for the Defendant and the United States of which it was not informed and does not know what was discussed." It also observes that the Defendant submitted a letter with two attachments which were filed under seal. DE 274. The letter concludes with a request that "the court hold an open status conference to discuss these matters," to permit it to be heard and learn the response of the parties to the request to unseal. DE 275. I respond to that letter request, regarding it as a motion, as follows:

      It has been merely three weeks since the *in camera* meeting by the court with the parties. During that time it was necessary to determine whether any of the docket entries sought to be unsealed are embraced by the Sealed Report of Judge Chen, acting as Special Master appointed by the Court of Appeals, to review motions made by others to unseal the same record. Her Report was approved and adopted by the Court of Appeals in *Richard Roe, Jane Doe, John Doe*

*II*, Respondents-Appellants, *v. United States*, Appellee, *John Doe*, Defendant-Appellee, Docket No. 10-2905; and *Richard Roe*, Petitioner, *v. United States of America*, Appellee *v. John Doe I, John Doe II,* Defendants, Docket No. 11-479.

The court is aware that in the verified complaint filed in the S.D.N.Y. in *Jody Kriss, et al v. BayRock Group, et al,* 10-CV-3959, redacted, was matter which may overlap with some of what is sought to be unsealed here. To avoid unsealing what is sealed by order of the Second Circuit and the S.D.N.Y., I requested that copies of that verified complaint be provided. Those were provided by the letter of May 27th and the attachments to which reference was made. A determination of the unsealing motions will be made when such sealing conflicts as are discerned will be resolved.

The request for an "open status conference" is prompted by the *in camera* hearing it noted was held by court with counsel for Sater and the United States. It was their burden to establish that there was a compelling interest that superseded the general common law and qualified First Amendment right of access to the documents sought to be unsealed. To conduct that hearing in open court would necessarily reveal information inherent in those documents which might implicate compelling interests entitling them to remain sealed. The findings to be made by the court will be provided in a sealed record sufficient for appellate review. That procedure was taught to be appropriate by the Court of Appeals in *In re Herald*, 734 F.2d 93, 100 (2d Cir. 1984) and in *United States v. Haller*, 837 F.2d 84, 88 (2d Cir. 1988); *see also In re Applications to Unseal*, 98-CR-1101 (ILG), *USA v. John Doe*, 98-CR-1101, 568 Fed. Appx. 68 (2d Cir. 2014) (Summary Order).

At the hearing of the motion to unseal, at which all the parties were present on April 17,

2019, that issue was addressed as revealed by the transcript of it at p. 8:

THE COURT: Let me just tell you that I do not intend to proceed with this hearing regarding whether the information in the documents that have been requested to be unsealed does or does not yield some overriding compelling interest. I am bound by <u>In Re: Herald</u> and by <u>Haller</u> to give the proponents for maintaining the sealing of these documents an opportunity to carry the burden of proof, which is theirs, that continued sealing is necessary.

To do that, a review of those documents would be necessary and to review them in open court would, obviously, defeat the entire purpose of whether documents should or should not be sealed. So I will not go into that question here in open court. I will do that in camera.

There will be a record of those proceedings. I do not know how long they will take. I doubt that they will take very long. And to the extent that the findings are made, which are deemed to be unsatisfactory, or make proponents of unsealing unhappy, I think <u>Herald</u> and <u>Haller</u> indicate that an appellate process is appropriate. That procedure has been affirmed by the Second Circuit.

What was "discussed" at the May 15th hearing by the court and the parties will not be shared at the "open status conference" requested for the reasons stated in that transcript and the cases cited and it is, therefore, DENIED.

SO ORDERED.

Dated:     Brooklyn, New York
           June 6, 2019                              /s/
                                              _____
                                              I. Leo Glasser          U.S.D.J.