June 21, 2019

Via Fax:

(718) 613-2446
(718) 613-2156
(212) 857-8681

Hon. I. Leo Glasser
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RECEIVED

JUL 0 1 2019

Chambers of
I. Leo Glasser
United States District Judge

Re: *Case No. 98-cr-1101, US v. Felix Sater*

Dear Judge Glasser:

Please docket this letter.

As I've previously advised you, I am an attorney, a victim of the Sater / Bayrock frauds, and also the source for many stories that have been written about Felix Sater. I am aware of journalist C Collins recent correspondence with the Court, and wish to join in her application. I again request that every last item on Sater's docket be unsealed. EVERYTHING.

It's nice that you held a hearing on Johnny Dwyer's and The Intercept's motion to unseal certain items on Sater's docket on April 17, 2019.

But it is utterly amazing that Your Honor continues to misrepresent the facts to the public. On the transcript (which can be found here: https://assets.documentcloud.org/documents/6006917/Sater-First-Look-Unsealing.pdf ), Your Honor said:

"THE COURT: The question with respect to why wasn't restitution ordered in connection with Sater; it was not ordered in connection with the 19 defendants who were part of that crime, simply because the statute provided that restitution is not appropriate where the amount is impossible to ascertain harm to any particular defendant or victim is hard to entertain. An effort to do all that would unnecessarily and needlessly complicate and prolong the judicial process. And the Government made that application. Said to me, restitution is not appropriate because of all those factors and the statute says it. So what is it that you want to know that you do not already know that may have some implication for the Trump connection which Sater?"

That is a falsehood, because Your Honor did order restitution ($40 million) against Gennady Klotsman, who was along with Salvatore Lauria, one of the original three cooperators who pled guilty (Sater being the third), who agreed to cooperate against the other 19 defendants.

1

It could not have "unnecessarily and needlessly" complicated the judicial process to impose the same order of restitution on Sater as was imposed on his co-conspirator and co-cooperator Gennady Klotsman.

The charges against Klotsman and Sater were the same.

The victims were the same.

And Klotsman was sentenced before Sater, so the work was already done. It could have not caused delay or complications to impose the same order on Sater that Your Honor had already imposed on Klotsman.

And it is a lie because Your Honor did in fact impose restitution orders against those whom Sater cooperated. The docket sheet for 00-CR-196 shows that restitution was not too complicated or would needlessly delay anything because Your Honor did in fact order restitution in the following amounts:

Jack Basile (about $1 million -- see docket entries 256-258, 264)
Rocco Basile ($5 million -- see docket entry of 11/20/2001, and #284).
Eugene Lombardo ($5 million -- see docket entries 346, 347)
Ernest Montevecchi ($5 million -- docket entries 348, 349)
Abraham Salaman ($2.5 million -- docket entries 370, 371)
John Doukas ($4 million -- docket entries 397)
Alfred Palagonia ($20 million -- docket entries 404, 405, 526)

All of these restitution orders occurred years before Sater was sentenced in 2009, so it is fatuous -- if the judge were under oath to tell the truth, one would say it was perjury -- to say that it was too complicated to order restitution against Sater and would needlessly delay Sater's sentencing.

Additionally, even if it would have been too complicated in 2009 for Your Honor to have imposed an order of restitution, still the victims had a right to be heard, under the Crime Victims Rights Act. Your Honor had an obligation under the Crime Victims Rights Act to direct the government to tell Sater's victims of their right to be heard at sentencing.

But if Your Honor was being truthful (and this attorney cannot give Your Honor the benefit of the doubt) then it means that the government lied in papers submitted to Your Honor that said restitution should not be ordered against Sater because it was too complicated and would delay the proceedings. It was a lie if the government said that because the government had (years earlier) obtained orders of restitution against Klotsman, the Basiles, Palagonia, etc., for their involvement in the very same RICO enterprise. Pallagonia (who was hit with a $20 million restitution order) testified that he had been bribed by Sater/Klotsman/Lauria to pump the stocks that were at the heart of the RICO enterprise.

Klotsman was hit with a $40 million order. So this attorney wants to know, Is it Judge Glasser who lied, or is it the government prosecutors?

So it's nice that you held a hearing months ago on Johnny Dwyer's and The Intercept's motion to unseal a few items, but Your Honor has not yet even unsealed those items, and Your Honor has not yet even ordered the hearing on my and my fellow citizens' and journalists' motion to unseal EVERYTHING on Sater's docket.

It is imperative that EVERYTHING be unsealed, because it is obvious that so long as even one word is under seal, Sater will continue to perpetrate the fraud on the public that he was allowed to keep the money he stole because he was a super spy, protected by the U.S. government and the courts, and is untouchable, above and beyond the reach of the law.

Earlier this year you unsealed transcripts of clearly unethical conferences conducted on April 27, 2011 and January 10, 2012, with AUSA Todd Kaminsky and Felix Sater's attorneys. At the conferences, you discussed with Kaminsky, Sater's lawyers, and even Sater himself, the merits of attorney Frederick Oberlander's complaint that was filed against Sater. They called that complaint meritless and extortionate. Sater's lawyer said it was based upon stolen documents, BUT THEN SATER'S LAWYER BACKTRACKED and said that, no, the documents were not actually "stolen."

During that April 27, 2011 conference, you admitted that there was no sealing order in the case.

That was before the Second Circuit judges said on June 29, 2011 that they themselves had reviewed your sealing order.

It's amazing to this attorney that the Second Circuit judges could have reviewed in June an order that you, two months earlier, had said did not exist.

It's amazing to this attorney that Oberlander and his attorney Lerner have been targeted by you and other judges for correctly inferring what is now seen to be true.

Before there was even a public docket, Oberlander and Lerner figured out that the court was committing misconduct.

The docket that was "inadvertently" made public in August 2012, and the two recently unsealed secret ex parte conference transcripts now prove that the government and Sater's attorneys and Your Honor were actually doing what Oberlander and his attorney Lerner inferred.

They had figured out that Sater's attorneys, the EDNY prosecutors, and Your Honor were working together to deprive Oberlander and his clients of their rights.

For example: The April 2011 transcript shows that Sater was no longer cooperating. But a scheme was concocted right there on that transcript whereby if Sater would agree to do more work for the government, they would help to hide Sater's case. It's really all there in that secret transcript. Maybe Your Honor actually unsealed because you want to, at long last, come clean.

To this attorney, what is on that transcript, clear as day, is odious.

But it is amazing really that ever since April 2011 when Sater's attorneys admitted that the documents were not stolen, and Your Honor admitted that there was no sealing order, Sater's attorneys and various judges have repeated the abject lie that the documents had been sealed, and that they were stolen, and that they were illegally used by Oberlander in violation of a sealing order.

The idea that the complaint filed by Oberlander was extortionate is also silly (really stupid) because Judge Schofield herself found it to state a valid RICO claim against Sater and those who helped to hide his RICO conviction from the investors in Trump SoHo had other Trump/Bayrock projects.

By the same reasoning, this attorney does not see why Judge Schofield's reasoning doesn't apply to Your Honor, who actually hid Sater's conviction from the public, and the government prosecutors, who did all they could to illegally hide Sater's conviction from the public, and then to destroy Oberlander and Lerner for trying to shed light on this scandal.

Much of the RICO complaint that Oberlander filed in 2010 was incorporated by David Boies into a fraud action that he filed against Sater several months ago in the SDNY, where Boies alleges that Sater defrauded the City of Almaty, Kazakhstan out of tens of millions of dollars. Entire pages of Boies's complaint are lifted from Oberlander's complaint. That itself is an endorsement of the fact that Oberlander saw nine years earlier what the rest of the country is only catching up to.

I and a number of other citizens have moved to unseal everything on Sater's docket, because of the heightened importance of anything about Sater, because of his connection to President Trump, who has on several occasions, including at a deposition, denied knowing who Sater was.

As this letter is being sent to you, on Friday, June 21, Sater is testifying to Congress. It appears to this attorney that Your Honor has slow-walked and stonewalled to prevent the information about Sater from being made public before his testimony. Are you proud of yourself that you have delayed the unsealing until after his testimony? If an attorney had stonewalled discovery like you have stonewalled unsealing, he would be sanctioned.

You have docketed my and fellow citizens and journalists' requests to unseal EVERYTHING on Sater's docket, but you have not docketed for oral argument our motions to unseal EVERYTHING.

Johnny Dwyer and The Intercept only moved to unseal a short list of some of the documents on Sater's docket. It's taking you months to even do that.
But I and others have moved to unseal EVERYTHING, and you have yet to even order oral argument.

It is likely, virtually certain, that when EVERYTHING is unsealed, Oberlander will be proved right. The full docket will show that there was never a sealing order in Sater's case. The full docket will show that the Second Circuit lied when they said they reviewed your sealing order.

The full docket will show that the Second Circuit lied when they said that Sater was at risk if the information that he was a cooperator was made public.

4

Accountability requires transparency.

As you know, several years ago, I asked Your Honor to unseal Gennady Klotsman's docket. At that time, Your Honor recused yourself from deciding that motion to unseal.

It went to Judge Gleeson, who was able to resolve the motion very quickly.

I brought this to Your Honor's attention in my earlier letter motion to unseal, and suggested that it would be appropriate for Your Honor to again recuse yourself.

If Your Honor believed it necessary to recuse yourself from the unsealing of Klotsman's case, how could Your Honor possibly think it appropriate to fail to recuse yourself from the unsealing of the Sater case?

You are manifestly even more ethically compromised in this Sater matter, because Your Honor has done more that is clearly illegal. At least in the Klotsman matter, Your Honor actually imposed the required $40 million in restitution.

But in the Sater case, Your Honor obviously failed to order restitution, and then have engaged in myriad and continuing acts of dishonesty to cover that up, even going so far as to now represent on the record that you didn't order restitution in any of the Sater/Coppa-related cases because it was too complicated and would delay the proceedings, when in fact you did order restitution.

You should recuse yourself. At the very least, my motion to unseal EVERYTHING should be scheduled for oral argument immediately.

I therefore request that Your Honor recuse yourself, or at the very least, immediately schedule my motion to unseal EVERYTHING on Sater's docket and docket an argument date.

After Oberlander's attorney first asked Glasser to unseal the secret transcripts of April 2011 and January 2012, Your Honor stonewalled for almost a year.

But precedent says that unsealing is supposed to be decided quickly.

On a related note, I now live in Florida. In the federal case in Florida involving Jeffrey Epstein, Judge Mirra held that the government broke the law, the Crime Victims Rights Act, by concealing Epstein's plea agreement from his victims. See Jane Doe v. United States, 08-cv-80736-KAM, Southern District of Florida, order of 02/21/2019).

In this Sater case, the government didn't just conceal Sater's plea agreement from his victims, but it also concealed his sentencing from his victims, as well as from the public at large.

Before Sater's sentencing, no one was informed that he was to be sentenced, and the public record did not even show he was to be sentenced. Instead, it said that there was to be a "John Doe" sentenced on October 23, 2009.

Here, the illegality is even worse than in the Epstein case, because Your Honor joined in, and participated in the violations of the rights of Sater's victims, and then sought to cover it up by squelching and impugning the integrity of Oberlander and Lerner, who appear to have done what a responsible attorney and citizen must do when he or she witnesses judicial misconduct, call it for what it is, without fear.

Judge Mirra wrote in the Epstein case that the government had spent "untold hours" negotiating with Epstein's attorney, but sharing "scant information" with the victims.

Here, the government still hasn't shared a crumb of information with Sater's victims. Suppose that in the Florida case it wasn't just the government that concealed Epstein's plea, but instead that the judge participated in it.

Would Your Honor see how much worse that would be?

Well, as this attorney sees it, that's what we have in this case.

The government concealed Sater's plea and conviction from the victims, and Your Honor rubber stamped it, and has ratified the illegality every step of the way, and joined in maligning Oberlander and Lerner, rather than simply acknowledging your errors. Is that really to be Your Honor's legacy? Why don't you just unseal EVERYTHING and apologize to Oberlander and Lerner for figuring out nine years ago what everyone else is now finally seeing.

Sincerely,

Brian Vodicka

cc: by fax
Judges Irizzary, Pooler, Chin, and Cabranes: