UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

                MEMORANDUM & ORDER
                98-CR-1101 (ILG)

  *v.*

FELIX SATER,

    Defendant.
------------------------------------------------------------x
GLASSER, Senior United States District Judge:

  Members of the press and public have brought multiple motions to unseal records in this case. (Letter from Johnny Dwyer, Feb. 15, 2019, ECF No. 247; Letter from C. Collins, Mar. 4, 2019, ECF No. 249; Notice of Motion to Intervene and Unseal from First Look Media Works, Inc., Mar. 25, 2019, ECF No. 252-1; Letter from Brian Vodicka, Apr. 2, 2019, ECF No. 267; Letter from Brandon Skwira, Apr. 13, 2019, ECF No. 265; Letter from Clifton Livingston, Apr. 13, 2019, ECF No. 266). As of this date, those motions remain pending.

  On July 12, 2019, the Court received a request from attorney Frederick M. Oberlander, who "represent[s] … clients who have not appeared here … but would like to be heard briefly on the matter of unsealing." (ECF No. 283). Oberlander's storied involvement in this case and other proceedings related to Sater, both as a non-party respondent (in this matter) and as an attorney of record (in closely related matters), is well-known to the parties and need not be retold here. Oberlander sought permission to file, by July 17, 2019, a motion on behalf of his clients for "leave for them to intervene so that they might be heard." (*Id.* at 1).[1] On July 15, 2019, he filed a

---

[1] It appears that Mr. Oberlander construed this Court's order of July 3, 2019 that "[a]ny further submissions are to be made not later than 10 days from today" as applying to proposed intervenors. (ECF No. 281). The July 3, 2019 order was directed solely to Sater and the Government.

13-page document entitled, "Statement of Natural Persons or Post-Mortem Estates Ervin Tausky, Ernest Gottdiener, and Judit Gottdiener In Support of Pending Motion(s) to Unseal and Notice of Appearance." (ECF No. 284). A "Corrected" version of the same document was filed the following day, together with 74 pages of exhibits. (ECF No. 287). The document is, generally, a commentary on the pending unsealing motions, the lawfulness of Sater's underlying sentence, and Sater's relationship with President Donald J. Trump.

Oberlander concedes on the first page of this document that his clients request "no Article III relief" (ECF No. 287-1 at 1). This alone renders his submission a legal nullity. He and his clients, the Gottdieners, make no formal motion for the unsealing of any document, but merely seek to add their voice to the unsealing motions brought by others and currently pending. Furthermore, even a perfunctory reading of Oberlander's extensive submissions will reveal that their true purpose is not to litigate the law of sealing or contribute meaningfully to the resolution of the motions pending determination, but a thinly-veiled desire to place in the public record, through the medium of these proceedings, an exegesis of unrelated matters.

If the filing is construed as a motion to intervene, it is denied. Although motions to enforce a common law or constitutional right of access to judicial documents are styled as motions to "intervene," this kind of intervention is a very different creature from the "intervention" contemplated by Federal Rule of Civil Procedure 24. Indeed, motions to intervene based on a right of access may be brought in either civil or criminal cases, even though the Federal Rules of Criminal Procedure contain no provision authorizing intervention. *See United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008). Nevertheless, although a motion to intervene in these proceedings would not be governed by Rule 24, the considerations that underlie its distinction between intervention of right and permissive intervention would appear to apply.

Under Rule 24(a)(2), the court "must" permit one to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, *unless existing parties adequately represent that interest*." (emphasis added). Where other parties "adequately represent" the proposed intervenor's interests, intervention is permissive. *See* Fed. R. Civ. P. 24(b). Here, the "interest" sought to be vindicated, namely, the constitutional and common law right of access to judicial documents that the Gottdieners enjoy as members of the public, is already being adequately represented by those who have brought the pending motions. Intervention would be cumulative and unnecessary to "give[] full protection of the asserted right," *In re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998), and is therefore denied.

    SO ORDERED.

Dated:    Brooklyn, New York
           July 17, 2019

/s
I. Leo Glasser    U.S.D.J.

3